**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DANIEL KLEEBERG, LISA STEIN,
and AUDREY HAYS,

                Plaintiffs,

        v.

LESTER EBER; ALEXBAY, LLC f/k/a
LESTER EBER, LLC;
CANANDAIGUA NATIONAL
CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK
& TRUST; ELLIOT W. GUMAER,
JR.; EBER BROS. & CO., INC.; EBER
BROS. WINE AND LIQUOR
CORPORATION; EBER BROS. WINE
& LIQUOR METRO, INC.; EBER-
CONNECTICUT, LLC; and WENDY
EBER,

                Defendants.

ANSWER

Civil Action No. 1:16-cv-09517

HON. LEWIS J. KAPLAN

Defendant Elliott W. Gumaer, for his answer to the complaint, states as follows based on his current recollection of the events alleged in the complaint:

    1.     Denies the allegations of paragraph 1 because the Trust has been dissolved.

    2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

    3.     Denies the allegations contained in paragraph 3, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions by Lester Eber alleged in paragraph 3.

    4.     Denies the allegations of paragraph 4, except admits that plaintiffs seek damages and equitable relief.

5.      Admits the allegations of paragraph 5, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Daniel Kleeberg's residence and citizenship.

6.      Admits the allegations of paragraph 6, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lisa Stein's residence and citizenship.

7.      Admits the allegations of Paragraph 7, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Audrey Hays' residence and citizenship.

8.      The allegations contained in paragraph 8 do not require a response.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, except admits Lester was an officer, manager, or director of certain of the Defendant entities and a Trust Trustee.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     Admits the allegations contained in paragraph 11.

12.     Denies the allegations contained in paragraph 12, except admits he was designated as a trustee of the Trust in Allen Eber's Will.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, except admits Wendy Eber is Lester Eber's daughter and Plaintiffs' first cousin.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, except denies he is a citizen of New York, Delaware or Connecticut.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.     Admits the allegations of paragraph 20.

21.     Admits the allegations contained in paragraph 21.

22.     Admits the allegations contained in paragraph 22.

23.     Admits the allegations contained in paragraph 23.

24.     Admits the allegations contained in paragraph 24.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     Admits the allegations contained in paragraph 36.

37.     Admits the allegations contained in paragraph 37.

38.     The pleading referenced in paragraph 38 speaks for itself.

39.     The pleading referenced in paragraph 39 speaks for itself.

40.     The pleading referenced in paragraph 40 speaks for itself.

41.     The pleading referenced in paragraph 41 speaks for itself.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

4

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, except admits he did not inform plaintiffs about 2012 Action.

45.     The pleadings referenced in paragraph 45 speak for themselves.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     The Court Order referenced in paragraph 47 speaks for itself.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.     The pleadings referenced in paragraph 49 speak for themselves.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51.     The letter referenced in paragraph 41 speaks for itself.

52.     The referenced letter in paragraph 52 speaks for itself.

53.     The referenced pleadings in paragraph 53 speak for themselves.

54.     The referenced document in paragraph 54 speaks for itself.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.     The CNB annual statements referenced in paragraph 57 speak for themselves.

58.     The letter referenced in paragraph 58 speaks for itself.

59.     The letter referenced in paragraph 59 speaks for itself.

60.     The letter referenced in paragraph 60 speaks for itself.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph.

62.     The article referenced in paragraph 62 speaks for itself.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, except states that the referenced complaint speaks for itself.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, except states that the Collection Action's pleadings speak for themselves.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

6

COUNT 1

Breach of Fiduciary Duty

70.     Repeats and realleges his responses to paragraphs 1-69 of the complaint as if fully set forth herein.

71.     The pleadings referenced in paragraph 71 speak for themselves.

72.     Admits the allegations contained in paragraph 72.

73.     Admits the allegations contained in paragraph 73.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     The allegation contained in paragraph 81 concerns an issue of law as to which no responsive pleading is required.

7

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     Admits the allegations contained in paragraph 85.

86.     Denies the allegations contained in paragraph 86.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87, except admits that he did not attempt to obtain a third-party appraisal.

88.     Denies the allegations contained in paragraph 88.

89.     Admits the allegations contained in paragraph 89.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92, except denies that he breached his fiduciary duties and is liable to plaintiffs.

## COUNT II
### Fraudulent Concealment

93.     Repeats and realleges his responses to paragraphs 1-92 of the complaint as if fully set forth herein.

94.     The pleadings in paragraph 94 speak for themselves.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.     Admits the allegations contained in paragraph 96.

97.     Admits the allegations contained in paragraph 97.

98.     Admits the allegations contained in paragraph 98.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

9

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.


## COUNT III
### Aiding and Abetting Breach of Fiduciary Duty

107.    Repeats and realleges his responses to paragraphs 1-106 of the complaint as if fully set forth herein.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.


## COUNT IV
### Accounting

111.    Repeats and realleges his responses to paragraphs 1-110 of the complaint as if fully set forth herein.

112.    These allegations are statements of law as to which no response is required.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113, except admits that plaintiffs had an interest in the Trust.

114.    Admits that the individuals were at certain times trustees for the Trust, and otherwise no response is required because the remaining allegations of paragraph 114 consist of a statement of law.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116.    Denies the allegations contained in paragraph 116 with respect to Gumaer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.


AS AND FOR A FIRST AFFIRMATIVE DEFENSE
DEFENDANT ELLIOTT GUMAER ALLEGES AS FOLLOWS:

118.    Repeats and realleges his responses to paragraphs 1-117 of the complaint as if fully set forth herein.

119.    The complaint fails to state a claim for which relief may be granted against Elliott Gumaer.


AS AND FOR A SECOND AFFIRMATIVE DEFENSE
DEFENDANT ELLIOTT GUMAER ALLEGES AS FOLLOWS:

120.    Repeats and realleges his responses to paragraphs 1-119 of the complaint as if fully set forth herein.

121.    The claims against Elliott Gumaer are barred by the statutes of limitations.


AS AND FOR A THIRD AFFIRMATIVE DEFENSE
DEFENDANT ELLIOTT GUMAER ALLEGES AS FOLLOWS:

122.    Repeats and realleges his responses to paragraphs 1-121of the complaint as if fully set forth herein.

123.    The claims against Elliott Gumaer are barred by the doctrine of waiver, laches, estoppel, and unclear hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### DEFENDANT ELLIOTT GUMAER ALLEGES AS FOLLOWS:

124.    Repeats and realleges his responses to paragraphs 1-123 of the complaint as if fully set forth herein.

125.    Plaintiffs have failed to mitigate their alleged damages.

Defendant reserves the right to assert additional affirmative defenses in the event discovery discloses the existence of same.

WHEREFORE, Defendant respectfully requests this Court to grant judgment in his favor, order all claims of the complaint dismissed with prejudice, award Defendant Elliott W. Gumaer all costs, expenses, disbursements and fees incurred herein, including reasonable attorneys' fees, and such other, further and difference relief as the Court may deem just and proper.

Dated: July 21, 2017          CALIHAN LAW PLLC
Rochester, New York

Robert B. Calihan (Bar #1817659)
757 Third Avenue
20th Floor
New York, New York 10017
Telephone: (585) 281-2593
Facsimile:  (866) 533-4206
rcalihan@calihanlaw.com