**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS, <br><br> Plaintiffs, <br><br> v. <br><br> LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; CANANDAIGUA NATIONAL CORPORATION d/b/a CANANDAIGUA NATIONAL BANK & TRUST; ELLIOT W. GUMAER, JR.; EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORPORATION; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; and WENDY EBER, <br><br> Defendants. | Civil Action No.  16-CV-9517(LAK) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**
**AGAINST DEFENDANT CANANDAIGUA NATIONAL BANK**

Brian C. Brook (BB 1980)
Kari Parks (KP 1273)
CLINTON BROOK & PEED
641 Lexington Ave., Fl. 13
New York, NY 10022
(212) 328-9559
brian@clintonbrook.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 5

STATEMENT OF FACTS ................................................................................................ 6

    A.  CNB refuses to answer the Complaint. ............................................................. 6

    B.  CNB obstructs discovery ....................................................................................... 7

    C.  CNB's counsel contacts Plaintiffs—and asks them to give up their rights—
        without informing Plaintiffs' counsel. ................................................................. 8

ARGUMENT ....................................................................................................................... 10

I.   Default is appropriate because CNB has failed to answer the Complaint and has
    otherwise been an "obstructionist adversary." ..................................................... 10

    A.  CNB has willfully refused to participate. ......................................................... 12

    B.  CNB has no "meritorious defense" .................................................................. 15

    C.  Denial of this motion would prejudice Plaintiffs ............................................. 16

II.  Even if default is not entered, the Court should order CNB to file an answer,
    participate in discovery, and pay a monetary sanction. ...................................... 18

CONCLUSION .................................................................................................................... 20

i

# TABLE OF AUTHORITIES

## Cases

*Au Bon Pain Corp. v. Artect, Inc.,*
  653 F.2d 61 (2d Cir. 1981) ...................................................................... 11

*Brock v. Unique Racquetball & Health Clubs, Inc.,*
  786 F.2d 61 (2d Cir.1986) ....................................................................... 10

*Capitol Records v. Defries,*
  No. 11 Civ. 6808(PKC), 2012 WL 3041583 (S.D.N.Y. July 20, 2012) ........ 12, 15, 16

*Capitol Records, LLC v. Defries,*
  No. 11 Civ. 6808(PKC), 2013 WL 3055322 (S.D.N.Y. June 14, 2013) .................... 15

*Carlone v. The Lion & The Bull Films, Inc.,*
  861 F. Supp. 2d 312 (S.D.N.Y. 2012) ............................................... 17, 18

*City of New York v. Mickalis Pawn Shop, LLC,*
  645 F.3d 114 (2d Cir. 2011).......................................................................... 10

*Commercial Bank of Kuwait v. Rafidain Bank,*
  15 F.3d 238 (2d Cir. 1994) ...................................................................... 11

*Davis v. Musler,*
  713 F.2d 907 (2d Cir. 1983)...................................................................... 17

*Directv, Inc. v. Rosenberg,*
  No. 02 CV 2241(RCC), 2004 WL 345523 (S.D.N.Y. Feb. 24, 2004) ................. 12, 13

*Enron Oil Corp. v. Diakuhara,*
  10 F.3d 90 (2d Cir. 1993) ........................................................ 10, 11, 16

*Gench v. HostGator.com LLC,*
  No. 14 Civ. 3592(RA)(GWG), 2015 WL 3757120 (S.D.N.Y. June 17, 2015).......... 17

*Gesualdi v. Seacoast Petroleum Products,*
  97 F. Supp. 3d 87 (E.D.N.Y. 2015)........................................... 11, 12, 16, 17

*Gucci Am., Inc. v. Gold Ctr. Jewelry,*
  158 F.3d 631 (2d Cir. 1998).......................................................................... 12

*In re Bello,*
  528 B.R. 562 (E.D.N.Y. Bankr. 2015) ................................................. 19

*In re Khan*,
  488 B.R. 515 (E.D.N.Y. Bankr. 2013) .................................................................. 19

*In re Menton*,
  No. 10-31635, 2011 WL 2038976 (Bankr. N.D.N.Y. May 24, 2011) ...................... 19

*Mason Tenders Dist. Council Welfare Fund v. M & M Contracting & Consulting*,
  193 F.R.D. 112 (S.D.N.Y. 2000) ............................................................................ 11

