**CLINTON BROOK & PEED**
—— NEW YORK | WASHINGTON DC ——

BRIAN C. BROOK
BRIAN@CLINTONBROOK.COM

641 LEXINGTON AVENUE
13TH FLOOR
NEW YORK, NY 10022
TEL: (212) 328-9559
FAX: (212) 328-9560

June 8, 2017

**Via Email and U.S. Mail**

The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Daniel Kleeberg et al. v. Lester Eber et al.*, 1:16-cv-09517-LAK

Dear Judge Kaplan,

I write on behalf of Plaintiffs in the above-listed matter in response to the letter submitted yesterday by Defendant Canandaigua National Bank ("CNB") that was addressed to your law clerk, Katherine Incantalupo. In CNB's letter, it advised the Court that it intends to "amend" its prior Rule 12(b) motion to dismiss "to address additional factual and legal issues."

Plaintiffs respectfully object to CNB's request to take a second bit at the apple. This Court should not permit CNB to "amend" its Rule 12(b) motion because that would be the same thing as allowing it to file a second Rule 12(b) motion. But Rule 12(g)(2) prohibits CNB from making a subsequent Rule 12(b) motion as to any defense or objection that could have been raised in its earlier motion.[1]

To the extent that CNB believes that there are legal issues that may legitimately warrant dismissal, Plaintiffs are not entirely opposed to a Rule 12(c) motion, which is not prohibited by Rule 12(g). But such a motion should not delay the beginning of

---

[1] Because CNB sought dismissal under the probate exception to subject matter jurisdiction under Rule 12(b)(1), as well as dismissal of the claim for punitive damages pursuant Rule 12(b)(6), it cannot rely on the fact that it sought to invoke Colorado River abstention to get a second shot. *See AFN, Inc. v Schlott, Inc.* 798 F. Supp. 219, n.4 (D.N.J. 1992) ("A motion to stay or dismiss a federal action due to a pending state action is not a Rule 12 motion and, therefore, a second motion to dismiss is not barred by Rule 12(g).") (citing *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1475 (9th Cir.1988)).

June 8, 2017
Page 2

CLINTON BROOK & PEED

discovery or CNB's participation in it. And to the extent that a Rule 12(c) motion raises disputed factual issues that are clearly inappropriate for judgment on the pleadings, Plaintiffs would of course reserve the right to seek appropriate relief in accordance with the Rules.

We thank the Court for its attention to this matter.

Respectfully submitted,

Brian C. Brook

cc: Katherine Incantalupo, Law Clerk
Defense counsel (*via email*)

EXHIBIT 3