USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-13-17

RECEIVED
SEP 12 2017
JUDGE KAPLAN'S CHAMBERS

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

                    Plaintiffs,

vs.

LESTER EBER, ALEXBAY, LLC
f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION
d/b/a CANANDAIGUA NATIONAL BANK
AND TRUST, ELLIOT W. GUMAER, JR.,
EBER BROS. & CO, INC., EBER BROS. WINE
AND LIQUOR CORP., EBER BROS. WINE &
LIQUOR METRO, INC., EBER CONNECTICUT, LLC,
and WENDY EBER,

                    Defendants.

**STIPULATED PROTECTIVE ORDER**

Civil Action No.:
1:16-cv-09517

Plaintiffs, Daniel Kleeberg, Lisa Stein and Audrey Hayes, and Defendants, Lester Eber, Alexbay LLC, Eber Bros. & Co., Inc., Eber Bros. Wine and Liquor Corporation, Eber Bros. Wine & Liquor Metro, Inc., Eber Connecticut LLC, Wendy Eber, Canandaigua National Corporation d/b/a Canandaigua National Bank and Trust, and Elliot W. Gumaer, Jr., stipulate and agree to a Stipulated Protective Order as follows:

"CONFIDENTIAL" material means any information (reflected or contained in any Discovery Materials) that [is designated by the producing party in the good faith belief that it is] protectable from disclosure to the public under the Federal Rules of Civil Procedure and/or other applicable law because it (a) constitutes or reflects trade secrets, (b) is subject to a binding contractual agreement prohibiting disclosure, (c) is confidential, proprietary, or highly market-sensitive, or (d) is prohibited from disclosure by law.

-1-

2. In complying with discovery demands in this action, a party or non-party may designate as "CONFIDENTIAL" information or material disclosed, produced, or submitted by it in the course of this litigation. Said designation shall be made in the manner hereinafter set forth, or by written agreement at any time.

3. All or any part of a document or a tangible item disclosed, produced, or submitted may be designated as "CONFIDENTIAL" by marking the words "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" (hereinafter, the "Confidential Material Designation") (a) on the face of the original of the document and each page so designated, or on the face of the photocopy of the document delivered by the producing party or person to the party to which the document is produced, and on the photocopies of each page so designated; (b) in the case of digitally-produced files, in the name of the file itself; or (c) in the case of a tangible item, on the face of the tangible item, if practicable, or by delivering to the party to which disclosure is made, at the time of filing, disclosure, or production, written notice that such tangible item is "CONFIDENTIAL."

4. "CONFIDENTIAL" material and/or information derived from "CONFIDENTIAL" material may be disclosed in a deposition or at the trial in this action, but the party or person disclosing it shall so advise the reporter. Deposition transcripts and all information disclosed during a deposition shall, by default, be treated as if they were designated "CONFIDENTIAL" for thirty (30) days after counsel's receipt of the deposition transcript. Any party or non-party may designate any deposition or any portion thereof as "CONFIDENTIAL" by advising the reporter and all parties of such fact on the record during the deposition or in writing within thirty (30) days after counsel's receipt of the deposition transcript.

5. Material designated as "CONFIDENTIAL" and any information derived from "CONFIDENTIAL" material shall be used or disclosed solely in the above-captioned lawsuit and in accordance with the provisions of this Stipulated Protective Order, and such "CONFIDENTIAL" material, as well as any information derived from such "CONFIDENTIAL" material, shall not be used in any other litigation or for any other purpose without further order of the Court, or except as the parties may agree.

6. Other than the parties, Court personnel (including court reporters), jurors impaneled by the Court in this matter, commercial photocopying firms, or as provided in this Stipulated Protective Order, access to "CONFIDENTIAL" material or any information derived from "CONFIDENTIAL" material shall be limited to the following persons:

    a. A party's directors, officers, employees and agents necessary to the prosecution, defense, or supervision of the Litigation;

    b. A party's insurers and outside or in-house auditors;

    c. Counsel of record for the respective parties in the Litigation and employees of said counsel provided, however, that access by counsel of record and employees of said counsel to "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, shall be for the sole purpose of conducting the prosecution, defense, or supervision of the Litigation;

    d. Other counsel for the respective parties in the Litigation and their employees who are assisting in the prosecution or defense of the Litigation, provided, however, that access by other counsel to "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, shall be for the sole purpose of conducting the prosecution, defense, or supervision of the Litigation;

    e.    Experts and consultants (including independent experts) who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in the prosecution or defense of the Litigation;

    f.    Any original authors or original recipients of the "CONFIDENTIAL" material; and

    g.    Witnesses at trial or deposition. A witness shall sign the Commitment of Qualified Recipient described in Paragraph 7 before being shown any "CONFIDENTIAL" material. Counsel for the questioning party shall insure that all such "CONFIDENTIAL" information will be properly marked and treated at the deposition. Witnesses shown "CONFIDENTIAL" material shall not be allowed to retain copies.

