UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>          Plaintiffs,<br><br>     v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; CANANDAIGUA NATIONAL CORPORATION d/b/a CANANDAIGUA NATIONAL BANK & TRUST; ELLIOT W. GUMAER, JR.; EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORPORATION; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; and WENDY EBER,<br><br>          Defendants. | Civil Action No.  16-CV-9517(LAK)<br><br><br><br><br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO SUBSTITUTE PARTY |

Plaintiffs Daniel Kleeberg, Lisa Stein, and Audrey Hays, through undersigned counsel, submit this memorandum in support of their motion to substitute Lucia Gumaer, in her capacity as an executrix of the estate of Elliott W. Gumaer, Jr., for the recently deceased Defendant Elliott W. Gumaer, Jr. ("Mr. Gumaer").

## STATEMENT OF FACTS

Plaintiffs were beneficiaries of a trust that held their Rochester-based family liquor and wine distribution business and allege in this lawsuit that Defendants have illegally siphoned off their interests in that trust. Mr. Gumaer was named as a Defendant because he was a co-trustee of the trust.

1

On February 21, 2018, Plaintiffs were served with a statement noting Mr. Gumaer's death. *See* ECF No. 81. Plaintiffs have since been advised by Mr. Gumaer's counsel in this action, Robert Calihan, that Mr. Gumaer's spouse, Lucia Gumaer, is a co-executor of Mr. Gumaer's estate.

## ARGUMENT

**I.  Federal Rule of Civil Procedure 25(a) allows for the substitution of parties upon the death of a defendant.**

Under Rule 25(a) of the Federal Rules of Civil Procedure, if a party dies and the claim is not extinguished, the court may order substitution of a proper party. *See* Fed. R. Civ. P. 25(a)(1). Such a motion may be made by any party. *Id.* Furthermore, unless the motion is made within 90 days after service of a statement noting the death, the action must be dismissed. *Id.*

A proper party under Rule 25(a)(1) must be a legal representative of the deceased. *See J.K. v Springville-Griffith Inst. Cent. School Dist. Bd. of Educ.*, 02-CV-765S, 2005 WL 711886, at *5 (W.D.N.Y. Mar. 28, 2005). For example, proper parties would include "either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate." *See Roe v City of New York*, 00 CIV.9062, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003).

Here, Lucia Gumaer, as co-executor of Mr. Gumaer's estate, is a legal representative of Mr. Gumaer and therefore a proper party for substitution.

Accordingly, this Court should grant Plaintiffs' Motion and substitute "Lucia Gumaer as Executrix of the Estate of Elliott W. Gumaer, Jr." in place of Mr. Gumaer.

Respectfully submitted,

Dated: March 30, 2018

/s Brian C. Brook
Brian C. Brook
CLINTON BROOK & PEED
100 Church St., 8th Floor
New York, NY 10007
(212) 257-2334
brian@clintonbrook.com
