UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS, | ANSWER TO SECOND AMENDED COMPLAINT |
| Plaintiffs, | |
| v. | Civil Action No. 1:16-cv-09517 |
| LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; CANANDAIGUA NATIONAL CORPORATION d/b/a CANANDAIGUA NATIONAL BANK & TRUST; THE ESTATE OF ELLIOTT W. GUMAER, JR.; EBER BROS. & CO., INC.; EBERBROS. WINE AND LIQUOR CORPORATION; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; and WENDY EBER, | HON. LEWIS J. KAPLAN |
| Defendants. | |

---

Defendant The Estate of Elliott W. Gumaer Jr., for its Answer to the Second Amended Complaint, states as follows based on its current knowledge of the events alleged in the Complaint:

1. Denies the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2.

3. Admits allegations contained in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, except admits that Lester Eber was a co-trustee of the trust.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. In response to paragraph 8, denies the allegations with respect to Elliot Gumaer ("Gumaer") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

9. Denies the allegations in paragraph 9 but admits that Plaintiffs seek damages and equitable relief.

10. Admits the allegations contained in paragraph 10 but denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the death of Mildred Boslov and Audrey Hays's citizenship and residency.

11. Admits the allegations contained in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 but admits that Lester Eber was an officer, manager or director of certain Defendant entities and a co-trustee of the trust.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16.

17. In response to paragraph 17, admits that Gumaer was a resident of Georgia, an attorney licensed to practice in New York, co-trustee of the trust, and at various times a director of Eber Bros, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

18. Paragraph 18 contains a legal conclusion that does not require a response. To the extent a response is required, denies the allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 but admits that Wendy Eber is the daughter of Lester Eber.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Paragraph 28 is a legal conclusion for which no response is required.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 but admits that Gumaer was a resident of Georgia.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Paragraph 35 is a legal conclusion for which no response is required.

36. Paragraph 36 is a legal conclusion for which no response is required.

37. Admits the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39.

40. The will referenced in paragraph 40 speaks for itself.

41. Admits the allegations contained in paragraph 41.

42. The will referenced in paragraph 42 speaks for itself.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57.

58. Admits the allegations contained in paragraph 58.

59. The pleadings referenced in paragraph 59 speak for themselves.

60. The pleadings referenced in paragraph 60 speak for themselves.

61. The pleadings referenced in paragraph 61 speak for themselves.

62. The pleadings referenced in paragraph 62 speak for themselves.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66. The pleading referenced in paragraph 66 speaks for itself.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68. The pleading referenced in paragraph 68 speaks for itself.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72. The court's decision referenced in paragraph 72 speaks for itself.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76. The pleadings referenced in paragraph 76 speak for themselves.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78. The letter referenced in paragraph 78 speaks for itself.

79. The letter referenced in paragraph 79 speaks for itself.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83. The pleadings referenced in paragraph 83 speak for themselves.

84. The exhibit referenced in paragraph 84 speaks for itself.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87. The annual statements referenced in paragraph 87 speak for themselves.

88. The annual statements referenced in paragraph 88 speak for themselves.

89. The annual statements referenced in paragraph 89 speak for themselves.

90. The annual statements referenced in paragraph 90 speak for themselves.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92. The article referenced in paragraph 92 speaks for itself.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94. The pleadings referenced in in paragraph 94 speak for themselves, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

98. The pleading referenced in in paragraph 98 speaks for itself, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100. Admits the allegations contained in paragraph 100.

101. The filings referenced in in paragraph 101 speak for themselves.

102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102, except denies that plaintiffs were excused from making a demand.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

106. In response to paragraph 106, states that the corporate document referenced in paragraph 106 speaks for itself and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107, except admits that certain defendants asserted attorney-client privilege on the grounds stated.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108, except admits the date of one of the emails withheld.

