UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

                        Plaintiffs,

   v.

                                                     Civil Action No. 16-CV-9517(LAK)

LESTER EBER, ALEXBAY, LLC
f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK AND TRUST,
THE ESTATE OF ELLIOT W. GUMAER, JR.,
EBER BROS. & CO, INC., EBER BROS. WINE
AND LIQUOR CORP., EBER BROS. WINE & LIQUOR
METRO, INC., EBER CONNECTICUT, LLC,
and WENDY EBER,

                        Defendants.
_____

## THE EBER DEFENDANTS' ANSWER TO CROSS-CLAIM

Defendants Lester Eber, Alexbay LLC f/k/a Lester Eber LLC, Eber Bros. & Co., Inc., Eber Bros. Wine and Liquor Corporation, Eber Bros. Wine & Liquor Metro, Inc., Eber Connecticut LLC, and Wendy Eber (collectively "Eber Defendants") for its Answer to the Cross-Claim of the Estate of Elliott W. Gumaer, Jr. ("Gumaer"), state as follows:

1.    A response is not required to all or most of the realleged allegations contained in paragraph 202 of Gumaer's Cross-Claim against the Eber Defendants as they do not involve them, but to the extent they allege any misconduct by the Eber Defendants, such allegations are denied.

2.    Denies the allegations contained in Paragraphs 203-205 of Gumaer's Cross-Claim against the Eber Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3. Gumaer's Cross-Claim against the Eber Defendants fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. Gumaer's Cross-Claim against the Eber Defendants is barred by the statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. Gumaer's Cross-Claim against the Eber Defendants is barred by the doctrines of waiver, laches, estoppel and/or unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. Gumaer is not entitled to the relief requested for the reason that any damages suffered by Gumaer was not proximately caused by the action of the Eber Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. Gumaer is not entitled to the relief requested for the reason that some of the Eber Defendants' actions taken in their capacity as a director, officer or board member of the Defendant entitles are protected by the business judgment rule.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. At all times relevant to the action herein, the Eber Defendants acted in accordance with and pursuant to the directives set forth in the Trust documents.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

9. In the event any settlement, either prior to or subsequent to the filing of the Second Amended Complaint, is entered into between Plaintiffs and Gumaer, the Eber Defendants assert all relevant provisions of New York General Obligations Law §15-108.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

10. The Eber Defendants asset all protections afforded to it pursuant to Civil Practice Law and Rule §4519.

The Eber Defendants reserve the right to assert additional Affirmative Defenses in the event discovery discloses the existence of same.

DATED: June 5, 2018
       Rochester, New York        UNDERBERG & KESSLER LLP

By: */s/ Paul F. Keneally, Esq.*
    Paul F. Keneally, Esq.
    Colin D. Ramsey, Esq.
    *Attorneys for Eber Defendants*
    300 Bausch & Lomb Place
    Rochester, New York 14604
    Telephone: (585) 258-2800
    pkeneally@underbergkessler.com
    cramsey@underbergkessler.com