UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

                  Plaintiffs,

v.

                  Civil Action No. 16-CV-9517(LAK)

LESTER EBER,
ALEXBAY, LLC f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK AND TRUST,
ESTATE OF ELLIOT W. GUMAER, JR.,
EBER BROS. & CO, INC.,
EBER BROS. WINE AND LIQUOR CORP.,
EBER BROS. WINE & LIQUOR METRO, INC.,
EBER CONNECTICUT, LLC, and
WENDY EBER,

                  Defendants.

**AFFIDAVIT OF WENDY EBER**

---

STATE OF NEW YORK    )
                                 ) ss:
COUNTY OF NEW YORK )

        WENDY EBER, being duly sworn, deposes and states as follows:

        1.      I am a defendant in the above-captioned action. I make this Affidavit in opposition to plaintiffs' motion to compel the Eber Defendants to provide privileged documents, and in support of the Eber Defendants' cross-motion to claw back the privileged documents improperly disclosed to plaintiffs by co-defendant Elliott W. Gumaer, Esq. ("Gumaer").

        2.      I have reviewed the August 17, 2018 Affidavit of my father, Lester Eber, and to the best of my information and belief, his Affidavit is accurate.

        3.      For example, it is entirely accurate that Elliot W. Gumaer, Jr., Esq. was a long-time attorney both for myself and my father, as well as the various Eber entities.

4. Mr. Gumaer did serve as a Trustee of the Allen Eber Trust, but the documents being withheld as privileged do not relate to his role as Trustee.

5. Moreover, contrary to plaintiffs' allegation that we were aware that Mr. Gumaer was not a licensed attorney during the time period many of these communications took place, he never advised us that he was no longer licensed or practicing, or that we should no longer consider him a lawyer.

6. Similarly, all of the communications withheld involving Glenn Sturm, Esq. dealt with legal advice and not merely "strategic analysis" as alleged by plaintiffs.

7. With respect to communications with Underberg & Kessler LLP, the November 7, 2012 letter improperly disclosed to plaintiffs by co-defendant Gumaer should be clawed back pursuant to the cross-motion and not considered in the context of this motion. That letter is clearly protected by the attorney-client privilege, and was improperly disclosed, as were the other three (3) cross-motion documents.

8. Further, plaintiffs' allegations that communications with Underberg & Kessler LLP are not privileged because the Eber Defendants failed to honor corporate formalities is false.

9. For example, after my father resigned from Eber W&L on February 1, 2012, I became President of Eber W&L.

10. Underberg & Kessler LLP was retained during that same time period to represent Alexbay LLC ("Alexbay") in the Article 9 action in Monroe County Supreme Court.

11. However, there was no conflict between Alexbay and the various Eber entities because the assignment in lieu of foreclosure to Alexbay was entirely reasonable given the loans and payments made by Lester Eber.

12. Plaintiffs purposefully attempt to conflate the various Eber entities and individuals in furtherance of their motion.

13. While I do not believe that any of Underberg & Kessler's representations of the Eber entities involved a conflict situation, even if there was any conflict, that conflict was freely waived by my father and I on behalf of ourselves and the Eber entities. Any such waiver was entirely appropriate as none of the clients were disadvantaged by any such representation given the transaction at issue.

14. Ultimately, Lester Eber's $6.5 million in loans and payments of the debts of various Eber entities far exceeded the value of Eber-CT transferred to Alexbay, LLC in the Article 9 action.

15. Finally, plaintiffs do not have standing to raise a hypothetical conflict in their attempt to invade the Eber defendants' attorney-client privilege as they were not clients themselves.

_Wendy Eber_
Wendy Eber

Sworn to before me this
17 day of August, 2018.

_Brenda Rivera_
Notary Public

BRENDA L RIVERA
Notary Public - State of New York
NO. 01RI6348476
Qualified in Bronx County
My Commission Expires Sep 26, 2020

3