UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

                Plaintiffs,

   v.

                                                Civil Action No. 16-CV-9517(LAK)

LESTER EBER,
ALEXBAY, LLC f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK AND TRUST,          **AFFIDAVIT OF**
ESTATE OF ELLIOT W. GUMAER, JR.,                          **LESTER EBER**
EBER BROS. & CO, INC.,
EBER BROS. WINE AND LIQUOR CORP.,
EBER BROS. WINE & LIQUOR METRO, INC.,
EBER CONNECTICUT, LLC, and
WENDY EBER,

                Defendants.

---

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF MONROE   )

       LESTER EBER, being duly sworn, deposes and states as follows:

       1.      I am a defendant in the above-captioned action. I make this Affidavit in opposition to plaintiffs' motion to compel the Eber Defendants to provide privileged documents, and in support of the Eber Defendants' cross-motion to claw back the privileged documents that were improperly disclosed to plaintiffs by co-defendant Elliott W. Gumaer, Esq. ("Gumaer").

       2.      First, it must be noted that the recitation of facts in plaintiffs' motion wholly mischaracterizes the various transactions at issue in this litigation, and my motivations or engaging in such transactions. Those inaccuracies are addressed in part in the accompanying Memorandum, so I will largely refrain from doing so here.

3. However, I must address the claims that my resignation from Eber W&L on or about February 1, 2012 was a fraud, and that any claim of attorney-client privilege from that time forward should be disregarded.

4. As set forth in the Memorandum, I personally made loans to various Eber entities totaling more than $3 million dollars.

5. In sum and substance, those debts were ultimately assigned to Alexbay LLC – a new entity that I had created.

6. Subsequent to my resignation I did not engage in confidential communications relating to Eber W&L.

7. Moreover, each of the personal loans that I made to the Eber entities were secured by validly perfected security interests, and the UCC filings were a matter of public record.

8. Plaintiffs' dispersions about myself or the other Eber Defendants playing fast and loose with corporate formalities is false. Further, specious allegations of fraud should not be a basis for plaintiffs to invade the attorney-client privilege appropriately invoked by the Eber Defendants.

9. In addition to the baseless claims of fraud, plaintiffs' motion also alleges that the Eber Defendants have improperly withheld a number of other documents.

10. For example, plaintiffs object to documents relating to communications between myself, my daughter, Wendy Eber, or any of the various Eber entities, with the Eber family's longtime attorney Elliott W. Gumaer, Jr., Esq.

11. Prior to his death last year, Mr. Gumaer regularly served as an attorney both for myself and Wendy, as well as for the various Eber entities, since the 1970s.

12. It is true that Mr. Gumaer also served as a Trustee of the Allen Eber Trust. However, the documents being withheld as privileged do not relate to his role as Trustee. Rather,

they involve various instances in which Mr. Gumaer was imparting legal advice to one or more of the Eber Defendants.

13.   In addition, plaintiffs allege that Mr. Gumaer was not a licensed attorney during the time period many of these communications took place – and that this is fatal to any privilege claim.

14.   I am not an attorney, and am unfamiliar with the licensing procedure required so that one may be designated as a "practicing" attorney.  However, Mr. Gumaer never advised that he was no longer practicing, or that I should no longer consider him a lawyer.

15.   Quite to the contrary, Mr. Gumaer continued to provide legal advice to myself, and other Eber Defendants.

16.   Next, plaintiffs allege that the Eber Defendants may be improperly withholding communications with Glenn Sturm, Esq.  Plaintiffs admit that Mr. Stern was a "practicing" lawyer, but allege that because he was retained as a "strategic consultant" in addition to a lawyer, some of the communications withheld may involve his role as a strategic consultant and not as a lawyer.

17.   Notably, plaintiffs admit that communications with Mr. Sturm in which he gives legal advice are protected.  Those are the documents that the Eber Defendants have withheld as privileged.

18.   Plaintiffs also object to certain communications with Underberg & Kessler LLP being withheld as privileged.

19.   First, I would note that the November 7, 2012 letter improperly disclosed to plaintiffs by co-defendant Gumaer, as well as the other documents set forth on the accompanying Memorandum, should be clawed back pursuant to the cross-motion and not considered in the context of this motion.  Those communications are clearly protected by the attorney-client privilege, and were improperly disclosed, as were the other three (3) cross-motion documents.

20. Underberg & Kessler LLP has been retained by myself and many of the Eber Defendants at various times over the years, and communications with Underberg & Kessler are clearly privileged.

21. Plaintiffs' unsupported allegations of fraud or a failure to recognize corporate formalities does not entitle them to invade privilege.

22. Further, while I strongly disagree that there was ever a conflict situation involving Underberg & Kessler LLP, to the extent there was, that conflict was freely waived by my daughter and I on behalf of ourselves and the Eber entities involved given the reasonableness of the transaction at issue in the Article 9 action.

23. None of the clients were disadvantaged by such representation. In fact, my $6.5 million in loans and payment of various debts on behalf of Eber entities far exceeded the value of Eber-CT (transferred to Alexbay in the Article 9 action).

24. Finally, plaintiffs do not have standing to raise a hypothetical conflict in their attempt to invade the Eber Defendants' attorney-client privilege, as they were not clients themselves.

                                                         _/s/ Lester Eber_
                                                             Lester Eber

Sworn to before me this
19th day of August, 2018.

_/s/ Paul F. Keneally_
Notary Public

PAUL F. KENEALLY
Notary Public, State of New York
Monroe County
My Commission Expires 3/18/22

4