USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-13-2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DANIEL KLEEBERG, et al.,

                    Plaintiffs,

      -against-

LESTER EBER, et al.,

                    Defendants.

------------------------------------------------------------------X

16-CV-9517 (LAK) (KHP)

**ORDER DENYING MOTION TO COMPEL AND GRANTING CLAW BACK IN PART**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On July 29, 2018, Plaintiffs Daniel Kleeberg, Lisa Stein and Audrey Hays moved to compel production by Defendants Lester Eber; Alexbay, LLC; Eber Bros. & Co., Inc.; Eber Bros. Wine and Liquor Corporation; Eber Bros. Wine & Liquor Metro, Inc.; Eber-Connecticut, LLC; and Wendy Eber (together, the "Eber Defendants") of documents and interrogatory responses currently being withheld on the basis of privilege (Doc. No. 113).

On August 17, 2018, the Eber Defendants filed an opposition to Plaintiffs' motion to compel and a cross-motion seeking to claw back documents improperly produced by Defendant Elliot W. Gumaer, Jr. (Doc. No. 120) on the basis that the documents are protected by the attorney-client privilege. On August 19, 2018, the Eber Defendants provided the documents they seek to claw back to the Court for an *in camera* review.

Having reviewed the documents provided by the Eber Defendants, this Court finds that the documents, with the exception of the document marked Bates No. GUM00177, are protected by the attorney-client privilege. The documents marked Bates No. GUM000131-132 and Bates No. 000236 contain correspondence between attorneys and their client where the

attorneys are providing legal assistance and the client is providing her thoughts on the underlying matter to her attorneys.  The attorney-client privilege protects communications between a client and its attorney for the purpose of obtaining or providing legal assistance and advice, provided those communications were intended to be and were kept confidential. *Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 207 (2d Cir. 2012).  The documents marked Bates No. GUM000189 and Bates No. GUM000328 contain an attorney's mental impressions and handwritten notes from a conference call with another attorney involved in the underlying matter.  The attorney work product privilege protects "the files and the mental impressions of an attorney . . . reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways prepared in anticipation of litigation."  *A. Michael's Piano, Inc. v. F.T.C.*, 18 F.3d 138, 145 (2d Cir. 1994) (internal citation and quotation marks omitted).  Federal Rule of Civil Procedure 26(b)(2) explicitly provides that parties are entitled only to non-privileged matter.  Fed. R. Civ. P. 26(b)(2).  Further, Paragraph 12 of the Stipulated Protective Order entered in this case (Doc. No. 67) provides that "any privileged matter that is inadvertently produced will be voluntarily returned to the producing party and shall not result in a waiver of attorney-client privilege, attorney work product privilege, or any other applicable privilege."  Accordingly, the following documents are not subject to discovery and must be returned pursuant to the Eber Defendants' clawback request:

- Bates No. GUM000131-132
- Bates No. GUM000236

- Bates No. GUM000189

- Bates No. GUM000328

The Eber Defendants' motion to claw back documents is DENIED as to the document marked Bates No. GUM00177 because the e-mail exchange does not contain legal advice or assistance as to the underlying matter, but merely contains a discussion about scheduling a conference call between attorney and client.

Plaintiffs' motion to compel seeks the production of documents marked privileged on Defendants' privilege log.  The documents concern the transactions at issue in this case and include communications between and among Defendants Wendy Eber and Lester Eber, Defendant Elliot Gumaer, Jr. and Glenn Sturm, and others.  The Eber Defendants have agreed to produce some of the challenged documents.  The Eber Defendants are directed to produce those documents by **September 19, 2018**, if they have not already done so.  Once Plaintiffs have reviewed the Eber Defendants' supplemental production, they shall meet and confer with the Eber Defendants on any remaining issues.  If the parties are unable to resolve any such remaining issues, Plaintiffs may refile their motion to compel on October 23, 2018.

To the extent Plaintiffs refile their motion, they must specifically identify the documents on the privilege log they are challenging and the basis for their challenge.  The Eber Defendants' response to the motion shall be filed on November 6, 2018.  To the extent their response contains privileged information, privileged portions of the response may be submitted *in camera* to this Court by email to Parker_NYSDChambers@nysd.uscourts.gov with a redacted version of the response filed on ECF.  Simultaneously with their submissions, the Eber Defendants shall submit for

3

*in camera* review an amended privilege log with the documents at issue. Such log shall be in Microsoft Excel format and contain embedded hyperlinks to each document. For each document on the spreadsheet, the Eber Defendants shall include columns indicating: author of the document with title[1], sender with title, recipient(s) with titles, subject matter, privilege(s) asserted (i.e., attorney-client and/or work product), and basis for assertion sufficient for the Court to evaluate the validity of the privilege assertion (*e.g.,* contains legal advice from attorney for x to client of x, seeks legal advice regarding y, describes or forwards legal advice from attorney for x to client of x, z entity's attorneys' notes, *etc.*). *See* S.D.N.Y. Local Civ. R. 26.2(a)(2)(A).

**SO ORDERED.**

DATED:   New York, New York
         September 13, 2018

_____
KATHARINE H. PARKER
United States Magistrate Judge

---

[1] When providing a title, the Eber Defendants also shall indicate whether the individual is an attorney.