# Exhibit O

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

---

ALEXBAY, LLC,

                    Plaintiff,         Index No.:

-vs.-                                      2012-1919

EBER BROS. WINE & LIQUOR CORP.;

SOUTHERN WINE & SPIRITS
OF AMERICA, INC.;

EBER BROS. WINE & LIQUOR METRO, INC.;
and

JOHN DOES 1 – 10, being fictitious names intended to designate other entities or persons claiming any interest in Eber Bros. Wine & Liquor, Inc.'s "OWNERSHIP INTEREST IN EBER BROS. WINE & LIQUOR METRO, INC.";

                    Defendants.

---

**AFFIDAVIT OF LESTER EBER
in Support of
MOTION FOR JUDICIAL DETERMINATION
OF 'COMMERCIAL REASONABLENESS' UNDER UCC 9-627**

STATE OF _New York_ )
COUNTY OF _Monroe_ ) S.s.:

**LESTER EBER**, being first duly sworn, deposes and says:

1. I am a principal of Plaintiff Alexbay, LLC ("*Alexbay*") in this action. I have personal knowledge of all the factual matters recounted in this Affidavit, which I submit in support of Alexbay's request for a judicial determination of "commercial reasonableness" as the term is defined in the provisions of Section 9-627 of the Uniform Commercial Code.

2.     This action was commenced upon the filing of Plaintiff's Summons and Complaint on February 21, 2012. The Complaint explains the circumstances through which Alexbay became a secured creditor of Eber Bros. Wine & Liquor Corp. ("*Eber Bros.*"), and its proposal to accept the collateral that secures that obligation, certain shares of stock owned by Eber Bros., in full satisfaction of the debt. [A time stamped copy of the Complaint, together with all its Exhibits, is attached to this Affidavit as Exhibit A.] The action was brought under the provisions of Uniform Commercial Code §9-627 to obtain this Court's judicial determination that the proposal to accept the stock is "commercially reasonable."

3.     In pertinent part, Section 9-627(c) reads:

> A collection, enforcement, disposition, or acceptance (of collateral) is commercially reasonable if it has been approved: in a judicial proceeding ... .

4.     As the Complaint explains, the collateral at issue in this action ("*the Collateral*") is all the shares of capital stock of a New York corporation known as Eber Bros. Wine & Liquor Metro, Inc. ("*Metro*"). Those shares are owned by Eber Bros., and they were pledged by Eber Bros. to secure the repayment of an Eber Bros. obligation totaling more than $3.650 Million, with continually accruing interest.

5.     Metro is not an operating company, and its only asset of any significance is a 79% ownership interest in yet another Company: Eber Connecticut LLC ("*EberConn*").

6.     Based upon very recent arms' length sales on the open market, EberConn's value as a going concern is best established at $4,633,300 as of December 2011. That valuation of EberConn establishes the value of Metro's only significant asset: the 79% ownership of EberConn. Because it is Metro's only significant asset, that 79 percent interest (valued at $3.660 Million), itself establishes the value of Metro.

*Alexbay, LLC, v. Eber Bros. Wine & Liquor Corp. et al.*  Affidavit of Lester Eber in Support of Motion
Index No.: 2012-1919                                     Page 2 of 5

EB-00001060

7. Thus, Alexbay's proposal is to accept as the Collateral all of the shares of Metro, a corporation valued at $3.660 Million, in full satisfaction of a debt of $3.650 Millon.

8. The Uniform Commercial Code proscribes the procedure for acceptance of collateral in satisfaction of the obligation it secures in Sections 9-620 and 9-621. In the situation presented by this case, where consumer goods are not implicated, Section 9-620(a) permits a secured creditor to accept the collateral in satisfaction of an obligation if: (i) the debtor consents to the acceptance; and (ii) no objection to the acceptance is made by others who are entitled to notice of the proposed acceptance under Section 9-621.

9. The Debtor, Eber Bros., has consented to the acceptance. [A copy of the Debtor's consent to the acceptance of the Collateral and all the other relief requested in this action is annexed to this Affidavit as Exhibit B.]

10. Section 9-621 requires that notice of the proposed acceptance be sent to: (i) any person who has notified the secured party that the person claims an interest in the collateral; (ii) any person who has properly filed a financing statement with respect to the collateral; and (iii) a person who has properly perfected a security interest in the collateral under other applicable law.

11. As provided under UCC 9-310(a), security interests in the Collateral are perfected by filing a financing statement in New York, where Eber Bros. is incorporated. Attached to this Affidavit as Exhibit C are the results of a search of the financing statements filed against the Collateral with the New York Secretary of State: those results show that the only other person that has a financing statement filed with respect to the Collateral is Defendant Southern Wine & Spirits of America, Inc. ("*Southern*").

12. Southern has consented to Alexbay's proposal to accept the Collateral in full satisfaction of Eber Bros.' obligation. [A copy of Southern's consent to the acceptance of the

---

*Alexbay, LLC, v. Eber Bros. Wine & Liquor Corp. et al.*  
Index No.: 2012-1919

Affidavit of Lester Eber in Support of Motion  
Page 3 of 5

EB-00001061

Collateral and all the other relief requested in this action is annexed to this Affidavit as <u>Exhibit B</u>.]

13. The only other person that might claim an interest in the Collateral is Metro: Alexbay has no knowledge that any other person claims any interest in the Collateral. Metro has also consented to Alexbay's proposal to accept the Collateral in full satisfaction of Eber Bros.' obligation.

14. As the Official Comments to the Uniform Commercial Code recognize:

> It is important to make clear the conduct and procedures that are commercially reasonable and to provide a secured party with the means of obtaining, by court order of negotiation with a creditors' committee or a representative of creditors, advance approval of a proposed method of enforcement as commercially reasonable.

15. Alexbay has complied in good faith with the conduct and procedures required to enforce its security interest in the Collateral by accepting the Collateral, and proposes to fully satisfy a debt of $3.650 Millon (plus accruing interest) in exchange for collateral with a value of $3.660 Million.

16. All parties entitled to notice of the proposal, and all parties that are known to claim any interest in the Collateral, have consented to the proposal. It is therefore manifest that the proposal is a commercially reasonable means of enforcing Alexbay's security interest.

17. Alexbay's stipulation with Southern agrees that Alexbay will request an Order dismissing Southern from this action.

**WHEREFORE, Plaintiff Alexbay, LLC**, requests that this Court grant an Order: (A) determining that Alexbay's acceptance of the Collateral in full satisfaction of Eber Bros.' obligation is "commercially reasonable" under the Uniform Commerical Code; (B) dismissing

<u>Alexbay, LLC, v. Eber Bros. Wine & Liquor Corp. et al.</u>
Index No.: 2012-1919

Affidavit of Lester Eber in Support of Motion
Page 4 of 5

EB-00001062

Defendant Southern Wine & Spirits of America, Inc., from this action; and (C) granting such other and further relief as the Court may deem just, equitable and appropriate.

_____
LESTER EBER

Sworn to before me this
14th day of March 2012.

_____
Notary Public

SUSAN J. LESTRANGE
NOTARY PUBLIC STATE OF NEW YORK
QUALIFIED IN WAYNE COUNTY
MY COMMISSION EXPIRES 3/27/2015

Alexbay, LLC, v. Eber Bros. Wine & Liquor Corp. et al.
Index No.: 2012-1919

Affidavit of Lester Eber in Support of Motion
Page 5 of 5

EB-00001063