# CLINTON BROOK & PEED
NEW YORK | NEW JERSEY | WASHINGTON DC

**BRIAN C. BROOK**
BRIAN@CLINTONBROOK.COM

100 CHURCH STREET
8TH FLOOR
NEW YORK, NY 10007
TEL: (212) 256-1957

October 30, 2018

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
      **Letter Regarding Proposed Discovery Schedule**

Dear Judge Parker,

As required by this Court's October 16, 2018 Order, the parties submit this joint letter regarding a proposed discovery schedule and related disputes that remain to be resolved.

### I.   The Parties Jointly Request a Short Extension of the Discovery Schedule

The parties have conferred regarding this Court's deadline to conclude fact discovery by December 31, 2018, and expert discovery by January 31, 2019. Unfortunately, given significant scheduling difficulties, including the unavailability of several key witnesses until January, the parties respectfully request the Court's permission to extend fact discovery until January 31, 2019, and expert discovery until March 8, 2019.

### II.  Proposed Expert Discovery Schedule

January 18, 2019:   Defendants' expert report(s) due
February 15, 2019:  Plaintiffs' expert report(s) due
March 1, 2019:      Defendants' rebuttal report(s) due, if any
March 8, 2019:      Deadline to complete expert depositions, if any

### III. Proposed Deposition Schedule

**A.   Plaintiffs' Requested Depositions**
1. Lester Eber – January 14, 2019
2. Eber-Connecticut 30(b)(6) – January 15, 2019
3. Eber Metro 30(b)(6) – January 15, 2019
4. Glenn Sturm – January 17, 2019
5. Paul Keneally – January 22, 2019
6. Wendy Eber – January 23, 2019
7. Marino Fernandez – December 2018 (subject to witness availability)

    8. Davie Kaplan LLP 30(b)(6) – December 2018 (subject to witness availability)
    9. Sumner Pearsall 30(b)(6) – December 2018 (subject to witness availability)
    10. Lisa Semenick – December 2018 (subject to witness availability)
    11. Andrew Eder – December 2018 (subject to witness availability)
    12. Southern Wine & Spirits 30(b)(6) – December 2018 (subject to witness availability)
    13. Gumaer Estate 30(b)(6) – to be conducted by written questions

**B.**   **Eber Defendants' Requested Depositions**
    1. Daniel Kleeberg – December 19, 2018
    2. Lisa Stein – December 19, 2018
    3. Audrey Hays – December 20, 2018
    4. Erica Stein – _____

**C.**   **Estate of Gumaer's Requested Depositions**
    1. Richard Hawks (Day 2) – December 2018 (subject to witness availability)
    2. Robert Lowenthal – December 2018 (subject to witness availability)

**IV.**   **Summary of Remaining Discovery Disputes**

After conferring, the parties have a few discovery disputes requiring this Court's attention. Plaintiffs recently sent the Eber Defendants two letters regarding outstanding discovery issues. After a conference, we believe we have settled many of the issues raised in the letters, however, a few issues remain. For the issues that were resolved, defense counsel has promised to supplement and/or provide amended responses, or at the very least check with their clients to determine if any further supplementation, or amendment can be made. Based on that response, we do not believe that this Court's intervention is required at this time, however we cannot say for certain that the disputes are resolved until we see the adequacy of the supplemental responses.

The following issues were not able to be resolved between counsel, and we therefore require this Court's assistance:

  **A. Deposition Objections**

Plaintiffs object to the deposition of Erica Stein, who is Plaintiff Lisa Stein's daughter. Defendants assert that they want to depose her about receiving distributions from the Allen Eber Trust prior to its termination. Plaintiffs have asked Defendants to explain the relevance of the distributions to the claims or defenses in the case, and Defendants have not provided any further explanation. Accordingly, Plaintiffs believe that the deposition is for the improper purpose of harassing the witness and her mother, since none of these distributions are relevant to the claims or defenses, and in any event, the facts concerning the distributions are undisputed. The witness also resides in Pennsylvania, and conducting such a deposition with the limited time remaining would be unduly wasteful of the parties' limited time and resources.

