# EXHIBIT F

Exhibit 11

| $1,503,750.00 | **AMENDED AND RESTATED PROMISSORY NOTE** | March 13, 2006 |

This Amended and Restated Promissory Note (this "Note") replaces in its entirety that certain Promissory Note, dated August 15, 2005 (the "Original Note"), made by Eber Bros. Wine and Liquor Corporation payable to the order of Lester Eber in the original principal amount of $1,503,750.00, which such Original Note has been marked "CANCELLED" and returned to Eber Bros. Wine and Liquor Corporation.

FOR VALUE RECEIVED, EBER BROS. WINE AND LIQUOR CORPORATION, a New York corporation with its principal place of business located at 155 Paragon Drive, Rochester, New York 14624 ("Maker"), promises to pay to the order of LESTER EBER, an individual with a mailing address at 15 Coral Way, Rochester, New York 14618 ("Payee"), at such place as shall be designated from time to time in writing by Payee, the principal sum, of One Million, Five Hundred and Three Thousand, Seven Hundred and Fifty and 00/100 Dollars ($1,503,750.00), plus interest thereon at a rate of six percent (6%) per annum, from the date of the Original Note until paid. _L.E. (nine)_ (9%)

THE INDEBTEDNESS EVIDENCED BY THIS INSTRUMENT IS SUBORDINATED TO THE PRIOR PAYMENT IN FULL OF THE OBLIGATIONS (AS DEFINED IN THE SUBORDINATION AGREEMENT HEREINAFTER REFERRED TO) PURSUANT TO, AND TO THE EXTENT PROVIDED IN, THE SUBORDINATION AGREEMENT, DATED AS OF MARCH 13, 2006, MADE BY LESTER EBER AND EBER BROS. WINE AND LIQUOR CORPORATION, IN FAVOR OF THE HOLDERS OF THE SENIOR DEBT REFERRED TO IN SUCH SUBORDINATION AGREEMENT.

No amounts shall be due and owing Payee hereunder until 90 days following the date on which all amounts due and owing the Agent and the Lenders (as such terms are defined in the Subordination Agreement) for the Obligations have been paid in full in cash, all commitments under the Credit Agreement (as such term is defined in the Subordination Agreement) have been terminated and all Letters of Credit (as such term is defined in the Subordination Agreement) have been cancelled or cash collateralized in accordance with the terms of the Credit Agreement. Thereafter, all principal and interest due and owing Payee hereunder shall be paid by Maker upon terms and conditions to be mutually agreed upon by Maker and Payee; provided, however, that Maker shall make payments of interest at least monthly, and all amounts of principal and interest shall be paid in full no later than the tenth anniversary of the date of this Note.

Subject to the foregoing, this Note is pre-payable in whole or in part at any time without any prepayment penalty or premium whatsoever. All prepayments shall be applied first to any accrued and unpaid interest due and owing hereunder and then to the reduction and payment of principal in order of maturity.

Any payment not received within thirty (30) days of the date due shall be subject to an additional late charge equal to two percent (2%) of the payment then due. All payments hereunder shall be made in lawful money of the United States of America in immediately available funds and without presentation of this Note for notation of such payment.

Exhibit 11

This Note shall become immediately due and payable without presentment, demand, protest or other notice of any kind, all of which are hereby expressly waived, upon the occurrence of any of the following events of defaults:

(a) failure of Maker to make any payments when due hereunder;
(b) failure of Maker to pay any other obligation, when due, to Payee;
(c) financial difficulties of Maker as evidenced by (i) any admission in writing of its inability to pay debts as they become due, (ii) the filing of a voluntary or involuntary petition in bankruptcy, or under any chapters of the Bankruptcy Code, or under any federal or state statute providing for the relief of debtors, (iii) the making of an assignment for the benefit of creditors, or (iv) the appointment of a receiver, a custodian or trustee for all or a major part of Maker's property; or
(d) liquidation or dissolution, or sale of all or substantially all of the assets, of Maker.

The terms of this Note cannot be changed, nor may this Note be discharged in whole or in part, except by a writing executed by Payee. In the event that Payee demands or accepts partial payments of this Note, such demand or acceptance shall not be deemed to constitute a waiver of the right to demand the entire unpaid balance of this Note at any time in accordance with the terms hereof. Any delay by Payee in exercising any rights hereunder shall not operate as a waiver of such rights. This Note shall be binding upon Maker and its successors and assigns.

The terms of this Note shall be governed by, construed, interpreted and enforced in accordance with the internal laws of the State of New York.

IN WITNESS WHEREOF, Maker has executed this Note as of the 13th day of March, 2006.

EBER BROS. WINE AND LIQUOR CORPORATION

By: _____
Lester Eber, President

By: _____
John T. Ryan, Chief Financial Officer

ACKNOWLEDGED AND CONSENTED TO:

_____
Lester Eber

2

EB-00031311