# EXHIBIT G

## LINE OF CREDIT NOTE

$1,500,000                                                                October ___, 2009

FOR VALUE RECEIVED, EBER BROS. WINE & LIQUOR METRO, INC., a New York corporation with an address at 155 Paragon Drive, Rochester, New York 14625 ("Maker"), hereby promises to pay to the order of LESTER EBER, an individual with an address at 155 Paragon Drive, Rochester, New York 14625 ("Holder"), the principal sum of ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($1,500,000.00) (the "Maximum Principal Amount") or such lesser or greater amount as may be outstanding hereunder.

1.    Line of Credit.  This Note evidences a revolving line of credit.  Accordingly amounts hereunder may be borrowed, repaid and re-borrowed provided that at no time shall Maker permit the aggregate principal amount of all advances made under this Note to exceed the Maximum Principal Amount.

2.    Interest Rate.  All amounts outstanding under this Note shall bear interest at a rate equal to twelve and one half percent (12.5%) per annum.  Upon the occurrence of an Event of Default (whether or not the Holder has accelerated payment of the outstanding balance due hereunder), or after maturity or after judgment has been rendered with respect to the obligations hereunder, the unpaid principal balance, at the option of Holder, shall bear interest at a rate equal to fifteen percent (15%).  The right of the Holder to receive such increased rate of interest shall not constitute a waiver of any other right or remedy of the Holder.  All interest shall be calculated based on 360 day year and the actual number of days elapsed.

3.    Payments.  Accrued interest will be due and payable in arrears on December 1, 2009 and on the first day of each March, June, September and December thereafter (each an "Interest Payment Date") and on the Maturity Date, as hereinafter defined.  Notwithstanding the foregoing, on each Interest Payment Date, at the request of Maker all or such portion of the interest then due and owing specified by Maker shall be added to the principal amount hereof instead of paying such interest in cash, whereupon such amount will bear interest at rate per annum specified herein.  Maker hereby agrees, upon the request of Holder, to amend this Note or execute one or more new notes in the form hereof to reflect any increase in the principal sum hereof resulting from the addition of the accrued interest to the principal; provided, however that the failure to so amend this Note or to enter into one or more new notes shall not relieve Maker of its obligation to pay such accrued interest in accordance with the terms hereof.  All amounts remaining outstanding hereunder, including all principal and interest, shall become due and payable in full on December 31, 2011 (the "Maturity Date").

4.    Late Charge.  If the entire amount of any required payment is not paid in full within five (5) days after the same is due, the Maker shall pay to Holder a late fee equal to two percent (2%) of the amount of the payment that remains unpaid.

5.    Prepayment.  Maker shall have the option of paying the amounts outstanding under this Note to Holder, in full or part, at any time and from time to time without any premium or penalty.

134782 1237719.1

EB-00025480

6. Request for Advances; Discretionary Facility. At any time and from time to time Maker may make a request for a loan that specifies (a) the amount requested as the principal amount of such loan and (b) the business day of Holder on which such loan is requested to be made which shall not be less than three (3) days from the date of such notice. The decision whether to honor such loan request and make such loan shall be in the sole discretion of Holder. Holder may treat as made by Maker and rely upon, and Maker shall be bound by, any loan request that Holder in good faith believes to be valid and to have been made in the name or on behalf of Maker by any officer of Maker, and Holder shall not incur any liability to Maker or any other person as a direct or indirect result of honoring such loan request and making such loan.

7. Events of Default/Remedies. At the option of Holder, all amounts outstanding under this Note shall become immediately due and payable in full, without further presentment, protest, notice, or demand, upon the happening of any Event of Default. Upon the occurrence of an Event of Default, Holder shall be entitled to exercise any legal or equitable right which he or it may have, and may proceed to protect and enforce its rights by any other appropriate proceedings. The following events shall constitute "Events of Default" under this Note:

a. *Nonpayment.* Failure of Maker to make any payment of any type within fifteen (15) days after the same becomes due and payable.

b. *Financial Difficulties.* Financial difficulties of Maker as evidenced by:

   i. the filing of a voluntary or involuntary petition in bankruptcy, or under any chapters of the Bankruptcy Code, or under any federal or state statute providing for the relief of debtors;

   ii. making an assignment for the benefit of creditors;

   iii. consenting to the appointment of a trustee or receiver for all or a major part of any of Maker's property;

   iv. the entry of a court order appointing a receiver or a trustee for all or a major part of Maker's property; or

   v. the admission by Maker in writing of the Maker's inability to pay its debts as they become due.

c. *Change of Control.* Maker enters into any agreement pursuant to which Maker will sell all or substantially all of the assets of Maker, or upon the closing of any transaction or series of related transactions in which more than fifty percent (50%) of the issued and outstanding shares of capital stock of the Maker are issued to, or acquired by, any one or more persons or entities who are not shareholders of the Maker as of the date of this Note.

d. *Cease Operations.* Maker ceases all ongoing business operations.

e. *Sale of Eber-Connecticut, LLC.* Eber-Connecticut, LLC ("Eber-CT")

134782 1237719.1

2

EB-00025481

enters into any agreement pursuant to which Eber-CT will sell all or substantially all of the assets of Eber-CT, or upon the closing of any transaction or series of related transactions in which more than fifty percent (50%) of the issued and outstanding units of membership interest of the Maker are issued to, or acquired by, any one or more persons or entities who are not controlled by or under common control with the Maker.

8.   Expenses. Maker shall pay to Holder all amounts incurred by Holder, including without limitation attorneys' fees and disbursements, in order to collect any amount due under this Note, to negotiate or document a workout or restructuring, or to preserve its rights hereunder, whether or not any legal proceeding ins commenced.

9.   Holder's Records Conclusive. Holder shall maintain a record of the date and original principal amount of each advance made by him hereunder and the date and amount of each payment to be applied to the outstanding principal amount of this Note. Such records shall be conclusive evidence of the outstanding principal amount under this Note and of all advances hereunder, absent manifest error. No failure by Holder to make any such annotation in its records shall affect Maker's obligation to pay the principal and interest of each advance or any other obligation of Maker hereunder.

10.   Subordination. All amounts outstanding under this Note are subordinate to any and all amounts owed by the Maker to The Canandaigua National Bank and Trust Company.

11.   Miscellaneous. The terms of this Note cannot be changed, nor may this Note be discharged in whole or in part, except by a writing executed by Holder. No delay or omission by Holder in exercising any rights hereunder shall operate as a waiver of such rights. This Note shall be governed by and construed under the laws of the State of New York.

IN WITNESS WHEREOF, Maker has duly executed this Note as of the day and year first above written.

EBER BROS. WINE & LIQUOR METRO, INC.

By: _____
Lester Eber, Chief Executive Officer

By: _____
Wendy Eber, Chief Financial Officer

Accepted:

_____
Lester Eber

134762 1237719.1

3

EB-00025482