EXHIBIT J

## DEBT ASSUMPTION AGREEMENT

THIS DEBT ASSUMPTION AGREEMENT (this "Agreement") is made as of the 11th day of February, 2011, by and among EBER BROS. WINE AND LIQUOR CORPORATION ("EWLC"), EBER BROS. WINE AND LIQUOR METRO, INC. ("Metro"), and LESTER EBER ("Holder").

### RECITALS:

WHEREAS, Holder made a loan to EWLC (the "EWLC Loan") evidenced by that certain Amended and Restated Promissory Note dated March 13, 2006, in the original principal amount of $1,503,750.00 (the "EWLC Note"); and

WHEREAS, as of the date hereof, the remaining principal balance of the EWLC Loan is $1,434,710.68, plus accrued and unpaid interest; and

WHEREAS, upon the terms and conditions set forth herein, Metro has agreed to assume the outstanding principal and interest of the EWLC Loan and all other liabilities and obligations in respect thereof (the "Assumption"), and Holder has agreed to fully release EWLC from its obligations under the EWLC Note; and

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties do hereby agree as follows:

1.     Acknowledgment.  Each of EWLC, Metro and Holder agree that the unpaid principal balance of the EWLC Loan is, as of the date hereof, One Million Four Hundred Thirty-Four Thousand Seven Hundred Ten and 68/100 Dollars ($1,434,710.68), plus accrued and unpaid interest.

2.     Assumption.  EWLC hereby irrevocably assigns to Metro all of EWLC's obligations to pay principal, interest and other obligations and liabilities in respect of the EWLC Loan. Metro hereby irrevocably assumes all of EWLC's obligations to pay principal, interest and other obligations and liabilities in respect of the EWLC Loan, and Metro agrees to be bound by the terms of the EWLC Note as if it were the "Maker" thereunder and promises to pay the obligations evidenced thereby in accordance with the terms thereof. Holder hereby consents to such assignment by EWLC and assumption by Metro. At any time on or after the date hereof, Holder may require Metro to issue a replacement note to Holder, in replacement of the EWLC Note, which replacement note shall be acceptable to Holder.

3.     Conditions; Advance.  Holder's obligation to consent to the Assumption is conditioned upon Holder's receipt of an amended and restated security agreement (the "Security Agreement"), in form and substance acceptable to Holder, which amends and restates the Security Agreement dated February 26, 2010, made by EWLC and Metro in favor of Holder (which for the avoidance of doubt shall continue to include a grant of a security interest in and pledge of all limited liability company interests or other equity interests in Eber-Connecticut, LLC). In connection with and in reliance upon Holder's receipt of executed copies of this

--#4843-8253-1000 v.1--

EB-00025476

Agreement and the Security Agreement, Holder shall make an advance of funds to Metro in the amount of $100,000, which advance shall be pursuant to the terms of and evidenced by that certain Line of Credit Note dated February 26, 2010, made by Metro in favor of Holder in the stated principal amount of $1,500,000.

4.   Release; Continuation.

a.   Upon the effectiveness of this Agreement, Holder hereby releases EWLC from any and all obligations and liabilities (the "Assumed Liabilities") under the EWLC Note.

b.   Upon the effectiveness of this Agreement, all obligations of BWLC to pay the Assumed Liabilities shall continue as obligations of Metro under the EWLC Note.

5.   No Novation. Each of the parties hereto hereby agrees and intends that this Agreement shall not create, result in or evidence a novation of any of the Assumed Liabilities, the EWLC Loan or the EWLC Note.

6.   Successors and Assigns. This Agreement shall bind and inure to the benefit of the parties hereto and their heirs, personal representatives, successors, and assigns.

7.   Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of law principals.

8.   Counterparts. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

~#{843}-8258-1000 v.1~

EB-00025477

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be signed and sealed as of the date first above written.

EBER BROS. WINE AND LIQUOR CORPORATION

By: _____
Name: Wendy Eber
Title: CFO

EBER BROS. WINE & LIQUOR METRO, INC.

By: _____
Name: Wendy Eber
Title: CFO

_____
Name: Lester Eber

#4843-3258-1000 v.1–

EB-00025478

Exhibit 12

## AMENDED AND RESTATED
## PROMISSORY NOTE

$575,895.00                                                      _March 13_ , 2006

 This Amended and Restated Promissory Note (this "Note") replaces in its entirety that certain Promissory Note, dated October 1, 2002 (the "Original Note"), made by Eber Bros. Wine and Liquor Corporation payable to the order of Lester Eber in the original principal amount of $575,895.00, which such Original Note has been marked "CANCELLED" and returned to Eber Bros. Wine and Liquor Corporation.

