**CLINTON BROOK & PEED**
—— NEW YORK | NEW JERSEY | WASHINGTON DC ——

**BRIAN C. BROOK**
BRIAN@CLINTONBROOK.COM

100 CHURCH STREET
8TH FLOOR
NEW YORK, NY 10007
TEL: (212) 256-1957

December 3, 2018

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re:   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
      **Response to Defendants' Request for Conference to Adjourn Depositions**

Dear Judge Parker,

Just 40 minutes ago, counsel for the Ebers filed a letter requesting to adjourn the depositions of Plaintiffs, which have been scheduled for December 19 and 20 for over a month. Plaintiffs' claims are overwhelmingly derivative, and thus the scope of their depositions is inherently narrow in a case of this nature. Moreover, Plaintiffs have already incurred non-refundable travel costs to come to New York for the scheduled deposition dates.

In their letter, defense counsel states that I "refused" the request and am "unwilling to await a decision on [my] motion." Keneally Ltr. 2. He omits to mention that when I refused the adjournment request, I said that I would reconsider if they could articulate anything concrete that they would have to ask if the Third Amended Complaint were accepted that they would not have to ask about anyway. *See* Ex. A (attached) ("If you can explain in some kind of substantive manner which new allegations you oppose that you believe would significantly affect Plaintiffs' depositions, we will reconsider your request.").

In their request to this Court, defense counsel still fails to identify even one specific allegation that is unanticipated and that would significantly affect the scope of Plaintiffs' depositions.

Instead, they make a generalized complaint. The problem with that generalized approach is that, as we explain in our brief, the Third Amended Complaint raises very little that is not already within the scope of discovery on the Second Amended Complaint. Pls. Br. at 8-9, ECF No. 165 (identifying how the facts supporting new claims are intertwined with current claims). The only significant additions to the complaint that are not intertwined with the current complaint involve the corporate governance matter that was discussed at the last conference. But that cannot be a basis to support an adjournment request now since Defendants have known that those new allegations would be part of the proposed Third Amended Complaint for nearly a month.

Finally, it is worth noting that Plaintiffs disagree that there has been no delay by Defendants. They have repeatedly delayed various matters in discovery. We will not go through the litany of instances now, but one recent example is defense counsel's failure to comply with the Court's directive to produce information concerning the equity interests in the Eber Companies. *See* Nov.

December 3, 2018                                                                                            CLINTON BROOK & PEED
Page 2

7, 2018 Order at 1, ECF No. 146 ("Defendants are directed to provide Plaintiffs with clarification as to (1) the identities of all persons who currently hold any kind of equity or ownership interest in any of the Eber Companies or Alexbay, LLC; and (2) the type and amount of each such equity interest as well as the percentage of total voting power within each company held by each person."). Despite repeated requests for Defendants to provide everything they agreed to provide, Defendants have inexplicably failed to comply with this Court's Order.

We thank the Court for its attention to this matter.

Respectfully submitted,

Brian C. Brook

cc:    Robert B. Calihan, Esq.
        Paul F. Keneally, Esq.

# Exhibit A

# Kleeberg Plaintiffs Depositions

**Brian C. Brook**

Mon 12/3/2018 12:46 PM

To: Keneally, Paul F. <pkeneally@underbergkessler.com>; Ramsey, Colin D. <cramsey@underbergkessler.com>;

Cc: Daryoush Behbood <Daryoush@clintonbrook.com>;

Paul and Colin,

Daryoush forwarded me your email requesting an adjournment of Plaintiffs' depositions. We do not agree to postpone the depositions, which have been scheduled for weeks. Our clients have already incurred the costs of non-refundable airfare. In any event, because Plaintiffs had no involvement in most of the new allegations, I don't see how it will meaningfully affect the scope of Plaintiffs' depositions. I am fairly certain that the only allegations involving Plaintiffs concern the recent request for a shareholder meeting, and I don't think that asking whatever questions you may have about that now would be as big of an inconvenience as changing everyone's travel plans.

If you can explain in some kind of substantive manner which new allegations you oppose that you believe would significantly affect Plaintiffs' depositions, we will reconsider your request.

If you wish to discuss this by phone, please call me directly to discuss.

Regards,

Brian Brook
(212) 256-1957