UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

                Plaintiffs,

    v.

                            Civil Action No. 16-CV-9517(LAK)(KHP)

LESTER EBER,
ALEXBAY, LLC f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK AND TRUST,
ELLIOT W. GUMAER, JR.,
EBER BROS. & CO, INC.,
EBER BROS. WINE AND LIQUOR CORP.,
EBER BROS. WINE & LIQUOR METRO, INC.,
EBER CONNECTICUT, LLC, and
WENDY EBER,

                Defendants.
_____

---

**EBER DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' THIRD
MOTION TO AMEND THEIR COMPLAINT**

---

                                      UNDERBERG & KESSLER LLP
                                      *Attorneys for Eber Defendants*
                                      300 Bausch & Lomb Place
                                      Rochester, New York 14604
                                      (585) 258-2882

Paul F. Keneally, Esq.,
Colin D. Ramsey, Esq.,
Of Counsel

**PRELIMINARY STATEMENT**

Defendants, Lester Eber, Alexbay LLC f/k/a Lester Eber, LLC, Eber Bros. & Co., Inc., Eber Bros. Wine and Liquor Corp., Eber Bros. Wine & Liquor Metro, Inc., Eber Connecticut, LLC, and Wendy Eber (collectively "Eber Defendants") submit this Memorandum in opposition to the motion of Plaintiffs for leave to file a Third Amended Complaint ("TAC").

As set forth below, Plaintiffs have already amended their original Complaint on two (2) occasions, and permitting additional amendments at this late stage of discovery will be highly prejudicial to the Eber Defendants. Plaintiffs' proposed TAC is a wholesale departure from their Second Amended Complaint, containing a plethora of new allegations and theories of liability against the various Eber Defendants.

Contrary to Plaintiffs' contentions, most of the new allegations and theories could have been set forth far earlier in this litigation. Had Plaintiffs done so, and subsequently sought a further amendment based upon additional discovery received from Defendants, the request for an additional amendment would likely have been appropriate. However, that is simply not what has occurred in this instance. Rather, Plaintiffs are asserting wholly new allegations and causes of action – many based upon old and completely unrelated corporate transactions. Plaintiffs' motion should be denied.

**ARGUMENT**

**POINT I**

I.  **Plaintiffs' Serial Amendments Compromise Judicial Economy and Prejudice Defendants with an Ever-Changing Litigation Landscape**

A district court may deny a movant's motion to amend the complaint if movant has occupied the court with previously granted motions for amendment. "[A] busy district need not allow itself to be imposed upon by the presentation of theories seriatim." *McClean v. Cty. of Westchester*, 2018 U.S. Dist. LEXIS 204269 at *65 (S.D.N.Y. 2018), quoting *NCUA Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018). The *McClean* court articulates that a movant who has moved successfully even once before bears a presumption against his right to seek amendment of the complaint again. *See McClean*, 2018 U.S. Dist. LEXIS 204269 at *64.

A "fail[ure] to take advantage of previous opportunities to amend the complaint is a[] factor which weighs against granting leave to amend yet again." *Prince v. Suffolk County Dep't of Health Servs.*, 1995 U.S. Dist. LEXIS 4206 at *21 (S.D.N.Y. 1995), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). This presumption weighs heavier if the newly sought amendments do not specifically relate to elements of the original complaint in a manner that has provided the opponent of the motion adequate notice of the underlying legal and factual bases of the now sought amendments. *See Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985); *See Prince*, 1995 U.S. Dist. LEXIS 4206 at *25; *See Assam v. Deer Park Spring Water*, 163 F.R.D. 400, 408 (E.D.N.Y. 1995). A district court generally will disallow a serial amendment that "materially alters the nature of the action" because such a supplement prejudicially presents the opponent with an "unfair surprise." *Assam*, 163 F.R.D. at 408.

