# BROOK & ASSOCIATES, PLLC
### NEW YORK | NEW JERSEY | WASHINGTON DC

**BRIAN C. BROOK**
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

February 1, 2019

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
     **Plaintiffs' Discovery Status Letter**

Dear Judge Parker,

I write on behalf of Plaintiffs in the above-named matter. Despite this Court's order requiring the parties to file a *joint* status letter regarding any remaining discovery disputes, the Eber parties proceeded to file a letter seeking permission to move to compel one of my clients to appear for another day of testimony. That motion request will be addressed separately. Suffice it to say, defense counsel did not advise me of their intention to so move prior to filing.

In fairness, I must admit that I did not reach out defense counsel to coordinate the filing of a joint letter. This oversight was unintentional, as a result of dealing with a difficult personal situation, which defense counsel know about. But my oversight should not have resulted in simply throwing the Court's direction out the window; it seems likely that defense counsel simply did not bother to pay attention to the Court's order—and it is not the first time they have done so.

In any event, because of the late hour at which I was reminded of the Court's deadline, I am sending this letter without attempting to obtain Defendants' consent to its contents. I apologize to the Court for the necessity of my doing so. The Court should note that there are requests on behalf of Plaintiffs in Sections B, F, and G.

**BROOK & ASSOCIATES**

### A. Document Discovery Status

Additional documents were produced by Defendants in January, though I have not yet had time to review them.

Certain document requests were made during depositions that occurred last week. These requests were taken under advisement by defense counsel, and therefore they have not yet ripened into a discovery dispute requiring this Court's attention at this time.

### B. Individual Party Depositions and Update Re: Privilege Dispute

Plaintiffs were deposed in December, and Lester Eber was deposed in his individual capacity last Thursday, January 24, 2019.

Importantly, Lester Eber repeatedly invoked "advice of counsel" as the explanation for why he made most of the decisions at issue in this case. At the same time, his counsel instructed him not to answer questions about the details of what that advice supposedly was. The Court may recall from the first settlement conference that I feared that this would happen; it is why I pressed the privilege issue early on. It would be fundamentally unfair for Defendants to be able to assert "advice of counsel" as their response to our charge that they acted with fraudulent intent, while simultaneously denying us any discovery to test the veracity of that assertion.

We expect to receive Lester's deposition transcript next week. When we do, I intend to tabulate the instances when Lester relied on advice of counsel, since it is extremely pertinent to the Court's pending decision on whether Defendants have invoked the attorney-client privilege in an overbroad manner.

Plaintiffs respectfully request permission to submit a short supplemental brief on the privilege issue, so that the Court may consider whether Defendants have waived the privilege through their recent testimony.[1]

Wendy Eber's deposition in her individual capacity is scheduled for February 28, 2019. We expect to hear more of the same assertions of attorney-client privilege or, alternatively, more amnesia.

---

[1] This would be an additional basis to require disclosure, distinct from the bases previously briefed.

February 1, 2019

BROOK & ASSOCIATES

Page 3

### C. Rule 30(b)(6) Party Depositions

Plaintiffs noticed the depositions of nominal defendants Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro") and Eber-Connecticut, LLC ("Eber-CT") pursuant to Rule 30(b)(6). Copies of the deposition notices, including the topics specified, are attached to this letter as "Exhibit A." The Eber parties designated Wendy Eber as the sole witness to testify on all of these topics. The depositions did not even come close to being completed in a single day, as we had hoped.

To the credit of Underberg & Kessler's Colin Ramsey, who was defending the deposition, he readily acknowledged that another day was appropriate due to how slow-going Wendy's testimony was. He has suggested that the Rule 30(b)(6) depositions be continued on February 27 or March 1. I have agreed to that, but in doing so, I expressly reserved Plaintiffs' right to seek recourse from this Court for the waste of time and money that has been caused by Defendants' failure to respond appropriately to the Rule 30(b)(6) deposition notices. Because the problem was not just that Wendy took a long time to answer and routinely requested questions to be read back or rephrased, but also that Wendy was completely unprepared to testify about most of the noticed topics. *She had not even seen the list of topics*, let alone been prepared to testify about them. Worse, she claimed to have no memory or personal knowledge sufficient to answer questions on the topics, either.

