

**underberg & kessler LLP**

PAUL F. KENEALLY, PARTNER
(585) 258-2882
pkeneally@underbergkessler.com

February 6, 2019

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re:    *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Lester Eber, et al.*
           Civ. Action No.:  16-cv-09517-LAK-KHP

Dear Magistrate Parker:

    As you know, this Firm represents the Eber Defendants in the above-referenced matter. We write in response to the February 1, 2019 correspondence of Brian C. Brook, Esq., counsel for Plaintiffs, and to correct some misstatements therein. In his letter, Mr. Brook requests that the Court: (1) allow Plaintiffs to submit a supplemental brief on the privilege issue; (2) admonish me based on erroneous facts for allegedly refusing to communicate with him; (3) expedite its decision as to Plaintiffs' motion to amend; and (4) give Plaintiffs leave to move for partial summary judgment to resolve the issue of ownership of Eber Bros. & Co.'s ("EB & Co.") shares.   For the reasons set for below, Mr. Brook's requests should be denied.

    Initially, it must be noted that prior to Mr. Brook's ECF filing at 11:54 p.m. on Friday, February 1, 2019, our office received no communication from Mr. Brook indicating that he had any discovery disputes requiring Court involvement. Given Mr. Brook's failure to communicate as he had as to prior joint letters, we reasoned that Defendants were the only party with a pending discovery issue (which my partner Mr. Ramsey[1] had discussed with Mr. Brook at Ms. Stein's deposition). Accordingly, we informed the Court by letter that depositions were continuing and requested leave to file a narrow motion to compel Mr. Kleeberg's testimony about non-privileged conversations with his brother-in-law, Mark Stein. Mr. Brook's criticisms regarding communication (addressed below) ring hollow given his admitted failure to communicate with our office regarding any joint letter.

---

[1] Mr. Ramsey has, thankfully, often stepped in for me as I have a seriously ill child at college.



*Hon. Katharine H. Parker*
*February 6, 2019*
*Page 2*

### A. Document Discovery:

We are awaiting the transcripts from the recent 30(b)(6) depositions of Wendy Eber and the deposition of Lester Eber, individually. After reviewing the transcripts, our office will respond to the document demands made by Mr. Brook during those depositions. Mr. Brook agrees that any potential dispute related to these requests is not yet ripe.

### B. Attorney-Client Privilege:

Plaintiffs' request for an additional round of briefing on the privilege dispute is inappropriate and unnecessary. In sum and substance, Mr. Brook argues that there is a need for additional briefing on the privilege issue in light of Lester Eber testifying in response to certain questions at his deposition that he consulted his attorneys before acting.

However, neither Lester Eber nor any of the Eber Defendants have raised "advice of counsel" as a defense in this action. Nor are they claiming a state of mind defense. Attorney-client privilege is not waived when a party responds at a deposition that he consulted his attorneys prior to taking an action if the party is not claiming "advice of counsel" as a defense. *See In re Erie County*, 546 F.3d 222, 229 (2d Cir. 2008) (holding that "at issue" waiver will occur only where there is some showing that the party asserting the privilege is relying on privileged communications for a claim or defense or as an element of a claim or defense). Here, Lester Eber's testimony that he consulted legal counsel merely indicates just that; he consulted with his attorney before taking action both personally and in business. There is no waiver of attorney-client privilege here and concomitantly, no need for additional briefing.

### C. Rule 30(b)(6) Depositions:

Defendants Eber Metro and Eber CT designated Wendy Eber for the FRCP 30(b)(6) depositions. Ms. Eber was essentially selected by default since the individuals involved in many of the transactions referenced by Plaintiffs left the Eber entities many, many years ago when these entities became insolvent. Plaintiffs refuse to acknowledge that many of the transactions and events Mr. Brook seeks to question Ms. Eber about happened over a decade ago. Ms. Eber was not personally involved in the majority of the transactions at issue, so it is understandable that she may not recollect all the details of the transactions.

The Eber Defendants are aware of the obligations imposed by Rule 30(b)(6). However, the subject matter that Mr. Brook has requested Ms. Eber to become familiar with is overly broad and covers every fact and transaction referred to directly and indirectly by the Complaint. Ms. Eber will attempt to answer Mr. Brook's questions on the adjourned date, but she is not required by the Federal Rules to memorize every event or transaction that a corporate entity was involved in.



### D. Communications Between Counsel:

I have and will continue to communicate with Plaintiffs' counsel, as we have by phone, in person and by dozens and dozens, perhaps hundreds, of emails — any allegation to the contrary is incorrect and he makes no claim that any contact from him went without response. The law offices representing Plaintiffs and the Eber Defendants have both used attorneys other than Mr. Brook or myself. Colin Ramsey, as noted my partner at Underberg & Kessler LLP, and myself have communicated with Mr. Brook and his former associate continuously.[2] Mr. Brook has no basis to insist that all communication from our office originate from me at all, much less while requiring our office to communicate with his associate.

