**BROOK & ASSOCIATES, PLLC**
—— NEW YORK | NEW JERSEY | WASHINGTON DC ——

**BRIAN C. BROOK**
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

February 20, 2019

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
**Plaintiffs' Response to Defendants' February 1, 2019 Letter**

Dear Judge Parker,

I write on behalf of Plaintiffs in the above-named matter, in advance of tomorrow's February 21 conference call, to respond to Defendants' request to file a motion to compel Dan Kleeberg to answer questions about a conversation he had with Mark Stein, his brother-in-law who is also a litigator.

First, the proposed motion would be wasteful considering the complete lack of any perceptible relevance to that conversation. Defendants want to know what Mr. Stein said in response to a request for his legal opinion on the main transaction at issue in this case. Mr. Stein's opinion of the transaction or the merits of filing suit is utterly irrelevant to any of the issues in this case. For that reason alone, this motion request should be denied.

Second, although Mr. Stein was not formally retained, Mr. Kleeberg testified that he wanted to see if Mr. Stein "had any inclination" relating the 2012 Metro Transfer to Alexbay. Depo. Tr. 176:18-19. Colin Ramsey did not ask Mr. Kleeberg what he meant by that, but rather went straight for Mr. Stein's response. *Id.* at 176:20-21. In response to my objection on privilege grounds, Mr. Ramsey still did not ask Mr. Kleeberg more about the purpose of his inquiry of Mr. Stein; only (1) whether Mr. Stein was "retain[ed]" and (2) whether they were brothers-in-law when they spoke. *See id.* at 188:7-8 ("So you were asking him brother-in-law to brother-in-law?").

February 20, 2019                                                                                                   BROOK & ASSOCIATES
Page 2

Because I knew that Mr. Ramsey was trying to insinuate something more from his "brother-in-law" question, even though the question literally required Mr. Kleeberg to answer "yes," I objected to it. *Id.* at 177:9. Mr. Ramsey did not rephrase the question and did not go back to find out what was necessary even after I explained to him on the record that he had failed to ask the necessary questions and I obviously was going to permit Mr. Kleeberg to answer questions about the purpose of his discussion with Mr. Stein. *Id.* at 177:19-178:8. Even after Mr. Kleeberg corrected Mr. Ramsey's mischaracterization of his testimony, *id.* at 178:7-8 ("I did not say that I wasn't seeking legal advice."), Mr. Ramsey still avoided asking the question. Despite avoiding the question, in their letter to this Court, they mischaracterize the testimony as "simply discussing a family business matter with his brother-in-law, who happens to be an attorney." ECF No. 176 at 2.

Nor did Mr. Ramsey ask whether Mr. Kleeberg was *considering* retaining Mr. Stein—to see his "inclination" to taking on the case. This omission is important because communications with prospective counsel are nonetheless privileged. *See Rose Ocko Foundation v Liebovitz*, 547 N.Y.S.2d 89, 90 (N.Y.A.D. 2 Dept. 1989) ("It is also well established that the fiduciary relationship existing between lawyer and client extends to a preliminary consultation by a prospective client with a view toward retention of the lawyer, even where actual employment does not arise.").

Finally, the irony of Defendants' position on privilege here should not go unnoticed. They avoided the key questions and resorted to distorting the testimony because they knew very well that a six-factor test applied and that "[n]o special formality is required to demonstrate the establishment of [an attorney-client] relationship." Defs. Opp'n to 2d Mot. to Compel at 11, ECF. No. 144 ("The formation of an attorney-client relationship hinges upon the client's [reasonable] belief that he is consulting in a lawyer in that capacity and his manifested intention to seek professional legal advice.") (quoting *Merck Eprova AG v. ProThera, Inc.*, 670 F.Supp.2d 201, 210 (S.D.N.Y. 2009)) (alteration in *Merck*).

Plaintiffs thank the Court for its continued attention to this matter.

                                                                                    Respectfully submitted,

                                                                                    Brian C. Brook

cc:      All counsel of record