UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,                                        Civil Action No.:
                                                        16-CV-9517(LAK/KDP)
                    Plaintiffs,
        v.

LESTER EBER, ALEXBAY, LLC f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK AND TRUST,
ESTATE OF ELLIOT W. GUMAER, JR.,
EBER BROS. & CO, INC., EBER BROS. WINE AND
LIQUOR CORP., EBER BROS. WINE & LIQUOR METRO, INC.,
EBER CONNECTICUT, LLC, and WENDY EBER,

                    Defendants.
_____

**EBER DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION OF ATTORNEY-CLIENT PRIVILEGED MATERIALS**

UNDERBERG & KESSLER LLP
Attorneys for Eber Defendants
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 258-2882

Paul F. Keneally, Esq.,
Colin D. Ramsey, Esq.
Of Counsel

**PRELIMINARY STATEMENT**

Plaintiffs' Supplemental Brief in Support of Plaintiffs' Second Motion to Compel (hereinafter "Supplemental Brief") mischaracterizes the deposition testimony of Wendy Eber and Lester Eber in an attempt to discover materials properly withheld pursuant to attorney-client privilege. Plaintiffs attempt to twist the Ebers' testimony to fit the fiduciary exception of attorney-client privilege, and rely on unsubstantiated speculation and conjecture to assert that the Ebers' testimony constitutes a waiver of the privilege.

Rather, Wendy Eber's and Lester Eber's testimony clearly indicates that they sought out and obtained legal advice in various capacities. At no time did the Eber Defendants waive attorney-client privilege by divulging the contents of the legal advice or placing the legal advice at issue. Merely, testifying that one sought legal advice does not, as Plaintiffs proffer, waive attorney-client privilege as to that advice. Additionally, where, as here, the legal advice at issue is not being relied upon as a defense to any of the claims, it is not discoverable.[1]

> **I. THE PRIVILEGED MATERIALS AT ISSUE ARE NOT SUBJECT TO THE "FIDUCIARY EXCEPTION".**

**A. Lester Eber did not seek legal advice pertaining to the administration of the Allen Eber Trust.**

The "fiduciary exception" has its roots in the law of trusts and recognizes an obligation on the part of the trustee to provide full and accurate information to the beneficiary on his management of the trust. *Fitzpatrick v. Am. Int'l Grp., Inc.*, 272 F.R.D. 100, 110 (S.D.N.Y. 2010). This includes making available to the beneficiary

---

[1] There is no such current defense, and regardless of whether the Court grants Plaintiffs' Motion to Amend, the Eber Defendants will not be proffering any "advice of counsel" defense.

communications with an attorney that are intended to *assist in the administration* of the trust. *Id.* (citations omitted). The rights of beneficiaries, however, are not unlimited. "The trustee is privileged to refrain from communicating to the beneficiary information acquired by the trustee at his own expense and for his own protection." *Id.*

Since 2006, when Canandaigua National Bank ("CNB") became the co-trustee for the Allen Eber Trust, CNB administered the Allen Eber Trust. Lester Eber did not perform the duties of administration of the Allen Eber Trust, but appropriately left those tasks to CNB, the corporate trustee.

Here, like in *Fitzpatrick*, Lester Eber sought out and obtained, at his own expense and for his own protection, the advice of attorneys on topics wholly separate from the administration of the Allen Eber Trust. The materials for which Lester Eber asserts attorney-client privilege were not related to the administration of the Allen Eber Trust, and therefore are not subject to the fiduciary exception. Lester Eber's status as a co-trustee does not obliviate the attorney-client privilege Lester enjoys for legal counsel obtained on non-trust related issues. To hold otherwise would severely chill the recruitment of trustees.

Wendy Eber was not a trustee of the Allen Eber Trust. Consequently, Plaintiffs cannot claim the fiduciary exception reserved for trustees with respect to Wendy Eber.

**B. The privileged materials do not meet the standard for invading the attorney-client privilege of the Eber Defendants.**

Contrary to Plaintiffs' assertions, the materials for which the Ebers claim privilege do not meet the test set out by *In re Bank of N.Y. Mellon*, 977 N.Y.S. 2d 560, 566 (Sup. Ct. N.Y. County 2013). According to *Bank of N.Y. Mellon*, the second prong of the five-

factor test for determining whether good cause exists to invade attorney-client privilege is "plaintiffs may have been *directly* affected by any decision defendant made on his attorney's advice" (emphasis added). *Id*.

