USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/28/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DANIEL KLEEBERG, et al.,

                         Plaintiffs,                     **16-CV-9517 (LAK) (KHP)**

           -against-                        **OPINION AND ORDER**

LESTER EBER, et al.,

                         Defendants.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

Canandaigua National Corporation d/b/a Canandaigua National Bank & Trust ("CNB") is a former co-trustee of the testamentary trust created upon the death of Allen Eber (the "Trust"). The Trust holds certain assets, including all of the remaining shares of stock in Eber Bros. & Co., Inc. ("EB&C"). (Dkt. No. 188 ¶¶ 3-4, Ex. 2.) Defendant Lester Eber ("Defendant Eber") and Plaintiffs Audrey Hays, Lisa Stein, and Daniel Kleeberg are the Trust beneficiaries. (*Id*. at Ex. 1.)

On June 1, 2017, the Monroe County Surrogate's Court issued an Order for Judicial Settlement of Final Account of Successor Co-Trustee, Resignation and Discharge of Co-Trustee and Termination of Trust (the "Order"), which discharged CNB as co-trustee of the Trust and instructed CNB to distribute the remaining Trust assets among the Trust beneficiaries. (*Id.*) Pursuant to the Order, Defendant Eber and Plaintiff Hays each were entitled to receive a one-third share of the remaining assets of the Trust and Plaintiffs Stein and Kleeberg each were entitled to receive a one-sixth share. (*Id.*)

CNB is now in the midst of attempting to distribute the remaining Trust assets among the Trust beneficiaries pursuant to the Order.  (*Id*. at  ¶6.)  On October 31, 2018, Defendant Eber's counsel sent CNB a Notice of Intent to Purchase Shares on Defendant Eber's behalf seeking to acquire all shares of EB&C stock pursuant to EB&C's bylaws.  (*Id*. at Ex. 4.)  That same day, counsel for Plaintiffs instructed CNB to "disregard Lester's notice" and argued that Defendant Eber's request was ineffective pursuant to EB&C's bylaws and that the Surrogate's Court Order had, in effect, already allocated the shares of EB&C stock among the Trust beneficiaries.  (*Id.* at Ex. 5.)  Plaintiffs' counsel also averred that CNB's "continued resistance [to implementing the Order] constitutes contempt of court, in addition to a continuing breach of fiduciary duty."  (*Id.*)  On December 17, 2018, Defendant Eber sent CNB another request, through counsel, that all remaining shares of EB&C stock be transferred to him for no consideration.  (*Id.* at Ex. 6.)  CNB again declined to grant that request.  (*Id*. at ¶ 12.)

CNB was originally a defendant in this action because Plaintiffs alleged that CNB breached its fiduciary duty to them and engaged in fraudulent concealment while acting as co-trustee of the Trust.  (Dkt. No. 88 ¶¶ 119-61.)  Although Plaintiffs ultimately dismissed those claims against CNB with prejudice (Dkt. No. 117), the current dispute between the Trust beneficiaries threatens to expose CNB to new liability from both Defendant Eber and Plaintiffs.

Accordingly, CNB now makes the instant unopposed Motion to Intervene, pursuant to Federal Rule of Civil Procedure ("Rule") 24(a) or (b), and for Interpleader, pursuant to Rule 22(a), to allow the Court to resolve the dispute between Plaintiffs and Defendant Eber regarding how CNB should distribute the remaining shares of EB&C stock among the Trust

beneficiaries.  (Dkt. No. 188 ¶ 3; *see also* Dkt. Nos. 187 and 189.)  For the reasons set forth

below, CNB's Motion is GRANTED.

## DISCUSSION

A party may join an action by moving to intervene either as of right pursuant to Rule

24(a) or permissively pursuant to Rule 24(b).  As an initial matter, the Court notes that CNB did

not submit a proposed pleading with its motion "that sets out the claim or defense for which

intervention is sought," as required by Rule 24(c).  *See generally N. Shore-Long Island Jewish*

*Health Sys., Inc. v. MultiPlan, Inc.*, No. 12-cv-1633 (JMA) (AKT), 2015 WL 777248, at *17

(E.D.N.Y. Feb. 13, 2015), *adopted by* No. 12-cv-1633 (JMA) (AKT), 2015 WL 1345814 (E.D.N.Y.

Mar. 25, 2015) (citing *Bano v. Union Carbide Corp.,* No. 99-cv-11329 (JFK)(HBP),

2005 WL 6800401, at *14 (S.D.N.Y. Aug. 12, 2005), *adopted as modified by* No. 99-cv-11329

(JFK), 2005 WL 2464589 (S.D.N.Y. Oct. 5, 2005)).  However, the failure to submit a pleading

pursuant to Rule 24(c) is not fatal to CNB's motion.  Indeed, where the position of the movant is

apparent from other filings, and where the parties to the litigation will not be prejudiced, "Rule

24(c) permits a degree of flexibility with technical requirements."  *Tachiona ex rel. Tachiona v.*

*Mugabe*, 186 F. Supp. 2d 383, 393, 393 n.8 (S.D.N.Y. 2002) (permitting party to intervene

without filing a formal motion or proposed pleading where its position had already been set

forth in the proceeding and did not come as a surprise).

