UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, LISA STEIN and
AUDREY HAYS,

          Plaintiffs,

vs.

LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; CANANDAIGUA NATIONAL BANK & TRUST COMPANY; ESTATE OF ELLIOTT W. GUMAER, JR.; EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; and WENDY EBER,

          Defendants.

**INTERPLEADER COMPLAINT**

Civ. Action No.: 1:16-cv-09517-LAK

    Canandaigua National Bank & Trust Company ("CNB" or "the Bank"), by and through its attorneys, Woods Oviatt Gilman LLP alleges as follows:

    1.    CNB was an original defendant in this action. By stipulation filed on August 7, 2018, the action as against CNB was dismissed with prejudice. [Docket No. 117].

    2.    By virtue of this Court's Opinion and Order [Docket No. 200], CNB's motion to intervene was granted. This Court, in its Opinion and Order, determined that because the question as to whom CNB can transfer shares of stock in Eber Bros. & Co., Inc. could pose a new source of liability for CNB, intervention was justified.

**PRELIMINARY STATEMENT**

    3.    CNB, with this impleader complaint, seeks resolution within the context of this action, of the conflicting claims between the Plaintiffs and the Defendants or, at least, the Defendants other than the Estate of Elliott W. Gumaer, Jr., (the "Eber Defendants"),

{7202982: }

as to any residual interest CNB may retain, or any residual authority CNB may possess, as to the testamentary trust created under the Last Will and Testament of Allen Eber (the "Trust").  Allen Eber was the father of Defendant Lester Eber, and the grandfather of Defendant, Wendy Eber, as well as the Plaintiffs.  Specifically, CNB seeks resolution as to the distribution of the shares of stock in Eber Bros. & Co., Inc. as between Defendant, Lester Eber, and the Plaintiffs.  CNB will abide by the determination of this Court insofar as CNB retains any residual power of authority over the distribution of the stock and/or delivery of stock powers.

## BACKGROUND

4.  CNB was a Co-Trustee of the Trust starting in 2007.  The other Trustees were Defendants, Lester Eber, and Elliott W. Gumaer, Jr.

5.  On June 1, 2017, the Monroe County Surrogate's Court entered an Order for Judicial Settlement of Final Account of Successor Co-Trustee, Resignation and Discharge of Co-Trustee and Termination of Trust (a copy of this Order is attached hereto as **Exhibit "1"**).

6.  The Surrogate's Court Order, *inter alia*, discharged CNB as Co-Trustee, directed the distribution of the Trust assets and terminated the Trust.  Defendant, Lester Eber, as one of three Co-Trustees of the Trust, participated in the proceeding before the Monroe County Surrogate.  The record reflects that he was represented in the proceeding by James Vazzana, Esq., a well-known estates and trust attorney practicing in Rochester, New York.

7. As part of CNB's efforts to distribute the assets of the Trust and on August 1, 2017, CNB's counsel, Lorisa D. LaRocca, Esq., sent a letter to Mr. Vazzana providing him with a distribution sheet with a proposed distribution of securities, including the stock in Eber Bros. & Co., Inc. ("Eber Bros." or "the Company") Class A, Class B and 6% non-cumulative securities (copies of Ms. LaRocca's August 1, 2017 letter and enclosures are attached hereto as **Exhibit "2"**).  Ms. LaRocca was responding to correspondence from Mr. Vazzana in which he questioned the original distribution due to the fact that payments had been made previously to one of Allen Eber's heirs and those distributions required adjustments to the final distribution schedule.

8. Years before CNB sought termination of the Trust, CNB advised Lester Eber that the Company's securities were considered "off guidance list securities" and did not meet CNB's criteria for continued retention.  As a result, CNB pointed out to Mr. Eber that, while it would hold the stock, it was not responsible for monitoring the future performance of the securities (a copy of this acknowledgement is attached hereto as **Exhibit "3"**).

9. Because CNB assumed no responsibility for the performance of the closely held securities, during the time it served as a Co-Trustee, CNB was never furnished with the corporate record book for Eber Bros. the stock register or a copy of the corporate bylaws.  As a result, CNB did not participate in the management of Eber Bros. & Co., Inc. or any of its subsidiaries or affiliates.

