

700 Crossroads Building
2 State Street, Rochester, New York 14614
P 585.987.2800    F 585.454.3968

WOODS OVIATT GILMAN LLP

1900 Main Place Tower
Buffalo, New York 14202
P 716.248.3200    F 716.854.5100

Writer's Direct Dial Number: 585.987.2810
Writer's Direct Fax Number: 585.987.2910
Email: dobrien@woodsoviatt.com

ATTORNEYS
woodsoviatt.com

May 1, 2019

**VIA ECF FILING**

Hon. Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl St.
New York, New York 10007-1312

     Re:    **Kleeberg et al. v. Eber et al.**
            **Case No. 1:16-cv-09517-LAK-KHP**

Dear Magistrate Judge Parker:

     We represent Canandaigua National Bank & Trust Company ("CNB") in connection with the above-referenced matter. As you may also recall, by virtue of your Opinion and Order, filed March 29, 2019 [Docket No. 200], CNB's motion to intervene was granted.[1] CNB was forced to seek intervention in order to file an interpleader complaint because it had received conflicting instructions from the Plaintiffs and from Lester Eber regarding the disposition of stock in Eber Bros. & Co., Inc.

     Once CNB was granted leave to intervene and became a party once again to this action, Colin Ramsey, Esq., counsel for Defendants, Lester Eber, Alexbay, LLC f/k/a Lester Eber, LLC, Eber Bros. & Co., Inc., Eber Bros. Wine and Liquor Corp., Eber Bros. Wine & Liquor Metro, Inc., Eber-Connecticut, LLC and Wendy Eber (the "Eber Defendants"), served a notice of deposition upon me pursuant to Fed. R. Civ. P. 30(b)(6). (A copy of that notice is attached hereto as **Exhibit "1"**). As the Court will note, the topics on which the Eber Defendants sought testimony from a representative or representatives of CNB covered 19 topics or sub-topics, including one topic with eight sub-topics relating to the proceeding to terminate the trust under the will of Alan Eber (paragraph 2a-h), a proceeding which was resolved by Order dated June 1, 2017. The Rule 30(b)(6) deposition requested by the Eber Defendants is currently scheduled to be held on May 13, 2019.

---

[1] CNB was an original defendant in this action. By Stipulation filed on August 7, 2018, the action as against CNB was dismissed with prejudice [Docket No. 117].

*The art of representing people*®

{7263165: }

May 1, 2019
Page 2

On April 24, 2019, I wrote to counsel for the Eber Defendants to propose that counsel meet and confer to discuss the Rule 30(b)(6) deposition notice and, if the parties were unable to agree, to advise that I would be seeking relief from the Court. The call was actually held on Thursday, April 25, 2019, and, in response to Mr. Ramsey's request, I articulated my objections in advance of the meet and confer via e-mail (a copy of my April 25, 2019 e-mail is attached hereto as **Exhibit "2"**).

At the meet and confer held later that day, it became apparent that, with respect to Request No. 2 in Attachment A to the Notice (Exhibit 1), the Eber Defendants intended to go behind the Surrogate's Court Order, engage in a fishing expedition as to the validity of the relief which was granted and collaterally attack the Surrogate's Court Order. While disavowing any attempt to try and undermine the Surrogate's Court determination, John Herbert, one of Mr. Eber's attorneys, criticized the Surrogate's Court determination, pointing out that there was "a whole long list of things that were suspect." Mr. Herbert went on to say that "the petition was inconsistent with the Trust" and that "Lester didn't sign the Petition."

Lester Eber, as one of three Co-Trustees of the Trust, was represented in the proceeding before the Monroe County Surrogate by James Vazzana, Esq., a well-known estates and trusts attorney practicing in Rochester, New York. In conjunction with CNB's efforts to distribute the assets of the Trust, CNB's counsel, Lorisa D. LaRocca, Esq. wrote to Mr. Vazzana on August 1, 2017 to provide him with a proposed distribution of securities, including the stock in Eber Bros. & Co., Inc. stock. In doing so, Ms. LaRocca was responding to correspondence from Mr. Vazzana in which he had questioned the original distribution because certain payments had been made previously to one of Mr. Eber's heirs and those distributions necessitated adjustments to the final distribution schedule. Accordingly, Mr. Eber was involved in the Surrogate's Court proceeding and is bound by its determination. It should be noted that Mr. Eber took no steps to prevent CNB from terminating the Trust and, if Mr. Eber believed that CNB was not entitled to terminate the Trust, he could have appealed the Surrogate's Court Order. He did not do so.

Thus, the Eber Defendants are asking CNB to expend considerable time and resources preparing a witness to answer questions of CNB to justify its decision to terminate the Trust nearly two years after that relief was granted by the Court. We believe this is highly inappropriate and irrelevant based upon the doctrine of issue preclusion.

Moreover, assuming there is some tangential relevance to the information to be gleaned by re-examining the Surrogate's Court proceeding, the incremental benefit of such discovery is far outweighed by the burden of preparing a witness or witnesses from CNB to testify as to these topics. As I noted in my April 25, 2019 e-mail to Mr. Ramsey, "but for your client's demand that the Bank deliver stock shares to him, the Bank would not have been forced to intervene and expose itself to the technical susceptibility to a notice such as the one you served." The parties have already taken the deposition of the former Trust officer for the Trust, Richard Hawks, who testified for more than seven hours over two separate days. Simply because the Eber Defendants didn't like Mr. Hawks' answers does not mean that CNB should be forced to locate and its counsel prepare witnesses less involved with the Trust and less familiar with its history than Mr. Hawks.

May 1, 2019
Page 3

On April 30, 2019, the Eber Defendants served a revised Rule 30(b)(6) notice which reduced the number of topics and the scope of the examination (a copy of this revised Rule 30(b)(6) notice is attached hereto as **Exhibit "3"**). As Mr. Ramsey noted in his e-mail attaching this revised notice: "we are not willing to eliminate questions regarding the Trust and its termination." While we are grateful to the Eber Defendants for discarding some clearly improper topics, we still believe that the notice is improper.

An overarching problem with the revised notice is that the remaining topics implicate the attorney-client and work product privileges. CNB was represented during the proceeding before the Monroe County Surrogate's Court by counsel and the decisions made regarding the filing of the petition and the handling of the proceeding thereafter will clearly trigger objections as to these privileges and are likely to require repeated Court intervention. "[S]uch situations often result in an unnecessary additional burden for the parties and the Court in resolving the inevitable questions of attorney-client privilege and work product that would arise." *EEOC v. McCormick & Schmick's Seafood Rests., Inc.*, 2010 U.S. Dist. LEXIS 61603 at **9-10 (D.C. MD., June 22, 2010).

For these reasons and for the reasons advanced by Mr. Brook, CNB submits that this revised Rule 30(b)(6) notice does not seek information reasonably calculated to lead to the discovery of admissible evidence. The notice will inevitably lead to disagreement over the attorney-client and work product privileges with, at best, an occasional foray into relevancy. In short, the prejudice, costs and likely burden on the Court far outweigh any incremental benefit that the Eber Defendants may secure.

If you think it is warranted, we are willing to make a formal motion for a protective order.

Respectfully yours,

WOODS OVIATT GILMAN LLP

Dan O'Brien
Please direct responses to Rochester Office
As of May 20, 2019 our new address will be:
1900 Bausch & Lomb Place, Rochester NY 14604

DOB/vat
Enclosures

{7263165: }                                                                 *The art of representing people*®