# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, LISA STEIN, and AUDREY
HAYS,

                         Plaintiffs,

    v.

LESTER EBER; ALEXBAY, LLC f/k/a LESTER
EBER, LLC; CANANDAIGUA NATIONAL BANK
& TRUST COMPANY; ESTATE OF ELLIOTT W.
GUMAER, JR.; EBER BROS. & CO., INC.; EBER
BROS. WINE AND LIQUOR CORP.; EBER BROS.
WINE & LIQUOR METRO, INC.; EBER-
CONNECTICUT, LLC; and WENDY EBER,

                         Defendants.

Civil Action No.
16-CV-9517(LJK/KHP)

**NOTICE OF DEPOSITION
PURSUANT TO FED. R.
CIV. P. 30(b)(6)**

TO:      **THE CANANDAIGUA NATIONAL BANK & TRUST COMPANY ("CNB")**
C/O:      **DONALD O'BRIEN, ESQ.
WOODS OVIATT GILMAN
700 CROSSROADS BUILDING
2 STATE STREET
ROCHESTER, NEW YORK 14614**

      PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6), Defendants LESTER EBER, ALEXBAY, LLC f/k/a LESTER EBER, LLC, EBER BROS. & CO., INC., EBER BROS. WINE AND LIQUOR CORP., EBER BROS. WINE & LIQUOR METRO, INC., EBER-CONNECTICUT, LLC and WENDY EBER (the "Eber Defendants") will take the deposition of Canandaigua National Bank & Trust Company ("CNB") upon oral examination before a notary public **at the law offices of Underberg & Kessler LLP, attorneys for the Eber Defendants, 300 Bausch and Lomb Place, Rochester, New York 14604,** on the *13th day of May, 2019 at 10:00 a.m.* in the forenoon of that day and at any adjourned date, in the above-entitled action now pending in the United States District Court in the Southern District of New York. CNB is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of CNB concerning the subject matter described on Attachment A hereto.

Dated:    April 4, 2019

                                   Colin D. Ramsey, Esq.
                                   UNDERBERG & KESSLER LLP
                                   *Attorneys for the Eber Defendants*
                                   300 Bausch & Lomb Place
                                   Rochester, New York 14604
                                   Telephone: (585) 258-2800

## ATTACHMENT A

1.      CNB's role in holding, voting, transferring or otherwise handling any capital stock of Eber Brothers & Co., Inc. ("EB&Co."), as Co-Trustee of the Allen Eber Trust (the "Trust), including, without limitation,

   i.   CNB's actions relating to any EB&Co. capital stock after the Trust was ordered terminated by Order of the Monroe County Surrogate's Court on June 1, 2017;

   ii.   the purported transfers of shares of EB&Co. capital stock to Trust beneficiaries after June 1, 2017;

   iii.   stock powers executed by CNB with respect to the shares of EB&Co. capital stock registered in the name of the Co-Trustees;

   iv.   letters written by Lorisa D. LaRocca, Esq. to counsel for the respective beneficiaries, dated October 11, 2017; and

   v.   Receipts and Releases requested by CNB from the Trust beneficiaries.

2.      All matters relating to Monroe County Surrogate's Court case (Case No. 1970DT01952), including, without limitation,

   a.   the decision to terminate the Trust and the justification for doing so under the Allen Eber Will;

   b.   the preparation of the Petition for termination of the Trust;

   c.   the preparation of the Final Accounting for termination of the Trust;

   d.   all Surrogate's Court proceedings relating to the case;

   e.   the proposed allocation of the Trust assets on July 12, 2017;

   f.   the proposed reallocation of the Trust assets on August 1, 2017, including the EB&Co. stock;

   g.   CNB's knowledge before or after June 1, 2017 of the allegations in the Plaintiff's complaint filed in December 2016; and

   h.   CNB's knowledge before or after June 1, 2017 of the terms of the settlement between the Eber entities and the PBGC in February 2017.

3.      All matters relating to the transfer restrictions set forth in Article XII of the EB&Co. Bylaws, including without limitation, any giving of the notice by the transferor required by Article XII, Section 1 of the Bylaws, and the exercise of the call right by Lester Eber on October 30, 2018.

