

underberg & kessler LLP

COLIN D. RAMSEY, PARTNER
(716) 847-9103
cramsey@underbergkessler.com

May 6, 2019

**Electronic Submission**

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Lester Eber, et al.*
      Civ. Action No.: 16-cv-09517-LAK-KHP

Dear Magistrate Parker:

As you know, this Firm represents the Eber Defendants in the above-referenced matter. I write in response to the May 1, 2019 correspondence of Brian C. Brook, Esq., counsel for Plaintiffs, and correspondence dated May 1, 2019, from Dan O'Brien, Esq., counsel for Canandaigua National Bank & Trust Company ("CNB"). Plaintiffs and CNB erroneously seek to limit the scope of the Eber Defendants' FRCP 30(b)(6) deposition of CNB. A copy of the Eber Defendants' amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) is attached hereto as Exhibit A.

On December 19, 2018, this Court held a Case Management Conference. At that conference, the Eber Defendants asked that the Court stay discovery pending the Court's ruling on Plaintiffs' Motion to Amend the Second Amended Complaint. The Court denied this request and directed the parties to proceed with discovery on all issues in the proposed Third Amended Complaint ("TAC") until the court decides which issues will be included or excluded. During the March Case Management Conference, the Eber Defendants advised the Court that additional testimony from CNB would be necessary and the Court agreed.

Plaintiffs' TAC contains five (5) pages and thirty-four (34) paragraphs of allegations related to Eber Brothers & Co., Inc. stock (the "Stock"). Included in Plaintiffs' claims are allegations relating to the termination of the Allen Eber Trust and Lester Eber's assertion of his rights pursuant to the corporate bylaws.

The Eber Defendants are entitled to discovery of information related to CNB's handling of the Stock, the circumstances leading up to CNB's unilateral decision to seek to terminate the Allen



Hon. Katharine H. Parker
May 6, 2019
Page 2

Eber Trust and termination of the trust itself. This discovery is critical to the Eber Defendants' defense of the numerous allegations related to these events contained in Plaintiffs' TAC.

The Eber Defendants have worked in good faith to reduce the topics covered in the 30(b)(6) deposition at CNB's request. After the meet and confer conference, the Eber Defendants reduced the scope of the proposed deposition and removed multiple topics. However, the Eber Defendants are entitled to and require discovery of the remaining topics because they are highly relevant to Plaintiffs' claims and the Eber Defendants' defenses.

## Plaintiffs' May 1, 2019 Correspondence:

Contrary to Plaintiffs' allegations, there is no res judicata issue here. The Eber Defendants have made no attempt to collaterally attack the Surrogate's Court proceedings. There is no pending motion or action challenging the Surrogate's Court Order. The Eber Defendants, however, are entitled to discover information from CNB related to its holding, voting, transferring and handling of the Stock and the termination of the Allen Eber Trust. For example, the TAC alleges that it was impossible to determine the book value of EB&C, and as a result, Lester Eber is not entitled to exercise any purchase right. The Eber Defendants are entitled to explore this with CNB. Such information is crucial to the Eber Defendants' defense, and these topics were put at issue in Plaintiffs TAC.

Plaintiffs' citation to the probate exception and *Marcus v. Quattrocchi* is misplaced and unrelated to the issue of the Eber Defendants' desire to depose CNB. Again, there is no motion or action pending challenging the Surrogate's Court Order or asking that the Stock remain with the Allen Eber Trust. The Eber Defendants are enforcing the terms of the corporate by-laws, which provide a mechanism for Lester Eber to purchase shares that are proposed to be transferred by a current shareholder, not returned to the Trust.

Plaintiffs are asking the Court to foreclose the Eber Defendants' opportunity to discover information directly related to allegations contained in Plaintiffs proposed Third Amended Complaint on the theory that the Eber Defendants *could* seek a remedy *sometime* in the future that *might* invoke the probate exception.[1] The probate exception fails as a basis to deny the Eber Defendants the opportunity to discover facts which are relevant to their defense of Plaintiff's numerous allegations concerning the Stock.

## CNB's May 1, 2019 Correspondence:

Similar to Plaintiffs, CNB improperly invokes issue preclusion as a reason to deny the Eber Defendants' 30(b)(6) deposition request. Lester Eber's appearance in the Surrogate's Court

---

[1] Should these speculative and amorphous circumstances come to pass, Plaintiffs would be entitled to raise any appropriate objection when the issue is ripe.

Hon. Katharine H. Parker
May 6, 2019
Page 3

proceedings does not preclude him—or the other Eber Defendants who were not parties to the Surrogate's Court proceeding—from deposing CNB, the entity responsible for handling the Stock and unilaterally initiating the Allen Eber Trust's termination, about topics relevant to Plaintiffs' claims.[2]

CNB's desire to reduce its costs related to this action and avoid questions related to its actions with respect to the Allen Eber Trust are insufficient to deny the Eber Defendants' 30(b)(6) notice. The topics enumerated in the Eber Defendants' Notice of Deposition are "substantively and temporally relevant to the claims [and] defenses" herein. *Winfield v. City of N.Y.*, No. 15-cv-05236 (LTS) (KHP), 2018 U.S. Dist. LEXIS 22996, at *15 (S.D.N.Y. Feb. 12, 2018). The Eber Defendants are entitled to depose CNB as noticed.

CNB's concerns about attorney client privilege are also insufficient to defeat a 30(b)(6) deposition. *See Dealer Comput. Servs. v. Curry*, 2013 U.S. Dist. LEXIS 18315, at *18 (S.D.N.Y. Feb. 7, 2013) (enumerating the governing principles when potential privileged information is sought at a 30(b)(6) deposition). "Litigants usually cannot prohibit a 30(b)(6) deposition by arguing in advance that each and every question would trigger the disclosure of attorney-client and work product information". *Id.* The Eber Defendants are entitled to seek discovery of information relevant to their defense. There is no rule excluding the discovery of information related to prior matters if that prior matter is relevant to the current action.

