UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>Plaintiffs,<br><br>v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; ESTATE OF ELLIOTT W. GUMAER, JR.; and WENDY EBER,<br><br>Defendants,<br><br>and<br><br>EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; EBER-RHODE ISLAND, LLC; EBER BROS. ACQUISITION CORP.; EBER-METRO, LLC; and SLOCUM & SONS OF MAINE, INC.,<br><br>Nominal Defendants,<br><br>and<br><br>CANANDAIGUA NATIONAL BANK & TRUST COMPANY,<br><br>Intervenor. | Civil Action No. 16-CV-9517 (LAK)<br><br><br><br>**PLAINTIFFS' ANSWER TO INTERVENOR COMPLAINT** |

Plaintiffs Daniel Kleeberg, Lisa Stein, and Audrey Hays, as their Answer to the

Intervenor Complaint filed by Canandaigua National Bank & Trust Company, state as follows:

1. Admit.

2. Admit.

3. Admit as to the factual assertions and no basis to dispute CNB's stated intentions. Although CNB is seeking guidance from this Court before acting, it is Plaintiffs' position that its actions are already dictated by virtue of the Monroe County Surrogate's Court proceedings in which Lester Eber waived his right to challenge the distribution of assets in accordance with the June 1, 2017 Order of the Surrogate, and that entry of a contrary order in this Court would be improper under multiple grounds, including res judicata and the probate exception to federal jurisdiction. Relief as to parties other than Lester Eber is appropriate, however, and should be consistent with the relief set forth by the Surrogate because Lester Eber was in privity with those other parties, including without limitation Wendy Eber and Eber Bros. & Co., Inc.

4. Admit.

5. Admit.

6. Admit except note that the discharge of CNB was contingent upon completion of distribution in accordance with the Order and there was no formal discharge of Lester Eber.

7. Admit.

8. Admit that the communication occurred and need not respond as to the accuracy of the legal assertion communicated.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit that the communication occurred but dispute that the stock powers purported to convey the correct number of shares as it inappropriately deviated from the June 1, 2017 Order even though the advances paid to Lisa Stein's daughter had already been fully "repaid" from her respective share of the Trust assets.

14. Admit and add that Lester Eber admitted in his deposition to having seen the June 1, 2017 Surrogate's Order.

15. Admit that there is a dispute but dispute whether intervention was "necessary" given the clarity of the June 1, 2017 Surrogate's Order and Lester Eber's clear waiver of his opportunity to invoke the purported by-law, since had he raised his claim in a timely fashion, Plaintiffs could have and would have entered an appearance in the Surrogate's Court proceeding and opposed his proposed course of action by any means necessary.

Dated: May 24, 2019

/s Brian C. Brook

Brian C. Brook (BB 1980)
BROOK & ASSOCIATES, PLLC
100 Church Street, 8th Floor
New York, NY 10007
(212) 257-2334
Brian@brook-law.com

*Attorney for Plaintiffs*