# Exhibit F

# Eber Bros. in pension skirmish

By WILL ASTOR
Rochester Business Journal
May 29, 2015

*See correction below.*

Claiming Eber Bros. Wine & Liquor Corp.'s more than 430-beneficiary defined-benefit retirement plan is broke and rudderless, the Pension Benefit Guaranty Corp. has launched a court bid to take over the pension plan of the shuttered former Rochester-area firm.

Once the largest liquor distributor in Upstate New York, employing 500 workers, Gates-based Eber Bros. shut its doors and sold off its inventory in 2007. It was then two years into a messy court fight aimed at fending off a takeover attempt by the company that ultimately took over its New York territories, Southern Wine & Spirits of America Inc.

In the end, Eber Bros. settled with Southern, allowing the Florida company to take over Eber Bros.' Upstate New York business. Eber Bros. CEO Lester Eber accepted an executive position with Southern. Financial terms were not publicly disclosed.

Meanwhile, the defunct Eber Bros.' upstate distributorship's orphaned and underfunded pension plan has been without an administrator since the company's directors resigned some 12 months ago. The plan effectively was terminated in 2010, PBGC states in a court complaint filed May 11 in U.S. District Court in Rochester.

A government-owned corporation created to pay benefits to retirees whose company-owned defined benefit pension plans have tanked or been abandoned, PBGC primarily is funded by premiums collected from companies and from returns on its investments. But it can also claim assets from former plan sponsors.

Though the Eber Bros. distributorship in New York has no remaining assets, PBGC could seek to claim millions of dollars from Eber-Connecticut LLC, a Connecticut liquor company majority-owned and run by Eber and his daughter Wendy Eber that has a controlling interest in a profitable Connecticut liquor distribution firm.

Tracing a path from Eber Bros.' New York company to the Connecticut firm is not a task for the easily distracted. But an opening for the PBGC to claim Eber-Connecticut assets could come courtesy of Harris Beach PLLC.

Until 2007, Perinton-based Harris Beach did much of Eber Bros. legal work. It handled Eber Bros. $20 million claim against Southern, helping to negotiate the agreement that settled the dispute.

More lawsuits
In a separate state court dispute not directly related to PBGC's federal case but ultimately bearing on it, Harris Beach is suing Eber Bros. in a bid to collect more than $1 million.

Underlying that dispute is a third case in which Harris Beach defended Eber Bros. against Wolf Concept S.A.R.L., a French liquor firm that had accused Eber Bros. of failing to fulfill terms of a vodka distribution deal.

Claiming Eber Bros. skipped out on the Wolf Concepts bill, Harris Beach firm sued its former client in 2011, seeking to collect $750,000 in fees and disbursements.

Eber Bros. maintains that Harris Beach should have collected from Eber Bros.' insurance company.

Ruling in the fee dispute on a summary judgment motion in 2013, state Supreme Court Justice Scott Odorisi found for Harris Beach, granting the law firm a judgment that with interest then came to just more than $1 million.

In October 2013, a three-judge 4th Department Appellate Division panel reversed that decision, ruling that the insurer's liability or lack of it had not been established.

The appeals panel did not rule on the fee dispute itself but sent the case back to Odorisi for further litigation. The case is ongoing. Eber Bros. is asking Odorisi to vacate the judgment he previously granted. Odorisi recently transferred the case to acting state Supreme Court Justice Renee Minarik, where it awaits further action.

Last December, Harris Beach began a separate action, asking state Supreme Court Rochester Commercial Division Justice Matthew Rosenbaum to name a receiver to arrange a payout of assets held by a Connecticut company called Alexbay LLC, also known as Lester Eber LLC.

Alexbay/Lester Eber LLC initially was funded by assets that came from Eber Bros.' New York distributorship and were passed to Alexbay, Harris Beach attorneys Joseph Picciotti and Patrick Dalton allege in affidavits each submitted in the receivership case.

In 2011, the Connecticut Department of Consumer Protection Liquor Control Division approved the transfer of a 79 percent interest in Slocum & Sons, a profitable Connecticut liquor distributorship, to Lester Eber LLC, publicly filed records show. Slocum & Sons lists Lester Eber as chairman and CEO and Wendy Eber as president.

Some $20 million tracing to the Eber Bros. firm in New York financed the Ebers' buy into Slocum & Sons, Harris Beach attorney Douglas Foss maintained in an interview. Franchise agreements held by Slocum & Sons have made for a healthy return on that investment, Foss believes.

Negotiations stall
Litigator Edward Hourihan Jr. of Bond, Schoeneck & King PLLC's Rochester-area office is defending Eber Bros. against Harris Beach in the fee case. Because the shuttered New York Eber Bros. firm has no assets, any victory Harris Beach might win in the fee dispute would be hollow, he contended in an interview.

Harris Beach's decision to advise the PBGC of the fee dispute's particulars unnecessarily upended settlement talks between the PBGC and Eber Bros. when they were close to reaching an agreement, Hourihan added.

Not so, countered Foss. The pension talks were not close to being settled and Harris Beach stands ready to prove Lester Eber used Eber Bros. assets to set up the Connecticut distributorship, he said.

In an interview last week, PBGC spokesman Marc Hopkins declined to discuss specifics of the government corporation's bid to take over the Eber Bros. pension plan. Hopkins backed Foss' contention, however. PBGC had never concluded a settlement agreement and at no time was close to settling with Eber Bros., he insisted.

Regardless of where the settlement talks stood when Harris Beach intervened, the information the law firm shared with PBGC appears to have had an impact on the pension talks.

In an April 1 letter to Rosenbaum, the Washington, D.C., lawyer handling Eber Bros.' talks with the PBGC, Gary Ford of the Groom Law Group Chartered, detailed talks he had recently had with PBGC officials.

"I spoke with PBGC counsel on Feb. 27, 2015 about questions PBGC had concerning the litigation with Harris Beach," wrote Ford, a onetime PBGC attorney. "The Harris Beach litigation raised the concern with PBGC that the Eber companies may have hidden value and has been an additional impediment in the ongoing negotiations with PBGC."

Ford again spoke with a PBGC lawyer in mid-March, stating in the letter that "PBGC's refusal to conclude a settlement with Eber Bros. promptly and its alleged claim against the cash proposed to be paid to Harris Beach were disrupting the operations of Eber-Connecticut."

Should Harris Beach win the more than $1 million judgment, the PBGC would have a first position, leaving Harris Beach out of the money, another factor making the law firm's quest to extract cash from Eber an ultimately quixotic crusade, Hourihan maintained.

Foss disagreed. If Harris Beach succeeds in forcing the Ebers' Connecticut company into receivership, there would be enough cash left over to pay Harris Beach after the PBGC took its share, he believes.

In the PBGC's court claim against Eber Bros., the government corporation states that it "is ready, willing and able to serve as statutory trustee of the (Eber Bros. pension plan)," but Eber Bros. has not agreed to relinquish control.

That some Eber Bros. pensioners are going unpaid highlights the urgency of the PBGC's takeover bid, PBGC spokesman Hopkins said.

*5/29/15 (c) 2015 Rochester Business Journal. To obtain permission to reprint this article, call 585-546-8303 or email service@rbj.net.*

**Correction**
An article published May 29 failed to note that while the federal Pension Benefit Guarantee Corp.'s suit to gain control of Eber Bros. Wine & Liquor Corp.'s defined-benefit pension plan is in progress, the PBGC is making payments to Eber Bros. pensioners whose benefits the plan had halted.