**BROOK & ASSOCIATES, PLLC**
— NEW YORK | NEW JERSEY | WASHINGTON DC —

**BRIAN C. BROOK**
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

June 14, 2019

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
**Letter re: Intervenor Complaint**

Dear Judge Parker,

I write on behalf of Plaintiffs in the above-named matter to address whether CNB's intervention would destroy subject matter jurisdiction. If CNB were still just a defendant as at the outset, it could assert these "claims" against the Eber Defendants. But as an intervenor under Rule 24, there is no supplemental jurisdiction over its claims as a "plaintiff" against non-diverse parties. 28 U.S.C. § 1367(b). Accordingly, the intervenor complaint should be dismissed because CNB is not diverse from the Eber Defendants, even though it is diverse from Plaintiffs.

Prior to today, I suggested to CNB that it could, if it wanted, intervene merely as a nominal defendant, so that it could be bound by these proceedings without impairing jurisdiction. Other than asking this Court to protect it from potentially duplicative proceedings, CNB does not really appear to have any real "claims" against any parties. Based on the letter submitted earlier today, CNB appears to have declined the suggestion that it might intervene as a defendant rather than a third-party plaintiff, and instead consents to its dismissal.

CNB's request, however, that the Court impose a "condition" on the dismissal is absurd. *See* ECF No. 231 (asking to "direct the remaining parties, over whom the SDNY will have jurisdiction, to confine their claims to the stock to the pending action."). We are aware no statute, case law, or rule of procedure that would permit

June 14, 2019  
Page 2

<div style="text-align:right">BROOK & ASSOCIATES</div>

the Court to enter such an order. Nor is such an order necessary to protect CNB from potential duplication. Despite being a non-party to this case, CNB will be able to invoke non-mutual collateral estoppel to prevent anyone from taking the proverbial second bite at the apple.

In any event, CNB is not an indispensable party to this suit. CNB no longer wishes to intervene, and that makes sense given that CNB itself does not have a horse in this race. *See* Intervention Op. 5, ECF No. 200 ("CNB is a neutral party that has been thrust in the middle of the Trust beneficiaries' dispute regarding who is legally entitled to acquire the remaining shares of EB&C stock."). It does not ultimately care either way whether Lester is allowed to steal Plaintiffs' shares for no consideration, and there is no reason to believe that CNB would do anything other than act in accordance with any decisions of this Court. Thus, CNB's involvement in deciding whether to permit Lester to do that (as a matter of New York corporation and trust law) is unnecessary, and it can be dismissed from this case in order to preserve jurisdiction over the claims pending in the TAC.

As a co-trustee, CNB was probably an indispensable party at the outset, when Plaintiffs were asserting claims derivatively on behalf of the Trust and seeking CNB's removal as co-trustee. And, importantly, CNB *was* a party at the outset—a defendant. The remaining Defendants then consented to CNB's dismissal. If this Court determines that, for some reason, CNB is still an indispensable party at this point, then there is a simple solution that preserves jurisdiction over the suit: Vacate the order dismissing CNB in the first place. A finding that CNB is indispensable would mean that CNB was dismissed in error, and rather than treating CNB as an "intervenor" the error should be corrected. CNB would then continue in this case as a defendant, although merely a nominal one at this point given the settlement agreement with Plaintiffs.

<div style="margin-left:50%">
Respectfully submitted,

*[signature]*

Brian C. Brook
</div>

cc:   All counsel of record