

underberg & kessler LLP

COLIN D. RAMSEY, PARTNER
(716) 847-9103
cramsey@underbergkessler.com

June 14, 2019

**Electronic Submission**

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Lester Eber, et al.*
            Civ. Action No.: 16-cv-09517-LAK-KHP

Dear Magistrate Parker:

       As you know, this Firm represents the Eber Defendants in the above-referenced matter. I write in response to the Court's May 31, 2019 Order directing the parties to file letter briefs answering the following questions: (1) whether CNB's intervention destroys diversity and (2) whether CNB is an indispensable party to this action. Federal statutory and common law coupled with the specific circumstances of this case require that both questions be answered in the affirmative. CNB's intervention destroys diversity and CNB is an indispensable party.

### 1. CNB's Intervention Destroys Diversity.

       Pursuant to 28 U.S.C. § 1367(b), "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall <u>not</u> have supplemental jurisdiction under subsection (a) over claims ... by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332" (emphasis added).

       In *Exxon Mobil Corp. v. Allapattah Servs.*, the Supreme Court examined the relationship between § 1367 and §1332 and held that "[a] failure of complete diversity, unlike the failure of some claims to meet the requisite amount in controversy, contaminates every claim in the action." 545 U.S. 546, 564 (2005). Where the intervention of a non-diverse party destroys diversity, dismissal for lack of federal subject matter jurisdiction is proper. *See Pa. Pub. Sch. Emples. Ret. Sys. V. Morgan Stanley & Co.*, 772 F.3d 111, 112-13 (2d Cir. 2014) ("We, therefore, hold that federal subject matter jurisdiction under Section 1332(a)(3) requires complete diversity of all parties, regardless of how they joined the action.").

       Where a third-party has intervened as a Plaintiff pursuant to Rule 24 and said intervention destroys diversity, the District Court should dismiss the action to allow the parties to pursue their claims in State Court. *See Reinforced Concrete & Masonry Constr., Inc. v. Hudson Ins. Co.*, No.



Hon. Katharine H. Parker
June 14, 2019
Page 2

14-cv-1705 (SAS), 2014 U.S. Dist. LEXIS 169861, at *13 (S.D.N.Y. Dec. 8, 2014) (finding that third-party should be allowed to intervene pursuant to FRCP 24 because of the risk of inconsistent fact finding and dismissing the matter due to the destruction of subject matter jurisdiction).

Here, CNB's intervention as a Plaintiff destroys diversity because CNB, Lester Eber, Wendy Eber, Eber Bros. & Co., Inc. ("EB & Co."), Eber Bros. Wine and Liquor Corporation, Eber Bros. Wine & Liquor Metro, Inc., and Eber Bros. Acquisition Corp., are all citizens of New York State. Just as in *Hudson Ins. Co.*, CNB was allowed to intervene because of the substantial risk to CNB of liability in connection with the main lawsuit between Plaintiffs, Daniel Kleeberg, Lisa Stein and Audrey Hays, and the Eber Defendants and the Estate of Elliott Gumaer, Jr. More specifically, CNB faces potential exposure relating to its conduct and role in the distribution of the shares of EB & Co. stock.[1] Should CNB's claim be dismissed, it is possible for CNB to suffer inconsistent rulings relating to the issuance/distribution of the EB & Co. stock.

Given that Plaintiffs' alleged claims arise solely in New York law (and improperly attempt to attack a final Monroe County Supreme Court 2012 Decision and Order confirming the commercial reasonableness of Alexbay's strict foreclosure under N.Y. UCC Art. 9 § 620), the proper venue for this action is Monroe County Supreme Court, where Lester Eber and CNB are located. Notably, Monroe County Supreme Court would also have jurisdiction over any issues that might arise related to the prior Monroe County Surrogate Court action.

## 2. CNB is an Indispensable Party

Rule 19 of the Federal Rules of Civil Procedure provides a two-step analysis to determine whether a party should be joined in an action. Rule 19(a) states that an absent party should be joined, if it will not destroy subject matter jurisdiction when:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a "necessary" party under Rule 19(a). *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724-25 (2d Cir. 2000) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 124, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968)).

---

[1] For example, there remain, *inter alia*, issues related to whether the transfer restrictions/call rights of the EB & Co. stock in Article XII of the EB & Co. bylaws were binding on the Trust in 2017, whether CNB's distribution to beneficiaries was consistent with the terms of the Surrogate's Court Order and whether the terms of the Trust Termination Order discharged CNB from liability for actions prior to July 1, 2017.



Hon. Katharine H. Parker
June 14, 2019
Page 3

    Here, CNB is clearly a necessary party. Without CNB's participation, neither Plaintiffs nor Lester Eber can obtain complete relief with respect to the distribution of the EB & Co. shares. As previously stated, CNB is at substantial risk of incurring inconsistent obligations should Plaintiffs or Lester Eber sue CNB to force the distribution of the EB & Co. stock. The Court acknowledged the risks to CNB in its March 28, 2019 Order granting CNB's motion to intervene. *See* Dkt. # 200.

    Where the Court determines that a party is necessary under Rule 19(a), and joinder of the party is prohibited for jurisdictional reasons, "the court must finally determine whether the party is 'indispensable.'" *Viacom*, 212 F.3d at 725. Rule 19(b) enumerates that courts should consider the following factors "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided…; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." "If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b). *Viacom*, 212 F.3d at 725 *citing See Conntech Dev. Co. v. University of Conn. Educ. Properties, Inc.*, 102 F.3d 677, 681-82 (2d Cir. 1996).

    Here, CNB meets all of the qualifications of an indispensable party. First, a decision on Plaintiffs' Counts IV and VI in this action could be inconsistent with a decision enforcing the parties' rights as to the distribution by CNB of the EB & Co. shares. Second, the potential prejudice to CNB is most easily avoided by a universal decision addressing Plaintiffs' claims and the issue of distribution of the EB & Co. stock. Third, any judgment rendered without CNB as a party would result in inadequate relief to both Plaintiffs and Lester Eber because a judgment without CNB would not prevent piecemeal litigation. *See Kermanshah v. Kermanshah*, No. 08-CV-409(BSJ)(AJP), 2010 U.S. Dist. LEXIS 45896, at *12 (S.D.N.Y. May 11, 2010). Fourth, Plaintiffs have an adequate remedy in New York State Supreme Court. In fact, as noted, Monroe County Supreme Court is the most appropriate jurisdiction for the adjudication of all of Plaintiffs' and CNB's claims.

    Given CNB's status as an indispensable party and the destruction of this Court's diversity jurisdiction as a result of CNB's intervention, the entire matter should be dismissed as it more appropriately belongs in Monroe County Supreme Court.

Respectfully submitted,

Colin D. Ramsey

CDR:ar
cc:    Brian C. Brook, Esq. (*via e-mail and First Class Mail*)
       Robert Calihan, Esq. (*via e-mail and First Class Mail*)
       Michael J. Adams, Esq. (*via e-mail and First Class Mail*)