**BROOK & ASSOCIATES, PLLC**
— NEW YORK | NEW JERSEY | WASHINGTON DC —

**BRIAN C. BROOK**
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

June 17, 2019

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
**Response to Ebers' Letter Seeking Dismissal of the Entire Case**

Dear Judge Parker,

After litigating in this Court for over two-and-a-half years, the Ebers have actually argued that this *entire* case should be dismissed because, they say, CNB is an indispensable party under Rule 19 that destroys diversity jurisdiction, even though CNB is diverse from Plaintiffs and was previously a defendant in this very case.

Should this Court seriously consider the Ebers' request to dismiss this entire case, then the Court should treat the Ebers' Friday letter as a request for a pre-motion conference. Plaintiffs should not be denied the opportunity for full, responsive briefing. Hopefully this issue could be resolved at a conference without the need for such a frivolous motion briefing. To that end, in accordance with your Honor's individual practices, we ask that you treat this letter as a response to the Ebers' implied request to move to dismiss the case.

Plaintiffs have already addressed the fact that CNB is not indispensable because it has no interest in this case at this point. *See* ECF No. 232. Even CNB is content to be dismissed. ECF No. 231. The Ebers now claim that CNB is necessary to afford Plaintiffs relief—a dubious proposition given CNB's agreement to act in accordance with whatever this Court decides, but let's assume for the sake of argument that CNB's involvement is necessary to resolve the dispute over ownership of the common stock of Eber Bros. & Co., Inc.[1] Even so, CNB's involvement does not destroy diversity because it should be aligned as a defendant, not as a plaintiff.

---

[1] Since CNB concedes that its intervenor complaint should be dismissed, and the Ebers' letter focuses on Rule 19 rather than 24, the issues now raised are (i)

June 17, 2019						BROOK & ASSOCIATES
Page 2

When an intervenor is potentially liable to the plaintiff, it is properly aligned as a *defendant* for purposes of 1367(b). *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 727 F.Supp.2d 256 (S.D.N.Y. 2010) (citing Moore's Federal Practice § 106.46 ("The intervenor must be potentially liable to the plaintiff on the primary claim in order to be treated as a defendant to whom supplemental jurisdiction may apply under Section 1367(b).")).[2]

Here, it is undisputed that the reason why CNB intervened was because of its potential liability to Plaintiffs if it were to hand over their stock to Lester without giving Plaintiffs anything in return (or to Lester, if it refused to do so). *See* Ebers Ltr. 2 ("CNB was allowed to intervene because of the substantial risk to CNB of liability in connection with the main lawsuit…"). The Ebers' letter blithely assumes that CNB should be a plaintiff. CNB does not claim any interest in the Eber Bros. corporate stock; for CNB, that stock is like a hot potato to be passed ASAP.

Thus, to the extent that CNB remains joined in the case, CNB is aligned properly as a defendant; and because it is diverse from Plaintiffs, CNB's joinder does not destroy diversity. Indeed, considering that CNB was a defendant at the beginning, it would be bizarre and unprecedented to re-align it now in a manner that divested this Court of its jurisdiction.

Respectfully submitted,

Brian C. Brook

---

whether CNB is necessary to any of Plaintiffs' claims; (ii) if so, whether that destroys diversity; and (iii) if so, whether CNB is so indispensable that the case should be dismissed for non-joinder. In deciding whether to dismiss, the Court must consider, *inter alia*, the prejudice that would result "to the existing parties." Fed. R. Civ. P. 19(b). The Ebers do not address that *at all*. Their silence speaks volumes: Prejudicing Plaintiffs and delaying a decision on the merits is precisely their objective, as they continue to profit from Eber-CT while this case is pending.

[2] My prior letter incorrectly asserted that CNB's intervenor complaint was filed "as a 'plaintiff.'" I had not yet researched the case law interpreting what that statutory text means because I did not anticipate the Defendants' tack when CNB itself was content to be dismissed. Accordingly, it is now clear that CNB's mislabeling of itself as a "plaintiff" in its intervenor complaint is not dispositive; rather, in evaluating the relative positions of the parties, CNB's concern about liability to Plaintiffs requires treating CNB as a defendant—certainly not a party aligned with Plaintiffs. This Court may exercise supplemental jurisdiction over its "claims" concerning the Ebers as cross-claims between defendants.