USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/18/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

DANIEL KLEEBERG, et al.,

                                                  Plaintiffs,                  **16-CV-9517 (LAK) (KHP)**

                       -against-                                  **OPINION AND ORDER**

LESTER EBER, et al.,

                                                  Defendants.

------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On March 28, 2019, this Court granted Canandaigua National Bank & Trust Company's ("CNB") motion to intervene. (Doc. No. 200.) It found, pursuant to Federal Rule of Civil Procedure 24(b)(1), that permissive intervention *as a nominal defendant* was appropriate because CNB does not have a claim in this action in its own right. (*Id.*) On April 22, 2019, CNB filed an intervenor complaint and joined *as a plaintiff*. (Doc. No. 206.) CNB's intervention as a plaintiff, however, raised the question of this Court's continued subject matter jurisdiction pursuant to 28 U.S.C. § 1322 because CNB is a citizen of New York, as are Defendants Lester and Wendy Eber and several of the corporate entity defendants.[1]

      Under Federal Rule of Civil Procedure 21, the Court "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Rule also provides that "[m]isjoinder is not a ground for dismissing an action." *Id*. When assessing the proper classification of a party to a suit, "the

---

[1] Plaintiff Daniel Kleeberg is a citizen of Florida, Plaintiff Lisa Stein is a citizen of New Jersey, and Plaintiff Audrey Hays is a citizen of Colorado. (Doc. No. 222, 41.)

answer is to be found not in legal learning but in the realities of the record." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 63 (1941) (re-aligning one of the defendants in a diversity action as a plaintiff because its interests were aligned with those of the original plaintiff). It is the Court's duty to "'arrange the parties according to their sides in the dispute,'" so as to ensure that there exists an actual and sustainable controversy between the parties. *Id.* (quoting *Dawson v. Columbia Trust Co.,* 197 U.S. 178, 180 (1905)).

CNB originally was a defendant in this action. This Court dismissed CNB as a defendant, on consent of all parties, when it entered into a settlement with Plaintiffs. (ECF No. 117.) However, due to factual developments that arose after CNB's dismissal, CNB is now facing competing demands from Plaintiffs and the Eber Defendants. Specifically, on June 1, 2017, the Monroe County Surrogate's Court issued an Order for Judicial Settlement of Final Account of Successor Co-Trustee, Resignation and Discharge of Co-Trustee and Termination of Trust (the "Order"), which discharged CNB as co-trustee of the Trust. (Doc. No. 200, 1.) The Order also instructed CNB to distribute the remaining Trust assets among the Trust beneficiaries, including the remaining shares of Eber Bros. & Co. ("EB&C") stock held by the Trust. (*Id*. at 1-2.) Plaintiffs allege that they collectively hold a two-thirds interest in the remaining Trust assets and that Lester Eber has a one-third interest. (*Id*. at 1.) Thus, Plaintiffs contend that they are entitled to two-thirds of the EB&C shares of stock previously held by the Trust.

On October 31 and December 17, 2018, Defendant Lester Eber contacted CNB, through his counsel, and unilaterally requested that it transfer all of the remaining EB&C stock to him. (*Id*. at 2.) Plaintiffs then directed CNB to ignore Lester's request and threatened legal action against CNB if it followed Lester's directives. (*Id*.) CNB subsequently sought to intervene in this

action not to assert a claim on its own behalf, but to protect itself from dual liability arising from Plaintiffs' and Lester Eber's competing claims to the EB&C stock. (*Id*. at 1-3.)

Given that CNB was originally named as a defendant and this Court granted its motion to intervene as a defendant, and that CNB is not asserting any independent claim, the Court finds that CNB was misjoined as a party plaintiff when it filed its Intervenor Complaint. Accordingly, the Court hereby drops CNB as a plaintiff and adds CNB as a defendant pursuant to its authority under Rule 21. It is clear that CNB's presence as an intervening nominal defendant for purposes of providing complete relief to Plaintiff does not destroy diversity. Also, based on the realities of the record in this case, CNB's extensive involvement in the actions giving rise to Plaintiffs' case-in-chief, and its potential liability to Plaintiffs arising from the distribution of the remaining shares of EB&C stock, the Court finds CNB is properly listed as an intervening nominal defendant.

Here, there is no dispute that diversity jurisdiction existed at the commencement of this action. Nor is there any dispute that CNB is a proper permissive intervenor. Furthermore, there is no question that it is in the interest of judicial economy to resolve all of Plaintiffs' claims in one action and permit CNB to be present as a nominal intervening defendant so that the Court's ultimate decision on the issues between the Plaintiffs and the other Defendants can be effectuated without further action. Because this Court finds that CNB is more properly aligned as an intervening nominal defendant, it does not reach the issue of whether CNB's intervention as a plaintiff, in fact, deprives the Court of diversity jurisdiction. *See Wichita R. & Light Co. v. Public Utilities Comm'n of the State of Kansas*, 260 U.S. 48, 54 (1922) ("Jurisdiction once acquired on . . . [diversity of citizenship] is not divested by a subsequent change in the

citizenship of the parties.  Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties." (internal citations omitted)).

For the above reasons, the Court respectfully directs that the Clerk of Court drop Canandaigua National Bank & Trust Company as a plaintiff and, instead, add it as a nominal intervening defendant in this action.

**SO ORDERED.**

DATED:      New York, New York
            June 18, 2019

_____
KATHARINE H. PARKER
United States Magistrate Judge