UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

                        Plaintiffs,

vs.

LESTER EBER,
ALEXBAY, LLC f/k/a LESTER EBER, LLC,,
ELLIOT W. GUMAER, JR. and
WENDY EBER,

                        Defendants,

        and

EBER BROS. & CO, INC.,
EBER BROS. WINE AND LIQUOR CORP.,
EBER BROS. WINE & LIQUOR METRO, INC.,
EBER CONNECTICUT, LLC, and
EBER-RHODE ISLAND, LLC,
EBER BROS. ACQUISTION CORP,
EBER-METRO, LLC, and
SLOCUM & SONS OF MAINE, INC.,

                        Nominal
                        Defendants,

        and

CANANDAIGUA NATIONAL BANK &
TRUST COMPANY,

                        Nominal
                        Intervenor
                        Defendant.

**ANSWER**

1:16-cv-09517

Defendants, Lester Eber, Alexbay LLC, and Wendy Eber, and Nominal Defendants Eber Bros. & Co., Inc., Eber Bros. Wine and Liquor Corporation, Eber Bros. Wine & Liquor Metro, Inc., Eber Connecticut LLC, Eber-Rhode Island, LLC, Eber Bros. Acquisition Corp., Eber-Metro, LLC and Slocum & Sons of Maine, Inc. (collectively

1

"Eber Defendants"), as and for their Answer to Plaintiffs' Third Amended Complaint, by their attorneys, Underberg & Kessler LLP, respectfully state the following:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12, 17, 19, 20, 24, 25, 35, 38, 39, 40, 41, 42, 43, 44, 45, 47, 49, 57, 72, 78, 95, 96, 110, 111, 154, 157, 160, 162, 163, 164, 168, 174, 176, 178, 179, 186, 187, 188, 204, 218, 242, 251, 273, 290, 294, 297, 331, 343, 344, 345, 353, 354, 355, 359, 372, 378, 386, 387, 388, 389, 390 and 393 of Plaintiffs' Third Amended Complaint.

2. Admit the allegations contained in paragraphs 4, 5, 18, 21, 23, 26, 27, 28, 29, 30, 31, 32, 33, 34, 46, 50, 53, 55, 56, 59, 60, 63, 64, 68, 69, 75, 80, 82, 83, 89, 90, 91, 93, 97, 99, 101, 105, 106, 107, 108, 109, 113, 114, 115, 120, 121, 122, 123, 142, 172, 175, 229, 230, 245, 247, 254, 283, 284, 311, 324 and 362 of Plaintiffs' Third Amended Complaint.

3. Deny the allegations contained in paragraphs 1, 3, 5, 6, 7, 8, 9, 10, 11, 13 14, 15, 16, 22, 36, 37, 48, 52, 54, 58, 61, 62, 65, 66, 67, 71, 77, 79, 81, 84, 85, 86, 88, 92, 94, 100, 124, 125, 126, 128, 129, 131, 133, 134, 135, 136, 137, 138, 139, 140, 141, 144, 145, 146, 147, 148, 149, 150, 151, 152, 156, 158, 161, 165, 169, 170, 171, 177, 180, 181, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 231, 232, 233, 234, 235, 236, 238, 239, 240, 243, 244, 246, 248, 249, 250, 252, 253, 255, 256, 257, 258, 259, 260, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 275, 276, 277, 278, 279, 280, 281, 287, 288, 289, 291, 292, 293, 296, 298, 299, 300, 301, 302, 303, 304, 307, 309, 313, 314, 315, 316, 317,

318, 319, 320, 321, 322, 323, 326, 328, 329, 330, 334, 335, 336, 337, 338, 339, 340, 341, 342, 346, 347, 348, 349, 350, 351, 352, 357, 358, 360, 361, 363, 364, 365, 366, 367, 368, 369, 370, 371, 373, 374, 375, 376, 377, 380, 381, 382, 384, 385, 391, 392, 394, 395, 396 and 397 of Plaintiffs' Third Amended Complaint.

4. With respect to the allegations in paragraphs 2, 51, 70, 73, 102, 103, 118, 127, 132, 143, 153, 155, 159, 173, 237, 241, 261, 285, 306, 308, 310 and 325 of Plaintiffs' Third Amended Complaint, Eber Defendants state that the referenced documents speak for themselves.

5. With respect to the allegations in paragraph 75 of Plaintiffs' Third Amended Complaint, Eber Defendants admit that the consulting fee was lower, but deny the remainder of the allegations in that paragraph.

