**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――――――

DANIEL KLEEBERG, LISA STEIN,
and AUDREY HAYS,

                    Plaintiffs,

          v.

LESTER EBER; ALEXBAY, LLC f/k/a
LESTER EBER, LLC; ESTATE OF ELLIOTT W.
GUMAER, JR.; and WENDY EBER

                Defendants,

     and

EBER BROS. & CO., INC.;
EBER BROS. WINE AND LIQUOR
CORPORATION; EBER BROS. WINE
& LIQUOR METRO, INC.; EBER-
CONNECTICUT, LLC; EBER-RHODE
ISLAND, LLC; EBER BROS.
ACQUISITION CORP.; EBER-METRO,
LLC; SLOCUM & SONS OF MAINE, INC.,

                Defendants.

―――――――――――――――――――――――――――

Civil Action No. 1:16-cv-09517

ANSWER TO THIRD
AMENDED COMPLAINT

Defendant The Estate of Elliott W. Gumaer Jr., for its Answer to the Third Amended

Complaint, states as follows based on its current knowledge of the events alleged in the Complaint:

    1.      Denies the allegations contained in paragraph 1.

    2.      Admits the allegations contained in paragraph 2.

    3.      Admits allegations contained in paragraph 3.

    4.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 4.

5.      Admits that Lester served as President of Eber Bros for a period of time but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.      The allegations in paragraph 9 are legal conclusions that do not require a response. To the extent the allegations in paragraph 9 do require a response, denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

10.      The allegations in paragraph 10 are a series of legal conclusions that do not require a response.   To the extent the allegations in paragraph 10 do require a response, denies the allegations as they relate to Gumaer and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.      Admits that Plaintiffs filed this lawsuit in December 2016 but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13.     The allegations in paragraph 13 are a series of legal conclusions that do not require a response.  To the extent the allegations in paragraph 13 do require a response, denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     The allegations in paragraph 15 are a series of legal conclusions that do not require a response.  To the extent the allegations in paragraph 15 do require a response, denies the allegations as they relate to Gumaer and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

16.     Denies the allegations contained in paragraph 16.

## PARTIES

### *Plaintiffs*

17.     Admits the allegations contained in paragraph 17 but denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the death of Mildred Boslov and Audrey Hays's citizenship and residency.

18.     Admits the allegations contained in paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

### *Defendants*

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 but admits that Lester Eber was a co-trustee of the trust.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 but admits that Wendy Eber is Lester Eber's daughter and Plaintiff's first cousin and that Wendy Eber served as an officer and director of some of the Eber Bros. entities.

24.     In response to paragraph 24, admits that Gumaer was a resident of Georgia, an attorney licensed to practice in New York, co-trustee of the trust, and at various times a director of Eber Bros, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

25.     Paragraph 25 contains a legal conclusion that does not require a response.  To the extent a response is required, denies the allegations contained in paragraph 25.

*Nominal Parties*

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

## JURISDICTION AND VENUE

40.     Paragraph 40 is a legal conclusion for which no response is required.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 but admits that Gumaer was a resident of Georgia.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.     Paragraph 48 is a legal conclusion for which no response is required.

49.     Paragraph 49 is a legal conclusion for which no response is required.

## FACTS COMMON TO ALL COUNTS

### *The Allen Eber Trust*

50.     Admits the allegations contained in paragraph 50.

51.     The will referenced in paragraph 51 speaks for itself.

52.     The will referenced in paragraph 52 speaks for itself.

53.     The will referenced in paragraph 53 speaks for itself.

54.     Admits the allegations contained in paragraph 54 with respect to CNB's roll as trustee from 2007 until 2017 and states that remaining allegations contained therein are legal conclusions for which no response is required.

6

55.     The will referenced in paragraph 55 speaks for itself.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.     Admits the allegations contained in paragraph 57.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

*The Eber Bros. Family Business*

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

**The Southern Consulting Agreement**

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

73.     The Consulting Agreement referenced in paragraph 73 speaks for itself.

74.     The Consulting Agreement referenced in paragraph 74 speaks for itself.

75.     The Consulting Agreement referenced in paragraph 75 speaks for itself.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     The allegations in paragraph 79 are legal conclusions that do not require a response. To the extent the allegations in paragraph 79 do require a response, denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Slocum of Maine**

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

**The Polebridge Transaction**

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94.     In response to the allegations contained in paragraph 94, states that the allegations regarding the supposed "roundtrip transaction" are a legal conclusion for which no response is required and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

**The Metro Transfer**

98.     The affidavit of Lester Eber reference in paragraph 98 speaks for itself.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

*The Foreclosure Action*

102.     Admits the allegations contained in paragraph 102.

103.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.     The pleadings referenced in paragraph 105 speak for themselves.

