# EXHIBIT A

I, ALLEN EBER, of the Town of Brighton, Monroe County, New York, make, publish and declare this to be my Last Will and Testament:

FIRST: I bequeath to my wife, Evelyn S. Eber, all my personal effects and other personal property, except cash, stocks, bonds, securities and choses in action; but if she does not survive me, I bequeath such articles to my children who survive me.

SECOND: I am currently paying the monthly rental of the apartment occupied by my friend, Frances Flanigan, at Plymouth Gardens, Inc., 1400 South Plymouth Avenue, Rochester, New York. In order that after my death provision for her rooming accommodations may be made, I bequeath the sum of Two thousand five hundred dollars ($2,500.00) to Marine Midland Trust Company of Rochester, of Rochester, New York, IN TRUST, to hold, manage, invest and reinvest the same, to collect the income therefrom, and, monthly from and after the date of my death, to pay from the income of said trust (and from the principal thereof as required) such sums as it shall deem necessary and advisable for the rental of such apartment. If Frances Flanigan shall move from her present apartment, my Trustee shall pay from the income and principal of this trust such sums as it shall deem necessary and advisable as rental for the rooming accommodations into which she shall move. In no event, however, shall more than Seventy-five dollars ($75.00) per month be paid to, or for the benefit of, Frances Flanigan in satisfying the terms of this bequest. Upon the death of said Frances Flanigan after my death the principal of this trust then remaining shall be added to my residuary estate and disposed of as therein provided.

I direct that the legacy provided by this "SECOND" shall be paid by my Executor as soon after the probate of my Will as practicable.

*[handwritten note in left margin:]* The trust holding the Eber Stock begins on pg 10- pg 9

EB-00017373

–2–

THIRD: I bequeath to the following organizations in which I have had an interest for many years, the sum set after the name of each:

A – To the Jewish Home for the Aged, 1162 St. Paul Street, Rochester, New York, Five thousand dollars ($5,000.00);

B – To Congregation Beth Israel (Leopold Street Synagogue), located on Leopold Street, Rochester, New York, if still functioning, Two hundred and fifty dollars ($250.00);

C – To Temple Beth-El, 139 North Winton Road, Rochester, New York, Five thousand dollars ($5,000.00);

D – To Rabbinical College, Rehovot, Israel, if still functioning, in memory of its former Dean, Rabbi Z. E. Meltzer, One thousand dollars ($1,000.00);

E – To Beth Medrash Govoha of America, presently located at 617 Sixth Avenue, Lakewood, New Jersey, One thousand five hundred dollars ($1,500.00), in memory of Rabbi Aaron Kotler;

F – To Shriners Hospitals for Crippled Children, Two thousand five hundred dollars ($2,500.00);

G – To Brandeis University, located at Waltham, Massachusetts, Two thousand dollars ($2,000.00);

H – To The University of Rochester, located at Rochester, New York, Two thousand dollars ($2,000.00);

I – To Community Chest of Rochester and Monroe County, Inc., located at 70 North Water Street, Rochester, New York, Two thousand five hundred dollars ($2,500.00).

FOURTH: I bequeath to my friend, Ross Pino, the sum of Five thousand dollars ($5,000.00); provided, however, he shall be in the employ of at least one of the Eber Companies at the time of my death. This legacy shall be void and of no effect if said Ross Pino shall not be so employed at the date of my death.

-3-

FIFTH:  I am currently paying the premiums on Mutual
Life Insurance Co. of New York policies Nos. 780-05-28,
752-06-15, 918-82-35, 754-56-49 and 934-34-56, being policies on
the lives of my grandchildren, Betty Kleeberg, Daniel Sanford
Kleeberg, Audrey Nan Boslov, David O. Eber and Wendy Pamela Eber.
I direct my Executor to prepay all unpaid premiums for said five
policies as soon as practicable after my death so that all of
said policies shall be fully paid.

