# EXHIBIT E

STATE OF NEW YORK
SUPREME COURT        COUNTY OF MONROE

EBER BROTHERS WINE & LIQUOR CORP.,

        Plaintiff,                    DECISION AND ORDER

    v.                                    Ind # 2005-0135

DANIEL SISTO, et. al, and SOUTHERN
WINE & SPIRITS of AMERICA, INC.,

        Defendants.

    The preliminary injunction sought, directing defendants to return Eber's records, documents, or "information," and to enjoin defendants and their agents from using or disclosing to anyone confidential and proprietary information belonging to Eber, is mandatory in nature, requiring affirmative action, not prohibitory for the purpose of merely maintaining the status quo. Indeed, the request for preliminary injunctive relief roughly parallels the prayer for permanent injunctive relief in the complaint (Wherefore Clause, at p.15 ¶B).

    Accordingly, there is a special rule which applies: "A mandatory injunction should not be granted, absent extraordinary circumstances, where the status quo would be disturbed and the plaintiff would receive the ultimate relief sought, pendente lite." Rosa Hair Stylists, Inc. v. Jaber Food Corp., 218 A.D.2d 793, 794 (2d Dept. 1995). See Olympic Tower Condominium v. Cocoziello, 306 A.D.2d 159, 160 (1st Dept. 2003); Jamie B. v. Hernandez, 274 A.D.2d 335, 336 (1st Dept. 2000)("function of a

preliminary injunction is to . . . maintai[n] the status quo . . . rather than to determine the ultimate rights of the parties and mandate corrective action"); Residential Bd. of Managers of the Columbia Condominium v. Alden, 178 A.D.2d 121, 122 (1st Dept. 1991)("the order does not merely restrain action, it mandates action in the absence of any demonstration that such extraordinary relief is essential to maintain the status quo"); Times Square Stores Corp. v. Bernice Realty Co., 107 A.D.2d 677, 682 (2d Dept. 1985)(such relief available only where the situation is "unusual"); Gambar Enterprises, Inc. v. Kelly Services, Inc., 69 A.D.2d 297, 306 (4th Dept. 1979); Tucker v. Toia, 54 A.D.2d 322, 325-26 (4th Dept. 1976); Pizer v. Trade Union Service, Inc., 276 App. Div. 1071 (1st Dept. 1950)("[s]uch extraordinary action is justified only where the situation is unusual and where the granting of the relief is essential to maintain the *status quo* pending trial of the action"); 67A N.Y. Jur.2d Injunctions §54 (mandatory injunctive relief warranted only in "imperative circumstances"). "Applications of this kind, which seek mandatory relief pendente lite, are rarely granted and only in extraordinary circumstances." Powlowski v. Wullich, 81 Misc.2d 895, 903 (Sup. Ct. Monroe Co. 1975)(Boehm, J.). See City of Buffalo v. Mangan, 49 A.D.2d 697 (4th Dept. 1975)("Where, as here, a preliminary injunction would afford the same relief as that which is ultimately sought, courts are especially loath to

2

grant the application").

A similar heightened burden applies to applications of this sort in the federal courts, which are concerned that providing the moving party with all the injunctive relief sought in the underlying action, when the mandatory relief ordered pendente lite "cannot be undone[,] . . . make[s] it difficult or impossible to render a meaningful remedy to a defendant who prevails on the merits at trial." Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 35 (2d Cir. 1995). See also, Nash v. McGinnis, 315 F.Supp.2d 318 (W.D.N.Y. 2004).

Here, of course, the restraint requested of the individual defendants in their new jobs, together with the affirmative relief requested of them to return allegedly confidential material that they swear in affidavits they did not take and do not currently possess, is the ultimate relief by way of injunction that is sought in the complaint; it (especially the restraint sought to be imposed on their activities in their new jobs) cannot be undone if defendants prevail after a trial. Plaintiff failed to meet its heavy burden to show that such extraordinary relief is warranted to preserve the status quo. The only concern is whether a hearing is required under C.P.L.R. §6312©). For the reasons stated below, I conclude that plaintiff's motion should be denied without a hearing.

