# EXHIBIT O

## AGREEMENT FOR TURNOVER AND ACCEPTANCE OF EBER BROS. WINE AND LIQUOR METRO, INC. PURSUANT TO NEW YORK UNIFORM COMMERCIAL CODE

This Agreement is made June 5, 2012 by Eber Bros. Wine and Liquor Corp., 95 Allens Creek Drive, Suite 10, Building 2, Rochester, New York 14618 ("Eber Bros"), Eber Bros. Wine and Liquor Metro, Inc., 95 Allens Creek Drive, Suite 10, Building 2, Rochester, New York 14618 ("Metro") and Alexbay, LLC 30 Corporate Drive, North Haven, Connecticut 06473 ("Alexbay").

In consideration of the mutual promises and actions set forth herein and Section 10 and other considerations, the Parties agree as follows:

1. Obligations. As more fully set forth in the Complaint in the New York State Supreme Court Action entitled Alexbay, LLC v. Eber Bros. Wine and Liquor Corp., (Index no. 2012-1919 ("Action"), Eber Bros. is indebted to Alexbay in the approximate amount of $3,650,000, plus interest and expenses ("Obligations"). The Complaint and its exhibits in the Action is attached hereto and incorporated herein and made a part hereof as fully set forth ("Complaint"). As set forth in the Complaint, the Obligations are fully guaranteed by Metro.

2. Collateral. As more fully set forth in the Complaint (including but not limited to the Security Agreement attached as Exhibit D to the Complaint) the Obligations are secured by virtually all of the assets of Eber Bros., including its ownership of Metro, ("Collateral"). Eber Bros. represents and warrants to Alexbay that it owns 100% of Metro.

3. Default. Eber Bros. and Metro are in default of their Obligations to Alexbay. Such defaults include, but are not limited to, the failure to make payments due. As a result of such defaults, Alexbay has the present right and entitlement to enforce its security interests in the Collateral (including, without limitation, by taking possession of and selling or otherwise disposing of or realizing upon the Collateral) in accordance with the Security Agreement and applicable law.

4. Transfer and Acceptance of Collateral. Pursuant to Section 9-620 of the New York Uniform Commercial Code (the "Code"), Alexbay is willing to accept the ownership of Metro in full satisfaction of the Obligations on the terms and conditions set forth herein, and Eber Bros. and Metro hereby consent to Alexbay's acceptance of the ownership of Metro in full satisfaction of the Obligations. Eber Bros. hereby transfers all of its rights and interest in the ownership of Metro and surrenders and turns over to Alexbay possession of Metro, and/or the unqualified right to take possession of Metro.

5. Record Changing. Eber Bros. agrees to make all and/or cause or permit Alexbay to make appropriate changes in its records, minute book and financial statements to show that Alexbay is the sole owner of Metro. Metro agrees to make

and/or cause Eber-Connecticut, LLC to make all appropriate changes in its records, minutes books and financial statements.

6. Surrender and Turnover. In furtherance of such surrender and turnover by Eber Bros. Eber Bros. shall provide to Alexbay through its Representatives (i) all keys, combinations, entry codes and other access devices, appropriately labeled and identified, to enable such Representative to obtain access to any and all premises where Metro or its assets may be located (the "Premises"), (ii) a complete and current listing of all Premises at which any assets of Metro are or may be located and the names, addresses (postal and e-mail) and telephone and facsimile numbers of all contact persons in connection therewith, Metro's books and records (however maintained, whether on computer software, in hard copy or otherwise) relating to the operation of their businesses.

7. Premises. Upon execution and delivery of this Agreement, Alexbay by and through any of its Representatives, is granted the right (but shall not have the obligation) to be at the Premises at all times necessary and appropriate for purposes of fulfilling the terms and conditions of this Agreement and protecting the Collateral and its interests therein.

