UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>Plaintiffs,<br><br>v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; ESTATE OF ELLIOTT W. GUMAER, JR.; and WENDY EBER,<br><br>Defendants,<br><br>and<br><br>EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; EBER-RHODE ISLAND, LLC; EBER BROS. ACQUISITION CORP.; EBER-METRO, LLC; SLOCUM & SONS OF MAINE, INC.; and CANANDAIGUA NATIONAL BANK & TRUST COMPANY,<br><br>Nominal Defendants. | Civil Action No. 16-CV-9517(LAK)(KHP) |

**DECLARATION OF LISA STEIN**

1.      I, Lisa Stein, provide this declaration in support of Plaintiffs' Motion for Partial Summary Judgment. I have personal knowledge of all of the statements made below.

2.      I am one of two children of Sally Eber Kleeberg, who was one of three children of Allen Eber, the founder of Eber Bros. and its wine and liquor distribution business. My mother

1

was also one of three beneficiaries of the testamentary trust that my grandfather formed to hold the family business after he died (the "Trust").

3. After my mother passed away in 2014, I became a beneficiary of the Trust, along with my brother, Daniel Kleeberg.

4. My uncle Lester Eber was the main trustee of the Trust, as he ran the family business after my grandfather passed away. There were other individuals that ran the business with Lester as well.

5. I knew that Elliott "Mike" Gumaer was one of the trustees of the Trust but I have never had any communications with him. Before this lawsuit, I did not know that Mr. Gumaer had ever represented Lester or his daughter, Wendy, as their personal attorney. My mother, Sally Eber Kleeberg told me multiple times that she was very unhappy with Mr. Gumaer because he was non-responsive to her requests for information pertaining to Eber Bros, but she did not indicate that she had any understanding or belief that Mr. Gumaer had any legal conflict of interest.

6. In approximately February 2017, I received papers from co-trustee Canandaigua National Bank ("CNB") about a filing in the Surrogate's Court for Monroe County. I came to understand that CNB was petitioning to terminate the Trust and distribute its assets, most of which were stocks, including the Trust's shares of Eber Bros. & Co., Inc. ("EB&C"). I understood that obtaining direct title to the EB&C stock might make it easier to obtain the relief we were seeking in this lawsuit, which had been filed several weeks earlier. Based on my understanding that my share of all of the assets would be distributed to me, including the EB&C stock needed for this lawsuit, my brother, my cousin, and I agreed to allow CNB's petition to proceed without objection or request for modification from us.

7. It should be noted that my mother, Sally Eber Kleeberg stated that one third of the Trust was hers and that certain earlier distributions made from the Trust to my daughter Erica Stein would be deducted from her share of the Trust when the Trust terminated. After the Surrogate's Court ordered the shares of the Trust to be distributed, CNB appeared to have reduced the amount of cash and publicly traded stocks distributed to me and my brother by the amount previously distributed to Erica from my share, with more of it coming out of my share than my brother's. I do not understand how or why CNB decided to allocate the costs between me and my brother. At that time, I did not realize that CNB had also proposed to distribute less EB&C stock to us, too.

8. Although I had thought that CNB's petition was unopposed, it is my understanding that Lester and Wendy later said that the transfer of any amount EB&C shares to me, my brother, and Audrey Hays is prohibited by EB&C's by-laws and that Lester has the right to take those shares for himself. If I had had any idea that Lester and Wendy would take this position, I would have directed my attorney, Brian Brook, to oppose CNB's petition to terminate the Trust before I would have ever let Lester take any of my mother's shares in her father's company.

9. I understand that Lester and Wendy Eber have now taken the position that, based on the Surrogate Court's order, I should own 308.33 Class A Voting shares, 48.33 Class B Non-Voting shares, and 333.33 6% Preferred shares in EB&C. I agree with their position.

10. If and when I have the opportunity to vote my shares of EB&C, I intend to nominate and vote for my brother, Dan Kleeberg, as well as his former coworker, who is an expert in the wine industry.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/8 , 2019          *Lisa Stein*
                                  Lisa Stein

3