

CALIHAN LAW PLLC ||| Rochester, New York
www.CalihanLaw.com

Writer's Direct Dial: 585-281-2593
Email: rcalihan@calihanlaw.com
Office: New York, New York

December 5, 2019

Hon. Katharine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re:    Daniel Kleeberg, Lisa Stein and Audrey Hays v. Lester Eber, et al.
               Civ. Action No.: 16-cv-09517-LAK-KHP

Dear Judge Parker:

This letter sets forth the consent by the Estate of Elliot W. Gumaer, Jr. ("Estate") to the withdrawal of certain arguments advanced in the Estate's November 8, 2019 motion for partial summary judgment in response to Plaintiffs' threat to seek Rule 11 sanctions.[1] Specifically, Plaintiffs have demanded withdrawal of the Estate's arguments that (i) the Court lacks subject matter jurisdiction here due to the Rooker-Feldman doctrine; (ii) principles of res judicata provide a defense to Plaintiffs' claims; and (iii) the statue of limitations defeats certain of Plaintiffs' claims.

The Estate is taking this action for a variety of reasons. First and foremost, given that the Estate's resources are essentially exhausted it sees no purpose in being drawn into collateral Rule 11 motion practice. Were the Estate the only party advancing the Rooker-Feldman argument, it may well have elected not withdraw that argument, but under current conditions it sees no reason to extend resources on Rule 11 motion practice concerning the Court's subject matter jurisdiction here.

---

[1] Pursuant to Rule 11, the Estate had 21 days to invoke its safe harbor provision. That time period expired yesterday. Late last evening the Estate's counsel informed Plaintiffs' counsel that the Estate would be making this withdrawal, but due to a health emergency involving counsel's mother could not provide this formal notice until today.

However, to avoid possible mischaracterization of the Estate's decision to withdraw its Rooker-Feldman argument, it is appropriate to emphasize that the Estate's counsel does not face Rule 11 exposure here. The Estate's Rooker-Feldman argument relied on an extensive line of cases holding that Rooker-Feldman prevented district courts from relitigating state court foreclosure judgments. As the Estate argued in its November 8, 2019 Memorandum of Law in Support of the Estate of Elliot W. Gumaer Jr.'s Motion for Partial Summary Judgment ("Estate Mem."):

> Rooker-Feldman applies here. Plaintiffs complained of injury – the transfer of Eber Metro – that was caused by the 2012 Foreclosure Judgment, and are seeking this court's review and rejection of that State Court Order.  The doctrine has consistently and repeatedly been applied to bar federal district court review of foreclosure judgments issued by state courts – even in the face of fraud allegations. See, e.g., Swiatkowski v. Bank of America, NT & SA, 103 F. App'x 431, 432 (2d Cir. 2004) (affirming district court's "holding that under the Rooker-Feldman doctrine, the [district] court lacked subject matter jurisdiction: even reading the complaint liberally, [plaintiffs'] lawsuit   was effectively seeking to re-litigate a judgment of foreclosure entered against them by the state court"); Billie v. Aurigremma, 2013 U.S. Dist. LEXIS 171329 (D.Conn., 2013) ("any claims contesting the validity of the state court foreclosure judgment are precluded by the Rooker-Feldman doctrine"); Aluria v. Jurgelas, 2013 U.S. Dist. LEXIS 73078, (D.Conn., 2013) ("Plaintiff's action invites this court to review and reject the judgment rendered in the foreclosure action prior to plaintiff's commencement of this action;" and "[t]hus, plaintiff['] s challenge to a judgment of foreclosure issued by the state superior court satisfies the Rooker-Feldman factors, and the Court lacks subject matter jurisdiction to resolve plaintiff's request for relief.").

(Estate Mem. at 9, Dkt. 260)(emphasis supplied).

While Plaintiffs contend that the Estate's Rooker-Feldman argument is meritless (and frivolous) because according to the Plaintiffs the 2012 state court action at issue did not result in a "foreclosure judgment", that is not what Plaintiffs alleged in their Third Amended Complaint ("TAC"). Indeed, this Court correctly described the TAC allegations regarding the 2012 state court action as follows:

> Alexbay sued EBWLC and Eber Metro, among others, in the New York Supreme Court in Monroe County (the "Foreclosure Action"). (Id. ¶¶ 100-104.) The purpose of the Foreclosure Action was to collect the debt owed by EBWLC and Eber Metro to Lester Eber under the 2010 Guaranty and

> Security Agreements (and that Lester had assigned to Alexbay). (*Id.*) Alexbay contended that EBWLC's and Eber-Metro's debt could be paid by transferring their interest in Eber-CT to Alexbay. For purposes of the <u>Foreclosure Action</u>, Alexbay represented that Eber-CT's value was approximately equal to the debt owed, leading the Court to find the transaction "commercially reasonable." <u>As a result of the court's ruling</u>, as of June 5, 2012, <u>Alexbay acquired EBWLC's interest in Eber Metro and Eber Metro's 79 percent stated in Eber-CT</u>. (*Id.* ¶¶ 104-107, 125-27, 134.)

(May 23, 2019 Decision and Order at 8-9, Dkt. 222)(emphasis supplied).

Given the Court's own characterization of the 2012 state court action – based on the TAC's allegations – as a foreclosure action that resulted in Alexbay acquiring Eber-Metro, it is difficult to understand how the Estate's <u>Rooker-Feldman</u> arguments would have been dismissed as meritless, let alone frivolous.

Finally, I note that the Plaintiffs' Rule 11 contentions do not challenge the argument set forth at page 8 of the Estate Mem. contending that Plaintiffs' claims that the Defendants defrauded the state court in the 2012 action should have been presented to that state court on grounds separate and apart from the <u>Rooker-Feldman</u> doctrine.

Thank you for your continued attention to this matter.

Respectfully submitted,

Robert B. Calihan

cc: Brian Brook, Esq. (via ECF)
    Colin D. Ramsey, Esq. (via ECF)
    Paul Keneally, Esq. (via ECF)