UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL KLEEBERG, LISA STEIN,
and AUDREY HAYS,

        Plaintiffs,

v.

LESTER EBER; ALEXBAY, LLC f/k/a
LESTER EBER, LLC; ESTATE OF ELLIOTT W.
GUMAER, JR.; and WENDY EBER

        Defendants,

and

EBER BROS. & CO., INC.;
EBER BROS. WINE AND LIQUOR
CORPORATION; EBER BROS. WINE
& LIQUOR METRO, INC.; EBER-
CONNECTICUT, LLC; EBER-RHODE
ISLAND, LLC; EBER BROS.
ACQUISITION CORP.; EBER-METRO,
LLC; SLOCUM & SONS OF MAINE, INC.,

        Defendants.

Civil Action No. 1:16-cv-09517

---

ESTATE OF ELLIOT W. GUMAER, JR.'S
MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

Robert B. Calihan
CALIHAN LAW PLLC
620 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
Tel: (585) 281-2593
Fax: (866) 533-4206
rcalihan@calihanlaw.com

TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………………….1

FACTS………………………………………………………………………………………….1

ARGUMENT……………………………………………………………………………………2

    A. Relying on Inadequate Notice, Plaintiffs Seek Partial Summary Judgment Against the Estate Only on Plaintiffs' Faithless Servant Claim…………………………..2

    B. At a Minimum It Is Disputed That Elliot W. Gumaer, Jr. Was Lester Eber's Personal Attorney…………………………………………………………………3

        1. Plaintiffs Have Not Cited Evidence Establishing Elliot W. Gumaer, Jr. Was Lester Eber's Attorney…………………………………………………..3

        2. This Court's Prior Findings Regarding Whether Gumaer Was the Ebers' Attorney Defeat Plaintiffs' Motion Against the Estate………………………..4

    C. Even if Gumaer has been Lester's Personal Attorney, There Would Not Have Been a Conflict as a Matter of Law with His Trustee Duties……………………………7

    D. The Faithless Servant Doctrine Does Not Apply Here……………………………….....9

    E. Absent a Viable Underlying Claim There is No Entitlement to an Accounting…………10

CONCLUSION………………………………………………………………………………...10

TABLE OF AUTHORITIES

**Cases**

Fed. Ins. Co. v. Mertz, 2015 WL 5769945 (S.D.N.Y. Sept. 29, 2015) ............................................ 9

Fed. Ins. Co. v. Mertz, 2016 WL 164618 (S.D.N.Y. Jan. 12, 2016) ............................................... 9

Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928 (1997) ........................................................................ 9

In re Clark's Estate, 12 N.Y.2d 183 (1962) .................................................................................... 8

Sarner v. Fox Hill, Inc., 199 A.2d 6 (Conn. 1964) ......................................................................... 8

Weingarten v. Warren, 753 F. Supp. 491 (S.D.N.Y. 1990) ............................................................ 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL KLEEBERG, LISA STEIN,
and AUDREY HAYS,

            Plaintiffs,

v.

LESTER EBER; ALEXBAY, LLC f/k/a
LESTER EBER, LLC; ESTATE OF ELLIOTT W.
GUMAER, JR.; and WENDY EBER

            Defendants,

and

EBER BROS. & CO., INC.;
EBER BROS. WINE AND LIQUOR
CORPORATION; EBER BROS. WINE
& LIQUOR METRO, INC.; EBER-
CONNECTICUT, LLC; EBER-RHODE
ISLAND, LLC; EBER BROS.
ACQUISITION CORP.; EBER-METRO,
LLC; SLOCUM & SONS OF MAINE, INC.,

            Defendants.

Civil Action No. 1:16-cv-09517

---

## PRELIMINARY STATEMENT

The Estate of Elliot W. Gumaer, Jr. ("Estate") submits this memorandum of law in opposition to Plaintiffs' motion for partial summary judgment against the Estate.

## FACTS

The factual background – both the undisputed facts and the hotly contested facts - such as whether Elliot Gumaer was Lester Eber's personal attorney – are well known to the Court and

1

will not be restated here, although the material issues of fact regarding Gumaer's alleged service as Lester Eber's attorney are reviewed below.

