UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>    Plaintiffs,<br><br> v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; ESTATE OF ELLIOTT W. GUMAER, JR.; and WENDY EBER,<br><br>    Defendants,<br><br> and<br><br>EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; EBER-RHODE ISLAND, LLC; EBER BROS. ACQUISITION CORP.; EBER-METRO, LLC; SLOCUM & SONS OF MAINE, INC.; and CANANDAIGUA NATIONAL BANK & TRUST COMPANY,<br><br>    Nominal Defendants. | Civil Action No. 16-CV-9517(LAK)(KHP) |

**DECLARATION OF BRIAN C. BROOK IN OPPOSITION TO DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

1. I, Brian C. Brook, am an attorney licensed to practice law in the State of New York and in this Court, among other jurisdictions. I am the principal of the law firm of Brook & Associates, PLLC, and have been counsel of record for the Plaintiffs in the above-captioned case since its initial filing in December 2016.

2. I submit this declaration and the exhibits attached hereto in opposition to Defendants' Motions for Partial Summary Judgment.

3. Although Plaintiffs' opposition relies on many of the same exhibits used to support their own Motion for Partial Summary Judgment, it is important to recognize that, for purposes of opposing summary judgment, Plaintiffs do not concede the authenticity or accuracy of many of the documents. This Declaration details the factual basis for when such documents are challenged.

4. Attached to this Declaration is an updated Exhibit List with exhibits that are described in a manner that is generally true and accurate to the best of my knowledge, information, and belief. Newly added exhibits have the exhibit number box shaded.

5. Exhibits 1 through 131 were previously marked during depositions conducted by Plaintiffs in this matter, and the exhibit numbers have been retained in order to facilitate a clear reading of the record. Unless otherwise expressly stated, all references in Plaintiffs' moving papers to any "Exhibit" is a reference to Plaintiffs' Exhibits as specified in the depositions and on the attached list.

6. It should be noted that, as to certain documents, Plaintiffs will contend at trial that the documents contain false information, particularly with respect to dates, as the evidence adduced shows that backdating documents by days, weeks, and sometimes months was rampant. We have reason to believe that at least one document produced very late in discovery (Exhibit 115) was aggressively backdated more than two years in order to plug a hole in the challenged corporate actions of February 2017. Defendants have refused Plaintiffs' repeated requests to produce metadata or native format files to verify the dates and other information appearing on the face of questionable documents. Obviously, this Court cannot infer malintent at this stage, but I mention this so that it is clear that Plaintiffs are not adopting the descriptions of the documents or the truth of the information therein for any purpose beyond the instant motion for partial summary judgment. Plaintiffs reserve the right to dispute the very same documents, to the

extent necessary, in their oppositions to Defendants' summary judgment motions, and certainly later at any trial or evidentiary hearing.

7. In discovery, Defendants have not provided their attorney-client communications concerning any of the issues relating to liabilities of any of the Eber companies to PBGC. This Court permitted them to withhold those documents listed on their privilege log because the issues were deemed "not material" to this case. Now, the Ebers ask this Court to adopt a legal conclusion that they argued against for years. Worse, Wendy Eber's affidavit asserts that EBWLC's "Board" obtained legal advice in 2012 that is consistent with the relief they now seek—thus relying on advice of counsel after explicitly waiving the right to do so. Under the circumstances, Plaintiffs have not been provided evidence that is likely to rebut the dubious assertions made about what "the Board believed" according to Wendy Eber.

8. Michael Gallagher was never disclosed as any kind of witness for Defendants, and certainly not as an expert witness. Even his conclusory December 2018 letter referenced in the Torchio Expert Report was not produced to Plaintiffs until July 10, 2019, a week after Plaintiffs specifically requested it days after receiving the Torchio Report.

9. Exhibit 167 is a copy of an annual notice from EBWLC to pension plan participants that was mailed on November 15, 2012. The document was produced by the Ebers' counsel. The notice disclosed valuations of the pension plan assets and liabilities as of May 31, 2012. Id. at 2 ("As of 05/31/2012, the fair market value of the Plan's assets was $4,759,790. On this same date, the Plan's liabilities were $8,916,442."). The difference between the pension plan assets and liabilities as of May 31, 2012 was therefore $4,156,652.

10. Despite multiple requests, including during Lester Eber's deposition, Defendants have never produced any documents that purport to be the original promissory notes that were purportedly amended and restated in March 2006. Even the 2006 documents lack any metadata or transmittal emails or fax headers that would enable one to determine that the loans were made earlier.

11.     On November 13, 2019, I served a Notice of Rule 11 Motion and draft memorandum of law based on certain of Defendants' arguments that were readily apparent as frivolous: The *Rooker-Feldman* argument; the res judicata argument; and the statute of limitations arguments. In response, the Ebers withdrew the statute of limitations argument only, ECF No. 270, while the Estate of Elliott Gumaer withdrew almost all of the contested arguments, except for part of its *Rooker-Feldman* argument, ECF No. 271.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: December 6, 2019

/s Brian C. Brook
Brian C. Brook