**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

DANIEL KLEEBERG, LISA STEIN,
and AUDREY HAYS,

                Plaintiffs,

                v.

LESTER EBER; ALEXBAY, LLC f/k/a
LESTER EBER, LLC; ESTATE OF ELLIOTT W.
GUMAER, JR.; and WENDY EBER

                Defendants,


    and

EBER BROS. & CO., INC.;
EBER BROS. WINE AND LIQUOR
CORPORATION; EBER BROS. WINE
& LIQUOR METRO, INC.; EBER-
CONNECTICUT, LLC; EBER-RHODE
ISLAND, LLC; EBER BROS.
ACQUISITION CORP.; EBER-METRO,
LLC; SLOCUM & SONS OF MAINE, INC.,

                Defendants.

_____

Civil Action No. 1:16-cv-09517


ESTATE OF ELLIOT W. GUMAER, JR.'S REPLY
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT

Robert B. Calihan
CALIHAN LAW PLLC
620 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
Tel: (585) 281-2593
Fax: (866) 533-4206
rcalihan@calihanlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

DANIEL KLEEBERG, LISA STEIN,
and AUDREY HAYS,

                Plaintiffs,

            v.

LESTER EBER; ALEXBAY, LLC f/k/a
LESTER EBER, LLC; ESTATE OF ELLIOTT W.
GUMAER, JR.; and WENDY EBER

                Defendants,


    and


EBER BROS. & CO., INC.;
EBER BROS. WINE AND LIQUOR
CORPORATION; EBER BROS. WINE
& LIQUOR METRO, INC.; EBER-
CONNECTICUT, LLC; EBER-RHODE
ISLAND, LLC; EBER BROS.
ACQUISITION CORP.; EBER-METRO,
LLC; SLOCUM & SONS OF MAINE, INC.,

                Defendants.

_____

Civil Action No. 1:16-cv-09517


PRELIMINARY STATEMENT

The Estate of Elliot W. Gumaer, Jr. ("Estate") submits this reply memorandum of law in

support of its motion for partial summary judgment dismissing portions of the Third Amended

Complaint. This memorandum addresses only certain key points as to which Plaintiffs have

missed the mark on their opposition to the Estate's partial summary judgment motion.

1

ARGUMENT

I.

THE PLAINTIFFS' MERITLESS LOCAL RULE 56.1 ARGUMENT

Plaintiffs would have the Court toss the Estate's partial summary judgment motion in its

entirety for the Estate's alleged failure to file a Rule 56 Statement of Undisputed Facts. In fact,

the Estate did file such a statement:

> Pursuant to Local Civil Rule 56.1 of the Local Rules of the U.S. District
> Court for the Southern District of New York, Defendant the Estate of
> Elliot W. Gumaer, Jr. ("Estate") submits in support of its motion for
> summary judgment this statement of material facts as to which there is no
> genuine dispute.
>
> The Estate relies on the Eber Defendants' and Eber Nominal Defendants'
> Statement of Undisputed Material Facts dated November 8, 2019 and
> incorporates it herein by reference.
>
> The Estate respectfully submits that its reliance on the Eber Defendants'
> and Nominal Eber Defendants' Statement of Undisputed Material Facts
> satisfies the requirement set forth in Local Rule 56.1 with respect to the
> contents of that statement.

(Dkt. 261).

Plaintiffs have cited no authority or rule, and the Estate certainly knows of none,

providing that such reliance on a co-defendants' Rule 56 Statement is impermissible. More to the

point, Plaintiffs have pointed to no possible prejudice – or specific allegedly inadequate showing

by the Estate – linked to the Estate's incorporation by reference of the Eber defendants' Rule 56

Statement.

II.

THE ESTATE IS ENTITLED TO COUNT I SUMMARY JUDGMENT

Seeking to clarify the Estate's "confusion" regarding Counts I and II, Plaintiffs explain that "Count I challenges specific transactions, whereas Count II seeks disgorgement of compensation paid to the breaching individuals." (Pls. Dec. Mem. at 28). The use of the phrase "challenges specific transactions" is a concession that Count I seeks only equitable relief (other than punitive damages/surcharge), none of which is sought from or could be granted by the Estate.[1] This concession alone warrants summary dismissal of Count I as to the Estate.

