

Rochester, New York
www.CalihanLaw.com

Writer's Direct Dial: 585-281-2593
Email: rcalihan@calihanlaw.com
Office: New York, New York

January 10, 2020

Via ECF

Hon. Katharine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Daniel Kleeberg, Lisa Stein and Audrey Hays v. Lester Eber, et al.
Civ. Action No.: 16-cv-09517-LAK-KHP

Dear Judge Parker:

I write on behalf of the Gumaer Estate to supplement my oral argument reference to section 243 of the Restatement Second of Trusts, "Effect of Breach of Trust on Compensation" ("Section 243"). Section 243, and not the faithless service doctrine ("FSD") applies to claims for trustee compensation as the result of a breach of trust. Accordingly, plaintiffs' Count II ("Breach of Fiduciary Duty – Acting as Faithless Servants") should be dismissed.

Section 243 provides:

> If the trustee commits a breach of trust, the court may in its discretion deny him all compensation or allow him a reduced compensation or allow him full compensation.

Restatement 2d of Trusts, § 243 (2012)(emphasis supplied). Section 243 Comment (c) identifies factors relevant to determining whether to allow full compensation or reduce it, including whether the trustee acted in good faith, the breach was intentional, and the breach caused loss to the trust. Courts, including for example in Matter of Gregory Stewart Trust, 109 AD 3d 755 (1st Dept. 2013), routinely recognize Section 243, not the FSD, in exercising their discretionary authority over trustee compensation.[1] Restatement 3d of Trusts ("Rest. 3d") recognizes the same discretionary authority of courts to adjust trustee compensation. Rest. 3d's appendix cross

---

[1] See, e.g. In re Beck Indus., Inc., 605 F2d 624, 637, n 15 (2d Cir 1979); In re NY, N. H. & H. R. Co., 567 F2d 166, 181, n 26 (2d Cir 1977); In re Johnson, 518 F2d 246, 256 (10th Cir 1975); Berner v Equit. Off. Bldg. Corp., 175 F2d 218, 222 (2d Cir 1949); Probate Ct. of Warwick v Bank of Am., N.A., 813 F Supp 2d 277, 338 (DRI 2011); Williams v Sec. Natl. Bank, 358 F Supp 2d 782, 816 (ND Iowa 2005); Dennis v Rhode Is. Hosp. Trust Natl. Bank, 571 F Supp 623, 638 (DRI 1983).

references Section 243 to two Rest. 3d comments: §38(c) (courts have discretion in determining trustee compensation) and §95(c) (courts may "as appropriate to the circumstances" deny or reduce trustee's compensation).

Application of Section 243's discretionary approach to trustee compensation (instead of the one size fits all punitive FSD) is especially appropriate here because the plaintiffs seek to recover compensation paid Elliot Gumaer during two discrete time periods, 2001-12 and 2012-16, that present very different compensation claims. During 2001-12 Mr. Gumaer is alleged to have violated his fiduciary duties by representing Lester Eber while Gumaer was a Trust trustee. Plaintiffs have not identified on-point authority supporting their contention that holding both positions was a per se conflict of interest, and there are compelling reasons why it was not. Plaintiffs allege no actual 2001-12 Trust loss. Applying a Section 243 analysis to 2001-12 should readily lead to the determination not to penalize the Gumaer estate for his accepting a representation (i) that was not a per se conflict of interest; (ii) where there was no precedent establishing it was improper; (iii) where at worse whether it was a per se conflict of interest presents a close question of law; and (iv) the representation caused no Trust damages. Plaintiffs' allegations of Gumaer's 2001-12 breach of trust focus on the Alexbay foreclosure and its aftermath, for which plaintiffs do claim damages and allege active malfeasance. Those circumstances, if proven, could warrant a different analysis under Section 243.

Admittedly, Section 243 does not bar the consideration of later conduct in determining whether to recover trustee compensation. However, unlike Section 243, the FSD (which applies to employees and agents, not trustees) is a far less discretionary punitive doctrine under which plaintiffs seek all compensation ever paid Gumaer irrespective of plaintiffs' failure to allege 2001-12 Trust damage and the very different types of alleged Gumaer 2001-12 and 2012-17 conduct. While the FSD is punitive, <u>Sauer v. Century Federal Sav. & Loan Assoc.</u> 69 AD 2d 495, 498 (2 Dept. 1979)(FSD "visits a penalty upon an employee"), Section 243 is not:

> When the compensation of the trustee is reduced or denied, the reduction or denial is not in the nature of an additional penalty for the breach of trust but is based upon the fact that the trustee has not rendered or has not properly rendered the services for which compensation is given.

Section 243. Comment (a). As the <u>Stewart Trust</u> court noted "[t]he denial of a commission, however, should…be based on the trustee's failure to properly serve the trust, not designed as an additional punishment."109 AD3d at 757.

Plaintiffs have conceded punitive damages should not be awarded against an estate. While under the best of circumstances the FSD "visits a penalty," to allow its application here to claim disgorgement of 2001-12 fees on the basis of 2012-16 conduct would be particularly punitive, and completely antithetical to the far more nuanced Section 243 analysis that should govern here.

In sum, application of Section 243, and not the FSD, is the only appropriate basis here for a compensation claim, and plaintiffs' Count II should be dismissed because it relies solely on the inapplicable FSD.

Thank you for your continued attention to this matter.

Respectfully submitted,

/s/ Robert B. Calihan

Robert B. Calihan

cc: Brian Brook, Esq. (via ECF)
    Colin D. Ramsey, Esq. (via ECF)
    Paul Keneally, Esq. (via ECF)