

underberg & kessler LLP

COLIN D. RAMSEY, PARTNER
(716) 847-9103
cramsey@underbergkessler.com

January 17, 2020

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Lester Eber, et al.*
Civ. Action No.: 16-cv-09517-LAK-KHP

Dear Magistrate Parker:

We write in response to Mr. Brook's January 10, 2020 correspondence regarding *Odyssey Partners v. Fleming Cos.*, 735 A.2d 386 (Del. Ch. 1999).[1,2] While *Odyssey* is not binding on this Court,[3] it supports the Eber Defendants' position that Lester Eber did not breach his corporate fiduciary duties by foreclosing on his valid, secured interest in EBWLC's equity interest in Eber Metro. Plaintiffs' reliance on the *Odyssey* decision is curious, as it does not stand for the proposition Plaintiffs advance.

In both *Odyssey* and this case, the secured creditors utilized a specially crafted statutory provision (Fleming under AZ U.C.C. § 9-610 and Alexbay N.Y. U.C.C. § 9-620) designed to permit the enforcement of their contractual and statutory rights as creditors. While the procedures under N.Y. U.C.C. §§ 9-610 and 9-620 differ somewhat (under § 9-610, the creditor controls the making of the auction bid and the auction process; under § 9-620, the creditor controls the making of the foreclosure proposal and the notification to third parties, but the debtor's consent or lack of objection is required), the fact remains that Lester Eber "set

---

[1] Ebers' counsel's reference on p. 114 of the oral argument transcript to N.Y. U.C.C. § 9-620 as involving a negotiated foreclosure was merely a short-hand reference to what any such foreclosure process might boil down to in everyday terms. It was not a reference to what was statutorily required or what occurred in this case. It is "a procedure by which the secured party acquires the debtor's interest in the collateral without the need for a sale or other disposition under Section 9-610." N.Y. U.C.C. § 9-620, cmt. 2.

[2] Contrary to counsel's statement at oral argument, Mr. Eber was not paid anything by Eber Metro in 2010.

[3] *Odyssey* is a Delaware corporate law case involving an Arizona UCC Article 9 sale. No New York case was relied on by the Delaware court.



Hon. Katharine H. Parker
January 17, 2020
Page 2

in motion a statutory process in which he acted in [his] creditor capacity" by sending a proposal to accept the Eber Metro stock in full satisfaction of the secured debt pursuant to N.Y. U.C.C. § 9-620.[4]

Lester Eber breached no fiduciary duty to EBWLC by making the § 9-620 foreclosure proposal on behalf of Alexbay and enforcing Alexbay's rights as a secured creditor. At the time of the foreclosure, Lester Eber was no longer an officer or director of EBWLC. Nor did Lester Eber breach his fiduciary duty as a Co-Trustee of the Allen Eber Trust—a principal indirect shareholder of EBWLC. Alexbay was only doing what the Will, the U.C.C. and the pre-existing 2010 Security Agreement allowed. Read fairly, *Odyssey* confirms that Alexbay's foreclosure of EBWLC's interest in Eber Metro did not constitute a breach of fiduciary duty. Tellingly, that court noted, "Fiduciary obligation does not require self-sacrifice....Thus one who may be both a creditor and a fiduciary...does not by reason of that status alone have special limitations imposed upon the exercise of his or her creditor rights." *Odyssey*, 735 A.2d at 415.

Plaintiffs also fail to meet their burden of proof that Lester Eber, as one of three Co-Trustees of the Trust, individually exerted influence over the decision by the EBWLC Board to consent to the foreclosure proposal. The record shows a separate approval process was created by EBWLC, the Board had separate, independent counsel never before involved with the defendants, and Lester did not participate in the Board consent process. Unanimous approval of the two directors, Wendy Eber and Elliott Gumaer, was required to consent to the foreclosure.

