**BROOK & ASSOCIATES, PLLC**
—— NEW YORK | NEW JERSEY | WASHINGTON DC ——

**BRIAN C. BROOK**                                                                    100 CHURCH STREET
BRIAN@BROOK-LAW.COM                                                         FLOOR 8
                                                                                                      NEW YORK, NY 10007
                                                                                                      TEL: (212) 256-1957

January 17, 2020

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
            **Response to Letter by the Estate of Elliott W. Gumaer, Jr.**

Dear Judge Parker,

I write in response to the letter submitted by the Estate arguing that Restatement Section 243 governs the remedy instead of New York's faithless servant doctrine. At the outset, Plaintiffs reiterate what was said at oral argument: that the appropriate remedy for Count II is not a time-sensitive issue, unlike the matters specified in Plaintiffs' Proposed Order that affect the future viability of the business which Plaintiffs were supposed to own two-thirds of under the Will. As noted during argument, Eber-CT d/b/a/ Slocum & Sons no longer employs John Slocum, who was one of two "key" employees (according to Wendy Eber's own presentation to PBGC a few years ago). To the extent this Court has any doubts about the importance of this loss and the need to expedite matters so that Plaintiffs may protect their inheritance, Plaintiffs offer the attached copy of Eber-CT's reply brief in support of the preliminary injunction. *See* Ex. A at 7 ("[W]hen Mr. Slocum took the Slocum name to a direct competitor, it devalued the goodwill in the name for 'Slocum & Sons'….").[1] Accordingly, even though Plaintiffs continue to believe that they are entitled to judgment as a matter of law against Gumaer's Estate finding that New York's faithless servant doctrine applies, Plaintiffs offer to withdraw that portion of their summary judgment motion, if necessary to expedite the time-sensitive issues.

Indeed, there is another development outside this Court that might render any judgment in Plaintiffs' favor anytime soon effectively meaningless. A few months ago, the Estate's counsel disclosed that the Estate had been depleted of assets and that, instead, everything left was held in a Georgia trust that Mr. Gumaer had created in 2014, with himself as trustee and beneficiary. Upon his demise, the same individuals who are executors of his estate became trustees. Even though they have been otherwise proceeding in this Court on behalf of the Estate, the executors/trustees have recently filed a declaratory judgment action in Georgia state court on

---

[1] Since the argument, I learned that John Slocum's family members, who served on Eber-CT's board of managers, were told by the Ebers to resign after John Slocum left. Thus, "Slocum & Sons" has no Slocums at all anymore.

January 17, 2020                                                                          BROOK & ASSOCIATES
Page 2

behalf of the Gumaer trust, naming Plaintiffs as defendants and forcing Plaintiffs to litigate in two separate forums. Without getting into all the weeds, suffice it to say the declaratory judgment action prays for a declaration that, despite whatever this Court may find, Georgia law protects the assets held in trust. Thus, any judgment against the Estate will almost certainly have to await those newly instituted proceedings.

Turning to the substance of the Estate's letter, Plaintiffs do not disagree with the general exposition of legal principles about when there is a "breach of trust."[2] But the points made are inapposite to the situation here for two simple reasons. First, the Restatement section on "breach of trust" is broad, covering all manners of breach, including, e.g., failure to manage investments in the manner of a prudent person. *See* Estate Ltr. at 2 (quoting the Restatement § 243 as applying when "the trustee has not rendered or has not properly rendered the services for which compensation is given"). New York's faithless servant doctrine is more narrowly focused on breaches of the duty of loyalty.

Second, not only does the faithless servant doctrine apply to a specific subset of breaches, but also New York's faithless servant doctrine has not been generally accepted by other states, which have sometimes not been as strict in systematically denying all compensation for disloyal conduct.[3] To that end, this Court should note that the *none* of the cases cited by the Estate as applying the Restatement's discretion test involved the application of New York *state* law; instead, they involved either federal bankruptcy law or other states' laws (e.g., Rhode Island).

Ultimately, the fact remains that the very New York courts that conceived of the doctrine as essential to New York policy considered "trustees" to be in the same shoes as "agents." *See* Pls. MSJ Opp'n 34 (quoting *Dutton v. Willner*, 52 N.Y. 312, 319 (1873)). Given New York's policy choice in creating and continuing to apply the faithless servant doctrine to all manner of agents, there is no reasonable argument to exempt disloyal trustees from its application. *See* Pls. Reply 15–16. Indeed, if anything, the faithless servant doctrine applies all the more clearly given that trustees are bound by the higher duty of "undivided loyalty," preventing them from acting out of self-interest at all. That is quite unlike an employee who can, for example, negotiate for higher compensation, look for another job, etc. A trustee can do none of those things; the trust must always come first. So, in that rare instance such as here, when a trustee has divided his loyalties, New York's policy choice to remove all incentive for division of loyalty compels the conclusion that the faithless servant doctrine applies with full force to trustees.

---

[2] We acknowledge that when New York law and policy is silent, the courts look to the Restatement.

[3] For example, in *Wallace v. Odham*, a Florida appellate court held that disgorgement of all compensation was not automatic in the event of an agent's breach of the duty of loyalty, and instead weighed the severity of the conduct to determine that the jury's verdict denying compensation was supported. 579 So.2d 171, 175 (Fl. App. 5th Dist. 1991). Notably, however, it seems that Florida distinguishes between different sub-types of disloyal conduct: "Breach of a fiduciary duty has been held to be a bar to the entitlement of a commission when the breach is a failure to disclose to the principal any material fact or circumstances which might influential in the conduct of the transaction." *Id*. Here, Gumaer failed to disclose the material fact of his representing Lester to either the other beneficiaries or the Surrogate's Court. *See* Pls. Reply 13–15 (discussing the materiality of this fact). Such failure "to disclose any interest which would naturally influence his conduct" is one of the reasons why New York courts have applied the faithless servant doctrine to deny all compensation. *Sauer v. Century Fed. Sav. & Loan Ass'n of Long Island*, 69 A.D.2d 495, 498, 418 N.Y.S.2d 464 (1979) (cited by the Estate).

January 17, 2020 BROOK & ASSOCIATES
Page 3

Plaintiffs thank the Court for its attention to this matter.

                                                                     Respectfully submitted,

                                                                     Brian C. Brook