**BROOK & ASSOCIATES, PLLC**
—— NEW YORK | NEW JERSEY | WASHINGTON DC ——

**BRIAN C. BROOK**　　　　　　　　　　　　　　　　　　　　100 CHURCH STREET
BRIAN@BROOK-LAW.COM　　　　　　　　　　　　　　　　　FLOOR 8
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NEW YORK, NY 10007
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TEL: (212) 256-1957

February 18, 2020

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**　*Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
　　　　**Gumaer Estate Settlement; Request to Stay Decision on Certain Pending Issues**

Dear Judge Parker,

I write on behalf of Plaintiffs and the Estate of Elliott W. Gumaer, Jr. to advise the Court that these parties (<u>not</u> the Ebers) have verbally reached a settlement and are working on finalizing a written agreement. It is of course important to note that the parties will not have entered into a final binding settlement until such a written agreement has been accepted and executed by both parties, but we do not anticipate insurmountable problems in that regard.  Because the final settlement agreement will provide for the dismissal of pending derivative claims asserted on behalf of EB&C and EBWLC, the parties will also need to request this Court's approval of the settlement, pursuant to Fed. R. Civ. P. 23.1(c).

Accordingly, my prior requests that the issues concerning the Gumaer Estate specifically should be placed on the back-burner or deemed withdrawn should now be considered a joint request, by Plaintiffs and Gumaer's Estate, to stay any decision on (a) Gumaer's Estate's motion for summary judgment and (b) Part VII of Plaintiffs' motion for partial summary judgment, which is directed against the Gumaer Estate.. We expect to formally withdraw those at the same time when we file the Rule 23.1 motion.

In terms of timing when this Court will see the Rule 23.1 motion, this Court should not expect it before the second week of March, primarily because I will be largely unavailable for the next two weeks and Mr. Calihan will be unavailable during the first week of March. Because the Rule 23.1 motion will be a dispositive motion, the parties will seek the necessary consent to have your Honor decide it.

Speaking for the Plaintiffs, I would add that this development should not affect this Court's decision on the other parts of Plaintiffs' motion, or on the Ebers' own motion. Moreover, this Court should note that there are no active settlement discussions between the Ebers and

February 18, 2020  **BROOK & ASSOCIATES**
Page 2

Plaintiffs, and none are even remotely likely to occur until, at the earliest, after this Court rules on the remaining motions.

As always, we thank the Court for its attention to this matter.

                                                    Respectfully submitted,

                                                    Brian C. Brook

cc: All counsel of record