**BROOK & ASSOCIATES, PLLC**
——— NEW YORK | NEW JERSEY | WASHINGTON DC ———

BRIAN C. BROOK                                                                                                     100 CHURCH STREET
BRIAN@BROOK-LAW.COM                                                                                     FLOOR 8
                                                                                                                                  NEW YORK, NY 10007
                                                                                                                                  TEL: (212) 256-1957

April 9, 2020

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
          **Letter Motion to Expedite Decision on Part of the Pending Motions**

Dear Judge Parker,

The news of Lester Eber's passing is a sad and terrible development that, unfortunately, necessitates swift action to avoid the core subject matter of this lawsuit from being dissipated. Therefore, on behalf of Plaintiffs, I respectfully and formally move for this Court to expedite the decision on those portions of the parties' partial summary judgment motions that are necessary to restore to them the very ownership rights that they would have had now had Lester not taken the family business for himself and his branch of the family and terminated the Trust early.[1]

Specifically, Plaintiffs ask that this Court expedite its decision on the issues briefed in Parts I, II and III of Plaintiffs' moving brief. Part I concerns recognizing Plaintiffs' shareholder rights in EB&C, while Parts II and III concern setting aside the Metro Transfer to Alexbay.

**The situation at Eber-CT (d/b/a Slocum & Sons) is undisputedly dire**

According to a March 20 email from defense counsel, the coronavirus pandemic is having a "devastating impact on the Eber business. Much of the inventory comes from Europe, and deliveries have ground to a trickle." *See* Ex. A. That was *before* Lester even got sick.

Even in normal times, for Eber-CT, the amount of harm caused by the tragic loss of Lester Eber, combined with the resignation of John Slocum in September, could not have been overstated. Consider the following description of their vital roles in the company (taken from the company's presentation to PBGC):

---

[1] The Will unambiguously provided that the Trust would necessarily terminate upon Lester's demise, meaning that had Lester not tried to trick Plaintiffs into consenting to early termination and distribution of the Trust's assets (including the EB&C shares), he could never have even attempted his later shenanigans to try to intercept the shares.

April 9, 2020  BROOK & ASSOCIATES
Page 2

- "The wine and liquor distribution business is heavily relationship driven. The success of Eber-CT depends on the talent of two key employees—Lester Eber and John Slocum."

- "The relationships of Lester Eber and John Slocum have been developed over decades and are necessary for the company's operations."

*See* Ex. B at *5; *see also id.* at *6-7 (additional details on their respective responsibilities). In sum, Eber-CT had "two key employees," and both are now gone.

Thus, Lester's passing, combined with the current crisis, creates the very real prospect that the business will collapse before my clients can even attempt to preserve the business by re-hiring John Slocum. Urgent action is required.

As noted during oral argument, given the defendants' limited assets, equitable relief to set aside the transfer to Alexbay is the only viable remedy, especially in light of Plaintiffs' other claims that can only be remedied through monetary relief. But setting aside the self-dealing Alexbay transaction would be no relief at all if Eber-CT collapses.

Contrary to the suggestion in the Ebers' January 24 letter, the Court need not—and indeed should not—be making decisions about whether Plaintiffs "could operate Eber-CT better or more profitably than Wendy and Lester Eber." ECF No. 299. Such business judgments are reserved for those with the legal right to make them. All we ask is that the Court recognize Plaintiffs' rights.

Nevertheless, the Court may note that Plaintiffs intend to nominate and elect two very experienced individuals from the wine and liquor industry to the boards of the various Eber Entities. One is Daniel Kleeberg, who worked for Eber Bros. long before Wendy ever did. The other is Michael Ackerley, who has 27 years of experience in the industry. Mr. Ackerley owns ACK Beverage in New Jersey, which manages multiple portfolios of spirits and wine from around the world. and performs all of the marketing and sales for over fifty brands in the Mid-Atlantic and Northeast markets. Lisa Stein and Audrey Hays have already executed proxy forms to elect them. *See* Ex. C.

**Efforts to stabilize the Company without Court intervention have failed**

Before filing this motion, I sought to engage with both counsel for John Slocum and Eber-CT to see if I could not help to "broker/mediate" some kind of a stop-gap solution, since John Slocum is currently out of work due to the injunction against him from competing, while Eber-CT needs him now more than ever before. *See, e.g.*, Ex. D (emails with Eber-CT's counsel).

