# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> LESTER EBER, et al., <br><br> Defendants, <br><br> and <br><br> EBER BROS. & CO., INC., et al., <br><br> Nominal Defendants. | 16-CV-9517(LAK)(KHP) <br><br><br> **[PROPOSED] ORDER** |

**KATHERINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The parties filed motions for partial summary judgment on November 8, 2019 and consented to having them decided by this Magistrate Judge. After due consideration, this Court grants partial summary judgment for Plaintiffs as follows:

**PART I – Matters Concerning Governance of Eber Bros. & Co., Inc. ("EB&C"), Eber Bros. Wine and Liquor Corp. ("EBWLC"), and Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro")**

1. Immediately upon receipt of this Order, all responsible parties, including without limitation Canandaigua National Bank & Trust ("CNB"), EB&C, and Wendy Eber as Secretary of EB&C, are directed to complete all necessary steps under the UCC Article 8 and any other applicable law to ensure that the shares of EB&C are registered on the books and records of EB&C as follows, and that new stock certificates are issued to the shareholders and delivered to the proper shareholders or their counsel of record:

1

- **Class A Voting:** 616.67 (or 616 and 2/3) shares to Audrey Hays; 308.33 (or 308 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

- **Class B Nonvoting:** 96.67 (or 96 and 2/3) shares to Audrey Hays; 48.33 (or 48 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

- **6% Preferred Nonvoting:** 666.67 (or 666 and 2/3) shares to Audrey Hays; 333.33 (or 333 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

2. A telephonic meeting of the shareholders of EB&C shall occur within two (2) days of the date of this Order. If the parties cannot agree on a date and time within that period, then the date and time shall be set for the second day at 4:00 PM EDT. Votes may be made by proxy, and counsel for the parties shall be permitted to attend but shall not participate or obstruct the meeting. A vote for the directors of EB&C shall occur during the shareholder meeting. The votes shall be announced and counted verbally, and a plurality of votes are sufficient to elect directors. The above-stated voting rights and powers of Plaintiffs shall be recognized by EB&C even if, for whatever reason, some or all of the steps necessary to formally register the shareholders in accordance with this Order have not been completed before the meeting.

3. A telephonic meeting of the board of directors of EB&C shall occur immediately following the shareholder vote for the election of the directors. At the board meeting for EB&C, a majority of the duly elected directors of EB&C shall appoint each of the officer(s) for EB&C, including first the selection of a Chairman of the Board to preside over the remaining appointments. At the minimum, there must be a President and Secretary appointed by the end of the meeting, although the responsibilities of President and Secretary may be vested in a single individual if the board so determines.

4. A telephonic meeting of the shareholders of EBWLC shall occur immediately following the board meeting for EB&C. The President of EB&C have the power to vote EB&C's voting common shares of EBWLC to elect at least two directors of EBWLC.

5. A telephonic meeting of the board of directors of EBWLC shall occur immediately following the shareholder vote for the election of the directors. At the board meeting for EBWLC, a majority of the duly elected directors of EBWLC shall appoint each of the officer(s) for EBWLC, including first the selection of a Chairman of the Board to preside over the remaining appointments. At the minimum, there must be a President and Secretary appointed by the end of the meeting, although the responsibilities of President and Secretary may be vested in a single individual if the board so determines.

6. A telephonic meeting of the shareholders of Eber Metro shall occur immediately following the board meeting for EBWLC. The President of EBWLC shall have the power to vote EBWLC's shares in Eber Metro.

7. A telephonic meeting of the board of directors of Eber Metro shall occur immediately following the shareholder vote for the election of the directors. At the board meeting for Eber Metro, a majority of the duly elected directors of Eber Metro shall appoint each of the officer(s) for Eber Metro, including first the selection of a Chairman of the Board to preside over the remaining appointments. At the minimum, there must be a President and Secretary appointed by the end of the meeting, although the responsibilities of President and Secretary may be vested in a single individual if the board so determines.

8. Upon appointment in accordance with this Order, the newly appointed President of Eber Metro shall have full power and authority over Eber Metro's membership units in Eber-

Connecticut, LLC ("Eber-CT"), including the power to remove and appoint members of Eber-CT's Board of Managers in accordance with Section 5.1.1 of the Eber-CT Limited Liability Company Agreement.

