# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

DANIEL KLEEBERG, et al.,

          Plaintiffs,

   -against-

LESTER EBER, et al.,

          Defendants,

   and

EBER BROS. & CO., INC., et al.,

          Nominal Defendants.

</td><td>

16-CV-9517(LAK)(KHP)


**[PROPOSED] ORDER**

</td></tr>
</table>

**KATHERINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The parties filed motions for partial summary judgment on November 8, 2019 and

consented to having them decided by this Magistrate Judge. After due consideration, this Court

grants partial summary judgment for Plaintiffs as follows:

**PART I – Matters Concerning Governance of Eber Bros. & Co., Inc. ("EB&C") and"), Eber Bros.
Wine and Liquor Corp. ("EBWLC"), and Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro")**

     1.     By Order of the Monroe County Surrogate's Court dated June 1, 2017, the shares

of EB&C held in the names of the trustees of the Allen Eber Residuary Trust (the "Trust") were

to be distributed as follows to the remaindermen of the Trust:

       ● **Class A Voting:** 616.67 (or 616 and 2/3) shares each to Lester Eber and Audrey

           Hays; 308.33 (or 308 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

- ~~**Class B Nonvoting:** 96.67 (or 96 and 2/3) shares each to Lester Eber and Audrey Hays; 48.33 (or 48 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.~~

- ~~**6% Preferred Nonvoting:** 666.67 (or 666 and 2/3) shares each to Lester Eber and Audrey Hays; 333.33 (or 333 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.~~

~~5.      This Court declares that the shares of EB&C belonging to the Trust should have been distributed to the remaindermen, Audrey Hays, Lester Eber, Lisa Stein, and Daniel Kleeberg, in accordance with the June 1, 2017 Surrogate's Court Order.~~

~~6.      This Court finds that Lester Eber cannot prevent the Trust's transfer of shares to the remaindermen by relying on Section XII of EB&C's Bylaws or otherwise.~~

~~7.      Under the circumstances, pursuant to NY BCL § 619, this Court finds that justice requires that elections and meetings of the various corporate entities be compelled as follows, irrespective of any Bylaws that might have provided for different timing or notice requirements in the ordinary course of business.~~

~~8.~~1.      ~~Within seven (7) days of the date~~Immediately upon receipt of this Order, all responsible parties, including without limitation Canandaigua National Bank & Trust ("CNB"), EB&C, and ~~their respective officers and agents~~Wendy Eber as Secretary of EB&C, are directed to complete all necessary steps under the UCC Article 8 and any other applicable law to ensure that the shares of EB&C are registered on the books and records of EB&C ~~in accordance with this Order~~as follows, and that new stock certificates are issued to the shareholders and delivered to the proper shareholders or their ~~respective~~ counsel of record~~.~~:

2

- ~~A~~ **Class A Voting:** 616.67 (or 616 and 2/3) shares to Audrey Hays; 308.33 (or 308 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

- **Class B Nonvoting:** 96.67 (or 96 and 2/3) shares to Audrey Hays; 48.33 (or 48 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

- **6% Preferred Nonvoting:** 666.67 (or 666 and 2/3) shares to Audrey Hays; 333.33 (or 333 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

~~9.~~2.     A telephonic meeting of the shareholders of EB&C shall occur within ~~fourteen (14~~two (2) days of the date of this Order. If the parties cannot agree on a date and time within that period, then the date and time shall be set for the ~~fourteenth~~second day at 4:00 PM ~~EST. The meeting may occur by telephone and votes~~EDT. Votes may be made by proxy, and counsel for the parties shall be permitted to attend but shall not participate or obstruct the meeting. ~~The shareholders entitled to~~ A vote ~~at that~~for the directors of EB&C shall occur during the shareholder meeting~~, and their respective voting power,~~. The votes shall be ~~Audrey Hays (1/3), Lester Eber (1/3), Lisa Stein (1/6),~~announced and counted verbally, and ~~Daniel Kleeberg (1/6). These~~a plurality of votes are sufficient to elect directors. The above-stated voting rights and powers of Plaintiffs shall be recognized by EB&C even if, for whatever reason, some or all of the steps necessary to formally register the shareholders in accordance with this Order have not been completed before the meeting.

~~10.     A vote for the directors of EB&C shall occur during the shareholder meeting after no more than thirty minutes for discussion of nominees and debate. The votes shall be announced and counted verbally, and a plurality of votes being sufficient to elect directors. For the avoidance of further disputes concerning voting or vote counting, this Court declares, based~~

~~on the Bylaws, the number of voting shares, and applicable law, that there shall be three~~

~~elected directors, with one director selected by Lester Eber or his proxy and two directors~~

~~selected by Audrey Hays, Lisa Stein, and Daniel Kleeberg or their proxies. This Order shall not be~~

~~interpreted to require shareholders to vote together, but rather only clarifies the respective~~

~~voting powers in light of the current alignment of the parties.~~

~~11.~~    ~~A~~A telephonic meeting of the board of directors of EB&C shall occur immediately

following the shareholder vote for the election of the directors. ~~The board of directors meeting~~

~~may also proceed by telephone and counsel for the parties shall be permitted to attend.~~

3.    At the board meeting for EB&C, a majority of the duly elected directors of EB&C

shall appoint each of the officer(s) for EB&C, including first the selection of a Chairman of the

Board to preside over the remaining appointments. ~~Debate and discussion of any candidates~~

~~shall be limited to no more than thirty minutes, in total, for all positions.~~At the minimum, there

must be a President and Secretary appointed by the end of the meeting, although the

responsibilities of President and Secretary may be vested in a single individual if the board so

determines.

