

**COLIN D. RAMSEY, PARTNER**
(716) 847-9103
cramsey@underbergkessler.com

April 10, 2020

<u>*VIA ECF*</u>

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Lester Eber, et al.*
              Civ. Action No.: 16-cv-09517-LAK-KHP

Dear Magistrate Parker:

     I write in response to the April 9, 2020 letter motion of Plaintiffs seeking an expedited decision on certain portions of their summary judgment motion. More specifically, Plaintiffs seek an expediting ruling on their request for (1) a declaration of their alleged shareholder rights, and (2) a rescission of the Eber Metro transfer to Alexbay LLC.

     The issues raised by Plaintiffs were exhaustively briefed by the parties, and we will not rehash those arguments here. However, the repugnancy of Plaintiffs' motion must be noted, as they seek to leverage the one-two punch of a global pandemic, and the death of Lester Eber, to further their ill-conceived plot to take over the Eber companies.

     More importantly, both the legal justification, as well as the factual underpinnings of Plaintiffs' arguments, are wrong. As set forth below, the death of Lester Eber has temporarily

Hon. Katharine H. Parker
April 10, 2020
Page 2

deprived the Court of jurisdiction to grant the requested relief. Further, jurisdictional issues aside, the sky is not falling at Eber-CT, and there is no need to expedite a decision.

**The Court lacks jurisdiction to award the requested relief**

Obviously, the Estate of Lester Eber ("Estate") has not yet been substituted as a party in this litigation. Concomitantly, the Estate is unrepresented at this point. It is simply wrong for Plaintiffs to assert that "neither Lester individually nor his Estate is necessary to enter judgment unwinding the Metro Transfer because Eber Metro was transferred to Alexaby, LLC, not Lester individually" (See Letter Motion p.3).

This argument completely ignores the fact that Lester Eber was the sole owner and officer of Alexbay (which is also currently unrepresented). Accordingly, the legal title to Alexbay is/will be a part of the Estate. Granting Plaintiffs' requested relief would deprive the Estate of that asset. See generally English v. Murphy-Lattanzi, 2015 WL 630248, at *6 (E.D.N.Y. Feb. 12, 2015)

Similarly, Plaintiffs' proposed Order provides:

> "Eber Metro is declared to be the wholly owned subsidiary of EBWLC and the 20,000 shares of Eber Metro stock held by Alexbay shall be reconveyed to EBWLC."

Again, Lester Eber was the sole owner and officer of Alexbay. The Court currently does not have jurisdiction over either the Estate or Alexbay,

Plaintiffs' letter motion attempts to gloss over these obvious jurisdictional barriers. It is unclear whether the efforts of Plaintiffs' counsel in this regard is a simple misapprehension of the law, or an intentional attempt to subvert it. Either way, the Court currently lacks jurisdiction to grant the requested relief.

**Eber-CT is Stable**

In addition to being jurisdictionally defective, Plaintiffs' motion is also largely incorrect and/or misinformed.

First, the reliance by Plaintiffs' counsel on my March 20, 2020 email regarding the condition of the Eber business is inappropriate. The email was clearly a communication exploring the possibility of restarting settlement discussions, and its inclusion as an exhibit to the publicly filed motion is improper.

Hon. Katharine H. Parker
April 10, 2020
Page 3

Further, the allegation in Plaintiffs' letter motion that "The situation at Eber-CT…is undisputedly dire" is uninformed and false. The pandemic has been a challenge for all businesses, but Eber-CT is not on the brink of collapse as Mr. Brook's letter would have the Court believe.

Neither Mr. Brook nor any of the Plaintiffs have had any recent contact with Eber-CT, and are in no position to make such assertions. Ostensibly, Plaintiffs' information comes from Mr. Kleeberg. However, his information appears to be based solely on one or two brief phone conversations he had with former Eber-CT employee, John Slocum, in January 2020.

Mr. Slocum is the disgruntled former executive vice president of sales for Eber-CT. Mr. Slocum resigned abruptly from the company in September, 2019 to take a job with Connecticut Distributors, Inc. (CDI), Eber-CT's largest competitor. After he went to work for CDI, he began to actively work against the interests of Eber-CT. By leaving Eber-CT for CDI, Mr. Slocum breached the non-compete, non-solicit, and confidentiality covenants in his employment agreement with the Eber-CT. In January 2020, Eber-CT obtained a six-month temporary restraining order ("TRO") against Mr. Slocum in state court in Connecticut to enjoin further breaches. Eber-CT intends to continue prosecuting that action against Mr. Slocum to the fullest extent possible.

Wendy Eber is the President of Eber-CT – and intends to remain so. She was intimately involved in successfully dealing with the crisis that developed in 2007 when the New York business collapsed at the hands of Southern Wine and Spirits. Wendy and Lester jointly managed Eber-CT since 2007, and she has been President for over eight years. Over the past five years, her role has expanded to include managing suppliers relations. Notably, since Mr. Slocum left, she has spent the majority of her efforts on this facet of the business.

Eber-CT is a typical multi-generational small privately owned company. In 1960, Allen Eber brought his son Lester into the company and challenged him to learn the business. Lester went on to successfully run the business for over 45 years. Like his father, Lester brought Wendy into the family business in 2001, and challenged her to learn the business as he had. It has long been the expectation that Wendy would take over the running of the business one day.

Since Mr. Slocum left the company seven months ago, the entire sales and marketing side of the company has been rehabilitated, including hiring or appointing two new senior managers. Contrary to Plaintiffs' contentions, things have improved since Mr. Slocum left.

To that end, neither Wendy Eber nor the company has any interest whatsoever in Mr. Slocum returning to Eber-CT in any capacity. Moreover, other than Mr. Brook's letter, there is no evidence that Mr. Slocum has even expressed any actual interest in returning to the company.

Hon. Katharine H. Parker
April 10, 2020
Page 4

Put simply, while the COVID-19 pandemic is a challenge for all businesses, Eber-CT is stable, and operating as normally as could be expected under the current circumstances. Most of the employees are working remotely, except for warehouse and delivery personnel, who are working on-site.

Lester Eber's death came sooner than expected. However, the Ebers' long term succession plan is working as intended. Wendy Eber intends to continue as President, and has communicated her plans for the future to the company's employees, major suppliers, and to its lenders.

It is uninformed at best, misogynistic at worst, for Plaintiffs' to claim that Wendy is destined to fail.

For the foregoing reasons, Plaintiffs' motion should be denied.

Respectfully submitted,

**s/Colin D. Ramsey**

Colin D. Ramsey

CDR:

cc: Brian C. Brook, Esq. *(via ECF)*
    Robert Calihan, Esq. *(via ECF)*