

**COLIN D. RAMSEY, PARTNER**
(716) 847-9103
cramsey@underbergkessler.com

May 15, 2020

<u>*VIA ECF*</u>

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Lester Eber, et al.*
            Civ. Action No.:  16-cv-09517-LAK-KHP

Dear Magistrate Parker:

    As per your Order of April 14, 2020, I submit this joint letter regarding the Estate of Lester Eber and settlement discussions in this matter.  Plaintiffs' counsel has reviewed the letter, and his contributions can be found in quotes.

    Mr. Eber died on April 5, 2020. Wendy Eber is the proposed Executor under Lester Eber's Will. Ms. Eber has hired counsel, Nixon Peabody LLP of Rochester, New York, to represent her in this regard.

    According to Nixon Peabody, based upon the current Administrative Order of New York's Chief Judge, the filing of a probate proceeding to move forward with Ms. Eber's Appointment does not currently qualify as an "essential matter."   Therefore, while the Monroe County Surrogate's Court has begun to accept new probate petitions, no citation dates are being

Hon. Katharine H. Parker
May 15, 2020
Page 2

issued at this time.  Ms. Eber will move forward with her appointment by the Surrogate's Court as promptly as reasonably practicable.

Regarding settlement discussions, counsel for the Eber Defendants reached out to Plaintiffs' counsel on two occasions in March 2020 inquiring whether he and his clients were interested revisiting the possibility of settlement.  Plaintiffs' counsel did not respond in any manner to either outreach

Plaintiffs' counsel advised for the first time today, that he elected not to respond because "the wording of Mr. Ramsey's March 20, 2020 email indicated to him that he had no authority from his clients, but was hoping to settle the matter on heavily discounted terms in light of the coronavirus pandemic, which he claimed was devastating the Eber-CT business." Plaintiffs' counsel also contends that "around the same time, the Ebers were refusing to take a position on the Gumaer Estate settlement because they were supposedly too busy with work to do so. Plaintiffs' counsel only later learned of Lester Eber's illness."

The Eber Defendants' disagree with the self-serving mischaracterizations made by Plaintiffs' counsel regarding that email.  Had Plaintiffs' counsel merely picked up the phone or sent a responding email, a dialogue could have been opened to address his apparent misunderstandings.  However, he chose – without explanation until today – to simply not respond.

More recently, Ms. Eber reached out to the Plaintiffs personally to encourage direct settlement discussions. Ms. Eber believes that little progress was made during these discussions. Nonetheless, the Eber Defendants continue to believe that a mediation with an experienced commercial litigation mediator would be productive.

Plaintiffs believe that no settlement is possible at this time, and "that Wendy Eber is not taking this matter seriously."

Respectfully submitted,

**s/Colin D. Ramsey**

Colin D. Ramsey