

underberg & kessler LLP

COLIN D. RAMSEY, PARTNER
(716) 847-9103
cramsey@underbergkessler.com

September 1, 2020

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Estate of Lester Eber, et al.*
            Civ. Action No.: 16-cv-09517-LAK-KHP

Dear Magistrate Parker:

    I am writing to follow up on my August 13, 2020 letter, in which I advised that the proceeding in Surrogate's Court to admit Lester Eber's Will to Probate has been adjourned until September 24, 2020. I am also writing in response to the August 31, 2020 letter filed by Brian Brook, Esq.

    As you are aware, the parties are required to file any Notice of Appeal of the Court's August 10, 2020 Opinion and Order on or before September 9, 2020. Given that the Estate of Lester Eber ("Estate") and Alexbay are unrepresented at this point, Underberg & Kessler LLP does not have authority to file a Notice of Appeal on behalf of either entity. Contrary to Mr. Brook's letter, Wendy Eber did not "agree" to delay the appointment of an executor. Rather, as set forth in my August 13, 2020 letter, she simply did not oppose the request for an adjournment because it would have been granted irrespective of any objection on her part.

    Regardless, we are looking for some direction from the Court on how best to protect the appeal rights of the Estate and Alexbay. First, it is respectfully submitted that there is "good cause" to extend the time to file a Notice of Appeal pursuant to FRCP Rule 4(a)(5). However, given the uncertainty of when a resolution will be reached in Surrogate's Court, the additional 30 days provided for in Rule 4 may not be sufficient.

    Alternatively, while the currently represented Eber Defendants do not intend to file a motion to reconsider pursuant to Rule 60, to the extent that plaintiffs do intend to file such a motion, the time to file a Notice of Appeal would automatically be tolled pursuant to Rule 4(a)(4).



Hon. Katharine H. Parker
September 1, 2020
Page 2

    Other options may include the Court issuing a *sua sponte* Notice of Appeal on behalf of both the Estate and Alexbay, or issuing a separate Order denying the motions for partial summary judgment of the Estate and Alexbay – and making that Order effective only when an Executor has been appointed in Surrogate's Court.

    It is undetermined at this time whether an appeal will ultimately be pursued, but we need to make sure that the right of the Estate and Alexbay to do so is protected while the Surrogate's Court matter remains pending.

    With respect to Mr. Brook's request to schedule a trial date, we believe that it is premature to do so until the Estate and Alexbay are represented, but we are glad to discuss that with you on the October 8, 2020 conference call.

    Thank you for your attention to this matter.

                              Respectfully submitted,

                              Colin D. Ramsey

CDR:ar