UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, LISA STEIN AND AUDREY HAYS,

PLAINTIFFS,

V.

ESTATE OF LESTER EBER, ALEXBAY, LLC F/K/A LESTER EBER
ESTATE OF ELLIOTT W. GUMAER, JR. AND WENDY EBER,

DEFENDANTS,

AND

EBER BROS. & CO, INC., EBER BROS. WINE AND LIQUOR
CORP., EBER BROS. WINE & LIQUOR METRO, INC., EBER-
CONNECTICUT, LLC, EBER-RHODE ISLAND, LLC, EBER BROS.
ACQUISITION CORP., EBER-METRO, LLC, SLOCUM & SONS
OF MAINE, INC., AND CANANDAIGUA NATIONAL BANK &
TRUST COMPANY,

NOMINAL DEFENDANTS.

CIVIL ACTION NO.
16-CV-9517(LAK/KHP)

**EBER DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

UNDERBERG & KESSLER LLP
*Attorneys for Eber Defendants*
300 Bausch & Lomb Place
Rochester, New York 14604
(585) 258-2882

Paul F. Keneally, Esq.,
Colin D. Ramsey, Esq.,
Jillian K. Farrar, Esq.,
Of Counsel

## PRELIMINARY STATEMENT

Plaintiffs' Motion for Reconsideration is – by Plaintiffs' counsel's own admission – an attempt to raise new issues not addressed by the parties in their prior motions for summary judgment.  On this basis alone, the motion should be denied.

The Court properly determined that genuine issues of material fact exist as to whether Sally Kleeberg and Audrey Hays sufficiently consented to the overall loan transactions (including the making and securing of the loans, and the repayment thereof) when they: (1) were provided with all the definitive documentation with respect to Lester Eber's loans, including the security agreements therefor, which expressly and explicitly set out all of Lester's rights to collect the loans, either in the ordinary course or through the right to foreclose on the collateral; (2) were informed of the Eber Companies' failing financial condition; and (3) refused the opportunity to participate in the loans upon the same terms as Lester.  Additionally, the Court properly dismissed Plaintiffs' Count VI as duplicative of Count IV.  Plaintiffs' motion fails to cite to controlling case law or data overlooked by Court and their motion should be denied.

**I.   PLAINTIFFS' MOTION FAILS TO MEET THE STANDARD FOR RECONSIDERATION AND SHOULD BE DENIED IN ITS ENTIRETY.**

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Generally, motions for reconsideration are not granted "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Rule 6.3, Local Civil Rules, S.D.N.Y. "Controlling authority means decisions of the Second Circuit Court of Appeals or the U.S. Supreme Court." *Ivan Visin Shipping. Ltd. v. Onego Shinning & Chartering B.V.*, 543 F. Supp. 2d 338, 339 (S.D.N.Y. 2007) (citation omitted).

Here, Plaintiffs have failed to cite to any controlling decisions or other data overlooked by the Court when it denied Plaintiffs' motion for summary judgment and dismissed Plaintiffs' Claim VI.  Accordingly, Plaintiffs fail to meet the standard for reconsideration and their motion must be denied.

## II.   DEFENDANTS HAVE ALWAYS CLAIMED BENEFICIARY CONSENT AND THE COURT PROPERLY FOUND GENUINE ISSUES OF MATERIAL FACT.

Plaintiffs' disingenuous argument that reconsideration is required because Defendants did not argue beneficiary consent is false and contrary to Defendants' pleadings.  *See* Eber Defendants' Answer to Plaintiffs' Third Amended Complaint ("TAC") at ¶ 15 (Dkt # 226) and Eber Defendants' Statement of Undisputed Material Facts at ¶¶ 30-32, 43 (Dkt # 262-34).  The decision by Defendants' not to move for summary judgment on an issue does not constitute the waiver of a defense to Plaintiffs' action.

Additionally, Plaintiffs' admit that they did not address beneficiary consent to Lester Eber's loans in their papers on the summary judgment motions.  This omission is fatal to their application for reconsideration, as a motion for reconsideration should be denied where a party raises new arguments not made in the prior motion.  *See WestLB AG v. BAC Fla. Bank*, 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) (a motion for reconsideration is "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion" and

3

"generally precludes a movant from advancing new facts, issues or arguments not previously presented to the court.").

Here, Plaintiffs admit that the beneficiary consent issue is raised for the first time in their motion to reconsider.  *See* Memorandum of Law in Support of Plaintiffs Motion for Partial Reconsideration ("Mem. of Law") at pg. 3 n.2 ("Since this Court did not have the benefit of briefing on the issue, it is entirely appropriate to raise this additional authority at this time, since we are not seeking to 'relitigate' an issue that was already litigated.  It is a new issue.").  New issues that could have been addressed previously are not permitted on motions to reconsider, and thus Plaintiffs' motion to reconsider is a patently improper attempt to take a "second bite at the apple" and should be denied.  *See Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  The Court should deny Plaintiffs' motion in its entirety for failing to meet the standard for reconsideration.

   A.   *Plaintiffs' cited caselaw is distinguishable from the matter at bar and does not support the Court's reconsideration.*

In addition, the caselaw cited by Plaintiffs does not support the motion for reconsideration and does not represent controlling authority requiring the Court to reconsider its prior order.

