UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>Plaintiffs,<br><br>v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; ESTATE OF ELLIOTT W. GUMAER, JR.; and WENDY EBER,<br><br>Defendants,<br><br>and<br><br>EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; EBER-RHODE ISLAND, LLC; EBER BROS. ACQUISITION CORP.; EBER-METRO, LLC; SLOCUM & SONS OF MAINE, INC.; and CANANDAIGUA NATIONAL BANK & TRUST COMPANY,<br><br>Nominal Defendants. | Civil Action No. 16-CV-9517(LAK)(KHP) |

## BRIEF IN SUPPORT OF RULE 23.1 MOTION

Brian C. Brook (BB 1980)
BROOK & ASSOCIATES, PLLC
100 Church Street, 8th Floor
New York, New York 10007
Telephone: (212) 256-1957
Brian@brook-law.com
*Attorneys for Plaintiffs Daniel Kleeberg, Lisa Stein, and Audrey Hays*

Robert B. Calihan
CALIHAN LAW, PLLC
16 East Main Street, Suite 620
Rochester, New York 14614
Telephone: (585) 281-2593
rcalihan@calihanlaw.com
*Attorneys for the Estate of Elliott W. Gumaer, Jr.*

Plaintiffs Audrey Hays, Daniel Kleeberg, and Lisa Stein, together with Defendant Estate of Elliott W. Gumaer, Jr. (the "Estate"), respectfully submit the following brief in support of their Motion pursuant to Rule 21.1 to approve the settlement reached between these parties and to dismiss Plaintiffs' claims against the Estate only. Claims against the other Defendants remain.

## FACTS

Plaintiffs assert direct claims against the Estate based on an alleged breach of fiduciary duty by Elliott W. Gumaer, Jr. ("Gumaer") in his capacity as a co-trustee; such claims are otherwise known as claims for breach of trust. In addition, Plaintiffs assert derivative claims against the Estate based on Gumaer's additional duties owed to the corporations previously owned or controlled by the trust: Eber Bros. & Co., Inc. ("EB&C") and Eber Bros. Wine & Liquor Corp. ("EBWLC"). *See, e.g.*, TAC ¶¶ 179, 293.

On March 19, 2020, Plaintiffs and the Estate (along with certain trusts that were created by the late Gumaer) entered into a binding settlement agreement as to both the direct and derivative claims. A copy of the settlement agreement is annexed to the Declaration of Brian C. Brook as Exhibit A. A copy of the proposed order as approved by the Parties is attached as an exhibit to that settlement agreement.

The settlement agreement provides for payment to Plaintiffs directly based on their direct claims for breach of trust, and a dismissal of the derivative claims without any payment made to either EB&C or EBWLC.

Counsel for the Estate of Lester Eber—the only shareholder in EB&C besides Plaintiffs—has advised that it does not object to the dismissal of the derivative claims on behalf of EB&C and EBWLC as part of the Gumaer Estate settlement.

## ARGUMENT

I. **DISMISSAL OF THE DERIVATIVE CLAIMS AGAINST THE GUMAER ESTATE IS FAIR, REASONABLE, AND ADEQUATE**

Federal Rule of Civil Procedure 23.1(c) provides that "[a] derivative action may be settled voluntarily dismissed, or compromised only with the court's approval." "The central

question ... is whether the compromise is fair, reasonable and adequate." *Weinberger v. Kendrick,* 698 F.2d 61, 73 (2d Cir.1982).

Here, the dismissal of the derivative claims as part of the settlement agreement between Plaintiffs and the Gumaer Estate is fair, reasonable, and adequate. The only other person who had a shareholder interest in EB&C was Lester Eber. However, Lester was himself the primary Defendant in this case, because all of the alleged wrongdoing by Gumaer was directed towards benefitting Lester to the exclusion of the Plaintiffs. In other words, there is no universe in which Gumaer could be found to have breached his duty to EB&C and EBWLC without a simultaneous finding that Lester breached his duty as well. Thus, there is nothing unfair about excluding Lester's Estate from the settlement by dismissing the derivative claims.

Consistent with the fairness and reasonableness of the settlement and dismissal of derivative claims, the Estate of Lester Eber does not object to it. Absent such an objection, there is no basis for the court not to approve this settlement.

## CONCLUSION

The Court should approve the dismissal of the derivative claims against the Gumaer Estate and enter final judgment as to all claims against the Gumaer Estate under Rule 54(b), as specified in the Proposed Order.

                       Respectfully submitted,

                       /s Brian C. Brook
                       Brian C. Brook (BB 1980)
                       BROOK & ASSOCIATES, PLLC
                       100 Church Street, 8th Floor
                       New York, New York 10007
                       Telephone: (212) 256-1957
                       Facsimile: (646) 257-2887
                       Brian@brook-law.com

                       *Counsel for Plaintiffs Daniel Kleeberg, Lisa Stein, and Audrey Hays*

Dated: October 8, 2020