# Exhibit 1

## SETTLEMENT AND DISMISSAL AGREEMENT AND RELEASE

This Settlement and Dismissal Agreement and Release (the "Agreement") is entered into by and between the following parties:

1. Daniel Kleeberg, Lisa Stein and Audrey Hays individually and in their representative capacities for purposes of the derivative claims they have asserted on behalf of certain corporate entities, specifically Eber Bros. & Co., Inc. and Eber Bros. Wine and Liquor Corp. (the "Corporate Entities") (collectively, "Plaintiffs").

2. The Estate of Elliott W. Gumaer, jr., Patrick Martin as Executor of the Estate of Elliott W. Gumaer, jr., and Lucia Gumaer as Executrix of the Estate of Elliott W. Gumaer jr. (collectively the "Estate" or "Defendants").

3. The Elliott W. Gumaer, jr. 2014 Trust established under agreement dated November 19, 2014 and judicially modified by Final Order of the Superior Court of Glynn County, Georgia, dated May 8, 2019 (the "Gumaer 2014 Trust"), Patrick Martin as co-trustee of the Gumaer 2014 Trust, and Lucia Gumaer as co-trustee of the Gumaer 2014 Trust (collectively the "2014 Trust").

4. The Elliott W. Gumaer jr. Marital Trust (the "Gumaer Marital Trust"), Patrick Martin as co-trustee of the Gumaer Marital Trust and Lucia Gumaer as co-trustee of the Gumaer Marital Trust (collectively the "Marital Trust").

5. The beneficiaries of the Estate, Gumaer 2014 Trust and Gumaer Marital Trust listed on Appendix A, together with the unknown, unborn and unascertained beneficiaries of the Estate. Gumaer 2014 Trust, and/or Gumaer Marital Trust are intended third party beneficiaries of Plaintiffs' Release set forth below ("Third Party Releasees") (the Estate, 2014 Trust, Marital Trust and Third Party Releasees may collectively be referred to as "Gumaer Parties").

**WHEREAS**, the Plaintiffs and the Estate are parties to a lawsuit pending in United States District Court for the Southern District of New York bearing Civil Action No. 16-cv-9517 (LAK)(KAP) (the "Litigation");

**WHEREAS**, in the Litigation, the Plaintiffs have asserted various claims against the Estate, including claims relating to the role of Elliott W. Gumaer Jr. ("Gumaer") as co-trustee of a testamentary trust formed by Plaintiffs' grandfather, Allen Eber (the "Eber Trust"), in which the Plaintiffs had composed two-thirds of the beneficiaries prior to the Eber Trust's termination in June 2017;

**WHEREAS**, Plaintiffs' claims as former beneficiaries of the Eber Trust sought, among other relief, damages for alleged breach of trust by Gumaer in his duties as a trustee, and the Parties recognize that the Restatement (Second) of Trusts § 243 provides authority for measuring damages for a trustee's breach of trustee duties under certain situations;

WHEREAS, in the Litigation, the Plaintiffs have also asserted derivative claims on behalf of the Corporate Entities, which were previously controlled by the Eber Trust and such claims are asserted against the Estate based on Gumaer's role as Director of the Corporate Entities;

WHEREAS, as a Director of the Corporate Entities, Gumaer was potentially eligible for indemnification for any damages assessed against him if he acted in good faith and without gross negligence or willful misconduct;

WHEREAS, in the event of a successful judgment on or settlement of derivative claims on behalf of one or more of the corporate entities, Plaintiffs would be potentially entitled to have their expenses and reasonable attorney fees reimbursed by whichever corporate entities may be the beneficiary of such judgment or settlement;

WHEREAS, Plaintiffs are willing to forgo the recovery of such expenses and attorney fees specific to the claims against the Estate, and the Estate is willing to forgo any indemnification rights it may have against the Corporate Entities, in consideration for the dismissal of the derivative claims without benefit to the Corporate Entities;

WHEREAS, Plaintiffs, individually and derivatively, each have filed Creditor's Claims against the Estate in the Probate Court of Glynn County, Georgia (Estate No. PRO19377) ("Georgia Creditor Claims");

