UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, et al.,

                Plaintiffs,

-against-

LESTER EBER, et al.,

                Defendants,

and

EBER BROS. & CO., INC., et al.,

                Nominal Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/2020

16-CV-9517(LAK)(KHP)

**PARTIAL FINAL ORDER AND JUDGMENT OF DISMISSAL AS TO DEFENDANT THE ESTATE OF ELLIOTT W. GUMAER, JR.**

**KATHERINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs, Daniel Kleeberg, Lisa Stein, and Audrey Hays ("Plaintiffs"), and Defendant the Estate of Elliott W. Gumaer, Jr. (the "Estate") have jointly moved for this Court to approve the dismissal of Plaintiffs' derivative claims filed on behalf of Nominal Defendants Eber Bros. & Co., Inc. ("EB&C") and Eber Bros. Wine and Liquor Corp. ("EBWLC") (together, all the foregoing named parties are the "Settling Parties"), and to dismiss all of Plaintiffs' direct claims against the Estate and the Estate's crossclaim against the other Defendants.

      Federal Rule of Civil Procedure 23.1(c) provides that "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval." In this case, Plaintiffs have asserted direct claims for breach of fiduciary duty and fraudulent concealment against the Estate based on what they have alleged to have been a breach of trust by Gumaer

1

in his role as trustee of the Allen Eber Trust, of which the Plaintiffs were beneficiaries. Plaintiffs and the Estate have settled their direct claims and ask this Court to approve the dismissal of the derivative claims. The dismissal of the Plaintiffs' direct claims and the Estate's crossclaim is contingent on this Court's approval of the dismissal of the derivative claims.

This Court hereby finds and orders:

1. The Court has jurisdiction over the subject matter of Plaintiffs' derivative claims and the Settling Parties.

2. The Court finds that no notice to any non-parties is required or appropriate in order to approve the dismissal of the derivative claims. Without deciding the actual interests of the entities in this Order, the Court finds that the only persons asserting any claim to have an interest in either EB&C and EBWLC are already joined as parties to this lawsuit.

3. The Court grants final approval to the dismissal of the derivative claims asserted on behalf of EB&C and EBWLC on the terms set forth in the Settlement and Dismissal Agreement and Release, and finds that it is, in all respects, fair, reasonable, and adequate, and in the best interest of EB&C and EBWLC's shareholders. Although no payment will be received by EB&C or EBWLC, neither will those entities be responsible for legal fees to Plaintiffs' counsel for work that has been performed solely in connection with claims or defenses concerning the Estate, nor will those entities be potentially liable to indemnify the Estate pursuant to their respective bylaws.

4. All Plaintiffs' claims against the Estate, as stated in the Third Amended Complaint filed on June 18, 2019, including all direct and derivative claims, are hereby dismissed with prejudice.

5. The Estate's crossclaim against the other Defendants, as stated in the Estate's Answer to the Third Amended Complaint filed on June 19, 2019, is hereby dismissed with prejudice.

6. The Settling Parties are to bear their own costs incurred distinctly in connection with claims asserted against, or defenses asserted by, the Estate. This shall not affect the ability of Plaintiffs to seek costs, including attorney's fees, from any of the other Defendants, or to apply for an award of costs and fees from the Nominal Defendants EB&C or EBWLC if and when such entity receives a recovery or other benefit that might warrant such relief.

7. In the event that the payment to Plaintiffs in settlement of their direct claims against the Estate is not made in accordance with the Settling Parties' agreement, Plaintiffs may move for this Court for relief from this Order and Judgment pursuant to Federal Rule of Civil Procedure 60(b) and to reinstate their claims, both direct and derivative, against the Estate. If such relief is sought, the Estate may reinstate its crossclaim.

8. Upon entry of this Partial Final Order and Judgment, the Estate shall be released and discharged, finally and forever, from any and all Claims that have been or could have been asserted by any of the Plaintiffs, or by any other stockholder derivatively on behalf of EB&C or EBWLC, or by EB&C or EBWLC directly, arising out of or relating to:

   a. any of the facts, matters, transactions, acts, omissions, or circumstances alleged, or that could have been alleged, in the Third Amended Complaint or any prior iteration thereof;

   b. Gumaer's conduct with respect to EB&C or EBWLC or any of their related companies, whether Gumaer engaged in such conduct as a director, legal counsel, or in any other capacity; or

   c. the dismissal of the derivative claims.

9. In accordance with Federal Rule of Civil Procedure 54(b), this Court directs entry of final judgment as to the Estate, dismissing all of the claims against it, and finds no just reason to delay the entry of said judgment.

10. Judgment shall be, and hereby is, entered dismissing all claims against the Estate with prejudice. This is a final, appealable judgment and should be entered forthwith by the Clerk.

SO ORDERED.

DATED:   New York, New York
          November 9 , 2020

*Katherine H. Parker*

KATHERINE H. PARKER
United States Magistrate Judge

4