

underberg & kessler LLP

COLIN D. RAMSEY, PARTNER
(716) 847-9103
cramsey@underbergkessler.com

March 17, 2021

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Estate of Lester Eber, et al.*
Civ. Action No.: 16-cv-09517-LAK-KHP

Dear Magistrate Parker:

As you know, this firm represents the Eber Defendants in this lawsuit. We are writing to seek direction from the Court on a potential discovery issue.

Earlier in this litigation plaintiffs served a Request for Production seeking information about any insurance policies potentially available to satisfy a judgment. In response, we produced a policy issued to Alexbay LLC ("Alexbay") by QBE Insurance Corporation ("QBE"), Policy No. QPL0192783, with a policy period of March 31, 2016 to March 31, 2017 ("the Policy"). Although we produced the Policy, we did not believe that it would provide coverage in this lawsuit. Wendy Eber testified to this effect during one of her depositions.

However, given the significant legal costs incurred by the Eber Defendants over the course of this litigation, prior to his death, Lester Eber engaged Connecticut counsel to file a lawsuit against QBE seeking a determination that the Policy was applicable to this litigation. Our firm was not involved in the Connecticut action, and were only recently advised that there was a resolution.

More specifically, we are advised that on or about September 11, 2020, the United States District Court for the District of Connecticut granted QBE's motion for summary judgment dismissing the Complaint. Thereafter, Alexbay appealed the dismissal of the Complaint to the United States Court of Appeals for the Second Circuit. However, the parties reached a settlement before the appeal was briefed or argued. The settlement was memorialized in a General Release and Settlement Agreement ("Settlement Agreement"). We would note the settlement is dwarfed by the legal fees expended to date, and has already been applied towards those costs.

Hon. Katharine H. Parker
United States Magistrate Judge
March 17, 2021
Page 2



underberg & kessler LLP

    Plaintiffs' counsel has renewed his demand(s), and seeks all documents relating to the Policy and the Connecticut litigation. Contemporaneous with this letter, we are providing plaintiffs' counsel with all documents that were filed on PACER in the Connecticut litigation. However, the Settlement Agreement contains a confidentiality provision that would be violated if we produce documents that are not already publicly available on the docket. That said, the confidentiality provision provides that the parties can disclose the terms of the Settlement Agreement and related documents if compelled to do so pursuant to "an order issued by a court of competent jurisdiction."

    The Eber Defendants agree with plaintiffs' counsel that the documents relating to the QBE litigation are within the scope of plaintiffs' discovery demands. Accordingly, it is respectfully requested that the Court issue an Order compelling the Eber Defendants to provide the requested documents, in order to comply with the above-referenced confidentiality provision.

    To the extent the Court would like to view the Settlement Agreement *in camera* before deciding how to proceed, we can certainly provide a copy.

    Thank you for your attention to this matter.

Respectfully submitted,

Colin D. Ramsey

CDR:ar