# BROOK & ASSOCIATES, PLLC
NEW YORK | NEW JERSEY

**BRIAN C. BROOK**  
BRIAN@BROOK-LAW.COM

100 CHURCH STREET  
FLOOR 8  
NEW YORK, NY 10007  
TEL: (212) 256-1957

March 19, 2021

**By ECF**

The Honorable Katherine H. Parker  
United States Magistrate Judge  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

**Re:**   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP  
**Request to Add Information to the Record**

Dear Judge Parker,

I write on behalf of Plaintiffs in the above-named matter. As the Court was advised by defense counsel this week, Plaintiffs recently discovered—on their own research—that Alexbay had claimed that it was covered by D&O insurance in this lawsuit. This was contrary to what Wendy Eber had said in her deposition, and it was contrary to the defense's Rule 26(a) Initial Disclosures, which falsely asserted that there was no insurance policy that could potentially cover these claims.[1]

While I was trying to find out whether this was an egregious discovery violation, I reviewed interrogatory responses, which I had not looked at since the summary judgment briefing long ago. I was surprised to discover that my former associate had drafted an interrogatory that is very helpful to the inquiry the Court recently made about the Eber Defendants' affirmative defenses:

---

[1] To correct something in defense counsel's letter, Plaintiffs never specifically requested any insurance policy in discovery because we relied on their initial disclosure. Thus, Plaintiffs' counsel had not even thought to review the insurance policy produced in the middle of thousands of pages of discovery to see if it included anything that might include a D&O policy. Not only is such a policy important to settlement, it informative as to the defendants' intent, especially given the timing of the policy. It was issued in March 2016, right after a decision in the PBGC lawsuit was publicized, disclosing the core facts of this case. Coincidentally, the same client who discovered the article about PBGC—Lisa Stein—also discovered this latest Alexbay insurance lawsuit through internet searches. It is unfortunate that I will never be able to ask Lester about this policy and its curious timing.

March 19, 2021 BROOK & ASSOCIATES
Page 2

> Interrogatory 11 [directed to Lester Eber]. State the basis for your contention that any causes of action in the Complaint are barred by the doctrines of waiver, laches and/or estoppel, as alleged in your Third Affirmative Defense.
>
> Response to No. 11: The Eber Defendants included this affirmative defense in order to preserve it. As the litigation is ongoing, the Eber Defendants are not in a position to articulate each and every way in which the Complaint is barred by the doctrines of waiver, laches and/or estoppel. The Eber Defendants will supplement this response as necessary.

*See* Ex. A at No. 11 (attached). Thus, it is clear the Eber Defendants had no real belief that any "waiver" defense applied based on the facts known to them. Obviously, they were aware early on that Lester had disclosed loan documents to the other beneficiaries in 2010, and yet they never connected those facts with this affirmative defense. Not even after Lester amended these interrogatory responses. Twice. And there was no further supplement to this response.

I apologize to the Court that I did not remember that this interrogatory had been propounded before the oral argument, but I ask that this Court please consider this request to supplement the record with this additional relevant information. And since it is the Eber Defendants' counsel's own words that doom them—yet again—there is no prejudice to them by considering this.

We thank the Court for its attention to this matter.

Respectfully submitted,

Brian C. Brook

cc: All counsel of record

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

        Plaintiffs,

v.

LESTER EBER,
ALEXBAY, LLC f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK AND TRUST,
ELLIOT W. GUMAER, JR.,
EBER BROS. & CO, INC.,
EBER BROS. WINE AND LIQUOR CORP.,
EBER BROS. WINE & LIQUOR METRO, INC.,
EBER CONNECTICUT, LLC, and
WENDY EBER,

        Defendants.

Civil Action No. 16-CV-9517(LAK)

**SECOND AMENDED RESPONSES
TO PLAINTIFF DANIEL KLEEBERG'S
FIRST SET OF INTERROGATORIES
TO DEFENDANT LESTER EBER**

---

Pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(1), Defendant, Lester Eber, by his attorneys, Underberg & Kessler LLP, for his Second Amended Responses to Plaintiff Daniel Kleeberg's First Set of Interrogatories to Defendant Lester Eber (the "Interrogatories"), hereby responds as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

1. Identify all your sources of income since 2007 by year:

**Response to No. 1:**

**2007:** Eber Brothers Wine & Liquor Corp. ("Eber Bros."); Southern Wine & Spirits
**2008:** Eber Bros.; Southern Wine & Spirits; Eber-CT
**2009:** Eber-CT; Southern Wine & Spirits
**2010:** Eber-CT; Southern Wine & Spirits
**2011:** Eber-CT; Southern Wine & Spirits
**2012:** Eber-CT; Southern Wine & Spirits; Slocum of ME
**2013:** Eber-CT; Southern Wine & Spirits; Slocum of ME

**Response to No. 9:**

**Wendy Eber, Sumner Pearsall, Eric Fry, and counsel.**

      10.    State the basis for your contention that any causes of action in the Complaint are barred by the applicable statute of limitations, as alleged in your Second Affirmative Defense.

**Response to No. 10:**

**The Eber Defendants included this affirmative defense in order to preserve it. As the litigation is ongoing, the Eber Defendants are not in a position to articulate each and every way in which the Complaint is barred by the statute of limitations. The Eber Defendants will supplement this response as necessary.**

      11.    State the basis for your contention that any causes of action in the Complaint are barred by the doctrines of waiver, laches and/or estoppel, as alleged in your Third Affirmative Defense.

**Response to No. 11:**

**The Eber Defendants included this affirmative defense in order to preserve it. As the litigation is ongoing, the Eber Defendants are not in a position to articulate each and every way in which the Complaint is barred by the doctrines of waiver, laches and/or estoppel. The Eber Defendants will supplement this response as necessary.**

      12.    State the basis for your contention that Plaintiffs' complaint is barred by the doctrine of unclean hands, as alleged in your Fifth Affirmative Defense.

**Response to No. 12:**

**The Eber Defendants included this affirmative defense in order to preserve it. As the litigation is ongoing, the Eber Defendants are not in a position to articulate each and every way in which the Complaint is barred by the doctrine of unclean hands. The Eber Defendants will supplement this response as necessary.**

      13.    Identify all sources and locations of documents that you or your attorneys have searched to respond to the Requests for Production issued to the Eber Defendants by all Plaintiffs on June 22, 2017.