

underberg & kessler LLP

COLIN D. RAMSEY, PARTNER
(716) 847-9103
cramsey@underbergkessler.com

March 23, 2021

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Estate of Lester Eber, et al.*
            Civ. Action No.: 16-cv-09517-LAK-KHP

Dear Magistrate Parker:

    I am writing in response to the March 19, 2021 letter filed by plaintiffs' counsel, Brian Brook, Esq. The letter – purportedly in response to my March 17, 2021 letter requesting the Court's assistance with an unopposed discovery issue (which was resolved by Your Honor's Order of March 18, 2021)– attempts to make additional arguments in support of plaintiffs' motion to reconsider.

    As the Court is aware, the motions for reconsideration have been fully briefed for months, and it is inappropriate for Mr. Brook to submit what is essentially a sur-reply under the auspices of addressing the discovery issue. Accordingly, it is respectfully requested that the Court disregard the March 19, 2021 letter.

    The above objection notwithstanding, if the Court elects to consider the letter, the conclusions drawn by Mr. Brook are incorrect. The interrogatory response he references was prepared early in this litigation, and on its face, preserves the waiver/consent argument until discovery was concluded and the precise nature of the defense could be articulated. Unfortunately, the Eber Defendants did mistakenly fail to supplement this response, but as conceded in the letter and during the March 5, 2021 conference/oral argument with the Court, Mr. Brook has been well aware throughout the litigation of the importance of the loan letters that Lester Eber sent plaintiffs. Those letters offered plaintiffs the opportunity to participate in the loans needed to save the companies from certain bankruptcy, and they affirmatively decided to waive that opportunity and consent to Lester making the loans alone. It continues to be disingenuous to claim that a waiver/consent defense was never advanced. Nothing stated by Mr. Brook obviates the broad discretion the Court possesses and exercised in its summary judgment decision finding genuine issues of material fact as the waiver/consent issue. S.E.C. v. McCaskey, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)[court should construe the pleadings liberally to give defendant full opportunity to support its claims at trial, after full discovery has been made].

Hon. Katharine H. Parker
United States Magistrate Judge
March 23, 2021
Page 2



Mr. Brook seeks to both take an additional bite at the apple to advance his motion for reconsideration, and then asks the Court to rely upon a simple oversight in not supplementing an interrogatory response to support his ill-conceived position. It is respectfully submitted that both efforts should be rejected, and plaintiffs' motion for reconsideration denied for the reasons previously set forth.

Respectfully submitted,

Colin D. Ramsey

CDR:ar