UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>    Plaintiffs,<br><br>  v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; ESTATE OF ELLIOTT W. GUMAER, JR.; and WENDY EBER,<br><br>    Defendants,<br><br>  and<br><br>EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; EBER-RHODE ISLAND, LLC; EBER BROS. ACQUISITION CORP.; EBER-METRO, LLC; SLOCUM & SONS OF MAINE, INC.; and CANANDAIGUA NATIONAL BANK & TRUST COMPANY,<br><br>  Nominal Defendants. | Civil Action No. 16-CV-9517(LAK)<br><br>**JOINT PRELIMINARY TRIAL PLAN** |

  Pursuant to the directive of Magistrate Judge Katherine Parker during the April 15, 2021 conference, the parties have conferred and present the following information concerning the forthcoming trial of the above-captioned matter.

  **1. Trial Length.**

  The parties estimate that the arguments and evidence at trial will take approximately two weeks if all witnesses identified below testify.

  **2. Scheduling.**

  The parties disagree about when this case should be scheduled for trial.

  The Court's proposal of scheduling trial in the third quarter of this year is problematic. The lead attorney for Defendants (Colin Ramsey) has a conflicting trial in August and Plaintiffs

recognize that a specific conflict for lead counsel is a legitimate reason to schedule the trial later. Therefore, there is no dispute that most of the third quarter 2021 is unavailable.

One of Defendants' lawyers (Paul Keneally) has another trial scheduled in Colorado for October 26 to October 30 and therefore Defendants propose scheduling the trial to start in the Spring of 2022, to accommodate counsels' trial schedule, as well as due uncertainties caused by the pandemic.

Plaintiffs object to delaying the trial by six months or more to accommodate a one-week trial, even if it were the lead defense attorney who had the conflict. Plaintiffs would consent to avoiding a direct conflict with Mr. Keneally's trial (assuming it goes forward) since Mr. Ramsey advises he will be involved in that trial in some capacity. Accordingly, Plaintiffs ask to schedule the trial as soon as possible after September 15, 2021, but excluding the week of October 26. This would give defense counsel four weeks after the August trial to prepare, while also recognizing Plaintiffs' desire for a prompt resolution, particularly since the core issue of liability has already been decided in their favor.

**3. Issues for the Judge.**

The parties agree in general that legal issues are to be decided by the court. Plaintiffs submit that the following issues should be decided by Judge Kaplan, not the jury, possibly with an advisory verdict from the jury on some issues if the Court would find it helpful:

   a. Whether Plaintiffs are legal shareholders of Eber Bros. & Co., Inc. and thus have standing to pursue derivative claims on behalf of it and its subsidiary.

   b. Equitable remedies, if any, for recognizing Plaintiffs' rights as shareholders, including setting dates for shareholder and director meetings so that valid directors can be elected.

   c. Equitable remedies, if any, for Lester's breach of fiduciary duty, such as which specific transactions to set aside and which property is subject to a constructive trust. (Counts I and IV)

   d. Ordering an accounting from Wendy Eber, the Estate, and the nominal defendants. (Count IX)

Defendants do not object in general, but reserve the right to object to specific issues.

4. **Issues for the Jury.**

    a. The amount of money that Lester loaned to the business, if any, and the value of the Trust assets that Lester took possession of in 2012.[1] (Count I)

    b. Whether the Polebridge Bowman acquisition of six percent of Eber-Connecticut LLC was a valid transaction. (Count I)

    c. Whether Wendy Eber breached her fiduciary duties as an officer and director of the Eber businesses through her conduct in connection with transactions involving her father, Lester Eber. (Count I)

    d. Whether Lester and Wendy Eber were disloyal to the Eber businesses. (Count II)

    e. Whether Lester Eber fraudulently concealed his acquisition of business assets from the Trust beneficiaries. (Count VII)

    f. Whether Wendy Eber aided and abetted her father in breaching his fiduciary duties and engaging in fraudulent concealment. (Count VIII)

    g. Whether Lester Eber breached his fiduciary duties and was unjustly enriched by negotiating a personal consulting contract with Southern Wine & Spirits

---

[1] Plaintiffs object the legal relevance of this issue given the Court's summary judgment finding that the transfer of the business is voidable under the "no further inquiry rule." Plaintiffs respectfully request the opportunity to argue this issue in advance of trial because it could significantly shorten the length of the trial, eliminating the need to call most of Defendants' proposed witnesses and both parties' experts.

Defendants object to Plaintiffs' request on the ground that the issue has been decided during motion practice and it is law of the case, and would be a second motion to reconsider in guise of motion *in limine*. This is a central issue in the case since the Court's decision on reconsideration established that, in order to be entitled to a constructive trust on some or all the stock of Eber Metro, Plaintiffs must prove whether, and to what extent, there was unjust enrichment as a result of Lester Eber retaining the collateral for his loans.

