**BROOK & ASSOCIATES, PLLC**
— NEW YORK | NEW JERSEY —

**BRIAN C. BROOK**
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

April 30, 2021

**By ECF**

The Honorable Lewis A. Kaplan
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
          **Request for Pre-Trial Conference and Prompt Scheduling**

Dear Judge Kaplan,

I write on behalf of Plaintiffs in the above-named matter, after conferring with defense counsel, to advise the Court that all parties have elected to proceed with a trial before your Honor. Accordingly, we respectfully request a scheduling conference to address a trial date and pre-trial matters as soon as the Court's schedule will permit. As explained below, there are good reasons to move quickly.

Plaintiffs prevailed in obtaining partial summary judgment on the key issue of liability: Lester Eber breached his fiduciary duty as trustee when he transferred the family business out of the family trust to himself. Magistrate Judge Parker declined to grant any relief, however, and as a result, Defendant Wendy Eber remains in sole control of the family business (her father Lester sadly passed away last April). Notably, since this case was filed, the family trust has been dissolved. Therefore, if the wrongful transfer is set aside and the business is reconveyed to the trust beneficiaries, Plaintiffs will be the controlling shareholders of the business. Given the malfeasance that occurred and Wendy's complicity in it, Plaintiffs have long been concerned about what will become of the business the longer she remains in control. Those concerns have reached a fever pitch now that the issue of liability has been decided adversely to her father (and thus her inheritance), as we are concerned that this increases the probability of further malfeasance and corporate machinations that might attempt to deny or delay Plaintiffs' justice.

April 30, 2021
Page 2

BROOK & ASSOCIATES

Plaintiffs' concerns are not idle speculation. Indeed, just a week ago, defense counsel produced new documents showing that Defendant Wendy Eber has engaged in several recent corporate transactions, including amending corporate bylaws to further entrench herself in control. Since her father has died, she apparently appointed her husband as a director to "authorize" these transactions and elect her as the sole officer. He then promptly resigned from his position hours later. To be sure, the dates and times on the documents are hardly reliable: They were only produced to us on April 23, but they purport to have been executed on March 13, 2021—conveniently just days before Judge Parker issued her decision on reconsideration, granting Plaintiffs partial summary judgment.

Unfortunately, this is nothing new. Shortly after this lawsuit was filed, a new class of voting shares was distributed to Lester Eber—a transparent attempt to dilute the trust's interest in one of the holding companies that had previously controlled the family business. And then in October 2018, after the trust was dissolved, Lester purported to exercise a hidden option to "purchase" Plaintiffs' shares in the top-tier holding company for literally nothing because he said it had no value. Why go through the trouble to acquire shares in a supposedly worthless holding company? Because if Plaintiffs succeeded in proving the transfer of the business was a breach of trust (as they now have), New York law required the return of the property to the holding company. By intercepting the holding company shares before they could be received by Plaintiffs (as directed by a Surrogate Court order that Lester's attorney had previously consented to), Lester and his lawyers hoped to deny Plaintiffs any benefit from the unwinding of Lester's decidedly wrongful transfer.

Given this track record, it is fair to expect that the longer this takes to get to a resolution, the more obstruction this Court will have to investigate and unwind in order to afford Plaintiffs complete equitable relief and restore their property to them. And that is why Plaintiffs respectfully request that this Court take these serious concerns into account when scheduling this matter.

We thank the Court for its attention to this matter.

Respectfully submitted,

Brian C. Brook

April 30, 2021  
Page 3

**BROOK & ASSOCIATES**

cc: The Honorable Katherine A. Parker  
　　All counsel of record