# BROOK & ASSOCIATES, PLLC
## NEW YORK | NEW JERSEY

BRIAN C. BROOK
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

**MEMO ENDORSED**

April 30, 2021

**By ECF**

The Honorable Lewis A. Kaplan
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Daniel Kleeberg et al. v. Lester Eber et al.*, 1:16-cv-09517-LAK-KHP
      **Request for Pre-Trial Conference and Prompt Scheduling**

Dear Judge Kaplan,

I write on behalf of Plaintiffs in the above-named matter, after conferring with defense counsel, to advise the Court that all parties have elected to proceed with a trial before your Honor. Accordingly, we respectfully request a scheduling conference to address a trial date and pre-trial matters as soon as the Court's schedule will permit. As explained below, there are good reasons to move quickly.

Plaintiffs prevailed in obtaining partial summary judgment on the key issue of liability: Lester Eber breached his fiduciary duty as trustee when he transferred the family business out of the family trust to himself. Magistrate Judge Parker declined to grant any relief, however, and as a result, Defendant Wendy Eber remains in sole control of the family business (her father Lester sadly passed away last April). Notably, since this case was filed, the family trust has been dissolved. Therefore, if the wrongful transfer is set aside and the business is reconveyed to the trust beneficiaries, Plaintiffs will be the controlling shareholders of the business. Given the malfeasance that occurred and Wendy's complicity in it, Plaintiffs have long been concerned about what will become of the business the longer she remains in control. Those concerns have reached a fever pitch now that the issue of liability has been decided adversely to her father (and thus her inheritance), as we are concerned that this increases the probability of further malfeasance and corporate machinations that might attempt to deny or delay Plaintiffs' justice.

April 30, 2021                                                                       BROOK & ASSOCIATES
Page 2

Plaintiffs' concerns are not idle speculation. Indeed, just a week ago, defense counsel produced new documents showing that Defendant Wendy Eber has engaged in several recent corporate transactions, including amending corporate bylaws to further entrench herself in control. Since her father has died, she apparently appointed her husband as a director to "authorize" these transactions and elect her as the sole officer. He then promptly resigned from his position hours later. To be sure, the dates and times on the documents are hardly reliable: They were only produced to us on April 23, but they purport to have been executed on March 13, 2021—conveniently just days before Judge Parker issued her decision on reconsideration, granting Plaintiffs partial summary judgment.

Unfortunately, this is nothing new. Shortly after this lawsuit was filed, a new class of voting shares was distributed to Lester Eber—a transparent attempt to dilute the trust's interest in one of the holding companies that had previously controlled the family business. And then in October 2018, after the trust was dissolved, Lester purported to exercise a hidden option to "purchase" Plaintiffs' shares in the top-tier holding company for literally nothing because he said it had no value. Why go through the trouble to acquire shares in a supposedly worthless holding company? Because if Plaintiffs succeeded in proving the transfer of the business was a breach of trust (as they now have), New York law required the return of the property to the holding company. By intercepting the holding company shares before they could be received by Plaintiffs (as directed by a Surrogate Court order that Lester's attorney had previously consented to), Lester and his lawyers hoped to deny Plaintiffs any benefit from the unwinding of Lester's decidedly wrongful transfer.

Given this track record, it is fair to expect that the longer this takes to get to a resolution, the more obstruction this Court will have to investigate and unwind in order to afford Plaintiffs complete equitable relief and restore their property to them. And that is why Plaintiffs respectfully request that this Court take these serious concerns into account when scheduling this matter.

We thank the Court for its attention to this matter.

                                                           Respectfully submitted,

                                                           Brian C. Brook

April 30, 2021                                                               BROOK & ASSOCIATES
Page 3

cc:      The Honorable Katherine A. Parker
         All counsel of record

Memorandum Endorsement

1. The parties shall file a joint pretrial order in the form attached to the individual practices of the undersigned no later than May 14, 2021. The parties are urged to stipulate to as many facts as possible. Given the nature of the events, it ought to be possible to enter into a stipulation establishing the basic timeline of the events at issue, including the dates and substance of the various transactions that will be subjects of discussion. Such a stipulation would greatly aid any jury, probably shorten a trial significantly, and be economical for the parties as well.

2. The Court will hold a status and scheduling conference on May 18, 2021 at 11 a.m. Unless counsel otherwise agree, it will be held by video. Counsel shall make arrangements with the Court's deputy, Mr. Mohan, for the conference no later than the week of May 10, 2021.

3. In light of the COVID-19 pandemic and the Court's COVID protocols, it is not possible at this time to provide a firm date for a jury trial.

4. Counsel are to be prepared advise the Court whether both sides are willing to waive a jury and, if not, to discuss possible settlement at the status and scheduling conference.

        SO ORDERED.

Dated:     May 3, 2021

                                                       Lewis A. Kaplan
                                              United States District Judge