**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS, <br><br> Plaintiffs, <br><br> v. <br><br> LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; ESTATE OF ELLIOTT W. GUMAER, JR.; and WENDY EBER, <br><br> Defendants, <br><br> and <br><br> EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; EBER-RHODE ISLAND, LLC; EBER BROS. ACQUISITION CORP.; EBER-METRO, LLC; SLOCUM & SONS OF MAINE, INC.; and CANANDAIGUA NATIONAL BANK & TRUST COMPANY, <br><br> Nominal Defendants. | Civil Action No.  16-CV-9517(LAK) <br><br><br> **JOINT PRETRIAL ORDER** |

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16 and the Court's Individual Practices, the following statements, directions and agreements are adopted as the Pretrial Order herein.

1

I.      NATURE OF THE CASE

        This is a diversity action involving an intra-family dispute over the propriety of certain actions taken by the late Lester Eber and his daughter Wendy Eber, principally in 2007 and 2012, and thereafter, in connection with a group of related family companies that were engaged in the wine and liquor distribution business, primarily in New York and Connecticut. By 2010, the New York operations had ceased but the Connecticut operations continued. Lester, who was President of the corporations, died in April 2020 of COVID-19. He was succeeded as President by Wendy.

        The related corporations were controlled by a testamentary trust created by Lester's father (the "Trust"). Plaintiffs (the testator's grandchildren) were beneficiaries of the Trust at the time this lawsuit was filed and prior to the Trust's termination in 2017. Lester was one of three co-trustees of the Trust. The other two co-trustees have reached settlements with Plaintiffs that were approved by Magistrate Judge Katherine Parker.

        Plaintiffs seek various relief as detailed below and in the attached proposed order. In sum, their claims are primarily derivative in nature on behalf of several of the corporations, challenging  the validity and legality of a variety of transactions. They primarily allege breaches of Defendants' fiduciary duties as officers and directors of the corporations, and by Lester as a co-trustee. As to one transaction, where ownership of the Connecticut business was transferred to a company wholly owned by Lester (Defendant Alexbay, LLC) in 2012, Judge Parker has entered partial summary judgment finding as a matter of law that the transaction constituted a breach of Lester's duty of undivided loyalty as a co-trustee.

## II.    JURY/NON-JURY

The parties have agreed to a trial by jury.  However, the parties agree that not every issue raised in the litigation is properly the province of the jury.  The parties agree in general that legal issues are to be decided by the Court. Plaintiffs submit that the following issues should be decided by Judge Kaplan, not the jury, possibly with an advisory verdict from the jury on some issues if the Court would find it helpful:

    a.  Whether Plaintiffs are legal shareholders of Eber Bros. & Co., Inc. and thus have standing to pursue derivative claims on behalf of it and its subsidiary.

    b.  Equitable remedies, if any, for recognizing Plaintiffs' rights as shareholders, including setting dates for shareholder and director meetings so that valid directors can be elected.

    c.  Equitable remedies, if any, for Lester's breach of fiduciary duty, such as which specific transactions to set aside and which property is subject to a constructive trust. (Counts I and IV)

    d.  Ordering an accounting from Wendy Eber, the Estate, and the nominal defendants. (Count IX)

Defendants do not object in general but reserve the right to object to specific issues.

The parties agree that the following non-exhaustive list are issues for the jury to decide:

    a.  The amount of money that Lester loaned, and other financial accommodations, to the business, if any, and the value of the Trust assets that Lester took possession of in 2012. (Count I)

    b.  Whether the Polebridge Bowman acquisition of six percent of Eber-Connecticut LLC was a valid transaction. (Count I)

    c.  Whether Wendy Eber breached her fiduciary duties as an officer and director of the Eber businesses through her conduct in connection with transactions involving her father, Lester Eber. (Count I)

    d.  Whether Lester and Wendy Eber were disloyal to the Eber businesses. (Count II)

    e.  Whether Lester Eber fraudulently concealed his acquisition of business assets from the Trust beneficiaries. (Count VII)

    f.  Whether Wendy Eber aided and abetted her father in breaching his fiduciary duties and engaging in fraudulent concealment. (Count VIII)

    g.  Whether Lester Eber breached his fiduciary duties and was unjustly enriched by negotiating a personal consulting contract with Southern Wine & Spirits while the business (owned by the Trust) was negotiating a contract with Southern Wine & Spirits to liquidate its business assets. (Counts I and III)

    h.  Whether corporate changes to Eber Bros. Wine & Liquor Co. and the contemporaneous issuance of preferred stock to Lester Eber in 2017 were valid (Counts I and IV).

i.  Whether Lester Eber's attempt to acquire sole ownership of 2/3s of the shares of Eber Bros. & Co., Inc. from the Trust was valid, and if Plaintiffs did anything wrongful to encourage Lester's actions. (Count X)

j.  Whether there is a basis for punitive damages and, if so, the amount. (Counts I, VII, and VIII)

The parties agree that this list is non-exhaustive, and they reserve the right to argue that other issues should be decided by the jury. In addition, Plaintiffs contend that some aspects of these issues have already been decided at summary judgment and should not be reexamined by the jury.

