

uk

underberg & kessler LLP

COLIN D. RAMSEY, PARTNER
(716) 847-9103
cramsey@underbergkessler.com

May 25, 2021

**VIA ECF**

Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: *Daniel Kleeberg, Lisa Stein and Audrey Hays v. Estate of Lester Eber, et al.*
     Civ. Action No.:  16-cv-09517-LAK-KHP

Dear Judge Kaplan,

   Pursuant to the Court's direction during the May 18, 2021 pretrial conference, please allow this letter to serve as the parties' joint submission on the issue of which causes of action are entitled to a jury.

   I have conferred with Plaintiffs' counsel, Brian Brook, Esq., and we agree that the following causes of action are equitable in nature, and thus not entitled to a jury:

- Count I (Breach of Fiduciary Duty – Set Aside Transactions)
- Count II (Breach of Fiduciary Duty – Faithless Servant)
- Count III (Unjust Enrichment)
- County IV (BCS §720 – Set Aside Transactions)
- Count V (BCS §619 – New Elections)
- Count VIII (only the part alleging Aiding and Abetting Breach of Fiduciary Duty)
- Count IX (Accounting)

*See, e.g.*, *Webb v. RLR Associates, Ltd.*, 03 Civ. 4275 (S.D.N.Y. Mar. 19, 2004) (Baer, D.J.) (holding that there is no right to a jury trial on breach of fiduciary duty and unjust enrichment claims).

   Conversely, the parties determined that the causes of action concerning fraud and indemnification would carry a right to a jury trial. Because the defense has not agreed to waive the right to a jury trial, Plaintiffs have decided to withdraw and waive the following causes of action:



underberg & kessler LLP

- Count VII (Fraudulent Concealment)
- Count VIII (only the part alleging Aiding and Abetting Fraudulent Concealment)
- Count X (Common Law Indemnification)

The parties agree that the withdrawal of these causes of action will be effectuated by a stipulation or Court order as soon as practicable.

In light of Plaintiffs' withdrawal of these claims, the parties agree that there are no issues as to which there is a right to a jury trial remaining in this case.

Respectfully submitted,

Colin D. Ramsey

cc:     Brian C. Brook, Esq. (*via ECF*)