"

"

"

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>Plaintiffs,<br><br>v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; CANANDAIGUA NATIONAL CORPORATION d/b/a CANANDAIGUA NATIONAL BANK & TRUST; ESTATE OF ELLIOTT W. GUMAER, JR.; EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORPORATION; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; and WENDY EBER,<br><br>Defendants. | Civil Action No. 16-CV-9517(LAK)<br><br><br><br>**PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS TO THE EBER DEFENDANTS** |

Plaintiffs Daniel Kleeberg, Lisa Stein, and Audrey Hays, through undersigned counsel, request that Defendants Lester Eber; Alexbay, LLC; Eber Bros. & Co., Inc.; Eber Bros. Wine and Liquor Corporation; Eber Bros. Wine & Liquor Metro, Inc.; Eber-Connecticut, LLC; and Wendy Eber (together, the "Eber Defendants") respond to this request for production of documents and produce the following documents within thirty (30) days of service at the offices of Clinton Brook & Peed, 101 Hudson Street, Suite 2100, Jersey City, NJ 07302 or by email to brian@clintonbrook.com. Please note that Defendants are under a continuing duty to reasonably supplement the production with documents obtained or discovered subsequent to the service of their responses.

1

## INSTRUCTIONS

31.  In response to these requests, you are required to produce all documents relating to each request that are within your possession, custody or control, or within the possession, custody or control of any of your agents, including, but not limited to, your attorneys. If the documents are in the custody of another agency or entity who will release it at your direction *(e.g.,* bank, prior or current employer, accountant, lawyer, etc.), they are considered to be within your control. You are required to obtain and produce those documents.

32.  If any of the documents described below cannot be produced in full, you are to produce them to the extent possible, specifying and stating (i) the reasons for your inability to produce the remainder, (ii) the nature of all efforts you made to produce the documents in full, and (iii) whatever information, knowledge, or belief you have concerning the substance of the contents of the documents not produced.

33.  If any document or copy of any document has been changed or altered, or any notes or other writings were made on a copy since a document was first prepared, you are required to provide all such non-original copies in addition to the original.

34.  If any requested documents are lost, destroyed, or otherwise unavailable, please so state and identify each such unavailable document, as the term "identify" is defined below. If any unavailable document was, but is no longer, in the possession, custody or control of the Defendant, state the manner and date of its disposition.

35.  These requests are intended to be continuing, requiring you to produce whatever documents responsive to these requests you become aware of or subsequently obtain.

36.    Specify, for each produced document, the production request to which each document is responsive or place all documents responsive to a given request in a folder labeled with the request number.

37.    If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

38.    If you object to any request or portion thereof on the ground that it calls for a document or information that is privileged from disclosure, falls within the work product doctrine, or is otherwise protected from disclosure identify the item/document and provide a privilege log setting forth (i) the privilege, doctrine, or other protection you claim, (ii) the document's date, author, addressee(s), copy addressee(s), and others to whom the document was disclosed, including their title and statutes (i.e. employee or outside legal counsel), (iii) the type and subject or heading of the item/document, and (iv) the number of the specific document request(s) to which the document is responsive.

39.    If a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document (e.g., black or grey fill, or an outline around the redacted area, but not clear white on a white page with no text or outline).

40. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed disclosure.

41. If, in responding to these requests, Defendant encounters any ambiguities when construing a question, instruction, or definition, the Defendant's answer shall set forth the matter deemed ambiguous and the construction used in answering.

42. Documents are to be delivered Bates stamped. If any documents responsive to these requests is already Bates-stamped, either because you have previously produced the document or because you received the document from another source that applied the Bates stamp, the original Bates stamp should be retained and you should identify the reason for the original Bates stamp. Such documents need not be Bates stamped a second time for production in this litigation, but if you choose to do so, you must apply such additional Bates stamps carefully so that they do not obstruct previous Bates stamps or any other information on the documents.

43. Electronically-stored information and documents are to be produced electronically and in native format and a standard image file format *(e.g.,* single-page TIFFs or PDFs) along with a load file transmitting all available metadata, including but not limited to the "created" and the "late modified" date fields, as well as a "custodian" field indicating the source of the document. Excel spreadsheets, database files, and any other files that are difficult to comprehend and read when Printed to 8 ½ x 11 paper, are to be produced in native format only, with the associated load file. Scanned versions of hard copy documents may be produced in only a standard image file format, with the associated load file, or in original form.

44. Documents are to be produced in the same order as they are kept in the usual course of business or shall be organized and labeled to correspond with the individually-numbered document requests below. All document productions—both hardcopy and electronic sourced—are to indicate the custodian or source of the document.

45. Any document that is responsive to more than one request need only be produced once, provided that, if said document is not produced as it was kept in the usual course of business, it shall be organized and labeled to correspond with any request for which it is responsive.

## DEFINITIONS

A. Pursuant to S.D.N.Y. Local Civil Rule 26.3 and Federal Rule of Civil Procedure 34, the following definitions apply to all discovery requests:

1. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. Document. The term "document" is defined to mean any designated documents or electronically stored information—including writings, electronic mail ("email"), drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

3. Identify (persons). The term "identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this

subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (documents). The term "identify" with respect to documents means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5. Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. Concerning. The terms "concerning" or "regarding" mean relating to, referring to, describing, evidencing, or constituting.

B. The following additional definitions are used in this discovery request:

8. "You" or "your" refers to the Eber Defendants and any of their subsidiaries, affiliates, employees, agents or attorneys.

9. Including. The term "including" means "including without limitation," i.e. "including but not limited to."

10. Affiliate. The term "affiliate" means any legal entity under common ownership or control.

11. Complaint. The term "Complaint" shall refer to the document originally filed with the United States District Court for the Southern District of New York in the above-captioned matter.

