# Exhibit 4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; CANANDAIGUA NATIONAL CORPORATION d/b/a CANANDAIGUA NATIONAL BANK & TRUST; ELLIOT W. GUMAER, JR.; EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORPORATION; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; and WENDY EBER,<br><br>　　　　　　Defendants. | Civil Action No.  16-CV-9517(LAK)<br><br><br><br>**PLAINTIFF LISA STEIN'S FIRST SET OF INTERROGATORIES TO DEFENDANT LESTER EBER** |

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Lisa Stein, through undersigned counsel, requests that Defendant Lester Eber ("Defendant" or "Lester") respond to these interrogatories in writing and under oath within thirty (30) days of service at the offices of Clinton, Brook & Peed, 641 Lexington Avenue, 13th Floor, New York, New York, 10022.  Please note that Defendant is under a continuing duty to reasonably supplement the production with documents obtained or discovered subsequent to the service of its responses.

## INSTRUCTIONS

1. Your responses to these interrogatories should be in accordance with Federal Rule of Civil Procedure 33.

2. If you perceive any ambiguity in a request, definition, or instruction, identify the perceived ambiguity and the construction used in responding.

3. If a response to these interrogatories contains both privileged and nonprivileged information, provide the nonprivileged information to the fullest extent possible without disclosing the privileged material.

4. If you assert a privilege with regard to part of the information requested, identify the parts of the interrogatory for which the privilege is claimed.

5. If you refuse to answer any of these interrogatories, detail the reasons for withholding the information. If you refuse to answer on the basis of a privilege, please identify the privilege and the reasons for invoking it. If you refuse to answer based on an objection that providing the information in question would be unduly burdensome, please detail the nature of the burden.

6. If a request refers to communications to, from, between, or among a particular individual, the request should be construed as also referring to that individual's secretary or administrative assistant at the time of the communication.

7. You are required to supplement your responses within a reasonable time of obtaining additional information responsive to any interrogatory.

8. You have the option to produce business records if doing so conforms to the requirements of Rule 33(d), including the requirement that you must specify the

records that must be reviewed, in sufficient detail to enable Plaintiff to locate and identify them as readily as you could.

9. If you opt to produce business, you must do so in accordance with the instructions provided in the Requests for Production issued to the Eber Defendants by all Plaintiffs on June 22, 2017 and Federal Rule of Civil Procedure 34.

10. If you are asked to "state the basis for your denial" of an allegation, you should specify each specific fact or legal contention that you deny and explain why you deny it, including a description of any contradictory facts that you assert to be true, and you should identify all documents of which you are currently aware that support your contention.

## DEFINITIONS

A. Pursuant to S.D.N.Y. Local Civil Rule 26.3 and Federal Rule of Civil Procedure 34, the following definitions apply to all discovery requests:

1. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. Document. The term "document" is defined to mean any designated documents or electronically stored information—including writings, electronic mail ("email"), drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

3. Identify (persons). The term "identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (documents). The term "identify" with respect to documents means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5. Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. Concerning. The terms "concerning" or "regarding" mean relating to, referring to, describing, evidencing, or constituting.

B. The following additional definitions are used in this discovery request:

8. Including. The term "including" means "including without limitation," i.e. "including but not limited to."

9. Affiliate. The term "affiliate" means any legal entity under common ownership or control.

10. Complaint. The term "Complaint" shall refer to the document originally filed with the United States District Court for the Southern District of New York in the above-captioned matter.

11. Answer. The term "Answer" shall refer to the Answer that you and certain of your codefendants filed in the above-captioned matter on March 10, 2017, ECF No. 42.

12. Entities. Without altering the uniform definitions of parties stated above, the following abbreviations and acronyms are used to refer to certain entities, including any of their officers, directors, employees, agents, and attorneys:

   a. "Eber Bros." means Defendant Eber Bros. & Co., Inc.
   b. "Eber W&L" means Defendant Eber Bros. Wine and Liquor Corporation.
   c. "Eber Metro" means Defendant Eber Bros. Wine & Liquor Metro, Inc.
   d. "Eber-Conn" means Defendant Eber-Connecticut, LLC d/b/a Slocum & Sons.
   e. "Eber Companies" means Defendants Eber Bros., Eber W&L, Eber Metro, and Eber-Conn.
   f. "Eber Defendants" means Lester Eber, Wendy Eber, and the Eber Companies.

    g. "CNB" means Defendant Canandaigua National Corporation d/b/a Canandaigua National Bank & Trust and its corporate parent, subsidiaries, or affiliates.

    h. "Southern" means Southern Glazer's Wine and Spirits, LLC and its corporate parent, subsidiaries, or affiliates.

    i. "PBGC" means Pension Benefit Guaranty Corporation.

    j. "Eder-Goodman" is used to refer to Eder-Goodman, LLC, and to Eder Bros., Inc., its owners (including both individuals and corporate parent, if any), subsidiaries, or affiliates, including Andrew Eder and any of his family members.

    k. "Polebridge Bowman" means Polebridge Bowman Partners, LLC and any of its agents, owners, members, officers, directors, or affiliates.

