UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,<br><br>                    Plaintiffs,<br><br>      v.<br><br>LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; ESTATE OF ELLIOTT W. GUMAER, JR.; and WENDY EBER,<br><br>                    Defendants,<br><br>      and<br><br>EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; EBER-RHODE ISLAND, LLC; EBER BROS. ACQUISITION CORP.; EBER-METRO, LLC; SLOCUM & SONS OF MAINE, INC.; and CANANDAIGUA NATIONAL BANK & TRUST COMPANY,<br><br>                    Nominal Defendants. | Civil Action No.  16-CV-9517(LAK)(KHP) |

**DECLARATION OF BRIAN C. BROOK IN SUPPORT OF PLAINTIFFS'
MOTION TO EXCLUDE EVIDENCE**

1.   I, Brian C. Brook, am an attorney licensed to practice law in the State of New York and in this Court, among other jurisdictions. I am the principal of the law firm of Brook & Associates, PLLC, and have been counsel of record for the Plaintiffs in the above-captioned case since its initial filing in December 2016.

1

2.      I submit this declaration and the exhibits attached hereto in support of Plaintiffs' motion to exclude evidence, primarily as a discovery sanction under Rule 37.

3.      I drafted the brief that is submitted herewith and the factual assertions therein about the discovery process that has occurred in this case and information conveyed to me by Defendants' counsel at various points in the litigation. All of those assertions have been made with care to ensure their accuracy to the best of my knowledge, information, and belief, and are in most instances supported by contemporaneous documents.

4.      For example, Defense Exhibit TT is a copy of their Rule 26 initial disclosure, which omitted Gallagher. Notably, it also claimed that the fourth required disclosure—whether there was an insurance policy that applied—was "N/A." In fact, as my client Lisa Stein uncovered through a deep Google dive earlier this year, not only was there an applicable policy, but there was a claim submitted under it before this lawsuit was even served, *see* Ex. 263, and after the claim was denied, Alexbay sued the insurance company. There are many examples of Defendants' discovery misconduct, but these are two significant ones apparent right from the very first page of discovery served in the case.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: September 9, 2021

/s Brian C. Brook
Brian C. Brook