

1900 Bausch & Lomb Place
Rochester, New York 14604

P 585.987.2800    F 585.454.3968

**ATTORNEYS**
woodsoviatt.com

1900 Main Place Tower
Buffalo, New York 14202

P 716.248.3200    F 716.854.5100

**MEMO ENDORSEMENT**

*Writer's Direct Dial Number: 585.987.2810*
*Writer's Direct Fax Number: 585.445.2310*
*Email: dobrien@woodsoviatt.com*

**Granted.**

/s/ Lewis A. Kaplan   /PCM
United States District Judge

September 10, 2021

9/13/2021

***Via E-mail to Courtroom Deputy***

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      **Re:**   **Kleeberg et al. v. Eber et al.**
              **Case No. 1:16-cv-09517-LAK-KHP**

Dear Judge Kaplan:

      As you may recall, I represent Canandaigua National Bank & Trust ("CNB" or "the Bank") in this action. CNB was originally named as a defendant but, following a settlement with the Plaintiffs, it was dismissed from the case by order of dismissal dated August 17, 2018 (Docket No. 117). I write to ask that I be relieved from the obligation to appear at the upcoming trial because the interests of my client in receiving the guidance it has requested from the Court will be addressed through the resolution of the issues enumerated in this Court's Pre-trial Order (Docket No. 356), as modified by your Memo Endorsement of May 26, 2021 (Docket No. 359).

      In the fall of 2018, after CNB was dismissed from the action, it was subjected to competing claims as to the disposition of EB&C stock by the remaining parties which, regrettably, forced the Bank to move to intervene in order to assert an interpleader claim. By order dated March 29, 2019, Magistrate Judge Parker granted CNB's motion to intervene but directed the Bank to file an interpleader complaint setting forth the relief it was seeking (Docket No. 200).

      The interpleader complaint was filed on April 22, 2019 (Docket No. 206) and included in its prayer for relief, *inter alia*, a request that the Court direct the other parties (denominated intervenor defendants) to "litigate any issues relating to the disposition of the stock in this action," and a request that the Court "adjudicate those issues in this action" and "provide CNB and the Intervenor-Defendants with guidance and/or direction as to what steps, if any, CNB needs to take to implement the final determination of the Court in that regard."

{8598024: }    *The art of representing people*®

September 10, 2021
Page 2

Subsequently, Magistrate Judge Parker issued an order in which she queried whether the re-entry of CNB as a plaintiff seeking relief would destroy the diversity of citizenship upon which subject matter jurisdiction in this case was based (Docket No. 225). To avoid that possibility and, in turn, to avoid dismissal of an action in which the parties and this Court had invested hundreds of hours, CNB offered to withdraw its interpleader complaint (Docket No. 231). As CNB's counsel, I was comfortable making this offer because, on May 23, 2019, Magistrate Judge Parker had granted Plaintiffs' motion to amend and to supplement their complaint (Docket No. 222) and the supplemental claims included at least two counts addressed the dispute over the EB&C stock and sought, as part of the relief, direction as to the disposition of the stock, precisely what CNB was seeking with its interpleader complaint.

Thereafter, on June 18, 2019, Magistrate Judge Parker issued an order in which she directed the Clerk of the Court to drop CNB as a plaintiff and add it as a nominal defendant (Docket No. 237). In her order, Judge Parker noted: "Furthermore, there is no question that it is in the interest of judicial economy to resolve all of Plaintiffs' claims in one action and permit CNB to be present as a nominal intervening defendant so that the Court's ultimate decision on the issues between Plaintiffs and the other Defendants can be effectuated without further action."

I agree that, because the issues relating to the Bank's remaining obligations, if any, will be litigated in the upcoming trial and should be resolved by this Court's ruling, there is no real role for me, other than to represent current or former CNB representatives the parties may seek to call as witnesses. The allegations of the Third Amended Complaint (Docket No. 236), specifically, Count IV at ¶¶ 305-330 and Count VI at ¶¶ 346-352, and the corresponding requests for relief in the Joint Pre-trial Order (Docket No. 356), specifically, in Part VIII(e), and contained in Plaintiffs' proposed order attached thereto, specifically in Part 1(1) through (3), have adequately teed up the issues which CNB needs to have resolved. In short, by resolving the dispute between the Plaintiffs and the other Defendants, this Court will necessarily resolve any issues as to which the Bank seeks guidance with its re-entry into the case.

Attendance at the trial will be extremely costly. Avoiding litigation costs was a significant consideration in CNB's decision to settle the case. In addition to the time which the undersigned will have to spend attending the trial, the costs of lodging and meals, as well as travel costs from Rochester to New York City, will make this a very expensive proposition, notwithstanding the very limited role CNB still has in the dispute. I have spoken informally with both Mr. Brook and Mr. Keneally and neither lawyer sees any need for my presence at the trial. I do not foresee offering any evidence or asking a single question. My role up till now has been minimal.

Accordingly, I would ask for leave to be absent from the upcoming trial without it serving as basis for a default, sanction or other form of prejudice. If something arises and my input or my presence is needed, I will accept whatever direction the Court deems appropriate to protect CNB's interests, including getting on the next available airplane and coming to the courtroom.

*The art of representing people*®

September 10, 2021
Page 3


      Thank you for your consideration.


                         Respectfully yours,

               WOODS OVIATT GILMAN LLP


                     Dan O'Brien
            Please direct responses to Rochester Office


DOB/vat

Cc.: All counsel

{8598024: }