

**Kevin P. Mulry**
Partner

Direct Dial: 516.227.0620
Direct Fax: 516.336.2262
kmulry@farrellfritz.com

400 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
38110-100

September 13, 2021

<u>By ECF and E-Mail</u>
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:  *Kleeberg, et al. v. Eber, et al.*
<u>Docket No. 16-cv-9517 (LAK)</u>

Dear Judge Kaplan:

Defendants respectfully submit this letter identifying objections to the direct testimony of Glenn Liebman ("Liebman"), the expert witness retained by Plaintiffs.

**LIEBMAN SHOULD NOT BE PERMITTED TO OFFER AN OPINION
ON THE VALUATION OF EBER METRO OR EBER-CT AFTER 2012**

Defendants object to testimony from Liebman on valuations of Eber-Connecticut, LLC ("Eber-CT") and Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro") after 2012.  *See* Liebman Direct Testimony at ¶¶ 116-123.

On June 5, 2012, Alexbay, LLC, which was owned by Lester Eber ("Lester"), received Eber Bros. Wine & Liquor Corporation's ("Eber W&L") entire interest in Eber Metro in complete satisfaction of Eber W&L's indebtedness to Lester. As Magistrate Judge Parker held in her opinion and order dated March 25, 2021, in order to prevail, Plaintiffs must demonstrate, by clear and convincing evidence, that Lester Eber was unjustly enriched (and if so, the extent to which Lester Eber was unjustly enriched) by this transaction.  On the issue of unjust enrichment, Judge Parker left for trial the issues of "the amount of money the Eber Entities owed to Lester based on the various loans he allegedly extended to those entities, the value of the business at the time of the foreclosure, and other accounting issues"  (March 25, 2021 Op. 20-22, ECF No. 348).

Honorable Lewis A. Kaplan
September 13, 2021
Page 2

Experts for both Plaintiffs and Defendants in this case will testify to "the value of [Eber Metro and Eber-CT] at the time of the foreclosure."  Liebman, however, also seeks to testify as to an opinion of the value of those companies in 2020.  This testimony should be excluded for two reasons.

First, a valuation of any of the companies at issue in 2020 (or 2018)—eight years (or six years) after the foreclosure—is not relevant to "the value of the business at the time of the foreclosure," the issue presented for trial.  At his deposition, Liebman conceded that a 2018 valuation would not be relevant to a determination of whether the 2012 foreclosure was appropriate.  Liebman Dep. Tr. at 30:24 to 31:12.  A 2020 valuation is similarly not relevant.  Second, the 2020 valuation was not included in Liebman's expert report.  An expert may not testify to an opinion that goes beyond his expert report.  *See Camarata v. Experian Info. Solutions, Inc.*, 2018 WL 1738335 (S.D.N.Y. March 5, 2018).  Liebman did include in his report a 2018 valuation, but that is not the opinion he seeks to offer at trial.

For these reasons, the Liebman direct trial testimony concerning a 2020 valuation, Liebman Direct Testimony at ¶¶ 116-23, should be excluded.

### LIEBMAN SHOULD NOT BE PERMITTED TO OFFER OPINIONS ON CONCLUSIONS THAT ARE FOR THE COURT TO MAKE

Defendants object to testimony from Liebman on factual conclusions and legal conclusions that are for the Court.

"[A]lthough an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *see also Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion") (citing cases). Accordingly, courts exclude expert testimony that "provide[s] legal opinions, legal conclusions, or interpret[s] legal terms; those roles fall solely within the province of the court." *Highland Capital Mgmt. L.P.*, 379 F. Supp. 2d at 470 (quoting *Roundout Valley Ctr. Sch. Dist. v. Coneco Corp.*, 321 F. Supp. 2d 469, 480).  Expert testimony is also inadmissible if it "undertakes to tell the [factfinder] what result to reach," thereby "attempt[ing] to substitute the expert's judgment for the [factfinder's]."  *See United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994).

Defendants object to several paragraphs of Liebman's direct testimony in which he makes factual conclusions that are for the Court to make as the finder of fact.  Specifically, Liebman seeks to offer as opinion factual conclusions that certain transactions are "arms-length," and that other transactions are not, *see* Liebman Direct Testimony at ¶¶ 28, 47, 64, 66, 67, 71, 94, and that an interest rate did not make economic sense or have a rational economic reason, *see id*. at ¶¶ 63, 64.  Factual conclusion testimony that is for the Court to make should be excluded.

Defendants also object to several paragraphs of Liebman's direct testimony in which he makes legal conclusions that are for the Court to make.  Specifically, Liebman seeks to offer as opinion the legal conclusion that "[t]he liabilities of EBWLC are not Eber Metro's liabilities and should not

Honorable Lewis A. Kaplan
September 13, 2021
Page 3

be considered in the valuation of Eber Metro." *See* Liebman Direct Testimony at ¶ 112, *see generally* ¶¶ 97-112. Legal conclusion testimony should be excluded.

### LIEBMAN SHOULD NOT BE PERMITTED TO OFFER AN OPINION ON RELATED PARTY TRANSACTIONS UNDER GAAP

Defendants object to testimony from Liebman on related party transactions under GAAP. *See* Liebman Direct Testimony at ¶¶ 124-128. This testimony should be excluded for three reasons.

First, Liebman was proffered as a business appraisal expert, Liebman Direct Testimony at ¶ 1, and this opinion goes beyond his expertise on a business valuation expert. Second, the issue is a legal question for the Court, and not a matter for expert testimony. *See Bilzerian*, 926 F.2d at 1294. Third, the opinion was not disclosed in Liebman's expert report. *See Camarata*, 2018 WL 1738335.

### LIEBMAN SHOULD NOT BE PERMITTED TO OFFER AN OPINION ON BURDENS OF PROOF

Defendants object to paragraph 10 of Liebman's direct testimony to the extent it contains hearsay, *i.e.*, a statement from Plaintiffs' attorney about something one of Defendant's attorneys allegedly said, and to the extent it offers an opinion on the party bearing the burden of proof on the issue of valuation. The issue of the burden of proof is for the Court. With respect to the issue of unjust enrichment and a constructive trust, Judge Parker has held that "the party who seeks to impose a constructive trust [here the Plaintiffs] must establish the facts necessitating such a remedy by clear and convincing evidence" (March 25, 2021 Op. at 20, ECF No. 348). Liebman should not be permitted to testify to hearsay statements from attorneys or the burdens of proof.

Thank you for your consideration of this matter.

                                      Respectfully submitted,

                                      *s/ Kevin P. Mulry*

                                      Kevin P. Mulry

cc:      All counsel (By ECF and E-Mail)