**Exhibit C**



**Pension Benefit Guaranty Corporation**
1200 K Street, N.W., Washington, D.C. 20005-4026

VIA OVERNIGHT MAIL

MAR 2 9 2016

Eber Bros. Wine & Liquor Corporation
c/o Ms. Wendy Eber
155 Paragon Drive
Rochester, New York 14624

    Re:    Demand for Payment of Statutory Liabilities Resulting from Termination of the
            Eber Bros. Wine & Liquor Corp. Retirement Plan

Dear Ms. Eber:

    This is a demand for payment of liabilities to the Pension Benefit Guaranty Corporation ("PBGC") under sections 4006, 4007, 4042, 4062, and 4068 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and sections 412 and 430 of the Internal Revenue Code ("IRC"), resulting from the termination of the Eber Bros. Wine & Liquor Corp. Retirement Plan (the "Plan"). *See* 29 U.S.C. §§ 1082, 1083, 1306, 1307, 1362, 1368.

    **1. Basis of Liability.** On August 6, 2014, PBGC issued notice to Eber Bros. Wine and Liquor Corporation ("EBWLC"), the Plan's sponsor, of its determination pursuant to 29 U.S.C. § 1342(a) that the Plan should be terminated. The Plan was terminated by Order of the United States District Court in the Western District of New York dated January 19, 2016, appointing PBGC statutory trustee of the Plan ("Order"). The Order established April 30, 2010, as the termination date of the Plan under 29 U.S.C. § 1348. When a pension plan is terminated under 29 U.S.C. § 1342, any entity which, on the termination date, is a contributing sponsor of the plan or a member of the contributing sponsor's controlled group, is jointly and severally liable to PBGC for the liabilities to PBGC under 29 U.S.C. §§ 1306, 1307 and 1362, and 26 U.S.C. §§ 412 and 430.

    **2. Liability of Controlled Group.** Under 29 U.S.C. § 1301(a)(14), a "controlled group" comprises all businesses under common control, as determined under PBGC regulations that are consistent and coextensive with Treasury regulations under IRC §§ 414(b) and (c). A "parent-subsidiary" controlled group is a chain of organizations connected through ownership of a controlling interest with a common parent organization." 26 C.F.R. § 1.414(c)-2(b)(1). The term "organization" means a sole proprietorship, a partnership, a trust, an estate, or a corporation. 26 C.F.R. § 1.414(c)-2(a). In the case of a corporation, the term "controlling interest" means ownership of at least 80% of all voting stock of the corporation or at least 80% of the total value of all stock of the corporation. 26 C.F.R. § 1.414(c)-2(b)(2)(i)(A).

Page 1 of 4



DEFENDANT'S EXHIBIT QQ

EB-00019009

PBGC has determined that, as of the termination date of the Plan, (1) EBWLC; (2) Eber Bros. & Co. Inc. ("Eber Bros."); (3) Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro"); and (4) Eber-Connecticut, LLC ("Eber-CT") constituted a parent-subsidiary controlled group based on (a) Eber Bros.' direct ownership of 100% of EBWLC, (b) EBWLC's direct ownership of 100% of Eber Metro, and (c) Eber Metro's direct ownership of 85% of Eber-CT. Consequently, EBWLC, Eber Bros., Eber Metro, and Eber-CT are jointly and severally liable for the ERISA liabilities resulting from the termination of the Plan.

**3. Employer Liability Under 29 U.S.C. § 1362(b).** Under 29 U.S.C. § 1362(b), the plan sponsor and each member of its controlled group are jointly and severally liable to the PBGC for employer liability arising upon termination of a pension plan covered by Title IV of ERISA ("Employer Liability"). Employer Liability is equal to the amount of the unfunded benefit liabilities under the Plan as of the termination date, together with interest from the termination date. 29 U.S.C. § 1362(b)(1). The amount of unfunded benefit liabilities is the excess of the present value of benefit liabilities under the Plan, determined on the basis of actuarial assumptions prescribed by the PBGC, over the present value of Plan assets. 29 U.S.C. § 1301(a)(18).

With respect to the Plan, PBGC has determined that as of April 30, 2010, benefit liabilities were $11,252,816 and Plan assets were $6,087,052. Therefore, the amount of unfunded benefit liabilities is $5,165,764, plus interest.

