# **Exhibit G**



underberg  kessler LLP

PAUL F. KENEALLY, PARTNER
(585) 258-2882
pkeneally@underbergkessler.com

December 14, 2018

*VIA E-MAIL AND FIRST-CLASS MAIL*

Brian C. Brook, Esq.
Daryoush Behbood, Esq.
Clinton Brook & Peed
85 Broad Street, Fl. 16
New York, NY 10004

> RE:   **Daniel Kleeberg, Lisa Stein and Audrey Hays v. Lester Eber, et al.**
> **Civ. Action No.:  16-cv-9517**

Dear Messrs. Brook and Behbood:

Please allow the following to serve as a further response to Mr. Behbood's October 19, 2018 letter.

*Response to Stein's First Set of Interrogatories to Wendy Eber*:

Int. 5:  Identify all legal entities or businesses (excluding publicly traded companies) in which you have held any type of economic interest since 2007.

Supplemental Response:

**Slocum of Maine, Inc. (50%), Eber-Connecticut, LLC (6%), Segwey, LLC (100%) and Eber Bros. Wine & Liquor Metro, Inc. (9.1%).**

Int. 7:  Identify all current officers, directors and managers of the Eber Companies and Alexbay.

Supplemental Response:

**Alexbay LLC:**
Lester Eber - Sole Member



Brian C. Brook, Esq.
December 14, 2018
P a g e | **2**

> **Eber Bros. & Co., Inc.**:
> Lester Eber – President and Director
> Wendy Eber – CFO, Secretary and Director
>
> **Eber Bros. Wine & Liquor Corporation**:
> Lester Eber – President and Director
> Wendy Eber – CFO and Secretary, Director
>
> **Eber Bros. Wine & Liquor Metro, Inc.**:
> Lester Eber—President, Director
> Wendy Eber—CFO and Secretary, Director
>
> **Eber-Connecticut, LLC**:
> Wendy Eber – President
> Lester Eber – CEO
> Wally Crumb – Secretary and CFO

Int. 8: Identify all persons who currently hold any kind of equity or ownership interest in any of the Eber Companies or Alexbay.

<u>Supplemental Response</u>: See enclosed ownership charts Bates numbered EB-00033270 – EB-00033271.

Int. 9: As to each person identified in response to Interrogatory No. 8, specify as to each company:
   a.   The type of equity interest held;
   b.   The amount of that equity interest; and
   c.   The percentage of the total voting power within that company that is held by that person.

<u>Supplemental Response</u>:       See Supplemental Response to Int. 8, above.

<u>*Response to Kleeberg's First Set of Interrogatories to Wendy Eber*</u>:

Int. 3: Identify all businesses in which you have been a member, partner, officer or director since 1990:

<u>Supplemental Response</u>:

**Eber Bros. & Co., Inc.**
         Officer (Secretary and CFO); Director



**Eber Bros. Wine & Liquor Corp.**
    Officer (Secretary and CFO); Assistant Secretary; Secretary and Director

**Eber Bros. Wine and Liquor Metro, Inc.**
    CFO, Secretary and Director

**Eber-Connecticut, LLC**
    Officer; Manager (Secretary, Treasurer, and President) and Member

**Slocum of Maine, Inc.**
    Officer

**Segwey LLC**
    Sole Member

**Eber-Rhode Island**
    Manager, Officer (Secretary and Treasurer)

**PW&S**
    Director, Officer (Secretary and CFO)

**Eber Acquisition Corp.**
    Director, Officer (Secretary and CFO)

**Eber Bros. Wine and Liquor Metro, LLC**
    Officer (Secretary and Treasurer)

Int. 8:  As to each company you identified in response to Interrogatory No. 7, describe (a) the nature of its business operations, (b) the dates when it was in operation, (c) the geographic region in which it operated, (d) any positions in it that you or Lester held and the dates you held them, and the Eber Defendants' respective ownership interest.

    Supplemental Response:  Defendant Wendy Eber references and realleges the prior response to this interrogatory.  Additionally, please see additions below:

**Slocum of ME, LLC:**
    See prior response.  Additionally, approximate date of operation was prior to 2005.

**Segwey, LLC:**



underberg & kessler LLP

Brian C. Brook, Esq.
December 14, 2018
P a g e | **4**

    See prior response.   Additionally, Wendy Eber is the sole member with 100% ownership interest.

   **Eber Metro, LLC:**
    See prior response.

   **PW&S, LLC:**
    See prior response.

   **Eber Acquisition Corp.:**
    See prior response.

   **Delaware Importers, LLC:**
    See prior response.

   **Monroe Display, Inc.**
    See prior response.  Additionally, Wendy Eber is Director, Secretary and CFO.

*Response to Hays' First Set of Interrogatories to Eber Defendants*:

  Int. 7:  As to each email account identified in response to Interrogatory No. 5, identify all search terms used to search for documents.

