WESLEY M. MULLEN

MULLEN P.C.
THE METLIFE BUILDING
200 PARK AVENUE | SUITE 1700
NEW YORK, NY 10166

October 7, 2021

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

<u>VIA CM/ECF</u>

    Re:    <u>Kleeberg et al. v. Eber et al.</u>, No. 16 CV 9517

Your Honor,

I am counsel to interested non-party David Eber. Mr. Eber is a son of Lester Eber, a brother of Defendant Wendy Eber, and a beneficiary of the Estate of Lester Eber.

My client opposes the parties' joint letter motion to seal post-trial briefing. (ECF Doc. 399.) The parties' proposal that all "post-trial proposed findings of fact and conclusions of law be filed under seal," (*id.* at 1), is contrary to the presumption in favor of public access to judicial documents, *Luogosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). It would also violate the Court's Individual Practices requiring that sealing requests "be narrowly tailored." (Individual Practices at 5).

None of the matters raised in the parties' letter justifies a blanket seal. Mr. Eber and other estate beneficiaries have an interest in access to litigation papers filed by the Estate and by its putative creditors, notwithstanding the "preliminary discussions concerning settlement" that the parties assert as a basis for secret post-trial briefing. (Mot. at 1). And though the parties assert that the "trial record includes substantial confidential business information," information in the trial record is presumptively public. *E.g., Greater Miami Baseball Club Ltd. P'ship v. Selig*, 955 F. Supp. 37, 40 (S.D.N.Y. 1997) ("parts of the trial record … are presumptively matters to which the public is entitled to access").

For these reasons, David Eber respectfully requests that the Court deny the parties' joint motion to seal.

Respectfully,

Wesley M. Mullen

cc:    All counsel of record (via CM/ECF)

WMULLEN@MULLENPC.COM | (646) 632-3718