UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> WENDY EBER, et al., <br><br> Defendants, <br><br> and <br><br> EBER BROS. & CO., INC., et al., <br><br> Nominal Defendants. | 16-CV-9517(LAK)(KHP) <br><br> **[PROPOSED] ORDER GRANTING INJUNCTIVE RELIEF** |

**LEWIS A. KAPLAN, UNITED STATES DISTRICT JUDGE**

After the entry of partial summary judgment in favor of Plaintiffs, and after due consideration and trial, this Court grants judgment for Plaintiffs and orders injunctive relief as follows:

**PART I – Matters Concerning Governance of Eber Bros. & Co., Inc. ("EB&C") and Eber Bros. Wine and Liquor Corp. ("EBWLC")**

1. It is hereby ordered and decreed that, notwithstanding the actions of Defendants and the Bylaws of EB&C, Plaintiffs are currently shareholders of EB&C as follows:

   - **Class A Voting:** 616.67 (or 616 and 2/3) shares each to the Estate of Lester Eber and Audrey Hays; 308.33 (or 308 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

- **Class B Nonvoting:** 96.67 (or 96 and 2/3) shares each to the Estate Lester Eber and Audrey Hays; 48.33 (or 48 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

- **6% Preferred Nonvoting:** 666.67 (or 666 and 2/3) shares each to the Estate Lester Eber and Audrey Hays; 333.33 (or 333 and 1/3) shares each to Lisa Stein and Daniel Kleeberg.

This is made in accordance with the Order of the Monroe County Surrogate's Court dated June 1, 2017, which held that the shares of EB&C that were held in the names of the trustees of the Allen Eber Residuary Trust (the "Trust") were to be distributed to the remaindermen.

2.      It is further ordered and decreed that the Trust's shares of EBWLC are valid and must be recognized by EBWLC. Because the Trust has been terminated without objection from any beneficiaries, and because all of the co-trustees are deceased or will be discharged upon completion of the steps required by this Order, the Court orders that the Trust's shares be distributed in accordance with June 1, 2017 Order as follows:

- **Class B Nonvoting:** 126 & 1/3 shares each to Lester 's Estate and Audrey Hays; 63 & 1/6 shares each to Lisa Stein and Daniel Kleeberg.

- **Preferred Nonvoting:** 83 & 1/3 shares each to Lester's Estate and Audrey Hays; 41 & 2/3 shares each to Lisa Stein and Daniel Kleeberg.

3.      Wendy Eber is hereby removed from all positions as an officer, director, or manager of any of EB&C, EBWLC, Eber Bros. Wine & Liquor Metro, Inc. ("Eber Metro"), and Slocum & Sons of Maine, Inc. ("Slocum of Maine"). She is barred from serving in those positions again for a period of two (2) years from the date of this Order. [N.Y. B.C.S. §§ 706, 716.]

4. Until the elections required by the following paragraphs of this Order are completed and the companies have full and appropriately constituted boards of directors and at least one officer with the authority of the President and Secretary, Plaintiff Daniel Kleeberg is appointed as a temporary director and officer, with the authority of the President and Secretary, of EB&C, EBWLC, Eber Metro, and Slocum of Maine. No actions taken by Mr. Kleeberg shall be subject to challenge on the grounds that they were done by an improperly constituted board provided that the actions are ratified by a fully constituted board within thirty (30) days of the elections.

5. Unless otherwise decided by Eber Metro's Board, the President of Eber Metro has full power and authority over Eber Metro's membership units in Eber-Connecticut, LLC ("Eber-CT"), including the immediate power to remove members of Eber-CT's Board of Managers in accordance with Section 5.1.1 of the Eber-CT Limited Liability Company Agreement and the power to convene a meeting of Eber-CT's members to appoint new Managers in accordance with Section 5.3.1 of the same. [Ex. 57.] Eber-CT's two members may agree to suspend the notice requirements before convening such a meeting and appointing Managers.

6. The Court does not remove Ms. Eber from her positions with Eber-CT at this time. The decision whether to remove her as a Manager is left to the discretion of the President of Eber Metro, and the decision whether to terminate her employment is left to Eber-CT's Board of Managers.

