UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> WENDY EBER, in her individual capacity and as Executrix u/w/o LESTER EBER, et al., <br><br> Defendants. | 16-cv-9517(LAK) |

### [Plaintiffs' Proposed] ORDER

WHEREAS, a trial of this matter was held from September 14, 2021, through September 22, 2021, and at the conclusion, the Court reserved decision and directed the parties to file post-trial briefs along with proposed findings of fact and conclusions of law;

WHEREAS, the Court entered temporary injunctive relief, orally on the record for a period of 14 days and extended it for an additional period of ___ days;

IT IS NOW ORDERED that the following restraints shall remain in place pending a final determination by the Court of the trial of this action and for seven (7) days thereafter, absent prior written approval of the Court on notice to the Plaintiffs: Defendants Wendy Eber (in her individual capacity, in her capacity of Executrix of the Estate of Lester Eber, and in her capacity as officer, director, shareholder, or member of any of the entity Defendants) and Alexbay, LLC, and the Nominal Defendants, are enjoined from selling, transferring, distributing, encumbering (including without limitation granting any lien or security interest), or otherwise disposing of any equity interest in or assets of, or belonging to, directly or indirectly, Alexbay or any Nominal Defendant or any of their affiliates, or causing any other Nominal Defendant or its affiliate to

dispose of such assets, other than in the ordinary course of business (for the avoidance of doubt, any payments of bonuses to Wendy Eber or distributions to equity holders would constitute transactions outside the ordinary course of business); and

IT IS FURTHER ORDERED that (a) any request to exclude a particular transaction prohibited by this Order shall be submitted by letter to this Court and Plaintiffs, and (b) this Order shall not prohibit transactions in direct connection with Eber-CT's Amended and Restated Credit Agreement dated as of February 24, 2017, as amended, <u>provided that</u> any such transaction that would otherwise violate this Order but for this exception <u>must</u> be disclosed to Plaintiffs in writing (in sufficient detail for Plaintiffs to understand the nature, amount, and parties to such transaction, including draft transaction documents if available) as soon as practicable after deciding to pursue such transaction, but no later than at least 48 hours in advance, so that Plaintiffs have an opportunity to seek further relief from this Court.

IT IS FURTHER ORDERED that the Defendants and Nominal Defendants shall, no later than October 26, 2021, file with the Court a sworn declaration disclosing whether there have been any transactions within one year prior to the date of this Order, that would have violated this Order if it had been in effect at the time, and, if so, identifying and describing any such transactions. Any documentation of such transactions shall be produced to Plaintiffs at the time of the disclosure. This disclosure shall include any transactions documented, in whole or in part, within the past year, without regard to any effective date (e.g., "as of") applied to the transaction or any component thereof.

IT IS FURTHER ORDERED that the foregoing provisions of this Stipulation and Order do not apply to Canandaigua National Bank.

SO ORDERED

_____
Honorable Lewis A. Kaplan
United States District Judge