UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, et al., | |
| Plaintiffs, | |
| -against- | 16-cv-9517(LAK) |
| WENDY EBER, in her individual capacity and as Executrix u/w/o LESTER EBER, et al., | |
| Defendants. | |

## **ORDER**

WHEREAS, a trial of this matter was held from September 14, 2021, through September 22, 2021, and at the conclusion, the Court reserved decision and directed the parties to file post-trial briefs along with proposed findings of fact and conclusions of law;

WHEREAS, the Court entered temporary injunctive relief orally on the record for a period of 14 days and extended it for an additional period of 7 days;

WHEREAS, a conference was held on October 13, 2021, during which the parties expressly waived any requirement for this Court to make findings of fact or conclusions of law to support this Order;

IT IS NOW ORDERED that the following restraints shall remain in place pending a final determination by the Court of the trial of this action and for seven (7) days thereafter, absent prior written approval of the Court on notice to the Plaintiffs: Defendants Wendy Eber (in her individual capacity, in her capacity of Executrix of the Estate of Lester Eber, and in her capacity as officer, director, shareholder, or member of any of the entity Defendants) and Alexbay, LLC and the Nominal Defendants are enjoined from selling, transferring, distributing, granting any

lien or security interest of any kind in or on, or otherwise disposing of any shares or membership

interest in, or assets of, or belonging to, directly or indirectly, Defendant Alexbay, LLC, or any

Nominal Defendant, or causing any other Nominal Defendant to dispose of such assets, other

than in the ordinary course of business (for the avoidance of doubt, any payments of bonuses to

Wendy Eber or distributions to equity holders would constitute transactions outside the ordinary

course of business).

IT IS FURTHER ORDERED that (a) any request to exclude a particular transaction

prohibited by this Order, including without limitation any tax distributions, shall be submitted by

letter to this Court and Plaintiffs at least five (5) business days in advance of the desired closing

date for such transaction; and (b) this Order shall not prohibit transactions in direct connection

with Eber-CT's Amended and Restated Credit Agreement dated as of February 24, 2017, as

amended, provided that any such transaction that would otherwise violate this Order but for this

exception must be disclosed to Plaintiffs in writing (in sufficient detail for Plaintiffs to

understand the nature, amount, and parties to such transaction, including draft transaction

documents if available) as soon as practicable after deciding to pursue such transaction, but no

later than at least 48 hours in advance, so that Plaintiffs have an opportunity to seek further relief

from this Court.

IT IS FURTHER ORDERED that the Defendants and Nominal Defendants shall, no later

than October 26, 2021, file with the Court a sworn declaration disclosing whether they have sold,

transferred, granted a security interest or lien of any kind in or on, or caused any other

disposition of any shares of stock or membership interest of Defendant Alexbay, LLC or any

Nominal Defendant within one year prior to the filing of this Order, and if so, identifying and

describing any such transactions. Any documentation of such transactions shall be produced to

Plaintiffs at the time of the disclosure. This disclosure shall include any transactions documented, in whole or in part, within the past year, without regard to any effective date (e.g., "as of") applied to the transactions' documentation.

IT IS FURTHER ORDERED that the foregoing provisions of this Stipulation and Order do not apply to Canandaigua National Bank.

SO ORDERED

_____

Honorable Lewis A. Kaplan
United States District Judge

3