**BROOK & ASSOCIATES, PLLC**
— NEW YORK | NEW JERSEY —

BRIAN C. BROOK                                                                                                           100 CHURCH STREET
BRIAN@BROOK-LAW.COM                                                                                          FLOOR 8
                                                                                                                                      NEW YORK, NY 10007
                                                                                                                                      TEL: (212) 256-1957

October 22, 2021

**By ECF and Email**

The Honorable Lewis A. Kaplan
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
           **Request to Extend Plaintiffs' Time to Address Subject Matter Jurisdiction**

Dear Judge Kaplan,

In the latest and, hopefully, last example of Defendants' bad faith litigation tactics, eight pages of Defendants' proposed Conclusions of Law raises a brand-new argument about how this Court has lacked subject matter jurisdiction since 1970. Specifically, Defendants contend that a subspecies of the probate exception called the *Princess Lida* doctrine, regarding *in rem* jurisdiction over a trust, applies to this case because, they say, Plaintiffs' claims are *quasi in rem*.[1] Defs. Findings & Conclusions at 99–107.

Because this argument is effectively a dispositive motion filed long after the deadline to file such motions, Plaintiffs request at least the standard 14-day period to respond to this new issue, and to do so separately from the issues raised at trial. Plaintiffs still intend to file their reply to the issues raised concerning the trial on the scheduled date of October 29, 2021, so the extension would only apply to a separate brief to address subject matter jurisdiction, which would be filed by November 5, 2021.[2]

---

[1] The other defendants (who have since settled) filed motions to dismiss for lack of subject matter jurisdiction based on the probate exception, but the Eber Defendants elected not to do so. Now they raise the same issue with only slightly different dressing, mischaracterizing all of Plaintiffs' claims as if they are about the administration of the Trust and as if Plaintiffs are asking this Court to order Lester (deceased) to take particular actions as co-trustee. Defendants may merely be attempting to preserve the issue for appeal since they hope to stay any injunctive relief this Court may enter pending not only an appeal, but also a petition for *certiorari*—now that they have for the first time raised an issue of federal law.

[2] Although Defendants' filing was due on October 21, they did not serve it on Plaintiffs or this Court until after midnight New York time, so November 5 is 14 days after Defendants' submission.

October 22, 2021 BROOK & ASSOCIATES
Page 2

To be sure, Defendants' argument is probably frivolous. Indeed, it is already law of the case that Plaintiffs' claims are *in personam*, not *in rem*. See MTD Mem. Op. 3, ECF No. 57 (rejecting application of the probate exception in part on grounds that Plaintiffs' claims are *in personam*). The central claims for injunctive relief involve reverting title to the misappropriated shares of Eber Metro and Eber-CT; neither of those companies were directly owned by the Trust and thus were not even arguably within the Surrogate Court's *in rem* jurisdiction. Only the Trust's shares of EB&C were considered Trust assets by the Surrogate Court in 2017.

Notably, Defendants no longer contend that Lester had any legal authority to demand that CNB transfer those shares to himself instead of to Plaintiffs, meaning CNB should have been permitted to transfer EB&C shares directly to Plaintiffs in 2017. Despite conceding that Lester's attempt to invoke EB&C's bylaws was indefensible, Defendants now want to use CNB's delay in distributing EB&C shares to Plaintiffs as grounds to declare all of Plaintiffs' corporate law claims as shareholders of EB&C as if they are *quasi in rem* claims against the Trust. Defendants' unanticipated about-face on this threshold issue of standing and jurisdiction is sufficiently convoluted that it warrants Plaintiffs having additional time to respond.

In sum, Defendants have significantly expanded the scope of the issues required to be addressed in a short period of time, and Plaintiffs should have a modest amount of additional time to respond accordingly. Plaintiffs have sought Defendants' consent to this request but have received no response after more than five hours, despite requesting a response within three. This Court should grant the request and allow Plaintiffs to respond to this new issue on or before November 5, 2021.[3]

We thank the Court for its attention to this matter.

Respectfully submitted,

Brian C. Brook

cc:    All counsel of record

---

[3] Because they strategically delayed raising this argument, Defendants should receive no opportunity to reply.