# BROOK & ASSOCIATES, PLLC
### NEW YORK | NEW JERSEY

**BRIAN C. BROOK**  
BRIAN@BROOK-LAW.COM

100 CHURCH STREET  
FLOOR 8  
NEW YORK, NY 10007  
TEL: (212) 256-1957

August 29, 2022

**By ECF and Email**

The Honorable Lewis A. Kaplan  
United States District Judge  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

**Re:** *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP  
**Update Regarding Eber-CT's Upcoming Tax Distributions and Estate Matters**

Dear Judge Kaplan,

I write on behalf of Plaintiffs in the above-named matter, primarily to inform the Court that the parties dispute the propriety of an upcoming tax distribution to be made by Eber-CT—85% of which would go to Wendy Eber (6%) and the Estate of Lester Eber (79%).

As your Honor will recall, we last conferred with the Court on October 13, 2021, about whether it was necessary to carve out "tax distributions" from the preliminary injunction. Defendants had argued that it was necessary to make those distributions unencumbered in the near future. But during the discussion, your Honor agreed with my point that the earliest possible date when tax distributions would even theoretically be necessary was in January, given the standard January 15 IRS deadline for paying estimated taxes on fourth quarter income. We heard nothing from Defendants about any proposed tax distributions for the next ten months.

On August 18, 2022, defense counsel informed me that Eber-CT's accountant had determined that a tax distribution was necessary sometime in September. *See* Ex. A (copy of correspondence with Frank Santoro). Despite repeated requests for more details on the amounts and timing and affording over a week to simply convey the math that the accountant had presumably already completed, defense counsel did not provide it. *Id*. Instead, defense counsel conveyed his incorrect belief that we would consent to such a distribution without involving the Court. *Id*.

Because Eber-CT is on a fiscal year that ends on May 31, the tax deadline appears to be September 15 rather the usual April 15. If this Court reverses the 2012 Metro Transfer and imposes a constructive trust under the no-further-inquiry rule, Plaintiffs could be liable for a

substantial percentage of the taxes on income.[1] Even if they are not liable, a "tax distribution" would mean untold sums going to Defendants that may difficult if not impossible to recover.

To be sure, Plaintiffs will have no objection to making a distribution to Eder-Goodman based on its 15% stake in Eber-CT. But payments to third parties are quite different from payments to Wendy Eber or to Lester's Estate, which she controls. I believe the Court recognized that difference as well during the October conference call, when your Honor indicated a hope to make a ruling before having to decide whether to permit such a distribution to Defendants.

Any distributions made to Lester Eber's Estate are likely to be dissipated.[2] Even though the Surrogate who presided over Lester Eber's Estate entered some measure of an injunction to preserve assets,[3] that injunction has many loopholes. For example, Wendy Eber has repeatedly requested that the Estate pay the entirety of the defense legal fees in this case, without any allocation to her based on the joint representation. The Surrogate recognized my clients' objection in part and limited those legal fees to about 70% of the fee request. However, 100% of defense expert costs and any other "expenses" were paid by the Estate without the need for Surrogate approval.

Finally, I wanted to let the Court know that settlement discussions did continue after the conference with Magistrate Judge Parker, but we are at an insurmountable impasse regarding non-financial matters. During trial, your Honor observed, "I just can't imagine that there are not enough assets" to make a settlement feasible, and I believe all parties took to that to heart during discussions. However, there are complications when the assets are in the form of a going concern about which only one side has any substantial insight, and when that same side insists upon a general release, including a release of unknown claims that might be held by that very same going concern. No one would buy an expensive used car without an inspection, a warranty, or even a right to sue for fraud if the car was misrepresented. At the same time, no defendant would want to give away their main bargaining chip without being assured of peace. Thus, we have been at an impasse for several months.

---

[1] Because Eber-CT's parent companies had significant losses during the years when Lester Eber was still operating them, it is unclear whether any taxes would actually due on such income, making tax distributions potentially unnecessary for anyone other than Eder-Goodman.

[2] It is unclear what assets the Estate has left. According to the attorney for David Eber, Wendy's brother, Wendy in her role as Executrix has refused to provide an accounting of assets to the Estate's other beneficiaries. Her probate attorney has, however, represented that the assets besides Alexbay are not substantial, and that was before the Surrogate allowed the Estate to pay hundreds of thousands of dollars in legal costs, including primarily the defense costs in this litigation.

[3] The Surrogate unexpectedly recused himself without explanation earlier this summer after I objected to an Underberg & Kessler fee petition that misleadingly implied that it only represented Lester's Estate after he died and therefore all of the firm's fees should be paid by the Estate. It is my understanding that no one is currently presiding over Lester's Estate proceeding in the Monroe County Surrogate's Court.

August 29, 2022   **BROOK & ASSOCIATES**
Page 3

We thank the Court for its attention to this matter.

                                          Respectfully submitted,

                                          Brian C. Brook

cc:   All counsel of record

# Exhibit A



Brian Brook &lt;brian@brook-law.com&gt;

## Eber

**Brian Brook** &lt;brian@brook-law.com&gt;   Thu, Aug 25, 2022 at 8:56 AM
To: "Santoro, Frank T." &lt;FSantoro@farrellfritz.com&gt;

Frank,

Thank you for getting back to me despite how busy you are. All I was looking for was the details presumably already calculated by the accountant and the date.

