**BROOK & ASSOCIATES, PLLC**
— NEW YORK | NEW JERSEY —

BRIAN C. BROOK
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

September 1, 2022

**By ECF and Email**

The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
**Response to Letter Motion for a Conference**

Dear Judge Kaplan,

I write on behalf of Plaintiffs in the above-named matter to respond to Defendants' letter motion requesting a conference.

Plaintiffs have no objection to holding a conference, however, Defendants' assertion that they "await Plaintiffs' comment" is inaccurate. I had already responded several hours earlier with a handful of simple but critical questions, and I did so just 45 minutes after receiving their proposal and supporting documents. Although I am awaiting their response to those basic questions, the barebones information provided is consistent with our concern about dissipation of assets. For example, we just today learned that *nominal* defendant Eber Metro apparently paid a significant amount of Wendy Eber's legal expenses for the year ending May 31, 2021. Defendants have not disclosed similar information for the year ending May 31, 2022, even though that is the relevant tax year to their request to alter the preliminary injunction. Thus, Plaintiffs continue to believe that distributing funds to Eber Metro or to Wendy Eber should not occur, but a distribution to 15% owner Eder-Goodman should proceed.

Plaintiffs do object, however, to Defendants' request that the Court have a substantive discussion with Magistrate Judge Parker about the content of settlement discussions. We last spoke with Judge Parker in November 2021; any details she might recall or opinions she might have formed would be stale and unreliable. Judge Parker advised the parties that she would tell your Honor that the parties were not close to a settlement but that she had encouraged the parties to continue discussions. Several significant developments occurred in the months thereafter about which Judge Parker presumably has no knowledge. Given what Judge Parker said she would report and

September 1, 2022  
Page 2

BROOK & ASSOCIATES

the amount of time that has passed, we believed it was important to let your Honor know that the parties were at an impasse based on the very nature of the assets at issue and the disparate amount of information about the assets that is currently available to the parties—something that will not change with any amount of additional time. I sought to avoid giving even a hint at the parties' respective positions that might disclose the substantive equivalent of the "number" being discussed and without casting blame on the other side, i.e. the kind of information about which the factfinder should remain unaware.

We thank the Court for its attention to this matter.

Respectfully submitted,

Brian C. Brook

cc: All counsel of record