**BROOK & ASSOCIATES, PLLC**
— NEW YORK | NEW JERSEY —

BRIAN C. BROOK
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

September 13, 2022

**By ECF and Email**

The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
**Response to Defendants' Request to Amend the Preliminary Injunction**

Dear Judge Kaplan,

I write on behalf of Plaintiffs in the above-named matter to respond to Defendants' letter motion regarding Defendants' request to permit Eber-CT to distribute funds to its three current equity owners, Wendy Eber (6%), Eber Metro (79%), and Eder-Goodman, LLC (15%). After conferring further with defense counsel, Plaintiffs do not object to the proposed distribution to Eder-Goodman but do object to distributing funds to Eber Metro and Wendy Eber.

Initially, based on Defendants' representation that Eber Metro itself would pay the entire distribution amount as taxes to the IRS without diverting funds to other purposes, we were inclined to consent to the Eber Metro distribution. However, after reviewing the applicable portion of the tax code and confirming my understanding with defense counsel, we concluded that the distribution should not occur because, in fact, no taxes should be due at all.

Eber Metro has a significant net operating loss (NOL) carryover that can offset much more than the fiscal 2021 income. The only reason that Eber Metro would arguably owe any taxes for fiscal 2021 is if Internal Revenue Code Section 382's cap on NOL deductions applies because Eber Metro's ownership supposedly changed in 2012 when EBWLC transferred its shares to Alexbay and then Alexbay transferred some of its shares to Wendy.

Based on Magistrate Judge Parker's ruling that the no-further-inquiry rule applies to that 2012 transaction, Plaintiffs contend that they have the right to set that transaction aside without any further inquiry. And even though this Court has yet to issue a ruling on the specific remedy and an alternative is possible, this Court's preliminary injunction order found that Plaintiffs are

September 13, 2022											BROOK & ASSOCIATES
Page 2

"likely" to prevail in this respect. Therefore, at the end of the day, the odds are that Eber Metro will probably not owe any taxes for fiscal 2021; and thus, a tax distribution is unnecessary.

As for the amount to Wendy, she will have owned no equity and thus will owe no taxes if the 2010 Polebridge Bowman transaction is set aside. And in any event, Wendy certainly has more than sufficient financial resources to pay a modest amount of additional taxes now to avoid penalties—if she believes that the 2010 transaction (and all three of her explanations for why it occurred) will likely pass muster. If instead the transaction is set aside, then the six percent equity stake will revert to Eber Metro and no taxes will be due.

At the minimum, if this Court does permit the distributions to Eber Metro and Wendy to proceed, Plaintiffs request that any order expressly prohibit the funds from being used for any purpose other than payments to the IRS or state taxing authorities. Such a restriction is necessary given Wendy's record of using funds from Lester's Estate and these nominal parties to finance her own defense in this litigation.

We thank the Court for its attention to this matter.

										Respectfully submitted,

										Brian C. Brook

cc:	All counsel of record