# BROOK & ASSOCIATES, PLLC

### NEW YORK | NEW JERSEY

**BRIAN C. BROOK**
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

January 17, 2023

**By ECF and Email**

The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
    **Update Regarding Depleted Assets and Request for a Conference**

Dear Judge Kaplan,

I write on behalf of Plaintiffs in the above-named matter to inform the Court of developments over the last few weeks and to request a conference. At the conference, Plaintiffs respectfully request that the Court order Defendants to disclose promptly future material adverse events at Eber-CT pending a decision, as we recently learned that Defendants failed to provide such information to Plaintiffs even though their counsel had promised to do so a year ago.

Plaintiff Daniel Kleeberg, who works in the wine and liquor industry, recently learned that Eber-CT was "dualed" by one of its largest wine suppliers in late 2022. According to Connecticut state records, that supplier will be able to sell Eber-CT's currently exclusive brands through a second distributor in Connecticut beginning in May 2023 (unless the supplier withdraws its filed "dualing" notice). To our knowledge, this is the third brand that has "dualed" Eber-CT since December 2021. Defendants informed us of the first two a year ago, but not the third—and largest—despite having previously represented that they would share such information going forward.

It is also our understanding that there may be other negative events occurring at Eber-CT. I hesitate to post what may be mere rumors on the public record that could negative impact the value of Eber-CT. However, we will be prepared to discuss those during a conference.

To their credit, Defendants did provide Plaintiffs with an audited financial statement for the last fiscal year when it became available in the Fall of 2022. But that statement does not contain information that my clients and the Court ought to know about the challenges facing Eber-CT

now and in the near future. Therefore, Plaintiffs respectfully request that the Court order Defendants to provide immediate disclosures to Plaintiffs and to the Court[1] about (a) any notices of current suppliers terminating Eber-CT or adding another distributor for one or more of Eber-CT's brands; (b) any sales, marketing, customer relations, or administrative employees giving notice of termination of their employment, including the name and contact information for such individuals so that my clients may attempt to intercede on Eber-CT's behalf; and (c) any other information about Eber-CT that would constitute an actual or potential material adverse event.

Additionally, this Court should know that, on or about December 30, 2022, Wendy depleted her father's estate's assets to pay over $200,000 more in legal fees associated with this litigation. She did so without consent from a Surrogate because, over the summer, the sole Surrogate in Monroe County recused himself and no replacement has been appointed by the Administrative Judge. As a result, it appears that Wendy's counsel has taken the position that the Surrogate's order restraining Estate assets terminated on December 29, 2022, despite the fact that there is still no replacement Surrogate who has been appointed who could possibly consider an extension of the earlier restraining order.

The payment constitutes not only a far more significant depletion of assets than the $25,000 "tax distribution" that this Court disallowed in September, but also evidence that Wendy continue to find and abuse every opportunity available, and then some. That is apparent from the affirmations in support of an earlier-filed petition for permission to pay the fees submitted by defense counsel. As the attached affirmation of Frank Santoro shows, there is no attempt to explain how, if at all, the fees are to be allocated between the Estate and Wendy. In fact, the affirmation misleadingly indicated that Farrell Fritz represented Wendy merely in her capacity as Executor of Lester Eber's Estate. *See* generally Ex. A (always referring to Wendy as "Executor of the Estate").[2] Ultimately, on December 30, 2022, Wendy withdrew the petition and advised the parties that she was merely making the payment without Surrogate consent. *See* Ex. B.

The depletion of assets is concerning because, according to Mr. Santoro, the Estate already lacks sufficient assets to satisfy a judgment in this case. *See* Ex. A ¶ 12 ("Plaintiffs in the federal litigation seek equitable relief and damages that will render the Estate insolvent if granted").

---

[1] We believe such disclosures to the Court should be under seal given the sensitive nature of the information.

[2] The first paragraph alone would have misled any appointed replacement Surrogate into believing that Wendy's sole role was as an administrator of the Estate, rather than as a defendant in her individual capacity and probably the most culpable one of the three individuals originally named as defendants. *See id.* ¶ 1 ("I am a Partner with the law firm of Farrell Fritz P.C., attorneys representing Wendy Eber, as Executor of the above estate (the 'Estate') with respect to the Estate's interest as a defendant in *Kleeberg v. Eber* under File Number 16-CV-9517 in the United States District Court for the Southern District of New York (the 'federal litigation'). I am familiar with the facts and proceedings in connection with the firm's representation of Wendy Eber as Executor of the Estate in the federal litigation."). Nowhere else in the affirmation or accompanying documents was this representation corrected.

