

**Frank T. Santoro**
Partner

Direct Dial: 516.227.0635
Direct Fax: 516.336.2221
fsantoro@farrellfritz.com

400 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
38110-100

January 19, 2023

**By ECF and E-mail**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

  **Re:** *Kleeberg, et al. v. Eber, et al.*
     **Docket No. 16-cv-9517 (LAK)**

Dear Judge Kaplan:

We represent Defendants in the above-referenced action.

We respectfully submit this letter in response to Plaintiffs' correspondence, dated January 17, 2023 (Plaintiffs' "Letter").

We were surprised to receive the Letter, which, among other things, requests that the Court order the Defendants to provide various information about Eber-CT and its business and affairs to Plaintiffs, because Plaintiffs' counsel never even attempted to contact us beforehand to request such information. We respectfully submit that if Plaintiffs were truly interested in obtaining information concerning Eber-CT they would have requested same from Defendants rather than a submitting their pretextual Letter.[1]

Furthermore, Plaintiffs also seek an impossibly vague order requiring "Defendants to disclose promptly future material adverse events at Eber-CT pending a decision."  Such an order would unquestionably lead to extensive litigation over the meaning of "material adverse event" and "promptly" under these circumstances and is unwarranted and unjustified.

Moreover, Plaintiffs' assertions as to Wendy's administration of Lester Eber's estate are materially inaccurate.  The Hon. Christopher S. Ciacco, the Surrogate of Monroe County, ceased to recuse himself with respect to Lester Eber's estate prior to Wendy applying for an order to permit payment of legal fees in December 2022; even when he was recused, Plaintiffs'

---

[1] Plaintiffs have been manifestly irresponsible in their conduct and communications with Eber-CT's competitors in ways that have likely harmed Eber-CT's business.

January 19, 2023
Page 2

claim of an "absence of any Surrogate" to oversee the administration of Lester Eber's estate is nonsense. Plaintiffs have always had access to an Acting Surrogate.  Plaintiffs have their remedies in the Surrogate's Court, which has subject matter jurisdiction.  They nevertheless continue to invite this Court to issue orders and take actions without considering the probate exception and the *Princess Lida* doctrine.

Further, Plaintiffs' understanding of Wendy's administration of Lester Eber's estate is rooted in willful ignorance.  Again, Plaintiffs submitted their pretextual Letter to the Court without making any inquiry of Defendants concerning the estate administration.  Wendy, as Executor, has the discretion to manage the estate's assets, and to pay the estate's administration expenses, including legal fees, and she has done so prudently.  If Plaintiffs are going to claim otherwise, Wendy and the undersigned are prepared to meet their claims, and the smears contained in their Letter, in the Surrogate's Court, where those claims would be adjudicated.

In sum, Plaintiffs' Letter contains multiple misstatements and inaccurate assertions.  The most efficient and effective way to address the matters raised in their Letter would have been for Plaintiffs' counsel to communicate with Defendants' counsel.  Plaintiffs' counsel did not even attempt to contact us regarding these matters. We stand at the ready to participate in such communications, and we do not believe that a Court conference is necessary.  However, we will, of course, make ourselves available should the Court deem a conference warranted.

    Respectfully submitted,

    s/ *Frank T. Santoro*

    Frank T. Santoro

cc:     All Counsel of Record