UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DANIEL KLEEBERG et al.,

                                Plaintiffs,

            – against –

WENDY EBER, in her individual capacity and as
Executrix u/w/o Lester Eber, et al.,

                            Defendants,

            – and –                                        16-cv-9517 (LAK)

EBER BROS. & CO., INC., et al.,

                           Nominal Defendants,

            – and –

CANANDAIGUA NATIONAL BANK & TRUST
COMPANY,

                           Nominal Intervening
                           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINAL JUDGMENT**

LEWIS A. KAPLAN, *District Judge.*

          WHEREAS, this action was brought against defendants Estate of Lester Eber,

Alexbay, LLC f/k/a Lester Eber, LLC, Wendy Eber (these three defendants referred to collectively

as the "Eber Defendants"), Eber Bros. & Co., Inc., Eber Bros. Wine And Liquor Corp., Eber Bros.

Wine & Liquor Metro, Inc., Eber-Connecticut, LLC, Eber-Rhode Island, LLC, Eber Bros.

Acquisition Corp., Eber-Metro, LLC, Slocum & Sons of Maine, Inc. (these eight defendants referred

2

to collectively as the "Eber Entities" or the "Nominal Defendants"), Estate of Elliott W. Gumaer, Jr., and Canandaigua National Bank & Trust Company ("CNB" or the "Nominal Intervening Defendant");

WHEREAS, all claims against the Estate of Elliott W. Gumaer, Jr. and CNB have been settled and dismissed;

WHEREAS, a decision granting partial summary judgment to Plaintiffs was issued by Magistrate Judge Katharine H. Parker on March 25, 2021;

WHEREAS, a bench trial was held before this Court on September 14, 15, 21, and 22, 2021;

WHEREAS, this Court issued an opinion on March 30, 2023, rendering a verdict for Plaintiffs and granting certain equitable relief, including the appointment of plaintiff Daniel Kleeberg as a temporary receiver, with all the duties and responsibilities of a director, president, and secretary, of EB&C, EBWLC, Eber Metro, and Slocum Maine and an order that shareholder meetings and elections for those companies be held within 7 days;

WHEREAS, on March 30, 2023, Daniel Kleeberg dismissed the existing Board of Managers of Eber-CT and appointed a new board, which, immediately thereafter, terminated the employment of Wendy Eber as president and chief executive officer of Eber-CT and replaced her with Daniel Kleeberg;

WHEREAS, by agreement of the parties on April 5, 2023, the 750 Class B junior preferred shares of EBWLC issued to Lester Eber in 2017 are canceled without consideration rather than voided;

3

WHEREAS, on April 5, 2023, five days after notice was served on all concerned parties including Wendy Eber, shareholder and board meetings were held for EB&C, EBWLC, Eber Metro, and Slocum Maine, with board members and officers (president, secretary, and treasurer) duly elected for each company, thus terminating the temporary receivership;

It is now, therefore, ORDERED, ADJUDGED, AND DECREED that:

1.     The Eber Defendants are hereby enjoined and restrained from undertaking any acts to exercise the Transfer Restriction with respect to, or to otherwise obstruct, the final distribution of all EB&C stock from the corpus of the Allen Eber Trust.  CNB shall distribute the stock of EB&C one third to Wendy Eber in her capacity as executrix of Lester's estate, one third to Audrey Hays, one sixth to Daniel Kleeberg, and one sixth to Lisa Stein.  The Eber Defendants forthwith shall execute such documents and take such actions as CNB or the plaintiffs reasonably may request, or that the Court may order, to effectuate that distribution.

2.     The Alexbay Foreclosure is void and set aside.  The Court hereby imposes a constructive trust for the benefit of EBWLC on all property, whether personal or real, tangible or intangible, vested or contingent, that the Eber Defendants have received, or hereafter may receive, directly or indirectly, or to which the Eber Defendants now have, or hereafter obtain, any right, title or interest, directly or indirectly, that is traceable to the Alexbay Foreclosure including, without limitation, stock in Eber Metro and Eber-CT, as well as all distributions made to the Eber Defendants in relation thereto with prejudgment interest as set forth in the Opinion.  The Eber Defendants shall transfer and forthwith assign to EBWLC all such property that they now have or hereafter may obtain.

