UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS, <br><br>    Plaintiffs, <br> v. <br><br>WENDY EBER, in her individual capacity and as Executrix u/w/o LESTER EBER; ALEXBAY, LLC f/k/a LESTER EBER, LLC; LUCIA GORDON GUMAER and PATRICK D. MARTIN solely in their capacities as Executors under the will of ELLIOTT W. GUMAER, JR.; and, <br><br>    Defendants, <br> and <br><br>EBER BROS. & CO., INC.; EBER BROS. WINE AND LIQUOR CORP.; EBER BROS. WINE & LIQUOR METRO, INC.; EBER-CONNECTICUT, LLC; EBER-RHODE ISLAND, LLC; EBER BROS. ACQUISITION CORP.; EBER-METRO, LLC; SLOCUM & SONS OF MAINE, INC.; and CANANDAIGUA NATIONAL BANK & TRUST COMPANY, <br><br>    Nominal Defendants. | Civil Action No. 16-CV-9517(LAK)(KHP) |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
## TO CORRECT THE JUDGMENT

            Brian C. Brook (BB 1980)
            BROOK & ASSOCIATES, PLLC
            100 Church Street, 8th Floor
            New York, New York 10007
            Telephone: (212) 257-2334
            Brian@brook-law.com
            *Attorneys for Plaintiffs Daniel Kleeberg, Lisa Stein, and Audrey Hays*

Plaintiffs Audrey Hays, Daniel Kleeberg, and Lisa Stein respectfully submit the following brief in support of their motion to correct the judgment to include the complete amount of disgorgement that the Court's verdict indicated should be in the April 7, 2023, judgment.

## ARGUMENT

Rule 60 permits the Court to correct errors or oversights that amount to clerical mistakes. Fed. R. Civ. P. 60. In this case, the Court's judgment does not match with the verdict it entered or the Court's expressed intent for the scope of disgorgement from Defendants.

### I. DISGORGEMENT OF WENDY'S COMPENSATION SINCE JANUARY 2021

First, the Court's judgment does not disgorge Wendy Eber's compensation from January 1, 2021, forward, even though the verdict ordered such disgorgement. Op. 91. In Plaintiffs' proposed judgment, the amounts of such compensation were included in the sum total for disgorgement to be paid to Eber-CT. *See* ECF No. 452 ¶ 11 & n.2. These amounts were based on information provided by Eber-CT's CFO, Wally Crumb, *id.*, and had been disclosed to defense counsel a week before the judgment was entered. The Court elected not to include the specific additional amounts, and instead only disgorged compensation through the end of 2020. *See* Op. 91 & Judgment ¶ 12 (both referencing $2,481,413.97 in compensation). At the same time, however, the Court omitted to include language that would accomplish the same task.[1]

The Court should correct the judgment to, at a minimum, include language ordering disgorgement of the compensation. Had we not been able to get the dollar amounts before the April 5 deadline, such language would have appeared in the proposed judgment, as in the verdict.

Alternatively, the Court should proceed to enter the additional amounts that Eber-CT records show was paid in salary and bonus. *See* Crumb Decl. ¶ 5 ($91,338.80 in 2023), Ex. A ($465,079.25 in 2021, inclusive of amounts paid into Wendy's 401k), Ex. B ($339,819.04 in 2022 inclusive of amounts paid into Wendy's 401k).

---

[1] By contrast, there is language about disgorging distributions that were not yet known. Judgment ¶¶ 2-5.

The following table shows the additional principal and interest (through the date of judgment, April 7, 2023) that should be added to the judgment in favor of Eber-CT against Wendy:

| Year | Compensation | Total Principal | Interest[2] | Total Due |
|---|---|---|---|---|
| 2021 | $465,079.25 | $465,079.25 | $0.00 | |
| 2022 | $339,819.04 | $804,898.29 | $41,857.13 | |
| 2023 | $91,338.80 | $896,237.09 | $17,465.19 | |
| **TOTAL** | **$896,237.09** | **$896,237.09** | **$59,322.32** | **$955,559.41** |

Crumb Decl. ¶ 5, Exs. A-B.

## II.  DISGORGEMENT OF WENDY'S DISTRIBUTIONS FROM EBER-CT AND COMPENSATION SINCE JANUARY 2021

In its decision, the Court ordered that "Wendy shall reconvey the six units of Eber-CT to Eber Metro, as well as all Eber-CT distributions received by her in relation to the six units of Eber-CT with prejudgment interest of nine percent." Mem. Op. 83. The Court noted that Wendy had received distributions totaling $154,102 in 2017 and 2018 from Eber-CT. *Id.* at 85. However, the paragraph of the judgment specifying the amount owed by Wendy to Eber-CT omitted that amount; instead, it included only Wendy's employee compensation through the end of 2020. *Compare* Judgment 5 (disgorgement of $2,481,413.97 principal); Mem. Op. 91 (ordering "disgorgement of $2,481,413.97 in compensation from Eber-CT").[3] Therefore, at least with respect to $154,102 in distributions, the omission of that from the judgment could be corrected.

However, because Plaintiffs have discovered that the total amount of distributions paid directly to Wendy was less than that sum,[4] Plaintiffs do not request inclusion of the inaccurate amount. The following reflects the actual confirmed distributions by Eber-CT to Wendy:

---

[2] As in the Court's judgment, this is the amount of interest here and elsewhere is calculated at 9% simple interest, beginning only after the calendar year when payments were made and continuing through the date of the verdict.

[3] Plaintiffs' proposed judgment combined the distributions and compensation as a single sum due to Eber-CT.

