# BROOK & ASSOCIATES, PLLC
NEW YORK | NEW JERSEY

**BRIAN C. BROOK**
BRIAN@BROOK-LAW.COM

100 CHURCH STREET
FLOOR 8
NEW YORK, NY 10007
TEL: (212) 256-1957

April 23, 2023

**By ECF and Email**



The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Daniel Kleeberg et al. v. Lester Eber et al.,* 1:16-cv-09517-LAK-KHP
**Request to Extend Time to File Motion for Attorneys' Fees**

Dear Judge Kaplan,

I write on behalf of Plaintiffs in the above-captioned matter.[1] As we informed the Court in post-trial briefing, Plaintiffs have long intended to file a motion for attorneys' fees based on multiple grounds, including Federal Rules 11 and 37, the common law bad faith exception, and 28 U.S.C. 1927. *See* Pls. Proposed Findings of Fact and Conclusions of Law 89 n.20.

Under Rule 54(d), that motion for attorneys' fees was due within 14 days after the entry of the judgment, which was on April 7, 2023. Regrettably, we missed that deadline, and therefore we respectfully request that the Court extend the deadline to file the motion until May 8, 2023, which is the same date when a Bill of Costs must be submitted under Local Civil Rule 54.1.

This request is filed less than one business day after the deadline passed. Nevertheless, since the deadline has passed, Rule 6(b)(1)(B) requires that Plaintiffs demonstrate excusable neglect in order to file after that deadline. Here, there are two reasons for not filing an extension request earlier. First, until just minutes ago, I had been under the mistaken belief that Local Civil Rule 54.1 also extended the time for such motions to 30 days, when in fact Rule 54.1(c)(7) states that the time specified by Rule 54 applies.

More importantly, I have been doing almost nothing but working on post-verdict matters relating to this case since March 30, 2023, including spending three or four days a week at the offices of Eber-CT in North Haven, CT to assist my clients in running the business. Among my tasks has been an attempt to settle this dispute without incurring the time, cost, and burden of post-trial motions, discovery in aid of judgment, or an appeal. As of yesterday morning, my clients determined that a resolution is not possible without at least the post-judgment discovery of assets

---

[1] As a result of this Court's judgment, I also now represent nominal defendants EBWLC, Eber Metro, Eber-CT, and Slocum Maine, which are beneficiaries of the Court's judgment.

April 23, 2023
Page 2

BROOK & ASSOCIATES

and completion of additional forensic accounting at Eber-CT. Hence, today I filed the motion to correct the judgment and began to prepare other post-judgment submissions.

In light of the representations that have been made to us and facts that we have learned since stepping into the company's offices, it is important for my clients to seek attorneys' fees not just from Defendants (who already have a substantial judgment against them), but also from their counsel when permitted by the law. To be sure, the Court need not rule now that Plaintiffs have a viable argument to permit Plaintiffs the opportunity to present their arguments in motion format.[2]

No prejudice will occur to Defendants if the Court grants this request, because they have known that Plaintiffs intend to file such a motion for years (including being served multiple Rule 11 motions to allow them the chance to invoke the safe harbor). That intention was conveyed again in the last three weeks as well.

For these reasons, we respectfully request that the time to file a motion for attorneys' fees be extended to May 8, 2023.

We thank the Court for its attention to this matter. We understand that the Court has an extremely busy schedule ahead on a matter of incredible national importance, and I apologize that I did not get this request to the Court sooner. I am filing it within less than an hour after realizing my need to do so.

Respectfully submitted,

Brian C. Brook

cc:   All counsel of record

Granted
SO ORDERED
LEWIS A. KAPLAN, USDJ
4/26/23

---

[2] Several of the arguments to be presented were included in Plaintiffs' post-trial briefing. Pls. Proposed Findings of Fact and Conclusions of Law ¶¶ 431-40.