## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

DANIEL KLEEBERG, LISA STEIN, and AUDREY HAYS,

Plaintiffs,

-against-

WENDY EBER, in her individual Capacity and as Executrix u/w/o LESTER EBER;
ALEXBAY, LLC f/k/a LESTER EBER, LLC;
LUCIA GORDON GUMAER and PATRICK D. MARTIN solely in their capacities as
Executors under the will of ELLIOTT W. GUMAER, JR.,

Defendants,

and

EBER BROS. & CO., INC.; EBER BROS WINE AND LIQUOR CORP.;
EBER-CONNECTICUT, LLC; EBER-RHODE ISLAND, LLC;
EBER BROS. ACQUISITION CORP.; EBER-METRO LLC;
SLOCUM & SONS OF MAINE, INC.; and
CANANDAIGUA NATIONAL BANK & TRUST COMPANY,

Nominal Defendants.
------------------------------------------------------------
Civil Action No. 16-CV-9517(LAK)(KHP)

## UNDERBERG & KESSLER LLP'S MEMORANDUM OF LAW
## IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR SANCTIONS

Terrence M. Connors
Katherine G. Howard
**CONNORS LLP**
*Attorneys for Underberg*
*& Kessler LLP*
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533
tmc@connorsllp.com
kgh@connorsllp.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.   The plaintiffs' Rule 37 sanctions motion, brought years too late, is waived
     and untimely. ............................................................................................................. 2

     A.   The plaintiffs have waived any right to seek Rule 37 sanctions. ............ 2

     B.   The plaintiffs' motion should be denied as untimely. ............................. 4

     C.   Awarding sanctions at this late stage of the litigation would not serve
          the purposes of Rule 37. .......................................................................... 5

     D.   Rule 54(d) does not apply. ....................................................................... 6

II.  The plaintiffs are not entitled to fees or expenses under Rule 37. ................... 7

     A.   Attorney's fees are not recoverable under Rule 37(a)(5)(C). ................... 7

     B.   Even if attorney's fees are recoverable, they are not appropriate here
          because Underberg & Kessler was substantially justified in its
          opposition and other circumstances would make an award unjust....... 12

III. The plaintiffs' fee request is unreasonable and insufficient as a matter
     of law. ...................................................................................................................... 16

     A.   The plaintiffs' claimed number of hours worked is completely
          unsupported and unreasonable.............................................................. 17

     B.   The plaintiffs' hourly rate is unreasonable. .......................................... 20

     C.   The plaintiffs are not entitled to another bite at the apple to submit
          their fee information................................................................................ 21

CONCLUSION................................................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Alliance Indus., Inc. v. Longyear Holding, Inc.*,
  No. 08CV490S, 2010 WL 3991636 (W.D.N.Y. Oct. 12, 2010) .......................... 10, 11

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975) .......................... 7

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,
  522 F.3d 182 (2d Cir. 2008) ............................................................... 16, 20

*Blum v. Stenson*, 465 U.S. 886 (1984) ........................................................ 20

*Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136 (S.D.N.Y. 2013) .................... 21

*Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202 (E.D.N.Y. 2007) ...................... 19

*Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157 (2004) ................................ 11

*EEOC v. Bardon, Inc.*,
  No. RWT-08-1883, 2010 WL 989051 (D. Md. Mar. 12, 2010) ................................ 9

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .................................................... 17, 19, 20

*Hoopes v. Carota*, 142 A.D.2d 906, 531 N.Y.S. 2d 407 (3d Dep't 1988) .................... 14

*In re Terrorist Attacks on Sept. 11, 2001*,
  No. 03-MD-1570 (GBD)(SN), 2018 WL 4096106 (S.D.N.Y. Aug. 27, 2018).............. 4

*In re Weatherford Int'l Sec. Litig.*,
  11 Civ. 1646 (LAK) (JCF), 2013 WL 12185082 (S.D.N.Y. Nov. 19, 2013).............. 2

*Mary Jo C. v. Dinapoli*,
  No. 09-cv-5635(SJF)(ARL), 2014 WL 7334863 (E.D.N.Y. Dec. 18, 2014).............. 21

*Mercy v. Suffolk Cnty.*, 748 F.2d 52 (2d Cir. 1984).................................................. 3, 6

*Millea v. Metro-North R. Co.*, 658 F.3d 154 (2d Cir. 2011) ........................................ 17

*Pavelic & LeFlore v. Marvel Enter. Grp.*, 493 U.S. 120 (1989) .................................... 9

*Peter v. Nantkwest, Inc.*, 140 S. Ct. 365 (2019)................................................. *passim*

*Pierce v. Underwood*, 487 U.S. 552 (1988) .......................................................... 12, 14

**Cases**                                                                       **Page(s)**

*Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772 (7th Cir. 1975) ........................... 3

*Rahman v. Smith & Wollensky Restaurant Group*,
   No. 06CV6198, 2009 WL 216792 (S.D.N.Y. July 21, 2009) ............................. 11, 12

*Rubin v. United States*, 449 U.S. 424 (1981) ............................................................. 10

*Rusello v. United States*, 464 U.S. 16 (1983) ................................................................ 9

