# EXHIBIT A

# STATE OF NEW YORK
# DEPARTMENT OF STATE

I hereby certify that the annexed copy for EBER BROS. WINE AND LIQUOR CORPORATION, File Number 170216000250 has been compared with the original document in the custody of the Secretary of State and that the same is true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on June 29, 2023.

Brendan C. Hughes
Executive Deputy Secretary of State

Authentication Number: 100003822180 To Verify the authenticity of this document you may access the Division of Corporation's Document Authentication Website at http://ecorp.dos.ny.gov

170216000 28C

CSC 45
Drawdown

CERTIFICATE OF AMENDMENT
OF THE
CERTIFICATE OF INCORPORATION
OF
EBER BROS. WINE AND LIQUOR CORPORATION

Under Section 805 of the Business Corporation Law

The undersigned being the Assistant Secretary of Eber Bros. Wine and Liquor Corporation (the "Corporation"), hereby certifies that:

1. The name of the Corporation is Eber Bros. Wine and Liquor Corporation.

2. The Certificate of Incorporation of the Corporation was filed by the Department of State of the State of New York on September 3, 1935.

3. The Certificate of Incorporation of the Corporation, as heretofore amended, is hereby further amended to effect the following amendment, which is authorized by the Business Corporation Law:

To amend Paragraph III, relating to the aggregate number of shares that the Corporation shall have the authority to issue, so as to create and designate as Class B junior preferred stock a new class of preferred stock.

4. To effect the foregoing:

Paragraph III is amended so that it shall read in its entirety as follows:

"III. A. The total number of shares, including those previously authorized, which the corporation shall have authority to issue is 6,817 shares, consisting of: (i) 2,000 shares of Class A common stock, no par value per share; (ii) 2,817 shares of Class B common stock, no par value per share; (iii) 1,000 shares of preferred stock, $100.00 per value per share; and (iv) 1,000 shares of Class B junior preferred stock, $50.00 per share par value.

The relative rights, preferences and limitations of the shares of Class A common stock and Class B common stock shall be in all respects equal, except that only the Class A common stock shall have voting rights, and the Class B common stock shall have no voting rights whatsoever, except as may be required by law.

B. The preferred stock shall have and be subject to designations, preferences, privileges, voting powers, restrictions and qualifications, as follows: the holders of the preferred stock shall be entitled to receive, when and as declared from the surplus or net profits of the corporation, a fixed yearly dividend at the rate of 5% per annum, to be calculated from the date of issue of the respective shares, payable quarterly on the 25th day of February, May, August and November in each year, or on such other dates as may be determined by the Board of Directors from time to time. The said dividends upon the preferred stock shall be non-cumulative, so that if for any year or

5%, nor shall it have any preemptive right to share in or subscribe for any further issue of stock or other securities of the corporation.

The corporation shall have the right at any time and from time to time to redeem all or any part of the Class B junior preferred stock, at such time issued and outstanding, at $50.00 per share, plus accrued and unpaid dividends for such quarter if authorized. Redemption of all of said Class B junior preferred stock shall be made only on 30 days' notice by mail to all the holders of the Class B junior preferred stock. Any partial redemption shall be made in the manner following: the Board of Directors shall cause notice of at least 30 days to be given by mail to all the holders of the Class B junior preferred stock so to be redeemed of their intention to redeem the same and shall invite offerings of such Class B junior preferred stock. They shall, to the extent of the amount available and to be devoted to the purpose of redemption, accept and retire the stock offered at the lowest price, not exceeding $50.00 per share, plus accrued and unpaid dividends for said quarter if authorized. Written notice of at least 10 days shall be given to the holders of the Class B junior preferred stock so to be redeemed of the time and place at which said Class B junior preferred stock shall be presented for redemption. Such notice having been given, dividends shall cease to accrue upon the Class B junior preferred stock so called for redemption from the date fixed therefor, unless default shall be made in the payment of the redemption price. All Class B junior preferred stock redeemed or purchased under any provision hereof, may, at the option of the Board of Directors, be retired and cancelled, or held in the treasury of the corporation to be re-issued from time to time.

D.  In case of liquidation or dissolution of the corporation or upon any distribution of its capital after all the debts of the corporation shall have been paid, the remaining assets, properties and effects of the corporation shall be applied, first, to the payment of the entire amount of said preferred stock then issued and outstanding, at par; second, to the payment of all unpaid dividends on the preferred stock, for said quarter if authorized, such unpaid dividends to be paid out of capital assets if the surplus earnings be insufficient to pay the same; third, to the payment of the entire amount of the Class B junior preferred stock then issued and outstanding, at par; fourth, to the payment of all unpaid dividends on said Class B junior preferred stock, for said quarter if authorized, such unpaid dividends to be paid out of capital assets if the surplus earnings be insufficient to pay the same; and fifth, after such payment the remainder of said assets, properties and effects of the corporation shall belong to and be divided pro rata among the holders of the shares of common stock.

