## WRITTEN CONSENT OF THE SOLE MEMBER OF THE
## BOARD OF DIRECTORS OF EBER BROS. WINE AND LIQUOR CORPORATION

The undersigned, being the sole member of the Board of Directors of Eber Bros. Wine and Liquor Corporation, a New York corporation (the "Corporation"), in accordance with Section 708 of the Business Corporation Law of the State of New York, authorizing the taking of this action by written consent, hereby consents to the adoption of the following resolutions, in the same manner as if duly presented to, and approved at, a meeting of the Board of Directors of the Corporation, duly called and held for such purpose:

Certificate of Amendment

RESOLVED, that the form, terms and provisions of the Certificate of Amendment of the Certificate of Incorporation of the Corporation dated February 14, 2017, in the form filed in the records of the Corporation, be, and they hereby are, authorized and approved in all respects, and that any officer of the Corporation be, and each of them hereby is, authorized to sign such Certificate on behalf of the Corporation, with such changes, additions or modifications as the signing officer may approve, such signature to be conclusive evidence of such approval, and to submit such Certificate to the stockholders of the Corporation for approval, and to deliver such Certificate to the Department of State of the State of New York for filing;

Uncertificated Shares

RESOLVED, that all the issued and outstanding shares of Class B junior preferred stock shall be uncertificated;

Purchase Agreement

RESOLVED, that the form, terms and conditions of the Purchase Agreement dated as of February __, 2017, between the Corporation and Lester Eber, in the form filed in the records of the Corporation, providing for the purchase of 750 shares of Class B junior preferred stock, be, and they hereby are, authorized and approved in all respects, and that any officer of the Corporation be, and each of them hereby is, authorized to sign such agreement on behalf of the Corporation, with such changes, additions or modifications as the signing officer may approve, such signature to be conclusive of such approval;



PLAINTIFF'S EXHIBIT 43  1/24/19

Miscellaneous

RESOLVED, that any director or officer of Corporation and its counsel be, and each of them acting alone hereby is, authorized to take all such further action and to execute and deliver all such further instruments and documents in the name and on behalf of Corporation, under its corporate seal or otherwise, and to pay all such expenses as in his or her judgment shall be necessary, proper or advisable in order to carry out the intent and effectuate the purposes of the foregoing resolution.

IN WITNESS WHEREOF, the undersigned has caused this written consent to be executed as of February 15th, 2017.

_____
Name: Wendy Eber

Eber Bros. Wine and Liquor Corporation (the "Corporation") hereby issues to Lester Eber 750 shares of Class B junior preferred stock, par value $50.00 per share (the "Shares") of the Corporation, in consideration of Lester Eber's agreement hereby to reimburse the Corporation, at its request, for up to $37,500.00 of expenses incurred or to be incurred by the Corporation in connection with its general operations. Upon the execution and delivery of this agreement by the parties hereto, the Shares will be duly authorized, validly issued, fully paid and nonassessable, without further action by either party.

Dated: February 15, 2017

EBER BROS. WINE AND LIQUOR CORPORATION

By: *Wendy Eber*
Name: Wendy Eber
Title: Assistant Secretary

*Lester Eber*
Name: Lester Eber

CERTIFICATE OF AMENDMENT
OF THE
CERTIFICATE OF INCORPORATION
OF
EBER BROS. WINE AND LIQUOR CORPORATION

Under Section 805 of the Business Corporation Law

The undersigned being the Assistant Secretary of Eber Bros. Wine and Liquor Corporation (the "Corporation"), hereby certifies that:

1. The name of the Corporation is Eber Bros. Wine and Liquor Corporation.

2. The Certificate of Incorporation of the Corporation was filed by the Department of State of the State of New York on September 3, 1935.

3. The Certificate of Incorporation of the Corporation, as heretofore amended, is hereby further amended to effect the following amendment, which is authorized by the Business Corporation Law:

To amend Paragraph III, relating to the aggregate number of shares that the Corporation shall have the authority to issue, so as to create and designate as Class B junior preferred stock a new class of preferred stock.

4. To effect the foregoing:

Paragraph III is amended so that it shall read in its entirety as follows:

"III. A. The total number of shares, including those previously authorized, which the corporation shall have authority to issue is 6,817 shares, consisting of: (i) 2,000 shares of Class A common stock, no par value per share; (ii) 2,817 shares of Class B common stock, no par value per share; (iii) 1,000 shares of preferred stock, $100.00 per value per share; and (iv) 1,000 shares of Class B junior preferred stock, $50.00 per share par value.

