

Brian Brook <brian@brook-law.com>

## Re: Eber Litigation
1 message

**Brian Brook** <brian@brook-law.com>  Mon, Dec 9, 2019 at 3:46 PM
To: "Farrar, Jillian K." <jfarrar@underbergkessler.com>
Cc: "rcalihan@calihanlaw.com" <rcalihan@calihanlaw.com>, "Keneally, Paul F." <PKeneally@underbergkessler.com>, "Ramsey, Colin D." <cramsey@underbergkessler.com>

Counsel,

If you have any proof that this wasn't a recent fabrication, please produce it immediately.  Given the long track record of documents being backdated, combined with the production of other related documents previously, including one late in the discovery period, there is good reason to question the authenticity of this document months after fact discovery closed. Under the circumstances, you had a duty to verify the authenticity of this document before submitting it, just as you had a duty to ensure the completeness of discovery prior to the discovery end date. Either way, your client is going to need a better excuse than just that it was not requested, because it was encompassed within RFP No. 21, seeking documents concerning any financial transaction with Lester Eber. This amendment to the certificate of incorporation is what permitted the financial transaction for 750 shares to occur. It was thus required to be produced as a document "concerning" that transaction. Moreover, irrespective of specific requests, you were also required to disclose any documents you might rely on under Rule 26(a).

Specifically, we request that you produce an original scan with valid verifiable metadata showing it was scanned at least sometime before the last few weeks, and, in addition, the native version of the Word document in a format that preserves the original metadata and shows it wasn't changed subsequently, or some other admissible evidence that is reliable, if any of it exists. Should you do so, I will consider limiting my motion for discovery sanctions to seeking to exclude this document, and not to impose monetary sanctions on the Ebers and their counsel based on an attempt to submit fraudulent evidence. For the avoidance of doubt, Plaintiffs have requested such metadata and native files from the outset in every document request since the beginning of discovery over two years ago.

If you or your clients have such documents that would prove the authenticity of this one and do not produce them until after I file a motion for sanctions, even though they were requested in RFPs and again in this email, the Court will be justified in refusing to consider them at that time, and it may in and of itself would be a basis for sanctions to recover the costs incurred in filing a needless motion.

As a separate matter concerning your discovery obligations, your recent filings have omitted the shares of EBWLC owned by the Trust beneficiaries that were previously disclosed in your binding discovery responses, without making any appropriate supplement to discovery to explain the change and what happened to those shares, 2/3 of which belonged to Plaintiffs. Please note that Plaintiffs reserve all rights.

Regards,

Brian

On Sat, Dec 7, 2019 at 12:14 AM Farrar, Jillian K. <jfarrar@underbergkessler.com> wrote:

> My apologies.  Here you go.



our most important partner is you®

**Jillian K. Farrar**

ASSOCIATE
jfarrar@underbergkessler.com

www.underbergkessler.com

Underberg & Kessler LLP
300 Bausch & Lomb Place
Rochester, NY  14604



PLAINTIFF'S EXHIBIT 271

585-258-2841 PHONE
585-258-2821 FAX

**From:** Brian Brook <brian@brook-law.com>
**Sent:** Saturday, December 7, 2019 12:06 AM
**To:** Farrar, Jillian K. <jfarrar@underbergkessler.com>
**Cc:** rcalihan@calihanlaw.com; Keneally, Paul F. <PKeneally@underbergkessler.com>; Ramsey, Colin D. <cramsey@underbergkessler.com>
**Subject:** Re: Eber Litigation

I did not receive anything annexed.

On Fri, Dec 6, 2019 at 10:56 PM Farrar, Jillian K. <jfarrar@underbergkessler.com> wrote:

> Good evening Brian,
>
> Please see the annexed correspondence.
>
> Regards,
>
> Jillian
>
> 
>
> our most important partner is you®
>
> **Jillian K. Farrar**
>
> ASSOCIATE
> jfarrar@underbergkessler.com
>
> www.underbergkessler.com
>
> Underberg & Kessler LLP
> 300 Bausch & Lomb Place
> Rochester, NY  14604
> 585-258-2841 PHONE
> 585-258-2821 FAX

*CONFIDENTIALITY NOTICE: This email message and any attachments are confidential and intended solely for the named addressee(s). They may be subject to legal, professional or other privilege or may be protected by other legal rules. They must not be disclosed to anyone without the sender's authorization. If you are not the intended recipient or authorized to receive this email for the intended recipient, you may not disclose, copy, distribute or retain this message or any part of it. Please notify us if you received this message but were not the intended recipient. Thank you, Underberg & Kessler LLP*

--

Brian Brook

**Brook & Associates, PLLC**

100 Church St. Fl. 8

New York, NY 10007

(212) 256-1957

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

*CONFIDENTIALITY NOTICE: This email message and any attachments are confidential and intended solely for the named addressee(s). They may be subject to legal, professional or other privilege or may be protected by other legal rules. They must not be disclosed to anyone without the sender's authorization. If you are not the intended recipient or authorized to receive this email for the intended recipient, you may not disclose, copy, distribute or retain this message or any part of it. Please notify us if you received this message but were not the intended recipient. Thank you, Underberg & Kessler LLP*

--
Brian Brook
**Brook & Associates, PLLC**
100 Church St. Fl. 8
New York, NY 10007
(212) 256-1957


This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.