*Murray Engineering, P.C. v. Windermere Properties LLC*,
  No. 12 Civ 0052(JPO), 2013 WL 1809637 (S.D.N.Y. Apr. 30, 2013) .............. 12, 16

*Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd.*,
  888 F. Supp. 2d 385 (S.D.N.Y. 2012) .................................................................... 10

*Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508 (2d Cir.2001)........................................ 19

*RLS Assocs. v. United Bank of Kuwait PLC*,
  No. 01 Civ 1290, 2002 WL 122927 (S.D.N.Y. Jan.29, 2002)................................ 18

*S.E.C. v. McNulty*,
  137 F.3d 732 (2d Cir. 1998).............................................................................. 11, 14

*Sarafianos v. Shandong Tada Auto-Parking Co.*,
  No. 13 Civ. 3895(SAS), 2014 WL 1744711 (S.D.N.Y. Apr. 29, 2014) .................... 13

*Schwarz v. Thinkstrategy Capital Mgmt. LLC*,
  12 Civ 5818 (PAE), 2016 WL 29626, (S.D.N.Y. Jan. 4, 2015) .............................. 16

*Sony Corp. v. Elm State Electronics*,
  800 F.2d 317 (2d Cir. 1980)................................................................................... 15

*State St. Bank & Trust Co. v. Inversiones Errazuris Limitada*,
  374 F.3d 158 (2d Cir. 2004)................................................................................... 15

*Stein v. Valentine & Kebartas*,
  No. 10 CV 2465(RJD), 2012 WL 1416924 (E.D.N.Y. Mar. 15, 2012) .................... 11

*Thompson Info. Svcs., Inc. v. Wedbush Morgan Sec., Inc.*,
  No. 96 CIV. 127 (SAS), 1996 WL 161798 (S.D.N.Y. Apr. 5, 1996) ........................ 13

*U.S. Fidelity and Guar. Co. v. Petroleo Brasiliero S.A.*,
  220 F.R.D. 404 (S.D.N.Y. 2004) ............................................................................ 19

**Rules**

Fed. R. Civ. P. 12 ...................................................................................... 18

Fed. R. Civ. P. 26 .................................................................................. 5, 7

Fed. R. Civ. P. 37 ...................................................................................... 19

Fed. R. Civ. P. 54 ...................................................................................... 11

Fed. R. Civ. P. 55 ...................................................................................... 10

Rule of Professional Conduct 4.2............................................................ 19

**Treatises**

Wright, Miller, and Kane, *Federal Practice and Procedure*, § 2699 (2d ed. 1983).... 17

Plaintiffs Daniel Kleeberg, Lisa Stein, and Audrey Hays submit this memorandum in support of entry of default or other sanctions against Defendant Canandaigua National Bank ("CNB").

## PRELIMINARY STATEMENT

Having tried and failed to move this case to state court, Defendant CNB has decided to openly defy the federal court's jurisdiction. Five days after Plaintiffs filed this federal case, CNB filed a related state court action in a state Surrogate's Court; CNB then invoked its tardy state action as a basis to dismiss this federal case. This Court denied CNB's motion, observing that CNB sought to concoct a "Probate Exception Lite" to diversity jurisdiction and rejecting CNB's attempt to "oust this Court of subject matter jurisdiction." This Court could not have been clearer: The case would remain in federal court.

Unhappy with the Court's decision and unwilling to accept this federal Court's jurisdiction, CNB and its sophisticated counsel have decided to take matters into their own hands. CNB has refused to file an Answer to Plaintiffs' Complaint—it is nearly two weeks past the deadline, and CNB has not even requested for an extension. It has refused to participate in discovery: it declined to sign the parties' Rule 26(f) report, failed to serve Rule 26(a) initial disclosures, and failed to produce its witness for a noticed deposition. And just a week after this Court denied CNB's motion to dismiss, its in-house lawyer improperly contacted Plaintiffs—without notifying their counsel—and attempted to get them to sign their rights away sans legal representation.

In sum, CNB has bent over backwards to fight Plaintiffs' claims in state court and through private correspondence—everywhere except this Court. CNB's willful refusal to participate in this federal-court proceeding warrants entry of default against it. At a minimum, it should be ordered to file an Answer and respond to discovery, and ordered to pay Plaintiffs' fees and costs arising from its copious misconduct.