7.    Counsel of record shall inform each person to whom they give access to "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, of the terms of this Stipulated Protective Order as well as the obligation to comply with those terms. Each witness, expert, consultant, or other counsel who is given access to "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, shall also sign a copy of the Commitment of Qualified Recipient Pursuant to Stipulated Protective Order attached hereto as Exhibit "A." All copies of the signed Commitment of any witness, expert, consultant, or other counsel shall be held in the sole possession of the party producing or retaining said witness, expert, consultant, or other counsel and shall be considered work-product material which is privileged.

8.    Under no circumstances shall a person who is not permitted access to "CONFIDENTIAL" material under Paragraphs 6 or 7, or who is required to but has not signed a copy of the Commitment described in Paragraph 7, be permitted to attend a

deposition (or any portion thereof) at which "CONFIDENTIAL" material or any information derived from "CONFIDENTIAL" material is discussed or otherwise disclosed. "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, may be disclosed to the Court in connection with any filing or proceeding in this Litigation, but the party or person disclosing it shall cause the "CONFIDENTIAL" material, or information derived from "CONFIDENTIAL" material, to be submitted under seal to the Court and reviewed *in camera*, or shall redact any "CONFIDENTIAL" material.

9. Nothing in this Agreement shall be construed in any way to control the use, dissemination, publication, or disposition by a party, non-party or person (a) of documents or information existing in the files of that party or person, as a result of previous discovery in this or any other litigation, prior to the date of this Agreement, or (b) of documents or information received at any time by that party or person outside the course of the discovery process in this Litigation.

10. The parties agree that the failure by any party or non-party to designate any document, material, or information as either "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL" in accordance with this Agreement shall not constitute a waiver in whole or in part or be used as grounds for estoppel in connection with that party or non-party's designation of such information or documents as confidential in any other proceeding or action and will not prevent the producing/designating party from designating such information as "CONFIDENTIAL" at a later date in writing. Any such written notice from the producing/designating party shall be accompanied or promptly followed by a replacement production containing properly designated documents. In the

event a producing/designating party late designates material as "CONFIDENTIAL," the information shall be treated by the receiving party as "CONFIDENTIAL" from the time of receipt of the notice of the designation. Disclosure, prior to receipt of such notice shall not be deemed a violation of this Agreement.

11. Nothing in this Agreement shall be construed in any way as a finding that material designated as "CONFIDENTIAL" does or does not constitute or contain sensitive, confidential, commercial, proprietary, or privileged information or matter. Any party, non-party or person may object, in writing, to the designation by another party, non-party or person of any information or material as "CONFIDENTIAL." If the parties are unable to resolve their dispute in good faith on an informal basis, the party opposing confidentiality shall, by motion, apply to the Court for a ruling, based upon a showing of good cause, that the information or material shall not be treated as "CONFIDENTIAL" material. Unless and until this Court enters an order to the contrary, the information or material shall be treated as "CONFIDENTIAL" material.

12. The parties further stipulate and agree that any privileged matter that is inadvertently produced will be voluntarily returned to the producing party and shall not result in a waiver of attorney-client privilege, attorney work product privilege, or any other applicable privilege.

13. This Confidentiality Agreement shall survive the resolution of this action and continue in full force and effect.

14. Upon termination of this lawsuit by judgment, and the expiration of any and all appeals therefrom, or by settlement, all parties shall return to counsel for such producing party or person all "CONFIDENTIAL" material received from such party

or person, other than that which is contained in pleadings, correspondence, and deposition transcripts, including all copies, prints, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of such "CONFIDENTIAL" material, parties may certify to counsel for the producing party or person that they have destroyed all unreturned "CONFIDENTIAL" material.

    15. In the event any non-party serves a subpoena seeking "CONFIDENTIAL" material, or information derived from "CONFIDENTIAL" material, on one of the parties, the party shall not produce or otherwise make available such information, until it notifies the other parties of the Subpoena and permits the other parties a reasonable opportunity to move to quash the Subpoena, or until ordered to do so by a court of competent jurisdiction.