109. Denies the allegations contained in paragraph 109.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112.

113. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

118. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

## COUNT I

### Breach of Fiduciary Duty

119. Repeats and realleges its responses to paragraphs 1-118 as if fully set forth herein.

120. The pleadings referenced in in paragraph 120 speak for themselves.

121. Paragraph 121 is a legal conclusion for which no response is required.

122. Paragraph 122 is a legal conclusion for which no response is required.

123. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124.

125. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

126. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126.

127. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127.

128. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128.

129. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

130. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

131. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131.

132. The allegation contained in paragraph 132 contains a legal conclusion for which no responsive pleading is required.

133. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133.

134. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134.

135. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135.

136. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136.

137. Paragraph 137 is a legal conclusion for which no response is required.

138. Paragraph 138 is a legal conclusion for which no response is required.

139. Denies the allegations contained in paragraph 139 with respect to Gumaer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

140. Denies the allegations contained in paragraph 140.

141. Denies the allegations contained in paragraph 141.

142. Paragraph 142 is a legal conclusion for which no response is required.

143. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143.

144. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144.

145. In response to paragraph 145, denies the allegations with respect to Gumaer and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

## COUNT II

## Fraudulent Concealment

146. Repeats and realleges its responses to paragraphs 1-145 as if fully set forth herein.

147. The pleadings referenced in paragraph 147 speak for themselves.

148. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148.

149. Paragraph 149 is a legal conclusion for which no response is required.

150. Paragraph 150 is a legal conclusion for which no response is required.

151. Paragraph 151 is a legal conclusion for which no response is required.

152. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152.

153. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153.

154. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154.

155. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155.

156. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156.

157. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157.

158. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158.

159. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159.

160. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160.

161. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161.

## COUNT III

### Aiding and Abetting Breach of Fiduciary Duty

162. Repeats and realleges its responses to paragraphs 1-161 as if fully set forth herein.

163. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163.

164. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164.

165. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165.

## COUNT IV

### Accounting

166. Repeats and realleges its responses to paragraphs 1-165 as if fully set forth herein.

167. Paragraph 167 is a legal conclusion for which no response is required.

168. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168.

169. Admits that the individuals were at certain times trustees for the Trust, and otherwise no response is required because the remaining allegations of paragraph 169 consist of a legal conclusion.

170. In response to paragraph 170, denies the allegations with respect to Gumaer and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

171. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171.

172. In response to paragraph 171, denies the allegations with respect to Gumaer and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

173. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

174. Repeats and realleges its responses to paragraphs 1-173 as if fully set forth herein.

175. The complaint fails to state a claim for which relief may be granted against The Estate of Elliott W. Gumaer, Jr.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

176. Repeats and realleges its responses to paragraphs 1-175 as if fully set forth herein.

177. The claims against The Estate of Elliott W. Gumaer, Jr. are barred by the statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

178. Repeats and realleges its responses to paragraphs 1-177 as if fully set forth herein.

179. The claims against The Estate of Elliott W. Gumaer, Jr. are barred by the doctrine of waiver, laches, estoppel, and unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

180. Repeats and realleges its responses to paragraphs 1-179 of the complaint as if fully set forth herein.

181. Plaintiffs have failed to mitigate their alleged damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

182. Repeats and realleges its responses to paragraphs 1-181 of the complaint as if fully set forth herein.

183. Plaintiffs are not entitled to the relief requested for the reason that any damages suffered by Plaintiffs were not proximately caused by the actions of Gumaer.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

184. Repeats and realleges its responses to paragraphs 1-183 of the complaint as if fully set forth herein.

185. Plaintiffs are not entitled to the relief requested for the reason that Gumaer did not breach any duty owed to Plaintiffs under the circumstances.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

186. Repeats and realleges its responses to paragraphs 1-185 of the complaint as if fully set forth herein.

187. Plaintiffs are not entitled to the relief requested because any damages suffered by the Plaintiffs were caused by the actions of third parties over which Gumaer had no control.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