Defendants object to the depositions of Glenn Sturm and Paul Keneally on grounds of the attorney-client privilege and relevance. Plaintiffs submit that the privilege objection will be

substantially resolved in connection with the pending second motion to compel. With respect to relevance, Plaintiffs argue that their testimony is critical to the case:

- Glenn Sturm was the individual on the other side of the 2010 Polebridge Bowman transaction, which was the sole basis for valuation of Eber-Connecticut used by the Eber Defendants during the 2012 Foreclosure Action. Even if the privilege objections were sustained, Plaintiffs are entitled to testimony from Sturm about the negotiation and pricing of that 2010 transaction—such information cannot possibly be concealed on privilege grounds when the Eber Defendants relied on it and placed it directly at issue in the 2012 Foreclosure Action.

- Paul Keneally's name appears on at least 40 communications currently being withheld by Defendants on purported privilege grounds—far more than any other outside lawyer. And all those communications fall within the critical time period of late-2011 through 2012, when the Eber-Connecticut business asset was transferred. From this, Plaintiffs infer that Mr. Keneally was directly involved in structuring the sham 2012 Foreclosure Action and subsequent transfer of Eber Metro (Eber-Connecticut's controlling member) from the Trust-controlled Eber Bros. Wine & Liquor ("EBWLC") to Lester's Alexbay. Moreover, Plaintiffs believe that most if not all of Mr. Keneally's communications are subject to disclosure, for reasons stated in the second motion to compel (including, *inter alia*, the fiduciary exception). If, upon review, the documents do not support Plaintiffs' inference about Mr. Keneally's personal involvement, Plaintiffs will not proceed with the deposition.

After reviewing Plaintiffs' response to the objection in the above bullet points, Defendants advised that they considered this to be advocacy but expressly declined to request changes to it or to include a further explanation as to the basis for their objection.

### B. Interrogatories Concerning Current Corporate Relationships

Plaintiff Lisa Stein's Interrogatory Nos. 5, 7, 8, and 9 asked Defendant Wendy Eber to provide information about the Eber entities and her and others' entanglements with them. *See* Ex. A (Wendy Eber's responses and objections to Stein interrogatories). In response, Wendy stated that the questions have been answered in response to previously served interrogatories, *id.*, and after conferring further, Defendants state that no change will be made on these interrogatories. Defendants refused Plaintiffs' request to identify which other interrogatory answers purportedly contain the requested information. Plaintiffs submit that these questions are still unanswered and are important to understand now, especially since Wendy will not be deposed until January.

### C. Financial Records Relevant to Damages and Scope of Equitable Relief

In Plaintiffs' Fourth Request for Production to Eber Defendants, Request No. 44, Plaintiffs requested the financial account statements for accounts held or controlled by Lester or Wendy Eber from August 2005 to the present. Defendants objected on relevancy grounds. Plaintiffs argue the information requested is relevant for several reasons. One, it is relevant to the amount of punitive damages. *See Tillery v Lynn*, 607 F Supp 399, 402 (S.D.N.Y. 1985). Two, this lawsuit seeks to impose a constructive trust over the profits generated by the disputed assets. Three, it will demonstrate whether Defendants have been taking money out of the company by means other than

through ordinary and approved compensation payments. Indeed, given the volume of "related party" purchases referenced in the financial statements produced to Plaintiffs, Plaintiffs have good reason to believe that this has been occurring.

Requests Nos. 46 & 47 ask Defendants to produce documents sufficient to show the net worth of Wendy and Lester Eber. Defendants claim the requests are not relevant to Plaintiffs' claims. Plaintiffs argue that discovery as to a defendant's personal assets is permitted when the plaintiff is seeking punitive damages. *See Tillery v Lynn*, 607 F Supp 399, 402 (S.D.N.Y. 1985). Here, Plaintiffs are seeking punitive damages against Lester and Wendy Eber.

Request No. 48 asks Defendants to produce documents sufficient to show all of the assets and liabilities of Alexbay, LLC as of the first day of trial. Defendants claim the request is not relevant to any party's claim. Plaintiffs argue that among the relief sought is a constructive trust over the profits that were generated by the disputed assets, and seeing what assets Alexbay has controlled since its receipt of the Connecticut business is relevant to the scope of that relief.