 FOR VALUE RECEIVED, EBER BROS. WINE AND LIQUOR CORPORATION, a New York corporation with its principal place of business located at 155 Paragon Drive, Rochester, New York 14624 ("Maker"), promises to pay to the order of LESTER EBER, an individual with a mailing address at 15 Coral Way, Rochester, New York 14618 ("Payee"), at such place as shall be designated from time to time in writing by Payee, the principal sum of Five Hundred Seventy-Five Thousand Eight Hundred Ninety-Five and 00/100 Dollars ($575,895.00), plus interest thereon at a rate of six percent (6%) per annum, from the date of the Original Note until paid.

 THE INDEBTEDNESS EVIDENCED BY THIS INSTRUMENT IS SUBORDINATED TO THE PRIOR PAYMENT IN FULL OF THE OBLIGATIONS (AS DEFINED IN THE SUBORDINATION AGREEMENT HEREINAFTER REFERRED TO) PURSUANT TO, AND TO THE EXTENT PROVIDED IN, THE SUBORDINATION AGREEMENT, DATED AS OF  _MARCH 13_ , 2006, MADE BY LESTER EBER AND EBER BROS. WINE AND LIQUOR CORPORATION, IN FAVOR OF THE HOLDERS OF THE SENIOR DEBT REFERRED TO IN SUCH SUBORDINATION AGREEMENT.

 No amounts shall be due and owing Payee hereunder until ninety (90) days following the date on which all amounts due and owing the Agent and the Lenders (as such terms are defined in the Subordination Agreement) for the Obligations have been paid in full in cash, all commitments under the Credit Agreement (as such term is defined in the Subordination Agreement) have been terminated and all Letters of Credit (as such term is defined in the Subordination Agreement) have been cancelled or cash collateralized in accordance with the terms of the Credit Agreement. Thereafter, all principal and interest due and owing Payee hereunder shall be paid by Maker upon terms and conditions to be mutually agreed upon by Maker and Payee; provided, however, that Maker shall make payments of interest at least monthly, and all amounts of principal and interest shall be paid in full no later than the tenth anniversary of the date of this Note.

 Subject to the foregoing, this Note is prepayable in whole or in part at any time without any prepayment penalty or premium whatsoever. All prepayments shall be applied first to any accrued and unpaid interest due and owing hereunder and then to the reduction and payment of principal in order of maturity.

 Any payment not received within thirty (30) days of the date due shall be subject to an additional late charge equal to two percent (2%) of the payment then due. All payments hereunder shall be made in lawful money of the United States of America in immediately available funds and without presentation of this Note for notation of such payment.

134782 47483.3

EB-00031306

Exhibit 12

This Note shall become immediately due and payable without presentment, demand, protest or other notice of any kind, all of which are hereby expressly waived, upon the occurrence of any of the following events of default:

(a)    failure of Maker to make any payment when due hereunder;

(b)    failure of Maker to pay any other obligation, when due, to Payee;

(c)    financial difficulties of Maker as evidenced by (i) any admission in writing of its inability to pay debts as they become due, (ii) the filing of a voluntary or involuntary petition in bankruptcy, or under any chapters of the Bankruptcy Code, or under any federal or state statute providing for the relief of debtors, (iii) the making of an assignment for the benefit of creditors, or (iv) the appointment of a receiver, custodian or trustee for all or a major part of Maker's property; or

(d)    liquidation or dissolution, or sale of all or substantially all of the assets, of Maker.

Maker shall pay all expenses incurred by Payee in enforcing the terms of this Note or the collection of the debt evidenced hereby including, without limitation, court costs and reasonable attorneys' fees, whether or not legal action is commenced against Maker.

The terms of this Note cannot be changed, nor may this Note be discharged in whole or in part, except by a writing executed by Payee. In the event that Payee demands or accepts partial payments of this Note, such demand or acceptance shall not be deemed to constitute a waiver of the right to demand the entire unpaid balance of this Note at any time in accordance with the terms hereof. Any delay by Payee in exercising any rights hereunder shall not operate as a waiver of such rights. This Note shall be binding upon Maker and its successors and assigns.

The terms of this Note shall be governed by, construed, interpreted and enforced in accordance with the internal laws of the State of New York.

IN WITNESS WHEREOF, Maker has executed this Note as of the 13th day of March, 2006.

EBER BROS. WINE AND
LIQUOR CORPORATION

By:    _____
        Lester Eber, President

By:    _____
        John T. Ryan, Chief
        Financial Officer

ACKNOWLEDGED AND
CONSENT TO:

_____
Lester Eber

2

EB-00031307