3

The Second Circuit will not afford a serial movant "the privilege of re-shaping [his] legal theory endlessly." *Morency v. NYU Hosps. Ctr.*, 728 Fed. Appx. 75, 76 (2d Cir. 2018), citing *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 953 (S.D.N.Y. 1983).  A serial amendment facially must cure or suggest facts that cure all deficiencies of prior renditions of the complaint, or the request to amend will be denied.  A movant who has exercised prior opportunities to finalize the legal theories and factual bases against which an opponent must defend inclines a district court to deny the privilege of subsequent amendment(s).  *See McClean*, 2018 U.S. Dist. LEXIS 204269 at *65-66.

In addition, a movant must excuse and substantiate any delay in seeking amendment of the complaint.  *See Prince*, 1995 U.S. Dist. LEXIS 4206 at *13-14; *See Assam*, 163 F.R.D. at 406-07.  A court's permissiveness recedes when a movant delays in advancing arguments in an amendment that relate to a "different legal basis," "new operative facts," or "different period of time."  *Ansam*, 760 F.2d at 446.

A court will deny such amendments because their late inclusion prejudices the opponent with late notice and risks inviting the need for additional discovery. "When permitting the amendment would require extensive preparation and consume extensive amounts of trial time to the detriment of a speedy resolution of the case, the amendment should be denied." *Assam*, 163 F.R.D. at 404.

Here, Plaintiffs' motion for permission to file a TAC should be denied.  Plaintiffs have already amended the Complaint twice, and could have included many of the same arguments and legal theories contained in the proposed TAC.  Contrary to Plaintiffs' assertions, the proposed TAC is not intended merely to ensure a "comprehensive

resolution and ultimately an effective judicial remedy" (*See* Plaintiffs' MOL at p.1). Rather, it seeks to assert wholly new causes of action and legal theories.

More specifically, the proposed TAC seeks to add arguments and elements that do not specifically relate to those of the original complaint. The TAC balloons to 347 paragraphs and eight (8) causes of action, whereas the Second Amended Complaint was 175 paragraphs and contained four (4) causes of action. The new causes of action, sounding in violations of the Business Corporation Law ("BCL"), the faithless servant doctrine, as well as seeking a declaratory judgment on certain actions taken, or to be taken, by the parties, fundamentally alters both the theories of liability and the relief sought. Put simply, Plaintiffs are attempting to dramatically alter the breadth and scope of this litigation at the 11th hour of discovery.

Moreover, it is disingenuous for Plaintiffs to blithely and summarily conclude that the proposed TAC will not necessitate an expansion of discovery. Quite to the contrary, the additional claims will require lengthier depositions, unanticipated depositions, and potentially additional document discovery.

Further, contrary to Plaintiffs' contentions, they have known (or should have known) about most of the legal and factual contentions introduced in the proposed TAC. Plaintiffs allege that any delay was precipitated by insufficient discovery response provided by the Eber Defendants – this is simply false. Plaintiffs fail to justify how any alleged discovery deficiencies resulted in a delay in pursuing new legal theories and allegations. Plaintiffs' failure to substantiate their delay in this regard is fatal to the present motion.

Permitting the proposed TAC will require the Eber Defendants to engage in extensive preparation to adjust the new allegations made at this late hour.  Both Plaintiffs and Defendants have invested considerable time and effort in developing their respective cases based upon the previous iterations of the Complaint.  The ever-expanding terrain of this case will require additional discovery beyond that already anticipated if the Court permits the TAC.  Plaintiffs' motion should be denied.

## II. Applicable Statutes of Limitation Bar Plaintiffs' Allegations Which Precipitates Denial of Amendment for Futility

In addition to presenting Defendants with an ever-changing landscape of allegations, Plaintiffs' proposed TAC also contains many time-barred claims.  It is judicial waste when a movant seeks to incorporate futile allegations in an amended complaint.  A district court will deny a motion to amend the complaint when futility eviscerates the movant's ability to succeed on the merits. *See Foman*, 371 U.S. at 182; *See Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009).  If a court recognizes that an amendment will result in a successful Rule 12 (b) (6) motion – including for an expired statute of limitations – the court should deny the amendment.  *See Grace v. Rosenstock*, 228 F.3d 40, 54 (2d Cir. 2000); *See Prince*, 1995 U.S. Dist. LEXIS 4206 at *22, *27.