This is now how Rule 30(b)(6) depositions are supposed to work.[2] Should the Eber parties continue to disregard their Rule 30(b)(6) discovery obligations and fail to produce such witnesses as are necessary to provide knowledgeable and binding testimony on the noticed topics, Plaintiffs certainly will request judicial intervention at that time.

### D. Non-Party Depositions

The deposition of the trust officer for Canandaigua National Bank & Trust, Rick Hawks, began in August but remains to be completed. We are currently trying to schedule that for completion, along with another bank employee deposition desired by Defendant Estate of Gumaer.

Other non-party depositions have not yet been scheduled, and we were hoping that they might not be necessary if the party depositions were sufficiently insightful.

---

[2] *See Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 2013 WL 6436069, at *3-4 (S.D.N.Y. 2013) (Francis, M.J.) (discussing the standard for responding to a Rule 30(b)(6) notice).

February 1, 2019                                          **BROOK & ASSOCIATES**
Page 4

Unfortunately, based on the depositions so far, it appears that more depositions will be necessary, and we intend to try to schedule them for early to mid-March and issue any necessary subpoenas by the end of next week.

### E. Expert Discovery

Although it was not specifically addressed in the Court's last scheduling order, the parties have agreed on a schedule for the exchange of expert reports as follows:

> Defendants' expert report(s) due: March 29, 2019
> Plaintiffs' expert report(s) due: April 26, 2019
> Defendants' rebuttal report(s) due: May 17, 2019

Expert depositions will be scheduled for the week of May 20, 2019.

### F. The Lack of Communication with the Ebers' Counsel of Record

While Mr. Ramsey (who is not counsel of record) has been a professional and has generally been responsive with respect to discovery matters, we have a new basis for concern about the Eber Defendants' counsel of record. Specifically, the Court should be aware that Wendy Eber has told one of my clients that Mr. Keneally refuses to speak with me because he is upset about the disqualification motion. She told this to Dan Kleeberg two weeks ago, when she called him and asked him if they could settle the case without going through me. Mr. Kleeberg was driving at the time, but he proceeded to memorialize this conversation in an email to me later that day. That email is attached as "Exhibit B."[3] Most notably, Mr. Kleeberg detailed the following troubling statements by Wendy:

> Wendy asked me how much do we want to settle and I said again to make an offer through your attorney. Wendy said that isn't going to happen because her attorney won't talk to our attorney because our attorney tried to get them disqualified from this case. Wendy then said we should forget the attorneys and negotiate without them.

Ex. B. While it may be understandable that Mr. Keneally harbors some hard feelings, it does not excuse telling his clients that he refused to talk with me, especially when his clients were apparently eager to discuss settlement. Whether he knew it or not, Mr. Keneally thereby "cause[d] another to communicate about the subject of the representation with" Mr. Kleeberg, a known represented party. N.Y.R.P.C. 4.2(a).

---

[3] Because the email describes a conversation with a third party, and it does not seek any legal advice, its disclosure does not result in any broader waiver of the attorney-client privilege beyond this specific conversation.

February 1, 2019
Page 5

At the time, I had assumed that Mr. Keneally's supposed refusal to speak with me was contrived in an attempt to circumvent me. In fact, a few days later, Mr. Keneally emailed me with respect to settlement, which seemed to confirm this. But my conclusion changed tonight in light of Mr. Keneally's failure to communicate with me at all before filing his letter.

Plaintiffs respectfully request that the Court admonish defense counsel about the importance of keeping the lines of communication open among opposing counsel at all times.