With regard to the alleged interaction between Wendy Eber and Mr. Kleeberg, I have spoken with Ms. Eber and am assured that Mr. Brook and/or Mr. Kleeberg (who was on his car phone), are mischaracterizing her conversation with Mr. Kleeberg. Ms. Eber did contact Mr. Kleeberg on her own to discuss settlement with Mr. Kleeberg, and Ms. Eber advised Mr. Kleeberg that she reached out because she hoped to discuss settlement of the matter without the attorneys. She did not state that I refuse to communicate with Mr. Brook, but rather that he and I were not then discussing settlement as his demand remained for multiple millions of dollars.

During their telephone call, Mr. Kleeberg told Ms. Eber that he would "love" to settle the matter, that plaintiffs were willing to entertain a settlement offer, and asked her to forward a settlement proposal. Within days of Ms. Eber reaching out to Mr. Kleeberg, I sent a substantial settlement offer to Mr. Brook. Mr. Brook's statement that I am refusing to communicate with him is petty and contradicted by his own letter wherein he admits having received recent correspondence from me.

Further, there is no prohibition to parties discussing settlement with each other outside of their attorneys. The comment to N.Y.R.P.C. § 4.2 states "[p]ersons represented in a matter may communicate directly with each other."

Accordingly, Mr. Brook's request to "admonish" me is wholly absurd. He admits that he failed to communicate with our office as before regarding a joint letter, but still advances baseless and unfounded requests. These requests should be denied.

### E. Intervention by Canandaigua National Bank (CNB):

The Eber Defendants do not oppose intervention by CNB. However, they do not waive any claims or arguments with respect to any statements which may appear in CNB's motion papers, and reiterate that their actions regarding the stock were lawful.

---

[2] The paperwork on Mr. Ramsey's admission to the Southern District has now been received and his notice of appearance has been filed.

*Hon. Katharine H. Parker*
*February 6, 2019*
*Page 4*

### F. Requests for Expedited Relief:

Defendants oppose Plaintiffs' request for leave to file a motion for partial summary judgment regarding the EB & Co. stock because it is premature and a waste of resources.

On December 14, 2018, responding to an initial request from CNB, Defendants offered to enter into a Stipulation with Plaintiffs (see Exhibit A), under which neither Plaintiffs nor Defendants would exercise voting rights over the stock, or request a stockholder's meeting, of EB & Co., prior to the final resolution of all issues relating to the purported allocation and distribution of the EB & Co. stock among the Eber Trust beneficiaries, the purported rights of the Eber Trust beneficiaries in and to, and the obligations of the Eber Trust co-trustees with respect to, such stock. Defendants stated their belief that maintaining the status quo for the time being while all the conflicting claims are being resolved is the fairest and most equitable course of action for all. Mr. Brook promptly declined to agree to this Stipulation and Defendants have heard nothing from him about it since then.

On January 25, 2019, Lester and Wendy Eber's counsel merely contacted CNB's counsel and said Defendants had not heard from CNB about Lester Eber's exercise of his call right under the EB & Co. Bylaws in quite some time and inquired as to what CNB's intentions were with respect to closing on Lester's call on the EB & Co. shares (the Bylaws provide that the call price is the book value of the equity as of May 31, 2018, which was $0). CNB did not respond as to what its intentions were as to a closing.

There are many complex issues to be resolved in the case generally. The conflicting claims to the EB & Co. stock is just one of many areas of complex, interrelated issues.

There is no compelling reason the EB & Co. stock issues need to be resolved ahead of the main case. EB & Co. is not operating and is insolvent. Mr. Brook's purported desire to establish standing to pursue a fraudulent conveyance claim under the New York Debtor & Creditor Law, sections 273 and 276 (designed to protect creditors) is puzzling since his clients are not creditors of any Eber entity, as required by those sections. Unwinding the 2012 assignment in lieu of foreclosure is not a remedy available to Plaintiffs in any case. Defendants are not aware of any threat of immediate or irreparable harm to any party, including CNB, if the EB & Co. stock issues are resolved as part of the main case, rather than only possibly as part of a partial summary judgment motion now. The fact that Plaintiffs agreed to pay CNB's legal expenses in exchange for its CNB settlement payment is hardly a reason to accelerate these issues. Judicial economy is best served having all the summary judgment motions filed together after discovery.



Hon. Katharine H. Parker
February 6, 2019
Page 5

Finally, Defendants take no position as to Plaintiffs' request to expedite the Court's Decision with respect to Plaintiffs' motion for leave to amend their Complaint for a third time, but reiterate their position that such motion should be denied.