Here, Plaintiffs cannot show that they were *directly* affected by the legal advice obtained by the Eber Defendants. Plaintiffs were not shareholders in Eber Bros. & Co, Inc. or Eber Bros. Wine & Liquor Corporation or Eber Bros. Wine & Liquor Metro, Inc. In fact, Plaintiffs' interests were separated by a Trust managed by the corporate trustee CNB and further removed by several layers of corporate ownership. Plaintiff's interests were simply too remote to justify invading the attorney-client privilege of the Eber Defendants.

The third factor in *Bank of N.Y. Mellon*, is "the information sought was highly relevant to and may be the only evidence available on whether defendant's actions respecting the relevant transactions and proposals were in furtherance of the interests of the beneficiaries of the trust or primarily for his own interests in preserving and promoting the rewards and security of his own position as a corporate officer." *Id*. In camera review of the documents will show that the material over which Lester is asserting privilege is not related to administration of the Allen Eber Trust.

Put simply, the materials over which the Eber Defendants assert attorney-client privilege is simply too far removed to have directly affected Plaintiffs.

The fourth factor outlined in *Bank of N.Y. Mellon* requires that the communication be related to prospective actions and not advice on past actions. The deposition testimony of Lester Eber and Wendy Eber demonstrates that both Ebers sought legal advice on a regular basis. However, as demonstrated above and by an *in camera* review of the materials at issue, the materials over which attorney-client privilege is being

asserted largely concern past actions. Also, as noted, they were not related to administration of the Allen Eber Trust, nor have Plaintiffs, as non-shareholders, made a showing that the decisions associated with the privileged material had a direct effect on Plaintiffs' interests.

Plaintiffs do not meet the factors required for trust beneficiaries to invade the attorney-client privilege, and their motion should be denied.

## II. THE EBER DEFENDANTS' DEPOSITION TESTIMONY DOES NOT WAIVE ATTORNEY-CLIENT PRIVILEGE.

At no time in this litigation have Lester Eber or Wendy Eber attempted to use the "advice of counsel" or "good faith" defenses. Plaintiffs' attempt to twist the Eber Defendants' deposition testimony into an assertion of these defenses must fail.

### A. The Eber Defendants did not waive attorney-client privilege by testifying that they considered legal advice.

It is well settled "that a party must rely on privileged advice from his counsel to make his claim or defense" in order to affect a waiver of attorney-client privilege. *See In re Erie County*, 546 F.3d 222, 229 (2d Cir. 2008) (holding that "at issue" waiver will occur only where there is some showing that the party asserting the privilege is relying on privileged communications for a claim or defense or as an element of a claim or defense.) Where a party states at a deposition that s/he considered the advice of counsel in making a decision, "at issue" waiver has not been found. *See Deutsche Bank Trust Co. of Am. V. Tri-Links Inv. Trust*, 837 N.Y.S.2d 15, 26-17 (App. Div. 1st Dep't 2007) (finding that testifying to the fact that one considered attorney advice, without divulging said advice does not constitute waiver of attorney-client privilege); *see also Soho Generation v. Tri-City Ins. Brokers*, 236 A.D.2d 276, 277, 653 N.Y.S.2d 924, 925 (App. Div. 1st Dep't 1997)

4

("By merely mentioning at his deposition that he had withdrawn plaintiff's claim upon the advice of counsel, plaintiff's president Mr. Mosery did not waive any attorney-client privilege by placing the subject matter of counsel's advice in issue or by making selective disclosure of such advice").

Here, just as in *Deutsche Bank Trust Co.* and *Soho Generation*, both Lester Eber and Wendy Eber indicated in their deposition testimony that they considered the advice of counsel in making decisions and taking actions. The Ebers did not divulge that advice during their depositions.  The excerpts of the deposition transcripts sited by Plaintiffs' counsel in their Supplemental Brief are strikingly similar to the description of the testimony found not to have waived attorney-client privilege in *Soho Generation* and *Deutsche Bank Trust Co.*  For example, the court in *Soho Generation* found that "mentioning at his deposition that he had withdrawn plaintiff's claim upon advice of counsel" did not constitute a waiver of attorney-client privilege.  This is analogous to Lester's deposition testimony.[2]

**B. The Eber Defendants are not relying on privileged material in their defense.**

Moreover, the Eber Defendants are in no way relying on the privileged communications in their defense.  The Eber Defendants have not raised "advice of counsel" or "good faith" as a defense in this matter and have not placed their counsel's advice at issue.  Plaintiffs cannot compel the production of privileged materials or testimony if Defendants are not relying on those materials and have not placed the privileged material at issue by advancing an "advice of counsel" or "good faith" defense.