Although CNB failed to submit a proposed pleading with its Motion to Intervene, the

Court is, nonetheless, inclined to consider CNB's Motion because none of the parties to this

action object to the Motion and the relief CNB seeks is clear from its Motion.  Indeed, in the

Declaration submitted in support of its Motion to Intervene, CNB asserts that it requests the

Court to:

> (1) [D]irect the parties to (A) refrain from commencing any independent actions against CNB to address Mr. Eber's efforts to purchase the stock in Eber Bros.; (B) require the parties to litigate any issues relating to the disposition of the stock in this action;
>
> (2) adjudicate those issues in this action; and
>
> (3) provide CNB with guidance as to what steps, if any, CNB needs to take to implement the final determination of the Court in that regard.

(Dkt. No. 188 ¶ 16.)  CNB's position is also apparent in Plaintiffs' proposed Third Amended

Complaint, which seeks, among other relief, a declaration stating that: "Plaintiffs as

shareholders of record in EB&C, together hold[] two-thirds of the shares previously held by the

Trust."  (Dkt. No. 174, Ex. 1 ¶ 349.)  Accordingly, the Court will consider CNB's Motion to

Intervene despite its failure to submit a proposed pleading.

Intervention is granted as of right pursuant to Rule 24(a)(2) where the applicant:

> (1) [F]iles a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties.

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (internal citations omitted).

Permissive intervention, on the other hand, is discretionary and may be allowed if the

intervenor "has a claim or defense that shares with the main action a common question of law

or fact" and intervention would not "unduly delay or prejudice the adjudication of the original

parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3).  Courts consider among the following factors

when determining whether a party is entitled to permissive intervention:

> (1) [T]he nature and extent of the intervenors' interests; (2) the degree to which those interests are adequately represented by other parties; and (3) whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*New York v. Pruitt*, No. 18-cv-1030 (JPO), 2018 WL 1684341, at *1 (S.D.N.Y. Apr. 5, 2018)

(internal quotation marks omitted).  "[T]he standard for permissive intervention is more liberal

than that for intervention as of right, and requires at a minimum that the proposed intervenor

has 'a claim or defense that shares with the main action a common question of law or fact.'" *N.*

*Shore-Long Island Jewish Health Sys.,* 2015 WL 777248, at *24 (quoting Fed. R. Civ. P.

24(b)(1)(B)) (granting non-party's motion to permissively intervene where it sought to shield

itself from potential liability arising from breach of contract claims brought in the case-in-chief).

Here, the Court finds that CNB's request to permissively intervene as a defendant in this

action is appropriate.  First, none of the parties to this proceeding oppose intervention by CNB

and, thus, will not be prejudiced if the Motion is granted.  (Dkt. Nos. 181, 3; 184; 190.)  Second,

CNB's interests are not represented by any of the existing litigants because CNB is a neutral

party that has been thrust in the middle of the Trust beneficiaries' dispute regarding who is

legally entitled to acquire the remaining shares of EB&C stock.  (Dkt. No. 189 3-4.)  Third, as

discovery is ongoing, allowing CNB to intervene at this juncture will not unreasonably delay this

action.  (Dkt. No. 173.)  Fourth, the question of whether CNB can legally transfer 100 percent of

the remaining shares of EB&C stock to Defendant Eber is germane to Plaintiffs' allegations that Lester Eber breached his fiduciary duty to Plaintiffs and engaged in self-dealing.  (*See generally* Dkt. No. 88.)  Indeed, in their Motion for Leave to File a Third Amended Complaint, which is currently pending before this Court, Plaintiffs now expressly seek to enjoin Defendant Eber from acquiring all shares of EB&C voting stock from CNB.  (Dkt. No. 174 ¶¶ 306-331, ¶ 347.)

Additionally, the question of to whom CNB can transfer shares of EB&C stock is similar to a question underlying Plaintiffs' original cause of action against CNB – that CNB was complicit in the allegedly fraudulent transfer of stock to Lester Eber. (Dkt. No. 88 ¶¶ 86-90.)  As Defendant Eber's requests to CNB that all of the remaining shares of EB&C stock be transferred to him post-date CNB's voluntary dismissal from this proceeding, this issue could pose a new source of liability for CNB.

### CONCLUSION

Accordingly, the Court grants CNB's motion for permissive intervention.  The Court finds there is no need to reach the issue of whether CNB met the standard for intervention as of right.  The Court finds it need not reach the issue of whether CNB has a right to interplead in this action because CNB is already a party to this action by virtue of the Court granting its Motion to Intervene and, thus, already has the right to fully litigate its position in this action. *See, e.g.*, *Krishna v. Colgate Palmolive Co.*, No. 90-cv-4116 (CSH), 1991 WL 125186, at *3 (S.D.N.Y. July 2, 1991) ("An intervenor has equal standing with the original parties and is entitled to litigate fully on the merits.") (internal quotation marks omitted).

6

For the sake of achieving a comprehensive resolution of this Motion, CNB is hereby

directed to file a proposed pleading addressing the relief it seeks in this action by no later than

**April 17, 2019**.

       **SO ORDERED.**

DATED:     March 28, 2019
           New York, New York

                                              KATHARINE H. PARKER
                                              United States Magistrate Judge