## LESTER EBER'S ATTEMPT TO
## PURCHASE THE EBER BROS. STOCK

10.     On October 31, 2018, counsel for CNB received an e-mail from Paul F. Keneally, Esq., counsel for the Eber Defendants in the instant action.  Attached to Mr. Keneally's e-mail was a purported "Notice of Intent to Purchase Shares" signed by Lester Eber, intending to give CNB notice of his intent to purchase all of the shares of Eber Bros.' capital stock still purportedly held by the Trust (copies of Mr. Keneally's e-mail and the Notice of Intent to Purchase Shares are attached hereto as **Exhibit "4"**).

11.     Later that same day, Brian C. Brook, Esq., counsel for the Plaintiffs, responded to Mr. Keneally's purported notice.  In his e-mail, Mr. Brook asserted that the Notice of Intent to Purchase Shares was "defective" in that it failed to identify the legal basis for the right to purchase.[1]  Mr. Brook also noted that the shares "have already been transferred and such transfer ordered by the Surrogate's Court" and, as a result, claim that the Secretary of Eber Bros., Inc. had a duty to transfer the securities as directed in the distribution and that the failure to do so constituted an additional breach of fiduciary duty.  Mr. Brook concluded his e-mail by stating: "I direct CNB to disregard Lester's notice" (a copy of Mr. Brooks' October 31, 2018 e-mail is attached hereto as **Exhibit "5"**).

12.     On December 17, 2018, counsel for CNB received an e-mail from John Herbert, Esq. who advised CNB's counsel that he was "co-counsel to Lester Eber along with Paul Keneally."  Mr. Herbert's e-mail attached a second purported Notice of

---

[1] CNB was furnished with a copy of the bylaws on October 31, 2018.  According to Article XII(1), the notice of intent to purchase must state "the terms of the proposed transfer." (A copy of the bylaws of Eber Bros is attached as Exhibit "A" to Docket No. 143 at pages 6 through 17).  The October 31, 2018, notice did not set forth any terms of the proposed transfer, for example, the proposed purchase price.

Intent to Purchase Shares of Eber Bros. which, in addition to the information contained in the October 31, 2018 Notice, contained a purchase price of zero dollars, (copies of Mr. Herbert's December 17, 2018 e-mail and the attached Notice of Intent to Purchase shares are attached hereto as **Exhibit "6"**).

13. On or about October 11, 2017, CNB's counsel, Lorisa LaRocca, Esq., sent to Lester Eber's counsel, James G. Vazzana, Esq. and Plaintiffs' counsel, Brian C. Brook, Esq., their clients' respective copies of stock powers transferring their shares of Eber Bros. pursuant to CNB's previously furnished distribution schedule. As Ms. LaRocca notes: "[a]s the Bank never had possession of the company stock book or other corporate documents and, despite requests, the Bank was not provided with the same, we were required to complete these transfers via these Stock Powers as opposed to issuing new stock certificates." Ms. LaRocca then asked for further guidance with respect to the original stock powers (a copy of Ms. LaRocca's October 11, 2017 letter with enclosures is attached hereto as **Exhibit "7"**). Until Mr. Keneally's e-mail more than one year later, CNB received no guidance whatsoever from the Company's corporate secretary or anyone else purporting to act on behalf of Eber Bros.

14. Insofar as Mr. Eber or any of the other Eber Defendants question whether this communication from Ms. LaRocca provided Mr. Eber with legal notice of the manner in which the stock powers for the Eber Bros. stock would be distributed, Mr. Eber received actual notice of the planned distribution of the stock.

## RELIEF SOUGHT

15. Because there is a dispute between the Plaintiffs and the Eber Defendants as to Mr. Eber's right to purchase the Plaintiffs' stock in Eber Bros. and the outcome of this dispute will affect the interests of CNB, intervention is necessary. Since Mr. Eber has requested that CNB deliver the stock to him and Plaintiff's counsel objects, CNB acts at its own peril in endorsing either position.

**WHEREFORE**, CNB requests this Court to grant it the following relief:

(1) That the Court direct the parties to:

    (A) Refrain from commencing any independent actions against CNB to address Mr. Eber's efforts to purchase the stock in Eber Bros.;

    (B) Require the parties to litigate any issues relating to the disposition of the stock in this action;

(2) Adjudicate those issues in this action;

(3) Provide CNB with guidance and/or direction as to what steps, if any, CNB needs to take to implement the final determination of the Court in that regard; and

(4) Grant such other relief as the Court deems just and proper.

DATED: April 17, 2019
           Rochester, New York

WOODS OVIATT GILMAN LLP

By: _____
Donald W. O'Brien, Jr., Esq.
*Attorneys for Intervenor, CNB*
700 Crossroads Building
2 State Street
Rochester, New York 14614
585.987.2800