4.      Administration of the Eber Bros. Wine & Liquor Corporation Pension Plan and the trust assets thereof.

5.      The terms of the CNB settlement agreement with the Plaintiffs.

6.      Manner in which CNB verified that Lisa Stein and Danny Kleeberg are successors in interest to Sally Kleeberg's rights as a Trust beneficiary and as a shareholder of EB&Co.

# EXHIBIT 2

## O'Brien, Dan

| | |
|---|---|
| **From:** | O'Brien, Dan |
| **Sent:** | Thursday, April 25, 2019 9:35 AM |
| **To:** | 'Ramsey, Colin D.' |
| **Cc:** | Robert Calihan; Keneally, Paul F.; Brian Brook |
| **Subject:** | CNB 30(b)(6) |

Colin:

Your focus seems to be the Bank's justification for seeking to end the Trust (Topics 2(a) through (h)).  The papers speak for themselves and, if your clients disagreed with the relief being sought, they had ample opportunity to make their objections known while the proceeding was pending.  Mr. Eber, who was a trustee of the trust and was represented by counsel during the proceeding, could have opposed the Bank's petition but did not.  Nor was any appeal of Judge Owens' order ever filed.   As far as I can see, the proposed topics appear to be aimed at an improper collateral attack on the Surrogate Court's determination and, as a result, are irrelevant.

As far as the Bank's role with respect to the stock of Eber Bros. & Co., Inc. is concerned (Topics 1(i) through (v)), the parties have taken the deposition of Richard Hawks, the trust officer responsible for the management of the Trust and the person most knowledgeable about the Bank's limited role with respect to that stock.  You need to explain to me why we need to provide another representative of the Bank to speak to this subject.

To the extent your 30(b)(6) notice addresses topics other than the management of the trust (Topics 3 and 4), you need to explain to me what relevance these topics have to the issues in this lawsuit and/or the Bank and why you believe that the Bank should, or does, have knowledge of these topics.

With respect to the "terms of the CNB settlement agreement with the Plaintiffs," it is my understanding that you and all other counsel were sent a copy of the settlement agreement on February 1st so you do not need a witness from the Bank to illuminate you in that regard.

Even if some of the areas of inquiry are marginally relevant, the incremental benefit of the 30(b)(6) deposition is far outweighed by the burden of preparing a witness or witnesses to testify as to these nineteen topics.  The Trust was terminated almost two years ago and the Bank was dismissed from the case with prejudice on August 18, 2018, so compliance with your subpoena would impose a significant and costly burden on the Bank.  As you know, but for your client's demand that the Bank deliver stock shares to him, the Bank would not have been forced to intervene and expose itself to the technical susceptibility to a notice such as the one your served.  As I mentioned in my e-mail from yesterday, there was no counsel representing the Bank when the Magistrate Judge appeared to approve the service of such a notice, so we have never waived our right to object to the 30(b)(6) notice.

Finally, the focus of most of your proposed topics implicate the attorney-client and work product privileges.  It is clear that the expected objections as to many, if not most, of the questions will require the Court's intervention and will place a significant burden on the Court's time and attention.

We hope this assists you in understanding our opposition to this notice.  This e-mail does not purport to be an exhaustive list of our objections.  We reserve all our rights and waive none in that regard.

Unless I hear otherwise, we will confer at 3:30 pm.  Do you want to set up a conference call number?

Dan O'Brien, Esq.
Partner
Direct Dial: 585-987-2810
Direct Fax: 585-987-2910

dobrien@woodsoviatt.com

Firm Phone: 585-987-2800
Firm Fax: 585-454-3968
woodsoviatt.com



*PLEASE NOTE: We will be moving our offices soon.  As of May 20, 2019 our new address will be:*
*1900 Bausch & Lomb Place, Rochester, New York 14604*

*The addresses of our other offices in Buffalo and Phoenix will remain the same.*

*700 Crossroads Building 2 State Street  Rochester, New York 14614*

A Member of **MERITAS** Firms Worldwide.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND IS INTENDED ONLY FOR REVIEW AND USE BY THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING OF THIS COMMUNICATION OR ANY PART THEREOF IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE DESTROY THIS COMMUNICATION, INCLUDING ALL ATTACHMENTS. PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL OR CALL 585-987-2800.

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, LISA STEIN AND AUDREY HAYS,

PLAINTIFFS,

V.