Both Plaintiffs and CNB concede the relevance of the proposed distribution of Eber Bros. & Co., Inc. stock as it is the subject of 34 paragraphs of Plaintiffs' TAC and the subject of CNB's intervenor complaint. The Eber Defendants are entitled to depose a CNB representative about the topics enumerated in its amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

The Eber Defendants welcome the opportunity to discuss this matter with the Court on May 7, 2019.

Respectfully submitted,

Colin D. Ramsey

CDR/jf

cc: Counsel of record

---

[2] Wendy Eber, Alexbay, LLC, Eber Bros. & Co., Inc., Eber Bros. Wine and Liquor Corp., Eber Bros. Wine & Liquor Metro, Inc., and Eber Connecticut, LLC were not parties to the Surrogate's Court action.

50 Fountain Plaza, Suite 320, Buffalo, NY 14202
716-848-9000 PHONE 716-847-6004 FAX

www.underbergkessler.com

Additional Offices
Rochester, Canandaigua, Newark, and Geneseo, NY

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN AND AUDREY HAYS,<br><br>PLAINTIFFS,<br><br>V.<br><br>LESTER EBER, ALEXBAY, LLC F/K/A LESTER EBER, LLC, ESTATE OF ELLIOT W. GUMAER, JR., EBER BROS. & CO, INC., EBER BROS. WINE AND LIQUOR CORP., EBER BROS. WINE & LIQUOR METRO, INC., EBER CONNECTICUT, LLC, AND WENDY EBER,<br><br>DEFENDANTS.<br>_____<br>CANANDAIGUA NATIONAL BANK & TRUST COMPANY,<br><br>INTERVENOR- PLAINTIFF,<br><br>V.<br><br>LESTER EBER, ALEXBAY, LLC F/K/A LESTER EBER, LLC, ESTATE OF ELLIOT W. GUMAER, JR.,EBER BROS. & CO, INC., EBER BROS. WINE AND LIQUOR CORP., EBER BROS. WINE & LIQUOR METRO, INC., EBER CONNECTICUT, LLC, WENDY EBER, DANIEL KLEEBERG, LISA STEIN AND AUDREY HAYS,<br><br>INTERVENOR- DEFENDANTS. | Civil Action No. 16-CV-9517(LJK/KHP)<br><br>**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

**TO:** THE CANANDAIGUA NATIONAL BANK & TRUST COMPANY ("CNB")

    **C/C:** DONALD O'BRIEN, ESQ.
            WOODS OVIATT GILMAN
            700 CROSSROADS BUILDING
            2 STATE STREET
            ROCHESTER, NEW YORK 14614

       PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6), Defendants LESTER EBER, ALEXBAY, LLC f/k/a LESTER EBER, LLC, EBER BROS. & CO., INC., EBER BROS. WINE AND LIQUOR CORP., EBER BROS. WINE & LIQUOR METRO, INC., EBER-CONNECTICUT, LLC and WENDY EBER (the "Eber Defendants") will take the deposition of CNB upon oral examination before a notary public at the law offices of Underberg & Kessler LLP, attorneys for the Eber Defendants, 300 Bausch and Lomb Place, Rochester, New York 14604, on the 13th day of May, 2019 at 10:00 a.m. in the forenoon of that day and at any adjourned date, in the above-entitled action now pending in the United States District Court in the

Southern District of New York.  CNB is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of CNB concerning the subject matter described on Attachment A hereto.

Dated:   April 30, 2019                                              _____
                                                                   Colin D. Ramsey, Esq.
                                                                   UNDERBERG & KESSLER LLP
                                                                   *Attorneys for the Eber Defendants*
                                                                   300 Bausch & Lomb Place
                                                                   Rochester, New York 14604
                                                                   Telephone: (585) 258-2800

# ATTACHMENT A

1.  CNB's role in holding, voting, transferring or otherwise handling any capital stock of Eber Brothers & Co., Inc. ("EB&Co."), as Co-Trustee of the Allen Eber Trust (the "Trust), including, without limitation

    i. CNB's actions relating to any EB&Co. capital stock after the Trust was ordered terminated by Order of the Monroe County Surrogate's Court on June 1, 2017;

    ii. the purported transfers of shares of EB&Co. capital stock to Trust beneficiaries after June 1, 2017;

    iii. stock powers executed by CNB with respect to the shares of EB&Co. capital stock registered in the name of the Co-Trustees;

    iv. communications by CNB with respective beneficiaries; and

    v. Receipts and Releases requested by CNB from the Trust beneficiaries.

2.  All matters relating to Monroe County Surrogate's Court case (Case No. 1970DT01952), including, without limitation

    a. the decision to terminate the Trust and the justification for doing so under the Allen Eber Will;

    b. the preparation of the Petition and Final Accounting for termination of the Trust;

    c. the proposed allocation of the Trust assets on July 12, 2017;

    d. the proposed reallocation of the Trust assets on August 1, 2017, including the EB&Co. stock;

    e. CNB's knowledge on or before June 1, 2017 of the allegations in the Plaintiff's complaint filed in December 2016;

    f. CNB's knowledge of the terms of the settlement between the Eber entities and the PBGC in February 2017; and

    g. the rights of Wendy and David Eber under Allen Eber's Will.

3.  All matters relating to the transfer restrictions set forth in the Article XII of the EB&Co. Bylaws, including without limitation, any giving of the notice by the transferor required by Article XII, Section 1 of the Bylaws, and the exercise of the call right by Lester Eber on October 30, 2018.