6. With respect to the allegations in paragraph 98 of Plaintiffs' Third Amended Complaint, Eber Defendants admit that the affidavit was filed, but state that the filing was done in error by local regulatory counsel.

7. With respect to the allegations in paragraph 112 of Plaintiffs' Third Amended Complaint, Eber Defendants admit that EB&C was majority shareholder of EBWLC, but deny the remainder of the allegations in that paragraph.

8. With respect to the allegations in paragraphs 166 and 167 of Plaintiffs' Third Amended Complaint, Eber Defendants deny the allegations in the fraudulent conveyance action, but admit the remainder of the allegations in those paragraphs.

9. With respect to the allegations in paragraphs 182, 183 and 184 of Plaintiffs' Third Amended Complaint, Eber Defendants admit that a duty was owed to

the corporation, and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

10. With respect to the allegations in paragraphs 185, 274, 282, 295, 312, 327, 332, 333, 356, 379 and 383 of Plaintiffs' Third Amended Complaint, Eber Defendants state that no response is required to the legal conclusion contained therein.

11. With respect to the allegations in paragraph 286 of Plaintiffs' Third Amended Complaint, Eber Defendants state that Gumaer was paid for legal and director services, but not consulting services.

12. With respect to the allegations in paragraph 305 of Plaintiffs' Third Amended Complaint, Eber Defendants admit that the notice of intent was sent on that date, but deny the remainder of the allegations in that paragraph.

## FIRST AFFIRMATIVE DEFENSE

13. Plaintiffs' Third Amended Complaint fails to state a cause of action for which relief may be granted against the Eber Defendants.

## SECOND AFFIRMATIVE DEFENSE

14. The causes of action in Plaintiffs' Third Amended Complaint are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

15. The causes of action in Plaintiffs' Third Amended Complaint are barred by the doctrines of waiver, laches and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

16. The Eber Defendants did not breach any fiduciary duty.

## FIFTH AFFIRMATIVE DEFENSE

17. Plaintiffs' Third Amended Complaint is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

18. Plaintiffs have failed to mitigate their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

19. Plaintiffs' Third Amended Complaint is barred by the Rooker-Feldman doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

20. CNB's unilateral reallocation of the Eber Bros. & Co.'s stock in August 2017 is inconsistent with the Allen Eber Trust and the terms of the applicable Surrogate's Court Termination Order.

## NINTH AFFIRMATIVE DEFENSE

21. The purported transfer of Eber Bros. & Co. stock by CNB to Trust beneficiaries after October 2017 was invalid.

## TENTH AFFIRMATIVE DEFENSE

22. The transfer restrictions and call rights contained in Article XII of the Eber Bros. & Co.'s by-laws are/were binding on the Trust and on CNB.

## ELEVENTH AFFIRMATIVE DEFENSE

23. The Eber Bros. & Co. stock certificates state "this Certificate and the shares represented thereby…shall be held subject to all of the provisions of … the By-Laws and Amendments."

## TWELFTH AFFIRMATIVE DEFENSE

24. EB&C and EBWLC were insolvent as of 2007, thus barring some or all of Plaintiffs' claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

25. Eber Metro was insolvent as of 2007, thus barring some or all of Plaintiffs' claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

26. Plaintiffs' Third Amended Complaint is barred by res judicata and/or collateral estoppel relating to Judge Rosenbaum's 2012 Order.

## FIFTEENTH AFFIRMATIVE DEFENSE

27. Lester Eber had no fiduciary duties as trustee following the Surrogate's Court Termination Order.

## SIXTEENTH AFFIRMATIVE DEFENSE

28. Plaintiffs' Third Amended Complaint is barred by New York Business Corporation Law § 717.

## SEVENTEENTH AFFIRMATIVE DEFENSE

29. Plaintiffs' Third Amended Complaint is barred by the Business Judgment Rule.

## EIGHTEENTH AFFIRMATIVE DEFENSE

30. No Eber entity has any right or tangible expectation to the consulting or lobbying work performed by Lester Eber for Southern Wine & Spirits.

**WHEREFORE**, the Eber Defendants respectfully request an Order dismissing Plaintiffs' Third Amended Complaint in its entirety, and granting such other and further relief as the Court may deem just and proper.

DATED: June 19, 2019
Rochester, New York

UNDERBERG & KESSLER LLP

By: s/Paul F. Keneally
Paul F. Keneally, Esq., of Counsel
Colin D. Ramsey, Esq., of Counsel
*Attorneys for the Eber Defendants*
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 258-2800