106.     The pleadings referenced in paragraph 106 speak for themselves.

107.     The pleadings referenced in paragraph 107 speak for themselves.

108.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

109.     The Court's decision referenced in paragraph 109 speaks for itself.

110.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

112.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112.

*Lester Retroactively "Resigned" as President of EBWLC*

113.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115.   The resignation referred to in paragraph 115 speaks for itself.

116.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

118.   The corporate document referred to in paragraph 118 speaks for itself and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

119.   The corporate document referred to in paragraph 119 speaks for itself and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

*Collusion Between Alexbay (Lester) and EBWLC (Wendy)*

120.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

121.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

122.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122.

123.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124.

125.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126.

127.     The pleading referenced in paragraph 127 speaks for itself and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 127.

128.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128.

129.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

131.     The pleading referenced in paragraph 131 speaks for itself.

132.     The pleading referenced in paragraph 132 speaks for itself.

133.    The allegations contained in paragraph 133 are legal conclusions for which no response is required.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133.

*Wendy and Gumaer Approved the Transfer of Eber Metro to Alexbay*

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136.

137.    The allegations contained in paragraph 137 are legal conclusions for which no response is required.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140.

*The Supposed Debts Owed to Lester Were Exaggerated*

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141.

142.    The exhibit referenced in paragraph 142 speaks for itself.

143.    The letter referenced in paragraph 143 speaks for itself.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145.

*Preparatory Transactions Set Lester Up to Take Eber Metro Upon Default*

146.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147.

148.    The "EBWLC's books" referenced in paragraph 148 speak for themselves.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154.

155.    The guaranty, security agreement, and executed Line of Credit Note referenced in paragraph 155 speak for themselves.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156.

**Defendants' Concealment of the Metro Transfer**

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157.

158.    The annual statements referenced in paragraph 158 speak for themselves and denies the allegation that Gumaer affirmatively suggested that Eber-CT was still part of the Trust's assets.

159.    The annual statement referenced in paragraph 159 speaks for itself.

160.    The CNB December 18, 2012 letter referenced in paragraph 160 speaks for itself and denies the remaining allegations contained therein.

161.    The CNB December 18, 2012 letter referenced in paragraph 161 speaks for itself and denies the remaining allegations contained therein.

**Plaintiffs Discovery that Lester Acquired Eber-CT After Uncovering the Fraudulent Conveyance Action filed by EBWLC's Former Lawyers**

162.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162.

163.    The article referenced in paragraph 163 speaks for itself.

164.    The complaint referenced in paragraph 164 speaks for itself and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

165.    The pleadings referenced in paragraph 165 speak for themselves denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

166. The stipulation referenced in paragraph 166 speaks for itself denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

167. The settlement referenced in paragraph 167 speaks for itself.

168. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168.

169. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169.

170. The pleading referenced in paragraph 170 speaks for itself.

### Futility of Demand

171. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171.

### Lester Has Improperly Interfered with Distribution of Trust Assets

172. The petition referenced in paragraph 172 speaks for itself.

173. The filings referenced in paragraph 173 speak for themselves.

174. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174.

175. The Order referenced in paragraph 175 speaks for itself.

176. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176.

177. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177.

**COUNT I**

**Breach of Fiduciary Duty**

178.    Repeats and realleges its responses to paragraphs 1-177 as if fully set forth herein.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179.

180.    Paragraph 180 is a legal conclusion for which no response is required.

181.    Paragraph 181 is a legal conclusion for which no response is required.

182.    Paragraph 182 is a legal conclusion for which no response is required.

183.    Paragraph 183 is a legal conclusion for which no response is required.

184.    Paragraph 184 is a legal conclusion for which no response is required.

185.    Paragraph 185 is a legal conclusion for which no response is required.

186.    The case law referenced in paragraph 186 speaks for itself.

187.    The Restatement of Trusts referenced in paragraph 187 speaks for itself.

188.    Paragraph 188 is a legal conclusion for which no response is required.

189.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189.