SIXTH:  I bequeath to my following named relatives the
sum set after the name of each:

A - To my nephew, Simon Fogal, One thousand
dollars ($1,000.00);

B - To my nephew, Bernard M. Fogal, One thousand
dollars ($1,000.00);

C - To my niece, Lillian Fogal Bernstein, One
thousand five hundred dollars ($1,500.00).

If either of my said nephews or my said niece shall
predecease me leaving issue who shall survive me, the bequest
to said nephew or niece shall be paid to his or her issue.

SEVENTH:  I bequeath to my friend and business associ-
ate, Richard H. Murnighan, Four hundred (400) shares and to my
friend and business associate, Elmer J. LeFevre, One hundred and
twenty (120) shares of my Class B non-voting common shares of
Eber Bros. & Co., Inc., each of a par value of Ten dollars
($10.00) per share; provided, however, that if my sister-in-law,
Rose Eber, shall survive me, such gifts of said shares shall
become effective only upon her death.

I give and grant unto said Richard H. Murnighan the
right and option to purchase from my estate Six hundred (600)
shares and to said Elmer J. LeFevre the right and option to pur-
chase from my estate Two hundred and forty (240) shares of my
said Class B non-voting common stock of Eber Bros. & Co. Inc.,

EB-00017375

DEC. 9 2005  8:00AM    NIXON PEABODY LLP 5852631600              NO. 9752   P. 5

—4—

at any time within twelve (12) months after my death; provided,
however, that if my said sister-in-law, Rose Eber, shall survive
me, such options shall not become effective nor exercisable until
after her death; and if she shall survive me by more than eleven
(11) months, such options may be exercised at any time within
sixty (60) days after her death.

Eber Bros. & Co., Inc., owns all outstanding common
stock of Eber Bros. Wine & Liquor Corp., and the value (probably
cost) at which the investment of Eber Bros. & Co., Inc., in such
common stock is carried on its books is substantially lower than
the current value of such common stock as shown by the books of
Eber Bros. Wine & Liquor Corp. The fiscal years of the two cor-
porations do not coincide. The option price per share shall be
one-half (1/2) the book value per share of the outstanding Class
B non-voting common stock of Eber Bros. & Co., Inc., at the close
of the last full fiscal year immediately preceding my death. The
book value of all outstanding Class B non-voting common stock of
Eber Bros. & Co., Inc., for the purpose of computing such option
price, shall be determined by deducting from the value of such
common stock, as shown by the books of Eber Bros. & Co., Inc.,
on that date, the amount at which its investment in the common
stock of Eber Bros. Wine & Liquor Corp., is carried on the books
of Eber Bros. & Co., Inc., and then adding to the remainder the
value of such common stock of Eber Bros. Wine & Liquor Corp., as
shown by the books of the latter corporation at the close of its
last full fiscal year immediately preceding my death; and the sum
thereof shall be divided by the number of shares of such common
stock then outstanding in order to determine the book value per
share.

The foregoing bequests of shares of my said Class B
non-voting common stock of Eber Bros. & Co. Inc., and the fore-
going options to purchase additional shares of said stock shall

EB-00017376

DEC 5 2003 8.01AM     NIXON PEABODY L.P 5852631690                    NO.0752   P. 5

-5-

be and hereby are conditioned, in the case of each of my said
associates, (a) upon his continuing to be an employee of at least
one of the Eber Companies at the time of my death and at the
time of such purchase and shall be void and of no effect as
respects either who shall not be so employed at such times; and
(b) that prior to receiving any shares of my said Class B non-
voting common stock of Eber Bros. & Co., Inc., each of my said
business associates, who shall be entitled to receive any such
shares hereunder, shall enter into an agreement with Eber Bros.
& Co., Inc., which shall be binding upon him and his personal
representative and distributees, in and by the terms of which he
shall grant to said corporation an irrevocable option to purchase
all shares of common stock of said corporation owned by him at
the time of his death and shall agree that in case he shall wish
to dispose of said shares of common stock at any time prior to
his death, he shall first offer all of said shares to said cor-
poration before otherwise selling or disposing of the same; the
price in either of such events to be seventy-five per cent (75%)
of the book value of said shares at the close of the last full
fiscal year of Eber Bros. & Co., Inc., immediately preceding the
death of said business associate or the offering by him of his
said shares to the corporation, as the case may be; the book
value of said shares of common stock of Eber Bros. & Co., Inc.,
to be determined for the purpose of computing such option price,
in the manner hereinbefore prescribed in this clause "SEVENTH"
with respect to the options granted to my said two business
associates upon my death; the other terms of which agreement
shall be prescribed by my said Executor.