First, plaintiff's motion comes fully three months after the

3

claimed transgressions, and very nearly three months after the complaint was filed. In such circumstances, denial of preliminary relief "is amply justified by delay" because, "had plaintiff moved with dispatch consonant with a great of truly irreparable harm, all issues could well have been resolved at a plenary trial." <u>Mercury Service Systems, Inc. v. Schmidt</u>, 50 A.D.2d 533 (1st Dept. 1975)(three and one-half months delay in a solicitation of customers case). The element of prejudice, which was stressed in <u>Dwyer v. Mazzola</u>, 171 A.D.2d 726, 727 (2d Dept. 1991), which itself did not involve preliminary injunction proceedings, is present here. After the complaint was filed, defendants allege that they returned any documents and other equipment of Eber's that they possessed in their houses or otherwise, and went about their business with Southern, which in any event, and presumably in anticipation of litigation of this sort (but also because, Southern maintains, that Eber's materials would be of no use to it), instructed the new employees not to take anything from Eber. For nearly three months, defendants worked with Southern without threat of imminent restraint until the order to show cause was filed. At this point, any injunction issued along the terms proposed by plaintiff will likely affect defendants' job performance in areas clearly beyond the reach of any permissible injunction. <u>Accent Stripe, Inc. v. Taylor</u>, 204 A.D.2d 1054 1055 (4th Dept. 1994)(mere knowledge of business

4

intricacies and use thereof during new employment should not be restrained). Indeed, defendants present a persuasive showing that whatever documents, etc., defendants would have been in a position to take with them, would become quickly outdated (if they concerned suppliers' promotional or strategic material which, it is alleged without contradiction, has a shelf like of about 3-4 months), or are readily available from public sources (if they concerned customer information).

Second, given the structure of the liquor business laid out in defendants' responding papers, which has not been rebutted in any manner in plaintiff's reply papers, Albany Medical College v. Sobel, 296 A.D.2d 701, 702 (3d Dept. 2002), and particularly in view of the heavy reliance the party/distributers necessarily place on their relationships with the liquor suppliers (distinguished from customers served by the sales staff), plaintiff does not show how it will be irreparably harmed except in speculative terms. Genesis II Hair Replacement Studio v. Vallar, 251 A.D.2d 1082, 1083 (4th Dept. 1998)(conclusory assertion that defendant is soliciting plaintiff's customers, ans no irreparable harm shown); Holdsworth v. Doherty, 231 A.D.2d 930 (4th dept. 1996)("apprehensions do not suffice"). Nor does it point to any irreparable harm experienced in fact during the period of delay, i.e., in the last 3 ½ months, by reason of defendants' conduct. Little India Stores, Inc. v. Singh, 101

5

A.D.2d 727, 729 (1st Dept. 1984); <u>De Candido v. Young Stars, Inc.</u>, 10 A.D.2d 922 (1st Dept. 1960). The court is persuaded that, if indeed plaintiff's prevails on its claim of misappropriation and misuse of proprietary information, an adequate remedy in damages exists.

Accordingly, a hearing is not necessary. Compare <u>Town of Tully v. Valley Realty Dev. Co., Inc.</u>, 254 A.D.2d 835, 836 (4th Dept. 1998); <u>Independent Health Assoc., Inc. v. Murray</u>, 233 A.D.2d 883, 884 (4th Dept. 1996). "The court needs to resolve only those factual issues presented in the case whose resolution is necessary to decide the preliminary injunction motion." 13 Weinstein, Korn, & Miller, <u>New York Civil Practice</u> ¶6312.08, at p.63-183 (2d ed. 2004).

### Conclusion

Plaintiff's motion for a preliminary injunction is denied. The TRO is vacated, with the understanding of course that pretrial discovery obligations must be observed.

SO ORDERED.

                                                   KENNETH R. FISHER
                                                   JUSTICE SUPREME COURT

DATED:    April 21, 2005
             Rochester, New York