8. Collateral Proceeds. Immediately upon the execution of this Agreement, Eber Bros. or its agents shall transfer and deliver to Alexbay all ownership interests in Metro then in its possession or subject to its control, together with all assignments, endorsements and instruments of transfer necessary to effect transfer to Alexbay, and without limiting the generality of the foregoing, Eber Bros. and Metro shall take all actions necessary to transfer to and vest in Alexbay or its designees complete and exclusive control over all bank accounts maintained by Metro (collectively, the "Bank Accounts") and, in connection therewith, shall turn over to Alexbay all unused checks and check registers and records relating to the Bank Accounts and shall promptly cooperate in executing all documentation and taking all other actions necessary to permit Alexbay to control the accounts..

9. No Obligation with respect to Collateral Proceeds. Alexbay shall not be responsible or under any circumstance whatsoever have any liability for, and Alexbay does not in any respect whatsoever assume, any obligation of Eber Bros. and/or Metro to any of their officers, directors, managerial personnel or other employees or any of their other creditors or for any other obligation herefore or hereafter arising out of the operation of their business  including, without limitation, any obligation for their employee, officer or director wages or other compensation. In furtherance of the foregoing, Eber Bros. and Metro hereby indemnify Alexbay against, and hold Alexbay harmless from and against, any and all claims, damages, losses, costs and expenses (including, without limitation, for the actual fees and expenses of counsel) at any time asserted against or incurred by Alexbay as a direct or indirect result of any such obligations or otherwise in connection with the operation of their business or Alexbay's acceptance of the Collateral.

10. Inter and Intra Company Debt. Eber Bros. and Metro both confirm, agree and covenant that neither owes the other any debt or obligations. Eber Bros. and Metro

2

both agree that neither owes Alexbay any debt or obligation other than the Obligations. All three (3) parties agree that there is no intra-company or inter-company debt between and/or among them, other than the Obligations. Notwithstanding anything herein, Eber Bros. and Metro and Alexbay agree that to the extent that there is any inter-company and intra-company debt between or among them (specifically including the Obligations) it is hereby cancelled, released and should forever be considered void. Eber Bros. and Metro hereby indemnify Alexbay against, and hold Alexbay harmless from and against, any and all claims, damages, losses, costs and expenses (including without limitation, for the actual fees and expenses of counsel), that at any time Eber Bros., Metro or any third party asserts claims that there existed or exists inter and/or intra debt between or among any of the parties.

11. Certain Waivers. To the maximum extent permitted under Section 9-620 and 9-621 of the Code and any other applicable law, Eber Bros. and Metro hereby irrevocably (i) waive and renounce each right it may have or may have had to (A) any notification of the method, manner, time, place or terms of any disposition of any of the of Metro, or of any retention, of all or any part of the ownership of Metro by Alexbay and (B) redeem any of the ownership of Metro, and hereby acknowledge that such waiver and renunciation are made "after default" for purposes of any requirement of Section 9-620 and 9-621 of the Code and any other applicable laws, and (iii) waive any duty of Alexbay or other requirement under Section 9-620 and 9-621 of the Code and any other applicable law to the extent any such duty or other requirement is or may be inconsistent with any right of Alexbay pursuant to this Agreement. Eber Bros. and Metro hereby further irrevocably waive and renounce any right they may have or have had to any notice pursuant to any Security Agreement.

12. No Claims. Eber Bros. and Metro acknowledge the existence and continuation of the Defaults and that they do not have any claim, counterclaim, cause of action, defense, recoupment or right of offset relating in any way to (i) the Defaults, the outstanding Obligations or the Collateral, the Security Agreement or any other agreement, instrument or other writing that evidences or related to any of the outstanding Obligations or any of the Collateral (collectively, the "Loan Documents"), (ii) the validity, perfection or enforceability of Alexbay's security interests or other liens in or upon the Collateral, (iii) the manner or method by which any demand for payment of any of the Collateral has been made by Alexbay, (iv) the validity or enforceability of any of the Loan Documents, (v) any act, claim or statement of fact that would lessen, eliminate or modify any right or remedy of Alexbay against the Eber Bros. and Metro under any of the Loan Documents (any such claim, counterclaim, cause of action, defense, recoupment or right of offset being individually a "Claim"); provided, however, that if, notwithstanding the foregoing, they shall purport or be deemed to have any Claim, Eber Bros. and Metro hereby irrevocably and forever waive and release each such Claim.