## ARGUMENT

A. Relying on Inadequate Notice, Plaintiffs Seek Partial Summary Judgment Against the Estate Only on Plaintiffs' Faithless Servant Claim.

Plaintiffs' notice of motion does not mention the Estate. It does, however, state "the specific relief sought is specified more precisely in the Proposed Order that shall be contemporaneously submitted." (Dkt. 263). The Proposed Order does not mention the Estate. (Dkt. 267-1). While the Proposed Order does seek an order for accounting, it does so only for "Lester Eber, Wendy Eber, Alexbay, and any other corporate entities controlled by them…" (Proposed Order ¶21, Dkt. 267-1).

The only mention of summary judgment relief against the Estate appears at page 34 of Pls. Mem. where Plaintiffs advance three contentions:

> (i) "[I]t is undisputed that Gumaer secretly divided his loyalty by agreeing to serve as Lester's personal attorney while he was already serving as trustee…"
>
> (ii) "This Court should rule as a matter of law that Gumaer breached his fiduciary duty."
>
> (iii) "The failure to disclose the conflict to the Trust beneficiaries or the Surrogate's Court triggers the faithless servant doctrine, and disgorgement of all compensation since the disloyalty began."

(Dkt. 264 at 34).

As is shown in the sections below, there are three fatal flaws in Plaintiffs' position: (i) while this Court in adjudicating discovery disputes has already determined that Elliot Gumaer was not Lester Eber's attorney, were the Court not to be bound by that prior determination,

2

whether Elliot Gumaer was Lester Eber's personal attorney at a minimum presents a disputed issue of material fact that cannot be resolved on a motion for summary judgment; (ii) even if Elliot Gumaer had been Lester Eber's personal attorney that would not have created a conflict as a matter of law with Elliot Gumaer's trustee obligations; and (iii) the faithless servant doctrine does not apply to trustees; Plaintiffs' cannot rely on that doctrine for relief against the Estate.

### B. At a Minimum It Is Disputed That Elliot W. Gumaer, Jr. Was Lester Eber's Personal Attorney.

#### 1. Plaintiffs Have Not Cited Evidence Establishing Elliot W. Gumaer, Jr. Was Lester Eber's Attorney

Section VII of Plaintiffs' Mem. sets forth Plaintiffs' summary judgment contentions against the Estate. While it contends it is "undisputed" that Gumaer was Lester Eber's personal attorney, it identifies no evidentiary support for that contention. The only support for that contention is identified at page 24 of Plaintiffs' Mem., which cites to paragraphs 16-19 of Plaintiffs' Statement of Material Facts ("SMF"). Of SMF paragraphs 16-19 only paragraph 18 cites to evidence allegedly showing Gumaer was Lester Eber's personal attorney. That evidence consists of a January 2, 2001 Gumaer to Lester Eber letter (found by this Court to be "ambiguous") regarding Gumaer's retirement from his law firm and future involvement with the Ebers, and Lester Eber's deposition testimony (L. Eber Dep. 258:25-259:8) where he characterized the money paid Gumaer pursuant to the January 2, 2001 letter as a "consulting fee." Those "material facts" fall far short of establishing that Gumaer was Lester Eber's personal attorney, and Plaintiffs' motion for partial summary judgment against the Estate should be denied for this reason alone.

2. <u>This Court's Prior Findings Regarding Whether Gumaer Was the Ebers' Attorney Defeat Plaintiffs' Motion Against the Estate</u>

As this Court knows well, there has been extensive motion practice regarding whether various documents held by the Eber defendants were privileged, which in turn presented the issue of whether Elliot Gumaer had been Lester Eber's attorney. (See, e.g. Dkt. 113-115, 120, 125, 129, 134-136, 144, 150-153, 159, 160, 173, 193, 194, and 216).