Plaintiffs oppose summary judgment dismissing Count I as to the Estate by arguing that the Estate has tried to "whittle" down Count I's scope. By Plaintiffs' fourth complaint, the Estate should be entitled to rely on the plain meaning of Plaintiffs' pleadings. Count I plainly states it is alleging a breach of loyalty claim, and identifies self-dealing, conflict of interest, and usurpation of corporate opportunities as the types of breach of loyalty claims being alleged. (TAC ¶¶ 184-88). Plaintiffs do not deny they have no usurpation of corporate opportunity or self-dealing claims against the Estate. And, as again shown below, Plaintiffs' conflict of interest claim is without merit. Given the plain meaning of the TAC's Count I allegations, the Count I claims should be restricted to those three.

Plaintiffs nonetheless argue that Count I also "alleges breach of the duty of care" against the Estate, citing to three TAC paragraphs. The first two, ¶¶ 250 and 269, are asserted in connection with two specific Count I transactions: "The Polebridge Transaction" (TAC ¶¶ 232-

---

[1] The following TAC paragraphs set forth the specific relief sought in connection with each of the nine specific transactions "challenged" by Count I – and each describes equitable relief not available from the Estate: TAC ¶¶ 192-3, 216-19, 225, 227-8, 231, 249, 259-60, 263, and 270-71.

50); and "Diluting EB&C's Interest in EBWLC in 2017" (TAC ⁋⁋ 264-72). The TAC nowhere alleges Gumaer was involved in the Polebridge transaction[2], and it expressly exonerates Gumaer as to the 2017 dilution allegation. (TAC ⁋ 272 "To Gumaer's credit, he did not participate in this outrageous act…"). The third "duty of care" TAC paragraph Plaintiffs cite, ⁋ 209, does not mention Gumaer. Fairly read, Count I cannot now be expanded to include a duty of care claim against Gumaer/the Estate.

Plaintiffs also argue that the only specific Count I transaction the Estate addresses is the Metro transfer to Alexbay, entitled "*The Metro Transfer*" (TAC ⁋⁋ 194-219). That transaction is the only one of the nine specific transactions set forth in Count I that includes specific Gumaer allegations. (TAC ⁋⁋ 211, 215). However, as with the other specific transactions identified in Count I, the "Metro Transfer" transaction portion of Count I seeks only equitable relief not available from the Estate, as well as punitive damages/surcharge – also not available from the Estate. (TAC ⁋⁋ 216-19). So Count I's equitable remedies limitations admitted by the Plaintiffs' language quoted at the beginning of this section are confirmed by Count I's language: Count I asserts no claims against the Estate.

---

[2] For the Court's convenience, Exhibit A to the accompanying Calihan affirmation contains a copy of the TAC with each express reference to "Gumaer" and "Estate" highlighted. Exhibit B is a copy of Plaintiffs' "Proposed Order" (Dkt. 267-1). According to Plaintiffs, "the specific relief sought is specified more precisely in [this] Proposed Order …" (Dkt. 263). The Estate similarly sought to mark each Proposed Order's reference to "Gumaer" and "Estate" – but there were none. The Proposed Order is silent as to Gumaer and The Estate.

III.

SUMMARY JUDGMENT DISMISSING THE COUNT II FAITHLESS SERVANT
CONFLICT OF INTEREST CLAIM AGAINST THE ESTATE IS WARRANTED BECAUSE
THERE WAS NO CONFLICT OF INTEREST AND THE FAITHLESS SERVANT
DOCTRINE ONLY APPLIES TO AGENTS AND EMPLOYEES

As noted above, Plaintiffs have "clarified" that "Count I challenges specific transactions, whereas Count II seeks disgorgement of compensation paid to the breaching individuals." Plaintiffs could have tried to allege Gumaer responsibility for specific allegedly wrongful transactions set forth in Count I and sought damages allegedly suffered as the result of any such individual transactions. But as set forth above, Plaintiffs elected not to try to go down that road. Instead, Count II clearly seeks relief based on Gumaer's alleged role as Lester Eber's attorney. Because Plaintiffs allege that Gumaer held that role since 2001, Plaintiffs seek to recover all compensation paid Gumaer since then, irrespective of what actual actions he took, whether specific actions were themselves wrongful, or the actual economic impact of those actions on Plaintiffs. [3]

Plaintiffs have contended that (i) "it is undisputed that Gumaer…agree[d] to serve as Lester's personal attorney"; (ii) such service "as a matter of law" breached his fiduciary duty"; and (iii) that alleged breach entitles Plaintiffs to recover all compensation paid Gumaer under the