Plaintiffs cite no New York case adopting Delaware's *Revlon* doctrine or applying anything like it to facts similar to this case. Plaintiffs also fail to cite a single New York case applying a corporate fiduciary analysis to a debtor's decision to consent, or not object to, a N.Y. U.C.C. § 9-620 foreclosure or any duty a principal shareholder has in connection with a Board decision by a company of which it is a shareholder in this context.

Lester's conduct as a fiduciary of the Trust in relation to the Trust beneficiaries is measured by the good faith standard, not the no further inquiry rule. The making of the loans, the securing of the loans, and the collection of the loans by way of the enforcement of the security were authorized "expressly or by necessary implication" by the Will, including Clauses D, E, H, I, O and R. *See O'Hayer v. De St. Aubin*, 30 A.D.2d 419, 423 (2d Dep't 1968). Collection by enforcement of the security was clearly authorized. The covenant to pay back the loans or allow foreclosure on the security interest to permit collection, **was part of the consideration for the covenant to make the loans in the first place**. Plaintiffs' argument otherwise "lacks a grounding in common sense or reality." *Odyssey* at 416. Plaintiffs' position that "...interpreting the Will is a matter of law, like construing a contract...." is incorrect. The proper construction of the Will depends on the settlor's intent. There is nothing at all in the Will, the Security Agreement (Section 6), or elsewhere that supports Plaintiffs' tortured theory that Lester Eber as a Co-Trustee and as secured lender (but not CNB as a lender) could acquire the collateral only in a public auction, but not a foreclosure under N.Y. U.C.C. 9-620.

---

[4] Plaintiffs incorrectly state that the only "'statutory process' that could permit a secured creditor to acquire the collateral for itself is a public auction." Obviously, N.Y. U.C.C. §9-620 specifically provides a statutory process for a secured creditor to acquire the pledged collateral by foreclosure with the consent, or lack of objection, of the debtor.



The *Odyssey* Court also determined that ABCO was insolvent and the sale did not result in a non-prorata distribution. Here, EBWLC and Metro were also insolvent[5] and the foreclosure did not result in a non-prorata distribution.

Plaintiffs continue to erroneously rely on *Renz v. Beeman*, 589 F.2d 735 (2d Cir. 1978). *Renz* is inapplicable to this matter because: (1) it involved a straight purchase of stock by a Trustee offered by a third party, not a foreclosure of a secured interest; (2) unlike Allen Eber's Will, the language of the Will at issue in *Renz* did not specifically authorize the Trustee's action;[6] and (3) the Trustee in *Renz* did not offer the opportunity to purchase the shares to the other beneficiaries. Put simply, the *Renz* court's discussion of Trustee duties is mere dicta.

Had Allen Eber intended to deny his Trustees the ability to foreclose on loans made to the Trust, the Will would not have included language specifically allowing the pledge or mortgage of property owned by the Trust as security. Reading the Will as Plaintiffs suggest would render Article Twelve, Clauses D, E, H, I, O and R "meaningless and unrealistic." *O'Hayer v. De St. Aubin*, 30 A.D.2d 419, 424 (2d Dep't 1968).

Respectfully submitted,

Colin D. Ramsey

CDR:ar

cc: Brian C. Brook, Esq. *(via ECF)*
Robert Calihan, Esq. *(via ECF)*
Michael J. Adams, Esq. *(via ECF)*

---

[5] The Affidavit of Michael A. Gallagher was not an expert opinion, but merely a fact witness attesting to the amount of retirement liabilities of the jointly-liable Eber Companies (thus demonstrating insolvency).

[6] Allen Eber's Will specifically states that the Trustee was allowed to "[t]o borrow money from itself or others for the benefit of my estate or any trust hereunder and to secure the loan by pledge or mortgage of the property of my estate or any trust and to renew existing loans." *See* Allen Eber Will at Art. TWELVE (h) annexed as Exhibit A to the Affidavit of L. Eber sworn to Nov. 8, 2019.