Unfortunately, my efforts were unsuccessful. Counsel for Eber-CT advised that his client (i.e., Wendy Eber, as its sole remaining senior executive) "has no interest in John Slocum returning to the company as an employee or in any other capacity," *id.*—reflecting precisely the sort of prideful stubbornness that gives good cause for my clients, Wendy's cousins, to fear for their inheritance with her alone at the helm.

April 9, 2020                                                                                                        BROOK & ASSOCIATES
Page 3

**Because Lester assigned his loans to Alexbay, LLC, which then acquired Eber Metro, Lester's demise does not preclude entry of a valid partial judgment**

Although they did not say so in their prior letter, in correspondence with me, defense counsel contended that Lester's death precludes entry of judgment until substitution occurs, even though summary judgment is already *sub judice*. Even if substitution were ordinarily necessary, in this case, the party to be substituted in her capacity as executor—Wendy—is *already a party*. In these circumstances, it is at worst debatable whether a judgment entered would be valid.

Rather than engage in argument over the validity of a judgment as to Lester when his estate's representative/executor is already a party, Plaintiffs ask the Court to stay the judgment as to Lester, just as we have asked the Court to stay the judgment as to the Gumaer Estate.[2]

Crucially, neither Lester individually nor his estate is necessary to enter judgment unwinding the Metro Transfer because Eber Metro was transferred to Alexbay, LLC, not Lester individually. Thus, Lester's death does not divest this Court of jurisdiction over the Eber Metro assets: Legal title to Eber Metro still belongs (for now) to Alexbay, LLC, not to Lester's estate.

By contrast, shares of Slocum & Sons of Maine, Inc. and EBWLC were held by Lester individually, and therefore they are now property of his estate and thus pass to his executor/personal representative. Again, even though Wendy is already a party to this action, Plaintiffs ask the Court to postpone decision on those issues, which were briefed in Parts IV and V of our opening brief. Doing so is unnecessary to establish control and will, helpfully, avoid any possible appeal challenging the validity of the partial judgment that is now urgently needed.

To that end, I have revised the previously submitted Proposed Order to eliminate any directions against Lester Eber personally and thereby ensure that a valid partial judgment can be entered. Further, in light of both the current pandemic and the exigent circumstances at Eber-CT specifically, I have revised the Proposed Order to expedite and streamline the corporate steps that must be taken to address the exigent circumstances.[3] Both clean and redline versions accompany this letter. A Word version will also be emailed to chambers.

---

[2] I should advise that the Gumaer settlement has now been fully executed, but the motion to confirm the settlement was not filed because we were awaiting the Ebers' position on it to see if it would be contested. The Court did not act on our previous letter motion asking to stay summary judgment as to those Gumaer Estate-specific issues, and we respectfully ask the Court do so now that there is a signed settlement. Plaintiffs agree with the Ebers that, as an EB&C shareholder, his estate must be notified and have opportunity to object to the settlement and dismissal. *See* Fed. R. Civ. P. 23.1(c) ("Notice of a proposed settlement, voluntary dismissal. or compromise must be given to shareholders…").

[3] As before, the current Proposed Order does not address all of the issues presented by the motions for partial summary judgment. In fact, I have removed as many lower priority issues as possible, so that the Court's resources are focused solely on those that require expediting in order to establish my clients' effective control. For example, the issue of rescinding the issuance of 2,000 shares of Eber Metro to Wendy was briefed, Pls. MSJ Br. 26, and it is unquestionably unaffected by Lester's passing, but it has nevertheless been omitted from the revised Proposed Order because its resolution is not essential to allow Plaintiffs to establish effective control of the family business and protect their inheritance.

April 9, 2020    BROOK & ASSOCIATES
Page 4

We thank the Court for its attention to this matter, as always, but especially during these unprecedented and trying times. My clients would not have insisted that I file this if there was not a genuine and well-substantiated belief that they will be irreparably harmed by delay at this critical juncture.

                                                Respectfully submitted,

                                                Brian C. Brook

cc: All counsel of record