9. Any of the foregoing required meetings or votes may be adjourned or delayed <u>only</u> upon the unanimous, signed stipulation of the shareholders of EB&C or their counsel of record in this case designating another date and time, or by further order of this Court.

10. Wendy Eber, who represents that she is the sole current officer and director of EB&C, EBWLC, and Eber Metro, shall not undertake any extrajudicial action to interfere with, delay, or obstruct any of the meetings or votes required by this Order. Subject to this limitation, Wendy Eber and her counsel of record are permitted to observe any of the foregoing meetings and to receive copies of any documents within 48 hours of signing.

**PART II – Restoration of Ownership of and Assets Belonging to Eber Metro**

11. The 2012 transfer of Eber Metro to Alexbay, LLC ("Alexbay") is hereby set aside and rescinded. A constructive trust in favor of EBWLC shall be imposed for the time since the transfer to Alexbay.

12. Eber Metro is declared to be the wholly owned subsidiary of EBWLC and the 20,000 shares of Eber Metro stock held by Alexbay shall be reconveyed to EBWLC. For purposes of other equitable relief and the calculation of damages in further proceedings, Eber Metro shall be treated as if it had been the wholly owned subsidiary of EBWLC at all times.

13. The Court further finds that the following temporary restraints are necessary and appropriate to preserve the rights and interests of Plaintiffs, EB&C, and EBWLC:

    a. Wendy Eber is enjoined from transferring, assigning, encumbering, or in any way disposing of any of the equity of any of the nominal defendants.

    b. Eber-CT is enjoined from making any distributions to its members.

    c. Eber-CT and Slocum of Maine are enjoined from making payments of any kind to any persons or companies that are owned or controlled (in whole or in part, directly or indirectly) by, or otherwise affiliated with, Lester or Wendy Eber or their spouses, children, siblings, or attorneys.

    d. Eber-CT is enjoined from entering into any new, renewal, modified, or extended employment contracts with officers or directors without the prior written consent of Plaintiffs.

    e. EB&C, EBWLC, Eber Metro, Eber-CT, and Slocum of Maine are enjoined from filing any petitions for protection under the bankruptcy laws, or otherwise seeking the appointment of a receiver or trustee.

    f. Alexbay, Wendy Eber, and their counsel are enjoined from taking any actions that would interfere with or delay any part of this Order taking effect, even though such actions might not be explicitly enjoined or prohibited. This provision shall not be interpreted as preventing Defendants from appealing to or seeking a stay of this Order from the U.S. Court of Appeals for the Second Circuit.

Unless otherwise ordered, these restraints shall continue until further order of this Court.

14. Any transactions that occurred within the preceding eight (8) months that would have violated any of the foregoing restraints had this order been in effect at the time shall be disclosed to Plaintiffs' counsel within fourteen (14) days of the date of this Order. Plaintiffs shall

5

have fourteen (14) days after receiving disclosure of any such transactions to identify to this Court any transactions that Plaintiffs contend should be voided and a succinct statement of the grounds for doing so. This shall not limit the Plaintiffs' opportunity to seek appropriate equitable relief or money damages as to such recent transactions disclosed pursuant to this Order, if additional parties are necessary to obtain full relief.

15. Because this Order provides for the expedited turnover of control of EB&C and its subsidiaries, in order to preserve Defendants' rights to appeal, Plaintiffs, EB&C, EBWLC, Eber Metro, Eber-CT, and Slocum of Maine are enjoined from transferring any equity interests or issuing any new equity interests until 30 days after this judgment becomes final and no appeal has been taken, or otherwise, if there is an appeal, 30 days after a mandate is returned.

**PART III – Other Matters**

16. This Order does not address other aspects of Plaintiffs' motion for partial summary judgment. Nor does it address Defendants' motions for partial summary judgment, except for those parts that argued against granting the foregoing relief, which are denied.

SO ORDERED.

DATED:       New York, New York
             _____, 2020

                                                  _____
                                                  KATHERINE H. PARKER
                                                  United States Magistrate Judge