4.    A telephonic meeting of the shareholders of EBWLC shall occur immediately

following the board meeting for EB&C.  The President of EB&C have the power to vote EB&C's

voting common shares of EBWLC to elect at least two directors of EBWLC.

5.    A telephonic meeting of the board of directors of EBWLC shall occur immediately

following the shareholder vote for the election of the directors. At the board meeting for

EBWLC, a majority of the duly elected directors of EBWLC shall appoint each of the officer(s) for

EBWLC, including first the selection of a Chairman of the Board to preside over the remaining

appointments. At the minimum, there must be a President and Secretary appointed by the end of the meeting, although the responsibilities of President and Secretary may be vested in a single individual if the board so determines.

6.      A telephonic meeting of the shareholders of Eber Metro shall occur immediately following the board meeting for EBWLC. The President of EBWLC shall have the power to vote EBWLC's shares in Eber Metro.

~~12.~~7.    A telephonic meeting of the board of directors of Eber Metro shall occur immediately following the shareholder vote for the election of the directors. At the board meeting for Eber Metro, a majority of the duly elected directors of Eber Metro shall appoint each of the officer(s) for Eber Metro, including first the selection of a Chairman of the Board to preside over the remaining appointments. At the minimum, there must be a President and Secretary appointed by the end of the meeting, although the responsibilities of President and Secretary may be vested in a single individual if the board so determines.

~~13.      EB&C is the only shareholder entitled to vote at a meeting of the shareholders of EBWLC. This Court declares the attempted February 14, 2017 amendment to the Certificate of Incorporation of EBWLC to have been invalid and the purported issuance of 750 shares of junior preferred stock to Lester Eber was either void *ab initio* or voidable upon the objection of Plaintiffs, as beneficiaries of the Trust at the time, and Plaintiffs have objected.~~

~~14.      The President of EB&C have the power to vote EB&C's voting common shares of EBWLC to elect at least two directors of EBWLC. The President of EB&C may elect the directors by execution of a unanimous written consent of all of the shareholders entitled to vote.~~

15.      Once elected, the directors of EBWLC may convene a meeting, or may act by unanimous written consent, to remove or appoint officers of EBWLC, including at the minimum person(s) empowered as President and Secretary, with such actions being effective immediately.

16.      The President of EBWLC shall have the power to vote EBWLC's shares in any subsidiary corporation, including Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro") and to thereby appoint directors for those corporations, who shall be permitted to remove or appoint officers with immediate effect.

17.8.   Upon appointment in accordance with this Order, the newly appointed President of Eber Metro shall have full power and authority over Eber Metro's membership units in Eber-Connecticut, LLC ("Eber-CT"), including the power to remove and appoint members of Eber-CT's Board of Managers in accordance with Section 5.1.1 of the Eber-CT Limited Liability Company Agreement.

18.9.   Any of the foregoing required meetings or votes may be adjourned or delayed only upon the unanimous, signed stipulation of the shareholders of EB&C or their counsel of record in this case designating another date and time, or by further order of this Court.

19.10.  Lester and Wendy Eber, who represent themselvesrepresents that she is as the sole current officersofficer and directorsdirector of EB&C, EBWLC, and Eber Metro, shall not undertake any extrajudicial action to interfere with, delay, or obstruct any of the meetings or votes required by this Order. Subject to this limitation, Lester and Wendy Eber and theirher counsel of record are permitted to observe any of the foregoing meetings and to receive copies of any documents within 48 hours of signing.

**PART II – Restoration of Ownership of and Assets Belonging to Eber Metro**

20.11.  The 2012 transfer of Eber Metro to Alexbay, LLC must be("Alexbay") is hereby

set aside and rescinded. A constructive trust in favor of EBWLC mustshall be imposed for the

time since thenthe transfer to Alexbay.

21.12.  Eber Metro is declared to be the wholly owned subsidiary of EBWLC and the

20,000 shares of Eber Metro stock held by Alexbay shall be reconveyed to EBWLC. For purposes

of other equitable relief and the calculation of damages in further proceedings, Eber Metro

shall be treated as if it had been the wholly owned subsidiary of EBWLC at all times.

22.     The issuance and registration of 2000 shares of Eber Metro stock for Wendy Eber

pursuant to agreements entered into after the Alexbay transfer is hereby set aside and

rescinded.