First, Plaintiffs' citation to *Int'l Equity Investments, Inc. v. Opportunity Equity Partners, Ltd.,* 427 F. Supp. 2d 491 (S.D.N.Y. 2006) is misplaced. Not only is *Int'l Equity* not controlling authority, but the District Court in *Int'l Equity* applied the likelihood of success standard in determining whether the plaintiffs in that matter were entitled to a preliminary injunction.  Here, unlike in *Int'l Equity*, the Court appropriately applied the much higher summary judgment standard, which requires no genuine dispute as to any

material fact. *Int'l Equity* is further distinguishable in that it is not trust and estate case, but rather an attempt by a general partner/manager to avoid removal by disenfranchising the other stake holders.

Likewise, Plaintiffs' reliance on *Renz v. Beeman,* 589 F.2d 735 (2d Cir.1978) is also inappropriate. The Trustee in *Renz* individually purchased additional shares of voting stock, which cemented control of the corporation in her descendants, without offering the other trust beneficiaries the opportunity to purchase the voting stock. *Id.* at 742. Here, by contrast, Lester Eber explicitly offered the other trust beneficiaries the opportunity to invest in Eber Metro to save the corporation, which they declined. The Court properly determined that genuine issues of material fact exist as to whether Audrey Hays and Sally Kleeberg sufficiently consented to the overall loan transactions (including the making and securing of the loans, and the repayment thereof when they were provided with all the definitive documentation with respect to Lester Eber's loans, including the security agreements therefor, which expressly and explicitly set out all of Lester's rights to collect the loans, either in the ordinary course or through the right to foreclose on the collateral, they were informed of the Eber Companies' failing financial condition, and they refused the opportunity to participate in the loans on the same terms as Lester.

Finally, *Birnbaum v. Birnbaum*, 117 A.D.2d 409 (4th Dep't 1986) is also distinguishable and does not support reconsideration. In *Birnbaum*, the fiduciary of the decedent's estate hid his joint purchase of a partnership interests with the decedent from the estate beneficiaries, and induced the beneficiaries to sign a Release and Discharge in violation of Surrogate's Court Procedure Act § 1805.

While no evidence of the alleged loans was provided to the beneficiaries in *Birnbaum*, Lester indisputably provided Sally Kleeberg and Audrey Hays with all of the relevant documents (which specifically contemplated foreclosure in the event of a default) and advised the other beneficiaries that the companies were in very real financial trouble. Given this, the Court correctly determined that Lester's disclosure of his loans and offer of the same opportunity to the Trust beneficiaries created genuine issues of material fact as to whether Sally Kleeberg and Audrey Hays sufficiently consented to the transaction.

Again, Defendants raised the defense of waiver/consent by Plaintiffs in their Answer, and in connection with the parties' motions for summary judgment. Genuine issues of material fact exist as to whether Plaintiffs (or their predecessors in interest) consented to the loan transactions by refusing to contribute with Lester to save the Eber entities and/or object to the terms of the loans, and Plaintiffs' motion for reconsideration should be denied.

Plaintiffs' motion fails to meet the standard for reconsideration because it advances a new theory not raised in Plaintiffs' summary judgment motion papers and does not cite to controlling decisions or data overlooked by the Court.  Therefore, Plaintiffs' motion for reconsideration must be denied.

### III.    PLAINTIFFS' THIRD AMENDED COMPLAINT ADMITS A RULING BY THIS COURT ON PLAINTIFFS' OWNERSHIP OF EB&C IS UNNECESSARY.

Despite Plaintiffs' position in paragraph 346 of the TAC that "no declaration of Plaintiffs' right to…[the EB&C] shares [of stock] is believed to be necessary from this Court," that is precisely the relief Plaintiffs now ask the Court to grant in section III of their motion for reconsideration.  *See also* the Court's Opinion and Order on the Parties'

Motions for Partial Summary Judgment, Dkt. # 314 at pg. 41. Moreover, Plaintiffs admit they are making this request for the first time in their motion for reconsideration.  Mem. of Law at pg. 6 ("this is more of a request for consideration in the first instance than it is *re*consideration").  As previously discussed, a motion for reconsideration is not "a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion."  *WestLB AG,* 912 F. Supp. 2d at 95.

Defendants argue that Lester Eber's estate is entitled to be issued all the shares of capital stock of Eber Bros. & Co., Inc. otherwise distributable to Plaintiffs.  Plaintiffs argue to the contrary.  In any event, there are a whole host of factual and legal issues related to the issue of who the rightful owner of these shares of stock is, that need to be resolved at trial.  CNB never properly transferred any shares to anyone in October 2017. Lester Eber validly exercised his right to call all these shares under the 1996 transfer restrictions in the Eber Bros. & Co., Inc. by-laws in October 2018.  Even if Lester's exercise of his call rights were not valid, these shares cannot be transferred again without Lester's estate being able to exercise its call rights yet again, since more than 180 days has passed since the last attempted share transfer by CNB.

The Court properly dismissed Plaintiffs' Count VI as duplicative of their claims in Count IV and Plaintiffs cite to no controlling decisions or data overlooked by the Court which would necessitate reconsideration.  Accordingly, Plaintiffs' motion for reconsideration—or consideration for the first time—of Plaintiffs' ownership interests in EB&C should be denied.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion for reconsideration should be denied in its entirety.

DATED:     October 2, 2020
              Rochester, New York

UNDERBERG & KESSLER LLP

By: */s/ Colin D. Ramsey, Esq.*
Paul F. Keneally, Esq., Of Counsel
Colin D. Ramsey, Esq., Of Counsel
Jillian K. Farrar, Esq., Of Counsel
*Attorneys for Eber Defendants*
300 Bausch & Lomb Place
Rochester, New York 14604
(585) 258.2800