WHEREAS, the Co-Trustees of the Gumaer 2014 Trust have filed a declaratory judgment action in the Superior Court of Glynn County, Georgia, against Plaintiffs, seeking a declaration as to whether the Gumaer Trust might be responsible for any liability incurred by the Estate to Plaintiffs in the Litigation, bearing Civil Action No. CE19-01613 (the "Georgia Declaratory Judgment Action");

NOW, THEREFORE, in consideration of the mutual promises and covenants contained in this Agreement and for good and valuable consideration as further set forth below, subject only to the express conditions set forth herein, intending to be legally bound, and intending the Third Party Releasees to be beneficiaries of Plaintiffs' Release, the Plaintiffs, the Estate, the 2014 Trust, and the Marital Trust (the "Settling Parties") agree as follows:

1. **Settlement of Disputed Claims.** The Settling Parties each enter into this Agreement to resolve disputed and potential disputed claims as between them and neither this Agreement's existence nor its contents shall be considered an admission by any Party to this Agreement with respect to the merits of the asserted claims.

2. **Effective Date.** The Effective Date of this Agreement shall be conditioned on the entry of a Partial Final Order and Judgment by the District Court in the Litigation substantially similar to that annexed hereto as Appendix B, dismissing the direct and derivative claims against the Estate with prejudice pursuant to this Agreement ("Partial Final Order and Judgment") and Plaintiffs' withdrawal with prejudice of the Georgia Creditor Claims. Appendix B, to the extent not attached at execution, shall be incorporated by reference afterwards upon approval by all

counsel of record for the Settling Parties.

3. **Payment**. In consideration of the Plaintiffs' agreement to dismiss their claims against the Estate, withdraw the Georgia Creditor Claims, and to provide Plaintiffs' Release, there shall be paid, on behalf of the Estate, the 2014 Trust, and the Marital Trust, the sum of Four Hundred Thousand Dollars ($400,000.00) to Plaintiffs within 7 days of the Effective Date. The payment shall be made via cashier's or official check or wire transfer delivered to counsel for the Plaintiffs, at an address or using bank routing information to be provided by counsel for the Plaintiffs and verified by telephone.

4. **Dismissal**. The Plaintiffs and the Estate agree to cause their respective counsel to file such documents, including at the minimum a motion to approve the dismissal of derivative claims pursuant to F.R.C.P. 23.1, and such other and further documents as their counsel or the District Court may deem necessary to effectuate the complete dismissal of Plaintiffs' claims, both direct and derivative that are subject to this Agreement.

   a. A proposed Partial Final Order and Judgment for entry by the District Court in the Litigation is annexed hereto as Appx. B, which shall be submitted to the Court.
   b. Plaintiffs' counsel shall draft the moving papers requesting the entry of the proposed Partial Final Order and Judgment, and such papers shall be subject to approval by the Estate's counsel prior to filing.
   c. In the event that any of the other parties opposes the proposed Partial Final Order and Judgment, or the District Court requires additional filings or appearances, the Parties shall be jointly responsible for advocating for the acceptance of this Agreement and entry of the proposed Partial Final Order and Judgment, with each side bearing its own costs to do so.
   d. For the avoidance of doubt, the settlement of the direct claims for the consideration specified herein is contingent and conditioned upon the District Court's approval of the dismissal of the derivative claims without further relief or cost to the corporate entities.

5. **Withdrawal of Georgia Creditor Claims**. Plaintiffs shall withdraw the Georgia Creditor Claims with prejudice upon receipt of the Payment specified in Section 3. The Plaintiffs further agree that, within fourteen (14) days' of a request by the Estate, they will provide an executed consent to discharge the Co-Executors of the Estate from office and liability to be filed in the Estate administration proceedings in Glynn County Probate Court. The Estate will provide Plaintiffs with the forms of both the withdrawal notice and the consent to discharge that the Estate wishes Plaintiffs to execute and file, consistent with the parties' agreement that the Estate will take all reasonable measures to limit Plaintiffs' potential need to incur further legal expenses, including attorney fees, in Georgia.