Plaintiffs reply that this issue arose as a result of the Court's most recent decision on reconsideration, not the initial summary judgment denial, so Plaintiffs could not have raised it in their motion for reconsideration. Moreover, defense counsel never raised the argument that a constructive trust required showing unjust enrichment—the issue was never raised or argued by either party before the reconsideration decision was issued. Nor was the issue part of the Court's oral argument on reconsideration. Moreover, presenting evidence that the disloyal trustee was unjustly enriched would be inconsistent with binding New York state precedent holding that beneficiaries are entitled as a matter of law to a constructive trust and a reconveyance of wrongly obtained property. *Birnbaum v. Birnbaum*, 117 A.D. 2d 409, 420 (N.Y. App. Div. 4th Dept. 1986) (citing *Meinhard v. Salmon*, 249 N.Y. 458, 467 (1928)).

        while the business (owned by the Trust) was negotiating a contract with Southern Wine & Spirits. (Counts I and III)

    h. Whether corporate changes to Eber Bros. Wine & Liquor Co. and the contemporaneous issuance of preferred stock to Lester Eber in 2017 were valid.

    i. Whether Lester Eber's attempt to take sole ownership of all the shares of Eber Bros. & Co., Inc. was wrongful and if Plaintiffs did anything wrongful to encourage Lester's actions. (Count X)

    j. Whether to award punitive damages and, if so, the amount. (Counts I, VII, and VIII)

The parties agree that this list is non-exhaustive, and they reserve the right to argue that other issues should be decided by the jury or the judge.

**5. Witnesses.**

Plaintiffs.
- Each individual Plaintiff will testify about their knowledge (or lack thereof) of Defendants' conduct.
- Richard Hawks from Co-trustee Canandaigua National Bank to testify about his knowledge (or lack thereof) of Defendants' conduct in his role managing the Trust.
- Plaintiffs will also rely on deposition testimony from Lester Eber and Wendy Eber concerning all aspects of the case.
- Plaintiffs may call Wendy Eber or a summary witness (possibly one of the Plaintiffs) to present additional documents and interrogatories produced by Defendants, and/or testify about what documents were not produced in response to requests for production.
- Plaintiffs also expect to introduce additional deposition testimony from Lee Hager concerning Lester Eber's negotiation of a $3 million consulting agreement for his personal benefit from Southern Wine & Spirits.
- If the Court does not sustain Plaintiffs' objection to the relevance of the Eber-Connecticut business's financial status, Plaintiffs will call valuation expert Glenn Liebman to testify about the value of the business.

Defendants.

- Wendy Eber: Is likely to testify about virtually all facets of the case, including, without limitation, financial and accounting matters, corporate governance, trustee issues, Lester

- Eber's loans, financial accommodations, and other arrangements, and the value of the Eber companies and the insolvency of Eber Metro and Eber W&L.

- Davie Kaplan Accountants and Auditors: Scott Kogler (and potentially other accountants/auditors at the firm), are likely to testify about the Eber companies' financial and accounting matters, Lester Eber's loans, financial accommodations, and other arrangements, as well PBGC, Teamster, and pension obligation issues.

- Lisa Semenik: Is likely to testify about the Eber companies' financial and accounting matters, Lester Eber's loans, financial accommodations, and other arrangements, and Lester Eber's business dealings with Southern Wine & Spirits.

- Sumner Pearsall (tax accountant): Is likely to testify about the Eber companies' financial and accounting matters, Lester Eber's loans, financial accommodations, and other arrangements, Lester Eber's business dealings with Southern Wine & Spirits, and the value of the Eber companies and the insolvency of Eber Metro and Eber W&L.

- Frank Torchio: Is likely to testify regarding the substance of his report analyzing the value of Eber Connecticut, Eber Metro, and Eber Wine & Liquor, including the insolvency of Eber Metro and Eber W&L.

- Michael Gallagher: Is likely to testify about actuarial calculations regarding Eber companies' pension liability.

- Canandaigua National Bank: One or more witnesses may be called to testify about its role as co-Trustee of the Allen Eber Trust, its banking relationship with the Eber Entities, loans made to the Eber Entities, and knowledge about the financial condition of the Eber Entities during the relevant time period.

- Lee Hager (Southern Wine & Spirits): Certain portions of Mr. Hager's deposition testimony will be utilized to discuss Lester Eber's consulting arrangements, compensation, and other related issues.

The parties reserve the right to object to any of the designated witnesses.

**6. Stipulations.**

Although the parties appeared to agree on certain undisputed facts at summary judgment, they have not reached any stipulations for trial.

Dated: April 30, 2021

| | |
|---|---|
| /s Colin Ramsey | /s Brian C. Brook |
| Colin Ramsey | Brian C. Brook (BB 1980) |
| Underberg & Kessler LLP | BROOK & ASSOCIATES, PLLC |
| 300 Bausch & Lomb Place | 100 Church Street, 8th Floor |
| Rochester, New York 14604 | New York, New York 10007 |
| (716) 847-9103 | (212) 257-2334 |
| cramsey@underbergkessler.com | Brian@brook-law.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |

5