III.    STIPULATED FACTS

1.      Lester Eber ("Lester") began working for Nominal Defendant Eber Bros. & Co. Inc. ("Eber Bros."), a wine and liquor distributorship, in or about 1959.  He eventually held the titles of President and Director of Eber Bros.

2.      Lester Eber passed away on April 5, 2020 from COVID-19.

3.      Lester's father, Allen Eber, the founder of Eber Bros., created a Testamentary Trust in his 1969 Will (the "Will") known as the Allen Eber Trust ("the Trust"). Upon his demise, the Trust held all the voting stock in Eber Bros.

4.      Lester served as Co-Trustee of the Trust, along with Elliott W. Gumaer, Jr., and an institutional trustee, eventually Canandaigua National Bank ("CNB").

5.      At the time, this lawsuit was first filed, Plaintiffs, Daniel Kleeberg, Lisa Stein and Audrey Hays were beneficiaries of the Trust, holding a combined two-thirds interest in the Trust. The remaining one-third of the interest in the Trust was held by Lester Eber.

6.      At all relevant times, Nominal Defendant Eber Bros. Wine and Liquor Corp ("EBWLC"), has been a subsidiary of Eber Bros.

7.      As of February 2012, Nominal Defendant Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro") was a wholly owned subsidiary of EBWLC.

8.      Prior to February 2012, Lester Eber was the President of EBWLC.

9.      As of May 2012, Wendy Eber was the President of EBWLC.

10.     Wendy Eber is the current President of Eber CT.

11.     Lester was hired by Southern Wines & Spirits in August of 2007 as a consultant and lobbyist in New York.

12.     On or about February 21, 2012, Alexbay filed an action in New York State Supreme Court, Monroe County, Index No.: 2012/1919 (the "Article 9 Action") under UCC §9-620 and §9-627, seeking a determination that Alexbay's acceptance of all Eber Bros. ownership interest in Eber Metro in full satisfaction of loans that were alleged to have been held by Alexbay was "commercially reasonable," as that term is defined in the UCC.

13.     Lester Eber submitted an affidavit dated March 14, 2012 in support of the Article 9 Action.

14.     EBWLC transferred all its Eber Metro stock to Alexbay in June 2012.

15.     On February 15, 2017, CNB petitioned the Monroe County Surrogate's Court to terminate the Trust and distribute its assets to the Trust beneficiaries ("the Petition").

16.     On June 1, 2017, Surrogate John M. Owens entered an Order for Judicial Settlement of Final Account of Successor Co-Trustee, Resignation and Discharge of Co-Trustee and Termination of Trust (the "Termination Order").

17.     On October 30, 2018, Lester Eber, through his counsel, sent a notice to CNB, copying Plaintiffs' counsel, asserting that he was exercising a call option to purchase the Eber Bros. shares that were to be otherwise distributed from the Trust to Plaintiffs.

IV.   EXHIBITS

The parties agree that the lists below are non-exhaustive, and that neither party shall object to the addition of new exhibits to the exhibit list on the sole ground that the addition was made after the entry of this or any other pretrial order so long as the additional exhibit is added at least one week before the start of the trial date. Any exhibits added after that date can only be added with the consent of the adverse party, or by showing good cause for the late addition to the Court.

The agreement to not object shall not apply to any other grounds for objections, including but not limited to, any objection under the Federal Rules of Evidence, or any objection based on violations of the Federal Rules of Civil Procedure, such an objection that the proposed exhibit was not timely produced in discovery.

## IV.    PLAINTIFFS' EXHIBITS

The following exhibits are numbered as they were during summary judgment and depositions. New exhibits not used in depositions or at summary judgment begin at number 201.