12. Answer. The term "Answer" shall refer to the Answer that you and certain of your codefendants filed in the above-captioned matter on March 10, 2017, ECF No. 42.

13. Entities. Without altering the uniform definitions of parties stated above, the following abbreviations and acronyms are used to refer to certain entities, including any of their officers, directors, employees, agents, and attorneys:

   a. "Eber Bros." means Defendant Eber Bros. & Co., Inc.
   b. "Eber W&L" means Defendant Eber Bros. Wine and Liquor Corporation.
   c. "Eber Metro" means Defendant Eber Bros. Wine & Liquor Metro, Inc.
   d. "Eber-Conn" means Defendant Eber-Connecticut, LLC d/b/a Slocum & Sons.
   e. "Eber Companies" means Defendants Eber Bros., Eber W&L, Eber Metro, and Eber-Conn.
   f. "Eber Defendants" means Lester Eber, Wendy Eber, and the Eber Companies.
   g. "CNB" means Canandaigua National Bank & Trust, Canandaigua National Corporation and any corporate parents, subsidiaries, or affiliates.
   h. "Southern" means Southern Glazer's Wine and Spirits, LLC and its corporate parent, subsidiaries, or affiliates.
   i. "PBGC" means Pension Benefit Guaranty Corporation.
   j. "Eder-Goodman" is used to refer to Eder-Goodman, LLC, and to Eder Bros., Inc., its owners (including both individuals and corporate parent,

   if any), subsidiaries, or affiliates, including Andrew Eder and any of his family members.

  k. "Polebridge Bowman" means Polebridge Bowman Partners, LLC and any of its agents, owners, members, officers, directors, or affiliates.

  14. "Any Defendant" or "all Defendants" means Lester Eber, Wendy Eber, Eber Bros., Eber W&L, Eber Metro, Eber-Conn, Alexbay, CNB, Elliott Gumaer, and the Estate of Elliott Gumaer.

  15.

## RULES OF CONSTRUCTION

 A. Pursuant to S.D.N.Y. Local Rule 26.3(d), the following rules of construction apply to all discovery requests:

  1. All/ Any/ Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

  2. And/ Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  3. Number. The use of the singular form of any word includes the plural and vice versa.

 B. The following additional rules of construction are used in this discovery request:

  4. The present tense includes the past and future tenses.

  5. Words in the masculine, feminine or neuter form shall include each of the other genders.

## DOCUMENT REQUESTS

43. The complete detailed transaction general ledger for each of the Eber Companies from January 1, 2007 through the date of trial in this matter, exported annually into Excel spreadsheet format (i.e., separated by year, so that each year's transactions is a separate worksheet or file).

44. All financial account statements for accounts held or controlled by, or for the benefit of (in whole or in part), Lester or Wendy Eber, from August 2005 to the present.

45. The portions of Lester Eber's federal and state tax returns, from 2002 to the present, reflecting or concerning any loans between Lester and any of the Eber Companies.

46. Documents sufficient to show the net worth of Lester Eber as of each of the following dates (within reasonable approximation, to the extent that financial statements are not available for that specific date; and to the extent that certain assets were not valued at any time near the date, then you should produce documents sufficient to identify those assets):

    a. December 31, 2011.
    b. December 31, 2012
    c. December 31, 2013
    d. December 31, 2014
    e. December 31, 2015
    f. December 31, 2016
    g. December 31, 2017
    h. June 30, 2018
    i. The first day of trial (when it is set by the court)

47. Documents sufficient to show the net worth of Wendy Eber as of each of the following dates (within reasonable approximation, to the extent that financial statements are not available for that specific date; and to the extent that certain assets were not valued at any time near the date, then you should produce documents sufficient to identify those assets)

   a. December 31, 2014
   b. December 31, 2015
   c. December 31, 2016
   d. December 31, 2017
   e. June 30, 2018
   f. The first day of trial (when it is set by the court)

48. Documents sufficient to show all of the assets and liabilities of Alexbay as of the first day of trial (when it is set by the court).

49. Complete copies of Lester Eber's federal and state income tax returns for 2014 (through present) along with any and all attachments thereto, including but not limited to any 1099 or W-2 statements Lester Eber received in these tax years. [1]

50. Complete copies of Wendy Eber's federal and state income tax returns for 2014 (through present) along with any and all attachments thereto, including but not limited to any 1099 or W-2 statements Wendy Eber received in these tax years.

51. All engagement agreements or conflict waivers relating to the purported joint representation of Eber W&L and Lester by Gumaer.

52. All emails (with attachments) between any Eber Defendants' attorneys and Harris Beach or its attorneys since December 11, 2014, including all emails concerning settlement and Patrick Dalton's affidavit.

---

[1] We make these requests for personal tax filings in the event that Defendants fail to provide alternative reliable documentation of their finances, including their sources and amounts of income and each individual's net worth.

53. All documents concerning the attempts to contact four different distributors between 2008 and 2012, as described in Paragraph 30 of Lester Eber's Affidavit dated June 24, 2015 (Bates No. EB-00017536).

54. All documents that you or your counsel relied on or referenced in preparing your answers to any of Plaintiffs' Interrogatories to any Eber Defendants.

Plaintiffs reserve the right to serve additional documents requests as deemed necessary and appropriate in the course of discovery.

Dated: July 24, 2018

/s Brian C. Brook
Brian C. Brook
CLINTON BROOK & PEED
101 Hudson Street, Suite 2100
Jersey City, NJ 07302
(212) 256-1957
brian@clintonbrook.com

*Counsel for Plaintiffs Daniel Kleeberg, Lisa Stein, and Audrey Hays*