13. "Any Defendant" or "all Defendants" means Lester Eber, Wendy Eber, Eber Bros., Eber W&L, Eber Metro, Eber-Conn, Alexbay, CNB, and Elliott Gumaer.

14. Identify (sources of income). The term "identify" with respect to sources of income means to identify the person or entity that paid you money in excess of $1,000 during the calendar year and to specify the amount of money paid. Passive investment income may be grouped by based on the brokerage firm that manages or holds the investments.

15. Specify. The term "specify" means to describe as accurately as you can based on the information known or available to you, or to the best of your recollection. For example, if you are asked to specify the date when something occurred, but you do not recall and cannot determine the exact date with certainty,

state that you cannot determine the date with certainty and provide as much detail as you can, such as the month and year.

## RULES OF CONSTRUCTION

A. Pursuant to S.D.N.Y. Local Rule 26.3(d), the following rules of construction apply to all discovery requests:

   1. All/ Any/ Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   2. And/ Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   3. Number. The use of the singular form of any word includes the plural and vice versa.

B. The following additional rules of construction are used in this discovery request:

   4. The present tense includes the past and future tenses.

   5. Words in the masculine, feminine or neuter form shall include each of the other genders.

## INTERROGATORIES

1. State the basis for your denial of Paragraph 9 of the Complaint.

RESPONSE:

2. State the basis for your denial of Paragraph 10 of the Complaint.

RESPONSE:

3. State the basis for your denial of Paragraph 13 of the Complaint.

RESPONSE:

4. State the basis for your denial of Paragraph 14 of the Complaint.

RESPONSE:

5. State the basis for your denial of Paragraph 15 of the Complaint.

RESPONSE:

6. State the basis for your denial of Paragraph 23 of the Complaint.

RESPONSE:

7. State the basis for your denial of Paragraph 26 of the Complaint.

RESPONSE:

8. Identify all persons who have been members of Eber-Conn at any time, including who was managing member.

RESPONSE:

9. Identify all documents concerning the governance or operation of any Eber Company.

RESPONSE:

10. State the basis for your denial of Paragraph 32 of the Complaint.

RESPONSE:

11. Identify all persons with knowledge of the formation of the company now called Alexbay, LLC.

RESPONSE:

12. State whether you or anyone associated with you attempted to inform any of the beneficiaries of the Allen Eber Trust about the 2012 Action (as defined in the Complaint), and, if so, specify each step taken and identify the persons involved and all documents that support your contention.

RESPONSE:

13. Identify all property held by Alexbay, LLC at any time since its formation.

RESPONSE:

14. State the basis for your denial of Paragraph 44 of the Complaint.

RESPONSE:

15. State the basis for your denial of Paragraph 48 of the Complaint.

RESPONSE:

16. Identify all documents that support your denial of Paragraph 50 of the Complaint, including all documents that support the existence and amount of each debt that was allegedly owed to you or to Alexbay according to the 2012 Action, as described in Paragraph 49 of the Complaint.

RESPONSE:

17. Identify all persons who have knowledge of the debts described in Paragraph 49 of the Complaint.

RESPONSE:

18. State the basis for your denial of Paragraph 55 of the Complaint, and if because the assignment was executed before the 2012 Action was filed, identify all documents and persons that you believe will support your contention.

RESPONSE:

19. State the basis for your denial of Paragraph 56 of the Complaint.

RESPONSE:

20. State the basis for your denial of Paragraph 59 of the Complaint.

RESPONSE:

21. State the basis for your denial of Paragraph 60 of the Complaint.

RESPONSE:

22. State the basis for your denial of Paragraph 61 of the Complaint.

RESPONSE:

23. State the basis for your denial of Paragraph 64 of the Complaint.

RESPONSE:

24. State the basis for your denial of Paragraph 67 of the Complaint.

RESPONSE:

25. State the basis for your denial of Paragraph 69 of the Complaint.

RESPONSE:

                                                        Respectfully submitted,

Dated: August 6, 2017

                                                        /s Brian C. Brook
                                                        Brian C. Brook
                                                        CLINTON BROOK & PEED
                                                        641 Lexington Ave., Fl. 13
                                                        New York, NY 10022
                                                        (212) 328-9559
                                                        brian@clintonbrook.com

                                                        *Counsel for Plaintiff Lisa Stein*