Pursuant to PBGC regulation 29 C.F.R. § 4062.7(a) and (c), the interest rate used in determining the employer liability is the annual rate prescribed under 26 U.S.C. § 6601(a). As of March 22, 2016, interest of $1,072,156 has accrued on the unfunded benefit liabilities of the Plan. Accordingly, the total amount of Employer Liability owed jointly and severally by EBWLC, Eber Bros., Eber Metro and Eber-CT to PBGC as of this date is $6,237,920.

**4. Lien Under 29 U.S.C. § 1368.** Pursuant to 29 U.S.C. § 1368(a) and 29 C.F.R. § 4068.4, if a person liable under 29 U.S.C. § 1362 fails or refuses to pay the Employer Liability within the time specified in a demand letter, the PBGC will have a lien on all of the property and rights to property belonging to the liable persons. The amount of the lien is the lesser of the liability, including interest, or 30 percent of the collective net worth of the liable controlled group as of the termination date of the plan.

PBGC has determined that as of April 30, 2010, the collective net worth of the controlled group consisting of EBWLC, Eber Bros., Eber Metro and Eber-CT was $7,291,666. Consequently, upon failure to pay in accordance with this demand, PBGC will have a lien on all property of EBWLC, Eber Bros., Eber Metro and Eber-CT in the amount of 30 percent of its collective net worth, or $2,187,500.

**5. Payment of Employer Liability.** PBGC hereby demands payment of $2,187,500 no later than 2:00 p.m. Eastern Daylight Time, April 4, 2016.

EB-00019010

As provided in 29 C.F.R. §§ 4062.3(b) and 4062.9, PBGC may prescribe commercially reasonable terms for payment of so much of the Employer Liability as exceeds 30 percent of the collective net worth of ABC's controlled group. That amount is $4,050,420.

As provided in 29 C.F.R. § 4062.9(b), a person liable to PBGC under 29 U.S.C. § 1362(b) may request deferred payment terms for any portion of the Employer Liability. The request must be in writing and include the information required under 29 C.F.R. §§ 4062.6 and 4062.9.

In order to avoid further enforcement action by PBGC under 29 U.S.C. §§ 1362(b) and 1368, EBWLC, Eber Bros., Eber Metro and Eber-CT must, no later than the date specified above, either (a) pay PBGC $2,187,500, and enter into terms to pay the remainder or (b) enter into alternative arrangements with PBGC. If EBWLC, Eber Bros., Eber Metro and Eber-CT do not comply with this demand, PBGC may take further enforcement action, including, but not limited to, perfecting and enforcing the lien under 29 U.S.C. § 1368 and/or instituting a civil action to collect the full amount of the Employer Liability. 29 U.S.C. §§ 1303(e) and 1368(d).

**6. Liability for Termination Premiums Under 29 U.S.C. §§ 1306, 1307.** EBWLC, Eber Bros., Eber Metro and Eber-CT are jointly and severally liable to PBGC for termination premiums of $1,250 per year per Plan participant for each of the three years following the establishment of the Plan's termination date. *See* 29 U.S.C. §§ 1306(a)(7), 1307; 29 C.F.R. §§ 4006.7, 4007.13. There were 434 participants in the Plan at the applicable time. Therefore, the amount of each of the three annual termination premiums is $542,500. Payment of the termination premium is due on the 30th day of each twelve month period beginning with the first full calendar month following the month in which the date of Plan termination was established. *See* 29 C.F.R. § 4007.13(f). The date of Plan termination was established upon entry of the Order terminating the Plan on January 19, 2016. Therefore, payment of the first $542,500 termination premium was due on March 1, 2016. Payment of the second $542,500 termination premium is due on March 2, 2017. Payment of the third and final $542,500 termination premium is due on March 2, 2018.

Interest for any past-due termination premiums accrues at the annual rate prescribed in section 6601(a) of the Internal Revenue Code, compounded daily. *See* 29 C.F.R. § 4007.7. PBGC calculates that as of March 22, 2016, interest of $935.00 has accrued on unpaid termination premiums. For payment instructions, please refer to PBGC's website at: http://pbgc.gov/prac/prem/termination-premiums.html.