  <u>Supplemental Response</u>:  See prior response.  Additionally, to the extent the ten (10) search terms you list were contained within the documents requests, they were used.

*Response to Stein's First Set of Interrogatories to Lester Eber*:

  Int. 4:  State the basis for your denial of Paragraph 14 of the Complaint.

  <u>Supplemental Response</u>:  Eber Bros. is the majority owner of Eber Bros. Wine & Liquor Corp., but both Lester Eber and the Trust have minority interests as shown in the enclosed ownership charts Bates numbered EB-00033270 – EB-00033271.

  Int. 11:  Identify all persons with knowledge of the formation of the company now called Alexbay, LLC.

  <u>Supplemental Response</u>:  Lester Eber retained Gerald E. Farrell.



underberg & kessler LLP

Brian C. Brook, Esq.
December 14, 2018
P a g e | **5**

Int. 22:  State the basis for your denial of Paragraph 61 of the Complaint.

<u>Supplemental Response</u>:   We need to expand on our previous response, "Upon information and belief, plaintiffs were aware of the 2012 action by Marc Stein, Esq."  The information and basis for this belief is that in approximately 2014, Mark Stein told Dan Kleeberg about the Alexbay 2012 litigation and Dan Kleeberg relayed this information to Lester Eber.

Very truly yours,

Paul F. Keneally

PFK/mds
Enclosure
cc:    Michael J. Adams, Esq. (w/ enc. via e-mail & First-Class Mail)
         Robert B. Calihan, Esq. (w/ enc. via e-mail & First-Class Mail)

Alexbay LLC Ownership Structure
(registered holders – 12/1/18)



EB-00033270

Eber Bros. & Co., Inc. Ownership Structure
(registered holders – 12/1/18)



EB-00033271

# VERIFICATION

STATE OF New York )
COUNTY OF Nassau ) ss:

    **LESTER EBER**, being duly sworn, deposes and says that he is one of the Defendants in the within action; that deponent has read the foregoing letter dated December 14, 2018 containing Supplemental Responses to (i) Plaintiff Audrey Hays' First Set of Interrogatories to the Eber Defendants and (ii) Plaintiff Lisa Stein's First Set of Interrogatories to Lester Eber and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to those matters stated therein to be alleged upon information and belief, and that as to those matters deponent believes it to be true.

                                                      **Lester Eber**

Sworn to before me this
23rd day of September, 2019.

Notary Public

KAREN E. KEEGAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KE6239535
Qualified in Suffolk County
My Commission Expires 04-18-2023

# V E R I F I C A T I O N

STATE OF *New York* )
COUNTY OF *New York* ) ss:

    **WENDY EBER**, being duly sworn, deposes and says that she is one of the Defendants in the within action; that deponent has read the foregoing letter dated December 14, 2018 containing Supplemental Responses to (i) Plaintiff Lisa Stein's First Set of Interrogatories to Defendant Wendy Eber and (ii) Plaintiff Daniel Kleeberg's First Set of Interrogatories to Wendy Eber and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to those matters stated therein to be alleged upon information and belief, and that as to those matters deponent believes it to be true.

                                                          **Wendy Eber**

Sworn to before me this
_23_ day of September, 2019.

                   Notary Public

BRENDA L RIVERA
Notary Public - State of New York
NO. 01RI6348476
Qualified in Bronx County
My Commission Expires Sep 26, 2020

## CLINTON BROOK & PEED
### NEW YORK | NEW JERSEY | WASHINGTON DC

**DARYOUSH BEHBOOD**
DARYOUSH@CLINTONBROOK.COM

101 HUDSON STREET
SUITE 2100
JERSEY CITY, NJ 07302
TEL: (201) 992-1000
FAX: (646) 257-2887

October 19, 2018

**Via Email and U.S. Mail**

Paul F. Keneally, Esq.
Underberg & Kessler LLP
300 Bausch & Lomb Place
Rochester, NY 14604
(585) 258-2882
pkeneally@underbergkessler.com

Re:   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP

Dear Mr. Keneally:

I write on behalf of the Plaintiffs in the above-named action on the topic of discovery. After reviewing Defendants' latest discovery responses, this letter addresses Defendants' inadequate and deficient production. This letter constitutes a good faith request under Federal Rule of Civil Procedure 37(a)(1) to resolve these discovery disputes without court involvement.