7. A meeting of the shareholders of EB&C to elect directors shall occur within seven (7) days of the date of this Order. This Order shall not impair Wendy Eber, in her capacity as Executor of the Estate of Lester Eber (the "Estate") from voting the Estate's shares of EB&C at

EB&C's shareholder meeting, although she is precluded from nominating or voting for herself to serve as a director. A telephonic meeting shall be scheduled by Plaintiff's counsel, who shall take into consideration the scheduling concerns of Ms. Eber but who shall not delay the vote past the seven-day period specified. In the event that Ms. Eber cannot personally attend such meeting, she may designate a proxy to vote the Estate's shares. The directors of EB&C shall promptly appoint an officer with the authority to vote its voting shares in EBWLC.

8. As a result of the foregoing rulings, Plaintiffs, comprising a majority the shareholders of EB&C, have effective control over EB&C and all of its subsidiaries, including EBWLC, Eber Metro, and Slocum of Maine. The officer(s) appointed to run EB&C may immediately appoint officers and directors for all of EB&C's subsidiaries to ensure continuous operation and prompt access to information held by those entities' attorneys or accountants. Corporate formalities, e.g. meetings for elections, shall be held as promptly as practicable after entry of this Order, but a failure to do so shall not affect the continuing effect of this Order.

9. Immediately upon receipt of this Order, all responsible parties, including without limitation Canandaigua National Bank & Trust ("CNB"), EB&C, and whoever is appointed to be Secretary of EB&C, are directed to complete all necessary steps under the UCC Article 8 and any other applicable law to ensure that the shares of EB&C are registered on the books and records of EB&C in accordance with this Order and that new stock certificates are issued to the shareholders and delivered to the proper shareholders or their respective counsel of record.

10. Although the probate of Lester Eber's Estate is pending resolution in the Monroe County Surrogate Court, given the Estate's minority interest, the probate proceedings shall not permit the delay of any steps required by this Order.

**PART II – Transactions that Are Hereby Set Aside**

11. EBWLC's issuance of 750 voting preferred shares to Lester Eber in or around February 2017 has been found to be an improper corporate transaction and a breach of his fiduciary duties as a trustee, and therefore the issuance is hereby set aside. The preferred shares are deemed null and void, and any such shares issued to Lester Eber are canceled as if they had never been issued. All voting interests in EBWLC belong to EB&C, which is majority owned by Plaintiffs.

12. The June 2012 transfer of Eber Metro to Alexbay, LLC is hereby set aside and rescinded. All shares of Eber Metro stock that were transferred to Alexbay shall be reconveyed to EBWLC. A constructive trust in favor of EBWLC is imposed on Eber Metro and its subsidiaries for all times when Eber Metro was improperly removed from the Trust. Any distributions or transfers of assets from Eber Metro to Alexbay must be repaid by Alexbay. The Estate is jointly and severally liable with Alexbay. Alexbay's transfer of 2000 shares of Eber Metro to Wendy Eber is deemed null and void. Eber Metro is declared to be EBWLC's wholly owned subsidiary.

13. All amendments to corporate bylaws or certificates of incorporation since June 5, 2012, are null and void. Defendants and their agents/attorneys are precluded from asserting, pursuant to any provisions of any corporate bylaws or laws governing corporate formalities, including without limitation Article 8 of the Uniform Commercial Code, that they can acquire any of Plaintiffs' ownership interests, control any of the nominal Defendants, or otherwise attempt to circumvent or interfere with this Order. Any corporate formalities required to formalize corporate control in accordance with this Order shall be carried out by duly appointed officers and directors of the Nominal Defendants promptly, but those formalities shall not

afford an excuse or opportunity for Wendy Eber retain any position of control or trust or to prevent Plaintiffs from asserting their rights and powers as recognized by this Order.

14. The 2010 transfer of a 6% ownership interest in Eber-CT from Eber Metro to Polebridge Bowman is found to have been improper and shall be disregarded. Accordingly, Eber Metro owns 85% of the equity in Eber-CT. Wendy shall immediately transfer the 6 units of Eber-CT to Eber Metro. The non-recourse note associated with the Polebridge transaction is also void and the associated debt from Wendy Eber to Eber Metro shall be canceled and disregarded.

15. Eber-CT's 2012 Employment Agreements with Lester Eber and Wendy Eber are void and set aside.

16. This Order does not resuscitate any purported debts that were extinguished in connection with any of the foregoing transactions that have now been set aside. Instead, to the extent that such debts were legitimate, the Court has taken them into consideration in computing damages on other claims. Any party or their agent who attempts to enforce any purported debts in violation of this Order shall be subject to sanction.