I will speak with my clients. There is very little chance we will not contest. Any money other than that to EG should go into escrow. If necessary we might be willing to post a bond for the potential tax penalties if the taxes end up actually being owed by the Defendants rather than my clients.

Best of luck with everything on your plate.

Brian

On Thu, Aug 25, 2022, 10:39 AM Santoro, Frank T. &lt;FSantoro@farrellfritz.com&gt; wrote:

> Brian:
>
> I will not have what you need by tomorrow morning.  I apologize, but I cannot make a promise I cannot deliver on as I have several other hard deadlines that I have to meet today and tomorrow.   I will get you something as soon as I am reasonably able, hopefully tomorrow.  My expectation is that we are going to lay it out for you with the accountant's certification where we can just do a consent order so that there is no need for a contested application.
>
> **Frank T. Santoro**
> Farrell Fritz, P.C.
> Grand Central Plaza
>
> 622 Third Avenue
>
> 37th Floor
>
> New York, NY 10017
>
> (646) 237-1807 | fax (646) 237-1817 | fsantoro@farrellfritz.com | www.farrellfritz.com
>
> 400 RXR Plaza
>
> Uniondale, NY 11556-3826
> (516) 227-0635
>
> Visit the New York Estate Litigation Blog www.nyestatelitigationblog.com
>
> **PLEASE TAKE NOTICE:**  The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or

taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited.  If you receive this transmission in error, please contact the sender immediately and delete the material from your computer.

**From:** Brian Brook <brian@brook-law.com>
**Sent:** Thursday, August 25, 2022 11:35 AM
**To:** Santoro, Frank T. <FSantoro@FarrellFritz.com>
**Subject:** Re: Eber

External Email

Frank,

It has now been a week. I will need an answer on the distribution details by first thing tomorrow morning, as I will start driving probably around 8am Eastern. If I don't hear from you (and maybe even if I do), I'm going to have to send Judge Kaplan a quick letter stating our objection since that will be 5 days before September begins and I'm still not sure if your side is considering what you sent me to constitute sufficient notice. And if I recall the last conference with him, he made it pretty clear he wanted time to possibly rule before deciding whether to alter the injunction to allow a large distribution to the Defendants.

Also, any update on whether your client is open to the possibility of doing a deal that doesn't include a general release? The analogy I've used to explain why we cannot do that is that it's like asking someone to buy a used car, without an inspection or warranty, and without even the ability to sue for fraud. But paying millions of dollars for the car. We saw on LinkedIn that another employee left a while back so we are concerned about how much time it's taking and the fact that Wendy refused our prior request to speak to an employee who had given notice.

Thanks for your attention to this,

Brian

On Tue, Aug 23, 2022 at 10:26 AM Santoro, Frank T. <FSantoro@farrellfritz.com> wrote:

> Working on it.
>
> **Frank T. Santoro**
> Farrell Fritz, P.C.
> Grand Central Plaza

622 Third Avenue

37th Floor

New York, NY 10017

(646) 237-1807 | fax (646) 237-1817 | fsantoro@farrellfritz.com | www.farrellfritz.com

400 RXR Plaza

Uniondale, NY 11556-3826
(516) 227-0635

Visit the New York Estate Litigation Blog www.nyestatelitigationblog.com

**PLEASE TAKE NOTICE:** The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you receive this transmission in error, please contact the sender immediately and delete the material from your computer.

**From:** Brian Brook <brian@brook-law.com>
**Sent:** Tuesday, August 23, 2022 10:26 AM
**To:** Santoro, Frank T. <FSantoro@FarrellFritz.com>
**Subject:** Re: Eber

External Email

I am following up on this. Please advise.

On Thu, Aug 18, 2022 at 4:24 PM Brian Brook <brian@brook-law.com> wrote:

> When will you be notifying us and the court of the details? I am soon going to be traveling.
>
> On Thu, Aug 18, 2022, 12:55 PM Santoro, Frank T. <FSantoro@farrellfritz.com> wrote:
>
>> Brian: just a heads up, the accountant is advising that some estimated taxes are due in September and we have the injunction in place.

**Frank T. Santoro**
Farrell Fritz, P.C.
Grand Central Plaza

622 Third Avenue

37th Floor

New York, NY 10017

(646) 237-1807 | fax (646) 237-1817 | fsantoro@farrellfritz.com | www.farrellfritz.com

400 RXR Plaza

Uniondale, NY 11556-3826
(516) 227-0635

Visit the New York Estate Litigation Blog www.nyestatelitigationblog.com

**PLEASE TAKE NOTICE:** The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you receive this transmission in error, please contact the sender immediately and delete the material from your computer.

--

Brian Brook

**Brook & Associates, PLLC**

100 Church St. Fl. 8

New York, NY 10007

(212) 256-1957

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

--

Brian Brook

**Brook & Associates, PLLC**

100 Church St. Fl. 8

New York, NY 10007

(212) 256-1957

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.