**BROOK & ASSOCIATES**

Given the absence of any Surrogate to oversee the Estate and Wendy's position that she is now unrestrained in her use of Estate assets, Plaintiffs are deeply concerned about what further actions may be taken that could severely, if not irreparably, impair Plaintiffs ability to collect a judgment in their favor, should the Court so rule. That is why it is all the more crucial to ensure that the value of Eber-CT is retained and supported, and the first step towards being able to do that is to be able to know when bad things are happening at the company.

We thank the Court for its attention to this matter. And if there is anything at all that the parties can do to assist the Court in finalizing its opinion, we respectfully request that the Court let us know and we will give it our full attention.

Respectfully submitted,

Brian C. Brook

cc:   All counsel of record

# Exhibit A

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF MONROE

| | |
|---|---|
| In the Matter of the Estate of | **AFFIRMATION RE: FEES FOR LEGAL SERVICES** |
| **LESTER EBER**, | (RULE § 207.45) |
| Deceased. | FILE NUMBER <u>2020-1048</u> |

Frank T. Santoro an attorney admitted to practice in the courts of this State, affirms as follows:

1.      I am a Partner with the law firm of Farrell Fritz P.C., attorneys representing Wendy Eber, as Executor of the above estate (the "Estate") with respect to the Estate's interest as a defendant in *Kleeberg v. Eber* under File Number 16-CV-9517 in the United States District Court for the Southern District of New York (the "federal litigation").  I am familiar with the facts and proceedings in connection with the firm's representation of Wendy Eber as Executor of the Estate in the federal litigation.

2.      Wendy Eber, as Executor of the Estate, engaged Farrell Fritz P.C. in connection with the federal litigation by engagement letter, dated June 25, 2021, and that representation has continued to date.  The parties to the federal litigation are currently awaiting a verdict following a multi-day non-jury trial and extensive post-trial submissions. The federal litigation is highly complex, and marries the disciplines of estate litigation and business divorce litigation.  It involved a multi-day non-jury trial, extensive post-trial briefing, protracted and extensive settlement discussions, and recent post-trial advocacy in connection with a continuing preliminary injunction.  We expect post-trial motion practice and appeals.

3.      The amount requested in the Petition for Payment of Legal Fees (filed herewith) for payment against Farrell Fritz, P.C.'s outstanding fees for legal services and disbursements for the period September 1, 2021, through October 31, 2022 is $171,410.

4.      The amount above does not include any legal services and disbursements after October 31, 2022 through the final adjudication and/or settlement of the federal litigation.

5.      The terms of the engagement letter provide that fees will be charged based on the actual time expended by attorneys and paralegals working on the matter based on the standard hourly rates.  In 2021, the hourly rates of the attorneys and paralegals who worked on this matter were:

| | |
|---|---|
| Kevin P. Mulry, Esq. – Partner | $625 |
| Frank T. Santoro, Esq. – Partner | $585 |
| Stephen F. Melore, Esq. – Partner | $725 |
| Ilene S. Cooper, Esq. – Partner | $650 |
| Jaclene D'Agostino, Esq. – Counsel | $525 |
| James R. Maguire, Esq. – Associate | $295 |
| Yi W. Stewart, Esq. – Associate | $375 |
| Jaclyn M. Ruggirello, Esq. – Associate | $295 |
| Michelle Espey, Esq. – Partner | $525 |

| | |
|---|---|
| Samantha Skoriak -Paralegal | $325 |
| Lynn Marie Andrade – Paralegal | $245 |
| John Beauregard – Paralegal | $260 |

6.      In 2022, the hourly rates of the attorneys and paralegals working on this matter are:

| | |
|---|---|
| Kevin P. Mulry, Esq. – Partner | $660 |
| Frank T. Santoro, Esq. – Partner | $625 |
| Patrick T. Collins, Esq. – Partner | $675 |
| Stephen F. Melore, Esq., - Partner | $725 |
| Rebecca Schmutter, Esq. – Counsel | $550 |
| Michelle Espey, Esq. – Partner | $595 |
| Samantha Skoriak -Paralegal | $350 |
| Marilyn Puras – Paralegal | $290 |
| Lynne Marie Andrade – Paralegal | $275 |
| John Beauregard – Paralegal | $275 |
| Theresa Spano – Paralegal | $280 |