4

3.     The August 2012 Employment Agreement is void and set aside.  The Court hereby imposes a constructive trust for the benefit of EBWLC on all property, whether personal or real, tangible or intangible, vested or contingent, that the Eber Defendants have received, or hereafter may receive, directly or indirectly, or to which the Eber Defendants now have, or hereafter obtain, any right, title or interest, directly or indirectly, that is traceable to the August 2012 Employment Agreement including, without limitation, the 2,000 shares of Eber Metro stock issued to Wendy Eber thereunder.  The Eber Defendants shall transfer and forthwith assign to Eber Metro all such property that they now have or hereafter may obtain.   The Court awards prejudgment interest at the annual rate of nine percent on any distributions received by the Eber Defendants in relation to the 2,000 shares of Eber Metro stock.

4.     The Polebridge Transaction is void and set aside.  The Court hereby imposes a constructive trust for the benefit of Eber Metro on all property, whether personal or real, tangible or intangible, vested or contingent, that the Eber Defendants have received, or hereafter may receive, directly or indirectly, or to which the Eber Defendants now have, or hereafter obtain, any right, title or interest, directly or indirectly, that is traceable to the Polebridge Transaction including, without limitation, any stock in Eber-CT.  The Eber Defendants shall transfer and forthwith assign to Eber Metro all such property that they now have or hereafter may obtain.

5.     The Court hereby imposes a constructive trust for the benefit of Eber Metro on all property, whether personal or real, tangible or intangible, vested or contingent, that the Eber Defendants have received, or hereafter may receive, directly or indirectly, or to which the Eber Defendants now have, or hereafter obtain, any right, title or interest, directly or indirectly, that is

traceable to the Slocum Maine Call Option including, without limitation, all stock in Slocum Maine. The Eber Defendants shall transfer and forthwith assign to Eber Metro all such property that they now have or hereafter may obtain. The Court awards prejudgment interest at the annual rate of nine percent on any distributions received by the Eber Defendants in relation to the Slocum Maine stock.

6.      The 750 shares of Class B junior preferred EBWLC stock issued to Lester Eber on February 15, 2017 are cancelled and deemed to have had no value.

7.      The Southern Consulting Agreements are void and set aside.

8.      The 2006 Notes are void and set aside.

9.      The April 2012 Employment Agrement is void and set aside.

10.      The Estate of Lester Eber shall pay EBWLC $4,903,957.06 of principal disgorgement (the net amount after credit for $803,265.86 owed by EBWLC to Lester) and $5,177,789.49 of interest through the date of the verdict – $10,081,746.60 combined – plus interest on any unpaid balance thereafter at the annual rate of nine percent.

11.      The Estate of Lester Eber shall pay Eber-CT $3,367,278.86 of principal disgorgement and $1,960,172.16 of interest through the date of the verdict – $5,327,451.02 combined – plus interest on any unpaid balance thereafter at the annual rate of nine percent.

12.      Wendy Eber shall pay Eber-CT $2,481,413.97 of principal disgorgement and $1,382,729.14 of interest through the date of the verdict – $3,864,143.11 combined – plus interest on any unpaid balance thereafter at the annual rate of nine percent.

13.      The Estate of Lester Eber shall pay Slocum Maine $10,000 of principal

6

disgorgement and $7,416.99 of interest through the date of the verdict – $17,416.99 combined –
plus interest on any unpaid balance thereafter at the annual rate of nine percent.

14.     Wendy Eber shall pay Slocum Maine $10,000 of principal disgorgement and
$7,416.99 of interest through the date of the verdict – $17,416.99 combined – plus interest on any
unpaid balance thereafter at the annual rate of nine percent.

15.     Wendy Eber shall pay plaintiffs $650,000 of punitive damages, split evenly
among the three Plaintiffs – $216,666.66 to each – plus interest on any unpaid balance thereafter
at the annual rate of nine percent.

16.     Wendy Eber is prohibited from serving as an officer or director of EB&C,
EBWLC, Eber Metro, or Slocum Maine until March 30, 2025.

17.     The following terms are defined as follows for purposes of this Judgment:

17.1     "Opinion" means the opinion by the undersigned in this action dated
March 30, 2023.

17.2     "Plaintiffs" means plaintiffs Audrey Hays, Daniel Kleeberg, and Lisa
Stein.

17.3     "Estate of Lester Eber" means Wendy Eber, in her capacity as
executrix of the Estate of Lester Eber, and all successors thereof in
the capacity of personal representative of the said Estate.