[4] It appears that Wendy directed most of her 2017 distribution to Eber Metro so that it had sufficient cash to pay PBGC the settlement amount.

| Year | Distribution | Total Principal | Interest | Total Due |
|---|---|---|---|---|
| 2013 | $8,035.00 | $8,035.00 | $0.00 | |
| 2014 | | $8,035.00 | $723.15 | |
| 2015 | | $8,035.00 | $723.15 | |
| 2016 | | $8,035.00 | $723.15 | |
| 2017 | $30,000.00 | $38,035.00 | $723.15 | |
| 2018 | $5,191.00 | $43,226.00 | $3,423.15 | |
| 2019 | | $43,226.00 | $3,890.34 | |
| 2020 | | $43,226.00 | $3,890.34 | |
| 2021 | $32,941.00 | $76,167.00 | $3,890.34 | |
| 2022 | | $76,167.00 | $6,855.03 | |
| 2023 | | $76,167.00 | $6,855.03 | |
| **Total** | **$76,167.00** | **$76,167.00** | **$31,696.83** | **$107,863.83** |

\*   \*   \*

Combining Wendy's recent compensation and her distributions from Eber-CT with the amount already included in the judgment, the corrected Paragraph 12 of the judgment should be:

> 12. Wendy Eber shall pay Eber-CT $3,453,818.06 of principal disgorgement and $1,473,748.29 of interest through the date of the verdict—$4,927,566.35 combined—plus interest on any unpaid balance thereafter at the annual rate of nine percent.

If the Court declines to update the numbers in the judgment, it should nonetheless correct the judgment so that the following part of the verdict is included in it:

> Wendy shall account for and disgorge all compensation paid to her by [Eber-CT] for the period January 1, 2021 through the date of judgment. The Court awards prejudgment interest at the annual rate of nine percent calculated from the last day of the year in which the compensation payment was made until the date of judgment.

Op. 91.

### III.   DISGORGEMENT OF LESTER'S 2008 COMPENSATION FROM EBWLC

Finally, even though the Court ordered disgorgement of all of Lester's compensation after 2007 (excluding pension payments), Op. 89-90, the Court's verdict did not count Lester's 2008 compensation from EBWLC, *id.* at 90 (only 2007 and 2010). The evidence showed that

3

Lester was paid by both EBWLC and Eber-CT in 2008, and the amount of disgorgement should include the $141,404 that was paid by EBWLC in the first part of 2008. *See* Ex. 267 at 275-76.[5]

The clerical error likely happened because that is the only calendar year when Lester received a salary from two different Eber entities. It probably did not help that Defendants failed to produce a W-2 for this compensation. *See* Ex. 28 (compilation of W-2s produced by the defense). But other exhibits admitted proved that EBWLC paid Lester's compensation through May of 2008 (Ex. 221 (May 2008 email from Wendy Eber to Lester, stating, "I suggest your and my salaries move to CT on June 1, 2008.") and in that specific amount (Ex. 267 at 275 (telling the IRS that Lester was paid "$141,404" in 2008). *See also* Pls. Proposed Findings of Fact ¶ 22 (citing Ex. 267 for the combined 2008 compensation number).[6]

The following chart shows the annual interest resulting from applying 9% prejudgment interest to the 2008 compensation after the end of that year:

| Year | Compensation | Total Principal | Interest | Total Due |
|---|---|---|---|---|
| 2008 | $141,404.00 | $141,404.00 | | |
| 2009 | $0.00 | $141,404.00 | $12,726.36 | |
| 2010 | $0.00 | $141,404.00 | $12,726.36 | |
| 2011 | | $141,404.00 | $12,726.36 | |
| 2012 | | $141,404.00 | $12,726.36 | |
| 2013 | | $141,404.00 | $12,726.36 | |
| 2014 | | $141,404.00 | $12,726.36 | |
| 2015 | | $141,404.00 | $12,726.36 | |
| 2016 | | $141,404.00 | $12,726.36 | |
| 2017 | | $141,404.00 | $12,726.36 | |
| 2018 | | $141,404.00 | $12,726.36 | |
| 2019 | | $141,404.00 | $12,726.36 | |
| 2020 | | $141,404.00 | $12,726.36 | |
| 2021 | | $141,404.00 | $12,726.36 | |
| 2022 | $0.00 | $141,404.00 | $12,726.36 | |
| 2023 | $0.00 | $141,404.00 | $3,068.27 | |
| **TOTAL** | **$141,404.00** | **$141,404.00** | **$181,237.31** | **$322,641.31** |

---

[5] Numbered exhibits refer to trial exhibits previously submitted to the Court.
[6] Defendants never argued that the absence of a W-2 meant Lester was not paid by EBWLC, too, in 2008.

4

Upon correcting the judgment to include the 2008 EBWLC compensation and prejudgment interest above, Paragraph 10 of the judgment should read:

<u>10. The Estate of Lester Eber shall pay EBWLC $5,045,361.06 of principal disgorgement (the net amount after credit for $803,265.86 owed by EBWLC to Lester) and $5,359,026.80 of interest through the date of the verdict - $10,404,387.86 combined - plus interest on any unpaid balance thereafter at the annual rate of nine percent.</u>

## CONCLUSION

The Court should correct the judgment to ensure that it encompasses all of the EBWLC and Eber-CT payments to Defendants that the Court determined should be disgorged.

Respectfully submitted,

/s Brian C. Brook
Brian C. Brook (BB 1980)
BROOK & ASSOCIATES, PLLC
100 Church Street, 8th Floor
New York, New York 10007
Telephone: (212) 257-2334
Facsimile: (646) 257-2887
Brian@brook-law.com

*Counsel for Plaintiffs Daniel Kleeberg, Lisa Stein, and Audrey Hays*

Dated: April 23, 2023