*S.E.C. v. Yorkville Advisors, LLC*,
   12 Civ. 7728, 2015 WL 855796 (S.D.N.Y. Feb. 27, 2015) ............................... *passim*

*Scott v. City of New York*, 626 F.3d 130 (2d Cir. 2010) .............................................. 17

*Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879 (S.D.N.Y. 1999) .......... 4, 6

*Smith v. Conway Org., Inc.*, 154 F.R.D. 73 (S.D.N.Y. 1994) ...................................... 12

*Sullivan as Trustee of Stone Setters Local 84 Pension Fund, Annuity Fund,*
   *Vacation Fund, Apprentice Fund, and Industry Promotion Fund v. Prestige*
   *Stone & Pavers, Corp.*,
   16 CV 3348 (AT) (DCF), 2020 WL 1528117 (S.D.N.Y. Mar. 30, 2020) ..................... 1

*Uddin v. O'Brien Rest. Holding Co.*,
   No. 16-cv-2098 (RJS), 2017 WL 11674895 (S.D.N.Y. Aug. 23, 2017) ......... 12, 13, 14

*United Property & Casualty Ins. v. Couture*,
   No. 2:19-cv-08156, 2020 WL 3402396 (D.S.C. June 19, 2020) .................................. 9

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67 (2d Cir. 1988) .............................. 5

**Rules**

Fed. R. Civ. P. 37(a)(5)(A) ......................................................................................... 8, 9

Fed. R. Civ. P. 37(a)(5)(A)(ii) ...................................................................................... 12

Fed. R. Civ. P. 37(a)(5)(A)(iii) ............................................................................... 12, 16

Fed. R. Civ. P. 37(a)(5)(C) ................................................................................... 8, 9, 16

Fed. R. Civ. P. 54(d)(2)(C) ........................................................................................... 21

**Rules**                                                                    **Page(s)**

Fed. R. Civ. P. 54(d)(2)(E) ......................................................................... 6, 21

## PRELIMINARY STATEMENT

In 2019, this Court granted in part and denied in part the plaintiffs' second motion to compel the production of certain documents. Only now—more than four years later and after trial and final judgment—do the plaintiffs seek to collect fees and expenses related to that motion as sanctions under Federal Rule of Civil Procedure 37(a)(5). The plaintiffs have waived any opportunity to seek Rule 37 sanctions, and, in any event, this Court should deny their belated request as untimely. The plaintiffs' motion also fails on the merits because attorney's fees are not recoverable under Rule 37(a)(5)(C) and, even if they were, Underberg & Kessler LLP was substantially justified in its opposition to the second motion to compel, rendering an award of sanctions inappropriate. Finally, the plaintiffs' motion should also be denied because their fee request is unreasonable and insufficient as a matter of law.[1]

---

[1] The plaintiffs and defendants themselves have apparently settled these same claims. *See* Brief in Support of Plaintiffs' Motion to Impose Sanctions on Underberg & Kessler LLP and John Herbert at 2–3 (June 12, 2023), ECF No. 468. Denial of this motion would moot the need to explore that settlement agreement and its possible impact on this motion. *See, e.g.*, *Sullivan as Trustee of Stone Setters Local 84 Pension Fund, Annuity Fund, Vacation Fund, Apprentice Fund, and Industry Promotion Fund v. Prestige Stone & Pavers, Corp.*, 16 CV 3348 (AT) (DCF), 2020 WL 1528117, at *3 (S.D.N.Y. Mar. 30, 2020) (explaining that, where plaintiff had settled claims against defendant's alter-ego, magistrate judge properly recommended percentage reduction to fee award to prevent double recovery).

## ARGUMENT

**I.    The plaintiffs' Rule 37 sanctions motion, brought years too late, is waived and untimely.**

The plaintiffs' request to impose sanctions on Underberg & Kessler is narrow: they seek to recover costs and fees under Rule 37(a)(5) in connection with this Court's previous order on their second motion to compel. *See* Brief in Support of Plaintiffs' Motion to Impose Sanctions on Underberg & Kessler LLP and John Herbert at 2–3 (June 12, 2023), ECF No. 468 (hereinafter "Sanctions Brief").[2] That motion was filed on October 23, 2018, *see* Second Motion to Compel the Eber Defendants to Provide Discovery Improperly Withheld on Privilege Grounds, ECF No. 134 (hereinafter "Second Motion to Compel"), and this Court issued its decision on May 13, 2019, *see* Opinion and Order Regarding Plaintiffs' Second Motion to Compel, ECF No. 216 (hereinafter "Order")—over four years ago. Since the Court's Order, discovery closed, a bench trial was held, and final judgment has been entered.