E.  The holders of the Class A common stock and the Class B junior preferred stock, voting together as a single class, shall have full voting rights, that is to say, one vote for each share of Class A common stock and one vote for each share of Class B junior preferred stock. The holders of the Class B common stock and the holders of the preferred stock shall not be entitled to vote at the election of Directors, or at any other meeting of stockholders, nor shall the holders of such stock be entitled to vote on a proceeding for mortgaging the property and franchises of the corporation, pursuant to Section Sixteen of the Stock Corporation Law, for guaranteeing the bonds of another corporation, pursuant to Section Nineteen of said Law, for sale of the franchises and

years, dividends at the rate of 5% per annum shall not have been paid on all the issued and outstanding preferred stock, the deficiency shall not be fully paid or set apart before any dividend shall be paid upon the common stock or the Class B junior preferred stock. Only the net earnings or profits of the corporation in excess of said non-cumulative dividend of 5% per annum may be distributed by the Directors to the holders of common stock or the Class B junior preferred stock. The preferred stock shall not be entitled to participate in the profits of the corporation, whether by stock dividends or otherwise, beyond such non-cumulative annual dividend of 5%, nor shall it have any preemptive right to share in or subscribe for any further issue of stock or other securities of the corporation.

The corporation shall have the right at any time and from time to time to redeem all or any part of the preferred stock, at such time issued and outstanding, at $50.00 per share, plus accrued and unpaid dividends for such quarter if authorized. Redemption of all said preferred stock shall be made only on 30 days' notice by mail to all the holders of the preferred stock. Any partial redemption shall be made in the manner following: the Board of Directors shall cause notice of at least 30 days to be given by mail to all the holders of the preferred stock so to be redeemed of their intention to redeem the same and shall invite offerings of such preferred stock. They shall, to the extent of the amount available and to be devoted to the purpose of redemption, accept and retire the stock offered at the lowest price, not exceeding $50.00 per share, plus accrued and unpaid dividends for said quarter if authorized. Written notice of at least 10 days shall be given to the holders of the preferred stock so to be redeemed of the time and place at which said preferred stock shall be presented for redemption. Such notice having been given, dividends shall cease to accrue upon the preferred stock so called for redemption from the date fixed therefor, unless default shall be made in the payment of the redemption price. All preferred stock redeemed or purchased under any provision hereof, may, at the option of the Board of Directors, be retired and cancelled, or held in the treasury of the corporation to be re-issued from time to time.

C. The Class B junior preferred stock shall be junior to the preferred stock and shall have and be subject to designations, preferences, privileges, voting powers, restrictions and qualifications, as follows: the holders of the Class B junior preferred stock shall be entitled to receive, when and as declared from the surplus or net profits of the corporation, a fixed yearly dividend at the rate of 5% per annum, to be calculated from the date of issue of the respective shares, payable quarterly on the 25th day of February, May, August and November in each year, or on such other dates as may be determined by the Board of Directors from time to time. The said dividends upon the Class B junior preferred stock shall be non-cumulative, so that if for any year or years, dividends at the rate of 5% per annum shall not have been paid on all the issued and outstanding Class B junior preferred stock, the deficiency shall not be fully paid or set apart before any dividend shall be paid upon the common stock. Only the net earnings or profits of the corporation in excess of said non-cumulative dividend of 5% per annum may be distributed by the Directors to the holders of common stock. The Class B junior preferred stock shall not be entitled to participate in the profits of the corporation, whether by stock dividends or otherwise, beyond such non-cumulative annual dividend of

2

property of the corporation, pursuant to Section Twenty of said Law, for establishing priorities or creating preferences among the several classes of stock, pursuant to Section Thirty-Six of said Law, for consolidation, pursuant to Section Eighty-Six of said Law, for voluntary dissolution, pursuant to Section One Hundred Five of said Law, or for change of name, pursuant to the General Corporation Law.

      F.    The capital of the corporation shall be at least equal to the sum of the aggregate par value of all issued shares having a par value plus the aggregate amount of consideration received by the corporation for the issuances of shares without par value, plus such amounts as from time to time by resolution of the Board of Directors may be transferred thereto."

    5.    The amendment to the certificate of incorporation of the Corporation effected hereby was authorized by the unanimous written consent of the Board of the Directors of the Corporation and by the unanimous written consent of the shareholders of the Corporation entitled to vote thereon.

IN WITNESS WHEREOF, I have signed this Certificate this 14th day of February, 2017 and hereby affirm the truth of the statements contained herein under penalties of perjury.

_Wendy Eber_
Wendy Eber, Assistant Secretary

4

CSC 45
Drawdown

# CERTIFICATE OF AMENDMENT
## OF THE
## CERTIFICATE OF INCORPORATION
## OF

**EBER BROS. WINE AND LIQUOR CORPORATION**

*(Insert Current Name of Domestic Corporation)*

Under Section 805 of the Business Corporation Law

Filer's Name: **BRENNER SALTZMAN & WALLMAN LLP**

Address: **271 WHITNEY AVENUE**

City, State and Zip Code: **NEW HAVEN CT 06511**

2017 FEB 16 AM 10:53   FILED

NOTES:   Cust Ref #512015 KXK

1. The name of the corporation and its date of incorporation provided on this certificate must exactly match the records of the Department of State. This information should be verified on the Department of State's website at www.dos.ny.gov.
2. This form was prepared by the New York State Department of State. It does not contain all optional provisions under the law. You are not required to use this form. You may draft your own form or use forms available at legal stationery stores.
3. The Department of State recommends that all documents be prepared under the guidance of an attorney.
4. The certificate must be submitted with a **$60** filing fee.

*For Office Use Only*

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED FEB 16 2017
TAX $_____
BY:_____

RECEIVED 2017 FEB 15 PM 4:10