The relative rights, preferences and limitations of the shares of Class A common stock and Class B common stock shall be in all respects equal, except that only the Class A common stock shall have voting rights, and the Class B common stock shall have no voting rights whatsoever, except as may be required by law.

B. The preferred stock shall have and be subject to designations, preferences, privileges, voting powers, restrictions and qualifications, as follows: the holders of the preferred stock shall be entitled to receive, when and as declared from the surplus or net profits of the corporation, a fixed yearly dividend at the rate of 5% per annum, to be calculated from the date of issue of the respective shares, payable quarterly on the 25th day of February, May, August and November in each year, or on such other dates as may be determined by the Board of Directors from time to time. The said dividends upon the preferred stock shall be non-cumulative, so that if for any year or

5%, nor shall it have any preemptive right to share in or subscribe for any further issue of stock or other securities of the corporation.

The corporation shall have the right at any time and from time to time to redeem all or any part of the Class B junior preferred stock, at such time issued and outstanding, at $50.00 per share, plus accrued and unpaid dividends for such quarter if authorized. Redemption of all of said Class B junior preferred stock shall be made only on 30 days' notice by mail to all the holders of the Class B junior preferred stock. Any partial redemption shall be made in the manner following: the Board of Directors shall cause notice of at least 30 days to be given by mail to all the holders of the Class B junior preferred stock so to be redeemed of their intention to redeem the same and shall invite offerings of such Class B junior preferred stock. They shall, to the extent of the amount available and to be devoted to the purpose of redemption, accept and retire the stock offered at the lowest price, not exceeding $50.00 per share, plus accrued and unpaid dividends for said quarter if authorized. Written notice of at least 10 days shall be given to the holders of the Class B junior preferred stock so to be redeemed of the time and place at which said Class B junior preferred stock shall be presented for redemption. Such notice having been given, dividends shall cease to accrue upon the Class B junior preferred stock so called for redemption from the date fixed therefor, unless default shall be made in the payment of the redemption price. All Class B junior preferred stock redeemed or purchased under any provision hereof, may, at the option of the Board of Directors, be retired and cancelled, or held in the treasury of the corporation to be re-issued from time to time.

D. In case of liquidation or dissolution of the corporation or upon any distribution of its capital after all the debts of the corporation shall have been paid, the remaining assets, properties and effects of the corporation shall be applied, first, to the payment of the entire amount of said preferred stock then issued and outstanding, at par; second, to the payment of all unpaid dividends on the preferred stock, for said quarter if authorized, such unpaid dividends to be paid out of capital assets if the surplus earnings be insufficient to pay the same; third, to the payment of the entire amount of the Class B junior preferred stock then issued and outstanding, at par; fourth, to the payment of all unpaid dividends on said Class B junior preferred stock, for said quarter if authorized, such unpaid dividends to be paid out of capital assets if the surplus earnings be insufficient to pay the same; and fifth, after such payment the remainder of said assets, properties and effects of the corporation shall belong to and be divided pro rata among the holders of the shares of common stock.

E. The holders of the Class A common stock and the Class B junior preferred stock, voting together as a single class, shall have full voting rights, that is to say, one vote for each share of Class A common stock and one vote for each share of Class B junior preferred stock. The holders of the Class B common stock and the holders of the preferred stock shall not be entitled to vote at the election of Directors, or at any other meeting of stockholders, nor shall the holders of such stock be entitled to vote on a proceeding for mortgaging the property and franchises of the corporation, pursuant to Section Sixteen of the Stock Corporation Law, for guaranteeing the bonds of another corporation, pursuant to Section Nineteen of said Law, for sale of the franchises and

3

years, dividends at the rate of 5% per annum shall not have been paid on all the issued and outstanding preferred stock, the deficiency shall not be fully paid or set apart before any dividend shall be paid upon the common stock or the Class B junior preferred stock. Only the net earnings or profits of the corporation in excess of said non-cumulative dividend of 5% per annum may be distributed by the Directors to the holders of common stock or the Class B junior preferred stock. The preferred stock shall not be entitled to participate in the profits of the corporation, whether by stock dividends or otherwise, beyond such non-cumulative annual dividend of 5%, nor shall it have any preemptive right to share in or subscribe for any further issue of stock or other securities of the corporation.