Brian Brook <brian@brook-law.com>

---

## Kleeberg/Eber Litigation
2 messages

---

**Keneally, Paul F.** <PKeneally@underbergkessler.com>                                Fri, Dec 13, 2019 at 4:32 PM
To: Brian Brook <brian@brook-law.com>
Cc: "Ramsey, Colin D." <cramsey@underbergkessler.com>, "Farrar, Jillian K." <jfarrar@underbergkessler.com>, John Herbert <johnherbert24@mac.com>

Brian:

The form of the shareholder consent document at issue was drafted by John Herbert at some point prior to February 15, 2017. He then provided the document to Wendy Eber at some point prior to February 15, 2017, when Ms. Eber signed it. He is searching for a Word version of the document. Further, while it is unclear at best if this document was previously requested, we agree that we have (and had) an obligation to disclose it once we were going to attach it to motion papers. Ms. Eber located the document during a further search in connection with preparing our opposition to your motion for summary judgment, and we disclosed it to you almost immediately thereafter.

With respect to your other question, the Eber Defendants have spent additional time considering the non-voting and preferred shares originally issued to the Trust by EBWLC prior to 2007, and given the Record evidence their recent filings are accurate.

CONFIDENTIALITY NOTICE: This email message and any attachments are confidential and intended solely for the named addressee(s). They may be subject to legal, professional or other privilege or may be protected by other legal rules. They must not be disclosed to anyone without the sender's authorization. If you are not the intended recipient or authorized to receive this email for the intended recipient, you may not disclose, copy, distribute or retain this message or any part of it. Please notify us if you received this message but were not the intended recipient. Thank you, Underberg & Kessler LLP

---

**Brian Brook** <brian@brook-law.com>                                                Fri, Dec 13, 2019 at 6:31 PM
Draft To: "Keneally, Paul F." <PKeneally@underbergkessler.com>
Cc: "Ramsey, Colin D." <cramsey@underbergkessler.com>, "Farrar, Jillian K." <jfarrar@underbergkessler.com>, John Herbert <johnherbert24@mac.com>

So that we are clear, your clients take the position that they cannot say what happened to those shares? Or do they know what happened to the shares?
[Quoted text hidden]
--
Brian Brook
**Brook & Associates, PLLC**
100 Church St. Fl. 8
New York, NY 10007
(212) 256-1957

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Case 1:16-cv-09517-LAK-KHP   Document 484-3   Filed 08/28/23   Page 5 of 9
This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

 Gmail     Brian Brook <brian@brook-law.com>

## Re: Kleeberg/Eber Litigation

**Brian Brook** <brian@brook-law.com>     Wed, Dec 18, 2019 at 1:59 PM
To: "Keneally, Paul F." <PKeneally@underbergkessler.com>
Cc: "Ramsey, Colin D." <cramsey@underbergkessler.com>, "Farrar, Jillian K." <jfarrar@underbergkessler.com>, John Herbert <johnherbert24@mac.com>, Robert Calihan <rcalihan@calihanlaw.com>

Paul,

As to the first issue, it has been five days now. Please advise whether you will produce the Word version of the document. Regardless of whether you can do so, thanks to the information you have provided, we can reasonably infer that Mr. Herbert sent this document (and the others) to Wendy by email or some other electronic means, especially since he is based in California. And since it was done post-filing of litigation, there is no question such emails were required to be retained.

Notwithstanding your prior assertion that John Herbert was solely Lester and Wendy's attorney, the draft documents and transmittal emails are also clearly subject to the fiduciary exception and required to be disclosed because these were documents executed by Lester and Wendy in their official capacities as officers and/or directors of EB&C and EBWLC. Although such emails should have been included on your privilege log, they were not. Even if you were personally unaware of the fact of John Herbert's work for the Eber companies and the likelihood that emails existed concerning the transaction to grant 750 preferred shares to Lester during fact discovery, such that you did not seek to obtain those emails and Wendy failed to provide them to you, that would not permit you to withhold those documents now, as your duty to ensure complete discovery disclosures continues even after the close of fact discovery.

Please advise by close of business tomorrow (approx. 5pm, Thursday, Dec. 19) whether you will produce the emails between John Herbert and Wendy Eber (and potentially others) concerning the transactions dated as of February 14 and 15, 2017. As specified by our requests for production, these should be produced in both Bates-stamped PDF and native format to ensure that alterations to the contents do not occur. If you claim privilege despite the Court's prior order, you must provide privilege log entries for the documents and you should include all required information so that Plaintiffs may evaluate the basis for such assertions.