## STATEMENT OF FACTS

Plaintiffs are beneficiaries of a trust that holds their Rochester-based family liquor and wine distribution business, and allege in this lawsuit that Defendants have illegally siphoned off their interests in that trust.

### A.  CNB refuses to answer the Complaint.

Plaintiffs served their Complaint on CNB on February 10, 2017. Bauer Decl. ¶ 19, ECF No. 38-1 (Feb. 10, 2017). Five days later, co-Trustee Defendant CNB petitioned Monroe County Surrogate's Court for settlement of its account for the period of August 27, 2007 through December 27, 2016. Opinion at 4, ECF No. 57 (July 6, 2017). CNB then moved to dismiss this federal case, invoking its newly filed Surrogate Court proceeding. *See* ECF No. 38 (Mar. 3, 2017). This Court denied CNB's dismissal motion in early July. *See* ECF No. 57 (July 6, 2017).

All other Defendants have answered the Complaint. *See* Answer of Eber Defendants, ECF No. 42 (March 10, 2017); Answer of Gumaer, ECF No. 60 (July 21, 2017). CNB, however, has not filed an Answer; it missed its July 20, 2017 deadline and did not request an extension. Brook Decl. ¶ 23.

6

After CNB missed its deadline, we agreed to refrain from objecting so long as it filed an answer by July 26, 2017. *Id.* CNB missed that deadline too, again without explanation. *Id.* ¶ 24.

## B. CNB obstructs discovery

Not only has CNB refused to answer the Complaint, but it also refuses to participate in basic discovery.

First, CNB has not served its initial Rule 26(a) disclosures, which were due on June 16, 2017; again, it did not seek an extension of time. *Id.* ¶ 22. Again, we agreed to refrain from objecting so long as we received the disclosures by July 26. *Id.* ¶ 23; again CNB agreed to meet that extended deadline and then failed to do so. The next morning, CNB's counsel emailed us, blaming his failure to meet the deadline on his paralegal's family emergency, and promising to "pick up the ball today [July 27] and get the responsive documents to you." *Id.* Ex. 5. That was the last communication from CNB; we have yet to receive the required disclosures. *Id.* ¶ 25.

Second, although CNB's counsel participated in the parties' May 22, 2017 meet-and-confer, he refused to agree to the parties' Rule 26(f) Joint Discovery Plan. *Id.* ¶ 4. He also failed to provide any comments to the proposed plan, despite asking the other parties to delay filing so that he could provide comments. *Id.* As a result, the other parties were forced to file the plan without CNB's participation. *See* ECF No. 56 at 1 (June 6, 2017) ("All parties except for CNB, which has indicated it needs

more time to comment on this document, now submit the following Joint Discovery Plan.").

Third, CNB flatly ignored this proceeding's only deposition notice. On July 7, 2017, Plaintiffs served a notice on CNB to depose Richard Hawks, who managed the trust during the relevant time period. Brook Decl. ¶ 20. The notice required Hawks to appear at a deposition in Manhattan on July 28, 2017. *Id.* CNB did not object to the notice or otherwise indicate that it would not attend, but neither Mr. Hawks nor CNB's counsel appeared at the noticed time and location. *Id.*

### C. CNB's counsel contacts Plaintiffs—and asks them to give up their rights—without informing Plaintiffs' counsel.

While CNB refuses to answer the Complaint or participate in discovery, CNB's in-house counsel recently contacted Plaintiffs and asked them to waive their rights—without the permission or knowledge of Plaintiffs' counsel.

On July 11, 2017, CNB's in-house counsel sent each Plaintiff a "Receipt and Release," seeking to induce them into signing a general waiver of all their claims. *Id.* ¶ 7. Plaintiffs' counsel was not copied on the email, and CNB's counsel had not informed or received permission from Plaintiffs' counsel to contact Plaintiffs, let alone to do so without including their lawyers. *Id.* ¶ 14.

Although CNB's outside counsel, William Bauer, has since stated that he did not know that CNB's in-house counsel sent releases to Plaintiffs, Mr. Bauer nonetheless defended the actions of CNB's in-house counsel—claiming that the releases related to the Surrogate's Court matter initiated by CNB after this lawsuit

8

was filed, rather than to this federal lawsuit. *Id.* ¶ 18. Plaintiffs, however, have not appeared in that proceeding, and Mr. Bauer did not deny that CNB's in-house counsel knew about this federal proceeding. Remarkably, Mr. Bauer also insisted that Plaintiffs' claims in this federal case were no longer viable because Plaintiffs had not asserted them in the Surrogate's Court case, *id.* ¶ 19—even though this Court has already rejected CNB's attempt to dismiss this case in favor of the Surrogate Court action.