    16. Entering into, agreeing to, and/or producing or receiving "CONFIDENTIAL" material or otherwise complying with the terms of this Agreement shall not:

  a. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

  b. Prevent the parties from agreeing to alter or waive the provisions or protections provided herein with respect to any particular material subject to this Agreement, provided that any such agreement is in a writing signed by the parties or stated on the record in the presence of counsel for the parties; or

c. Prejudice in any way the rights of any party to object to the admissibility into evidence of any document, testimony, or other evidence subject to this Agreement on grounds other than authenticity.

17. This Agreement may be signed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Any counterpart may be signed and transmitted by facsimile or Portable Document Format (PDF) with the same force and effect as if such counterpart were an ink-signed original.

CLINTON BROOK & PEED

_____
Brian Christopher Brook, Esq.
*Attorneys for Plaintiffs*
641 Lexington Avenue
New York, New York 10016
Telephone: (212) 328-9559

UNDERBERG & KESSLER LLP

_____
Paul F. Keneally, Esq.
Colin D. Ramsey, Esq.
*Attorneys for Eber Defendants*
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 258-2800

WOODS OVIATT GILMAN

_____
William G. Bauer, Esq.
*Attorneys for Defendant CNB*
700 Crossroads Building, 2 State Street
Rochester, New York 14614
Telephone: (716) 987-2800

c. Prejudice in any way the rights of any party to object to the admissibility into evidence of any document, testimony, or other evidence subject to this Agreement on grounds other than authenticity.

17. This Agreement may be signed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Any counterpart may be signed and transmitted by facsimile or Portable Document Format (PDF) with the same force and effect as if such counterpart were an ink-signed original.

CLINTON BROOK & PEED

_____
Brian Christopher Brook, Esq.
*Attorneys for Plaintiffs*
641 Lexington Avenue
New York, New York 10016
Telephone: (212) 328-9559

UNDERBERG & KESSLER LLP

_____
Paul F. Keneally, Esq.
Colin D. Ramsey, Esq.
*Attorneys for Eber Defendants*
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 258-2800

WOODS OVIATT GILMAN

_____
William G. Bauer, Esq.
*Attorneys for Defendant CNB*
700 Crossroads Building, 2 State Street
Rochester, New York 14614
Telephone: (716) 987-2800

- 8 -

CALIHAN LAW PLLC

Robert Barnes Calihan, Esq.
Attorneys for Defendant Gumaer
The Powers Building, Suite 761
16 West Main Street
Rochester, New York 14614
Telephone: (585) 232-5291

SO ORDERED.
DATED: _____, 2017
ENTER.

_____
Hon. Lewis A. Kaplan

So ORDERED 9/13/2017

Lewis A. Kaplan
United States District Judge

- 9 -

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN and AUDREY HAYS,<br><br>                     Plaintiffs,<br>vs.<br><br>LESTER EBER, ALEXBAY, LLC f/k/a LESTER EBER, LLC, CANANDAIGUA NATIONAL CORPORATION d/b/a CANANDAIGUA NATIONAL BANK AND TRUST, ELLIOT W. GUMAER, JR., EBER BROS. & CO, INC., EBER BROS. WINE AND LIQUOR CORP., EBER BROS. WINE & LIQUOR METRO, INC., EBER CONNECTICUT, LLC, and WENDY EBER,<br>                     Defendants. | **COMMITMENT OF QUALIFIED RECIPIENT PURSUANT TO STIPULATED PROTECTIVE ORDER**<br><br>Civil Action No.:<br>1:16-cv-09517 |

       I, _____, hereby affirm that: (1) I have received and read a copy of the Stipulated Protective Order dated _____ entered herein by the Court; (2) I understand the terms thereof and agree to be bound thereby; and (3) I am aware that a violation of such Order may result in a finding of contempt of Court and/or an award of damages against me.

       Furthermore, I understand that, upon direction from the party or person from which I received the "CONFIDENTIAL" material or any information derived from "CONFIDENTIAL" material, I shall:

       a.    return to counsel for the providing party or person all "CONFIDENTIAL" material and information derived from "CONFIDENTIAL" material received from such party or person including all copies, prints and other reproductions of such "CONFIDENTIAL" material or information.

DATED: _____                _____