188. Repeats and realleges its responses to paragraphs 1-187 of the complaint as if fully set forth herein.

189. Plaintiffs are not entitled to the relief requested for the reason that Gumaer's actions taken in his capacity as a director, officer or board member of the Defendant entities are protected by the business judgment rule.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE
DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

190. Repeats and realleges its responses to paragraphs 1-189 of the complaint as if fully set forth herein.

191. Plaintiffs are not entitled to the relief requested to the extent Plaintiffs have been indemnified or have recovered any alleged damages sought against The Estate of Elliott W. Gumaer, Jr. from any source other than Gumaer.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

192. Repeats and realleges its responses to paragraphs 1-191 of the complaint as if fully set forth herein.

193. Plaintiffs are not entitled to the relief requested because they have failed to plead fraud with the required particularity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

194. Repeats and realleges its responses to paragraphs 1-193 of the complaint as if fully set forth herein.

195. At all times relevant to the action herein, Gumaer acted in accordance with and pursuant to the directives set forth in the trust documents.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

196. Repeats and realleges its responses to paragraphs 1-195 of the complaint as if fully set forth herein.

197. In the event any settlement, either prior to or subsequent to the filing of the Second Amended Complaint, is entered into between Plaintiff and any other liable person or entities, or claim to be liable for the same injuries complained of herein, The Estate of Elliott W. Gumaer, Jr. asserts all relevant provisions of New York General Obligations Law § 15-108.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

198. Repeats and realleges its responses to paragraphs 1-197 of the complaint as if fully set forth herein.

199. The Estate of Elliott W. Gumaer, Jr. asserts all protections afforded to it pursuant to Civil Practice Law and Rule § 4519.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

200. Repeats and realleges its responses to paragraphs 1-199 of the complaint as if fully set forth herein.

201. The damages, if any, alleged to have been sustained by the Plaintiffs were caused and/or contributed to by the conduct of persons other than Gumaer, over which Gumaer had no control and for whose actions Gumaer, including but not limited to the other Defendants, is not legally responsible. Thus, The Estate of Elliott W. Gumaer, Jr. is entitled to have any liability against it reduced in recovery over said other party(s), for the proportionate share of said party's responsibility.

The Estate of Elliott W. Gumaer, Jr. reserves the right to assert additional affirmative defenses in the event discovery discloses the existence of same.

### AS AND FOR A FIRST CROSS-CLAIM

Contribution against the other Defendants

202. The Estate of Elliott W. Gumaer, Jr. realleges and incorporates by reference the allegations contained in paragraphs 1 through 203 as if fully set forth herein.

203. The Estate of Elliott W. Gumaer, Jr.'s alleged liability to Plaintiffs, if any, was caused solely or primarily by the other Defendants' allegedly tortious conduct.

204. In the event Plaintiffs are able to recover any part of their alleged damages from The Estate of Elliott W. Gumaer, Jr. – which damages The Estate of Elliott W. Gumaer, Jr. denies – then the other Defendants should be held responsible for such loss.

205. The Estate of Elliott W. Gumaer, Jr. is entitled to contribution from the other Defendants in an amount commensurate with the other Defendants' pro-rata share of any common liability in accordance with Section 1401 et seq. of the New York Civil Practice Law and Rules ("CPLR").

WHEREFORE, Defendant The Estate of Elliott W. Gumaer, Jr. respectfully requests this Court to grant judgment in its favor, order all claims of the Second Amended Complaint dismissed with prejudice, award Defendant The Estate of Elliott W. Gumaer, Jr. all costs, expenses, disbursements and fees incurred herein, including reasonable attorneys' fees, and such other, further and difference relief as the Court may deem just and proper.

Dated: May 18, 2018
Rochester, New York

CALIHAN LAW PLLC

/s/ Robert B. Calihan
Robert B. Calihan (Bar #1817659)
757 Third Avenue
20th Floor
New York, New York 10017
Telephone: (585) 281-2593
Facsimile: (866) 533-4206
rcalihan@calihanlaw.com