D. **General Ledgers and Legal Payments**

In Plaintiffs' Fifth Request for Production, No. 46,[1] Plaintiffs requested documents concerning payments since 2008 to any of the Eber Defendants' attorneys, including Underberg & Kessler. In response, a few documents were produced, but the production appears to omit nearly all of Underberg & Kessler's legal expenses billed to and paid by the Eber Defendants.

Relatedly, Plaintiffs sought (without objection) the Eber entities' general ledgers, which are accounting records that reflect all transactions within a given time period. Defendants' production of general ledger files did not contain any general ledgers for Eber Metro post May 31, 2011, or anything for EBWLC post May 31, 2010. Plaintiffs argue that these missing years are critical. However, Defendants are of the position that these general ledgers just do not exist (but are checking with their accountants to make sure). One of the reasons why Plaintiffs are interested in the general ledgers is to help determine who, among the Eber Defendants, was paying Underberg & Kessler's legal bills for 2011-2012. *See* Plaintiffs' Second Motion to Compel at p. 19. Without these missing general ledgers, Plaintiffs argue that Underberg & Kessler's corresponding billing records are the next-best substitute.

Plaintiffs have advised Defendants that numerous documents in discovery show that Eber Metro and EBWLC maintained QuickBooks accounting files through May 31, 2012, general ledgers were necessarily maintained and can be easily printed. In response, Defendants request that we "make clear" to the Court that the Eber Defendants contend that neither of these companies nor their accountants created or maintained general ledgers after 2010 or 2011, respectively.

\* \* \*

---

[1] To avoid potential confusion, the Court should note that Plaintiffs inadvertently duplicated some request numbers between different requests for production.

October 30, 2018                                                           CLINTON BROOK & PEED
Page 5

      We note that all parties reserve the right to contest unstipulated allegations.

      We also note that, after conferring per your Honor's suggestion, the parties did not agree to waive Judge Kaplan's continued involvement as the presiding judge.

      We thank the Court for its attention to this matter and look forward to discussing these issues on November 7, 2018.

      Respectfully submitted,

      Brian C. Brook

(enclosure)
cc:    Robert B. Calihan, Esq.
       Paul F. Keneally, Esq.
       Colin D. Ramsey, Esq.

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

           Plaintiffs,

v.

LESTER EBER,
ALEXBAY, LLC f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK AND TRUST,
ESTATE OF ELLIOT W. GUMAER, JR.,
EBER BROS. & CO, INC.,
EBER BROS. WINE AND LIQUOR CORP.,
EBER BROS. WINE & LIQUOR METRO, INC.,
EBER-CONNECTICUT, LLC, and
WENDY EBER,

           Defendants.

Civil Action No.
16-CV-9517(LAK)

**RESPONSES TO PLAINTIFF LISA STEIN'S FIRST SET OF INTERROGATORIES TO DEFENDANT WENDY EBER**

Pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(1), Defendant, Wendy Eber, by her attorneys, Underberg & Kessler LLP, for her Responses to Plaintiff Lisa Stein's First Set of Interrogatories to Defendant Wendy Eber (the "Interrogatories"), hereby responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

1. Specify when you first began working for or with Alexbay, in any capacity, official or unofficial.

**Response to No. 1:** **Defendant Wendy Eber has never officially or unofficially worked for Alexbay, but has been familiar with it since its formation in 2011.**

2. Specify all positions held by you in connection with any Alexbay, the compensation associated with each position, and the dates when those positions were held.

**Response to No. 2**: **See Response to No. 1, above.**

3. Identify all persons who are or have ever been economic interest owners in Alexbay.

**Response to No. 3**: **Lester Eber.**

4. As to each person identified in response to Interrogatory No. 2 (including yourself if applicable), specify:

> a. The value or percentage of the economic interest (and if it changed over time, specify each value or percentage that has ever been held and the dates when those values or percentages applied);
>
> b. The consideration provided in exchange for the economic interest, and
>
> c. The date when the economic interest was acquired.