It is well established that a claim for breach of fiduciary duty must have occurred within six years from a plaintiff's commencement of the action. *See* N.Y. C.P.L.R. § 213 (1), (7), (8).  The statute of limitations for a cause of action for conversion is three years. *See* N.Y. C.P.L.R. § 214 (3).

While a court has some discretion in permitting a time-barred claim for reasons of equity, a plaintiff who presents no facts for the court's equitable consideration will see his motion to amend denied.  A plaintiff bears the burden of establishing equitable tolling, and

a defendant must have engaged in affirmative wrongdoing for the purpose of delaying the plaintiff's commencement of an action. *See Willensky v. Lederman*, 2015 U.S. Dist. LEXIS at *21-22, *26-29, *34-35, *38 (S.D.N.Y. 2015). A plaintiff's burden is proving that "specific actions by [a] defendant[] somehow kept [the plaintiff] from timely bringing suit." *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006).

A fiduciary plaintiff must illustrate his reasonable and due diligence in acting, investigating, and discovering a defendant's misconduct before a court will permit that plaintiff's reliance on equitable tolling. *See Lederman*, 2015 U.S. Dist. LEXIS at *16-17, *22. A passive fiduciary cannot rely upon later discovery of facts that he wishes to incorporate into a claim unless he establishes that he has exercised due diligence in efforts toward timely discovering those facts. A fiduciary plaintiff has "a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the [s]tatute of [l]imitations." *Lederman*, 2015 U.S. Dist. LEXIS 8632 at *35, quoting *Keselman v. Webber*, 56 A.D.3d 728, 868 (N.Y. App. Div. 2008). A plaintiff who fails to establish his diligent investigative efforts will not benefit from equitable tolling because he has ignored his fiduciary responsibility.

Again, a plaintiff must commence an action within six years for a claim for breach of fiduciary duty or three years for a claim for conversion from the moment he has become or should have become aware that he suffers any injury related to misconduct. Otherwise, a plaintiff may not rely upon those facts to prosecute a claim later because a court will not allow a plaintiff to sit idly while damages mount or a plaintiff discovers additional damages. *See Lederman*, 2015 U.S. Dist. LEXIS 8632 at *38.

The futility of the new causes of action in the proposed TAC warrants denial of Plaintiffs' motion.  Plaintiffs commenced this action in December 2016.  Accordingly, this Court is deprived of subject-matter jurisdiction to consider facts for a claim for breach of fiduciary duty based upon events occurring before December 2010.  Similarly, the Court may not consider arguments related to events before December 2013 on any theory of conversion.

Plaintiffs do not demonstrate their entitlement to equitable tolling.  They do not assert that Defendants engaged in conduct either dissuading or preventing them from commencing a timely action. They never particularize even implied misrepresentations to an affirmative act of Defendants that may have delayed Plaintiffs' resort to suit.  *See* proposed TAC at 158 (b), 334.

Plaintiffs admit that they never engaged in diligent oversight or inquiry into Defendants' decision-making and management. Plaintiffs describe themselves as "passive" in their duties with respect to the Trust, Eber Bros. and Co., and Eber Bros. Wine and Liquor Corp.  *See* proposed TAC at 319.  Plaintiffs never even establish when they discovered any alleged misconduct, or explain how they have engaged in reasonable and due diligence to evaluate the business decisions and transactions for which they now seek relief.

Further, Plaintiffs may not excuse their apparent lack of diligence based upon discovery of allegedly more extensive damages.  A miscalculation of the extent of alleged damages does not allow Plaintiffs to rely upon equitable tolling to extend the statute of limitations.

The Court lacks subject-matter jurisdiction to permit claim based events that occurred before December 2010 to substantiate their claims for breach of fiduciary duty. Counts I, II, III, IV, V, and VII of the proposed TAC rely to varying degrees upon theories of breach of fiduciary duty. Count I invokes events from 2007, 2009, and 2010. Count II relies upon facts from 2005, 2007, and 2010. The proposed TAC also demands relief for conduct as far back as 2001.

Plaintiffs also rely on untimely theories of conversion and unjust enrichment. *See* proposed TAC at 90, 92, 190-91. Again, facts prior to December 2013 may not bolster Plaintiffs' arguments related to conversion.