### G. Intervention by Canandaigua National Bank ("CNB") Is Anticipated

Counsel for CNB has informed the parties that it intends to seek to intervene in this case due to Lester's counsel's continuing demands that CNB transfer Plaintiffs' shares in Eber Bros. & Co., Inc. to Lester. The most recent demand was made just a day after Lester's deposition. A copy of John Herbert's email to CNB's counsel, and CNB's response, is attached as "Exhibit C."

Now that Lester's deposition has been concluded, the record is sufficiently developed to resolve this issue as a matter of law.[4] It is clear that Lester's attempt to "purchase" Plaintiffs' shares for *nothing*, Ex. C at 4, is legally ineffective for many reasons, including being untimely under the corporation's by-laws.

Prompt resolution is important to minimize the additional costs of CNB's continuing involvement in this case. Indeed, CNB has taken the position that, under the terms of the settlement agreement between Plaintiffs and CNB, Plaintiffs are obligated to indemnify CNB for those legal costs.[5]

Accordingly, while other discovery continues, Plaintiffs respectfully request that this Court (a) expedite its decision on Plaintiffs' motion for leave to amend and (b) permit Plaintiffs to file a targeted motion for partial summary judgment on this issue. Or, if additional information and discussion is necessary to consider this request, then Plaintiffs respectfully request that the Court schedule a conference call to do so.

*     *     *

---

[4] Lester testified that his reason for trying to take Plaintiffs' shares was "advice of counsel." The only possible remaining discovery on this issue would be to ascertain what that supposed "advice" was. However, Plaintiffs do not believe that Lester's motivations are material to determining this particular issue as a matter of law.

[5] In addition, as Plaintiffs have previously noted, this should be treated as a threshold issue because it affects Plaintiffs' standing and ability to obtain any material benefit from their primary requested relief, which is to equitably unwind Lester's theft of the family business.

February 1, 2019                                                    BROOK & ASSOCIATES
Page 6

Plaintiffs thank the Court for its attention to this matter.

                                             Respectfully submitted,

                                             Brian C. Brook

cc:     All counsel of record

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>                   Plaintiffs,<br><br>     v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; CANANDAIGUA NATIONAL CORPORATION d/b/a CANANDAIGUA NATIONAL BANK & TRUST; ELLIOT W. GUMAER, JR.; EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORPORATION; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; and WENDY EBER,<br><br>                   Defendants. | Civil Action No. 16-CV-9517(LAK)<br><br>**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)** |

TO:    Eber Bros. Wine & Liquor Metro, Inc.
          c/o Paul Keneally
          Underberg & Kessler LLP
          300 Bausch & Lomb Place
          Rochester, NY 14604

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs will take the depositions of Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro") upon oral examination, to be recorded by stenographic and videographic means, at the offices of Clinton Brook & Peed at 100 Church Street, Suite 800, New York, NY 10007. Eber Metro is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of Eber Metro concerning the subject matter described on Attachment A hereto. The deposition(s) will begin at 9:30 a.m. on January 23, 2019. If necessary, each deposition will be adjourned until completed.

Dated: January 3, 2019

                                        /s Brian C. Brook
                                        Brian C. Brook (BB 1980)
                                        CLINTON BROOK & PEED
                                        100 Church Street, 8th Floor
                                        New York, NY 10007
                                        (212) 256-1957
                                        brian@clintonbrook.com

## ATTACHMENT A

1. Any transactions referenced, directly or indirectly, in the updated proposed Third Amended Complaint served on December 21, 2018.

2. The formation and corporate governance of Eber Metro.

3. The acquisition of Slocum & Sons in 2005, including without limitation:

    a. The terms of the transaction(s);

    b. The negotiations for the transaction(s);

    c. The basis for the purchase price, i.e. the valuation of the business, both as a whole and as to its particular entities.