Respectfully submitted,

Paul F. Keneally

PFK/ddd
Enclosure
cc:   Brian C. Brook, Esq. *(Via ECF)*
       Robert Calihan, Esq. *(Via ECF)*
       Michael J. Adams, Esq. *(Via ECF)*

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>    Plaintiffs,<br><br>v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; CANANDAIGUA NATIONAL BANK & TRUST COMPANY; ESTATE OF ELLIOTT W. GUMAER, JR.; EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; and WENDY EBER,<br><br>    Defendants | Civil Action No. 16-CV-9517(LJK)<br><br>STIPULATION REGARDING CERTAIN SHARES |

  WHEREAS, on October 2, 2017, a representative of Canandaigua National Bank & Trust Company ("CNB"), purportedly acting unilaterally as a co-trustee for the Allen Eber Trust (the "Trust"), purportedly executed certain Stock Powers in favor of Lester Eber, Audrey Hays, Daniel Kleeberg and Lisa Stein with respect to certain shares (the "Shares") of capital stock of Eber Bros. & Co., Inc. ("Eber Bros.") registered in the name of "Lester Eber, Elliott W. Gumaer, Jr., Central Trust Company Co - tr. U/W Allen Eber/Residuary";

951711.2

WHEREAS, on October 30, 2018, Lester Eber gave notice of his intent to purchase all the Shares pursuant to Article XII of Eber Bros. by-laws (the "By-laws");

WHEREAS, CNB, which is no longer a current party to the above-captioned litigation, has requested a stipulation, executed by the relevant parties or by their duly authorized counsel, setting forth explicit instructions as to who is to be sent what documents relating to such Stock Powers and the related stock certificates (the "Documents") and to what address or addresses;

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between Daniel Kleeberg, Audrey Hays, and Lisa Stein, through their duly authorized counsel of record, Clinton Brook & Peed, and Lester Eber, Wendy Eber, and Eber Bros. & Co., Inc., through their duly authorized counsel of record Underberg & Kessler, LLP, that CNB should send the Documents by FedEx, signature required, to Wendy Eber, corporate secretary of Eber Bros., at the following address:

Wendy Eber
Corporate Secretary
Eber Bros. & Co., Inc.
 c/o 30 Corporate Drive
 North Haven, CT 06473
Tel:   203-239-8000

IT IS FURTHER STIPULATED that Wendy Eber, corporate secretary of Eber Bros., will maintain custody of the Documents pending final resolution of all issues relating to the purported allocation and distribution of the shares of capital stock of Eber Bros. among the beneficiaries of the Trust, the purported rights of the beneficiaries of the Trust in and to, and the obligations of the co-Trustees of the Trust with respect to, such shares, including, without limitation, the issues set forth below;

951711.2

IT IS FURTHER STIPULATED that transmission to, and receipt of such Documents by, such corporate secretary will not constitute due endorsement, presentment, transfer or other delivery of the Shares to or by any person for any purpose, or any acknowledgment thereof, and none of the parties to the above-captioned litigation or CNB will exercise the right to vote any of the Shares, or to request the call of a stockholders' meeting of Eber Bros., prior to the final resolution of all such issues; and

IT IS FURTHER STIPULATED that no current party to the above-captioned litigation or CNB shall be deemed to waive or modify any rights or remedies against any other current party or CNB as a result of executing this Stipulation or the matters referred to herein, including, without limitation, (a) whether or not the shares of Eber Bros. capital stock registered in the names of the co-Trustees of the Trust were correctly allocated to the beneficiaries of the Trust in 2017; (b) the rights and obligations of stockholders under the By-laws with respect to the shares of capital stock of Eber Bros., including the right of Lester Eber to call, and the obligation of the co-Trustees of the Trust to transfer, the Shares covered by the Stock Powers to Lester Eber under Article XII of the By-laws; the validity of any purported endorsement or transfer of the Shares under the Stock Powers under Article XII of the By-laws; and the enforceability of Article XII of the By-laws against the co-Trustees of the Trust; (c) whether or not the Stock Powers constitute a valid endorsement by an appropriate person; (d) whether or not any of the shares of Eber Bros. capital stock have heretofore been validly transferred to any of the beneficiaries of the Trust; (e) whether or not due presentment of the Documents has been made to the corporate secretary of Eber Bros.; (f) the right to challenge the registration status of the Shares and the timing of such registration and any elections held since October 2, 2017; and (g) whether or not waivers of rights have already occurred as a result of conduct preceding the execution of this Stipulation.

951711.2

| | |
|---|---|
| _____ | _____ |
| Brian C. Brook | Paul F. Keneally |
| CLINTON BROOK & PEED | UNDERBERG & KESSLER LLP |
| 100 Church St., Fl. 8 | 300 Bausch & Lomb Pl. |
| New York, NY 10007 | Rochester, NY 14614 |
| (212) 256-1957 | (585) 258-2824 |
| brian@clintonbrook.com | pkeneally@underbergkessler.com |
| | |
| Dated: December __, 2018 | Dated: December __, 2018 |

951711.2