---

[2]  Lester Eber has clarified the issue in his Errata Sheet (attached as Exhibit A).

5

*See Deutsche Bank Tr. Co.,* 837 N.Y.S.2d at 27 and *Soho Generation,* 236 A.D.2d at 277.

### C. Plaintiffs' case law is distinguishable from this matter.

The case law cited in support of Plaintiffs' position is distinguishable from the matter at bar. Unlike the deposition testimony of Lester Eber and Wendy Eber, who testified that they merely considered legal counsel's advice, the defendant in *United States v. Bilzerian* testified in his defense that he thought his actions were legal. 926 F.2d 1285, 1292 (2d Cir. 1991). Unlike here, the Bilzerian testimony that he perceived his actions as legal placed the source of his legal understanding at issue. *Id.* Similarly, the Defendant in *Loguidice v. McTiernan*, No. 1:14-CV-1323 (TJM/CFH), 2018 U.S. Dist. LEXIS 142503, at *1 (N.D.N.Y. Aug. 22, 2018) raised a "good faith" attempt to comply with the FLSA defense contending that plaintiff was not entitled to liquidated damages. Here, the Ebers have not testified in their defense as to the legality (or illegality) of their actions, nor have they raised a defense similar to that raised in *Loguidice*.

Taken to its logical conclusion, Plaintiffs' position would allow the invasion of attorney-client privilege any time a party confirms that it has sought the advice of counsel. That is not the standard.

### D. Lester Eber's testimony was not an explicit waiver of attorney-client privilege.

During the course of Lester Eber's deposition, Mr. Brook frequently asked Lester Eber legal questions. In response to these questions, Mr. Eber essentially responded that he did not know the answer, that was a question for lawyers. *See e.g..* Lester Dep. at 128:04-14, 179:02-05, 185:05-15, 243:09-16, 204:24-205:08. These were not explicit

6

waivers of attorney-client privilege by Lester Eber, but an inarticulate way of expressing that he does not know the answer to the question.

Additionally, the transcript relied upon by Plaintiffs in their Supplemental Brief is incorrect as it does not reflect Lester Eber's true deposition testimony as corrected by the errata sheet. A copy of the errata sheet for Lester Eber's deposition testimony submitted to Veritex Legal Solutions on March 8, 2019 is attached hereto as Exhibit A. In the errata sheet Lester clarifies that he consulted with his attorneys then decided to take action. See e.g. Errata Sheet referencing Lester Eber's deposition transcript at 139:11, 140:24-25, 178:08-09, 12, 206:09-10. As previously described, deposition testimony referencing consultation with an attorney and then taking action does not constitute a waiver of attorney-client privilege.

There has been no explicit waiver of attorney-client privilege by the Eber Defendants and Plaintiffs' motion should be denied.

**E. Plaintiffs' attempt to invade attorney-client privilege for actions taken after the commencement of the litigation are wholly without merit.**

The actions taken by the Eber Defendants, including the stock call of Eber Brothers & Co., are clearly subject to attorney-client privilege. Lester Eber's reference to taking actions on his attorney's advice during litigation are neither an implied nor explicit waiver. Mr. Eber did not divulge the advice he received regarding the stock call nor put it at issue. Lester Eber is not relying the "advice of counsel" or "good faith" defenses to justify his call of the EBWLC shares, he was entitled to call the shares pursuant to the explicit terms of the by-laws. Plaintiffs are not entitled under any theory to obtain privileged information related to Lester Eber's stock call. See *Deutsche Bank Tr. Co.* 837 N.Y.S.2d at 23 ("Of course, that a privileged communication contains information relevant to issues the

7

parties are litigating does not, without more, place the contents of the privileged communication itself "at issue" in the lawsuit; if that were the case, a privilege would have little effect").

## **CONCLUSION**

The Eber Defendants have not waived attorney-client privilege implicitly or explicitly, and Plaintiffs' motion to compel should be denied.

DATED:   March 8, 2019
     Rochester, New York

                UNDERBERG & KESSLER LLP

                */s/ Paul F. Keneally, Esq.*
                Paul F. Keneally, Esq., Of Counsel
                Colin D. Ramsey, Esq., Of Counsel
                *Attorneys for Eber Defendants*
                300 Bausch & Lomb Place
                Rochester, New York 14604
                Telephone: (585) 258.2882