LESTER EBER, ALEXBAY, LLC F/K/A
LESTER EBER, LLC, ESTATE OF ELLIOT W. GUMAER, JR.,
EBER BROS. & CO, INC., EBER BROS. WINE AND LIQUOR
CORP., EBER BROS. WINE & LIQUOR METRO, INC.,
EBER CONNECTICUT, LLC, AND WENDY EBER,

DEFENDANTS.

_____

CANANDAIGUA NATIONAL BANK & TRUST COMPANY,

INTERVENOR- PLAINTIFF,

V.

LESTER EBER, ALEXBAY, LLC F/K/A
LESTER EBER, LLC, ESTATE OF ELLIOT W. GUMAER,
JR.,EBER BROS. & CO, INC., EBER BROS. WINE AND
LIQUOR CORP., EBER BROS. WINE & LIQUOR METRO,
INC., EBER CONNECTICUT, LLC, WENDY EBER,
DANIEL KLEEBERG, LISA STEIN AND AUDREY HAYS,

INTERVENOR- DEFENDANTS.

Civil Action No.
16-CV-9517(LJK/KHP)

**NOTICE OF DEPOSITION
PURSUANT TO
FED. R. CIV. P. 30(b)(6)**

TO:    **THE CANANDAIGUA NATIONAL BANK & TRUST COMPANY ("CNB")**

    C/C:    **DONALD O'BRIEN, ESQ.
WOODS OVIATT GILMAN
700 CROSSROADS BUILDING
2 STATE STREET
ROCHESTER, NEW YORK 14614**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6), Defendants LESTER EBER, ALEXBAY, LLC f/k/a LESTER EBER, LLC, EBER BROS. & CO., INC., EBER BROS. WINE AND LIQUOR CORP., EBER BROS. WINE & LIQUOR METRO, INC., EBER-CONNECTICUT, LLC and WENDY EBER (the "Eber Defendants") will take the deposition of CNB upon oral examination before a notary public at the law offices of Underberg & Kessler LLP, attorneys for the Eber Defendants, 300 Bausch and Lomb Place, Rochester, New York 14604, on the 13th day of May, 2019 at 10:00 a.m. in the forenoon of that day and at any adjourned date, in the above-entitled action now pending in the United States District Court in the Southern District of New York.  CNB is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of CNB concerning the subject matter described on Attachment A hereto.

Dated:    April 30, 2019

_____
Colin D. Ramsey, Esq.
UNDERBERG & KESSLER LLP
*Attorneys for the Eber Defendants*
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 258-2800

## ATTACHMENT A

1.      CNB's role in holding, voting, transferring or otherwise handling any capital stock of Eber Brothers & Co., Inc. ("EB&Co."), as Co-Trustee of the Allen Eber Trust (the "Trust), including, without limitation

   i.   CNB's actions relating to any EB&Co. capital stock after the Trust was ordered terminated by Order of the Monroe County Surrogate's Court on June 1, 2017;

   ii.  the purported transfers of shares of EB&Co. capital stock to Trust beneficiaries after June 1, 2017;

   iii. stock powers executed by CNB with respect to the shares of EB&Co. capital stock registered in the name of the Co-Trustees;

   iv.  communications by CNB with respective beneficiaries; and

   v.   Receipts and Releases requested by CNB from the Trust beneficiaries.

2.      All matters relating to Monroe County Surrogate's Court case (Case No. 1970DT01952), including, without limitation

   a.   the decision to terminate the Trust and the justification for doing so under the Allen Eber Will;

   b.   the preparation of the Petition and Final Accounting for termination of the Trust;

   c.   the proposed allocation of the Trust assets on July 12, 2017;

   d.   the proposed reallocation of the Trust assets on August 1, 2017, including the EB&Co. stock;

   e.   CNB's knowledge on or before June 1, 2017 of the allegations in the Plaintiff's complaint filed in December 2016;

   f.   CNB's knowledge of the terms of the settlement between the Eber entities and the PBGC in February 2017; and

   g.   the rights of Wendy and David Eber under Allen Eber's Will.

3.      All matters relating to the transfer restrictions set forth in the Article XII of the EB&Co. Bylaws, including without limitation, any giving of the notice by the transferor required by Article XII, Section 1 of the Bylaws, and the exercise of the call right by Lester Eber on October 30, 2018.