*A.  The "Consulting" Fees to Lester*

190.    The Consulting Agreement referenced in paragraph 190 speaks for itself.

191.    The Consulting Agreement referenced in paragraph 191 speaks for itself and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192.

18

193.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 and states that the Consulting Agreement referenced in paragraph 193 speaks for itself.

### B.   The Metro Transfer

194.   The allegations contained in paragraph 194 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194.

195.   The allegations contained in paragraph 195 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195.

196.   The allegations contained in paragraph 196 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196.

197.   The allegations contained in paragraph 197 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197.

198.   The decision of the New York Surrogate's Court referenced in paragraph 198 speaks for itself.

199.   The pleading referenced in paragraph 199 speaks for itself and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

200.   The Foreclosure Action's Final Order referenced in paragraph 200 speaks for itself and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

201.    The Foreclosure Action's Final Order referenced in paragraph 201 speaks for itself and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

202.    The allegations contained in paragraph 202 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202.

203.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203.

204.    The case law referenced in paragraph 204 speaks for itself.

205.    Paragraph 205 is a legal conclusion for which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205.

206.    Denies the allegations contained in paragraph 206.

207.    Denies the allegations contained in paragraph 207.

208.    Paragraph 208 is a legal conclusion for which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208.

209.    Paragraph 209 is a legal conclusion for which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 209.

210.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210.

211.    Denies the allegations contained in paragraph 211 with respect to Gumaer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211.

212.    The allegations contained in paragraph 212 are legal conclusions which do not require a response.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212.

213.    The allegations contained in paragraph 213 are legal conclusions which do not require a response.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213.

214.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 214.

215.    Denies the allegations contained in paragraph 215 with respect to Gumaer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215.

216.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 216.

217.    Paragraph 217 is a legal conclusion for which no response is required.

218.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218.

219.    Paragraph 219 is a legal conclusion for which no response is needed.  To the extent a response is required, denies the allegations contained in paragraph 219.

*C. The Preparatory Transactions*

220.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220.

221.   The allegations contained in paragraph 221 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221.

222.   The allegations contained in paragraph 222 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222.

223.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 223.

224.   The allegations contained in paragraph 224 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 224.

225.   The allegations contained in paragraph 225 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 225.

*D. Slocum of Maine*

226.   The allegations contained in paragraph 226 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226.

227.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 227.

228.    The allegations contained in paragraph 228 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 228.

### E.  Wendy's Acquisition of 9.1% of Eber Metro

229.    The contract referenced in paragraph 229 speaks for itself.

230.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 230.

231.    Paragraph 231 is a legal conclusion for which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 231.

### F.  The Polebridge Transaction

232.    The allegations contained in paragraph 232 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 232.

233.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233.

234.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 234.

235.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235.

236.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 236.

237.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 237.

238.     The allegations contained in paragraph 238 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 238.

239.     The allegations contained in paragraph 239 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 239.

240.     The purchase agreement referenced in paragraph 240 speaks for itself, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240.

241.     The purchase agreement referenced in paragraph 241 speaks for itself.

242.     Paragraph 242 is a legal conclusion that does not require a response.

243.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 243.

244.     The allegations contained in paragraph 244 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 244.

245.     The document referenced in paragraph 245 speaks for itself.

246.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 246 and states that the document referenced therein speaks for itself.

247.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 247.

248.    The allegations contained in paragraph 248 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 248.

249.    The allegations contained in paragraph 249 are legal conclusions which do not require a response.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 249.

250.    Paragraph 250 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 250.

### G.  Lester's Loans

251.    Paragraph 251 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 251.

252.    The loans referenced in paragraph 252 speak for themselves and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

253.    Paragraph 253 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 253.

254.    The loans and Line of Credit Note referenced in paragraph 254 speak for themselves.

255.    Paragraph 255 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 255.

256.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 256.

257.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 257.

258.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 258.