EIGHTH:  If my wife, Evelyn, survives me, I bequeath
to my Trustee, IN TRUST, an amount equal to one-half of my
adjusted gross estate as finally determined for Federal estate
tax purposes less the value for Federal estate tax purposes of

EB-00017377

-6-

all items included in my gross estate which qualify for and are
allowed as an estate tax marital deduction and which pass or have
passed in a form which qualifies for the estate tax marital
deduction from me to my wife under other provisions of this Will
by right of survivorship with respect to jointly owned property,
under settlement arrangements relating to life insurance proceeds,
and otherwise than under this pecuniary bequest.  The words
"adjusted gross estate", "gross estate" and "pass or have passed"
as used herein shall have the same meaning as such words shall
have under the provisions of the Internal Revenue Code in effect
at the time of my death.

　　　When the computations necessary to determine the amount
of this pecuniary estate tax marital deduction gift are made,
values as finally determined for Federal estate tax purposes
shall control.

　　　I direct that this legacy shall be satisfied only from
assets that qualify for the marital deduction under the provisions
of the Internal Revenue Code in effect at the time of my death, or
from the proceeds of such assets.  I further direct (a) that this
legacy shall not be satisfied from property situate [within the
meaning of such Code or any United States estate tax convention
applicable to my estate] in a foreign country and subject to any
estate, inheritance, succession or other death tax imposed by a
foreign country or a possession or political subdivision thereof,
or the proceeds thereof; and (b) that no assets which may be
subject to both United States income and estate taxes and eligible
for a tax credit or deduction shall be used in satisfying this
legacy; provided, however, that assets described in "(a)" and
"(b)" hereof may be used to the extent that my estate shall not
include sufficient other property to satisfy this bequest.

　　　Within the limitations of the preceding paragraph, I
direct that to the extent possible the legacy devised and

-7-

bequeathed by this "EIGHTH" shall be satisfied first by the distribution to my Trustee of assets other than my stock of Eber Bros. & Co., Inc. To the extent that the assets comprising my residuary estate other than my stock in Eber Bros. & Co., Inc., are insufficient to satisfy in full the legacy devised and bequeathed by this "EIGHTH" my Executor shall distribute to my Trustee in satisfaction thereof the appropriate number of my shares of 6% non-cumulative preferred stock of Eber Bros. & Co., Inc.; and to the extent that such legacy is not fully satisfied thereby, my Executor shall distribute to my Trustee in satisfaction thereof the appropriate number of my shares of Class B non-voting stock of Eber Bros. & Co., Inc., and, if such legacy is still not fully funded, then such number of my shares of Class A common stock of Eber Bros. & Co., Inc., as may be necessary to fully fund said legacy. It is my intention and wish that the legacy devised and bequeathed by this "EIGHTH" shall not be satisfied by the distribution of any of my Class A voting shares of Eber Bros. & Co., Inc., unless all other assets of my estate available for such purpose shall prove insufficient.

My Trustee shall divide this legacy into two (2) equal parts, one to comprise and be known as the "Power of Appointment Trust" and the other to comprise and be known as the "Estate Trust".