13. Transfer. By notice dated January 18, 2012, Alexbay notified Eber Bros. and Metro of its proposal to accept ownership in Metro in full satisfaction of the Obligations (Exhibit F to the Complaint). Eber Bros. and Metro believe ownership of Metro is worth less than the Obligations and has agreed and hereby agrees to the transfer of ownership of Metro set forth herein full satisfaction of the Obligations.

EB-00001182

14. <u>Further Assurances</u>. Promptly upon Alexbay's request, Eber Bros. and Metro shall execute and deliver such further agreements, instruments and other documents, and take such further actions, as may be requested by Alexbay in order to accomplish any purpose of this Agreement and to effectuate the transactions contemplated hereby, and Eber Bros. and Metro shall otherwise cooperate with Alexbay in connection with this Agreement and such transactions. The parties acknowledge and agree that the transfer of ownership of Metro by Eber Bros. to Alexbay in full satisfaction of the Obligations pursuant to the New York Uniform Commercial Code has been declared commercially reasonable by the Court in the Action.

15. <u>Waiver</u>. No failure of Alexbay to exercise, and no delay by Alexbay in exercising, any right or remedy under this Agreement shall constitute a waiver of such right or remedy. Any waiver by Alexbay of any such right or remedy shall be effective only if made in a writing executed by Alexbay.

16. <u>Binding</u>. This Agreement is binding upon the parties and the successors and assigns, heirs, executors and legal representatives, and inures to the benefit of and is enforceable by Alexbay and its successors and assigns.

17. <u>Headings</u>. The headings of the paragraphs contained in this Agreement are inserted for convenience only and do not affect the meaning of this Agreement.

18. <u>Governing Law</u>. This Agreement shall be governed by and construed, interpreted and enforced in accordance with the internal laws of the State of New York, and any applicable law of the United States of America.

19. <u>Entire Agreement</u>. This Agreement contains the entire agreement between Alexbay and Eber Bros. and Metro with respect to the subject matter of this Agreement, and supersedes each course of conduct previously pursued, accepted or acquiesced in, and each oral agreement and representation previously made, by Alexbay or by Eber Bros. and/or Metro with respect thereto, whether or not relied or acted upon. No course of performance or other conduct pursued, and no oral agreement or representation made, in the future by Alexbay, whether or not relied or acted upon, and no usage of trade, whether or not relied or acted upon, shall modify or terminate this Agreement or impair or otherwise affect any right or remedy of Alexbay, or any obligation of Eber Bros. and Metro, pursuant to this Agreement. No modification of this Agreement shall be effective unless made in a writing duly executed by the parties or parties sought to be bound thereby. No termination of this Agreement shall be effective unless made in a writing duly executed by Alexbay and until any such termination is so made this Agreement shall remain in full force and effect.

20. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, and by the different parties hereto on separate counterparts, each of which shall be an original, but all of which together shall constitute one instrument.

21. <u>JURISDICTIONAL CONSENTS AND WAIVERS</u>. ANY LEGAL SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT

4

OR ANY OTHER LOAN DOCUMENT SHALL BE INSTITUTED IN ANY FEDERAL OR STATE COURT LOCATED IN MONROE COUNTY, NEW YORK PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND THE PARTIES EACH WAIVE ANY OBJECTION WHICH IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND EACH HEREBY IRREVOCABLY SUBMIT TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING. EACH KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION OR OTHER LEGAL PROCEEDING RELATING TO THIS AGREEMENT OR OTHERWISE TO THE COLLATERAL OR ALEXBAY'S ACCEPTANCE THEREOF.

Eber Bros. Wine and Liquor Corp.

By: _____
Wendy Eber, CFO

Eber Bros. Wine and Liquor Metro, Inc.

By: _____
Wendy Eber, CFO

Alexbay, LLC

By: _____
Lester Eber, Sole Member

5

EB-00001184