During that phase of this litigation the Plaintiffs' interests were best served by claiming Gumaer had not been Lester Eber's attorney, and Plaintiffs strenuously argued that position – the direct opposite of the argument they make now:

> To the extent that there were communications with Gumaer where he was supposedly the lawyer, there is an additional, independently sufficient basis to find no privilege: Defendants cannot show that Gumaer was a licensed attorney at the time. The crux of the issue, then, is whether the Eber Defendants "reasonably believed" that Gumaer was still a licensed attorney during the relevant time. Lester and Wendy's affidavits contain wholly conclusory assertions that are insufficient on this point. By contrast, they implicitly concede there was no engagement agreement. They identify no payments made to Gumaer for legal services. And they admittedly retained other lawyers, such as Underberg & Kessler, to provide legal advice, rendering Gumaer's legal services redundant at best. It is therefore unlikely that communications with him were truly legal in nature, rather than about business matters…

(Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Compel the Eber Defendants To Provide Discovery Improperly Withheld On Privilege Grounds, citations omitted, Dkt. 125 at 7-8).

This Court succinctly summarized Plaintiffs' position regarding Elliot Gumaer's status as an attorney as follows:

> There are two individuals who Defendants claim were acting as attorneys when providing advice and claim privilege on this basis: Gumaer and Sturm. Plaintiffs challenge these assertions on the grounds that both individuals acted as business consultants and not attorneys. They also

4

> argue that Gumaer was not licensed to practice law at the time of the at-issue communications.

(May 13, 2019 Opinion and Order at 26, Dkt. 216).

Confronted with Plaintiffs' arguments that Gumaer was not Lester Eber's attorney, the Court recognized that whether an attorney-client relation exists presents a fact intensive inquiry:

> Courts in this District also consider the following six factors to determine whether an attorney-client relationship exists: 1) Whether a fee arrangement was entered into or a fee paid; 2) Whether a written contract or retainer agreement exists indicating that the attorney accepted representation; 3) Whether there was an informal relationship whereby the attorney performed legal services gratuitously; 4) Whether the attorney actually represented the individual in one aspect of the matter (e.g., at a deposition); 5) Whether the attorney excluded the individual from some aspect of a litigation in order to protect another (or a) client's interest; and 6) Whether the purported client believes that the attorney was representing him and whether this belief is reasonable. Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC, 542 F. Supp. 2d 296, 307–11 (S.D.N.Y. 2008) (citing First Hawaiian Bank v. Russell & Volkening, Inc., 861 F. Supp. 233, 238 (S.D.N.Y.). Id at 27.

(Id. at 27).

The evidence presented to the Court on the privilege motions included the affidavits of Wendy and Lester Eber in which they asserted that Gumaer had been their personal attorneys. (Dkt. 119-1, 120-2). The evidence also included the January 2, 2001 letter from Elliot Gumaer to Lester Eber regarding Gumaer's retirement from his law firm and future involvement with the Ebers. (Dkt. 266-3).

The Court found the January 2, 2001 letter "ambiguous as to its meaning. It can be read to support Plaintiffs' claim that Gumaer stepped away from his role as attorney for the Eber entities after he retired from Nixon Peabody LLP." (Id. at 30).

And while the Court recognized from their affidavits that Lester and Wendy Eber apparently had believed Gumaer was their attorney, the Court concluded that "the other factors

5

courts consider when determining whether an attorney-client relationship weighs against finding such a relationship." (Id.). It described those other factors as follows:

> To start, contrary to what Defendants argue, the only payments made to Gumaer appear to have been for consulting, not legal, services. (Doc. No. 136-16, 3; Doc. No. 193-1, 254:03-257:13); *see also Spectrum Sys. Int'l Corp*, 78 N.Y.2d 371, 377-78, 581 N.E.2d 1055, 1060 (nature of payment is relevant inquiry). Lester Eber testified during his deposition that he agreed to the terms of the 2001 Letter pursuant to which the Eber Companies paid Gumaer and annual *consulting fee* of $40,000.00. (Doc. No. 136-16, 3; Doc. No 193-1, 254:03-257:11.) Notably, no legal services invoices have been provided for the Court's consideration. Rather, emails provided to the Court in which Gumaer requests payment from the Eber Entities show that Gumaer characterized his fee to be for consulting work, not legal services. *E.g.,* EB-00031246. In other emails in which law firm attorneys provide advice to the Eber Entities, Gumaer appears to have *received* that advice in his capacity as *a director of EBWLC or as a trustee*. For example, in one email, Wendy asked an outside attorney to forward a document to Gumaer and wrote, "He is a trustee of Eber Bros and the Trust of Allen Eber. He was with Nixon Peabody LLP, nothing in the email suggests that Gumaer was acting as the Eber Defendants' in-house counsel at the time the email was sent. *E.g., Sang Lan*, 2014 WL 764250, at *8 (when determining whether an attorney-client relationship exists, courts consider whether the attorney held himself out as an attorney and provided legal services). All of these documents belie any claim that Gumaer performed legal services for the Eber Entities after 2001.
>
> As explained above, a person's subjective belied that an attorney-client relationship exists, alone, is typically insufficient to show that such a relationship exists. *Kubin,* 801 F. Supp. At 1115. Here, in light of the additional context gleaned from the *in camera* documents and deposition testimony from Lester and Wendy Eber, the Court concludes that any communications that are purportedly privileged solely on the basis that Gumaer was acting as an attorney and providing legal advice are not in fact protected by the attorney-client privilege.

The Court ultimately held that the Eber Defendants had failed to establish that Elliot Gumaer had been acting as an attorney and that documents withheld as privileged "solely on the basis that Gumaer was acting as an attorney and providing legal advice are not in fact protected by the attorney-client privilege." (Id at 31).

6

The Court's prior decisions cited above confirm that Plaintiffs have failed to establish on this motion that Gumaer was Lester Eber's attorney. First, Plaintiffs have made no attempt to consider the factors identified above that this Court has identified as relevant to determine whether an attorney-client relationship exists.

Second, Plaintiffs have not proffered on this motion any new evidence of an alleged attorney-client relation between Gumaer and Lester Eber that had not been before the Court on the privilege motions. This Court has already found that the two pieces of evidence that Plaintiffs rely on now to establish an attorney-client relationship between Lester Eber and Gumaer were not sufficient for such a factual finding: (i) the January 2, 2001 Gumaer to Lester Eber letter; and (ii) Lester Eber deposition testimony (L. Eber Dep. 258:25-259:8) that does not even directly state that Lester Eber considered Gumaer his personal attorney. Especially when weighed against the other evidence cited by the Court in finding that the Eber defendants had not established such an attorney client relationship – evidence set forth in the Gumaer Counter Statement of Material Facts – the Court should reach the same result here it previously reached - there was no such attorney-client relationship between Elliot Gumaer and Lester Eber.

### C. Even if Gumaer has been Lester's Personal Attorney, There Would Not Have Been a Conflict as a Matter of Law with His Trustee Duties.

Plaintiffs' contention that Gumaer's alleged service as Lester's personal attorney created a conflict with his trustee obligations "as a matter of law" rests on a 1964 Connecticut State Court decision holding that an attorney's vote could be considered separate from that of his client for purposes of establishing a quorum because that attorney is "bound to advance, by all legal and proper means, the interests of his client…".

7

While reliance on <u>Sarner v. Fox Hill, Inc.</u>, 199 A.2d 6 (Conn. 1964) a fifty plus year-old Connecticut State Court decision, is surprising, in fact the decision establishes one of the two legal principles that defeat Plaintiffs' breach of fiduciary duty claim here. That first principle is that the attorney's obligation is to advance the client's interest "by all legal and proper means." That obligation imposed on Elliot Gumaer an obligation to ensure that Lester Eber acted properly and legally in all respects, including as a trustee of the Trust.

And that same obligation is specifically embodied in the rule that an attorney for a fiduciary, such as a trustee, "has the same duty of undivided loyalty to the cestui as the fiduciary himself." <u>In re Clark's Estate</u>, 12 N.Y.2d 183 (1962). Accord <u>Weingarten v. Warren</u>, 753 F. Supp. 491 (S.D.N.Y. 1990). Simply put, Gumaer's fiduciary obligations to the Trust as a trustee in his own right were the same as his obligations to the Trust in his capacity as an attorney for any of the trustees, including Lester Eber.