---

[3] The issues of whether Gumaer served as Lester Eber's personal attorney, whether such service would have violated Gumaer's fiduciary obligations as a matter of law, and if so whether the faithless servant doctrine would entitle Plaintiffs to recover all compensation paid Gumaer have all been raised by Plaintiffs and the Estate on their respective summary judgment motions. Under these circumstances, it matters not which party raises which particular summary judgment argument regarding the proof and law governing whether Gumaer represented Lester Eber and whether such representation would have violated Gumaer's fiduciary obligations because all concerned parties have had ample opportunity to address the issues. See Roxbury Taxpayers Alliance v. Delaware County Bd. Of Supervisors, 886 F.Supp. 242 (N.D.N.Y 1995), aff'd, 80 F.3d 42 (2d Cir.), cert. denied, 445 U.S. 957 (Oct. 7, 1996); quoting Charles A. Wright et al., 10A Federal Practice and Procedure § 2720, at 29 (2d ed. 1983); Fed. R. Civ. P 56(f).

Faithless Servant doctrine. (Pls. Nov. Mem. at 40). Each of those contentions are wrong.

Plaintiffs are correct, however, that the Estate overlooked footnote 11 to the Court's May 23,

2019 Leave to Amend Opinion (Dkt. 222), which Plaintiffs contend bars the Estate's law of the

case argument, and the Estate apologizes for the  unintentional oversight.

But while the Estate no longer contends the Court can properly find on these summary

judgment motions that Gumaer was not Lester Eber's attorney, Plaintiffs' contention that the

Court must find that such a relationship existed is equally off the mark. In opposing that prong of

Plaintiffs' motion for partial summary judgment, the Estate satisfied Fed. R. Civ. P 56(c)(1)(B)

by "showing that the materials cited do not establish the absence…of a genuine dispute…." (See

Estate's Dec. 6, 2019 Mem. at 4-7, including demonstration at page 7 that evidence relied on by

Plaintiffs did not establish Gumaer represented Lester Eber as his personal attorney).

In the final analysis, however, whether or not Gumaer served as Lester Eber's personal

attorney is irrelevant because such service would not have created a conflict of interest with

Gumaer's fiduciary director and trustee duties. (See generally Estate's Dec. 12, 2019 Mem. (Dkt.

274) at 7-8).

Finally, Plaintiffs are wrong in their continued assertion in three successive complaints

that the faithless servant doctrine applies to trustees and directors such as Gumaer. See

FAC ₱ 117 (Dkt. 85); SAC ₱141 (Dkt. 88); and TAC ₱₱ 273 − 93.  The faithless servant doctrine

is a tempting form of relief because it can result in the return of all compensation paid to – as

opposed to profits realized by – faithless employees and agents ("servants") from the beginning

of the period of faithlessness, irrespective of actual injury or damages. That of course is why

Plaintiffs elected to seek that relief and have not let it go. Their problem is that the law does not

provide for that relief against Gumaer as a trustee or director because the faithless doctrine only

applies to agents or employees. See generally Estate Dec. Mem. at 9. In response, Plaintiffs both

seek to conflate the faithless servant doctrine with other remedies and argue that the faithless

servant doctrine does apply to trustees and directors notwithstanding Plaintiffs' inability to cite a

single on point authority so holding.

Plaintiffs' continued reliance on Fed. Ins. Co v. Mertz, No. 12-CV-1597, 2016 WL

164618 (SDNY Jan. 12. 2016) as establishing Plaintiffs' legal entitlement to automatic

disgorgement of all compensation paid Gumaer on the grounds he was a "faithless servant" is

surprising. First, as established in the Estate's Dec. 6, 2019 Mem. at 9, the Mertz court in an

earlier decision unequivocally rejected the application of the faithless servant doctrine to

fiduciary relationships outside of agency and employment relationships.  Plaintiffs now argue

that the Estate must nonetheless be disgorged on these summary judgment motions of  all

compensation paid Gumaer because of this Mertz language:  "In [] cases where a fiduciary

violates his position of trust, courts have held that he must account for all the profits derived

therefrom." (Pls. Opp. Mem. at 32). Plaintiffs identify that Mertz quote as coming from page 7 of

the WL opinion. In fact, that language does not appear until 15 pages later, where it is part of a

long passage that offers no support under any factual scenario for the automatic disgorgement of

all compensation (as opposed to all profits) received by a fiduciary as a matter of law due to a

conflict of interest irrespective of the specific consequences of the alleged conflict.[4]

As that portion of the Mertz decision and other authorities make clear, there are

appropriate damage remedies for a trustee's or director's breach of his or her fiduciary duty.  The