23.     The 200 shares of Slocum & Sons of Maine, Inc. ("Slocum of Maine") purchased

by Eber Metro in 2012 pursuant to its Call Option to acquire the shares are declared to be the

lawful property of Eber Metro and all steps necessary to register the shares in the name of Eber

Metro shall be performed by Lester and Wendy Eber, Slocum of Maine, and their agents.

24.     Lester Eber, Wendy Eber, Alexbay, and any other corporate entities controlled by

them are each ordered to prepare a complete accounting of all financial and property

transactions with any of the above-named nominal defendants since June 5, 2012. There shall

be at least two accountings, with transactions for Lester and Wendy kept separate and not

consolidated onto a single accounting. Transactions involving these individuals and corporate

entities under their control may be consolidated, but they are not required to be. Care must be

taken by Lester and Wendy Eber and their accountants and attorneys to ensure that no

7

~~omissions of transactions occurs, and willful disregard of this duty of care by either Defendant shall constitute grounds for a finding of contempt of this Order. Such accountings will be provided directly to this Court and to Plaintiffs' counsel, but not filed on ECF, within thirty (30) days of the date of this Order.~~

~~25.    As to all accountants, lawyers, consultants and other advisors of EB&C, EBWLC, and Eber Metro, the individuals named as officers of those entities by a majority of each company's board of directors in accordance with this Order shall be entitled by law to full disclosure of information concerning the companies, their historical transactions, and any other information that relates to the companies' business or finances, even though the information may concern matters that occurred under other managers. No information concerning the corporations can be withheld from the duly appointed officers of the corporations on the grounds of confidentiality or privilege based on the fact that there has been a change in the individuals controlling these companies.~~

~~26.    As to counsel representing EB&C, EBWLC, Eber Metro, and Eber-CT in this matter, all corporate records collected in this case, whether or not produced to the Plaintiffs, must be made available and disclosed to the officers of these companies or their designated attorneys upon request, once the new officers have been named in accordance with this Order.~~

~~27.~~13.  The Court further finds that the following temporary restraints are necessary and appropriate to preserve the rights and interests of Plaintiffs, EB&C, and EBWLC:

   a.  ~~Defendants are~~Wendy Eber is enjoined from transferring, assigning, encumbering, or in any way disposing of any of the equity of any of the nominal defendants.

   b.  Eber-CT is enjoined from making any distributions to its members.

c.   Eber-CT and Slocum of Maine are enjoined from making payments of any kind to any

persons or companies that are owned or controlled (in whole or in part, directly or

indirectly) by, or otherwise affiliated with, Lester or Wendy Eber or their spouses,

children, siblings, or attorneys.

d.   Eber-CT is enjoined from entering into any new, renewal, modified, or extended

employment contracts with officers or directors without the prior written consent of

Plaintiffs.

e.   EB&C, EBWLC, Eber Metro, Eber-CT, and Slocum of Maine are enjoined from filing

any petitions for protection under the bankruptcy laws, or otherwise seeking the

appointment of a receiver or trustee.

f.   ~~Lester Eber~~Alexbay, Wendy Eber, and their counsel are enjoined from taking any

actions that would interfere with or delay any part of this Order taking effect, even

though such actions might not be explicitly enjoined or prohibited. This provision

shall not be interpreted as preventing Defendants from appealing to or seeking a

stay of this Order from the U.S. Court of Appeals for the Second Circuit.

Unless otherwise ordered, these restraints shall continue until further order of this Court.

~~28.~~14.   Any transactions that occurred within the preceding ~~six (6~~eight (8) months that

would have violated any of the foregoing restraints had this order been in effect at the time

shall be disclosed to Plaintiffs' counsel within fourteen (14) days of the date of this Order.

Plaintiffs shall have fourteen (14) days after receiving disclosure of any such transactions to

identify to this Court any transactions that Plaintiffs contend should be voided and a succinct

statement of the grounds for doing so. This shall not limit the Plaintiffs' opportunity to seek

9

appropriate equitable relief or money damages as to such recent transactions disclosed pursuant to this Order, if additional parties are necessary to obtain full relief.

15.     Because this Order provides for the expedited turnover of control of EB&C and its subsidiaries, in order to preserve Defendants' rights to appeal, Plaintiffs, EB&C, EBWLC, Eber Metro, Eber-CT, and Slocum of Maine are enjoined from transferring any equity interests or issuing any new equity interests until 30 days after this judgment becomes final and no appeal has been taken, or otherwise, if there is an appeal, 30 days after a mandate is returned.

**PART III – Other Matters**

29.16.  This Order does not address other aspects of Plaintiffs' motion for partial summary judgment. Nor does it address Defendants' motions for partial summary judgment, except for those parts that argued against granting the foregoing relief, which are denied.

SO ORDERED.

DATED:        New York, New York
              _____, 2020

                                            _____
                                            KATHERINE H. PARKER
                                            United States Magistrate Judge

10