6. **General Release by the Plaintiffs**. In consideration for the payment, promises, covenants, representations, and warranties set forth in this Agreement, the sufficiency of which are hereby acknowledged, the Plaintiffs individually on their own behalf to the extent permitted by law in whatever capacity they have, or could have, asserted claims, hereby release and forever discharge the Gumaer Parties and each of them and each of their executors, administrators,

personal representatives, trustees, heirs, beneficiaries, descendants, agents, attorneys, successors, and assigns, as well as Lucia Gumaer and Patrick Martin in their individual capacities ("Plaintiffs' Releasees") of and from all matters arising out of or related to the Litigation, and all other claims, causes, causes of action, complaints, charges, demands, petitions, suits, debts, dues, fines, sums of money, accounts, contracts, controversies, reckonings, agreements, promises, trespasses, damages, fees (including attorneys' fees), judgments, executions, claims and demands whatsoever, in law or in equity, whether known or unknown, which against Plaintiffs' Releasees or any of them, the Plaintiffs now have, ever have had or shall or may have, from the beginning of the world up through the Effective Date of this Agreement. Plaintiffs also waive any potential claims for attorney's fees or expenses against the Plaintiffs' Releasees or its counsel for conduct in connection with the Litigation, the Georgia Creditor Claims, or the Georgia Declaratory Judgment Action. This general release is intended to be as broad as permitted under law, provided, however that this general release does not preclude the Parties from enforcing the terms of this Agreement.

7. **Other Defendants Excluded**. For the avoidance of doubt, this general release does not include any other Defendants in the Litigation or their counsel.

8. **General Release by the Estate, the 2014 Trust and the Marital Trust**. In consideration for the dismissal of claims, and the other promises and covenants set forth in this Agreement, the sufficiency of which are hereby acknowledged, the Estate, the 2014 Trust and the Marital Trust, and each of them individually on their own behalf, and to the extent permitted by law on behalf of their executors, trustees, beneficiaries, affiliates, parents, subsidiaries, owners, members, managers, shareholders, employees, agents, attorneys, successors and assigns, and in whatever other capacity they have or could have, asserted claims against Plaintiffs, hereby release and forever discharge Plaintiffs, their immediate family members, deceased or living, and their attorneys, from all claims, causes, causes of action, complaints, charges, demands, petitions, suits, debts, dues, fines, sums of money, accounts, contracts, controversies, reckonings, agreements, promises, trespasses, damages, fees (including attorneys' fees), judgments, executions, claims and demands whatsoever, in law or in equity, whether known or unknown, which against Plaintiffs, the Estate, the 2014 Trust and the Marital Trust now have, ever have had or shall or may have, from the beginning of the world up through the Effective Date of this Agreement. This general release is intended to be as broad as permitted under law, provided, however that it does not preclude the Parties from enforcing the terms of this Agreement.

9. **Covenant Not to Sue**. The Plaintiffs agree not to sue any of the Gumaer Parties, and the Estate, the 2014 Trust and the Marital Trust agree not to sue any of the Plaintiffs on any claim covered by any of the releases granted herein, provided, however, this covenant not to sue shall not apply to claims for breach of this Agreement.

10. **Limited Indemnification of the Estate, the 2014 Trust, and the Marital Trust by Plaintiffs.** The Plaintiffs will indemnify and hold harmless the Estate, the 2014 Trust, the Marital Trust and the Third Party Releasees from any and all claims asserted against any of them asserted by or on behalf of (i) any beneficiaries, descendants, or heirs of any of the Plaintiffs; (ii) any person or legal entity asserting any rights under the Eber Trust; and (iii) any person or legal entity asserting any rights in connection with any of the Eber Entities; but (iv) excluding any

claims asserted by Lester Eber, Wendy Eber, or David Eber, or any of their issue or assignees, known or unknown, which claims, if asserted, would be outside the scope of this indemnification clause.