| EX # | DESCRIPTION | DATE |
|------|-------------|------|
| 1 | Internal Canandaigua National Bank ("CNB") Email re Eber Account | Sent 11/22/2006 |
| 2 | Email from Wendy Eber to Rick Hawks, CNB, re: Annual Letter | Sent 12/02/2009 |
| 4 | Annual Trustee Letter from CNB to Audrey Hays | Dated 12/18/2012 |
| 5 | Annual Trustee Letter from CNB to Audrey Hays | Dated 12/23/2013 |
| 6 | Email from Wendy Eber to Lester Eber attaching for his review draft "Minutes from Meeting of Trustees of the Trust of Allen Eber June 7th" 2012 | Sent 1/02/2013 |
| 8 | Lester Eber's Notarized Affidavit | Signed 12/08/2011 |
| 9 | Letter from Richard Hawks (CNB) to Lester Eber and Elliott Gumaer re: Allen Eber Residuary Trust | Dated 2/24/2016 |
| 11 | Chart of Corporate Structure of EBWLC and Operating Affiliates as of 2009 | Undated |
| 12 | Wendy Eber's "Summary of Lester Eber's Payments for Liabilities of EBER Bros. W and L Corp." | Undated |
| 13 | Line of Credit Note from Eber Metro to Lester Eber | "October __, 2009" |
| 14 | Polebridge Bowman Stock Purchase Agreement with Eber Metro | "as of" 5/30/2010 |
| 15 | Security Agreement between EBWLC, Eber Metro, and Lester Eber | "as of" 2/26/2010 |
| 16 | Line of Credit Note from Eber Metro to Lester Eber | Dated 2/26/2010 |
| 17 | Debt Assumption Agreement between EBWLC and Eber Metro | "as of" 2/11/2011 |
| 18 | Amended and Restated Security Agreement between EBWLC and Eber Metro "in favor of" Lester Eber | "as of" 2/11/2011 |
| 19 | Minutes of EBWLC 8/18/2011 Board Meeting | Undated |
| 21 | Gumaer Resignation from EB&C, Eber Metro, and Eber-CT | Scanned 2/7/2017 |
| 27 | Consulting Agreement between Southern Wine & Spirits and Lester Eber | Effective 8/30/2007 |

| EX # | DESCRIPTION | DATE |
|---|---|---|
| 28 | W-2s Issued to Lester Eber for 2006 to 2009, and 2011 to 2017 | Various |
| 29 | Letter Agreements between Southern Wine & Spirits and Lester Eber | Various from 2012 to 2016 |
| 30 | Amended and Restated Promissory Note | "as of" 3/13/2006 |
| 31 | Alexbay, LLC Business Details and Name Change History from Connecticut Secretary of State | Accessed 10/1/2016 |
| 32 | Letter from Rita Nischal, Esq. (CNB) to Lester Eber | Dated 7/12/2017 |
| 33 | Order for Judicial Settlement of Final Account of Co-Trustee | 6/1/2017 |
| 34 | Letter from James G. Vazzana, Esq. to Rita Nischal | 7/19/2017 |
| 35 | Email from Paul Keneally attaching Notice of Intent to Purchase Shares from Lester Eber to Allen Eber Trust c/o CNB | Sent 10/31/2018 |
| 36 | Proposed Distribution of Securities from Allen Eber Trust | Revised 9/2017 |
| 37 | Email from James Vazzana to Rita Nischal | Sent 9/15/2017 |
| 38 | Letter from Larisa LaRocca to James Vazzana and Brian Brook | Dated 10/11/2017 |
| 40 | Email from James Vazzana to Lorisa LaRocca | Sent 6/2/2017 |
| 41 | Email from James Vazzana to Lorisa LaRocca | Sent 8/18/2017 |
| 42 | Letter from Audrey Hays to Wendy and Lester Eber | Sent 10/10/2018 |
| 43 | Written Consent of the Sole Member of EBWLC BOD; Stock Issuance to Lester Eber; EBWLC Certificate of Incorporation Amendment; Written Consent of EB&C as shareholder of EBWLC | "as of" 2/14 and 2/15/2017 |
| 44 | Alexbay v. EBWLC et al. Summons and Complaint | Filed 2/21/2012 |
| 45 | Affidavit of Lester Eber in Support of Motion for Judicial Determination of 'Commercial Reasonableness' Under UCC 9-627 | Signed 3/14/2012 |
| 46 | Affidavit of Lester in Harris Beach v. EBWLC et al., No. 2014-13623 | Signed 6/24/2015 |
| 47 | Engagement Letter Agreement between Elliott Gumaer and Lester Eber | Dated 1/2/2001 and stamped 1/8/2001 |
| 48 | Email from Elliott Gumaer to Wendy and Lester Eber re: Compensation | Sent 10/29/2013 |
| 49 | Letter from Lester Eber to Sally Kleeberg re: Loan (without enclosures) | Dated 4/2/2010 |