Failure to pay outstanding termination premiums may result in further enforcement action by PBGC, including, but not limited to, instituting a civil action, or referring the debt to the United States Treasury Department's Financial Management Service for collection under 29 C.F.R. § 4903.

**7. Effectiveness of this Demand under 29 C.F.R. § 4068.3(c).** Pursuant to PBGC regulation, 29 C.F.R. § 4068.3(c), the PBGC may demand payment immediately upon determining the amount of liability in any case in which it believes that its ability to obtain

Page 3 of 4

EB-00019011

payment is in jeopardy. In this case, PBGC believes that its ability to obtain payment is in jeopardy due to the circumstances of this case, including possible statute of limitations arguments, and Eber-CT's belief that having an unresolved liability to PBGC will cause them to lose customers and degrade their business. *See also* 29 C.F.R. § 4003.22(b) ("PBGC may, in its discretion, order that the initial determination in a case is effective on the date it is issued.").

PBGC accordingly demands, by 2 p.m. Eastern Daylight Time on April 4, 2016:

1. Payment of Employer Liability of $2,187,500 in accordance with paragraph 5 above; and
2. Enter into terms with PBGC for payment of the remainder of the Employer Liability in the amount of $4,050,420, in accordance with paragraph 5 above.

Because the PBGC is invoking 29 C.F.R. §§ 4003.22(b) and 4068.3(c), there is no right to appeal pursuant to 29 C.F.R. § 4003. Accordingly, this determination is effective as of the date of this letter, pursuant to 29 C.F.R. § 4003.22(b).

Payment of the above-stated amounts should be made by wire transfer to the PBGC's account at the State Street Bank and Trust Company, Boston, Massachusetts (the PBGC custodian bank). Wire transfer instructions are enclosed. Any questions regarding this demand should be directed to Ms. Kimberly Neureiter of PBGC's Office of the Chief Counsel. Ms. Neureiter can be reached at (202) 326-4020 ext.3581, or neureiter.kimberly@pbgc.gov.

Sincerely,

*Karen L. Morris*, Acting Director
Corporate Finance and Restructuring Department

Enclosure



**PBGC** Pension Benefit Guaranty Corporation
Protecting America's Pensions  1200 K Street, N.W., Washington, D.C. 20005-4026

**VIA OVERNIGHT MAIL**          MAR 2 9 2016

Eber Bros. Wine & Liquor Metro, Inc.
c/o Mr. Lester Eber
95 Allens Creek Road
Rochester, New York 14618

Re: Demand for Payment of Statutory Liabilities Resulting from Termination of the Eber Bros. Wine & Liquor Corp. Retirement Plan

Dear Mr. Eber:

This is a demand for payment of liabilities to the Pension Benefit Guaranty Corporation ("PBGC") under sections 4006, 4007, 4042, 4062, and 4068 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and sections 412 and 430 of the Internal Revenue Code ("IRC"), resulting from the termination of the Eber Bros. Wine & Liquor Corp. Retirement Plan (the "Plan"). *See* 29 U.S.C. §§ 1082, 1083, 1306, 1307, 1362, 1368.

**1. Basis of Liability.** On August 6, 2014, PBGC issued notice to Eber Bros. Wine and Liquor Corporation ("EBWLC"), the Plan's sponsor, of its determination pursuant to 29 U.S.C. § 1342(a) that the Plan should be terminated. The Plan was terminated by Order of the United States District Court in the Western District of New York dated January 19, 2016, appointing PBGC statutory trustee of the Plan ("Order"). The Order established April 30, 2010, as the termination date of the Plan under 29 U.S.C. § 1348. When a pension plan is terminated under 29 U.S.C. § 1342, any entity which, on the termination date, is a contributing sponsor of the plan or a member of the contributing sponsor's controlled group, is jointly and severally liable to PBGC for the liabilities to PBGC under 29 U.S.C. §§ 1306, 1307 and 1362, and 26 U.S.C. §§ 412 and 430.