## I.   Stein's First Set of Interrogatories to Wendy Eber

Interrogatory Nos. 5, 7, 8, & 9

In response to Interrogatory Nos. 5, 7, 8, and 9, Defendant Wendy Eber states that the questions have been answered in response to previously served interrogatories. They have not. Nor does Ms. Eber direct us to where each question was allegedly answered. While previously served interrogatories may be somewhat similar in nature, they are materially different. Plaintiffs have no interest in serving repeat questions or wasting the time of any party involved. Thus, please amend your responses by properly answering the questions asked.

October 19, 2018                                                **CLINTON BROOK & PEED**
Page 2

## II.   **Kleeberg's First Set of Interrogatories to Wendy Eber**

Interrogatory Nos. 2, 3, & 7

Interrogatory No. 2 asks Wendy Eber to identify all positions of full or part-time employment and the dates of such employment since 1990. While Ms. Eber has identified certain companies and the dates she worked at each, she has not identified which position(s) she held during her tenure at each company. Please amend your response to identify the position or positions held at each company and the respective dates at each position for each company.

Interrogatory No. 3 asks Wendy Eber to identify all businesses in which she has been a member, partner, officer, or director since 1990. While Ms. Eber provides a list of companies, she does not indicate what position (member, partner, officer, or director) she held at each of the listed companies. Please amend your response accordingly.

Interrogatory No. 7 asks Wendy Eber to identify all companies with which she or Lester Eber have been involved as employees, shareholders, members, or directors that are not party to this suit. While Ms. Eber provides a list of companies, she does not identify the position or interest held by either her or Lester Eber, or whether each company listed is a company that she, or Lester Eber (or both) were involved with. Please amend your response accordingly.

Interrogatory No. 8

Interrogatory No. 8 specifically asks Wendy Eber to identify the Eber Defendants' respective ownership interest in each company that she or Lester Eber have been involved as employees, shareholders, members, or directors. Yet, Wendy Eber has failed to identify the respective ownership interest, if any, for (1) Segwey, LLC; (2) Eber Metro, LLC; (3) PW&S, LLC; (4) Eber Acquisition Corp.; (5) Delaware Importers, LLC; and (6) Monroe Display Company, Inc.

Initially, we read your response to mean that Wendy and Lester Eber do not and did not have a direct ownership interest in any of the foregoing companies. Having reviewed Defendants' discovery production, we are now aware that this is untrue. *See e.g.,* EB-00017303 (demonstrating that Wendy Eber had a 6.6% interest in Eber Metro as of January 2014). Please revise your answer to correctly and truthfully reflect the Eber Defendants' respective ownership interest in each company identified in Interrogatory No. 7.

Moreover, some subparts to Interrogatory No. 8 were totally ignored. For example, Wendy Eber does not answer (b) the dates of operation, for Slocum of Maine,

LLC; Segwey, LLC; Eber Acquisition Corp.; and Delaware Importers, LLC. Please revise your response to fully answer Interrogatory No. 8, and each of its subparts.

## III.   Hays' First Set of Interrogatories to Eber Defendants

Interrogatory No. 7

In response to Interrogatory No. 7, the Eber Defendants claim to have searched email accounts using "the very language of plaintiffs' requests." Due to the dearth of emails produced and absence of emails from the Eber Defendants' production that were produced by other parties, we have reason to question what you mean by that. Please provide us with the actual search terms used, and if you do not have a record of the search terms used, please advise whether you used each of the following search terms: (1) Alex Bay; (2) Alexbay; (3) debt; (4) debts; (5) loan; (6) loans; (7) foreclose; (8) foreclosure; (9) UCC; (10) Article 9.  If any of these search terms were not used, or if you do not know, please search the email accounts identified in response to Interrogatory No. 5 using each of these search terms.

## IV.   Hays' Second Set of Interrogatories to Eber Defendants

Interrogatory Nos. 14 & 15

In response to Interrogatories 14 and 15, the Eber Defendants "direct Plaintiffs to previously produced financial records for the Eber Companies," but provide no citation. Unlike a Request for Production, interrogatories 14 and 15 have requested that Defendants *identify*, not merely produce, certain information. Rule 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the ***responding party*** may answer by:
>
> (1) ***specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could***

Fed. R. Civ. P. 33(d) (emphasis added). For example, EB-00019520, and other Eber-CT Financial Statements reference "Related Party Transactions." Yet, we have received no documents identifying any "related parties" or "affiliates." Therefore, we ask that Defendants please amend their responses to indicate, with the required specificity, the documents responsive to Interrogatories 14 & 15.