17. Eber Metro is the sole shareholder owning 100% of the stock of Slocum and Sons of Maine, which was subject to a call option purchased and exercised by Eber Metro. The constructive trust encompasses this entity as well and any profits Lester and Wendy received from it.

**PART III – Restraints**

18. The Court further finds that the following restraints are necessary and appropriate to preserve the rights and interests of Plaintiffs, EB&C, and EBWLC, and to avoid wasteful and duplicative disputes from arising:

a. Defendants are enjoined from asserting any claims based on purported debts to Lester Eber, his estate, or to Alexbay. The Court's computation of damages against the Estate has already considered any payments made by Lester Eber or Alexbay that the Defendants raised during the trial. Any alleged payments or debts that were not raised during the trial have been forfeited. This restraint may not be circumvented through any assignment of purported debts to any third party.

b. Wendy Eber is enjoined from transferring, assigning, encumbering, or in any way disposing of any of the equity or assets of Alexbay or Eber-CT, either in her individual capacity or in her capacity as Executrix of Lester Eber's Estate.

c. Wendy, Alexbay, and the Nominal Defendants enjoined from denying Plaintiffs or their appointed agents access to Eber-CT or Slocum of Maine and all of their employees, attorneys, accountants, books, and records.

d. Eber-CT is enjoined from making any distributions to its members without leave of the Court.

e. Eber-CT is enjoined from making any payment to Wendy Eber, including without limitation any bonus, deferred compensation, or indemnification, that is in excess of the regularly paid amounts of Wendy Eber's base salary.

f. Eber-CT is enjoined from paying any severance, bonus, deferred compensation, or indemnification to the Estate.

g. Eber-CT and Slocum of Maine are enjoined from making payments of any kind to any person or company that is owned, controlled (whether in whole or in part, directly

7

or indirectly) by, or otherwise affiliated with the Estate of Lester Eber, Wendy Eber, or their respective spouses, children, siblings, or attorneys.

h. EB&C, EBWLC, Eber Metro, Eber-CT, and Slocum of Maine are enjoined from filing any petitions for protection under the bankruptcy laws, or otherwise seeking the appointment of a receiver or trustee.

i. Alexbay and Wendy Eber, whether in propria persona or through counsel, are enjoined from taking any actions that would interfere with or delay any part of this Order taking effect, even though such actions might not be explicitly enjoined or prohibited. This provision shall not be interpreted to prevent any Defendant from appealing to, or seeking a stay of this Order from, the U.S. Court of Appeals for the Second Circuit or the U.S. Supreme Court.

These restraints shall continue until further order of this Court. Any request to terminate some or all of these restraints, or to permit any specific exception to these restraints, shall be filed with the Court without delay, on notice to all other parties. These restraints shall not apply to Canandaigua National Bank.

19. Within seven (7) days of the date of this Order, Defendants and Nominal Defendants shall file a declaration under penalty of perjury listing any transactions that occurred within the preceding twelve (12) months that would have violated any of the foregoing restraints had this order been in effect at the time. Plaintiffs shall have seven (7) days after receiving disclosure of any such transactions to identify to this Court any transactions that Plaintiffs contend should be voided and a succinct statement of the grounds for doing so.

20. With respect to any previously undisclosed transactions that are disclosed pursuant to this Order or that are discovered within a reasonable time after having the opportunity to directly review the books and records of EB&C and its subsidiaries, this Order is not intended to limit the Plaintiffs' or the Nominal Defendants' opportunity to seek equitable relief or money damages, either by institution of a new lawsuit or by motion to amend the judgment under Federal Rule of Civil Procedure 60(b).

21. Defendants or their counsel shall immediately serve a copy of this Order on all managers, officers, or senior employees of Eber-CT, including without limitation the General Manager and the Chief Financial Officer. Proof of service shall be filed with this Court within 48 hours. An email from the recipient confirming receipt shall suffice as proof of service.

22. *[This Order concerns injunctive relief only. A separate Order shall address other aspects of Plaintiffs' equitable claims and the relief that they and certain Nominal Defendants are entitled to recover.]*

SO ORDERED.

DATED:   New York, New York

_____, 2021

_____

LEWIS A. KAPLAN

United States District Judge