7.      Farrell Fritz, P.C. has billed for legal fees and disbursements during the applicable period in the amount of $606,767.46, and of that amount has outstanding legal fees and disbursements in the amount of $363,471.87, as follows:

| Billing Period | Bill | Outstanding Amount |
|---|---|---|
| September 1, 2021 through September 30, 2021 | $276,935.47 | $34,591.13 |
| October 1, 2021 through October 31, 2021 | $178,387.85 | $178,387.85 |
| November 1, 2021 through November 30, 2021 | $66,092.95 | $65,141.70 |
| December 1, 2021 through December 31, 2021 | $26,769.75 | $26,769.75 |
| January 1, 2022 through January 31, 2022 | $13,433.50 | $13,433.50 |
| February 1, 2022 through February 28 2022 | $7,983.00 | $7,983.00 |

| Billing Period | Bill | Outstanding Amount |
|---|---|---|
| March 1, 2022 through March 31, 2022 | $832.00 | $832.00 |
| April 1, 2022 through April 30, 2022 | $3,802.80 | $3,802.80 |
| May 1, 2022 through May 31, 2022 | $3,347.25 | $3,347.25 |
| June 1, 2022 through June 30, 2022 | $1,736.00 | $1,736.00 |
| July 1, 2022 through July 31, 2022 | $961.48 | $961.48 |
| August 1, 2022 through August 31, 2022 | $10,557.50 | $10,557.50 |
| September 1, 2022 through September 30, 2022 | $15,380.25 | $15,380.25 |
| October 1, 2022 through October 31, 2022 | $547.66 | $547.66 |
| **Total** | **$606,767.46**<br><br>**(Composed of $602,924.45 in legal fees and $3,843.01 in disbursements).** | **$363,471.87** |

8.     The Petition for Payment of Legal Fees (filed herewith) seeks payment against the outstanding legal fees of Farrell Fritz, P.C. for the period September 1, 2022 through October 31, 2022 is $171,410 for the reasons set forth more specifically therein.

9.     A brief description of the legal services rendered and the total time expended by counsel and counsel's staff for the period September 1, 2021, through October 31, 2022, is as follows:

Farrell Fritz, P.C. has rendered legal services as trial counsel in connection with the federal litigation in an effort to preserve and protect the assets of the Estate.  Farrell Fritz, P.C., *inter alia*, prepared for and conducted the trial in the federal litigation.  It conducted a complete review of the federal docket and prior court filings, review of pleadings and amended pleadings, review of affidavits, motion papers, deposition transcripts, key documents, and prior decisions and orders of the federal court. Farrell Fritz, P.C. further interviewed potential witnesses for trial, conducted analysis and research of applicable law, and developed and prepared Defendants' trial strategy. Farrell Fritz, P.C. prepared witnesses, prepared and selected exhibits for trial, prepared demonstrative aids, and other materials for trial.  Farrell Fritz, P.C. developed direct testimony by way of extensive witness affidavits, and prepared for cross-examination and expert testimony. Farrell Fritz, P.C. advocated in pre-trial motion practice pertaining to evidentiary issues, and prepared objections to Plaintiffs' evidentiary offerings. Farrell Fritz, P.C. attended and advocated at trial from opening statements to closing statements.

Post-trial, Farrell Fritz, P.C. attended to extensive post-trial memoranda and findings of fact and conclusions of law and other necessary post trial submissions.  It further advocated regarding Plaintiffs' demand for a temporary restraining order and preliminary injunction.  Farrell Fritz, P.C. has also attended to and advocated for critical modifications of Plaintiffs' preliminary injunction to address important tax matters  Further, Farrell Fritz, P.C. has made extensive efforts to facilitate and foster settlement discussions at the direction of the Executor.

The total time expended by counsel and counsel's staff in connection with federal litigation to protect the Estate during the applicable time period:<u>1194.17 hours</u>, as follows:

| <u>Name/Role:</u> | <u>Hours:</u> |
|---|---|
| Kevin P. Mulry, Esq. - Trial Attorney | 475.67 |
| Frank T. Santoro, Esq. – Trial Attorney | 409 |
| Michelle E. Espey, Esq. – Tax Attorney | 6 |
| Rebecca Schmutter, Esq. – Tax Attorney | 8.5 |
| Stephen F. Melore, Esq. – Attorney | .5 |
| Ilene S. Cooper, Esq. – Attorney | 6 |
| Patrick T. Collins, Esq. – Attorney | 2.4 |
| Jaclene L. D'Agostino, Esq. – Attorney | 72.2 |
| James R. Maguire, Esq. – Attorney | 22.6 |
| Jaclyn M. Ruggirello, Esq. – Attorney | 7.2 |
| Michelle Espey, Esq. – Attorney | 4.5 |
| Samantha Skoriak – Paralegal | 139.1 |
| Lynn Marie Andrade – Paralegal | 23.4 |
| John Beauregard – Paralegal | 3.9 |
| Marilyn Puras – Paralegal | 2 |
| Billy Swindler – Paralegal | 11 |
| Theresa Spano – Paralegal | .2 |