17.4     "Estate of Elliott W. Gumaer, Jr." means Patrick D. Martin and Lucia
Gordon Gumaer in their capacities as executors of the Estate of
Elliott W. Gumaer, Jr.

17.5 &ldquo;Alexbay&rdquo; means Alexbay, LLC f/k/a Lester Eber, LLC, an entity organized under the laws of Connecticut, together with its successors and assigns.

17.6 &ldquo;Eber Defendants&rdquo; means defendants Estate of Lester Eber, Alexbay, and Wendy Eber.

17.7 &ldquo;EB&C&rdquo; means Eber Bros. & Co., Inc., an entity organized under the laws of New York, together with its successors and assigns.

17.8 &ldquo;EBWLC&rdquo; means Eber Bros. Wine and Liquor Corporation, an entity organized under the laws of New York, together with its successors and assigns.

17.9 &ldquo;Eber Metro&rdquo; means Eber Bros. Wine & Liquor Metro, Inc., an entity organized under the laws of New York, together with its successors and assigns.

17.10 &ldquo;Eber-CT&rdquo; means Eber-Connecticut, LLC, an entity organized under the laws of Delaware, together with its successors and assigns.

17.11 &ldquo;Slocum Maine&rdquo; means Slocum & Sons of Maine, Inc., an entity organized under the laws of Maine, together with its successors and assigns.

17.12 &ldquo;CNB&rdquo; means Canandaigua National Corporation d/b/a Canandaigua National Bank & Trust Company, an entity organized under the laws of the United States and having its main office in New York, together

8

with its successors and assigns.

17.13 "Allen Eber Trust" means the testamentary trust created under the will of Allen Eber dated October 27, 1969.

17.14 "Alexbay Foreclosure" means the "Agreement for Turnover and Acceptance of Eber Bros. Wine and Liquor Metro, Inc. Pursuant to New York Uniform Commercial Code," entered into between and among EBWLC, Eber Metro, and Alexbay, on June 5, 2012.

17.15 "August 2012 Employment Agreement" means the "Eber Bros. Wine & Liquor Metro, Inc. Restricted Stock Award Agreement" entered into by and between Wendy Eber and Eber-CT on August 14, 2012 and the "Employment Agreement" entered into between and among Eber-CT and Wendy Eber on August 14, 2012.

17.16 "Southern Consulting Agreements" means the "Consulting Agreement" entered into between and among Southern Wine & Spirits of Upstate New York, Inc. and Lester on August 30, 2007, as well as their subsequent at-will consulting agreement under which Lester Eber received compensation through 2020.

17.17 "Polebridge Transaction" means the "Stock Purchase Agreement" entered into between and among Polebridge Bowman Partners, LLC and Eber Metro on May 30, 2010, as well as the "Stock Purchase Agreement" entered into between and among Polebridge Bowman

Partners, LLC  and Wendy Eber on February 15, 2017.

17.18   "Slocum Maine Call Option" means the call option acquired by Eber Metro in 2005 to purchase all of the outstanding stock of Slocum Maine.

17.19   "2006 Notes" means the two purported "amended and restated" promissory notes from EBWLC to Lester, both dated March 13, 2006, in the principal amounts of $575,895135 and $1,503,750,136, as well as the two alleged previous notes, the first said to have been dated October 1, 2002 and the second August 15, 2005, each said to have been in the same principal amount as the amended and restated note that purportedly replaced it.

17.20   "April 2012 Employment Agreement" means the "Employment Agreement" entered into by and between Lester Eber and Eber-CT on April 10, 2012.

18.     Notwithstanding anything to the contrary in this Judgment, nothing herein enjoins, restrains or otherwise prohibits the Eber Defendants from litigating this action or any appeal of any order or judgment issued in this action.

19.     In accordance with Federal Rule of Civil Procedure 65(d)(2), the injunctive and restraining provisions of this Judgment are binding upon the parties; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert and participation with any, and have actual notice, of the foregoing.

10

20.     This Judgment finally disposes of all claims between and among Plaintiffs
and the Eber Defendants.  All other defendants have settled the action.  Accordingly, the Clerk shall
enter this Judgment as a final judgment and close the case.  This Court retains jurisdiction of this
case and over these parties for purposes of enforcing and resolving any disputes concerning this
Judgment.

Dated:        April 7, 2023

_____
Lewis A. Kaplan
United States District Judge