### A.    The plaintiffs have waived any right to seek Rule 37 sanctions.

As the Second Circuit has explained, "a motion for Rule 37 sanctions should be promptly made, thereby allowing the judge to rule on the matter when it is still

---

[2] The remainder of the plaintiffs' motion is directed at John Herbert. *See id.* at 2, 5–7. In a single, conclusory sentence, the plaintiffs attempt to connect potential liability for the Herbert issue to Underberg & Kessler. *See id.* at 6. Their effort is patently insufficient, and they have waived any argument that Underberg & Kessler could be liable for the Herbert issue. *See In re Weatherford Int'l Sec. Litig.*, 11 Civ. 1646 (LAK) (JCF), 2013 WL 12185082, at *2 n.2 (S.D.N.Y. Nov. 19, 2013) (holding that plaintiffs waived argument "by failing to develop it in their opening brief"); *id.* (collecting cases).

fresh in his mind." *Mercy v. Suffolk Cnty.*, 748 F.2d 52, 55 (2d Cir. 1984). Thus, a

Rule 37 sanctions motion made after judgment "should be deemed waived" and

indeed "should normally be deemed waived if it is not made prior to trial." *Id.* at 55–

56; *see also Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 778 (7th Cir. 1975)

(concluding that Rule 37(c) expenses must be sought prior to judgment and that

post-judgment motions will be deemed waived if judgment is silent on issue). The

plaintiffs have therefore waived their Rule 37 sanctions motion by waiting until

after trial and final judgment.

An exception to the waiver rule may apply when the judgment expressly

preserves a right to make the motion later. *See Mercy*, 748 F.2d at 55–56. No such

preservation appears in the final judgment here. *See* Final Judgment (Apr. 7, 2023),

ECF No. 455. Nor did the plaintiffs object to the lack of such preservation in their

since-withdrawn motion to correct the judgment. *See* Memorandum of Law in

Support of Motion to Correct Judgment (Apr. 23, 2023), ECF No. 458.

Indeed, the plaintiffs did not even mention sanctions (let alone attempt to

preserve their right to seek them) at the time of the second motion to compel in

2018 or reasonably thereafter, as they did for other discovery motions during the

litigation. *See* Letter of Brian C. Brook (Sept. 2, 2021), ECF No. 369 (withdrawing

motion to compel supplemental discovery responses "without waiving my clients'

right to seek the recovery of expenses under Rule 37(a)(5)(A) at a later date"). At

most, over two years after the Court's Order, the plaintiffs arguably attempted to

preserve the right in a vague footnote in an unrelated motion. *See* Brief in Support

of Plaintiffs' Motion to Exclude Evidence and Testimony at 13 n.11 (Sept. 9, 2021), ECF No. 373. Of course, a party's allusion to the possibility of a Rule 37 sanctions motion at a later time is not the same as making a motion, nor does it preserve the right to make the motion post-judgment. Only the final judgment can do that. *See Mercy*, 748 F.2d at 55. Accordingly, this Court should deem the motion waived. *Id.*

**B.      The plaintiffs' motion should be denied as untimely.**

Even if the plaintiffs have not waived their right to seek sanctions under Rule 37, their "unreasonable delay" renders the motion untimely. *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 886 (S.D.N.Y. 1999); *see id.* (collecting cases where sanctions motions brought after close of discovery and/or after trial were found untimely). When, as here, the motion is not filed until years after the discovery issue, courts will deny the motion as untimely. For example, in *In re Terrorist Attacks on September 11, 2001*, the movants waited more than six years after the alleged discovery misconduct to bring their sanctions motion. No. 03-MD-1570 (GBD)(SN), 2018 WL 4096106, at *2 (S.D.N.Y. Aug. 27, 2018). That was "most certainly an unreasonable delay." *Id.*

Here, as in *In re Terrorist Attacks*, the years-long delay is egregious. The plaintiffs filed their second motion to compel nearly five years ago. *See* Second Motion to Compel, *supra*. Nowhere in that motion did the plaintiffs state that they intended to seek sanctions if they were successful. This Court decided the motion over four years ago, *see* Order, *supra*, and did not award sanctions despite Rule 37(a)(5) authorizing "reasonable expenses" in certain circumstances. The plaintiffs did not object to the Court's decision not to award sanctions, nor did the plaintiffs

seek sanctions in the days, weeks, months, or even years that followed the Court's order. In the meantime, discovery closed, the case proceeded to trial, and a final judgment was entered. Bringing a discovery sanctions motion now thus constitutes unreasonable delay, and this Court should deny the motion as untimely.

### C. Awarding sanctions at this late stage of the litigation would not serve the purposes of Rule 37.

Rule 37 sanctions serve three purposes—none of which would be furthered by imposing sanctions at this late juncture. As the plaintiffs acknowledge, discovery sanctions are designed to (1) "ensure that a party will not benefit from its own failure to comply"; (2) serve as a specific deterrent to "obtain compliance with the particular order issued"; and (3) serve as a general deterrent "on the case at hand" and "on other litigation, provided that the party against whom they are imposed was in some sense at fault." Sanctions Brief, *supra*, at 3–4 (quoting *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)). Plainly, those purposes will not be furthered by imposing sanctions in this post-judgment phase of the litigation.