The corporation shall have the right at any time and from time to time to redeem all or any part of the preferred stock, at such time issued and outstanding, at $50.00 per share, plus accrued and unpaid dividends for such quarter if authorized. Redemption of all said preferred stock shall be made only on 30 days' notice by mail to all the holders of the preferred stock. Any partial redemption shall be made in the manner following: the Board of Directors shall cause notice of at least 30 days to be given by mail to all the holders of the preferred stock so to be redeemed of their intention to redeem the same and shall invite offerings of such preferred stock. They shall, to the extent of the amount available and to be devoted to the purpose of redemption, accept and retire the stock offered at the lowest price, not exceeding $50.00 per share, plus accrued and unpaid dividends for said quarter if authorized. Written notice of at least 10 days shall be given to the holders of the preferred stock so to be redeemed of the time and place at which said preferred stock shall be presented for redemption. Such notice having been given, dividends shall cease to accrue upon the preferred stock so called for redemption from the date fixed therefor, unless default shall be made in the payment of the redemption price. All preferred stock redeemed or purchased under any provision hereof, may, at the option of the Board of Directors, be retired and cancelled, or held in the treasury of the corporation to be re-issued from time to time.

C. The Class B junior preferred stock shall be junior to the preferred stock and shall have and be subject to designations, preferences, privileges, voting powers, restrictions and qualifications, as follows: the holders of the Class B junior preferred stock shall be entitled to receive, when and as declared from the surplus or net profits of the corporation, a fixed yearly dividend at the rate of 5% per annum, to be calculated from the date of issue of the respective shares, payable quarterly on the 25th day of February, May, August and November in each year, or on such other dates as may be determined by the Board of Directors from time to time. The said dividends upon the Class B junior preferred stock shall be non-cumulative, so that if for any year or years, dividends at the rate of 5% per annum shall not have been paid on all the issued and outstanding Class B junior preferred stock, the deficiency shall not be fully paid or set apart before any dividend shall be paid upon the common stock. Only the net earnings or profits of the corporation in excess of said non-cumulative dividend of 5% per annum may be distributed by the Directors to the holders of common stock. The Class B junior preferred stock shall not be entitled to participate in the profits of the corporation, whether by stock dividends or otherwise, beyond such non-cumulative annual dividend of

2

property of the corporation, pursuant to Section Twenty of said Law, for establishing priorities or creating preferences among the several classes of stock, pursuant to Section Thirty-Six of said Law, for consolidation, pursuant to Section Eighty-Six of said Law, for voluntary dissolution, pursuant to Section One Hundred Five of said Law, or for change of name, pursuant to the General Corporation Law.

F.   The capital of the corporation shall be at least equal to the sum of the aggregate par value of all issued shares having a par value plus the aggregate amount of consideration received by the corporation for the issuances of shares without par value, plus such amounts as from time to time by resolution of the Board of Directors may be transferred thereto."

5.   The amendment to the certificate of incorporation of the Corporation effected hereby was authorized by the unanimous written consent of the Board of the Directors of the Corporation and by the unanimous written consent of the shareholders of the Corporation entitled to vote thereon.

IN WITNESS WHEREOF, I have signed this Certificate this 14th day of February, 2017 and hereby affirm the truth of the statements contained herein under penalties of perjury.

_____
Wendy Eber, Assistant Secretary

4

## WRITTEN CONSENT OF THE STOCKHOLDERS OF
## EBER BROS. WINE AND LIQUOR CORPORATION

The undersigned, being the holder of all the outstanding shares of Class A common stock of Eber Bros. Wine and Liquor Corporation, a New York corporation (the "Corporation"), in accordance with Section 615 of the Business Corporation Law of the State of New York, does hereby consent to the adoption of the following resolution, in the same manner as if duly presented to, and approved at, a meeting of the stockholders of the Corporation, duly called and held for such purpose:

### Appointment of Director

RESOLVED, that Wendy Eber be, and she hereby is, appointed as a director of the Corporation, until her successor is duly elected and qualified or until her earlier death, resignation or removal.

IN WITNESS WHEREOF, the undersigned has caused this written consent to be executed as of February 14, 2017.

EBER BROS. & CO., INC.

By: _Lester Eber_ (signature)
Name: LESTER EBER
Title: President

EB-00001173