-----

To sum up this email and my email from Friday evening: Absent your prompt production of it, Plaintiffs will ask the Court, pursuant to Rule 37, to compel production of the contemporaneous evidence that *should* exist concerning your clients' recent changes to the registered equity owners of EBWLC, both the issuance of new shares to Lester and the elimination of shares that were, as of December 1, 2018, registered as issued to the Trust.

I will be available all day tomorrow after 10:00 a.m. to speak by phone if you are willing to do so. Indeed, we are supposed to do so per Magistrate Judge Parker's prior direction to us. I wish I could give you more time, but you've already had over a week since my inquiry and, at this late juncture, time is of the essence by reason of your own conduct, including your reliance on these dubious factual assertions, which were unsupported or contradicted by prior discovery.

Please pick a time tomorrow if you're willing to discuss. If I don't hear from you, I will be filing my letter motion tomorrow evening.

Regards,

Brian


On Fri, Dec 13, 2019 at 4:32 PM Keneally, Paul F. <PKeneally@underbergkessler.com> wrote:

> Brian:

The form of the shareholder consent document at issue was drafted by John Herbert at some point prior to February 15, 2017. He then provided the document to Wendy Eber at some point prior to February 15, 2017, when Ms. Eber signed it. He is searching for a Word version of the document. Further, while it is unclear at best if this document was previously requested, we agree that we have (and had) an obligation to disclose it once we were going to attach it to motion papers. Ms. Eber located the document during a further search in connection with preparing our opposition to your motion for summary judgment, and we disclosed it to you almost immediately thereafter.

With respect to your other question, the Eber Defendants have spent additional time considering the non-voting and preferred shares originally issued to the Trust by EBWLC prior to 2007, and given the Record evidence their recent filings are accurate.

CONFIDENTIALITY NOTICE: This email message and any attachments are confidential and intended solely for the named addressee(s). They may be subject to legal, professional or other privilege or may be protected by other legal rules. They must not be disclosed to anyone without the sender's authorization. If you are not the intended recipient or authorized to receive this email for the intended recipient, you may not disclose, copy, distribute or retain this message or any part of it. Please notify us if you received this message but were not the intended recipient. Thank you, Underberg & Kessler LLP

--
Brian Brook
**Brook & Associates, PLLC**
100 Church St. Fl. 8
New York, NY 10007
(212) 256-1957

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.



Brian Brook <brian@brook-law.com>

## Kleeberg, et al. v. Eber, et al.

**Derwoyed, Donna D.** <DDerwoyed@underbergkessler.com>   Fri, Dec 20, 2019 at 2:08 PM
To: "brian@brook-law.com" <brian@brook-law.com>
Cc: "Keneally, Paul F." <PKeneally@underbergkessler.com>, "Ramsey, Colin D." <cramsey@underbergkessler.com>, "Farrar, Jillian K." <jfarrar@underbergkessler.com>, John Herbert <johnherbert24@mac.com>, Robert Calihan <rcalihan@calihanlaw.com>, Michael Adams <madams@calihanlaw.com>

The following email is sent on behalf of Mr. Keneally.  Thank you.

Brian:

1. Mr. Herbert has as yet been unable to locate the Word version of the shareholder consent, or any email transmitting it to Ms. Eber in 2017, but will continue to look for them. If they are found, we will provide them to you. The shareholder consent form may have been copied over, and the document may have been given to Ms. Eber other than by email.

2. We disagree with your contention regarding the capacity in which Mr. Herbert was acting.

3. Finally, with respect to The Eber Wine & Liquor stock certificates, the Eber Defendants did not "simply decide to remove the shares from the company's list of registered shares".  The Class B and Preferred stock certificates were not turned over to CNB by M&T in 2007 (and have never been in CNB's possession).  The Eber Defendants thus believe that these shares were redeemed by Eber Wine & Liquor prior to CNB taking over as co-trustee in 2007, and the stock chart was revised accordingly.



our most important partner is you®

**Paul F. Keneally**

PARTNER
pkeneally@underbergkessler.com

www.underbergkessler.com

Underberg & Kessler LLP
300 Bausch & Lomb Place
Rochester, NY  14604
585-258-2882 PHONE
585-258-2821 FAX

*CONFIDENTIALITY NOTICE: This email message and any attachments are confidential and intended solely for the named addressee(s). They may be subject to legal, professional or other privilege or may be protected by other legal rules. They must not be disclosed to anyone without the sender's authorization. If you are not the intended recipient or authorized to receive this email for the intended recipient, you may not disclose, copy, distribute or retain this message or any part of it. Please notify us if you received this message but were not the intended recipient. Thank you, Underberg & Kessler LLP*