While seeking to use the Surrogate's Court case to evade this federal case, CNB's counsel refuses to provide even basic information about that case. We understand from previous discussions with CNB's counsel that in late May or early June 2017, the Surrogate's Court granted CNB's request to terminate the trust distribute the assets, including over $100,000 in investment assets to each Plaintiff. *Id.* ¶ 6. In response, Plaintiffs' counsel has repeatedly asked CNB's counsel for copies of the final order or orders by the Surrogate Court; CNB has yet to provide them. *Id.* ¶ 7. CNB also has not distributed the trust assets to Plaintiffs, despite assuring the Surrogate Court that it would do so. *Id.* ¶ 16.

Instead, CNB attempted to use its control of the trust assets to coerce Plaintiffs into signing the releases so that they could finally receive their money. *See* Ex. 7 (cover email). We asked CNB's counsel whether CNB would release the trust assets to Plaintiffs (as CNB was apparently ordered to do) without a general release, and CNB's counsel said he would "find out" and let us know. Brook Decl. ¶ 18. That was on July 12; there has been further no response. CNB continues to

9

hold Plaintiffs' assets unless and until they agree to sign away their right to pursue this case. *Id.* ¶ 26.

## ARGUMENT

### I.   Default is appropriate because CNB has failed to answer the Complaint and has otherwise been an "obstructionist adversary."

CNB's conduct (and lack thereof) presents several bases for default. A district court judge has the inherent authority to enter default. *Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128–29 (2d Cir. 2011)). The "typical Rule 55 case is one in which a default has entered because a defendant failed to file a timely answer," and a district court also may enter a default when a defendant "has failed to otherwise defend." *Mickalis*, 645 F.3d at 129; *Brock v. Unique Racquetball & Health Clubs, Inc.,* 786 F.2d 61, 64 (2d Cir.1986). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend,'" which includes "obstructionist litigation tactics" like failing to attend depositions and giving vague and unresponsive interrogatory answers; "cavalier[ly] disregard[ing] a court order," or otherwise demonstrating "a lack of diligence during pre-trial proceedings." *Id.* at 129–30 (citations and quotation marks omitted). Indeed, default is a "useful remedy when a litigant is confronted by an obstructionist adversary," helping to "maintain[ ] orderly and efficient administration of justice." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

To determine whether to grant a default judgment, the Court must assess (1) whether the defendant's default was willful, (2) whether the defendant has a meritorious defense, and (3) whether and to what extent the non-defaulting party would be prejudiced if the motion were denied. *See Gesualdi v. Seacoast Petroleum Products*, 97 F. Supp. 3d 87, 96 (E.D.N.Y. 2015); *see also Mason Tenders Dist. Council Welfare Fund v. M & M Contracting & Consulting*, 193 F.R.D. 112, 114–15 (S.D.N.Y. 2000). However, an absence of prejudice to the nondefaulting party does not, in and of itself, entitle the defaulting party to relief from judgment; this Court may deny a motion to vacate default judgment if it finds the default was willful and "is unpersuaded that the defaulting party has a meritorious defense." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 244 (2d Cir. 1994)).

The Court also may consider "[o]ther relevant equitable factors," such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96; *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65–66 (2d Cir. 1981); *Stein v. Valentine & Kebartas*, No. 10 CV 2465(RJD), 2012 WL 1416924, at *2 (E.D.N.Y. Mar. 15, 2012) (citing Fed. R. Civ. P. 54(c)). For instance, "default judgment is appropriate where the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997) (citations and

quotation marks omitted). Ultimately, the decision to enter a default "rests with the sound discretion of the district court." *Gesualdi*, 97 F. Supp. 3d at 95.

Default is appropriate here because (1) CNB has willfully refused to participate, (2) CNB has no defense on the merits, and (3) a lack of default would unduly prejudice Plaintiffs.