**Response to No. 4**: **See Response to No. 1, above.**

5. Identify all legal entities or businesses (excluding publicly traded companies) in which you have held any type of economic interest since 2007.

**Response to No. 5**: **Defendant Wendy Eber has answered this question in responses to interrogatories previously served by Plaintiffs. Defendant Wendy Eber has no other information responsive to this Interrogatory other than what has been set forth in the Responses to the previous interrogatories.**

6. Specify whether you provided any consideration to any Eber Defendant, or to Poleridge Bowman or any other third party, in connection with your receipt of the right of first refusal to acquire Poleridge Bowman's interest in Eber-Conn.

**Response to No. 6**: **Yes.**

2

7. Identify all current officers, directors, and managers of the Eber Companies and Alexbay.

**Response to No. 7:** **The Eber Defendants and/or Defendant Lester Eber have answered this question in responses to interrogatories previously served by Plaintiffs. Defendant Wendy Eber has no other information responsive to this Interrogatory other than what has been set forth in the Eber Defendants' and/or Lester Eber's Responses to the previous interrogatories.**

8. Identify all persons who currently hold any kind of equity or ownership interest in any of the Eber Companies or Alexbay.

**Response to No. 8:** **The Eber Defendants and/or Defendant Lester Eber have answered this question in responses to interrogatories previously served by Plaintiffs. Defendant Wendy Eber has no other information responsive to this Interrogatory other than what has been set forth in the Eber Defendants' and/or Lester Eber's Responses to the previous interrogatories.**

9. As to each person identified in response to Interrogatory No. 8, specify as to each company:

    a. The type of equity interest held (e.g., Class A common shares);

    b. The amount of that equity interest (e.g., the number of shares or the percentage of the total); and

    c. The percentage of the total voting power within that company that is held by that person.

**Response to No. 9:** **The Eber Defendants and/or Defendant Lester Eber have answered this question in responses to interrogatories previously served by**

3

**Plaintiffs. Defendant Wendy Eber has no other information responsive to this Interrogatory other than what has been set forth in the Eber Defendants' and/or Lester Eber's Responses to the previous interrogatories.**

10. Identify any persons who have a contingent equity or ownership interest in any of the Eber Companies or Alexbay.

<u>Response to No. 10</u>: Defendant Wendy Eber has ownership interest in Eber-Metro. A copy of the Stand-Alone Restricted Stock Award Agreement is included in the Eber Defendants' August 28, 2018 document production marked as EB-00031284—EB-00031305.

DATED: August 28, 2018
Rochester, New York

UNDERBERG & KESSLER LLP

By: *(signature)*
Paul F. Keneally, Esq.
Colin D. Ramsey, Esq.
Attorneys for Eber Defendants
300 Bausch & Lomb Place
Rochester, New York 14604
585-258-2800
cramsey@underbergkessler.com
pkeneally@underbergkessler.com

TO: Brian C. Brook, Esq.
Clinton Brook & Peed
Attorneys for Plaintiffs
101 Hudson Street, Suite 2100
Jersey City, NJ 07302
212-256-1957
brian@clintonbrook.com

4

Robert Calihan, Esq.
Attorney for Defendant
Estate of Elliot W. Gumaer, Jr.
16 West Main Street, Suite 736
Rochester, New York 14614
585-232-5291
rcalihan@calihanlaw.com

# VERIFICATION

STATE OF New York )
COUNTY OF New York ) ss:

**WENDY EBER**, being duly sworn, deposes and says that: she is one of the Defendants in the within action; that deponent has read the foregoing Responses to Plaintiff Lisa Stein's First Set of Interrogatories to Defendant Wendy Eber and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to those matters stated therein to be alleged upon information and belief, and that as to those matters deponent believes it to be true.

_____
Wendy Eber

Sworn to before me this
28 day of August, 2018.

_____
Notary Public

JANERISA ENCARNACION PUJOLS
Notary Public - State of New York
NO. 01EN6347215
Qualified in Bronx County
My Commission Expires Aug 29, 2020