The futility of Plaintiffs' proposed amendments provide a separate basis to deny their motion.

### III.   Plaintiffs Fail to Establish the Requisite Relationship or Compensation to Support a Faithless Servant Cause of Action

The faithless servant doctrine requires a plaintiff to establish that a defendant has acted unfaithfully in a specific instance when plaintiff's and defendant's employer-employee relationship required defendant to act differently. *See Carco*, 718 F.3d at 84-85; *See Leighton v. Poltorak*, 2018 U.S. Dist. LEXIS 87007 at *18-19 (S.D.N.Y. 2018).

The doctrine requires a plaintiff to establish that the defendant was plaintiff's employee – and received compensation for such employment – before the plaintiff may even sustain an allegation premised on the faithless servant doctrine. To that end, contract that creates an employer-employee relationship between the plaintiff and defendant serves as a threshold. The defendant must have executed a "contract of service" with the plaintiff. *Carco Group, Inc. v. Maconachy*, 718 F.3d 72, 85 (2d Cir. 2013), quoting *Turner v. Kouwenhoven*, 100 N.Y. 115, 120 (1885).

9

Further, a plaintiff who seeks incorporation of a faithless servant argument in a derivative suit carries a heavier burden. Such a plaintiff must establish that the fellow shareholder or officer from whom he demands relief should have acted as a quasi-employee of a plaintiff in the specific moment of any alleged disloyal conduct. *See Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 200 (2d Cir. 2003). No assumed right exists for a plaintiff to append arguments under the faithless-servant doctrine to his other derivative claims to augment the relief that he seeks.

Plaintiffs do not assert that Defendants were Plaintiffs' employees, nor contend that Defendants received compensation from Plaintiffs. This alone renders any faithless servant claim defective. Similarly, Plaintiffs fail to demonstrate (or even allege) that Defendants somehow assumed the role of Plaintiffs' quasi-employees to justify inclusion of a faithless servant cause of action in their derivative suit.

Plaintiffs invoke the faithless servant doctrine as the foundation of Count II. *See* Third Amended Complaint at 241, 246, 247, 248, 257, 259, 347 (l). In fact, much of the proposed TAC concerns itself with the compensation that Defendants may have received from sources other than Plaintiffs. *See* Third Amended Complaint at 347 (n), 347 (o). Once again, the futility of such claims mandates denial of the motion.

### IV. Plaintiffs Fail to Establish the Elements for Fraudulent Concealment Which Renders All Related Allegations Futile

Fraudulent concealment is a mechanism for tolling when a fiduciary actively engages in a course of action to prevent a beneficiary's discovery of that fiduciary's breach of a duty. A plaintiff may rely upon fraudulent concealment only if he establishes that (1) his fiduciary has improperly concealed actions from the plaintiff, (2) the fiduciary's concealment has prevented the plaintiff's earlier discovery of the breach, and (3) the

10

plaintiff has exercised due diligence in attempting to discover any breach. Fraudulent concealment requires a plaintiff to commence his action within four years after the discovery of the once-concealed breach. *See New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083-84 (2d Cir. 1988); *See Butala v. Agashiwala*, 916 F. Supp. 314, 319 (S.D.N.Y. 1996); *See Chubb & Son, Inc. v. Kelleher*, 1998 U.S. Dist. LEXIS 22542 at *19-21 (E.D.N.Y. 1998).

Plaintiffs fail to plead facts sufficient to sustain a cause of action for fraudulent concealment, thus rendering futile arguments in Counts VI and VII in the proposed TAC. Plaintiffs never establish any of the three elements for fraudulent concealment. In fact, Plaintiffs never allege that Defendants concealed any of their actions from Plaintiffs. Plaintiffs offer only that Defendants failed to disclose or withheld information. Assuming, *arguendo*, that such allegations are true, neither failure to disclose nor withholding information implicates Defendants in active concealment. *See* proposed TAC at 320-23, 325-26, 333-35. In fact, there is no requirement that shareholders or trust beneficiaries be provided notice of a UCC Article 9 foreclosure.