4. The nature, governance, and financial performance of each business that was at any time controlled by Eber Metro.

5. The relationships with and any transactions between Eber Metro and any of the following persons or entities (including their subsidiaries, employees, officers, directors, managers, owners, or other affiliates):

    a. The Allen Eber Trust

    b. Eber Bros. Wine and Liquor Corp.

    c. Alexbay, LLC

    d. Lester Eber

    e. Wendy Eber

    f. Elliott Gumaer

    g. Glenn Sturm

    h. Underberg & Kessler, LLP

    i. Slocum & Sons of Maine, Inc.

    j. Southern Wine & Spirits

    k. National Distributing Company, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, LISA STEIN, and
AUDREY HAYS,

               Plaintiffs,

    v.

LESTER EBER; ALEXBAY, LLC f/k/a
LESTER EBER, LLC; CANANDAIGUA
NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK &
TRUST; ELLIOT W. GUMAER, JR.;
EBER BROS. & CO., INC.; EBER BROS.
WINE AND LIQUOR CORPORATION;
EBER BROS. WINE & LIQUOR METRO,
INC.; EBER-CONNECTICUT, LLC; and
WENDY EBER,

               Defendants.

Civil Action No. 16-CV-9517(LAK)

**NOTICE OF DEPOSITION PURSUANT
TO FED. R. CIV. P. 30(B)(6)**

TO:    Eber-Connecticut, LLC
        c/o Paul Keneally
        Underberg & Kessler LLP
        300 Bausch & Lomb Place
        Rochester, NY 14604

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs will take the depositions of Eber-Connecticut, LLC. ("Eber-Connecticut") upon oral examination, to be recorded by stenographic and videographic means, at the offices of Clinton Brook & Peed at 100 Church Street, Suite 800, New York, NY 10007. Eber-Connecticut is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of Eber-Connecticut concerning the subject matter described on Attachment A hereto. The deposition(s) will begin at 2:00 p.m. on January 23, 2019. If necessary, each deposition will be adjourned until completed.

Dated: January 3, 2019

                         /s Brian C. Brook
                         Brian C. Brook (BB 1980)
                         CLINTON BROOK & PEED
                         100 Church Street, 8th Floor
                         New York, NY 10007
                         (212) 256-1957
                         brian@clintonbrook.com

## ATTACHMENT A

1. Any transactions referenced, directly or indirectly, in the updated proposed Third Amended Complaint served on December 21, 2018.

2. The formation and corporate governance of Eber-Connecticut.

3. The financial performance of Eber-Connecticut since its formation, including without limitation its revenues, expenses, profits, debts, and distributions.

4. Eber Connecticut's business and contractual relationships with its past or present members, employees, vendors, suppliers, distributors, customers, banks, creditors, and lawyers.

5. The relationships with and any transactions between Eber-Connecticut and any of the following persons or entities (including their subsidiaries, employees, officers, directors, managers, owners, or other affiliates):

   a. The Allen Eber Trust

   b. Eber Bros. Wine and Liquor Corp.

   c. Eber Bros. Wine & Liquor Metro, Inc.

   d. Alexbay, LLC

   e. Lester Eber

   f. Wendy Eber

   g. Elliott Gumaer

   h. Glenn Sturm

   i. Underberg & Kessler, LLP

   j. Slocum & Sons of Maine, Inc.

   k. Eber-Rhode Island, LLC

   l. Southern Wine & Spirits

   m. National Distributing Company, Inc.

# Exhibit B

**Fwd: Wendy Eber**

Dan Kleeberg <dkleeberg@gmail.com>
Wed 1/16/2019 5:36 PM
**To:** Brian C. Brook <Brian@clintonbrook.com>

Brian,

I received a phone call today from Wendy Eber.  Attached is a screen shot of the duration of our call.  I feel it is important to keep you informed.