259.    Paragraph 259 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259.

260.    Paragraph 260 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260.

*H. Assignment of Harris Beach's Claims to Lester*

261.    The settlement in the Harris Beach litigation referenced in paragraph 261 speaks for itself.

262.    Paragraph 262 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 262.

263.    Paragraph 263 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 263.

*I.   Diluting EB&C's Interest in EBWLC in 2017*

264.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 264.

265.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 265.

266.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 266.

267.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 267.

268.    Paragraph 268 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 268.

269.    Paragraph 269 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269.

270.    Paragraph 270 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 270.

271.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 271.

272.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 272, except admits to Gumaer's resignation.

## COUNT II

### Breach of Fiduciary Duty – Acting as Faithless Servants

273.     Repeats and realleges its responses to paragraphs 1-272 as if fully set forth herein.

274.     Paragraph 274 is a legal conclusion for which no response is required.

*Lester*

275.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 275.

276.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 276.

277.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 277.

278.     Paragraph 278 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 278.

279.     Paragraph 279 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 279.

*Wendy*

280.     Paragraph 280 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 280.

281.     Paragraph 281 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 281.

*Gumaer's Representation of Lester Created an Impermissible Conflict of Interest*

282.     Paragraph 282 is a legal conclusion for which no response is required.

283.     Admit that Gumaer was a partner at Nixon Peabody but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 283.

284.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 284.

285.     The letter agreement referenced in paragraph 285 speaks for itself.

286.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 286.

287.     Denies the allegations contained in paragraph 287.

288.     Denies the allegations contained in paragraph 288.

289.     Denies the allegations contained in paragraph 289.

290.     Paragraph 290 is a legal conclusion that does not require a response.

291.     Denies the allegations contained in paragraph 291.

292.     Denies the allegations contained in paragraph 292.

293.   Denies the allegations contained in paragraph 293.

## COUNT III

## Unjust Enrichment

294.   Repeats and realleges its responses to paragraphs 1-293 as if fully set forth herein.

295.   Paragraph 295 is a legal conclusion that does not require a response.

296.   Paragraph 296 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 296.

## COUNT IV

## B.S.C. § 720 – To Set Aside and Enjoin Unlawful Transactions

297.   Repeats and realleges its responses to paragraphs 1-296 as if fully set forth herein.

298.   Paragraph 298 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 298.

299.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 299.

300.   Paragraph 300 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 300.

*Invalid corporate actions*

301.   The EBWLC bylaws speak for themselves and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 301.

302.    The Amendment to EBWLC's Certificate of Incorporation speaks for itself and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 302.

303.    Paragraph 303 is a legal conclusion that does not require a response.

304.    Paragraph 304 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 304.

*Enjoin Lester's Threatened Taking of Shares*

305.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 305.

306.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 306.

307.    Paragraph 307 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 307.

308.    The petition referenced in paragraph 308 speaks for itself.

309.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 309.

310.    The citation referenced in paragraph 310 speaks for itself.

311.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 311.

312.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 312.

313.     Paragraph 313 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 313.

314.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 314.

315.     Paragraph 315 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 315.

316.     Paragraph 316 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 316.

317.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 317.

318.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 318.

319.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 319.

320.     Paragraph 320 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 320.

321.     Paragraph 321 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 321.

322.     Paragraph 322 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 322.

323.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 323.

324.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 324.

325.     The stock certificate referenced in paragraph 325 speaks for itself.

326.     Paragraph 326 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 326.

327.     Paragraph 327 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 327.

328.     Paragraph 328 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 328.

329.     Paragraph 329 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 329.

330.     Paragraph 330 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 330.

## COUNT V

## B.S.C. § 619 – New Elections

331.    Repeats and realleges its responses to paragraphs 1-330 as if fully set forth herein.

332.    Paragraph 332 is a legal conclusion that does not require a response.

333.    Paragraph 333 is a legal conclusion that does not require a response.

EB&C

334.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 334.

335.    Paragraph 335 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 335.

336.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 336.

337.    Paragraph 337 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 337.

338.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 338.

*EBWLC*

339.    Paragraph 339 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 339.

340.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 340.

341.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 341.

342.   Paragraph 342 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 342.

## COUNT VI

### Declaration of Rights and Lawfulness of Certain Actions

343.   Repeats and realleges its responses to paragraphs 1-342 as if fully set forth herein.

344.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 344.

345.   Paragraph 345 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 345.

346.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 346.