I direct that in funding the equal part hereof herein defined as the "Power of Appointment Trust" my Trustee shall allocate to such trust assets other than my stock of Eber Bros. & Co., Inc., and that to the extent that my stock of Eber Bros. & Co., Inc., is necessary to fund such equal part that first my shares of 6% cumulative preferred stock be used and then to the extent necessary my shares of Class B common stock be used before my Class A common stock is allocated to said "Power of Appointment Trust". It is my intention and wish that the "Power of

-8-

Appointment Trust" herein created shall not be funded by the allocation of any of my Class A common stock of Eber Bros. & Co., Inc., unless all other assets devised and bequeathed to my Trustee by "EIGHTH" hereof shall be insufficient.

In funding the equal part hereof herein defined as the "Estate Trust" my Trustee shall allocate to such trust all assets remaining in "EIGHTH" hereof not hereinabove allocated to the "Power of Appointment Trust".

A - My Trustee shall hold, manage, invest and reinvest the "Power of Appointment Trust" as a separate trust for the benefit of my wife, shall collect the income thereof and shall pay the net income therefrom earned from and after the date of my death to my wife, or apply the same for her benefit, in annual or more frequent installments, so long as she shall live. As used in this "A" of "EIGHTH" the term "income" shall include all the income that may be required to qualify this "Power of Appointment Trust" for the marital deduction allowable in the Federal estate tax proceeding in my estate.

It is my wish that my wife shall receive at least Eighteen thousand dollars ($18,000.00) per year from the trust created by this "A" of "EIGHTH" and any additional amounts which may from time to time be necessary, advisable or expedient for her proper care and/or for the payment of any unusual expenses resulting from any extended illness, emergency or other extraordinary need; and to that end I do hereby expressly authorize and empower my Trustee, in its absolute and uncontrolled discretion, to pay to my wife from the principal of this trust, or apply for her benefit, such amounts as it shall from time to time consider advisable or expedient.

I hereby expressly provide that the Trustee of this separate trust created under "A" of "EIGHTH" shall not have any rights, powers, duties, authority, privileges or immunities,

EB-00017380

-9-

whether or not discretionary, granted to my Executor or Trustee by any other provisions of this Will if and to the extent that such rights, powers, duties, authority, privileges or immunities would disqualify for the marital deduction the legacy devised and bequeathed to my Trustee by this "A" of "EIGHTH".

Upon the death of my wife, my Trustee shall distribute the entire principal of this "Power of Appointment Trust" then remaining as she shall appoint, in trust or otherwise, by her Will which specifically refers to and exercises this power of appointment (including the power in her to appoint the entire principal to her estate) and if and to the extent that she shall fail effectively to exercise such general power of appointment then such principal shall be added to my residuary estate and disposed of as therein provided.

B - My Trustee shall hold, manage, invest and reinvest the "Estate Trust", collect the income therefrom and accumulate the net income earned from and after the date of my death, so long as my wife shall live, and upon her death shall distribute the principal of this separate trust then remaining, plus all accumulated income and any accrued or collected but undistributed net income, to her estate. My Trustee is authorized to pay to my wife, or apply for her benefit, such sums from the accumulated income or principal of this "Estate Trust" as, in its discretion, seems advisable for her maintenance and welfare, provided, however, that no such payment or application shall be made to or for the benefit of my wife unless and until the principal of the "Power of Appointment Trust" hereinabove created is exhausted.

As used in this "B" of "EIGHTH" the term "income" shall include all the income that may be required to qualify this "Estate Trust" for the marital deduction allowable in the Federal estate tax proceeding in my estate. I hereby expressly provide

-10-

that the Trustee of this separate "Estate Trust" shall not have any rights, powers, duties, authority, privileges or immunities, whether or not discretionary, granted to my Executor or Trustee by any other provisions of this Will if and to the extent that such rights, powers, duties, authority, privileges or immunities would disqualify for the marital deduction the "Estate Trust" created by this "B" of "EIGHTH".

So long as any part of this legacy shall remain unpaid, my wife shall be entitled to receive such part of the income of my estate as will equal three and one-half per cent (3-1/2%) per annum from the date of my death on any unpaid part of said legacy. Such interest shall be in lieu of any interest or other income on this legacy. I direct that any income tax paid by my Executor in respect of income attributable to this legacy, shall be charged to and paid from the amount payable under this paragraph in such equitable manner as my Executor shall determine.