Far from creating "as a matter of law" a fiduciary duty breach, the important protections provided by fiduciary obligations are if anything strengthened when one trustee is being advised as to his/her legal obligations by a lawyer who is simultaneously serving as a legal advisor to that fiduciary and as a second fiduciary with the identical set of fiduciary obligations. The risk that the first fiduciary will be inappropriately counseled as to his/her fiduciary obligations is greater when the legal advisor does not consider himself/herself bound by the same fiduciary obligations. In sum, there would have been no undivided loyalty as a matter of law if Gumaer had been Lester Eber's personal attorney.

### D. The Faithless Servant Doctrine Does Not Apply Here

The Estate's November 8, 2019 Memorandum of Law in support of its partial summary judgment motion established that the faithless servant doctrine applies to "servants" - employees and agents – not fiduciaries such as trustees, and so does not apply here. (Dkt 260 at 13-15).[1] That argument is incorporated herein by reference and will not be repeated here.

However, Plaintiffs' reliance on Fed. Ins. Co. v. Mertz, 2016 WL 164618 (S.D.N.Y. Jan. 12, 2016) is noteworthy because that court in an earlier decision in that case squarely held that the faithless servant doctrine does not apply to fiduciaries such as trustees:

> The faithless servant doctrine is a creature of New York state law. The Second Circuit has recognized that the New York faithless servant doctrine "arises out of an agency or employment relationship," CARGO GROUP, Inc. v. Maconachy, 718 F.3d 72, 84 (2d Cir. 2013), and has always been "grounded in the law of agency." Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 200 (2d Cir. 2003). Plaintiffs cite numerous cases purportedly for the proposition that the fiduciary relationship, and not the agency relationship, is the defining feature of the faithless servant doctrine. These [*9] cases are inapplicable.
>
> For the reasons, absent clear guidance from New York courts on this issue, the Court declined to extend the faithless servant doctrine to independent contractors [*12] who owe duty of loyalty to, but have no agency or employment relationship with, a defendant." To decide otherwise would risk expanding the damages recoverable in an ordinary duty of loyalty case to include all compensation received by the breaching party. It would also represent a significant departure from the original purpose and context of the faithless servant doctrine.

Fed. Ins. Co. v. Mertz, 2015 WL 5769945 (S.D.N.Y. Sept. 29, 2015).

---

[1] The memorandum misquoted from the Feiger decision, using "entitled" instead of "disentitled". The citation on page 13 should have read: "Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928 (1997) ("One who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary")."

      E.   <u>Absent a Viable Underlying Claim There is No Entitlement to an Accounting</u>

While Plaintiffs' Notice of Motion and Proposed Order do not seek an Accounting from the Estate, they propose that relief in footnote 33 to Plaintiffs' Mem. They are not entitled to such relief – and certainly not entitled to it on this motion - because for the reasons set forth above Plaintiffs have not established the underlying liability required for such a remedy.

## CONCLUSION

For the reasons set forth above Plaintiffs' motion for partial summary judgment against the Estate should be denied in all respects.

Dated: December 6, 2019　　　　　　　　　　　　CALIHAN LAW PLLC
　　　　　Rochester, New York

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Robert B. Calihan
　　　　　　　　　　　　　　　　　　　　　　　　Robert B. Calihan
　　　　　　　　　　　　　　　　　　　　　　　　CALIHAN LAW PLLC
　　　　　　　　　　　　　　　　　　　　　　　　620 Reynolds Arcade Building
　　　　　　　　　　　　　　　　　　　　　　　　16 East Main Street
　　　　　　　　　　　　　　　　　　　　　　　　Rochester, New York 14614
　　　　　　　　　　　　　　　　　　　　　　　　Tel: (585) 281-2593
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (866) 533-4206
　　　　　　　　　　　　　　　　　　　　　　　　rcalihan@calihanlaw.com