---

[4] The difference between profits and compensation is critical in this realm. See, e.g. Gibbs v.
Breed, Abbott, & Morgan, 181 Misc. 2d 346 (Sup. Ct. NY County 1999) (awarding departing
partners their compensation while recognizing departing partners could be required to disgorge
profits they realized from their breaches of fiduciary duty).

problem for Plaintiffs here, however, is that because they wanted to achieve the largest possible

recovery – all compensation paid Gumaer since 2001 –  based on the easiest possible showing –

simply that he was Lester Eber's personal attorney – Plaintiffs elected to overreach, not once but

again and again in successive pleadings. As a result, they now are without a viable damages

claim based on an alleged conflict of interest, which in fact was no conflict of interest at all.

In sum, the Estate is entitled to summary judgment dismissing the Count II "Faithless

Servant" claim because it rests on an alleged conflict of interest that is not a conflict and the

Faithless Servant doctrine and remedy is applicable to employees and agents - not trustees and

directors.

IV.

THE COUNT VII CLAIMS FOR FRAUDULENT CONCEALMENT AGAINST
THE ESTATE WARRANT SUMMARY JUDGMENT DISMISSAL

Although Plaintiffs argue that the Estate erroneously characterizes Plaintiffs' Count VII

Fraudulent Concealment claim as a type of breach of fiduciary duty claim, in fact for purposes of

this motion the key issue is whether the alleged fraudulent concealment resulted in identifiable

damages. See, e.g. Congress Fin. Corp. v John Morrell & Co., 790 F Supp 459, 472 (SDNY

1992)("elements of fraudulent concealment under New York law are a relationship between

contracting parties that creates a duty to disclose, knowledge of material facts by a party bound

to make such disclosures, nondisclosure, scienter, reliance, and damage.")(emphasis supplied).

Plaintiffs seek to salvage this claim to the extent it relies on allegations that Gumaer

failed to disclose his representation of Lester Eber, but as shown above that representation, even

if it occurred, was not a conflict and so there was no possible "duty to disclose."

8

In response to the Estate's showing in its Nov. 8 Mem. that Plaintiffs' Contention Interrogatory Responses establish that Plaintiffs cannot support this fraudulent concealment claim with the required damages – whether under a breach of fiduciary duty of fraudulent concealment analysis - Plaintiffs respond that there might be damages: "If it turns out that the Ebers have irretrievably dissipated assets due to the delay in filing this lawsuit…then there will be substantial damages to recover." Pls. Dec. Mem at 36 (emphasis supplied). As noted in footnote 2 of the Estate's Nov. Mem., contention interrogatories serve an essential purpose in clarifying issues before summary judgment motion practice. Pasternak v. Kim, 2011 US Dist. LEXIS 113998 at *7 (SDNY 2011); Schneiner v. Wallace, 1996 US Dist LEXIS 16315 at *31 (SDNY 1996).  The Estate's Contention Interrogatory No. 2 required Plaintiffs to identify "each act of the part of Gumaer which you contend … entitles plaintiffs to relief from the Estate." Contention Interrogatory No. 5 required Plaintiffs to identify "the damages you contend were caused" by each act identified in response to Contention Interrogatory No. 2. Nowhere in their response did Plaintiffs identify the dissipation of assets damages they now allege might have occurred due to Gumaer's alleged fraudulent concealment. Accordingly, Plaintiffs would be precluded from proferrring such damages at trial in support of their concealment claim. Because such damages are a necessary element to a fraudulent concealment claim (whether or not analyzed as a breach of fiduciary duty claim), Plaintiffs' responses to the Estate's Contention Interrogatories establish summary judgment dismissing Count VII as to the Estate is warranted.

CONCLUSION

For the reasons set forth above and in the Estate's prior filings, the Estate is entitled to summary judgment dismissal of Counts I, II, and VII of the Third Amended Complaint as to it.

Plaintiffs have stipulated to dismissal of their punitive damages claim against the Estate, so that

dismissal should be ordered by the Court as well.

Dated: December 23, 2019                       CALIHAN LAW PLLC
      Rochester, New York


                                         /s/ Robert B. Calihan
                                         Robert B. Calihan
                                         CALIHAN LAW PLLC
                                         620 Reynolds Arcade Building
                                         16 East Main Street
                                         Rochester, New York 14614
                                         Tel: (585) 281-2593
                                         Fax: (866) 533-4206
                                         rcalihan@calihanlaw.com