11.     **Representations and Warranties by the Estate**. The Estate hereby represents and warrants (a) that it or the Gumaer 2014 Trust has the ability to pay the full amount of the settlement Payment specified by Section 3, above, and that, if necessary, the Gumaer 2014 Trust shall fund in part or in full the Payment specified by Section 3, above; and (b) that the Georgia Action against Plaintiffs will be dismissed with prejudice and without requiring Plaintiffs to enter an appearance.

12.     **Representation and Warranty by Plaintiffs**. Plaintiffs hereby represent and warrant that they have not filed any other claims, liens, attachments, notices of claim, or similar pleading or proceeding against the Estate, the 2014 Trust or the Marital Trust whether in the State of Georgia or elsewhere, other than those recited above.

13.     **Consequences of Failure to Make Payment**. The Estate, the 2014 Trust, and the Marital Trust acknowledge that Plaintiffs may unilaterally rescind this Agreement in its entirety and reinstate their claims against the Estate if the full Payment specified by Section 3 is not made and Plaintiffs so elect to rescind, which decision Plaintiffs may make in their sole discretion, provided that all three Plaintiffs agree to do so. Alternatively, should the full Payment specified by Section 3 not be made, Plaintiffs may elect to sue to enforce this Agreement against the Estate, the 2014 Trust, and the Marital Trust, and if Plaintiffs elect to sue based on failure to receive the full Payment specified by Section 3, the Estate, the 2014 Trust, and the Marital Trust agree to reimburse Plaintiffs' reasonable expenses incurred in doing so, including reasonable attorney fees, plus interest on the unpaid amount at the rate of nine percent (9% simple interest. In the event of such an action, the Estate, the 2014 Trust, and the Marital Trust hereby consent to submit to the exclusive jurisdiction of the state and federal courts situated in New York County, New York, and waive any objections or challenges to the forum and shall not seek to transfer venue or dismiss or stay the case on grounds of forum non conveniens.

14.     **Entire Agreement and Amendments**.  Except as provided herein, this Agreement contains the entire understanding of the Parties with respect to the subject matter contained herein and supersedes all prior agreements and understandings, written or oral, between the parties with respect to its subject matter and constitutes a complete and exclusive statement of the terms of the Agreement between the Parties with respect to its subject matter. There are no statements, restrictions, promises, representations, warranties, covenants or undertakings governing the subject matter of the Agreement other than those expressly set forth or referred to herein. This Agreement shall not be modified, except by a writing signed by the affected Party. No course of dealing between or among any persons having any interest in this Agreement shall be deemed effective to modify or amend any part of this Agreement, or any rights or obligations of any Party under, or by reason of, this Agreement.

15.     **Product of Negotiation**. The Parties acknowledge that this Agreement was the product of negotiation and was not drafted by any particular Party. Thus, it cannot be construed for or against any Party hereto.

16. **Governing Law and Forum Selection.** The Parties agree that, in the event of a dispute arising out of the Litigation or this Agreement, the governing law shall be the law of the State of New York, without regard to conflict of law principles, and any action to address such dispute shall be filed in the United States District for the Southern District of New York. In the event that the federal court declines to exercise jurisdiction over the dispute, then such dispute shall be filed in any court within the State of New York in which valid jurisdiction and venue can be had.

17. **Representation by Counsel; Further Cooperation.** The Parties acknowledge that they have been represented throughout the pendency of the Litigation by counsel of their own choosing and have had an adequate opportunity to seek advice from such counsel regarding this Agreement. Should additional billable attorney time be required of Plaintiffs' counsel in order to assist the Estate or the Gumaer 2014 Trust in dismissing the Georgia Declaratory Judgment Action or defending this Agreement (separate from work in connection with securing approval by the District Court), Plaintiffs will incur up to three hours of billable time for their counsel of record in the Litigation (but not any Georgia-barred counsel) to so assist without charge to the Estate.

18. **Counterparts and Execution.** This Agreement may be executed in several counterparts, each of which when so executed and delivered, shall constitute an original, fully enforceable counterpart for all purposes. A copy, facsimile, or PDF copy of a signature shall be sufficient for execution and shall be binding. The Settling Parties contemplate that the content of Appendices A and B, may be added or modified after execution of this Agreement without the need for additional documentation or consideration.