| EX # | DESCRIPTION | DATE |
|------|-------------|------|
| 55 | Slocum of Maine Call Option Exercise Letter | Dated 7/_/2012 |
| 56 | Letter Agreement between EBWLC and Eder-Goodman, LLC re Sale of Interest in Eber-CT | Dated 1/29/2008 |
| 57 | Amended and Restated LLC Agreement of Eber-CT | "as of" 4/1/2008 |
| 59 | Alexbay's Notice to EBWLC of Proposal to Accept Collateral in Full Satisfaction of Debts Owed by Eber Metro | Dated 1/_/2012 |
| 60 | Board Meeting Minutes | Various |
| 61 | Unanimous Written Consent of the Board of Directors of EBWLC to transfer Eber Metro to Alexbay | Signed 6/9/2012 |
| 62 | Eber Metro Stock Certificate Issued to Alexbay, signed by Lester Eber as President of Eber Metro | Dated 6/5/2012 |
| 63 | Agreement for Turnover and Acceptance of Eber Metro Pursuant to N.Y. U.C.C., signed by Lester for Alexbay and Wendy for EBWLC and Metro | Dated 6/5/2012 |
| 67 | Emails from Gumaer to Lester and Wendy Eber re: Trustee Compensation | 4/11 & 6/28/2014 |
| 74 | Affidavit of Confession of Judgment, Teamsters v. EBWLC | Signed 8/1/2012 |
| 77 | Unanimous Written Consent of Board of Directors of EBWLC re: Lester Eber Resignation and Appointment of Wendy Eber as President | "as of" 2/28/2012 but faxed 3/26/2012 |
| 86 | Letter from James Vazzana to Lorisa LaRocca re Lester Eber / Trust | Dated 3/28/2017 |
| 88 | Wendy Eber Amended Responses Daniel Kleeberg's First Set of Interrogatories | Dated 7/26/2018 |
| 93 | Letters from Wayne Chaplin, President of Southern Wine & Spirits, to Lester Eber, President of EBWLC | 3/14/2007 and 2/7/2007 |
| 98 | Email from Wendy Eber to Elliott Gumaer attaching Letter dated 11/7/2012 from Underberg & Kessler re Alexbay's loans | Sent 12/13/2012 |
| 101 | Email from Lester Eber to Elliott Gumaer re: attending meeting and speaking with Richard Hawks of CNB | Sent 3/2/2012 |
| 102 | Emails between Elliott Gumaer, Wendy Eber, and Lester Eber | Sent 3/9/2012 |
| 107 | Ebers' Amended Answer to Third Amended Complaint ("TAC") | Filed 6/24/2019 |
| 108 | Bylaws of EBWLC | Undated |

| EX # | DESCRIPTION | DATE |
|---|---|---|
| 109 | Email and Attachments drafted by David Belt, Esq. for Lester Eber | 1/18/2012 |
| 110 | Lester Eber Deposition Day One Errata Sheet | Signed 3/8/2019 |
| 112 | Email from Wendy Eber to Lester Eber's assistant supplying responses to questions from David Belt re: Lester's loans | Sent 10/5/2011 |
| 114 | Email from Wendy Eber to David Belt, Esq. re Lester Eber Loan Balances and Interest | Sent 1/18/2012 |
| 115 | Unanimous Written Consent of the Members of the Board of Directors of EB&C | "as of" 2/14/2017 |
| 117 | Email from Wendy Eber to Lester Eber, Elliott Gumaer, and Glenn Sturm re Minutes to Board Meeting | Sent 3/4/2010 |
| 119 | Email from Elliott Gumaer to Wendy Eber re Wendy taking first right of first refusal to Polebridge Bowman's 6% interest in Eber-CT (forwarded to Harris Beach attorneys), and attaching Memorandum from Glenn Sturm | Gumaer email sent 5/26/2010; Memo dated 5/26/2010 |
| 120 | Email from Wendy Eber to Elliott Gumaer attaching a Unanimous Written Consent in Lieu of Meeting of the Board of Directors of Eber Metro dated May 28, 2010 but not yet signed by Gumaer | Sent 7/29/2010 |
| 122 | Email from Elliott Gumaer to Wendy Eber re Alexbay matter | Sent 3/13/2012 |
| 123 | Email from Wendy Eber to Marino Fernandez attaching documents re: CNB's loan to Eber-CT | Sent 3/12/2012 |
| 126 | Expert Report of Frank Torchio | Served 6/28/2019 |
| 127 | Expert Report of Glenn Liebman | Served 7/26/2019 |
| 132 | Allen Eber's Will (the Trust instrument) | Signed 10/27/1969 |
| 133 | Bylaws of Eber Bros. & Co., Inc. ("EB&C") | Undated |
| 134 | EB&C Stock Certificates Issued to the Trustees | Issued 5/10/1991, 12/2/1997, and 9/6/1989 |
| 135 | CNB's Petition for Judicial Settlement of Final Account of Co-Trustee, Resignation and Discharge of Co-Trustee and Termination of Trust (Relevant Excerpts Only; Ex. A (Empire Valuation) Omitted) | Filed 2/15/2017 |
| 136 | Email from Wendy Eber to James Vazzana attaching Empire Valuation's Appraisal of EBWLC; forwarded to CNB's outside counsel | Sent 1/27/2017 |