**2. Liability of Controlled Group.** Under 29 U.S.C. § 1301(a)(14), a "controlled group" comprises all businesses under common control, as determined under PBGC regulations that are consistent and coextensive with Treasury regulations under IRC §§ 414(b) and (c). A "parent-subsidiary" controlled group is a chain of organizations connected through ownership of a controlling interest with a common parent organization." 26 C.F.R. § 1.414(c)-2(b)(1). The term "organization" means a sole proprietorship, a partnership, a trust, an estate, or a corporation. 26 C.F.R. § 1.414(c)-2(a). In the case of a corporation, the term "controlling interest" means ownership of at least 80% of all voting stock of the corporation or at least 80% of the total value of all stock of the corporation. 26 C.F.R. § 1.414(c)-2(b)(2)(i)(A).

Page 1 of 4

PBGC has determined that, as of the termination date of the Plan, (1) EBWLC; (2) Eber Bros. & Co. Inc. ("Eber Bros."); (3) Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro"); and (4) Eber-Connecticut, LLC ("Eber-CT") constituted a parent-subsidiary controlled group based on (a) Eber Bros.' direct ownership of 100% of EBWLC, (b) EBWLC's direct ownership of 100% of Eber Metro, and (c) Eber Metro's direct ownership of 85% of Eber-CT. Consequently, EBWLC, Eber Bros., Eber Metro, and Eber-CT are jointly and severally liable for the ERISA liabilities resulting from the termination of the Plan.

**3. Employer Liability Under 29 U.S.C. § 1362(b).** Under 29 U.S.C. § 1362(b), the plan sponsor and each member of its controlled group are jointly and severally liable to the PBGC for employer liability arising upon termination of a pension plan covered by Title IV of ERISA ("Employer Liability"). Employer Liability is equal to the amount of the unfunded benefit liabilities under the Plan as of the termination date, together with interest from the termination date. 29 U.S.C. § 1362(b)(1). The amount of unfunded benefit liabilities is the excess of the present value of benefit liabilities under the Plan, determined on the basis of actuarial assumptions prescribed by the PBGC, over the present value of Plan assets. 29 U.S.C. § 1301(a)(18).

With respect to the Plan, PBGC has determined that as of April 30, 2010, benefit liabilities were $11,252,816 and Plan assets were $6,087,052. Therefore, the amount of unfunded benefit liabilities is $5,165,764, plus interest.

Pursuant to PBGC regulation 29 C.F.R. § 4062.7(a) and (c), the interest rate used in determining the employer liability is the annual rate prescribed under 26 U.S.C. § 6601(a). As of March 22, 2016, interest of $1,072,156 has accrued on the unfunded benefit liabilities of the Plan. Accordingly, the total amount of Employer Liability owed jointly and severally by EBWLC, Eber Bros., Eber Metro and Eber-CT to PBGC as of this date is $6,237,920.

**4. Lien Under 29 U.S.C. § 1368.** Pursuant to 29 U.S.C. § 1368(a) and 29 C.F.R. § 4068.4, if a person liable under 29 U.S.C. § 1362 fails or refuses to pay the Employer Liability within the time specified in a demand letter, the PBGC will have a lien on all of the property and rights to property belonging to the liable persons. The amount of the lien is the lesser of the liability, including interest, or 30 percent of the collective net worth of the liable controlled group as of the termination date of the plan.

PBGC has determined that as of April 30, 2010, the collective net worth of the controlled group consisting of EBWLC, Eber Bros., Eber Metro and Eber-CT was $7,291,666. Consequently, upon failure to pay in accordance with this demand, PBGC will have a lien on all property of EBWLC, Eber Bros., Eber Metro and Eber-CT in the amount of 30 percent of its collective net worth, or $2,187,500.

**5. Payment of Employer Liability.** PBGC hereby demands payment of $2,187,500 no later than 2:00 p.m. Eastern Daylight Time, April 4, 2016.

EB-00019014

As provided in 29 C.F.R. §§ 4062.3(b) and 4062.9, PBGC may prescribe commercially reasonable terms for payment of so much of the Employer Liability as exceeds 30 percent of the collective net worth of ABC's controlled group. That amount is $4,050,420.

As provided in 29 C.F.R. § 4062.9(b), a person liable to PBGC under 29 U.S.C. § 1362(b) may request deferred payment terms for any portion of the Employer Liability. The request must be in writing and include the information required under 29 C.F.R. §§ 4062.6 and 4062.9.