October 19, 2018
Page 4

## V.     Stein's First Set of Interrogatories to Lester Eber

Interrogatory No. 4

In response to Interrogatory No. 4, Lester Eber states that Paragraph 14 of the Complaint was denied, among other reasons, because "Eber Bros. is the majority owner of Eber W&L, but both Lester Eber and the Trust have minority interests." In our July 31, 2018 letter we asked you to "[p]lease state the amounts of the minority interests, how they were acquired, and when. Please also identify what 'Trust' has a minority interest. The Allen Eber Trust, as you are aware, no longer exists." *See* July 31, 2018 letter to Keneally.

In your letter dated August 17, 2018, you identified the ownership interests in Eber W&L, but failed to identify how they were acquired and when. Please amend your response accordingly. Although we believe we now know the transaction that created Mr. Eber's individual interest, it is still important to get an answer to ensure that there are not other undisclosed transactions that have occurred, or which may be attempted in the future to further impair our clients' rights as stockholders.

Interrogatory No. 11

In response to Interrogatory No. 11, Lester Eber states that "counsel," among others, has knowledge of Alexbay, LLC's formation. By letter dated July 31, 2018 we asked you to identify who was referenced by the term "counsel," and to identify who had retained this "counsel." In your August 17, 2018 letter, you identify Jerry Ferrell as being retained for the formation of Alexbay, LLC, but do not identify who retained him. Please amend your response to include this previously requested information.

Interrogatory No. 22

In response to Interrogatory No. 22, Lester Eber stats that "upon information and belief, plaintiffs were aware of the 2012 action prior to 2015 by Marc Stein, Esq." This response is incomplete. Please amend your response to state what information, if any, you are relying on for this belief.

## VI.    Plaintiffs' Third Request for Production to Eber Defendants

Plaintiffs require all the documents requested in Plaintiffs' Third Request for Production to the Eber Defendants, served on April 13, 2018. The Eber Defendants did not provide specific responses or objections to any of these requests. You appeared to simply assent to the requests, indicated by Colin Ramsey sending his May 7, 2018

October 19, 2018                                        **CLINTON BROOK & PEED**
Page 5

email and by making your June 8, 2018 production of documents responsive to Request No. 44.[1]

Based on our review of the documents that you have produced, it appears that you have not produced documents responsive to many of the requests. Although you declined to respond to the specific requests, the consequence is that all potential objections have been waived. *See Carr v. Queens-Long Island Med. Grp., P.C.*, No. 02CIV.1676NRBJCF, 2003 WL 169793, at *5 (S.D.N.Y. Jan. 24, 2003) ("The failure to provide discovery responses in a timely fashion is a basis for deeming objections waived."); *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02CIV.9151(KMW)(HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.").

Despite your waiver of objections, given the late date in discovery and the fact that we have now had the opportunity to review much more of what was produced, we are open to discussing ways to narrow these requests.

In particular, there is a dearth of documents responsive to Requests 45 and 46 concerning the assets and liabilities of Eber Metro and EBWLC. During the last conference call, we referenced the need for documents concerning the 2005 acquisition of Slocum, since those do not appear to have been produced. Such documents are responsive to both requests, given that the balance sheets for both entities appear to refer to various "investments" and "goodwill" in the Connecticut business. As requested in the Third RFPs, please produce documents "sufficient to determine … the valuation methods used" for those assets and liabilities and "the dates when they were … acquired." In light of the nature of the assets, such responsive documents include, but are not limited to, the underlying transaction documents as well as any other records that may give insight into the financial state of the business at or around the time when it appeared as "assets" on the books of Eber Metro and EBWLC.

## VII.  **Plaintiffs' Fourth Request for Production to Eber Defendants**

Request No. 44

Defendants claim that Request 44 is not relevant to any party's claim. "Information is relevant if: (a) it has any tendency to make a fact more or less probable

---

[1] We inadvertently repeated the numbers of certain requests, such that each of the 3rd, 4th, and 5th sets of RFPs began with Request No. 43. For this reason, we will endeavor to always be clear about which set of requests we are referencing when discussing any request numbered higher than 42.

than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (internal quotations and citations omitted).

Here, the information requested is relevant for several reasons. One, it is relevant to the amount of punitive damages. *See Tillery v Lynn*, 607 F Supp 399, 402 (S.D.N.Y. 1985). Two, this lawsuit seeks to impose a constructive trust over the profits generated by the disputed assets. Three, it will demonstrate whether Defendants have been taking money out of the company by means other than through ordinary and approved compensation payments. Indeed, given the volume of "related party" purchases referenced in the financial statements, we have good reason to believe that this has been occurring.