10.     The undersigned notes that during the applicable time period, Farrell Fritz P.C. billed for fewer hours than its attorneys and staff devoted to this matter, and in many instances, attorney and staff time was billed at half rate or for no charge.  Moreover, Farrell Fritz, P.C. extended a courtesy discount to its invoice for the period September 1, 2021 through September 30, 2022 in the sum of $26,342.20.  Thus, while Farrell Fritz, P.C.'s attorney and staff devoted time to this matter that would have resulted in total charges for legal services rendered in the amount of $650,993.80 during the period September 1, 2021 through October 31, 2022, the firm billed the sum of $602,924.45.  Thus, Farrell Fritz P.C.'s actual blended hourly rate for this time period was approximately $505.   A copy of the biographies of the principal attorneys involved in this matter, the undersigned and Kevin P. Mulry, Esq., are annexed hereto as Exhibit "A."

11.     Farrell Fritz P.C. did not bill the Executor for the preparation of the Petition or this Affirmation regarding fees.

- 5 -

12.     The Executor was consulted as to the fees and disbursements requested and consents to the same.  Because Plaintiffs in the federal litigation seek equitable relief and damages that will render the Estate insolvent if granted, a continuing and vigorous defense is absolutely necessary to protect the Estate.

13.     The method or basis by which requested compensation was determined based on hourly rates as outlined in the engagement letter.

14.     The Legal fees rendered to the Executor and the Estate are reasonable based on various factors, including: the time and labor required; the amount in the litigation; the difficulty and novelty of the issues; the ability, experience and reputation of the attorney; and the customary fee charged for similar services. None of these factors is dispositive.  *See In re Estate of Freeman*, 40 A.D.2d 397 (4th Dep't 1973); *In re Estate of Potts*, 213 A.D. 59 (4th Dep't 1925).

15.     The legal fees charged and to be charged are within the range of customary fees for an estate involved in complex litigation occurring in the Southern District of New York. The total legal fees incurred by the Estate will not exceed a reasonable percentage of the assets of the Estate given the stakes of the federal litigation.

16.     Farrell Fritz P.C. has spent and will continue to spend a considerable amount of time in connection with the federal litigation.  It has been found that where the time claimed by an attorney representing the estate was actually spent and the services are necessary for estate administration, fees for legal services are reasonable even when the size of an estate is small.  *See*, *e.g.*, *In re Estate of Clark*, 13 Misc. 3d 1221(A) (Sur. Ct. Monroe Cty. 2006). There have been complex issues involved with this Estate that are atypical for a common estate administration.  This includes issues related to the valuation of several business entities, the distribution of the decedent's assets and litigation.  Therefore, the amount of time for legal services expended by the attorneys and paralegals of this firm as requested are reasonable under the circumstances.

17.     Counsel does not request, but reserves all rights to, a formal hearing with respect to the compensation sought herein.

Dated: December 12, 2022                           _____

                                                   Frank T. Santoro


Name of Attorney: Stephanie T. Seiffert, Esq.          Tel No.:  (585) 263-1058

Address of Attorney:  Nixon Peabody LLP, 1300 Clinton Square, Rochester, NY 14604

# Exhibit B

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF MONROE
In the Matter of the Petition for Advance Payment of
Legal Fees (SCPA § 2110) for the Estate of

**LESTER EBER**,

Deceased.

**ATTORNEY
AFFIRMATION**

FILE NUMBER 2020-1048

Stephanie T. Seiffert, Esq., an attorney admitted to practice in the courts of this State, affirms as follows:

1.      I am a Partner with the firm of Nixon Peabody LLP, attorneys representing the fiduciary of the above estate (the "Estate").  I am familiar with the facts and proceedings in connection with the administration of the Estate.

2.      A Petition for Payment of Legal Fees dated December 9, 2022 (the "Petition"), was filed with this Court on behalf of Wendy Eber, as Petitioner and Executor of the Estate, requesting that an Order be issued for the payment of certain legal fees as outlined in the Petition and Affirmations Re: Legal Fees which accompanied the Petition.

3.      While Petitioner still intends to pay the legal fees as requested in the Petition; Court permission to do so is no longer required, and as such, Petitioner seeks to withdraw the Petition for Payment of Legal Fees dated December 9, 2022.

Dated: December 30, 2022

_____
Stephanie T. Seiffert, Esq.

Name of Attorney: Stephanie T. Seiffert, Esq.            Tel No.:  (585) 263-1058
Address of Attorney:  Nixon Peabody LLP, 1300 Clinton Square, Rochester, NY 14604