First, there is no risk Underberg & Kessler will benefit from noncompliance because it abided by the Court's Order years ago, disclosing the documents that the Court found were not privileged or were subject to a privilege exception. Second, and similarly, no specific deterrent to obtain compliance with the Court's Order is needed because Underberg & Kessler has already complied. Third, sanctions cannot serve as a deterrent on the case at hand because the case is over. Final judgment was entered earlier this year. Nor are sanctions necessary as a deterrent on other litigation as there is no evidence that Underberg & Kessler acted in bad faith or

were "at fault" in their opposition to the second motion to compel. To the contrary, this Court has already found that "it was not inappropriate for [Underberg & Kessler] to withhold those documents from disclosure" because it had a "at least a colorable basis to believe that the documents were protected by the attorney-client privilege." Opinion and Order on Plaintiffs' Motion to Disqualify Counsel at 17 (May 29, 2019), ECF No. 224.[3] Thus, the purposes of Rule 37 sanctions would not be served at this late, post-judgment juncture.

### D.    Rule 54(d) does not apply.

As a final note on this matter, the plaintiffs appear to operate under the misconception that the timing of their Rule 37 sanctions motion is governed by Rule 54(d). *See* Letter Request to Extend Time to File Motion for Attorneys' Fees (Apr. 23, 2023), ECF No. 459 (representing that deadline for motion is governed by Rule 54(d)); *see also* Sanctions Brief, *supra*, at 5 n.2 (citing Rule 54(b)(2)—an apparent typo for Rule 54(d)(2)). But by its express terms, Rule 54(d)(2) does not apply to claims for fees and expenses as sanctions under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 54(d)(2)(E). Instead, a Rule 37 sanctions motion must be brought within a reasonable time. *See Mercy,* 748 F.2d at 55; *Shamis*, 34 F. Supp. 2d at 886. The plaintiffs' unreasonable delay in waiting over four years—until not

---

[3] As the Court noted, the plaintiffs' motion to disqualify "overlap[ped]" with the second motion to compel, both chronologically and substantively, because in the motion to disqualify, the plaintiffs "insist[ed] that the Eber Defendants' privilege log demonstrate[d] that [Underberg & Kessler was] purposefully withholding relevant, non-privileged, and crucial information from Plaintiffs, in violation of its ethical obligations." *Id.* at 9.

only after the close of discovery but after trial and final judgment—forecloses their opportunity to bring this Rule 37 motion now.

## II.   The plaintiffs are not entitled to fees or expenses under Rule 37.

Should the Court nevertheless determine that the plaintiffs' motion for Rule 37 sanctions has been brought within a reasonable time, their request should still be denied because it fails on the merits for two independent reasons. First, attorney's fees, as opposed to expenses, are not recoverable under the applicable subprovision of Rule 37(a). Second, even if attorney's fees are recoverable, an award of fees and expenses is not appropriate here because Underberg & Kessler's opposition to the second motion to compel was substantially justified and other circumstances would make an award unjust.

### A.   Attorney's fees are not recoverable under Rule 37(a)(5)(C).

The United States Supreme Court recently reaffirmed that the "American Rule" is the "bedrock principle" that each side pays its own attorney's fees unless a statute or contract provides otherwise. *See Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370 (2019). Starting from that principle, courts look to the language of the provision at issue to determine whether departure from the American Rule is authorized. *Id.* at 372. Pursuant to *Peter*, the language must provide "a sufficiently 'specific and explicit' indication of . . . intent to overcome the American Rule's presumption against fee shifting." *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)).

Thus, this Court must look to the language of Rule 37 to determine whether attorney's fees are authorized. Rule 37(a) provides for different remedies depending

7

on the outcome of the underlying discovery order. Here, despite the plaintiffs' suggestion to the contrary, they did not "prevail" on their second motion to compel such that sanctions are "mandatory" or "presume[ed]" under Rule 37(a)(5). Sanctions Brief, *supra*, at 2–3. Rather, this Court granted in part and denied in part the motion. *See* Order, *supra*, at 2. The difference is not merely semantic. When a motion is granted, courts "must" (absent certain circumstances) award "reasonable expenses incurred making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But when, as here, the motion is granted in part and denied in part, courts "may" "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Critically, Rule 37(a)(5)(C) omits the express reference to attorney's fees that is incorporated into Rule 37(a)(5)(A).[4]

Rule 37(a)(5)(C)'s authorization of "reasonable expenses" does not satisfy the requirement of a "specific and explicit" indication of intent to overcome the American Rule. *See Peter*, 140 S. Ct. at 372. First, looking to the plain language of the Rule, although the word "expenses" standing alone can encompass a wide variety of expenditures that may be "capacious enough to include attorney's fees, the mere failure to foreclose a fee award neither specifically nor explicitly authorizes courts to shift fees," as required to overcome the American Rule. *Id.* (alteration adopted) (internal quotation marks omitted).

---

[4] There are other important differences between Rule 37(a)(5)(A) and Rule 37(a)(5)(C). Specifically, Rule 37(a)(5)(C) permits courts to *apportion* reasonable expenses, not award the *entirety* of those expenses to one party. And it leaves the decision to apportion expenses to the court's discretion, rather than create a mandatory presumption.