### A.  CNB has willfully refused to participate.

CNB's conduct has been willful. The "failure to respond is considered willful" when the defendant is continually unresponsive or when its conduct otherwise suggests that it is acting deliberately. *Gesualdi*, 97 F. Supp. 3d at 100. "Willfulness implies knowing action, while carelessness and negligence denote the actor should have known better but did not." *Directv, Inc. v. Rosenberg*, No. 02 CV 2241(RCC), 2004 WL 345523, at *3 (S.D.N.Y. Feb. 24, 2004). Plaintiffs need only show that CNB "defaulted deliberately," not that it acted in "bad faith." *Murray Engineering, P.C. v. Windermere Properties LLC*, No. 12 Civ. 0052(JPO), 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013) (quoting *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998)). Thus, courts in this district have found default willful "where an attorney failed, for flimsy reasons, to comply with scheduling orders or failed, for untenable reasons, after defendants had purposely evaded service for months, to answer the complaint." *Capitol Records v. Defries*, No. 11 Civ. 6808(PKC), 2012 WL 3041583, at *6 (S.D.N.Y. July 20, 2012) (quotation and citation omitted).

Here, although CNB was sophisticated enough to start a related state-court action, move to dismiss this federal case, and participate in a discovery conference,

CNB nonetheless has refused to answer the Complaint, respond to discovery requests, or appear for depositions. *Cf. Thompson Info. Svcs., Inc. v. Wedbush Morgan Sec., Inc.*, No. 96 CIV. 127 (SAS), 1996 WL 161798, at *2 (S.D.N.Y. Apr. 5, 1996) (distinguishing attorneys' misunderstanding about who was going to request additional time from the plaintiff from situations in which defendants knew of, but disregarded, court notices). And it has refused to defend itself despite repeated inquiries and requests for information.

CNB has no excuse. It has a capable law firm, which "has been part of Western New York since 1852," and which represents sophisticated clients such as "publicly traded corporations and financial institutions," "high-technology and industrial enterprises," "educational institutions and charities." Woods Oviatt Gilman, www.woodsoviattgilman.com/about (last visited Aug. 1, 2017). CNB's counsel was sophisticated enough to file a state-court petition just five days after being served with Plaintiffs' federal Complaint, Op. at 4. and to include in its dismissal motion the obscure doctrine of *Colorado River* abstention. *Cf. Sarafianos v. Shandong Tada Auto-Parking Co.*, No. 13 Civ. 3895(SAS), 2014 WL 1744711, at *2 (S.D.N.Y. Apr. 29, 2014) ("I conclude that defendant's default was not willful and was the result of a sincere mistake. Defendant is a Chinese corporation with no place of business in the United States, so may have been unfamiliar with the Federal Rules of Civil Procedure."). Given the pedigree of CNB's counsel, its conduct here reflects more than "mere negligence or carelessness." *Directv*, 2004 WL 345523, at *3.

13

What, then, is going on? The comments of CNB's outside counsel suggest outright defiance of this Court's jurisdiction. *Cf. McNulty*, 137 F.3d at 740 ("[W]here the attorney's conduct has been found to be willful, the willfulness will be imputed to the party himself where he makes no showing that he has made any attempt to monitor counsel's handling of the lawsuit."). During a July 12 call between Plaintiffs' counsel and CNB's counsel, Mr. Bauer (1) asserted that Plaintiffs' claims in this case were no longer viable because Plaintiffs did not assert them in the Surrogate's Court case, and (2) lamented that Plaintiffs could choose the forum in which to litigate their claims. Brook Decl. ¶ 19. CNB's counsel made these statements after this Court denied CNB's motion to dismiss and rejected its attempt to "oust this Court of subject matter jurisdiction. *See* Opinion at 2–7. It appears as if CNB simply refuses to acknowledge the legitimacy of this federal action and thus refuses to participate in it.

Any residual doubt about CNB's willfulness was erased by the recent attempt by CNB's counsel to induce Plaintiffs to waive their rights, and to do so outside the presence of Plaintiffs' counsel. A few weeks ago, CNB's in-house counsel sent each Plaintiff a "Receipt and Release," asking them to sign a general waiver of their claims before CNB distributed their own property (the former trust assets) to them. Brook Decl. ¶ 7. CNB's lawyer did so without informing Plaintiffs' counsel, much less getting permission from them. *Id.* ¶ 14. Meanwhile, CNB's counsel still has not provided Plaintiffs' counsel with documents from the Surrogate's Court proceeding; and has not distributed the trust assets to Plaintiffs, despite assuring the

14

Surrogate's Court that it would do so. *Id.* ¶ 7, 16. Instead, CNB is taking matters into its own hands—attempting to vitiate Plaintiffs' claims while bypassing this Court, the Surrogate's Court, and even Plaintiffs' counsel.