Plaintiffs admit their role within Eber Bros. and Co., and EBWLC were "as Trust beneficiaries and as passive beneficial shareholders in EB&C (and beneficial owners of EBWLC), [and] relied on Lester and Gumaer to manage the Trust and [] business affairs." *See* proposed TAC at 319. Plaintiffs describe their role as "passive" parties who "relied on" Defendants rather than exercise due diligence in the discovery of any potential breach or mismanagement of the Trust and corporate entities. Put another way, Plaintiffs exercised no due diligence in discovering any potential breach.

Plaintiffs allege that they "finally learned about the 2012 Transfer through their own research." *See* proposed TAC at 12. Even if true – which is questionable – it is insufficient. First, such an assertion relates only to one transaction put at issue by Plaintiffs. They may not invoke a fraudulent-concealment theory to avoid the statute of limitations for other arguments and claims. Second, fraudulent concealment cannot relate to facts surrounding the 2012 Transfer because Plaintiffs fail to establish that Defendants concealed the transfer from Plaintiffs, or that concealment prevented Plaintiffs' discovery of the transfer.

The six-year statute of limitations must apply because Plaintiffs fail to establish entitlement to the equitable tolling on a theory of fraudulent concealment. Plaintiffs commenced this action in December 2016. The statute of limitations for any cause of action involving alleged fraudulent concealment or supporting facts to those allegations before December 2010 expired long before Plaintiffs commenced this action.

### V. Plaintiffs Impermissibly Seek a Surcharge for Actions Not Subject to Such Equitable Relief as a Means of Seeking Punitive Damages

A court may not impose a surcharge when a party demands such relief for alleged malfeasance unrelated to a trust's investment opportunity or as a substitute for punitive damages. A surcharge is an instrument only to repay money owed or counteract unjust enrichment related to a trust and an investment opportunity. *Lightbox Ventures, LLC v 3rd Home Ltd.*, 2018 U.S. Dist. LEXIS 63485 (S.D.N.Y. 2018).

A surcharge relates only to a theory of a beneficiary's entitlement to a trustee's repayment of money owed after a breach of the trustee's fiduciary duty, or to undo prior unjust enrichment related to an investment duty for the trust. However, a surcharge may compensate only a loss related to a trustee, trust, and investment opportunity.

"Surcharge is an equitable remedy available when a trust beneficiary prevails in a suit against a trustee for the breach of an investment duty related to the trust." *Id.* at *35.

Plaintiffs demand a surcharge as equitable compensation for purported breaches of fiduciary duties that neither involve Defendants as trustees, nor relate to a particularized investment opportunity for the Trust. Rather, it is expressly sought as a substitute for punitive damages. *See* proposed TAC at 16, 189, 239, 347 (p), 347 (q). Plaintiffs seek a surcharge "against Lester, Wendy, and Gumaer's Estate, for their breaches of duties as corporate officers and directors." *Id.* at 347 (p). However, a surcharge against Defendants in their capacities as corporate officers is impermissible.

Plaintiffs also fail to particularize what investment opportunity or duty they allege that Defendants have squandered. *See* proposed TAC at 189, 239, 347 (p), 347 (q). Plaintiffs may not receive a surcharge unless they can establish a breach by Defendants relating to a specific investment opportunity.

Plaintiffs characterize their intention in seeking a surcharge as one "both to punish [Defendants'] wrongdoing and to deter others." *See* proposed TAC at 16. Again, it is impermissible to grant a surcharge as an alternate or supplement to punitive damages. Put simply, Plaintiffs are not entitled to a surcharge, and it is yet another futile argument contained in the proposed TAC, mandating denial of the motion.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' motion for leave to file the proposed Third Amended Complaint should be denied.

DATED:   December 14, 2018
           Rochester, New York

                                                  UNDERBERG & KESSLER LLP

                                                  */s/ Paul F. Keneally, Esq.*
                                                  Paul F. Keneally, Esq., Of Counsel
                                                  Colin D. Ramsey, Esq., Of Counsel
                                                  *Attorneys for Eber Defendants*
                                                  300 Bausch & Lomb Place
                                                  Rochester, New York 14604
                                                  Telephone: (585) 258-2800