Wendy started her conversation by asking me where we were going with everything because this is costing all of us a lot money for attorney fee's.  I said I understand but what are you suggesting?  Wendy then asked me if we could settle.  I said to Wendy to make an offer and have your attorney present it to our attorney.  Wendy asked me how much do we want to settle and I said again to make an offer through your attorney.   Wendy said that isn't going to happen because her attorney won't talk to our attorney because our attorney tried to get them disqualified from this case .  Wendy then said we should forget the attorneys and negotiate without them.  Wendy asked me if I would consider that option and could we discuss it further.  I said I would prefer going through our attorney but I would let me sister Lisa and my cousin Audrey know her offer.  Wendy also suggested we could get this resolved very quickly without our attorneys.  I did not respond.  Wendy said she was going to be in Miami at the end of January and would like to meet me for a cup of coffee or lunch.  I said that I live 4 1/2 hours from Miami so that would not work.

Wendy went on to say how taxing this has been on her from all the lawsuits she has been involved in since Eber Bros closed.  I did not respond.  She also said that there was a valuation done in 2012 on Slocum & Son's and the company was worth nothing.  Wendy also said Lester put in millions of dollars into the company which gave him the right to own the controlling shares of Slocum.  I again did not respond.

I feel from my conversation with Wendy it is important for you to be aware of what she is trying to do.  You are our attorney and will continue to be our attorney and we have no desire to negotiate any settlement with Wendy or Lester unless you are involved.  I feel she is being directed by someone to get this done without our attorney's.

Best,

Dan

>   Begin forwarded message:
>
>   **From:** Dan Kleeberg <dkleeberg@gmail.com>
>   **Date:** January 16, 2019 at 5:04:34 PM EST
>   **To:** Daniel Kleeberg <dkleeberg@gmail.com>



Sent from my iPhone

Dan Kleeberg
561-389-0439

**Dan Kleeberg**
**President**
**Prestige Wine & Spirits, LLC**
**8606 River Preserve Dr**
**Bradenton, FL  34212**
**email:  dkleeberg@gmail.com**
**cell:  561-389-0439**

This email, including attachments, may include confidential and/or proprietary information and may be used only by the person or entity to which it is addressed.  If the reader of this email is not the intended recipient or his or her authorized agent, the reader is hereby notified that any dissemination, distribution or copying of the email is prohibited.  If you have received this email in error, please notify the sender by replying to this message and delete this email immediately thereafter.  You should check this email and attachments for the presence of viruses, the sender accepts no liability for any damages that may be caused thereby

# Exhibit C

**Notice**

O'Brien, Dan <dobrien@woodsoviatt.com>

Mon 1/28/2019 11:33 AM

**To:** Brian C. Brook <Brian@clintonbrook.com>;
Keneally, Paul F. (PKeneally@underbergkessler.com) <PKeneally@underbergkessler.com>;
Robert Calihan <rcalihan@calihanlaw.com>

Counsel:

       I am forwarding the exchange of e-mails between me and Mr. Herbert from Friday afternoon.


Dan O'Brien, Esq.
Partner
Direct Dial: 585-987-2810
Direct Fax: 585-987-2910

dobrien@woodsoviatt.com

Firm Phone: 585-987-2800
Firm Fax: 585-454-3968
woodsoviatt.com
*700 Crossroads Building 2 State Street  Rochester, New York 14614*

A Member of **MERITAS** Firms Worldwide.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND IS INTENDED ONLY FOR REVIEW AND USE BY THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING OF THIS COMMUNICATION OR ANY PART THEREOF IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE DESTROY THIS COMMUNICATION, INCLUDING ALL ATTACHMENTS. PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL OR CALL 585-987-2800.

---

**From:** John Herbert [mailto:herbertoffice24@gmail.com]
**Sent:** Friday, January 25, 2019 2:29 PM
**To:** O'Brien, Dan
**Cc:** Rita Nischal
**Subject:** Re: Notice

Thanks for letting me know.