347.   Paragraph 347 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 347.

348.   Paragraph 348 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 348.

349.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 349.

350.     Paragraph 350 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 350.

351.     Paragraph 351 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 351.

352.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 352.

## COUNT VII

### Fraudulent Concealment

353.     Repeats and realleges its responses to paragraphs 1-352 as if fully set forth herein.

354.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 354.

355.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 355.

356.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 356.

357.     Paragraph 357 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 357.

358.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 358.

359.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 359.

360.   Denies the allegations contained in paragraph 360.

361.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 361.

362.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 362.

363.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 363.

364.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 364.

365.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 365.

366.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 366.

367.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 367.

368.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 368.

369.   Denies the allegations contained in paragraph 369.

370.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 370.

371.    Denies the allegations contained in paragraph 371.

## COUNT VIII

### Aiding and Abetting Breach of Fiduciary Duty and Fraudulent Concealment

372.    Repeats and realleges its responses to paragraphs 1-371 as if fully set forth herein.

373.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 373.

374.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 374.

375.    Denies the allegations contained in paragraph 375 as they relate to Gumaer and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 375.

376.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 376.

377.    Paragraph 377 is a legal conclusion that requires no response.  Denies the allegations in paragraph 377 to the extent they suggest Gumaer breached his fiduciary duty or fraudulently concealed facts from Plaintiffs.

## COUNT IX

### Accounting

378.    Repeats and realleges its responses to paragraphs 1-377 as if fully set forth herein.

379.    Paragraph 379 is a legal conclusion that requires no response.

380.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 380.

381.    Paragraph 381 is a legal conclusion that requires no response.

382.    Paragraph 382 is a legal conclusion that requires no response.

383.    Denies the allegations contained in paragraph 383.

384.    Denies the allegations contained in paragraph 384.

385.    Denies the allegations contained in paragraph 385.

386.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 386.

387.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 387.

**COUNT X**

**Common Law (Equitable) Indemnification**

388.    Repeats and realleges its responses to paragraphs 1-387 as if fully set forth herein.

389.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 389.

390.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 390.

391.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 391.

392.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 392.

393.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 393.

394.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 394.

395.     Paragraph 395 is a legal conclusion for which no response is required and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 395.

396.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 396.

397.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 397.

398.     Denies each and every allegation not expressly answered herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
## DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

399.     Repeats and realleges its responses to paragraphs 1-398 as if fully set forth herein.

400.     The complaint fails to state a claim for which relief may be granted against The Estate of Elliott W.  Gumaer, Jr.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
## DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

401.     Repeats and realleges its responses to paragraphs 1-400 as if fully set forth herein.

402.     The claims against The Estate of Elliott W. Gumaer, Jr. are barred by the statutes of limitations.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE<br>
<u>DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:</u>

403.    Repeats and realleges its responses to paragraphs 1-402 as if fully set forth herein.

404.    The claims against The Estate of Elliott W. Gumaer, Jr. are barred by the doctrine of waiver, laches, estoppel, and unclean hands.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE<br>
<u>DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:</u>

405.    Repeats and realleges its responses to paragraphs 1-404 as if fully set forth herein.

406.    Plaintiffs have failed to mitigate their alleged damages.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE<br>
<u>DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:</u>

407.    Repeats and realleges its responses to paragraphs 1-406 as if fully set forth herein.

408.    Plaintiffs are not entitled to the relief requested for the reason that any damages suffered by Plaintiffs were not proximately caused by the actions of Gumaer.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE<br>
<u>DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:</u>

409.    Repeats and realleges its responses to paragraphs 1-408 as if fully set forth herein.

410.    Plaintiffs are not entitled to the relief requested for the reason that Gumaer did not breach any duty owed to Plaintiffs under the circumstances.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE<br>
<u>DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:</u>

411.    Repeats and realleges its responses to paragraphs 1-410 as if fully set forth herein.

412.    Plaintiffs are not entitled to the relief requested because any damages suffered by the Plaintiffs were caused by the actions of third parties over which Gumaer had no control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

413.    Repeats and realleges its responses to paragraphs 1-412 as if fully set forth herein.

414.    Plaintiffs are not entitled to the relief requested for the reason that Gumaer's actions taken in his capacity as a director, officer or board member of the Defendant entities are protected by the business judgment rule.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