My Executor is authorized to satisfy this legacy in cash or in kind, or partly in cash and partly in kind, and any property so distributed in kind shall be valued for that purpose at its value on the date or dates of distribution to my Trustee or on its basis to my estate for United States income tax purposes, whichever shall be lower; provided, however, that I request (but do not direct) that any distribution made in kind be made with assets having a date of distribution value which does not exceed (or exceeds by the smallest amount possible) their basis for United States income tax purposes.

NINTH: All of the rest, residue and remainder of my estate, real or personal, of whatever nature and wherever located, to which I shall be in any way entitled at the time of my death, including any legacy which may lapse or be invalid or for any other reason fail to take effect (but excluding any property over which I may have at the time of my death any power of appointment

EB-00017382

-11-

or disposal, it being my express intention not to exercise any such power by this "NINTH"), shall be disposed of as follows:

I devise and bequeath my residuary estate to my Trustee, IN TRUST, to hold, manage, invest and reinvest the same, to collect the income therefrom and to pay over the entire net income, at least quarter-annually throughout the term of this trust, to my three children, Mildred Boslov, Sally Kleeberg and Lester Eber, or apply the same for their benefit, in equal shares. In case any of my three children shall predecease me or shall die prior to the termination of this trust, then, after the death of such child, or after my death if any such child shall predecease me, the income shall be paid to, or applied for the benefit of, my lineal descendants living from time to time throughout the term of this trust, per stirpes. This trust shall continue throughout the lives of my three children and shall terminate upon the death of the last survivor thereof; provided, however, that in case all, or substantially all, my stock of Eber Bros. & Co., Inc., shall be theretofore sold, my Trustee may, in its absolute discretion, sooner terminate this trust and distribute the corpus thereof then remaining; and further provided that in case none of my children shall survive my sister-in-law, Rose Eber, and all, or substantially all, my stock of Eber Bros. & Co., Inc., shall not have been sold prior to the death of the last survivor of my said children, this trust shall continue until after the death of my said sister-in-law.

Upon the termination of this trust, I devise and bequeath the corpus thereof then remaining to my then living lineal descendants, per stirpes.

I authorize and empower my Trustee to pay to any income beneficiary under this "NINTH" such amounts of principal as it, in its absolute discretion, may deem necessary or advisable for the care, maintenance or welfare of any such beneficiary or

*This is a qualified Generation Skipping trust.*

EB-00017383

-12-

member of his or her family, provided, however, that any such principal payments shall be charged against the trust from which such beneficiary shall then be entitled to receive income and shall be adjusted equitably, as determined by my Trustee, in its absolute discretion, upon final distribution of the corpus of such trust.

TENTH: Notwithstanding any of the foregoing provisions of this Will, if any portion of my estate (including the income from any trust hereunder) shall at any time be or become payable or distributable to a minor or an incompetent because of the provisions of this Will or the authorizations contained herein, or by operation of law, such interest shall vest in absolute ownership in such minor or incompetent and:

A - my Executor or Trustee, as the case may be, is authorized in its absolute discretion and without authorization by any court during such minority or incompetency:

1 - to defer payment or distribution of the whole or any part of such interest and, in the meantime, to hold, manage, invest and reinvest the same, to collect the income therefrom and to pay to, or apply for the benefit of, such minor or incompetent so much of the net income and principal thereof as such Executor or Trustee, in its discretion, deems advisable for the maintenance, education and welfare of such minor or incompetent, accumulating the income not so paid or applied. The principal thereof and any accumulated income shall be paid or distributed to such minor when such minor reaches the age of twenty-one (21) years, or to such incompetent or his or her committee or other legal representative at any time.

2 - to permit a minor or incompetent to have the use or possession of any real or tangible personal property.