19. **Delivery and Notices.** Whenever required herein, delivery of a copy of this agreement or of any other documents (excluding the payment check) shall be complete upon the sending of an email to the following email addresses for each party:

   a. To the Plaintiffs: brian@brook-law.com

   b. To the Estate, the 2014 Trust, and the Marital Trust: rcalihan@calihanlaw.com and pmartin@ashfordadvisors.com.

20. **Authority of Signatories.** The signatories to this Agreement represent that they have the full and necessary authority to execute this Agreement, including the signatories who execute this Agreement on behalf of the Estate, the Gumaer 2014 Trust, and the Marital Trust.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as of the date first above written.

THE GUMAER ESTATE

_____
Patrick D. Martin, as Co-Executor

6

_____
Lucia Gordon Gumaer, as Co-Executor

**THE GUMAER 2014 TRUST**

_____
Patrick D. Martin, as Co-Trustee

_____
Lucia Gordon Gumaer, as Co-Trustee

**THE MARITAL TRUST**

_____
Patrick D. Martin, as Co-Trustee

_____
Lucia Gordon Gumaer, as Co-Trustee

**PLAINTIFFS**

_____
DANIEL KLEEBERG

_____
LISA STEIN

_____
AUDREY HAYS

7

_____
Lucia Gordon Gumaer, as Co-Executor

**THE GUMAER 2014 TRUST**

_____
Patrick D. Martin, as Co-Trustee

_____
Lucia Gordon Gumaer, as Co-Trustee

**THE MARITAL TRUST**

_____
Patrick D. Martin, as Co-Trustee

_____
Lucia Gordon Gumaer, as Co-Trustee

**PLAINTIFFS**

_____
DANIEL KLEEBERG

_/s/ Lisa Stein_____
LISA STEIN

_____
AUDREY HAYS

7

_____
Lucia Gordon Gumaer, as Co-Executor

**THE GUMAER 2014 TRUST**

_____
Patrick D. Martin, as Co-Trustee

_____
Lucia Gordon Gumaer, as Co-Trustee

**THE MARITAL TRUST**

_____
Patrick D. Martin, as Co-Trustee

_____
Lucia Gordon Gumaer, as Co-Trustee

**PLAINTIFFS**

*/s/ Daniel Kleeberg*
DANIEL KLEEBERG

_____
LISA STEIN

_____
AUDREY HAYS

_____
Lucia Gordon Gumaer, as Co-Executor

## THE GUMAER 2014 TRUST

_____
Patrick D. Martin, as Co-Trustee

_____
Lucia Gordon Gumaer, as Co-Trustee

## THE MARITAL TRUST

_____
Patrick D. Martin, as Co-Trustee

_____
Lucia Gordon Gumaer, as Co-Trustee

## PLAINTIFFS

_____
DANIEL KLEEBERG

_____
LISA STEIN

*/s/ Audrey Lean Hays*
_____
AUDREY HAYS

7

## APPENDIX A

Lucia Gordon Gumaer, in her capacity as a beneficiary



8

# APPENDIX B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, et al.,

      Plaintiffs,

-against-

LESTER EBER, et al.,

      Defendants,

and

EBER BROS. & CO., INC., et al.,

      Nominal Defendants.

16-CV-9517(LAK)(KHP)

**[PROPOSED] PARTIAL FINAL ORDER AND JUDGMENT OF DISMISSAL AS TO DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR.**

**KATHERINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

  Plaintiffs, Daniel Kleeberg, Lisa Stein, and Audrey Hays ("Plaintiffs"), and Defendant the Estate of Elliott W. Gumaer, Jr. (the "Estate") have jointly moved for this Court to approve the dismissal of Plaintiffs' derivative claims filed on behalf of Nominal Defendants Eber Bros. & Co., Inc. ("EB&C") and Eber Bros. Wine and Liquor Corp. ("EBWLC") (together, all the foregoing named parties are the "Settling Parties"), and to dismiss all of Plaintiffs' direct claims against the Estate and the Estate's crossclaim against the other Defendants.