| EX # | DESCRIPTION | DATE |
|------|-------------|------|
| 137 | Notice of Appearance of James G. Vazzana, of Wiedman, Vazzana, Corcoran & Volta, P.C., on behalf of Lester Eber in the Final Accounting of CNB Matter (with Cover Letter and Email) | Sent 3/14/2017; Signed by Lester Eber 3/13/2017 |
| 138 | Appointment of CNB as Trustee of the Trust | Dated 7/23/2007 |
| 139 | Revised Torchio Report Exhibits | Produced 8/22/2019 |
| 140 | Guaranty of EBWLC "in favor of" Lester Eber | "as of" 2/26/2010 |
| 141 | Lester Eber's 2nd Amended Responses to Lisa Stein's First Set of Interrogatories | Dated 7/26/2018 |
| 142 | Lester Eber's 2nd Amended Responses to Daniel Kleeberg's First Set of Interrogatories | Dated 7/26/2018 |
| 143 | Letter from Paul Keneally to Daryoush Behbood | Sent 8/17/2018 |
| 144 | Eber Defendants' Responses to Audrey Hays' Second Set of Interrogatories | Verified 8/27/2018 |
| 145 | Lester Eber's Responses to Daniel Kleeberg's Second Set of Interrogatories | Verified 8/27/2018 |
| 146 | Wendy Eber's Responses to Lisa Stein's First Set of Interrogatories | Signed 8/28/2018 |
| 147 | Letter from Paul Keneally to Brian Brook re Interrogatory Supplements | Sent 12/14/2018 |
| 148 | Responses to Hays' Contention Interrogatories | Dated 9/13/2019 |
| 149 | Responses to Stein's Contention Interrogatories | Dated 9/13/2019 |
| 151 | Stand-Alone Restricted Stock Award Agreement and Employment Agreement between Wendy Eber and Eber Metro and Eber-CT | Effective "as of" 8/14/2012 |
| 152 | Resolutions of the Board of Directors of EBWLC | Dated 2/26/2010 |
| 153 | Email from Wendy Eber to Richard Hawks | Sent 12/15/2016 |
| 154 | Board Authorizing Resolution re: Transactions with Southern Wine & Spirits | Dated 8/__/2007 |
| 155 | EBWLC Form W-2 to Lester Eber | Calendar Year 2010 |
| 156 | Emails between Richard Hawks, Lester Eber, and Elliott Gumaer re: Lisa Kleeberg Stein Financial Request | 9/1 to 9/6/2011 |
| 157 | Letters from Richard Hawks (CNB) to Sally Kleeberg, Lester Eber, and Wendy Eber re Distribution to Erica Stein | Dated 9/20/2011 |

| EX # | DESCRIPTION | DATE |
|---|---|---|
| 158 | Audited Financial Statement for Eber-CT 2011 and 2012 | Dated 2/4/2013 |
| 159 | Stipulation between Alexbay, EBWLC and Eber Metro re "no objection" to conveying Eber Metro to Alexbay | Signed 3/9/2012 |
| 160 | EBWLC General Ledger Page 76, reflecting Legal and Accounting Expenses in Winter and Spring 2012 | Redacted by Defs. |
| 161 | Letter from Richard Hawks (CNB) to Audrey Hays, enclosing Letter from Lester Eber dated 12/15/2009 | Dated 12/18/2009 |
| 162 | Closing Index to Harris Beach's Transaction Binder for Eber Bros. -- Southern Wine & Spirits Transactions | Undated |
| 163 | Alexbay Notice to Eber Metro of Proposal to Accept Collateral In Full Satisfaction of Debts, and Notice to Teamsters | Faxed 1/18/2012 and Delivered 1/19/2012 |
| 164 | Follow-up Correspondence from Lester Eber to Allen Eber Trust c/o CNB re [Exhibit 35] | Signed and Sent 12/17/2018 |
| 165 | EBWLC Response to PBGC's Statement of Material Facts and Statement of Material Facts in Support of Its Own Motion for Summary Judgment | Filed 10/1/2015 |
| 166 | EBWLC Reply in Further Support of Its Motion for Summary Judgment against PBGC | Filed 12/2/2015 |
| 167 | Annual Funding Notice for EBWLC Retirement Plan for plan year ending 05/31/2012 | Mailed 11/15/2012 |
| 168 | EBWLC General Ledger Pages 45, 71, 79, 81, 87, reflecting some of the payroll expenses incurred after September 2007 | Redacted by Defs |
| 169 | Emails between Wendy Eber and accountants (note that the attachments to the top email were not produced by Defendants) | From 3/24/2009 through 7/24/2013 |
| 170 | Eber Metro Profit & Loss Statement for Year Ending May 31, 2009 | Printed 8/11/2009 |
| 171 | Emails between Lester Eber, Wendy Eber, and David Dean concerning the sale of Eber-Rhode Island assets | Sent from 5/20/2008 to 5/21/2008 |
| 172 | Emails from Wendy Eber to Rick Hawks (CNB) re payment of dividends to the Trust and Class B individual shareholders from Eber Bros. | Sent from 12/2/2009 to 12/11/2009 |
| 173 | Letter from P. Keneally to D. Behbood re Supplemental Interrogatory Responses from Wendy Eber | Sent 11/21/2018 |