In order to avoid further enforcement action by PBGC under 29 U.S.C. §§ 1362(b) and 1368, EBWLC, Eber Bros., Eber Metro and Eber-CT must, no later than the date specified above, either (a) pay PBGC $2,187,500, and enter into terms to pay the remainder or (b) enter into alternative arrangements with PBGC. If EBWLC, Eber Bros., Eber Metro and Eber-CT do not comply with this demand, PBGC may take further enforcement action, including, but not limited to, perfecting and enforcing the lien under 29 U.S.C. § 1368 and/or instituting a civil action to collect the full amount of the Employer Liability. 29 U.S.C. §§ 1303(e) and 1368(d).

**6. Liability for Termination Premiums Under 29 U.S.C. §§ 1306, 1307.** EBWLC, Eber Bros., Eber Metro and Eber-CT are jointly and severally liable to PBGC for termination premiums of $1,250 per year per Plan participant for each of the three years following the establishment of the Plan's termination date. *See* 29 U.S.C. §§ 1306(a)(7), 1307; 29 C.F.R. §§ 4006.7, 4007.13. There were 434 participants in the Plan at the applicable time. Therefore, the amount of each of the three annual termination premiums is $542,500. Payment of the termination premium is due on the 30th day of each twelve month period beginning with the first full calendar month following the month in which the date of Plan termination was established. *See* 29 C.F.R. § 4007.13(f). The date of Plan termination was established upon entry of the Order terminating the Plan on January 19, 2016. Therefore, payment of the first $542,500 termination premium was due on March 1, 2016. Payment of the second $542,500 termination premium is due on March 2, 2017. Payment of the third and final $542,500 termination premium is due on March 2, 2018.

Interest for any past-due termination premiums accrues at the annual rate prescribed in section 6601(a) of the Internal Revenue Code, compounded daily. *See* 29 C.F.R. § 4007.7. PBGC calculates that as of March 22, 2016, interest of $935.00 has accrued on unpaid termination premiums. For payment instructions, please refer to PBGC's website at: http://pbgc.gov/prac/prem/termination-premiums.html.

Failure to pay outstanding termination premiums may result in further enforcement action by PBGC, including, but not limited to, instituting a civil action, or referring the debt to the United States Treasury Department's Financial Management Service for collection under 29 C.F.R. § 4903.

**7. Effectiveness of this Demand under 29 C.F.R. § 4068.3(c).** Pursuant to PBGC regulation, 29 C.F.R. § 4068.3(c), the PBGC may demand payment immediately upon determining the amount of liability in any case in which it believes that its ability to obtain

EB-00019015

payment is in jeopardy. In this case, PBGC believes that its ability to obtain payment is in jeopardy due to the circumstances of this case, including possible statute of limitations arguments, and Eber-CT's belief that having an unresolved liability to PBGC will cause them to lose customers and degrade their business. *See also* 29 C.F.R. § 4003.22(b) ("PBGC may, in its discretion, order that the initial determination in a case is effective on the date it is issued.").

PBGC accordingly demands, by 2 p.m. Eastern Daylight Time on April 4, 2016:

1. Payment of Employer Liability of $2,187,500 in accordance with paragraph 5 above; and
2. Enter into terms with PBGC for payment of the remainder of the Employer Liability in the amount of $4,050,420, in accordance with paragraph 5 above.

Because the PBGC is invoking 29 C.F.R. §§ 4003.22(b) and 4068.3(c), there is no right to appeal pursuant to 29 C.F.R. § 4003. Accordingly, this determination is effective as of the date of this letter, pursuant to 29 C.F.R. § 4003.22(b).

Payment of the above-stated amounts should be made by wire transfer to the PBGC's account at the State Street Bank and Trust Company, Boston, Massachusetts (the PBGC custodian bank). Wire transfer instructions are enclosed. Any questions regarding this demand should be directed to Ms. Kimberly Neureiter of PBGC's Office of the Chief Counsel. Ms. Neureiter can be reached at (202) 326-4020 ext.3581, or neureiter.kimberly@pbgc.gov.

Sincerely,

Karen L. Morris, Acting Director
Corporate Finance and Restructuring Department

Enclosure

Page 4 of 4