<u>Request Nos. 46 & 47</u>

Defendants claim Requests 46 and 47 are not relevant to Plaintiffs' claims. However, discovery as to a defendant's personal assets is permitted when the plaintiff is seeking punitive damages. *See Tillery v Lynn*, 607 F Supp 399, 402 (S.D.N.Y. 1985). Here, Plaintiffs are seeking punitive damages against Lester and Wendy Eber. Therefore, it is not only relevant, but legally permitted for Plaintiffs' to receive documents sufficient to show what Lester and Wendy's Eber's net worth is, respectively.

<u>Request No. 48</u>

Defendants claim that Request 48 is not relevant to any party's claim. That is incorrect. Among the relief sought is a constructive trust over the profits that were generated by the disputed assets. We have already seen Defendants attempt to manipulate the stock holdings of EBWLC to try to maintain control after we filed suit, so it is reasonable to believe that they also transferred assets, as such transfers are fairly common in these situations.

In accordance with the foregoing, please amend your responses by October 26, 2018. If we do not receive a response by this date, we will be forced to file a Motion to Compel with the Court.

October 19, 2018

CLINTON BROOK & PEED

Page 7

Should you have any questions, please do not hesitate to contact me.

Kind regards,

*/s/Daryoush Behbood*

Daryoush Behbood

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

Plaintiffs,

v.

Civil Action No. 16-CV-9517(LAK)

LESTER EBER,
ALEXBAY, LLC f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK AND TRUST,
ELLIOT W. GUMAER, JR.,
EBER BROS. & CO., INC.,
EBER BROS. WINE AND LIQUOR CORP.,
EBER BROS. WINE & LIQUOR METRO, INC.,
EBER CONNECTICUT, LLC, and
WENDY EBER,

**AMENDED RESPONSES TO
PLAINTIFF AUDREY HAYS'
FIRST SET OF INTERROGATORIES
TO THE EBER DEFENDANTS**

Defendants.

---

Pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(1), Defendants,

Lester Eber, Alexbay, LLC f/k/a Lester Eber, LLC, Eber Bros. & Co., Inc., Eber Bros. Wine

and Liquor Corp., Eber Bros. Wine & Liquor Metro, Inc., Eber Connecticut, LLC and

Wendy Eber (the "Eber Defendants"), by their attorneys, Underberg & Kessler LLP, for

their Amended Responses to Plaintiff Audrey Hays' First Set of Interrogatories to the Eber

Defendants (the "Interrogatories"), hereby respond as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

1.      Identify all physical locations where you or your attorneys searched for

documents concerning this Litigation (as defined below).

**Response to No. 1:**

- **95 Allens Creek Road, Building 2, Rochester, NY 14618**
- **30 Corporate Drive, North Haven, CT 06473**
- **Bond, Schoeneck & King, PLLC, 350 Linden Oaks, Rochester, NY 14625**
- **Harris Beach, PLLC, 99 Garnsey Road, Pittsford, NY 14534**
- **Underberg & Kessler LLP, 300 Bausch & Lomb Place, Rochester, NY 14604**

2.       As to each location identified in response to Interrogatory No. 1, identify which individuals performed the searches and when the searches took place.

**Response to No. 2:**

- **95 Allens Creek Road, Building 2, Rochester, NY 14618**
  **(Lester Eber, Wendy Eber, Janet Lissow: 2018)**
- **30 Corporate Drive, North Haven, CT 06473**
  **(Wendy Eber: 2017- 2018)**
- **Bond, Schoeneck & King, PLLC, 350 Linden Oaks, Rochester, NY 14625**
  **(I. Palermo:  Jan. and Feb. 2018)**
- **Harris Beach, PLLC, 99 Garnsey Road, Pittsford, NY 14534**
  **(Unknown)**
- **Underberg & Kessler LLP, 300 Bausch & Lomb Place, Rochester, NY 14604**
  **(Paul Keneally, Colin Ramsey, Maria Soeffing;  2017/2018)**

3.       Identify all electronic locations (other than email accounts) where you or your attorney searched for documents concerning this Litigation.

**Response to No. 3:**

**30 Corporate Drive, North Haven, CT 06473 - Z drive for Wendy Eber's files.**

4.       As to each location identified in response to Interrogatory No. 3, identify which individuals performed the searches and when the searches took place.

**Response to No. 4:**

**Wendy Eber (2017).**

2

5.    Identify all email accounts that were searched for documents concerning this Litigation.

**Response to No. 5:**

> **weber@slocumandsons.com** (formerly **w.eber@eberbros.com**)
> **leber@slocumandsons.com** (formerly **l.eber@eberbros.com**)

6.    As to each email account identified in response to Interrogatory No. 5, identify which individuals performed the searches and when the searches took place.