Applying *Peter*'s analysis, "Reading the term 'expenses' alongside neighboring words in [Rule 37], however, supports a conclusion excluding legal fees from the scope of [Rule 37(a)(5)(C)]." *Id.* Rule 37(a)(5)(C) specifically omits the inclusion of attorney's fees from the definition of "reasonable expenses," while other subprovisions of the Rule expressly include attorney's fees in the definition. *Compare* Fed. R. Civ. P. 37(a)(5)(C), *with, e.g.,* Fed. R. Civ. P. 37(a)(5)(A)–(B). The absence of such an inclusion of attorney's fees under Rule 37(a)(5)(C) is thus presumed to be purposeful. *See Rusello v. United States*, 464 U.S. 16, 23 (1983); *see also Pavelic & LeFlore v. Marvel Enter. Grp.*, 493 U.S. 120, 123 (1989) (applying the principles of statutory interpretation to Federal Rules of Civil Procedure).

Thus, the plain text of Rule 37(a)(5)(C) does not overcome the American Rule's presumption against fee shifting, and legal fees are not recoverable. Indeed, other district courts across the country have applied these fundamental canons of statutory construction to conclude that attorney's fees are not authorized under Rule 37(a)(5)(C). *See, e.g.*, *United Property & Casualty Ins. v. Couture*, No. 2:19-cv-08156, 2020 WL 3402396, at *2–3 (D.S.C. June 19, 2020) ("[T]he court finds that a plain-language interpretation shows that attorney's fees are not awardable under Rule 37(a)(5)(C)."); *EEOC v. Bardon, Inc.*, No. RWT-08-1883, 2010 WL 989051, at *3–4, (D. Md. Mar. 12, 2010) (holding that "plain reading" of Rule 37(a) "mandates" that attorney's fees are not permissible "expenses" under Rule 37(a)(5)(C)).

Because the language of the text plainly does not authorize attorney's fees, this Court need go no further. *See Pavelic,* 493 U.S. 120 at 123 (explaining that

when terms of Federal Rule of Civil Procedure are unambiguous, "judicial inquiry is complete" (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)).   Were there any question, however, the "'record of statutory usage' also illustrates how the term 'expenses' alone does not authorize recovery of attorney's fees." *Peter*, 140 S. Ct. at 373.

As the Supreme Court explained in *Peter*, "[t]hat 'expenses' and 'attorney's fees' appear in tandem across various statutes shifting litigation costs indicates that Congress understands the two terms to be distinct and not inclusive of each other." *Id.*; *see id.* (providing examples). And although "some other statutes refer to attorney's fees as a subset of expenses, they only show that 'expenses' can include attorney's fees *when so defined.*" *Id.* (emphasis added).   This distinction is highlighted in Rule 37 itself, which defines "expenses" to include attorney's fees in other subprovisions but purposefully omits that inclusion in Rule 37(a)(5)(C). *See supra* at 8–9.

To be sure, two magistrate judges in this Circuit previously rejected the argument that Rule 37(a)(5)(C) does not authorize attorney's' fees. *See Alliance Indus., Inc. v. Longyear Holding, Inc.*, No. 08CV490S, 2010 WL 3991636, at *5 (W.D.N.Y. Oct. 12, 2010); *S.E.C. v. Yorkville Advisors, LLC*, 12 Civ. 7728, 2015 WL 855796, at *5 (S.D.N.Y. Feb. 27, 2015). Those decisions, however, pre-date *Peter*.

Their reasoning is also unpersuasive. In *Alliance*, the court listed decisions awarding attorney's fees under Rule 37(a)(5)(C)—but in none of those cases did the court decide, or the parties dispute, whether attorney's fees were permissible under

the Rule. *See* 2010 WL 3991636, at *5. And of course, "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) (internal quotation marks omitted)). *Yorkville* simply relied on *Alliance*, along with a citation to single additional district court case that, like those in *Alliance*, did not decide whether Rule 37(a)(5)(C) authorized fees and pre-dated *Peter*. 2015 WL 855796, at *5.

    *Alliance* also purported to adopt the reasoning of Judge Kaplan in *Rahman v. Smith & Wollensky Restaurant Group*, No. 06CV6198, 2009 WL 216792 (S.D.N.Y. July 21, 2009), which also pre-dated *Peter* and did not consider whether Rule 37(a)(5)(C) authorizes attorney's fees. *See* 2010 WL 3991636, at *5. In *Rahman*, Judge Kaplan noted that Rule 37(a)(5)(C) "effectively incorporates the substantive standards of Rule 37(a)(5)(A) and (B)." 2009 WL 216792, at *2 n.1. *Rahman*'s "substantive standards," however, refers to the qualification that expenses should not be awarded if the losing party was "substantially justified" in its actions—not the definition of expenses. *Id.* Moreover, like the other decisions relied on in *Alliance*, the parties in *Rahman* did not dispute whether attorney's fees were recoverable under Rule 37(a)(5)(C); the question instead was whether a local rule prohibited taxation of the award until final judgment. *Id.* at *2. *Rahman* thus does not speak on this issue. *See Cooper Indus.*, 543 U.S. at 170.

    As the United States Supreme Court has flatly stated: "Simply put, in common statutory usage, the term 'expenses' alone has never been considered to

authorize an award of attorney's fees with sufficient clarity to overcome the American Rule presumption." *Peter*, 140 S. Ct. at 374. The Court should decline to hold to the contrary here and should instead determine, as have other district courts across the country, that Rule 37(a)(5)(C) does not authorize attorney's fees.