## B.  CNB has no "meritorious defense"

"[T]he absence of a meritorious defense is, on its own, enough to support entry of default judgment." *Capitol Records*, 2012 WL 3041583, at *5 (citing *State St. Bank & Trust Co. v. Inversiones Errazuris Limitada*, 374 F.3d 158, 174 (2d Cir. 2004) (affirming denial of relief from default judgment where prejudice not established but no meritorious defense)); *see also Sony Corp. v. Elm State Elecs.*, 800 F.2d 317, 320 (2d Cir. 1980). Given the fate of its motion to dismiss under Rule 12, at least on the pleadings CNB has no meritorious defense. *Cf. Capitol Records, LLC v. Defries*, No. 11 Civ. 6808(PKC), 2013 WL 3055322, at *6 (S.D.N.Y. June 14, 2013) (denying Rule 60(b) motion to set aside entry of default judgment: "Rule 60(b) does not allow litigants to get a second bite at the meritorious defense apple by submitting new evidence defendants apparently possessed all along during the earlier proceedings") (citation and quotation omitted). The Court denied CNB's dismissal motion on the merits. Op. at 7. And before doing so, the Court appropriately disregarded CNB's request, four months after it filed its dismissal motion, to amend its motion to "address additional factual and legal issues" that supposedly arose once the Monroe County Surrogate Court judicially settled CNB's Final Account. *See* Brook Decl. Ex. 2.

By refusing to Answer the Complaint, serve Rule 26(a) disclosures, appear for

a noticed deposition, or otherwise participate in these proceedings, CNB has chosen
to deny itself the ability to defend against this lawsuit. *See Gesualdi*, 97 F. Supp. 3d
at 100 ("[E]ven if Defendant had not waived its right to assert defenses to its
alleged withdrawal liability in this collection action, the Court would nevertheless
be unable to determine whether Defendant had a meritorious defense to any of
Plaintiffs' claims, whether for unpaid contributions or withdrawal liability, because
it did not answer or respond to the Complaint and did not oppose this motion."").
These acts and omissions have deliberately undermined its own defense. *See id.*; *cf.*
*Murray*, 2013 WL 1809637, at *6 ("A defendant seeking to vacate an entry of
judgment must present some evidence beyond conclusory denials to support his
defense. The test of such a defense is measured not by whether there is a likelihood
that it will carry the day, but whether the evidence submitted, if proven at trial,
would constitute a complete defense." (citing *Enron*, 10 F.3d at 98)). And CNB has
"offer[ed] no evidence of facts" supporting any of its heretofore unidentified
defenses. *See Capitol Records*, 2012 WL 3041583 at *6. In these circumstances,
holding CNB accountable would reflect the Court's "respect for the limits of [its]
own jurisdiction—limits that [CNB] sought to evade through [its] strategic decisions
to default." *Mickalis*, 645 F.3d at 140.

## C. Denial of this motion would prejudice Plaintiffs

Because CNB has no meritorious defense, this Court need not even analyze
prejudice to Plaintiffs. *Schwarz v. Thinkstrategy Capital Mgmt. LLC*, 12 Civ. 5818
(PAE), 2016 WL 29626, at *5 (S.D.N.Y. Jan. 4, 2015). That said, denying the motion

would prejudice Plaintiffs "by effectively leaving them without recourse." *Gesualdi*, 97 F. Supp. 3d at 100. Plaintiffs have repeatedly tried to work with CNB: contacting CNB's counsel, including CNB in the parties' telephonic meet-and-confer, requesting documents from the Surrogate Court Petition, noticing a deposition, and even agreeing to allow CNB to file its Answer sixteen days after the deadline. *See* Brook Decl. ¶¶ 4, 7–12, 17–25.