John S. Herbert, Esq.
Herbert Office
917-385-9436
herbertoffice24@gmail.com
facebook: Herbert Office

On Jan 25, 2019, at 11:23 AM, O'Brien, Dan <dobrien@woodsoviatt.com> wrote:

Mr. Herbert:

Next week, I will be filing, on behalf of CNB, a motion to intervene in the pending litigation in the Southern District (while CNB was initially a party, it has been dismissed out by stipulation).

Along with that motion, we will be filing an interpleader claim, asking the Court to determine the merits of Mr. Eber's purported exercise of any rights he may have to purchase the stock at issue.

As a courtesy, I will provide you with copies of any papers we file.

Dan O'Brien, Esq.
Partner
Direct Dial: 585-987-2810
Direct Fax: 585-987-2910

dobrien@woodsoviatt.com

Firm Phone: 585-987-2800
Firm Fax: 585-454-3968
woodsoviatt.com
*700 Crossroads Building 2 State Street  Rochester, New York 14614*

A Member of **MERITAS** Firms Worldwide.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND IS INTENDED ONLY FOR REVIEW AND USE BY THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING OF THIS COMMUNICATION OR ANY PART THEREOF IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE DESTROY THIS COMMUNICATION, INCLUDING ALL ATTACHMENTS. PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL OR CALL 585-987-2800.

On Jan 25, 2019, at 2:04 PM, John Herbert <herbertoffice24@gmail.com> wrote:

> Rita and Dan
>
> Hope you are well.
>
> As you know, Lester Eber has exercised his right under the Eber Bros. & Co., Inc. By-laws to acquire all the capital stock of the company registered in the name of the trustees of the Allen Eber Trust that is proposed to be transferred to Daniel Kleeberg, Lisa Stein or Audrey Hays.
>
> The company's By-laws call for you to close on this transaction not later than the 90th day after the call was exercised.
>
> Lester has not heard from you about this matter in quite some time. Would you please respond to my email and let me know what your current intentions are with respect to closing on this transaction.
>
> Thank you.

John S. Herbert, Esq.
Herbert Office
917-385-9436
herbertoffice24@gmail.com
facebook: Herbert Office


Begin forwarded message:

**From:** John Herbert <herbertoffice24@gmail.com>
**Subject: Notice**
**Date:** December 17, 2018 at 12:50:39 PM PST
**To:** rnischal@cnbank.com
**Cc:** "Keneally, Paul F." <PKeneally@underbergkessler.com>, Colin Ramsey
<cramsey@underbergkessler.com>, Dan O'Brien <dobrien@woodsoviatt.com>, "Brian C.
Brook" <Brian@clintonbrook.com>


<portfolio co20190125_11015143.pdf>

<call20181217_12315763.pdf>

To: Allen Eber Trust
     c/o Canandaigua National Bank & Trust Company
     72 South Main St.
     Canandaigua, NY 14424
     Attn: Rita Nischal, Esq.

In connection with the Notice of Intent to Purchase Shares of Eber Bros. & Co., Inc. given by Lester Eber to the Allen Eber Trust on October 30, 2018, attached hereto, the undersigned notifies you that the purchase price, the book value of the shares as it appears in the books of the corporation as of May 31, 2018, is $0.

Please deliver physical possession of the stock certificate for these shares, which I understand is currently in your possession, with your endorsement thereof, to me promptly, at the following address:

Lester Eber
15 Coral Way
Rochester, NY 14618

Dated: December 17, 2018

To: Allen Eber Trust
    c/o Canandaigua National Bank and Trust Company
      72 South Main St.
      Canandaigua, NY 14424
      Attn: Rita Nischal, Esq.


NOTICE OF INTENT TO PURCHASE SHARES

The undersigned hereby gives notice of my intent to purchase all shares of capital stock of Eber Bros. & Co., Inc. ( the "Company") of which the Allen Eber Trust is the registered holder that are proposed to be transferred to Daniel Kleeberg, Lisa Stein or Audrey Hays pursuant to Article XII of the By-Laws of the Company.


_____
Lester Eber