415.    Repeats and realleges its responses to paragraphs 1-414 as if fully set forth herein.

416.    Plaintiffs are not entitled to the relief requested to the extent Plaintiffs have been indemnified or have recovered any alleged damages sought against The Estate of Elliott W. Gumaer, Jr. from any source other than Gumaer.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

417.    Repeats and realleges its responses to paragraphs 1-416 as if fully set forth herein.

418.    Plaintiffs are not entitled to the relief requested because they have failed to plead fraud with the required particularity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

419.    Repeats and realleges its responses to paragraphs 1-418 as if fully set forth herein.

420.    At all times relevant to the action herein, Gumaer acted in accordance with and pursuant to the directives set forth in the trust documents.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

421.    Repeats and realleges its responses to paragraphs 1-420 as if fully set forth herein.

422.     In the event any settlement, either prior to or subsequent to the filing of the Second Amended Complaint, is entered into between Plaintiff and any other liable person or entities, or claim to be liable for the same injuries complained of herein, The Estate of Elliott W. Gumaer, Jr. asserts all relevant provisions of New York General Obligations Law § 15-108.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE<br>DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

423.     Repeats and realleges its responses to paragraphs 1-422 as if fully set forth herein.

424.     The Estate of Elliott W. Gumaer, Jr. asserts all protections afforded to it pursuant to Civil Practice Law and Rule § 4519.

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE<br>DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

425.     Repeats and realleges its responses to paragraphs 1-424 as if fully set forth herein.

426.     The damages, if any, alleged to have been sustained by the Plaintiffs were caused and/or contributed to by the conduct of persons other than Gumaer, over which Gumaer had no control and for whose actions Gumaer, including but not limited to the other Defendants, is not legally responsible.  Thus, The Estate of Elliott W. Gumaer, Jr. is entitled to have any liability against it reduced in recovery over said other party(s), for the proportionate share of said party's responsibility.

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE<br>DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:

427.     Repeats and realleges its responses to paragraphs 1-426 as if fully set forth herein.

428.     Plaintiffs are not entitled to damages pursuant to the faithless servant doctrine because Gumaer was not an agent or employee.

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE
**DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR. ALLEGES AS FOLLOWS:**

429.     Repeats and realleges its responses to paragraphs 1-428 as if fully set forth herein.

430.     Plaintiffs are not entitled to punitive damages or a surcharge against the Estate of Elliot Gumaer, Jr.

The Estate of Elliott W. Gumaer, Jr. reserves the right to assert additional affirmative defenses in the event discovery discloses the existence of same.

AS AND FOR A FIRST CROSS-CLAIM

Contribution against the other Defendants

431.     The Estate of Elliott W. Gumaer, Jr. realleges and incorporates by reference the allegations contained in paragraphs 1 through 430 as if fully set forth herein.

432.     The Estate of Elliott W. Gumaer, Jr.'s alleged liability to Plaintiffs, if any, was caused solely or primarily by the other Defendants' allegedly tortious conduct.

433.     In the event Plaintiffs are able to recover any part of their alleged damages from The Estate of Elliott W. Gumaer, Jr. – which damages The Estate of Elliott W. Gumaer, Jr. denies – then the other Defendants should be held responsible for such loss.

434.     The Estate of Elliott W. Gumaer, Jr. is entitled to contribution from the other Defendants in an amount commensurate with the other Defendants' pro-rata share of any common liability in accordance with Section 1401 et seq. of the New York Civil Practice Law and Rules ("CPLR").

WHEREFORE, Defendant The Estate of Elliott W. Gumaer, Jr. respectfully requests this Court to grant judgment in its favor, order all claims of the Third Amended Complaint dismissed with prejudice, award Defendant The Estate of Elliott W. Gumaer, Jr. all costs, expenses,

disbursements and fees incurred herein, including reasonable attorneys' fees, and such other, further and different relief as the Court may deem just and proper.

Dated: June 19, 2019
Rochester, New York

CALIHAN LAW PLLC

/s/ Robert B. Calihan
Robert B. Calihan (Bar #1817659)
Michael J. Adams
620 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
Telephone: (585) 232-5291
Facsimile: (866) 533-4206
rcalihan@calihanlaw.com
madams@calihanlaw.com