B - my Executor and Trustee shall be entitled to receive compensation with respect to any property held for any

EB-00017384

-13-

minor or incompetent pursuant to the provisions hereof at the
same rate and in the manner payable to testamentary trustees.

c - my Executor and Trustee shall not be required
to render annual accounts to any court nor to furnish a bond or
other obligation for the faithful performance of its duties.

ELEVENTH: As stated above, it is my wish that my
voting control of Eber Bros. & Co., Inc., can be retained and,
subject to that primary wish, I hope that my interests in certain
other close corporations can also be retained and that my son,
Lester, may have an opportunity to participate in the management
thereof. I accordingly expressly authorize my Executor to retain
and transfer to my Trustee and my Trustee to retain my stock of
Eber Bros. & Co., Inc., and my interests in any other close cor-
porations or in any unincorporated business with which I may be
connected at the time of my death, and, although this shall not
be deemed a direction to retain such corporate stocks or business
interests, I, nevertheless, direct that neither my Executor nor
my Trustee shall be responsible or accountable for any loss to my
estate resulting from the retention of any such corporate stocks
or business interests, provided only that it shall have acted in
good faith.

TWELFTH: I nominate my son, Lester, my attorney,
Elliott W. Gumaer, jr., and Marine Midland Trust Company of
Rochester, of Rochester, New York, Executors hereof and Trustees
of the trusts created under "EIGHTH" and "NINTH" hereof. In the
event Elliott W. Gumaer, jr., does not survive me, or fails to
qualify or ceases to act as such Executor or Trustee prior to
completing the administration of my estate or of the trusts
created hereunder, then in such event I nominate my attorney,
Sterling L. Weaver, Executor hereof or Trustee hereunder as the
case may be. I direct that my son shall serve in each such
fiduciary capacity without compensation. I direct that no

-14-

individual Executor or Trustee acting hereunder shall be required to furnish bond or other security in such capacity in any jurisdiction.

I request that my Executor and Trustee associate itself in any discussions concerning the continuing operation, sale or liquidation of any business or businesses controlled by me at the time of my death, with my cousin, William Eber.

I grant to my Executor and Trustee and its successor or successors, the following powers in addition to those elsewhere herein granted or conferred by law, with respect to all property, real or personal, owned by me at my death or at any time forming part of my estate or any trust hereunder, including accumulated income and property held under a power in trust, until the final distribution thereof:

A - To retain any such property, including shares of stock of my corporate Executor and Trustee or shares of stock of a corporation having voting control of such Executor and Trustee, as an investment without regard to the proportion which it and other property of a similar character held hereunder may bear to my entire estate or the trust in which such property is held and whether or not such property is of the class in which trustees are authorized by law or rule of court to invest trust funds;

B - To sell, exchange or otherwise dispose of any such property at public or private sale, wholly or partly on credit or for cash or for any other consideration including stocks, bonds or other obligations and to grant options for the purchase, exchange or other disposition thereof;

C - To invest and reinvest in property of any character, real or personal, located in or outside New York State, including, but not limited to, bonds, notes, debentures, mortgages, leases, common and preferred stocks, undivided interests

EB-00017386

DEC. 9. 2003  8:19AM    NIXON PEABODY LLP 5852631600                    NO. 0752    P. 16

-15-

and legal and discretionary common trust funds, without being
limited to investments authorized by law or rule of court for
trust funds, and without regard to the proportion which all such
property and other property of a similar character held hereunder
may bear to my entire estate or the trust in which such property
is held;

        D - To exercise or sell any options and any con-
version, subscription, voting and other rights pertaining to
any such property and to grant proxies, discretionary or other-
wise, in respect thereof;

        E - To consent to and participate in any plan of
reorganization, consolidation, merger, combination, recapitaliza-
tion, reclassification, liquidation or other plan and to consent
to any contract, lease, mortgage, purchase, sale or other action
by any corporation;

        F - To deposit any such property with any protec-
tive, reorganization or similar committee, to delegate discretion-
ary power thereto, to pay part of such committee's expenses and
compensation and any assessments levied with respect to such
property and, in its discretion, to charge such expenses, compen-
sation and assessments to principal or income;