  Federal Rule of Civil Procedure 23.1(c) provides that "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval." In this case, Plaintiffs have asserted direct claims for breach of fiduciary duty and fraudulent concealment against the Estate based on what they have alleged to have been a breach of trust by Gumaer

1

in his role as trustee of the Allen Eber Trust, of which the Plaintiffs were beneficiaries. Plaintiffs and the Estate have settled their direct claims and ask this Court to approve the dismissal of the derivative claims. The dismissal of the Plaintiffs' direct claims and the Estate's crossclaim is contingent on this Court's approval of the dismissal of the derivative claims.

This Court hereby finds and orders:

1. The Court has jurisdiction over the subject matter of Plaintiffs' derivative claims and the Settling Parties.

2. The Court finds that no notice to any non-parties is required or appropriate in order to approve the dismissal of the derivative claims. Without deciding the actual interests of the entities in this Order, the Court finds that the only persons asserting any claim to have an interest in either EB&C and EBWLC are already joined as parties to this lawsuit.

3. The Court grants final approval to the dismissal of the derivative claims asserted on behalf of EB&C and EBWLC on the terms set forth in the Settlement and Dismissal Agreement and Release, and finds that it is, in all respects, fair, reasonable, and adequate, and in the best interest of EB&C and EBWLC's shareholders. Although no payment will be received by EB&C or EBWLC, neither will those entities be responsible for legal fees to Plaintiffs' counsel for work that has been performed solely in connection with claims or defenses concerning the Estate, nor will those entities be potentially liable to indemnify the Estate pursuant to their respective bylaws.

4. All Plaintiffs' claims against the Estate, as stated in the Third Amended Complaint filed on June 18, 2019, including all direct and derivative claims, are hereby dismissed with prejudice.

5. The Estate's crossclaim against the other Defendants, as stated in the Estate's Answer to the Third Amended Complaint filed on June 19, 2019, is hereby dismissed with prejudice.

6. The Settling Parties are to bear their own costs incurred distinctly in connection with claims asserted against, or defenses asserted by, the Estate. This shall not affect the ability of Plaintiffs to seek costs, including attorney's fees, from any of the other Defendants, or to apply for an award of costs and fees from the Nominal Defendants EB&C or EBWLC if and when such entity receives a recovery or other benefit that might warrant such relief.

7. In the event that the payment to Plaintiffs in settlement of their direct claims against the Estate is not made in accordance with the Settling Parties' agreement, Plaintiffs may move for this Court for relief from this Order and Judgment pursuant to Federal Rule of Civil Procedure 60(b) and to reinstate their claims, both direct and derivative, against the Estate. If such relief is sought, the Estate may reinstate its crossclaim.

8. Upon entry of this Partial Final Order and Judgment, the Estate shall be released and discharged, finally and forever, from any and all Claims that have been or could have been asserted by any of the Plaintiffs, or by any other stockholder derivatively on behalf of EB&C or EBWLC, or by EB&C or EBWLC directly, arising out of or relating to:

   a. any of the facts, matters, transactions, acts, omissions, or circumstances alleged, or that could have been alleged, in the Third Amended Complaint or any prior iteration thereof;

   b. Gumaer's conduct with respect to EB&C or EBWLC or any of their related companies, whether Gumaer engaged in such conduct as a director, legal counsel, or in any other capacity; or

   c. the dismissal of the derivative claims.

9. In accordance with Federal Rule of Civil Procedure 54(b), this Court directs entry of final judgment as to the Estate, dismissing all of the claims against it, and finds no just reason to delay the entry of said judgment.

10. Judgment shall be, and hereby is, entered dismissing all claims against the Estate with prejudice. This is a final, appealable judgment and should be entered forthwith by the Clerk.

SO ORDERED.

DATED:      New York, New York
            _____, 2020

                                        _____
                                        KATHERINE H. PARKER
                                        United States Magistrate Judge