| EX # | DESCRIPTION | DATE |
|------|-------------|------|
| 174 | Email for Wendy Eber to Rick Hawks attaching documents concerning the transfer of Eber Metro to Alexbay | Sent 6/13/2012 |
| 176 | Deposition of Lester Eber (excerpts from both days) | Deposed 1/23/2019 and 6/27/2019 |
| 177 | Deposition of Wendy Eber, individually (excerpts from both days) | Deposed 2/28/2019 and 6/28/2019 |
| 178 | Deposition of Eber Metro per FRCP 30(b)(6), with Wendy Eber as corporate designee (excerpts from both days) | Deposed 1/24/2019 and 2/27/2019 |
| 179 | Deposition of Eber-CT per FRCP 30(b)(6), with Wendy Eber as corporate designee | Deposed 2/27/2019 |
| 181 | Deposition of Southern Glazer's Wine & Spirits, LLC per FRCP 30(b)(6), with Lee Hager as corporate designee | Deposed 5/9/2019 |
| 183 | Notice of Appeal of Jan. 16, 2016 Judgment in favor of PBGC, filed by EBWLC | Filed 3/16/2016 |
| 184 | All W-2s produced by Defendants for Wendy Eber in 2007-2009, in response to a request for production of all W-2s issued by any Eber company | Undated |
| 185 | Email from Wendy Eber to Gumaer and Lester re Alexbay | 5/31/2012 |
| 201 | Letter from Mark X. Ryan, Esq. to counsel for the parties on behalf of his clients, Eder-Goodman, LLC and its members | 5/6/2021 |

IV-B. DEFENDANTS' EXHIBITS

Ex. A.  Will of Allen Eber dated 10.27.1969 creating Testamentary Trust
Ex. B.  Daniel Kleeberg transcript-deposition taken 12.19.2018
Ex. C.  Proof of Sally Kleeberg's expenses paid by Lester Eber during the year 2010
Ex. D.  L. Eber letters dated 03.22.2010 and 04.02.2010 to S. Kleeberg & A. Stein with paperwork requesting to invest
Ex. E.  10.11.2017 Woods Oviatt Gilman letters to J. Vazzana and B. Brook re Stock Powers
Ex. F.  Affidavit of Confession of Judgment EBWLC to NYS Teamsters dated 08.01.2012
Ex. G.  Affidavit of L. Eber sworn to 03.14.2012 in support of Alexbay Article 9 Action
Ex. H.  Agreement for Turnover of Eber Metro to Alexbay dated 06.05.2012
Ex. I.  Alexbay Article 9 Action with Exhibits filed 02.21.2012
Ex. J.  Alexbay Notices pursuant to UCC9-620 to EBWLC and Metro dated 01.18.2012
Ex. K.  Amended and Restated Promissory Note 1.5M dated 03.13.2006 EBWLC to L. Eber
Ex. L.  Amended and Restated Promissory Note dated 03.013.2006 EBWLC to L. Eber
Ex. M.  Amended Modification Agmt. Teamsters re control group withdrawal liability dated 07.30.2012
Ex. N.  Assignment of Note & Security Agreement dated 01.18.2012 L. Eber and Alexbay, LLC
Ex. O.  Benderson Signed Release 10.15.2015
Ex. P.  Company ownership charts
Ex. Q.  Consent BOD of EBWLC dated 02.28.2012 resignation of L. Eber as President
Ex. R.  Consent of BOD of EBWLC dated 06.2012 consenting to Article 9 determination
Ex. S.  Consulting Agreement dated 08.30.2007 Lester Eber-Southern
Ex. T.  Copies of L. Eber loan checks
Ex. U.  Pages from Eber Rule 26 Disclosures with 4 more L. Eber loan checks
Ex. V.  D4 Settlement 02.06.2012
Ex. W.  Debt Assumption paperwork dated 02.11.2011 Eber Metro assuming EBWLC obligation under 1.5M Note
Ex. X.  Decision & Order dated 04.15.2005 - EWLC v. Southern Wine & Spirits of America, Inc. denying preliminary injunction
Ex. Y.  Eber Defendants' deposition exhibits
Ex. Z.  Eber Liabilities
Ex. AA.  EBWLC Certificate of Amendment and consent 02.14.2017
Ex. BB.  EBWLC Retirement Plan restated 07.01.1994
Ex. CC.  Expert Report of Frank C. Torchio dated 06.28.2019
Ex. DD. Hon. Michael Telesca Order dated 01.19.2016 re Plan Termination date
Ex. EE.  Lee Hager for Southern transcript-deposition taken 05.09.2019
Ex. FF.  Lester Eber-trust distributions to beneficiaries and Erica Stein
Ex. GG.  Line of Credit Note 1.5M papers dated 02.26.2010 Eber Metro - L. Eber
Ex. HH.  Line of Credit Note 10.2009 Eber Metro - L. Eber
Ex. II.  Loan Ledgers 2009-2011 for Eber Metro
Ex. JJ.  M. Gallagher letter dated 12.19.2018 re plan termination liability
Ex. KK.  Minutes of BOD of Eber Metro dated 08.18.2011 ratifying loans
Ex. LL.  Minutes of Officers of Trust of Allen Eber 06.07.2012
Ex. MM.  Minutes of Officers of Trust of Allen Eber 8.18.2011
Ex. NN.  Minutes of the BOD of Eber Metro dated 03.13.2012