**Response to No. 6:**

> **weber@slocumandsons.com:  Wendy Eber (2017- 2018)**
> **leber@slocumandsons.com:  Lester Eber (2018)**

7.    As to each email account identified in response to Interrogatory No. 5, identify all search terms used to search for documents.

**Response to No. 7:**

**The search was conducted using the very language of plaintiffs' requests.   In addition, the following search terms were used: PBGC, Helen Bai, Christopher Gran, David Carbajl, Stephanie Thomas, Kimberly Neuwriter, Desiree Ambadore; Lester Eber; Canandaigua Bank: Richard Hawks, Joanne Mills, Robert Lowenthal; Elliott Gumaer; Glenn Sturm; Davie Kaplan CPA, P.C.**

8.    Specify the dates when, if ever, each of the Eber Defendants retained Gumaer as their attorney, including the dates when such representation ended.

**Response to No. 8:**

**Eber Bros. Wine and Liquor Corp. and Lester Eber retained Gumaer as their attorney in approximately 1970.   Gumaer resigned from Board of Directors of Eber Bros. Wine and Liquor Corp. in 2017 and ceased serving as counsel at that time.**

9.     For each representation identified in response to Interrogatory No. 8, specify the scope and subject matter of the representation, the individuals who communicated with Gumaer about the representation, and any compensation that was paid to Gumaer in connection with the representation.

<u>Response to No. 9</u>:

**The Eber Defendants object to this interrogatory on the basis that it seeks to invade on the attorney-client privilege.   Without waiving such objections, Gumaer represented and communicated with the Eber Defendants and Wendy Eber and Lester Eber on a regular basis concerning a wide-range of issues concerning the Eber Defendants.**

10.     Identify all documents concerning any Eber Defendants' retention of Gumaer as their attorney, including any engagement letters or other documents reflecting the timing and scope of his representation, as well as the compensation paid to him for his legal work.

<u>Response to No. 10</u>:

**The Eber Defendants are not in possession of responsive documents.   Quarterly retainer payments were made to Gumaer, but the Eber Defendants decline to produce the records of such payments based upon the attorney-client privilege.**

11.     Identify all communications you have had with Gumaer concerning this Litigation since December 2016, including as to each communication, the date when it occurred, how it occurred (e.g., telephone, email, etc.) and the individual participants.

<u>Response to No. 11</u>:

**The Eber Defendants did not keep a record of communications with Gumaer. Communications with him about this Litigation occurred on a regular basis and are protected by the attorney-client privilege.**

DATED:   July 26, 2018
         Rochester, New York

UNDERBERG & KESSLER LLP

By: _____
     Paul F. Keneally, Esq.
     Colin D. Ramsey, Esq.
     Attorneys for Eber Defendants
     300 Bausch & Lomb Place
     Rochester, New York 14604
     585-258-2800
     pkeneally@underbergkessler.com
     cramsey@underbergkessler.com

TO:   Brian C. Brook, Esq.
      Clinton Brook & Peed
      Attorneys for Plaintiffs
      101 Hudson Street, Suite 2100
      Jersey City, NJ 07302
      212-256-1957
      brian@clintonbrook.com

STATE OF _Connecticut_   )
COUNTY OF _New Haven_   ) ss: _North Haven_

      **LESTER EBER**, being duly sworn, deposes and says that:  he is one of the

Defendants in the within action; that deponent has read the foregoing Amended

Responses to Plaintiff Audrey Hays' First Set of Interrogatories to the Eber Defendants

and knows the contents thereof, and that the same is true to deponent's own knowledge,

except as to those matters stated therein to be alleged upon information and belief, and

that as to those matters deponent believes it to be true.

_Lester Eber_

**Lester Eber**

Sworn to before me this
_31_ day of July, 2018.

_Marcia A. Passavant_
Notary Public

My Comm. Expires: 12/31/2021

MARCIA I. PASSAVANT
NOTARY PUBLIC
CONNECTICUT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KLEEBERG, LISA STEIN
and AUDREY HAYS,

Plaintiffs,

v.

Civil Action No. 16-CV-9517(LAK)

LESTER EBER,
ALEXBAY, LLC f/k/a LESTER EBER, LLC,
CANANDAIGUA NATIONAL CORPORATION d/b/a
CANANDAIGUA NATIONAL BANK AND TRUST,
ELLIOT W. GUMAER, JR.,
EBER BROS. & CO., INC.,
EBER BROS. WINE AND LIQUOR CORP.,
EBER BROS. WINE & LIQUOR METRO, INC.,
EBER CONNECTICUT, LLC, and
WENDY EBER,

**RESPONSES TO PLAINTIFF
AUDREY HAYS' FIRST SET
OF INTERROGATORIES TO
THE EBER DEFENDANTS**

Defendants.

Pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(1), Defendants,
Lester Eber, Alexbay, LLC f/k/a Lester Eber, LLC, Eber Bros. & Co., Inc., Eber Bros.
Wine and Liquor Corp., Eber Bros. Wine & Liquor Metro, Inc., Eber Connecticut, LLC
and Wendy Eber (the "Eber Defendants"), by their attorneys, Underberg & Kessler LLP,
for their Responses to Plaintiff Audrey Hays' First Set of Interrogatories to the Eber
Defendants (the "Interrogatories"), hereby respond as follows:

**GENERAL OBJECTIONS**

Eber Defendants object to the Interrogatories on the following grounds:

1.     The Interrogatories seek information that is not relevant to the subject
matter of this action nor reasonably calculated to lead to the discovery of admissible
evidence or information bearing on the Plaintiff's claims or the Eber Defendant's

defenses, and are impracticable if not impossible to comply with.

2.     Eber Defendants object to the Interrogatories on the grounds that the Interrogatories are unduly burdensome, vague, impose an unreasonable discovery burden, are impracticable if not impossible to comply with and otherwise cannot be complied with without incurring undue costs.

3.     The Interrogatories are not consistent with the Federal Rules of Civil Procedure.

4.     The Interrogatories call for the disclosure of information and/or materials which are confidential and/or proprietary and are otherwise protected by privilege, including the attorney-client privilege, the joint defense privilege, the attorney work product privilege or other applicable privilege, including material prepared in anticipation of litigation or in preparation for trial.

5.     The Interrogatories seek information or requires production or identification of documents already in the possession of the Plaintiff or which are otherwise publicly available.

6.     In providing these objections to the Interrogatories, Eber Defendants do not in any way waive or intend to waive, but rather intend to preserve and preserves:

a)     All objections as to competency, relevancy, materiality and admissibility of these responses;

b)     All rights to object on any ground to the use of these responses in any subsequent proceedings, including the trial of these or any other action(s); and

c)     All rights to object on any grounds to any requests for further

2

responses to the Interrogatories involving or related to the subject matter.

7.      Eber Defendants reserve the right to supplement these objections and to make further objections if necessary.

8.      These general objections apply to each of the Plaintiff's Interrogatories propounded to the Eber Defendants below.  All Interrogatories are answered subject to and without waiving these general objections.   Eber Defendants reserve the right to supplement these responses, up to and including, a reasonable time prior to trial.

<strong><u>SPECIFIC OBJECTIONS AND RESPONSES</u></strong>

1.      Identify all physical locations where you or your attorneys searched for documents concerning this Litigation (as defined below).

<u>**Response to No. 1**</u>:

- **95 Allens Creek Road, Building 2, Rochester, NY 14618**
- **30 Corporate Drive, North Haven, CT 06473**
- **Bond, Schoeneck & King, PLLC, 350 Linden Oaks, Rochester, NY 14625**
- **Harris Beach, PLLC, 99 Garnsey Road, Pittsford, NY 14534**
- **Underberg & Kessler LLP, 300 Bausch & Lomb Place, Rochester, NY 14604**

2.      As to each location identified in response to Interrogatory No. 1, identify which individuals performed the searches and when the searches took place.

<u>**Response to No. 2**</u>:

- **95 Allens Creek Road, Building 2, Rochester, NY 14618**
  **(Lester Eber, Wendy Eber, Janet Lissow: 2018)**
- **30 Corporate Drive, North Haven, CT 06473**
  **(Wendy Eber: 2017- 2018)**
- **Bond, Schoeneck & King, PLLC, 350 Linden Oaks, Rochester, NY 14625**
  **(I. Palermo:  Jan. and Feb. 2018)**
- **Harris Beach, PLLC, 99 Garnsey Road, Pittsford, NY 14534**
  **(Unknown)**
- **Underberg & Kessler LLP, 300 Bausch & Lomb Place, Rochester, NY 14604**

3

**(Paul Keneally, Colin Ramsey, Maria Soeffing;  2017/2018)**

3.      Identify all electronic locations (other than email accounts) where you or your attorney searched for documents concerning this Litigation.

**Response to No. 3:**

**30 Corporate Drive, North Haven, CT 06473 - Z drive for Wendy Eber's files.**

4.      As to each location identified in response to Interrogatory No. 3, identify which individuals performed the searches and when the searches took place.

**Response to No. 4:**

**Wendy Eber (2017).**

5.      Identify all email accounts that were searched for documents concerning this Litigation.

**Response to No. 5:**

**weber@slocumandsons.com** (formerly **w.eber@eberbros.com**)

**leber@slocumandsons.com** (formerly **l.eber@eberbros.com**)

6.      As to each email account identified in response to Interrogatory No. 5, identify which individuals performed the searches and when the searches took place.