**B.     Even if attorney's fees are recoverable, they are not appropriate here because Underberg & Kessler was substantially justified in its opposition and other circumstances would make an award unjust.**

Courts considering whether to award expenses under Rule 37(a)(5)(C) should abide by the factors listed in Rule 37(a)(5)(A) that, if met, preclude recovery. *See Yorkville Advisors,* 2015 WL 855796, at *6; *Rahman*, 2009 WL 2169762, at *2 n.1. Relevant here, expenses should not be awarded if the opposing party's nondisclosure, objection, or response was substantially justified or if other circumstances make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii); *see also* Sanctions Brief at 3 (referring to the "substantially justified" "safe harbor").

The term "substantially justified" does not mean "justified to a high degree." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Rather, it means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* When, as here, motions have been granted in part and denied in part, courts have "broad discretion" to determine that a response was substantially justified—and thus that an award of fees is unwarranted. *See Smith v. Conway Org., Inc.*, 154 F.R.D. 73, 78 (S.D.N.Y. 1994); *Uddin v. O'Brien Rest. Holding Co.*, No. 16-cv-2098 (RJS), 2017 WL 11674895, at *3 (S.D.N.Y. Aug. 23, 2017). For example, the *Uddin* court denied the plaintiffs' request for attorney fees,

noting: "[T]he Court granted Plaintiffs' requests in part and denied them in part, found some of them moot, and credited certain of Defendants' objections. An award of fees under Rule 37(a)(5) is therefore inappropriate." 2017 WL 11674895, at *4.

As in *Uddin,* Underberg & Kessler's response to the second motion to compel was substantially justified because although the Court granted some of the plaintiffs' requests, it also denied some of their requests and agreed with many of Underberg & Kessler's arguments:

*First,* of the 130 documents for which the plaintiffs sought disclosure, the Court denied disclosure for 27, agreeing with Underberg & Kessler that those documents were protected by attorney client privilege. *See* Order, *supra,* at 9–11, 44–46.

*Second,* this Court also agreed with Underberg & Kessler that many of the plaintiffs' arguments—including at-issue waiver, selective waiver, the crime-fraud exception, alleged privilege log deficiencies, and an argument that Glenn Sturm was acting as a consultant rather than an attorney—were without merit. *See id.* at 15–17 (rejecting at-issue waiver argument); *id.* at 17–18 (rejecting selective waiver argument); *id.* at 22–24 (rejecting crime-fraud exception argument); *id.* at 25–26 (rejecting argument about purported deficiencies in the privilege log); *id.* at 32 (concluding that Sturm acted as attorney for Eber entities).

*Third,* the Court ordered 11 of the documents disclosed only because the plaintiffs met their burden of showing "good cause" such that the fiduciary

exception to attorney-client privilege applied. *See id.* at 18 (citing *Hoopes v. Carota*, 142 A.D.2d 906, 909–10, 531 N.Y.S. 2d 407, 409–10 (3d Dep't 1988)); *id.* at 38–43.

Underberg & Kessler's opposition was thus substantially justified because a reasonable person could find such a response—winning many arguments, losing some, and putting the opposing party to its burden of proof—appropriate. *See Pierce*, 487 U.S. at 565; *Uddin*, 2017 WL 11674895, at *4.

The plaintiffs' argument that Underberg & Kessler's opposition was not substantially justified is based on two discrete portions of the Court's Order, neither of which carries the weight the plaintiffs attribute to it. First, the plaintiffs rely on this Court's statement that some of the withheld documents appeared to have been marked privileged based on a presumption that an attorney's presence on an email makes the entire communication privileged, which is "clearly not the law." Sanctions Brief, *supra*, at 3 (quoting Order, *supra*, at 33). But this Court has already found that that Underberg & Kessler's assertion of attorney-client privilege for conversations with an attorney for the companies "ma[de] sense." Order and Opinion on Motion to Disqualify, *supra*, at 17. Indeed, this Court determined that it "was not inappropriate . . . to withhold those documents from disclosure." *Id.* Because withholding the documents was "not inappropriate," Underberg & Kessler was "substantially justified," even if this Court ultimately ruled against it.

Second, the plaintiffs point to this Court's finding that privilege for the "Underberg Letter" had been waived because emails showed that the letter had been forwarded to an individual outside the attorney-client relationship and its note

14

that Underberg & Kessler had not previously provided the emails showing the waiver. *See* Sanctions Brief, *supra*, at 4; Order, *supra*, at 51–52. The plaintiffs assert that the "entire motion" was "dragged out" and "unnecessarily time consuming" because defense counsel provided "misleadingly incomplete information"—even going so far as to accuse Underberg & Kessler of "intentionally misl[eading]" the Court. *See* Sanctions Brief, *supra*, at 2, 4.