Despite these requests and accommodations, CNB failed to file an answer, provide initial disclosures, or participate in discovery—and has not even sought extensions of the deadlines that it has flouted. This "delay in obtaining discovery and resolving the case" is the "usual source of prejudice" that warrants default. *See Gench v. HostGator.com LLC*, No. 14 Civ. 3592(RA)(GWG), 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015); *see also Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (delay constitutes prejudice where it "result[s] in the loss of evidence, create[s] increased difficulties for discovery, or provide[s] a greater opportunity for fraud and collusion.") (quoting Wright, Miller, and Kane, *Federal Practice and Procedure*, § 2699 at 563–67 (2d ed. 1983)). Here, CNB's obstinacy has prevented Plaintiffs from understanding which facts CNB contests, which legal arguments it intends to make, and which witnesses and documents it will rely on. Plaintiffs are also losing the chance to pursue discovery from CNB about its co-Trustees, both of whom are co-Defendants as well.

Thus, although entry of default is "an extreme sanction*," Carlone v. The Lion & The Bull Films, Inc.*, 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012), Plaintiffs have

17

run out of options—CNB refuses to participate in this case while attempting to strip Plaintiffs of their rights outside of court. *See id.* at 318–19 ("[D]efault judgment is ordinarily justified when a party fails to respond after having received proper notice."). And given that CNB tried and failed to dismiss Plaintiffs' claims under Rule 12, the claims are necessarily well-pleaded and, due to CNB's default, deemed admitted. *See id.* at 319.

## II.   Even if default is not entered, the Court should order CNB to file an answer, participate in discovery, and pay a monetary sanction.

Even if the Court were to deny this default motion, the Court should enter an order compelling CNB to file an Answer, serve Initial Disclosures, and produce Mr. Hawks for deposition. The Court should also require CNB to pay reasonable costs and attorneys' fees, including those associated with (1) communicating with CNB about its missed deadlines and attempting to ensure CNB's participation in the case, (2) preparing for Mr. Hawks's deposition, and (3) preparing and litigating this motion, as well as (4) a monetary sanction for CNB's improper attempt to induce Plaintiffs to relinquish their rights without counsel.

Courts have awarded fees when vacating defaults. *See RLS Assocs. v. United Bank of Kuwait PLC*, No. 01 Civ. 1290, 2002 WL 122927, at *8 (S.D.N.Y. Jan.29, 2002) (granting defendant's Rule 55(c) motion to set aside entry of default, but awarding plaintiff fees and costs because defendant was negligent in failing to retain counsel and imposed on plaintiff "the unnecessary burden of applying for default judgment"); *see also Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d

Cir.2001) ("In determining whether to exercise its discretion to set aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." (citation omitted)). The same standard should apply here, because "[a]n opposition to a motion for default is evaluated under the same standards that apply to a Rule 55(c) motion to set aside an entry of default." *U.S. Fidelity and Guar. Co. v. Petroleo Brasiliero S.A.*, 220 F.R.D. 404, 406 (S.D.N.Y. 2004).

As for CNB's lawyer's attempt to contact Plaintiffs without their counsel present, the Court has the inherent authority to sanction an attorney practicing before it for violating the Rules of Professional Conduct, including Rule 4.2, which governs communication with persons represented by counsel. *See In re Bello*, 528 B.R. 562, 567 (E.D.N.Y. Bankr. 2015) (citing *In re Khan*, 488 B.R. 515, 528 (E.D.N.Y. Bankr. 2013); *In re Menton*, No. 10-31635, 2011 WL 2038976, at *4 (Bankr. N.D.N.Y. May 24, 2011).

Finally, given CNB's failure to provide required discovery, the Court may compel compliance and order CNB to pay the attorney's fees incurred as a result of its dilatory and unethical conduct. *See* Fed. R. Civ. P. 37(b)(2). Especially given the substantial resources at CNB's disposal, CNB cannot plausibly contend that its conduct was "substantially justified" or that it would in any way be "unjust" to require it to pay reasonable fees and expenses. *Id*.

19

**CONCLUSION**

The Court should grant Plaintiffs' motion for entry of default against

Defendant Canandaigua National Bank or, in the alternative, order CNB to comply

with its obligations and pay Plaintiffs' fees and expenses.

Dated: New York, New York
      August 2, 2017

                                      Respectfully submitted,

                                      /s/ Brian C. Brook
                                      Brian C. Brook (BB 1980)
                                      Kari Parks (KP 1273)
                                      7CLINTON BROOK & PEED
                                      641 Lexington Ave., 13th Floor
                                      New York, NY 10022
                                      (212) 328-9559
                                      brian@clintonbrook.com