        G - To manage any real property in the same manner
as though the absolute owner thereof, including, but not limited
to, the power to lease the same without application to any court,
for any term of five years or more or less, although such term
may extend beyond the period of administration of my estate or
any trust hereunder, with options for renewals and the purchase
or disposal of buildings thereon or to be placed thereon and to
make agreements other than those specifically mentioned; to make
ordinary or extraordinary repairs and alterations to any build-
ing, to raze old buildings and to erect new buildings and make
other improvements; to insure against loss by fire or other casu-

-16-

ilties; to subdivide and plot any such property; to abandon
property, to refrain from paying taxes and maintenance charges
thereon and to convey any such property without consideration;
to partition any such property, even though it may hold an
interest in the same property in its own right or in some other
capacity; to extend any existing mortgage; to borrow upon the
security of any such property, and to execute mortgages as
security therefor;

    H - To borrow money from itself or others for the
benefit of my estate or any trust hereunder, and to secure the
loan by pledge or mortgage of the property of my estate or any
trust and to renew existing loans;

    I - To extend the time of payment of any obliga-
tion held hereunder and to compromise, settle, arbitrate or
abandon any claim in favor of or against my estate or any trust
hereunder;

    J - To cause any securities or other property held
hereunder to be registered in the name of a nominee or in its own
name, without the addition of any word or words showing its
fiduciary capacity;

    K - To make any division or distribution required
hereunder in cash or in other property, real or personal, or un-
divided interests therein, or partly in cash and partly in such
other property, and pro rata or otherwise as to any particular
asset;

    L - To abandon property which it determines not
to be worth protecting;

    M - To receive additional property from any
source and add it to and mingle it with the trust or trusts
created hereunder;

    N - To sell to Eber Bros. & Co., Inc., and/or
Eber Bros. Wine & Liquor Corp., for redemption or other purpose,

EB-00017388

-17-

sufficient of my shares of stock in said corporations to produce a sum not in excess of (1) the amount of estate, inheritance, legacy and succession taxes (including any interest collected as a part of such taxes) imposed because of my death, and (2) the amount of funeral and administration expenses allowable as deductions in determining the amount of Federal estate tax imposed because of my death;

O - To continue the operation of any business in which I am engaged at the time of my death whether through stock ownership or otherwise for such period of time as it may deem advisable, at the risk of my general estate and without personal liability on its part; to take part in the management of such business; to select and vote for directors and/or officers thereof; to act as directors and/or officers thereof, either individually or through an officer or officers of my corporate Executor and Trustee; to take such steps with respect to naming or changing officers constituting or reconstituting the managing and/or operating personnel thereof as it deems proper and to act with respect to any other matter in connection therewith which my Executor or Trustee deems advisable;

P - To file a joint return of income with my spouse for any taxable year or period ending at or prior to January 1 of the year following my death, for which such a return may be filed, pursuant to any Federal or State law making provision for the division of taxable income between spouses, and to pay from my estate any part or all of the tax due upon any such return of income or any adjustment or restatement thereof;

Q - To consent, pursuant to any Federal or State law making provision for the division of taxable gifts between spouses, to any gift made by me or by my spouse prior to my death, so that it shall be considered as made one-half by me and one-half by my spouse; and if such consent be given to file

EB-00017389

-10-

IN WITNESS WHEREOF, I have hereunto set my hand and
seal this 27th day of _October_, in the year One thousand
nine hundred and sixty-nine.

Allen Eber (L.S.)

The foregoing instrument was on the day of the date
thereof subscribed by ALLEN EBER, the Testator named therein, in
our presence and in the presence of each of us, and he at the
same time declared to us that the said instrument was his Last
Will and Testament, and we at his request and in his presence
and in the presence of each other have subscribed our names as
witnesses thereto on the said 27th day of _October_, 1969.

_____ residing at _____

_____ residing at _____

EB-00017390