Ex. OO. NOE of Order of Judge Rosenbaum dated 05.24.2012 granting Alexbay Article 9 action

Ex. PP.  NYS Teamster Demand for Payment 01.10.2008

Ex. QQ.  PBGC Demand for Payment

Ex. RR.  PBGC Notice of Termination of Plan

Ex. SS.  PBGC Settlement-EBWLC settlement paperwork dated 02.24.2017

Ex. TT.  Rule 26(a) Initial Disclosures Eber Def 2017.06.16 (pleading only)

Ex. UU.  Settlement Agreement dated 07.05.2007 EBWLC & Southern

Ex.VV.  Settlement paperwork 10.23.2015 Harris Beach and Eber companies

Ex. WW.  Stipulation and Consent of Southern in Alexbay Article 9 Action

Ex. XX.  Summary of Lester's payments

Ex. YY.  UCC Financing Statements (EBWLC & Metro - L. Eber secured party)

Ex. ZZ.  Wolf Concept Settlement 06.30.2011

Ex. AAA.  Written Consent of BOD of EBWLC transferring ownership of Metro to Alexbay dated 05.06.2012

Ex. BBB.  L. Eber personal payment checks to Bond Schoeneck & King, PLLC

Ex. CCC.  L. Eber personal payment checks to Groom Law Group, Chartered & Harris Beach PLLC

Ex. DDD.  L. Eber personal payment checks to Underberg & Kessler LLP

V.      GENERAL PROVISIONS, STIPULATIONS AND OBJECTIONS
        WITH RESPECT TO EXHIBITS

The parties stipulate that neither side may object to the authenticity of any document that it produced in discovery; accordingly, such documents may be used by any witness without requiring the testifying witness to authenticate such documents prior to their admission. This stipulation does not limit the right to object on other grounds (e.g., offering an improper opinion about a document without personal knowledge).

The parties request additional time to review the other sides' exhibits and consider all objections and stipulations. Accordingly, the parties shall update this section at least two weeks before the trial date.

VI.    PLAINTIFF'S WITNESS LIST

- Each individual Plaintiff will testify about their knowledge (or lack thereof) of Defendants' conduct.

- Richard Hawks from co-trustee Canandaigua National Bank to testify about his knowledge (or lack thereof) of Defendants' conduct in his role managing the Trust.

- Andrew Eder from Eder-Goodman, which acquired 15% of Eber-CT in 2008, to testify about how he valued Eber-CT in accordance with industry standards and about Defendants' efforts to sell Eber-CT.

- Plaintiffs will present deposition testimony from Lester Eber and Wendy Eber concerning all aspects of the case.

- Plaintiffs will also call Plaintiff Lisa Stein to testify as a summary witness to present additional documents and interrogatories produced by Defendants, and/or testify about what documents were not produced in response to requests for production.

- Plaintiffs also expect to introduce additional deposition testimony from Lee Hager concerning Lester Eber's negotiation of a $3 million consulting agreement for his personal benefit from Southern Wine & Spirits.

- If the Court does not sustain Plaintiffs' objections to the admission of certain evidence concerning the Eber companies' financial status, Plaintiffs will call valuation expert Glenn Liebman to testify about the value of the business.

## VII.   DEFENDANT'S WITNESS LIST

<u>Wendy Eber</u>:  Is likely to testify about virtually all facets of the case, including, without limitation, financial and accounting matters, corporate governance, trustee issues, Lester Eber's loans, financial accommodations, and other arrangements, and the value of the Eber companies and the insolvency of Eber Metro and EBWLC.

<u>Davie Kaplan Accountants and Auditors</u>: Scott Kogler (and potentially other accountants/auditors at the firm), are likely to testify about the Eber companies' financial and accounting matters, Lester Eber's loans, financial accommodations, and other arrangements, as well PBGC, Teamster, and pension obligation issues.

<u>Lisa Semenik</u>:  Is likely to testify about the Eber companies' financial and accounting matters, Lester Eber's loans, financial accommodations, and other arrangements, and Lester Eber's business dealings with Southern Wine & Spirits.

<u>Sumner Pearsall</u> (tax accountant): Is likely to testify about the Eber companies' financial and accounting matters, Lester Eber's loans, financial accommodations, and other arrangements, Lester Eber's business dealings with Southern Wine & Spirits, and the value of the Eber companies and the insolvency of Eber Metro and EBWLC.