**Response to No. 6:**

**weber@slocumandsons.com:  Wendy Eber (2017- 2018)**

**leber@slocumandsons.com:  Lester Eber (2018)**

7.      As to each email account identified in response to Interrogatory No. 5, identify all search terms used to search for documents.

**Response to No. 7:**

**The search was conducted using the very language of plaintiffs' requests.   In addition, the following search terms were used: PBGC, Helen Bai, Christopher Gran, David Carbajl, Stephanie Thomas, Kimberly Neuwriter, Desiree Ambadore; Lester Eber; Canandaigua Bank: Richard Hawks, Joanne Mills, Robert Lowenthal; Elliott Gumaer; Glenn Sturm; Davie Kaplan CPA, P.C..**

8.    Specify the dates when, if ever, each of the Eber Defendants retained Gumaer as their attorney, including the dates when such representation ended.

**Response to No. 8:**

**Eber Bros. Wine and Liquor Corp. and Lester Eber retained Gumaer as their attorney in approximately 1970.   Gumaer resigned from Board of Directors of Eber Bros. Wine and Liquor Corp. in 2017 and ceased serving as counsel at that time.**

9.    For each representation identified in response to Interrogatory No. 8, specify the scope and subject matter of the representation, the individuals who communicated with Gumaer about the representation, and any compensation that was paid to Gumaer in connection with the representation.

**Response to No. 9:**

**The Eber Defendants object to this interrogatory on the basis that it seeks to invade on the attorney-client privilege.  Without waiving such objections, Gumaer represented and communicated with the Eber Defendants and Wendy Eber and**

5

**Lester Eber on a regular basis concerning a wide-range of issues concerning the Eber Defendants.**

10.     Identify all documents concerning any Eber Defendants' retention of Gumaer as their attorney, including any engagement letters or other documents reflecting the timing and scope of his representation, as well as the compensation paid to him for his legal work.

**Response to No. 10:**

**The Eber Defendants are not in possession of responsive documents.  Quarterly retainer payments were made to Gumaer, but the Eber Defendants decline to produce the records of such payments based upon the attorney-client privilege.**

11.     Identify all communications you have had with Gumaer concerning this Litigation since December 2016, including as to each communication, the date when it occurred, how it occurred (e.g., telephone, email, etc.) and the individual participants.

**Response to No. 11:**

**The Eber Defendants did not keep a record of communications with Gumaer. Communications with him about this Litigation occurred on a regular basis and are protected by the attorney-client privilege.**

6

DATED:  April 6, 2018
        Rochester, New York                UNDERBERG & KESSLER LLP


                                    By:  *Paul F. Keneally*_____
                                         Paul F. Keneally, Esq.
                                         Colin D. Ramsey, Esq.
                                         Attorneys for Eber Defendants
                                         300 Bausch & Lomb Place
                                         Rochester, New York 14604
                                         585-258-2800
                                         pkeneally@underbergkessler.com
                                         cramsey@underbergkessler.com



TO:    Brian C. Brook, Esq.
       Clinton Brook & Peed
       Attorneys for Plaintiffs
       101 Hudson Street, Suite 2100
       Jersey City, NJ 07302
       212-256-1957
       brian@clintonbrook.com

       Robert Calihan, Esq.
       Attorney for Defendant
       Elliot W. Gumaer, Jr.
       16 West Main Street, Suite 736
       Rochester, New York 14614
       585-232-5291
       rcalihan@calihanlaw.com

       Donald O'Brien,Esq.
       Wood Oviatt Gilman, LLP
       Attorneys for Defendant
       Canandaigua National Corporation
       d/b/a Canandaigua National Bank
       2 State Street
       Rochester, New York 14614
       585-987-2800
       dobrien@woodsoviatt.com

STATE OF _Connecticut_ )
COUNTY OF _New Haven_ ) ss: _North Haven_

**LESTER EBER**, being duly sworn, deposes and says that: he is one of the

Defendants in the within action; that deponent has read the foregoing Responses to

Plaintiff Audrey Hays' First Set of Interrogatories to the Eber Defendants and knows the

contents thereof, and that the same is true to deponent's own knowledge, except as to

those matters stated therein to be alleged upon information and belief, and that as to

those matters deponent believes it to be true.

_Lester Eber_

**Lester Eber**

Sworn to before me this
_6th_ day of April 2018.

_Marcia O. Passavant_
Notary Public
My Comm. Expires: 12/31/2021

MARCIA I. PASSAVANT
NOTARY PUBLIC
CONNECTICUT

8