The plaintiffs are wrong. As an initial matter, Underberg & Kessler did not intentionally mislead the Court. To the contrary, it provided for *in camera* review the documents that the Court found showed a waiver. *See* Order, *supra*, at 9, 51–52. Moreover, the plaintiffs overstate the significance of this single document on the discovery litigation. The Order is over 52 pages; only a single paragraph—less than a page long—is devoted to waiver of privilege for the "Underberg Letter." *Id.* at 51–52. This issue thus did not drag out the "entire motion."[5]

---

[5] Indeed, as explained, large portions of the second motion to compel were consumed by the plaintiffs' arguments that the Court rejected, including at-issue waiver, selective waiver, the crime fraud exception, the privilege log deficiencies, and the argument that Glenn Sturm was acting as a consultant rather than an attorney. *See supra* at 13–14; Memorandum of Law in Support of Second Motion to Compel at 14–15 (Oct. 23, 2018), ECF No. 135 (privilege log deficiencies); *id.* at 19 (Sturm role); *id.* at 20–21 (selective waiver); *id.* at 22–24 (crime fraud exception); Reply Memorandum of Law in Support of Second Motion to Compel at 8–9 (Nov.13, 2018), ECF No. 150 (selective waiver); *id.* at 10 (crime fraud exception); Supplemental Memorandum of Law in Support of Second Motion to Compel at 3–8 (Feb. 25, 2019), ECF 193 (at issue waiver). Finally, the plaintiffs also devoted a section of their second motion to compel to arguing that the fiduciary exception to attorney-client privilege applied, an issue on which they bore the burden. *See* Memorandum of Law in Support of Second Motion to Compel, *supra*, at 10–13.

In addition to Underberg & Kessler's response being substantially justified, there is a second, independent basis for denying the plaintiffs' request: other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). As explained in Part I, the plaintiffs seek sanctions as it relates to an order that this Court issued over four years ago. At any point in 2018 or 2019, when the motion was being litigated and the discovery issues were fresh in the Court's mind, the plaintiffs could have sought sanctions. They also could have brought this motion in 2021, when they alluded to the possibility of seeking sanctions in an unrelated footnote, or asked the district court to preserve their right to do so in the final judgment. *See supra* at 3–4. The plaintiffs did none of these things. Instead, they waited years, until after trial and final judgment. Under the circumstances, an award of fees would be unjust.

## III. The plaintiffs' fee request is unreasonable and insufficient as a matter of law.

Any expenses awarded under Rule 37 must be "reasonable." Fed. R. Civ. P. 37(a)(5)(C). The party seeking expenses and fees—here, the plaintiffs—bears the burden of establishing that the compensation sought is reasonable. *Yorkville Advisors,* 2015 WL 855796, at *11. In determining what is reasonable, "[t]he most useful starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at *10 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186 (2d Cir. 2008)) (omission adopted). Failure to calculate this "lodestar" or "presumptively reasonable fee" constitutes legal error. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 169 (2d

16

Cir. 2011). Thus, the plaintiffs must show that both the number of hours for which compensation is sought and the hourly rate are reasonable. *Yorkville Advisors,* 2015 WL 855796, at *11, *16.

The plaintiffs have failed in both respects. Instead, the plaintiffs have simply stated: "Based on an initial review of detailed time records that are available, a fair estimate of the legal fees incurred in connection with the lengthy privilege battle is $125,000." Sanctions Brief at 5. In a footnote, the plaintiffs add that their request is based on time records from December 2017 through June 2019, that lead counsel charged a rate of $850/hour, and that his associate, "an honors graduate of the University of Texas Law School" charged a rate of $425/hour. *Id.* at 5 n.2. As explained below, this information is patently insufficient.

### A.   The plaintiffs' claimed number of hours worked is completely unsupported and unreasonable.

In terms of the number of hours, the plaintiffs have included no information at all. There are no affidavits, no attached time records or excerpts, not even a mention of the number of hours in the memorandum of law. The plaintiffs' failure to submit contemporaneous records to support their fee request is fatal to their motion. *See Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) ("[A]bsent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.").

Even if the plaintiffs' failure to submit evidence to support their fee request did not independently require denying the motion, this Court should still deny the motion because it is impossible to determine whether the request is reasonable based on the dearth of information provided. Without records of the hours worked on the motion, this Court cannot tell whether the plaintiffs seek compensation for time spent on work other than the motion to compel.

Indeed, the plaintiffs seek fees for work dating back to December 2017, *see* Sanctions Brief at 5 n.2—but the second motion to compel was not filed until October 23, 2018, *see* Second Motion to Compel, *supra*. The plaintiffs also admit they include time on a "second round of depositions" and suggest that the time includes "efforts to meet and confer and review incrementally revised privilege logs." Sanctions Brief, *supra*, at 5 and 5 n.2. None of those things are compensable under Rule 37(a)(5), which authorizes only expenses for the motion itself. *See Yorkville Advisors*, 2015 WL 855796, at *11–12 (denying request for fees associated with privilege log review, letters to court, and pre-filing of motion to compel discovery conferences).

The plaintiffs' failure to identify the specific tasks for which they seek fees is especially egregious given the other significant activity in the case occurring during this 18-month period from December 2017 through June 2019. For example, the plaintiffs moved to disqualify Underberg & Kessler. *See* ECF Nos. 154–156, 161, 162, 170. The plaintiffs responded to the Court's sua sponte order to file a second amended complaint sufficiently alleging subject matter jurisdiction. *See* ECF Nos.