<u>Frank Torchio</u>:  Is likely to testify regarding the substance of his report analyzing the value of Eber Connecticut, Eber Metro, and Eber Wine & Liquor, including the insolvency of Eber Metro and EBWLC.

<u>Michael Gallagher</u>:  Is likely to testify about actuarial calculations regarding Eber companies' pension liability.

<u>Canandaigua National Bank</u>:  One or more witnesses may be called to testify about its role as co-Trustee of the Allen Eber Trust, its banking relationship with the Eber Entities, loans made to the Eber Entities, and knowledge about the financial condition of the Eber Entities during the relevant time period.

<u>Lee Hager</u> (Southern Wine & Spirits):  Certain portions of Mr. Hager's deposition testimony will be utilized to discuss Lester Eber's consulting arrangements, compensation, and other related issues.

The parties reserve the right to object to any of the designated witnesses, or other witnesses not named here.  Notwithstanding that reservation of rights, the parties anticipate making the following objections:

- Plaintiffs object to Michael Gallagher on the grounds that he was not disclosed as a potential witness during discovery and because his proposed testimony is inadmissible under Rules 401, 403, 701, and 702.

- Plaintiffs object to Frank Torchio on the grounds that an expert opinion on valuation is irrelevant to any of the disputed issues of material fact.

- Plaintiffs object to the accounting witnesses on the grounds that having Wendy Eber *and* three or more accountants testify on the same subject (one that is of marginal relevance at best) will be cumulative, confusing to the jury, and a waste of time.

- Defendants object Glenn Liebman on multiple grounds, including <u>Daubert</u>, and that he never offered an expert opinion on value,

- Defendants object to any testimony of Andrew Eder beyond the 2008 transaction involving Eder-Goodman

## VIII. RELIEF SOUGHT

The equitable relief sought by Plaintiffs is specified in the attached Proposed Order.[1] In sum:

a. For the Eber Metro Transfer, Plaintiffs exercise their rights under the no-further-inquiry rule to set aside the transaction, and accordingly ask the Court to restore their ownership interests and impose a constructive trust over Eber Metro from 2012 forward so as to reverse a series of subsequent transactions as necessary so that all assets that were improperly transferred are returned.

b. For the Polebridge Bowman transaction, Plaintiffs seek to have the transaction reversed and to have the 6% of Eber-CT shares returned to Eber Metro.

c. For being faithless servants to EBWLC, Defendants' compensation paid by EBWLC or any of its subsidiaries must be disgorged.

d. An accounting is requested from Defendants to ensure that the constructive trust fully restores EBWLC's interest in Eber-CT and to ensure that all compensation is disgorged.

e. For the shares of Eber Bros., Plaintiffs seek an order directing that all parties, including Nominal Defendants, recognize Plaintiffs as the rightful owners of 2/3 of the voting stock in Eber Bros., and directing that specific further steps be taken, including new elections (Count V), to ensure that Plaintiffs' rights as controlling shareholders are formally established and respected in a timely fashion without additional steps to delay and obstruct being taken by Wendy Eber and her counsel. Plaintiffs also seek an order directing the Estate of Lester Eber to compensate Plaintiffs for any amounts paid to CNB as a result of Lester's wrongful attempt to prevent Plaintiffs from receiving their inheritance.

f. Setting aside and rescinding the issuance of voting preferred shares to Lester Eber after this lawsuit was filed.

g. Plaintiffs ask this Court to exercise its discretion to award reasonable expenses, including attorney fees, to be paid by EBWLC as the beneficiary of this derivative action.

Plaintiffs also seek the following non-equitable monetary damages:

a. For the Southern Transaction (Count I), Plaintiffs seek a money judgment against the Estate of Lester Eber in the amount of approximately $5,400,000.

b. For Defendants' fraudulent concealment of the Eber Metro transfer to Alexbay and egregious breach of their fiduciary duties, Plaintiffs seek an award of punitive damages against Defendants in an amount to be determined by the jury and reviewed for reasonableness by the Court.

c. An award of prejudgment interest on compensatory and restitutionary monetary damages (both legal and equitable but excluding punitive damages) at the statutory rate of 9%.

d. Post-judgment interest.

Defendants oppose all requested relief.

---

[1] Defendants object to the content of Plaintiffs' Proposed Order, and on the basis that it is premature.

Dated:

_____
Hon. Lewis A. Kaplan, U.S.D.J.


Dated: May 14, 2021

/s Colin Ramsey
Colin Ramsey
Underberg & Kessler  LLP
300 Bausch & Lomb Place
Rochester, New York 14604
(716) 847-9103
cramsey@underbergkessler.com
*Attorneys for Defendants*

/s Brian C. Brook
Brian C. Brook (BB 1980)
BROOK & ASSOCIATES, PLLC
100 Church Street, 8th Floor
New York, New York 10007
(212) 256-1957
brian@brook-law.com
*Attorneys for Plaintiffs*

22