18

87, 88.  The plaintiffs then filed their own motion to further amend the complaint.
*See* ECF Nos. 164–168, 171, 174, 175, 199, 202, 203, 207, 222.  The plaintiffs also
moved for the Court's intervention on corporate governance matters, *see* ECF Nos.
139, 141, 143, and moved for a protective order, *see* ECF Nos. 208, 213, 215.  The
plaintiffs also moved to substitute a defendant, *see* ECF Nos. 83, 84, 86, 89–91, 95,
and responded to a motion to intervene, *see* ECF Nos. 180, 184–190, 200, 206. The
plaintiffs also participated in the eight Court conferences that took place and which
addressed matters in addition to the second motion to compel. *See* ECF Nos. 108,
133, 157, 172, 192, 197, 214, 221. Without evidence to support the plaintiffs' bald
assertions, it is simply impossible to know if the expenses sought are related to the
second motion to compel.

　　　　Nor can the Court tell if the fees sought are excessive, duplicative, or vague.
*See Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) ("A
district court should exclude hours that were 'excessive, redundant, or otherwise
unnecessary' to the litigation . . . ." (quoting *Hensley*, 461 U.S. at 434)). Courts
regularly reduce fee requests upon determination that the hours billed are
unreasonable. *See, e.g.*, *id.* at 210 (deducting hours billed by 40%); *Yorkville
Advisors*, 2015 WL 855796, at *13–14 (reducing hours because description of work
was too vague to determine whether the fees requested were reasonable); *id.* at *14
(reducing hours where time entries reflected ineffective duplication of effort); *id.* at
*14–15 (reducing hours for substantial use of block billing); *id.* at *15–16 (reducing
hours because movants did not demonstrate why motion required over fifty hours to

19

prepare). Because the plaintiffs have failed to even attempt to meet their burden to show the number of hours worked on the second motion to compel is reasonable, this Court should deny their fee request.

### B.   The plaintiffs' hourly rate is unreasonable.

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. Here again, the plaintiffs have utterly failed to meet their burden because they have not put forward *any* evidence—not even an attorney's affidavit—that the hourly rates requested are reasonable.

For example, the plaintiffs have not provided any evidence of their attorneys' "skill, experience, and reputation." The only mention of credentials is an unsupported footnote that lead counsel's former associate graduated with honors from the University of Texas School of Law. But nowhere do the plaintiffs reference—let alone establish by competent evidence—how many years of experience either of their attorneys had, their reputation in the community, their level of skill, or any other information that it was their burden to provide. *See Blum*, 465 U.S. at 895 n.11; *Hensley*, 461 U.S. at 433). This Court should deny the plaintiffs' motion on that basis alone.

**C.      The plaintiffs are not entitled to another bite at the apple to submit their fee information.**

In a footnote, the plaintiffs cite Federal Rule of Civil Procedure 54 for the proposition that they need only provide "the amount or a 'fair estimate' of the fees sought." Sanctions Brief, *supra*, at 5 n.2. To the extent that the plaintiffs suggest that the Court can decide liability for fees before receiving evidence on the value of services, *see* Fed. R. Civ. P. 54(d)(2)(C), they are incorrect. As explained *supra* at Part I.D, Rule 54(d)(2) does not apply to a Rule 37 sanctions motion. *See* Fed. R. Civ. P. 54(d)(2)(E).

Simply put, the plaintiffs have had nearly half a decade to prepare this motion, yet still failed to make a good faith attempt to document their expenses. Because Underberg & Kessler is entitled to an opportunity to be heard, *see* Fed. R. Civ. P. 37(a)(5)(C), it would be improper for the plaintiffs to submit evidence to overcome this deficiency in reply. *See*, *e.g.*, *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) ("[I]t was not proper for [movant] to submit, for the first time in her reply to the [respondent's] challenge to her fee application, evidence and arguments justifying the reasonableness of the fees sought. [Movant] was obligated, in her initial moving papers, not in her reply, to provide evidence . . . ." (citation omitted)); *Mary Jo C. v. Dinapoli*, No. 09-cv-5635(SJF)(ARL), 2014 WL 7334863, at *10 n.13 (E.D.N.Y. Dec. 18, 2014) (by raising attorney fee application "arguments and evidence for the first time in her reply, plaintiff deprived [defendant] of an opportunity to challenge the reasonableness of" fees).

Nor should the plaintiffs be permitted to further drag out this litigation over a long-resolved discovery dispute by filing a separate fee application. This Court should therefore deny any effort by the plaintiffs to fix the insufficiencies in their motion.

## CONCLUSION

For the reasons explained above, this Court should deny the plaintiffs' motion to impose sanctions on Underberg & Kessler.

DATED:     August 14, 2023
                Buffalo, New York

*s/ Terrence M. Connors*
Terrence M. Connors
Katherine G. Howard
**CONNORS LLP**
*Attorneys for Underberg*
*  & Kessler LLP*
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533
tmc@connorsllp.com
kgh@connorsllp.com
